UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

H. CRISTINA CHEN-OSTER, LISA PARISI and    :
SHANNA ORLICH,                             :
                                           :
                    *Plaintiffs*,          :        No. 10 Civ. 6950 (LBS) (JCF)
                                           :
          v.                               :
                                           :        ANSWER
GOLDMAN, SACHS & CO. and THE               :
GOLDMAN SACHS GROUP, INC.,                 :
                                           :
                    *Defendants*.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendants Goldman, Sachs & Co. ("GS") and The Goldman Sachs Group, Inc.

("GS Group")—hereinafter collectively "Goldman Sachs"—by and through its counsel, answers

the Class Action Complaint ("Complaint") of H. Cristina Chen-Oster, Lisa Parisi and Shanna

Orlich ("Plaintiffs") as follows:[1]

## NATURE OF THE CLAIM

        1.      The allegations of paragraph 1 of the Complaint purport to state a legal

conclusion to which no response is required.  To the extent that a response is required, denies the

allegations of paragraph 1, except admits that Plaintiffs purport to bring this action pursuant to

the provisions cited therein.

        2.      Denies the allegations set forth in paragraph 2 of the Complaint, except denies

knowledge or information sufficient to form a belief as to the truth of the allegations regarding

---

[1]     The Goldman Sachs Group, Inc. was improperly named as a defendant in this action. The
        Goldman Sachs Group, Inc. is the publicly-held parent company of the Goldman Sachs
        organization; it is not a registered broker-dealer, does not provide investment banking
        services and was not Plaintiffs' employer.  This Answer is provided without prejudice to
        the right of The Goldman Sachs Group, Inc. to obtain dismissal of all claims asserted
        against it and to quash all discovery demands directed to it on the ground that The
        Goldman Sachs Group, Inc. is not a proper party.

how Goldman Sachs has been described by an unspecified source; and admits and avers that paragraph 2 purports to contain a partial quotation from an unspecified source and refers to that source for a statement of its contents, and that Goldman Sachs is a global investment financial services firm, and refers to the firm's website for a description of its business.

3.      Denies the allegations set forth in paragraph 3 of the Complaint.

4.      Denies the allegations set forth in paragraph 4 of the Complaint.

5.      Denies the allegations set forth in paragraph 5 of the Complaint, except avers that the allegations regarding "figures released by Goldman Sachs in 2009" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that, at present, four members of the thirty-person Management Committee of GS are women, one of the nine executive officers of GS is a woman, and she is one of two employees with the title Executive Vice President, General Counsel and Secretary of the Corporation, the other of whom is a man.

6.      Denies the allegations set forth in paragraph 6 of the Complaint.

7.      Denies the allegations set forth in paragraph 7 of the Complaint.

8.      Denies the allegations set forth in paragraph 8 of the Complaint.

9.      Denies the allegations set forth in paragraph 9 of the Complaint.

10.     Denies the allegations set forth in paragraph 10 of the Complaint.

11.     Denies the allegations set forth in paragraph 11 of the Complaint.

12.     Denies the allegations set forth in paragraph 12 of the Complaint, except admits that Plaintiffs purport to bring this action as described therein.

## PARTIES

**Plaintiffs**

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint, except admits that Plaintiff H. Cristina Chen-Oster ("Chen-Oster") is a woman and, on information and belief, a citizen of the United States.

14.     Denies the allegations set forth in paragraph 14 of the Complaint, except admits and avers that Chen-Oster was employed by GS from March 3, 1997 until her resignation on March 10, 2005 and that her principal work location was in New York, New York.

15.—16.  Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, except admits that Plaintiff Shanna Orlich ("Orlich") is a woman and, on information and belief, a citizen of the United States.

18.     Denies the allegations set forth in paragraph 18 of the Complaint, except admits and avers that Orlich was employed by GS as a summer intern in 2006 and thereafter was

employed from July 30, 2007 until the termination of her employment effective November 5, 2008, and that her principal work location was in New York, New York.

**Defendants**

19.     Admits the allegations set forth in paragraph 19 of the Complaint.

20.     Denies the allegations set forth in paragraph 20 of the Complaint, except admits and avers that GS maintains control, oversight, and direction over the operation of its facilities and, through its employees, makes employment decisions with respect to the individuals it employs.

21.     Denies the allegations set forth in paragraph 21 of the Complaint, except admits and avers that GS was (i) Chen-Oster's employer within the meaning of the statutes identified in paragraph 1 from March 3, 1997 until March 10, 2005; and (ii) Orlich's employer within the meaning of the statutes identified in paragraph 1 from June 5, 2006 until about August 5, 2006 and from July 30, 2007 until November 5, 2008.  Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

22.     Denies the allegations set forth in paragraph 22 of the Complaint, except admits and avers that GS has employed more than 500 people from 2002 to present and is an indirectly wholly-owned subsidiary of GS Group.

23.     Admits the allegations set forth in paragraph 23 of the Complaint.

24.     Denies the allegations set forth in paragraph 24 of the Complaint, except admits and avers that GS Group maintains control, oversight, and direction over the operation of its facilities and, through its employees, makes employment decisions with respect to the individuals it employs.

25.     Denies the allegations set forth in paragraph 25 of the Complaint.

26.     Denies the allegations set forth in paragraph 26 of the Complaint.

## JURISDICTION AND VENUE

27.     The allegations of paragraph 27 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations of paragraph 27, except admits that Plaintiffs purport to bring this action pursuant to the provisions cited therein.

28.     The allegations of paragraph 28 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations of paragraph 28 and specifically denies that any Class exists, except admits that Plaintiffs purport to bring this action pursuant to the provisions cited therein.

29.     The allegations of paragraph 29 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations of paragraph 29, except admits that Plaintiffs purport to bring this action pursuant to the provisions cited therein.

30.     Denies the allegations set forth in paragraph 30 of the Complaint, except admits that Goldman Sachs conducts business and can be found in the Southern District of New York,

and that Plaintiffs purport to establish venue under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C.
§ 2000e-5(f)(3).

