UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H. CRISTINA CHEN-OSTER; LISA PARISI; and
SHANNA ORLICH,

                        Plaintiffs,

vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.

                        Defendants.

10 Civ. 6950 (LBS) (JCF)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-23-10
```

## PARTIES' REPORT OUTLINING DISCOVERY PLAN

Pursuant to Rule 26(f)(3) of the Federal Rules of Civil Procedure, Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.[1] ("Goldman Sachs" or "Defendants") and H. Cristina Chen-Oster, et al. ("Plaintiffs"), by counsel, jointly request that the Court enter the following as their Report Outlining Discovery Plan.

1.   **Initial Disclosures.** The Parties will exchange their Initial Disclosures pursuant to Rule 26(a)(1) on or before December 21, 2010.

2.   **Subjects on Which Discovery May be Needed.** The Parties agree that discovery may be needed on the following subjects:

    a. the Plaintiffs' individual allegations of discrimination against Defendants;

---

[1] The Goldman Sachs Group, Inc. ("GS Group") is the publicly traded parent corporation of Goldman, Sachs & Co. GS Group has informed Plaintiffs' counsel that it intends to file a motion to dismiss Plaintiffs' claims because, inter alia, GS Group was not the employer of any of the named plaintiffs. Plaintiffs are considering their response to this position. GS Group

(continued...)

    b. the Plaintiffs' allegations, on behalf of a putative class of women, that Defendants engaged in a nationwide pattern or practice of discriminating on the basis of sex with respect to compensation, promotion, business opportunities, performance evaluations and professional support;

    c. Whether any class should be certified with respect to Plaintiffs' non-individual allegations; and

    d. Defendants' legal and factual defenses to these allegations.

3. **Electronically Stored Information and Claims of Privilege.** The Parties are negotiating in good faith about issues relating to the discovery of electronically stored information, as referenced in Fed. R. Civ. P. 23(f)(3)(C), and claims of privilege, as referenced in Fed. R. Civ. P. 23(f)(3)(D). The Parties agree to advise the Court if they require assistance regarding these subjects, or if they conclude it would be appropriate for the Court to enter an order on these topics.

4. **Discovery Prior to the Court's Decision on Class Certification.** The Parties have agreed that there is no reason to bifurcate discovery generally into "class" and "merits" phases, as there will be significant overlap among the issues relevant to the Court's resolution of Plaintiffs' anticipated motion for class certification and issues that will pertain to the fact-finder's determination of whether liability exists if any class is certified.

5. **Discovery Following the Court's Decision on Class Certification.** Notwithstanding the Parties' agreement that bifurcation is not necessary, the Parties recognize

---

(...continued)

participates in this 26(f) Report without prejudice to its position that it is not an appropriate defendant in this action.

that the outcome of the class certification motion could well lead to additional discovery that must be completed before the case will be ready for trial.

6. **Expert Discovery and Class Certification Briefing Schedule.** The Parties propose the following schedule for expert discovery and class certification briefing under Fed. R. Civ. P. 23.

   a. Goldman Sachs produces personnel data: March 31, 2011 or as soon thereafter as the parties agree or the Court orders production.

   b. Plaintiffs produce expert reports: 6 months later (September 30, 2011).[2] The parties agree on all subsequent elements of the expert discovery schedule except the timing of depositions vis-à-vis production of the expert reports. Plaintiffs submit that each party should file their experts' initial and rebuttal expert reports prior to depositions, while Defendants submit that Plaintiffs' experts should file initial reports and be deposed before Defendants' experts file their initial reports and are then deposed, and that additional depositions may take place after each side files rebuttal reports. On that subject:

      i. Plaintiffs propose the following:

         1. Defendants produce their expert reports: 30 days later (October 31, 2011)

         2. Plaintiffs produce expert rebuttal: 21 days after Defendants' reports (November 21, 2011)

---

[2] If data is produced after March 31, 2011, all subsequent dates in the proposed schedule would be adjusted accordingly.

   3. Defendants produce expert rebuttal: 21 days later (December 12, 2011)

   4. Depositions of all experts: within 60 days (January 27, 2012)

  ii. Defendants propose the following:

   1. Plaintiffs make their experts available for deposition within 30 days.

   2. Defendants produce their expert reports: 15 days later. Defendants will make their experts available for deposition within 30 days.

   3. Plaintiffs produce their expert rebuttal reports 21 days later. Defendants will produce their expert sur-rebuttal reports 21 days later.

   4. The parties have 21 days to complete their depositions of expert witnesses on any new material in their rebuttal or sur-rebuttal reports.

The parties agree on the following:

c. Plaintiffs' motion for class certification will be filed within 30 days of the conclusion of expert depositions, Defendants' opposition will be filed 30 days later, and Plaintiffs' reply will be filed 17 days later.

7. **Confidentiality/Protective Order.** The Parties are negotiating a proposed Consent Protective Order applicable to appropriate non-public information under Fed. R. Civ. P.

26(c), and will either submit a stipulated proposed Order for the Court's consideration, or will submit alternate proposals.

ENTERED this 23 day of Dec , 2010.

_____
Judge

RESPECTFULLY SUBMITTED:

Dated: New York, New York
       December 21, 2010

| H. CRISTINA CHEN-OSTER, ET AL. | GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC. |
|---|---|
| /s/ Adam T. Klein | /s/ Barbara B. Brown |
| Adam T. Klein | Barbara B. Brown (admitted *pro hac vice*) |
|  | Zachary D. Fasman |
|  | C. Geoffrey Weirich (admitted *pro hac vice*) |
| OUTTEN & GOLDEN LLP | PAUL, HASTINGS, JANOFSKY & WALKER LLP |
| 3 Park Avenue, 29th Floor | 75 East 55th Street |
| New York, NY 10016 | New York, NY 10022 |
| (212) 245-1000 | (212) 318-6000 |
| atk@outtengolden.com | barbarabrown@paulhastings.com |
| Kelly M. Dermody | Theodore O. Rogers, Jr. |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP | SULLIVAN & CROMWELL, LLP |
| 275 Battery Street, Suite 3000 | 125 Broad Street |
| San Francisco, CA 94111 | New York, NY 10004 |
| (415) 956-1000 | (212) 558-4000 |
| kdermody@lchb.com | RogersTO@sullcrom.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |