# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
THE SMITH & WOLLENSKY RESTAURANT
GROUP, INC.,
          Petitioner,

v.                        CIVIL ACTION NO.:
                                10-11498-EFH

MARK PASSOW, ASTRID ALEXANDRA
RAMIREZ, REBECCA KILGALLON, DONA
FRAENKEL, ET AL.,

          Respondents.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

January 18, 2011

HARRINGTON, S.D.J.

     This matter comes before the Court on Petitioner Smith & Wollensky Restaurant Group, Inc.'s ("S&W") Motion to Vacate Arbitrator's Clause Construction Award. The Claimants in the underlying proceeding are four current and former employees of S&W who worked as servers. S&W and each Claimant are parties to a dispute resolution agreement ("DRA"), that provides for binding arbitration of claims between S&W and its employees arising out of their employment under the auspices of the American Arbitration Association ("AAA"). On February 12, 2008, pursuant to the DRA, the Claimants commenced an arbitration proceeding with the AAA. In a document styled "Class Action Complaint," they alleged that S&W violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Massachusetts Minimum Wage Act, Mass. Gen. Laws ch. 151 §§ 1, 7, and the Massachusetts Tip Statute, Mass. Gen. Laws ch. 149 § 152A.

S&W contested the proceeding, asserting that the DRA did not contemplate the arbitration of class or collective claims. On July 2, 2008, the Arbitrator issued a Partial Final Award on Arbitration Clause Construction ("Initial Clause Construction Award"), holding that the DRA permitted the claims to proceed in arbitration. On April 27, 2010, the Supreme Court of the United States issued Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 130 S.Ct. 1758, 1766 (2010), which dealt with the arbitration of class claims. The Arbitrator, at the request of S&W, reconsidered his Initial Clause Construction Award in light of Stolt-Nielsen. On July 28, 2010, the arbitrator issued a Memorandum and Order Regarding Reconsideration of the Arbitration Clause Construction (the "Revised Clause Construction Award"), in which he affirmed the Initial Clause Construction Award as consistent with Stolt-Nielsen.

S&W contends that Stolt-Nielsen prevents the claim from proceeding in arbitration. The Court disagrees. In Stolt-Nielsen, "the parties stipulated that there was 'no agreement' on the issue of class-action arbitration." Id. at 1776 n.10. Here, there was no such stipulation and, thus, the arbitrator was authorized "to decide what contractual basis may support a finding that the parties agreed to authorize class-action arbitration." Id. The arbitrator ruled that the parties intended that class-action claims and relief were contemplated and permitted by the DRA and the Court concludes that the language of the DRA supports such a ruling.

The arbitrator found that the arbitration clause in the DRA was broad in its reach, covering "any claim that, in the absence of this Agreement, would be resolved in a court of law under applicable state and federal law." The arbitrator noted that "any claim" is defined as "any claims for wages, compensation and benefits" and that both the FLSA and Massachusetts wage laws statutorily authorize an individual employee to bring a class-action in a court of law. The arbitrator further found that the DRA expressly provided that the "[a]rbitrator may award any

2

remedy and relief as a court could award on the same claim," that the applicable statutes provide for class relief and the statutes were in existence when the DRA was executed. The arbitrator also noted that "wage and hour claims like those in play here are frequently pursued as class or collective actions, and both the Claimants and S&W must be deemed to understand that."

The arbitrator's award was the result of a reasonable interpretation of the DRA. Given this Court's limited standard of review, such interpretation must stand. See Eastern Associated Coal Corp. v. Mine Workers, 531 U.S. 57, 62 (2000) ("[C]ourts will set aside the arbitrator's interpretation of what their agreement means only in rare instances."); Paperworkers v. Misco, Inc., 484 U.S. 29, 38 (1987)("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.").[1]

The Smith & Wollensky Restaurant Group, Inc.'s Motion To Vacate Arbitrator's Clause Construction Award (Docket No. 2) is, hereby, DENIED.

SO ORDERED.

        /s/ Edward F. Harrington
        EDWARD F. HARRINGTON
        United States Senior District Judge

---

[1] The Court need not decide the claimants' argument that the motion to vacate was untimely.