31.     Denies the allegations set forth in paragraph 31 of the Complaint, except admits
on information and belief that Chen-Oster filed a charge of discrimination with the Equal
Employment Opportunity Commission ("EEOC") on or about July 7, 2005, and that the EEOC
dismissed Chen-Oster's charge and issued a Notice of Right to Sue on or about June 15, 2010.

32.     Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration
agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed
while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of
Parisi's allegations in the Complaint at this time.

33.     Denies the allegations set forth in paragraph 33 of the Complaint, except admits
on information and belief that Orlich filed a charge of discrimination with the EEOC on or about
January 12, 2010.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 34 of the Complaint.

35.     Denies the allegations set forth in paragraph 35 of the Complaint.

## **FACTUAL ALLEGATIONS**

36.     Denies the allegations set forth in paragraph 36 of the Complaint, except avers
that the allegations of the first two sentences of paragraph 36 are too vague to be susceptible to
an answer and consequently are denied, and admits and avers that paragraph 36 purports to

include a partial quotation from an unspecified source and refers to that source for a complete statement of its contents.

37.     Denies the allegations set forth in paragraph 37 of the Complaint, except admits and avers that in many, but not all, instances, GS hires individuals for its revenue-producing areas out of college into the position of Analyst; that some Analysts are promoted to Associate; that some Associates are promoted to Vice President; that some Vice Presidents are promoted to Managing Director ("MD"); and that GS has a thirty-person management committee, which includes nine executive officers.

38.     Denies the allegations set forth in paragraph 38 of the Complaint.

**Performance Evaluations**

39.     Denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Complaint, except admits and avers that GS uses a "360-degree" annual employee review process with respect to employees in its revenue producing areas, in which certain employees rate the employee's performance for the year; and that those who submit ratings, in addition to giving numerical ratings, may also write comments about the employee's performance.

41.     Denies the allegations set forth in paragraph 41 of the Complaint, except admits and avers that a computer algorithm is used as part of the review process.

42.     Denies the allegations set forth in paragraph 42 of the Complaint, except admits and avers that managers exercise the responsibility to assess an employee's identification of

proposed reviewers, and to adjust that list to the extent they believe that adjustment is needed for purposes of a fair assessment of the employee's performance.

43.     Denies the allegations set forth in paragraph 43 of the Complaint.

44.     Denies the allegations set forth in paragraph 44 of the Complaint.

**Compensation**

45.     Denies the allegations set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint.

47.     Denies the allegations set forth in paragraph 47 of the Complaint.

48.     Denies the allegations set forth in paragraph 48 of the Complaint.

49.     Denies the allegations set forth in paragraph 49 of the Complaint, except admits and avers that Associates, Vice Presidents and Managing Directors employed by GS, in certain areas of the firm, are eligible to receive a year-end bonus in addition to their base salary if they and the firm meet certain conditions; that the year-end bonus can be an amount greater than the annual base salary; and that GS uses the term "Per Annum Total Compensation" or "PATC" in referring to employee compensation.

50.     Denies the allegations set forth in paragraph 50 of the Complaint.

**Promotions**

51.     Denies the allegation set forth in paragraph 51 of the Complaint.

52.     Denies the allegations set forth in paragraph 52 of the Complaint.

53.      Denies the allegations set forth in paragraph 53 of the Complaint.

**Business Opportunities**

54.      Denies the allegations set forth in paragraph 54 of the Complaint.

55.      Denies the allegations set forth in paragraph 55 of the Complaint.

56.      Denies the allegations set forth in paragraph 56 of the Complaint.

57.      Denies the allegations set forth in paragraph 57 of the Complaint.

**Professional Support**

58.      Denies the allegations set forth in paragraph 58 of the Complaint.

59.      Denies the allegations set forth in paragraph 59 of the Complaint.

60.      Denies the allegations and claims for relief set forth in paragraph 60 of the Complaint, except admits that Plaintiff Chen-Oster and Plaintiff Orlich purport to bring this action as described therein.  Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

## CLASS ACTION ALLEGATIONS

61.      The allegations of paragraph 61 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Class described in,

paragraph 61 of the Complaint, except admits that Plaintiffs purport to bring this action as described therein.

62.     The allegations of paragraph 62 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Class described in, paragraph 62 of the Complaint, except admits that Plaintiffs purport to bring this action as described therein.

63.     The allegations of paragraph 63 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Classes referred to in, paragraph 63 of the Complaint, except admits that Plaintiffs claim to be members of the putative Classes they purport to represent.

64.     The allegations of paragraph 64 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 64 of the Complaint.

65.     The allegations of paragraph 65 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 65 of the Complaint and each and every sub-section thereof.

66.     The allegations of paragraph 64 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 66 of the Complaint.

67.     The allegations of paragraph 67 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 67 of the Complaint.

68.     The allegations of paragraph 68 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations, assertions and claims for relief set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 68 of the Complaint.

69.     The allegations of paragraph 69 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations, assertions and claims for relief set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 69 of the Complaint.

## **CLAIMS OF REPRESENTATIVE PLAINTIFFS**

### **H. Cristina Chen-Oster**

70.     Denies the allegations set forth in paragraph 70 of the Complaint, except admits and avers that Chen-Oster began working in the GS Convertible Bonds Department in March 1997 as an Associate, that Chen-Oster became a Vice President in June 1997, and that Chen-Oster remained a Vice President until her resignation.

71.     Denies the allegations set forth in paragraph 71 of the Complaint.

72.     Denies the allegations set forth in paragraph 72 of the Complaint, except admits and avers that as part of a reorganization of the global coverage model, coverage for U.S.-based convertible arbitrageurs transacting in international convertible bonds was transferred to London and such accounts that Chen-Oster had covered from the United States were transferred to London; and coverage for U.S.-based convertible arbitrageurs transacting in U.S. convertible bonds, covered by the "male Associate" referred to in paragraph 72 of the Complaint, remained in the United States.

73.     Denies the allegations set forth in paragraph 73 of the Complaint, except avers that the allegations concerning a "male salesperson" are too vague to be susceptible to an answer and consequently are denied.

74.     Denies the allegations set forth in paragraph 74 of the Complaint, except avers that the allegations concerning a "supervisor" and "male Associate" are too vague to be susceptible to an answer and consequently are denied; and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chen-Oster's investment of "significant time and energy on training" and "sharing her client relationships."

75.     Denies the allegations set forth in paragraph 75 of the Complaint, except avers that the allegations concerning a "male salesperson" are too vague to be susceptible to an answer and consequently are denied.

76.     Denies the allegations set forth in paragraph 76 of the Complaint, except admits and avers that the "male colleague" referred to in paragraph 76 of the Complaint became a Vice President in 1998.

77.     Denies the allegations set forth in paragraph 77 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding an "incident" between Chen-Oster and a "male colleague;" and admits and avers that in 1999, Chen-Oster told a supervisor of an interaction between herself and a junior male colleague that had occurred two years earlier, in 1997, and that the supervisor contacted GS' Employee Relations Department, which promptly reached out to Chen-Oster, but Chen-Oster refused to provide any details of the alleged incident and declined to pursue further discussions with the Employee Relations Department.

78.     Denies the allegations set forth in paragraph 78 of the Complaint.

79.     Denies the allegations set forth in paragraph 79 of the Complaint, except avers that the allegations concerning a "male salesperson" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that the PATC of the "male colleague" referred to in paragraph 79 of the Complaint was approximately 50% higher than Chen-Oster's PATC in 1999 and that Chen-Oster's revenue generation in 1999 was less than that of others.

80.     Denies the allegations set forth in paragraph 80 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding "seat assignments" in the "trading world," and avers that the allegations concerning a "supervisor" and "male Associate" are too vague to be susceptible to an answer and consequently are denied.

81.     Denies the allegations set forth in paragraph 81 of the Complaint, except avers that the allegations concerning a "male Associate," "direct subordinate" and "male salespersons" are too vague to be susceptible to an answer and consequently are denied.

82.     Denies the allegations set forth in paragraph 82 of the Complaint, except avers that the allegations concerning "the salesperson" and "friends of Chen-Oster's direct supervisor" are too vague to be susceptible to an answer and consequently are denied, and admits and avers that the "male colleague" referred to in paragraph 82 of the Complaint became a Managing Director in the fall of 2000.

83.     Avers that the allegation concerning the "salesperson" referred to in paragraph 82 of the Complaint is too vague to be susceptible to an answer and consequently is denied; and admits and avers that the "male colleague" referred to in paragraph 82 of the Complaint became a Managing Director in 2000 and his PATC was greater than Chen-Oster's in 2000.

84.     Denies the allegations set forth in paragraph 84 of the Complaint, except avers that the allegations concerning a "supervisor" and "Managing Director" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that in 2001 Chen-Oster had conversations with certain GS employees about her career, including suggestions that Chen-Oster diversify her skill set and learn other products, which Chen-Oster declined or failed to do.

85.     Denies the allegations set forth in paragraph 85 of the Complaint, except avers that the allegations concerning a "supervisor" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that Chen-Oster discussed the environment in the Convertible Bonds Department with certain GS employees in 2001.

86.    Denies the allegations set forth in paragraph 86 of the Complaint, except avers that the allegations concerning a "supervisor," "male salesperson" and "new supervisor" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that the "male colleague" referred to in paragraph 86 of the Complaint became the sole head of U.S. convertible bond sales after the transfer of another GS employee to London.

87.    Denies the allegations set forth in paragraph 87 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chen-Oster's "analysis" and "conclu[sion];" and avers that the allegations concerning a "new supervisor" are too vague to be susceptible to an answer and consequently are denied.

88.    Denies the allegations set forth in paragraph 88 of the Complaint, except avers that the allegations concerning a "previous supervisor," "new supervisor," "male salesperson," and "Financial Analyst" are too vague to be susceptible to an answer and consequently are denied.

89.    Denies the allegations set forth in paragraph 89 of the Complaint, except avers that the allegations concerning a "subordinate" and "other male salespeople" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that a portion of a sales assistant's time was allocated to Chen-Oster in 2002.

90.    Denies the allegations set forth in paragraph 90 of the Complaint.

91.    Denies the allegations set forth in paragraph 91 of the Complaint, except admits and avers that Chen-Oster addressed her peer review list in an email in June 2002; and avers that

the allegation concerning "one of Goldman Sachs' Leadership and Diversity Managers" is too vague to be susceptible to an answer and consequently is denied.

92.      Denies the allegations set forth in paragraph 92 of the Complaint, except admits and avers that GS offered Chen-Oster a position in the Synthetic Convertibles Group in 2002, which Chen-Oster accepted.

93.      Denies the allegations set forth in paragraph 93 of the Complaint, except admits and avers that the "male colleague" referred to in paragraph 93 of the Complaint became a Participating Managing Director in 2002 and that Chen-Oster was not promoted to Managing Director; and avers that the allegation concerning the "female Vice President" is too vague to be susceptible to an answer and consequently is denied.

94.      Denies the allegations set forth in paragraph 94 of the Complaint, except avers that the allegations concerning a "male Associate" are too vague to be susceptible to an answer and consequently are denied.

95.      Admits the allegation set forth in paragraph 95 of the Complaint.

96.      Denies the allegations set forth in paragraph 96 of the Complaint, except avers that the allegation concerning a "male salesperson" is too vague to be susceptible to an answer and consequently is denied.

97.      Denies the allegations set forth in paragraph 97 of the Complaint, except admits and avers that Chen-Oster took a maternity leave of absence from July to November 2004, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chen-Oster's seating arrangement in late 2004.

98.     Denies the allegations set forth in paragraph 98 of the Complaint, except avers that the allegation concerning a "male salesperson" is too vague to be susceptible to an answer and consequently is denied.

99.     Denies the allegations set forth in paragraph 99 of the Complaint.

100.     Denies the allegations set forth in paragraph 100 of the Complaint, except admits and avers that Chen-Oster was promoted to Vice President in June 1997 and remained a Vice President until her resignation, the "male colleague" referred to in paragraph 100 of the Complaint became Managing Director in 2000 and Participating Managing Director in 2002, and his PATC increased, decreased or remained flat during the period 1997 to 2004.

101.     Denies the allegations set forth in paragraph 101 of the Complaint.

102.     Denies the allegations set forth in paragraph 102 of the Complaint, except admits and avers that Chen-Oster resigned from employment with GS on March 10, 2005.

103.     Denies the allegations set forth in paragraph 103 of the Complaint, except admits and avers on information and belief that on or about July 6, 2005 Chen-Oster filed a charge of discrimination with the EEOC and refers to the document for a complete statement of its contents, and that on or about June 15, 2010, the EEOC issued a Notice of Right to Sue to Chen-Oster.

**<u>Lisa Parisi</u>**

104.–114.  Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be

stayed while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

**<u>Shanna Orlich</u>**

115.    Denies the allegations set forth in paragraph 115 of the Complaint, except admits and avers that Orlich:  (i) began working for GS as a Summer Associate in 2006 and during the summer worked in several areas at GS including trading areas, (ii) was a student in the JD/MBA program at Columbia University and graduated in 2007, and (iii) began work at GS in July 2007 after graduation as an Associate in the Capital Structure Franchise Trading ("CSFT") Group, a unit with management from the FICC and Equities areas.

116.    Denies the allegations set forth in paragraph 116 of the Complaint.

117.    Admits the allegations set forth in paragraph 117 of the Complaint.

118.    Denies the allegations set forth in paragraph 118 of the Complaint.

119.    Denies the allegations set forth in paragraph 119 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the reason Orlich joined GS, and admits and avers that Orlich was assigned to work on the CSFT desk, which was a desk that entailed both trading and desk analyst work.

120.    Denies the allegations set forth in paragraph 120 of the Complaint, except admits and avers that at or around the same time it hired Orlich, GS also hired a man who was a classmate of Orlich's in the MBA program at Columbia University; and that that individual was initially assigned to work as a junior trader on the High Yield Distressed desk, which is different from the CSFT desk.

121.    Denies the allegations set forth in paragraph 121 of the Complaint, except admits and avers that a male former classmate of Orlich, who was a trader on a different desk within the Credit Trading Group, acted from the beginning of his employment as a junior trader working under the individual who was the head of both the High Yield and CSFT desks.

122.    Denies the allegations set forth in paragraph 122 of the Complaint, except admits and avers that around the same time Orlich was hired as an Associate, GS also hired a male Program Analyst who had graduated from college that year, to work as a junior trader in CSFT.

123.    Denies the allegations set forth in paragraph 123 of the Complaint, except admits and avers that the individual referred to as Orlich's male classmate did not have any trading experience prior to his summer work at GS in 2006.

124.    Denies the allegations set forth in paragraph 124 of the Complaint.

125.    Denies the allegations set forth in paragraph 125 of the Complaint, except admits and avers that, in January 2008, Orlich began work in a role that included trading with a male trader in CSFT, who later left GS and whose last day at work at GS was in April 2008; and that the last day at work at GS of the person Orlich appears to refer to as her "direct supervisor" was in January 2008; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning a conversation with a more senior female trader.

126.    Denies the allegations set forth in paragraph 126 of the Complaint.

127.    Denies the allegations set forth in paragraph 127 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Orlich's unspecified allegations of having "reached out" to unnamed individuals.

128.     Denies the allegations set forth in paragraph 128 of the Complaint.

129.     Denies the allegations set forth in paragraph 129 of the Complaint.

130.     Denies the allegations set forth in paragraph 130 of the Complaint, except avers that the allegations concerning an unnamed senior analyst are too vague to be susceptible to an answer and consequently are denied; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 130 of the Complaint.

131.     Denies the allegations set forth in paragraph 131 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 130 of the Complaint concerning what Orlich may have been told.

132.     Denies the allegations set forth in paragraph 132 of the Complaint.

133.     Denies the allegations set forth in paragraph 133 of the Complaint, except admits and avers that, as part of GS' annual performance review process, a written performance review was created with respect to Orlich in 2008 that contained, among other things, comments by co-workers and refers to that document for a statement of its contents.

134.     Denies the allegations set forth in paragraph 134 of the Complaint, except admits and avers that GS terminated Orlich's employment in November 2008 as part of a firm-wide reduction in force.

135.     Denies the allegations set forth in paragraph 135 of the Complaint, except admits and avers on information and belief that Orlich filed a charge of discrimination with the EEOC

on or about January 12, 2010; and denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning an alleged request by Orlich to the EEOC.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

## INTENTIONAL DISCRIMINATION

**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e)**
**(On Behalf of All Plaintiffs and the Class)**

136.     Restates and incorporates herein its responses to paragraphs 1 through 135 of the Complaint as if set forth fully herein.

137.     Denies the allegations set forth in paragraph 137 of the Complaint and specifically denies the existence of any putative Class.

138.     Denies the allegations set forth in paragraph 138 of the Complaint and each and every sub-section thereof.

139.     Denies the allegations set forth in paragraph 139 of the Complaint and each and every sub-section thereof.

140.     Denies the allegations set forth in paragraph 140 of the Complaint.

141.     Denies the allegations set forth in paragraph 141 of the Complaint.

142.     Denies the allegations set forth in paragraph 142 of the Complaint.

143.     Denies the claim for relief referred to in paragraph 143 of the Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF

## DISPARATE IMPACT DISCRIMINATION

**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e)**
**(On Behalf of All Plaintiffs and the Class)**

144.    Restates and incorporates herein its responses to paragraphs 1 through 143 of the Complaint as if set forth fully herein.

145.    Denies the allegations set forth in paragraph 145 of the Complaint and specifically denies the existence of any putative Class.

146.    Denies the allegations set forth in paragraph 146 of the Complaint.

147.    Denies the allegations set forth in paragraph 147 of the Complaint.

148.    Denies the allegations set forth in paragraph 148 of the Complaint.

149.    Denies the allegations set forth in paragraph 149 of the Complaint.

150.    Denies the allegations set forth in paragraph 150 of the Complaint.

151.    Denies the claim for relief referred to in paragraph 151 of the Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

## INTENTIONAL DISCRIMINATION

**(NYCHRL, New York City Administrative Code § 8-107)**
**(On Behalf of All Plaintiffs and the Class)**

152.    Restates and incorporates herein its responses to paragraphs 1 through 151 of the Complaint as if set forth fully herein.

153.    Denies the allegations set forth in paragraph 153 of the Complaint and specifically denies the existence of any putative Class.

154.    Denies the allegations set forth in paragraph 154 of the Complaint and each and every sub-section thereof.

155.    Denies the allegations set forth in paragraph 155 of the Complaint and each and every sub-section thereof.

156.    Denies the allegations set forth in paragraph 156 of the Complaint.

157.    Denies the allegations set forth in paragraph 157 of the Complaint.

158.    Denies the allegations set forth in paragraph 158 of the Complaint.

159.    Denies the allegations set forth in paragraph 159 of the Complaint.

160.    Denies the claim for relief referred to in paragraph 160 of the Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## FOURTH CLAIM FOR RELIEF

## DISPARATE IMPACT DISCRIMINATION

**(NYCHRL, New York City Administrative Code § 8-107)**
**(On Behalf of All Plaintiffs and the Class)**

161.    Restates and incorporates herein its responses to paragraphs 1 through 160 of the Complaint as if set forth fully herein.

162.    Denies the allegations set forth in paragraph 162 of the Complaint and specifically denies the existence of any putative Class.

163.     Denies the allegations set forth in paragraph 163 of the Complaint.

164.     Denies the allegations set forth in paragraph 164 of the Complaint.

165.     Denies the allegations set forth in paragraph 165 of the Complaint.

166.     Denies the allegations set forth in paragraph 166 of the Complaint.

167.     Denies the allegations set forth in paragraph 167 of the Complaint.

168.     Denies the allegations set forth in paragraph 168 of the Complaint.

169.     Denies the claim for relief referred to in paragraph 169 of the Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## FIFTH CLAIM FOR RELIEF

### RETALIATION

**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e)**
**(On Behalf of All Plaintiffs Individually)**

170.     Restates and incorporates herein its responses to paragraphs 1 through 169 of the Complaint as if set forth fully herein.

171.     Denies the allegations set forth in paragraph 171 of the Complaint, except admits that Plaintiff Chen-Oster and Plaintiff Orlich purport to bring claims as described therein. Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

172.     The allegations of paragraph 172 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations of paragraph 172.

173.     Denies the allegations set forth in paragraph 173 of the Complaint.

174.     Denies the claim for relief referred to in paragraph 174 of the Complaint in its entirety, and denies that Plaintiffs are entitled to any relief whatsoever.

## SIXTH CLAIM FOR RELIEF

## RETALIATION

### (NYCHRL, New York City Administrative Code § 8-107)
### (On Behalf of All Plaintiffs Individually)

175.     Restates and incorporates herein its responses to paragraphs 1 through 174 of the Complaint as if set forth fully herein.

176.     Denies the allegations set forth in paragraph 176 of the Complaint, except admits that Plaintiff Chen-Oster and Plaintiff Orlich purport to bring claims as described therein. Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed while she pursues arbitration.  Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

177.     The allegations of paragraph 177 of the Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations of paragraph 177.

178.    Denies the allegations set forth in paragraph 178 of the Complaint.

179.    Denies the claim for relief referred to in paragraph 179 of the Complaint in its entirety, and denies that Plaintiffs are entitled to any relief whatsoever.

## SEVENTH CLAIM FOR RELIEF

## PREGNANCY DISCRIMINATION

**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e , as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k))**
**(On Behalf of Plaintiff Chen-Oster Individually)**

180.    Restates and incorporates herein its responses to paragraphs 1 through 179 of the Complaint as if set forth fully herein.

181.    Denies the allegations set forth in paragraph 181 of the Complaint, except admits that Chen-Oster purports to bring a claim as described therein.

182.    Denies the allegations set forth in paragraph 182 of the Complaint.

183.    Denies the allegations set forth in paragraph 183 of the Complaint.

184.    Denies the allegations set forth in paragraph 184 of the Complaint.

185.    Denies the claim for relief referred to in paragraph 185 of the Complaint in its entirety, and denies that Chen-Oster is entitled to any relief whatsoever.

## EIGHTH CLAIM FOR RELIEF

## PREGNANCY DISCRIMINATION

### (NYCHRL, New York City Administrative Code § 8-107)
### (On Behalf of Plaintiff Chen-Oster Individually)

186.     Restates and incorporates herein its responses to paragraphs 1 through 185 of the Complaint as if set forth fully herein.

187.     Denies the allegations set forth in paragraph 187 of the Complaint, except admits that Chen-Oster purports to bring a claim as described therein.

188.     Denies the allegations set forth in paragraph 188 of the Complaint.

189.     Denies the allegations set forth in paragraph 189 of the Complaint.

190.     Denies the allegations set forth in paragraph 190 of the Complaint.

191.     Denies the allegations set forth in paragraph 191 of the Complaint.

192.     Denies the claim for relief referred to in paragraph 192 of the Complaint in its entirety, and denies that Chen-Oster is entitled to any relief whatsoever.

## ALLEGATIONS REGARDING RELIEF

193.     Denies the allegations and claim for relief set forth in paragraph 193 of the Complaint.

194.     Denies the allegations and claim for relief set forth in paragraph 194 of the Complaint.

195.    Denies the allegations and claim for relief set forth in paragraph 195 of the Complaint.

196.    Denies the allegations and claim for relief set forth in paragraph 196 of the Complaint.

## PRAYER FOR RELIEF

197.    Denies each and every prayer for relief set forth in paragraph 197 of the Complaint, and each and every sub-paragraph thereof, in its and their entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.  Plaintiff Parisi and Goldman Sachs have agreed that, pursuant to an arbitration agreement she entered into with Goldman Sachs, Parisi's claims in this action must be stayed while she pursues arbitration. Accordingly, Goldman Sachs is not required to answer any of Parisi's allegations in the Complaint at this time.

## JURY DEMAND

198.    The allegations of paragraph 198 of the Complaint  purport to state a legal conclusion to which no response is required.  To the extent that a response is required, admits that Plaintiffs purport to demand a trial by jury in this action.

## FIRST AFFIRMATIVE DEFENSE

199.    Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

## SECOND AFFIRMATIVE DEFENSE

200.    Some or all of Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel, release, and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

201.    To the extent Plaintiffs or any of them failed to comply with the enforcement provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), their Title VII claims are barred as untimely and/or for failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

202.    To the extent Plaintiffs or any of them failed to satisfy all of the conditions precedent to filing suit under Title VII and/or the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, *et seq.* ("NYCHRL"), their claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

203.    To the extent any of Plaintiffs' Title VII claims concern events alleged to have occurred more than 300 days before the filing of their Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC")/New York City Commission on Human Rights ("NYCCHR"), such claims may be barred as untimely.

## SIXTH AFFIRMATIVE DEFENSE

204.    To the extent any of Plaintiffs' NYCHRL claims concern events alleged to have occurred more than three years before the filing of their Charges of Discrimination with the EEOC/NYCCHR, such claims may be barred as untimely.

## SEVENTH AFFIRMATIVE DEFENSE

205.    To the extent Plaintiffs' Complaint asserts or attempts to assert any Title VII

claims other than those contained in any Plaintiff's Charge of Discrimination filed with the

EEOC/NYCCHR, such claims are barred for failing to fulfill all the conditions precedent to

maintaining such claims.

## EIGHTH AFFIRMATIVE DEFENSE

206.    To the extent any particular Plaintiff's Charge of Discrimination filed with the

EEOC/NYCCHR failed to assert claims on behalf of a class of allegedly similarly situated

women, the existence of which Goldman Sachs expressly denies, commensurate with the claims

alleged in Plaintiffs' Complaint, that charge cannot serve as the foundation for any putative Class

alleged by Plaintiffs with respect to such unasserted claims.

## NINTH AFFIRMATIVE DEFENSE

207.    Plaintiffs lack standing to raise some or all of the claims of the putative Class

members they purport to represent, the existence of which class Goldman Sachs expressly

denies.

## TENTH AFFIRMATIVE DEFENSE

208.    Plaintiffs' claims on behalf of the purported Class, the existence of which class

Goldman Sachs expressly denies, are barred by Plaintiffs' failure to meet all four of the

mandatory requirements of Fed. R. Civ. P. 23(a).

## ELEVENTH AFFIRMATIVE DEFENSE

209.    Plaintiffs' claims on behalf of the purported Class, the existence of which class Goldman Sachs expressly denies, are barred by Plaintiffs' failure to meet any of the requirements of Fed. R. Civ. P. 23(b).

## TWELFTH AFFIRMATIVE DEFENSE

210.    The claims alleged by Plaintiffs are neither common nor typical of those, if any, of the members of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies.

## THIRTEENTH AFFIRMATIVE DEFENSE

211.    Plaintiffs are inadequate representatives of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies.

## FOURTEENTH AFFIRMATIVE DEFENSE

212.    The types of claims alleged by Plaintiffs and/or the types of relief sought by Plaintiffs are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

## FIFTEENTH AFFIRMATIVE DEFENSE

213.    Certain of the interests of Plaintiffs and members of the putative Class of persons whom they purport to represent are in conflict with the interests of certain sub-groups of that alleged Class, the existence of which Goldman Sachs expressly denies.

## SIXTEENTH AFFIRMATIVE DEFENSE

214.   Plaintiffs have failed to identify a pattern or practice of discrimination against Plaintiffs or the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

215.   Plaintiffs and members of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies, cannot identify similarly situated male individuals who work or worked for Goldman Sachs as Associates, Vice Presidents, or Managing Directors, respectively, and received more favorable treatment based on gender.

## EIGHTEENTH AFFIRMATIVE DEFENSE

216.   Plaintiffs' Title VII claims on behalf of themselves and members of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies, are not actionable under Title VII because any pay differences between them and similarly-situated male individuals who work or worked for Goldman Sachs as Associates, Vice Presidents, or Managing Directors, respectively, were based on one or more factors other than sex.

## NINETEENTH AFFIRMATIVE DEFENSE

217.   The employment actions taken by GS with respect to Plaintiffs were based solely on legitimate, non-discriminatory factors other than gender.  Alternatively, in the event that the Court or a jury ever were to conclude that gender was a motivating factor in any employment decisions challenged by Plaintiffs, which Goldman Sachs expressly denies, Goldman Sachs

affirmatively avers that the same decisions would have been made for legitimate business reasons and without consideration of gender.

## TWENTIETH AFFIRMATIVE DEFENSE

218.    Goldman Sachs denies that gender or any impermissible factor played any role in any of GS' various promotion or compensation policies, procedures or practices, or in any other policy, procedure or practice that Plaintiffs are or may be challenging.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

219.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful because they are job-related for the positions in question and consistent with business necessity under the provisions of 42 U.S.C. §2000e(k)(1)(A)(i).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

220.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful under the provisions of Administrative Code of the City of New York § 8-107(17)(a)(2) because they bear a significant relationship to a significant business objective of GS.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

221.   Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful because Plaintiffs have not demonstrated the existence of an alternative employment practice that satisfies the legal standard as it existed on June 4, 1989, and Goldman Sachs has not, therefore, refused to adopt any such alternative employment practice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

222.   Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful under the provisions of the Administrative Code of the City of New York § 8-107(17)(a)(2) because Plaintiffs cannot produce substantial evidence that an alternative policy or practice with less disparate impact is available to GS and/or Goldman Sachs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

223.   Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, and insofar as Plaintiffs produce substantial evidence that an alternative policy or practice with less disparate impact is available to GS, such policies, procedures or practices utilized by GS nevertheless are lawful under the

provisions of Administrative Code of the City of New York § 8-107(17)(a)(2) because such alternative policy or practice would not serve GS as well.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

224.    If any selection device utilized by GS is found to have had any unlawful adverse impact on any group of female employees, which Goldman Sachs expressly denies, such consequences were not intentional.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

225.    GS has taken reasonable care to prevent and remedy promptly any incidents of alleged sexual harassment and/or sex discrimination brought to management's attention.  GS has policies banning sexual harassment and sex discrimination in the workplace and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

226.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take advantage of any preventative or corrective opportunities provided by GS, or otherwise failed to avoid harm.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

227.    Any instances of discriminatory or harassing conduct by managers of GS, the occurrence of which Goldman Sachs expressly denies, would have contravened Goldman Sachs' good faith efforts to enforce and follow Title VII and other anti-discrimination laws.  Goldman Sachs has issued policies and established procedures for addressing complaints of alleged discrimination and has promulgated, taught, and enforced those policies and procedures in its

workforce.  Goldman Sachs is therefore not liable, and/or is not liable for punitive damages, for any such acts.

## THIRTIETH AFFIRMATIVE DEFENSE

228.    To the extent that Plaintiffs allege that one or more of Goldman Sachs' employees harassed them, Goldman Sachs expressly states that such conduct, if any, as may have occurred: (1) was outside the course and scope of those employees' employment; (2) was not condoned by Goldman Sachs; (3) was undertaken without the knowledge or consent of Goldman Sachs; and/or (4) was not conduct of a class-based nature.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

229.    No resignation from employment on the part of Plaintiffs or the alleged Class members they purport to represent, the existence of which class Goldman Sachs expressly denies, was because of behavior that was sufficiently severe or pervasive to alter the conditions of that individual's employment or to create an abusive working environment, nor were working conditions so intolerable that a reasonable person would have felt compelled to resign.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

230.    Plaintiffs' retaliation claims are defective to the extent they did not engage in any protected activity under Title VII or the NYCHRL.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

231.    Plaintiffs' retaliation claims are defective to the extent that any employment-related actions taken subsequent to their purported protected activity were taken for legitimate non-retaliatory reasons, and/or were not reasonably likely to dissuade a reasonable employee from engaging in protected activity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

232.     Plaintiff Chen-Oster's pregnancy played no role or no impermissible role in any employment decision related to Plaintiff Chen-Oster.  Alternatively, even if some impermissible motive were a factor in any decision, which Goldman Sachs denies, the same decision would have been reached for legitimate non-discriminatory business reasons.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

233.     Plaintiff Chen-Oster's pregnancy discrimination claims under Title VII and NYCHRL are precluded to the extent they attempt to assert a claim on the basis that Plaintiff Chen-Oster is a "women [sic] with children," as distinguished from "a woman who is pregnant."

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

234.     Plaintiff Parisi's NYCHRL claims, and the purported NYCHRL claims of members of the putative Class of persons whom Plaintiffs purport to represent whose work location with GS was outside of New York City, the existence of which class Goldman Sachs expressly denies, are barred to the extent that no alleged conduct prohibited by the NYCHRL took place in New York City and/or to the extent that such alleged conduct had no impact within New York City.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

235.     Litigation in this Court is precluded with respect to claims by those Plaintiffs – including Plaintiff Parisi – or on behalf of those members of the putative Class of persons they purport to represent, who have executed arbitration agreements that require employment-related disputes to be submitted to arbitration.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

236.   Plaintiffs cannot satisfy the prerequisites under Federal Rule of Civil Procedure 23 because some or all of the claims of Plaintiffs and members of the putative Class of persons whom they purport to represent, the existence of said class being expressly denied, are covered by arbitration agreements that require Plaintiffs and putative Class members to resolve their employment-related disputes with Goldman Sachs through individual arbitrations.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

237.   There is no causal relation between the alleged acts of Goldman Sachs and any injury or damage allegedly suffered by Plaintiffs, or the putative Class of persons they purport to represent, the existence of which Goldman Sachs expressly denies.

## FORTIETH AFFIRMATIVE DEFENSE

238.   Goldman Sachs is not liable with respect to any and/or all claims of Plaintiffs and the members of the putative Class, the existence of which Goldman Sachs expressly denies, to the extent that Plaintiffs and the putative Class members suffered no adverse employment action.

## FORTY-FIRST AFFIRMATIVE DEFENSE

239.   Goldman Sachs has not engaged in unlawful intentional discrimination with respect to Plaintiffs, or any members of the putative Class of persons they purport to represent, the existence of which Goldman Sachs expressly denies, and Goldman Sachs therefore is not liable for either compensatory or punitive damages under Title VII.

## FORTY-SECOND AFFIRMATIVE DEFENSE

240.   Goldman Sachs has not engaged in unlawful discriminatory practices nor any actions with respect to Plaintiffs, or any members of the putative Class of persons they purport to

represent, the existence of which Goldman Sachs expressly denies, that occurred under circumstances giving rise to an inference of discrimination based on Plaintiffs' or the putative Class members' alleged membership in a protected class and Goldman Sachs is therefore not liable for either compensatory or punitive damages under the NYCHRL.

### FORTY-THIRD AFFIRMATIVE DEFENSE

241.    Goldman Sachs is not liable with respect to any and/or all of the NYCHRL claims alleged in the Complaint because any employee who allegedly discriminated against Plaintiffs, or against some or all members of the putative Class of persons they purport to represent, the existence of which Goldman Sachs expressly denies, was not an "agent" for Goldman Sachs who "exercised managerial or supervisory responsibility."

### FORTY-FOURTH AFFIRMATIVE DEFENSE

242.    If any employee of Goldman Sachs engaged in any unlawful discriminatory practice, which Goldman Sachs expressly denies, Goldman Sachs is not liable with respect to any and/or all of Plaintiffs' purported NYCHRL claims because:  (1) Goldman Sachs did not know of or acquiesce to any employee's or agent's discriminatory conduct; (2) Goldman Sachs did not fail to take immediate and appropriate corrective action upon learning of any discriminatory conduct; (3) there is no basis for concluding that Goldman Sachs should have known of the employee's or agent's discriminatory conduct; and (4) Goldman Sachs did not fail to exercise reasonable diligence to prevent such discriminatory conduct.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

243.    Any and all claims by Plaintiffs, including those on behalf of members of the putative Class of persons whom they purport to represent, the existence of which class Goldman

Sachs expressly denies, based in whole or in part upon any alleged physical or emotional injury or mental distress are barred because no conduct of Goldman Sachs was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the probability of causing emotional distress.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

244.    Any alleged damages under Title VII for alleged gender or pregnancy discrimination, or retaliation, are subject to, and limited by, the damages caps established by 42 U.S.C. § 1981a(b)(3).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

245.    Any liabilities and penalties against Goldman Sachs, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Administrative Code.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

246.    Goldman Sachs is not liable for punitive damages under either Title VII or the NYCHRL because neither they nor any of their officers, directors and/or "managerial agents" and/or "agents" ever:  (1) intentionally engaged in any unlawful employment practices with malice or reckless disregard for Plaintiffs' protected rights, or those of any members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, or (2) discriminated against Plaintiffs or any members of the putative Class of persons they purport to represent, the existence of which Goldman Sachs expressly denies, in the face of a perceived risk that such actions would violate applicable law.

## FORTY-NINTH AFFIRMATIVE DEFENSE

247.    Goldman Sachs is not liable for punitive damages under Title VII because any employee who allegedly discriminated against Plaintiffs, or any member of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, was not a "managerial agent" for Goldman Sachs and/or was not acting within the scope of his or her employment.  Even if an employee who committed any acts found to have been discriminatory was a "managerial agent" and was acting within the scope of his or her employment, the alleged discrimination was contrary to Goldman Sachs' good-faith efforts to comply with Title VII, and therefore punitive damages may not be imposed against Goldman Sachs under Title VII.

## FIFTIETH AFFIRMATIVE DEFENSE

248.    Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred because any imposition of punitive damages under any of the claims would constitute a denial of due process under the United States Constitution and/or the Constitution of the State of New York.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

249.    Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred because any imposition of punitive damages under any of the claims would violate the Eighth Amendment to the United States Constitution and/or the Constitution of the State of New York, as the claims seek to impose an excessive fine upon

Goldman Sachs, are penal in nature, and seek to punish Goldman Sachs upon the basis of vague standards.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

250.    Plaintiffs' claims for damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred to the extent that said claims are speculative in nature.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

251.    Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred because any imposition of punitive damages under any of the claims would violate the Fifth Amendment to the United States Constitution and/or the Constitution of the State of New York, as such claims expose Goldman Sachs to multiple punishments and fines for the same conduct.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

252.    Plaintiffs have failed to comply with their duty to mitigate alleged losses (their entitlement to recovery of which is expressly denied); alternatively, any claims for relief for lost earnings and/or benefits, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

253.    The entitlement to any relief which otherwise may be held by the Court or the jury to be due in this case to Plaintiffs, or to any member of the putative Class of persons they purport to represent, the existence of which class, and any entitlement to relief, Goldman Sachs expressly denies, is limited by the after-acquired evidence doctrine.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

254.    Each and every purported claim alleged by Plaintiffs, including those on behalf of members of the putative Class of persons whom they purport to represent, the existence of which class Goldman Sachs expressly denies, is barred because any recovery from Goldman Sachs would result in a Plaintiff's or putative Class member's unjust enrichment.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

255.    The claims for injunctive and other prospective equitable relief by Plaintiffs and the members of the putative Class, the existence of which Goldman Sachs expressly denies, are barred because Plaintiffs and the putative Class members have an adequate and complete remedy at law.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

256.    The claims for injunctive and other prospective equitable relief by Plaintiffs and the members of the putative Class, the existence of which Goldman Sachs expressly denies, are barred because no Plaintiff is currently employed by Goldman Sachs.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

257.    The Complaint fails to state a claim upon which relief can be granted, as to the individual Plaintiffs' claims as well as those on behalf of the alleged Class.

## SIXTIETH AFFIRMATIVE DEFENSE

258.    Parisi's claims must be dismissed and compelled to arbitration because she is party to a valid and enforceable arbitration agreement with Goldman Sachs that covers the claims asserted in this action.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

259.    To the extent that Plaintiffs seek to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with GS, such recovery is barred by the exclusivity of remedies under the New York Workers' Compensation law.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

260.    The Goldman Sachs Group, Inc. was not Plaintiffs' employer and therefore was improperly named as a defendant in this action.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

261.    Plaintiffs' claims for relief on behalf of themselves and the putative Class for disparate impact discrimination under Title VII and the NYCHRL are barred for failing to fulfill the conditions precedent to maintaining such claims, including failure to exhaust administrative remedies.

## RESERVATIONS OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

262.    Goldman Sachs has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may

become available or apparent during discovery in this matter.  Goldman Sachs reserves the right

to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, Goldman Sachs respectfully demands judgment dismissing this

action with prejudice together with an award for its costs and disbursements and such other and

further relief as the Court deems appropriate.

Dated: New York, New York
       November 22, 2010

PAUL, HASTINGS, JANOFSKY &
WALKER LLP

By   /s/ Zachary D. Fasman
         Zachary D. Fasman
Barbara B. Brown (admitted *pro hac vice*)
C. Geoffrey Weirich (admitted *pro hac vice*)
Park Avenue Tower
75 E. 55th Street, First Floor
New York, NY 10022
(212) 318-6000
zacharyfasman@paulhastings.com


SULLIVAN & CROMWELL LLP
Theodore O. Rogers, Jr.
Suhana S. Han
John F. Fullerton III
125 Broad Street
New York, NY 10004
(212) 558-4000
rogersto@sullcrom.com


*Attorneys for Goldman, Sachs & Co. and*
*The Goldman Sachs Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. CRISTINA CHEN-OSTER, LISA PARISI and
SHANNA ORLICH,

                                    Plaintiffs,

                    vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.

                                    Defendants.

10 Civ. 6950 (LBS) (JCF)

**CERTIFICATE OF
SERVICE**

        I hereby certify that on November 22, 2010, a true and correct copy of the

foregoing Answer was served via the Court's CM/ECF system on the following attorneys of

record:

Adam T. Klein
Justin M. Swartz
Cara E. Greene
Jennifer L. Liu
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, New York 10016

Kelly M. Dermody
Anne B. Shaver
Heather H. Wong
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Dated: New York, New York
November 22, 2010

                                    By:    /s/ Margaret E. Bartlett
                                                Margaret E. Bartlett