```
UNITED STATES DISTRICT COURT                      (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
H. CRISTINA CHEN-OSTER; LISA         : 10 Civ. 6950 (LBS) (JCF)
PARISI; and SHANNA ORLICH,           :
                                     :         MEMORANDUM
              Plaintiffs,            :         AND   ORDER
                                     :
     - against -                     :
                                     :
GOLDMAN, SACHS & CO. and THE         :
GOLDMAN SACHS GROUP, INC.,           :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This is a putative class action in which the plaintiffs allege that their employer, Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs"), has engaged in a pattern of gender discrimination against its female professional employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. Goldman Sachs has moved to stay the action with respect to one representative plaintiff, Lisa Parisi, and to compel arbitration of her individual claims. In response to that motion, the plaintiffs propounded discovery related to Goldman Sachs' custom and practice regarding arbitration. Goldman Sachs objected to producing the requested information on the ground that it is irrelevant, and the plaintiffs now move pursuant to Rule 37 of the Federal Rules of Civil

1

Procedure for an order compelling disclosure. For the reasons set forth below, the plaintiffs' motion is denied.

Background

In November 2003, Ms. Parisi was promoted to the position of Managing Director at Goldman Sachs, as a condition of which she signed an employment contract. (Letter of Henry M. Paulson, Jr., dated Nov. 4, 2003 (the "Employment Agreement"), attached as Exh. A to Declaration of Adam T. Klein dated Jan. 21, 2011 ("Klein Decl.")). That contract contains an arbitration clause that provides as follows:

> [A]ny dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court.

(Employment Agreement, § 4). The Agreement defines "Employment Related Matters" as "matters arising out of or relating to or concerning this Agreement, your hire by or employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of your employment relationship in

2

respect of the Firm." (Employment Agreement, § 3).

The current dispute between the parties centers on whether these provisions authorize the arbitration of claims on a classwide basis. In connection with that issue, the plaintiffs propounded discovery, seeking representative exemplars from 2001-2006 of any cardholder agreements for credit cards sponsored by Goldman Sachs as well as any agreements that employees entered into when selecting or purchasing Goldman Sachs investment products. (Memorandum in Support of Plaintiffs' Motion to Compel Discovery ("Pl. Memo.") at 3). The plaintiffs' theory is that Goldman Sachs' practices with respect to the use of arbitration clauses would shed light on its intent in drafting the language of the Employment Agreement here. For example, if Goldman Sachs routinely included language precluding the assertion of class claims in arbitration, the plaintiffs would argue that the absence of such language here indicates an intent to allow class claims.

Goldman Sachs maintains that the plaintiffs' discovery requests seek irrelevant information. It argues that the Employment Agreement is unambiguous and, in the absence of ambiguity, extrinsic evidence of the parties' intent is not permitted.

3

Discussion

   A. Stolt-Neilsen

The instant discovery dispute must be viewed against the backdrop of the Supreme Court's decision in Stolt-Nielsen S.A. v. AnimalFeeds International Corp., __ U.S. __, 130 S. Ct. 1758 (2010). In that case, a panel of arbitrators had issued an award authorizing classwide arbitration of certain maritime claims even though the governing arbitration clause was silent on the issue of class arbitration. Id. at __, 130 S. Ct. at 1766. The Court, however, faulted the arbitrators for substituting a rationale based on public policy considerations in place of a rigorous analysis of the contractual terms.

> [A] party may not be compelled under the [Federal Arbitration Act (the "FAA")] to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. In this case, however, the arbitration panel imposed class arbitration even though the parties concurred that they had reached "no agreement" on that issue.

Id. at __, 130 S. Ct. at 1775. According to the Court,

> [r]ather than inquiring whether the FAA, maritime law, or New York law contains a "default rule" under which an arbitration clause is construed as allowing class arbitration in the absence of express consent, the panel proceeded as if it had the authority of a common-law court to develop what it viewed as the best rule to be applied in such a situation.

Id. at __, 130 S. Ct. at 1768-69.

A central teaching of Stolt-Nielsen, then, is that an

4

arbitration clause must be construed in accordance with the applicable law of contracts. Accordingly, it is necessary here to first identify the controlling law and then ascertain the extent to which the discovery sought by the plaintiffs may be relevant under that law.

   B. New York Contract Law

   The Employment Agreement provides that it shall be governed by New York law. (Employment Agreement, § 5). "Under New York law, the presence or absence of ambiguity is determined by looking within the four corners of the document, without reference to extrinsic evidence." Chapman v. New York State Division for Youth, 546 F.3d 230, 236 (2d Cir. 2008). Accordingly, silence with respect to a particular issue does not generally render a contract ambiguous. See Wyly v. CA, Inc., No. 05 CV 4430, 2009 WL 3128034, at *9 (E.D.N.Y. Sept. 29, 2009) ("'[S]ilence alone does not equate to ambiguity.'" (quoting Henrich v. Phazar Antenna Corp., 33 A.D.3d 864, 867, 827 N.Y.S.2d 58, 61 (2d Dep't 2006)); Millgard Corp. v. E.E. Cruz/Nab/Fronier-Kemper, No. 99 Civ. 2952, 2003 WL 22741664, at *3 (S.D.N.Y. Nov. 18, 2003) (holding that "under New York law, the omission of terms in a contract does not create ambiguity"); Kirschten v. Research Institute of America, Inc., No. 94 Civ. 7947, 1997 WL 739587, at *7-8 (S.D.N.Y. Sept. 24, 1997); Reiss v. Financial Performance Corp., 97 N.Y.2d 195, 199, 738 N.Y.S.2d 658,

5

661 (2001) ("'An omission or mistake in a contract does not constitute an ambiguity . . . .'" (quoting Schmidt v. Magnetic Head Corp., 97 A.D.2d 151, 157, 468 N.Y.S.2d 649, 654 (2d Dep't 1983))). And, in the absence of ambiguity, extrinsic evidence is inadmissible. See Wyly, 2009 WL 3128034, at *9 ("Where a contract is unambiguous, extrinsic or parol evidence is inadmissible."); Millguard Corp., 2003 WL 22741664, at *2 ("'Only when the language of the contract is ambiguous may a court turn to extrinsic evidence of the contracting parties' intent.'" (quoting Curry Road Ltd. v. K Mart Corp., 893 F.2d 509, 511 (2d Cir. 1990)).

The cases cited by the plaintiffs for the proposition that "'silence as to [a] particular issue can, at times, create an ambiguity in a contract requiring the introduction of extrinsic evidence'" are inapposite. (Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery at 3 (quoting Wallace Industries, Inc. v. Salt City Energy Venture L.P., 233 A.D.2d 543, 545, 649 N.Y.S.2d 531, 533 (3d Dep't 1996))). The language relied upon by the plaintiffs in the Wallace Industries case was dicta, since the court there found that the silence of a fully integrated contract with respect to a secondary issue created no ambiguity. Id. at 545, 649 N.Y.S.2d at 533. Wallace Industries, in turn, referred to another case cited by the plaintiffs, Belknap v. Dean Witter & Co., 61 N.Y.2d 802, 473 N.Y.S.2d 948 (1984). In Belknap,

6

the court found that a corporate resolution had addressed, albeit incompletely, the issue of whether the defendant was obligated to continue the plaintiff's pension in the event of a merger. Id. at 803-04, 473 N.Y.S.2d at 949. Thus, in stating that "[i]nsofar as that agreement was <u>otherwise</u> silent on the issue whether defendant had contracted to provide the pension, it was proper to admit extrinsic evidence that was probative of the parties' intent," id. at 804, 473 N.Y.S.2d at 949 (emphasis supplied), the court was applying the unexceptional principle that extrinsic evidence is admissible where an agreement is ambiguous. See <u>Proteus Books Ltd. v. Cherry Lane Music Co.</u>, 873 F.2d 502, 509-10 (2d Cir. 1989) (holding, under New York law, that extrinsic evidence is admissible to interpret ambiguous terms but not to alter or add terms).

Finally, in <u>Columbia Artists Management, LLC v. Swenson & Burnakus, Inc.</u>, No. 05 Civ. 7314, 2010 WL 1379737 (S.D.N.Y. March 3, 2010), the court stated that "[i]ndustry custom may be used to provide a missing term when a contract is silent on an issue." Id. at *2. However, the missing term must be one without which the contract is inherently ambiguous as to some issue material to defining the relationship between the parties. Cf. <u>Kirschten</u>, 1997 WL 739587, at *7 ("[W]hen a contract is silent on a point that the parties dispute, evidence outside the language of the contract itself may be considered only if the point in issue is one that is

7

'essential' to the contract, i.e., without which a contract could not be found."). In Columbia Artists Management, for example, the contract did not specify whether an opera singer was obligated to pay royalties to her agent for engagements booked prior to the termination of the contract but performed thereafter.  2010 WL 1379737, at *2.  Similarly, in VistaTech Enterprises, Ltd. v. Brother International Corp., 677 F. Supp. 178, 180 (S.D.N.Y. 1988), the case cited by the court in Columbia Artists, the missing term was the duration of the contract; consequently, it was necessary to rely on extrinsic evidence to determine whether the agreement was at will or lasted for a particular period or, indeed, forever. 677 F. Supp. at 180.  In other words, the relationship between the parties to the contract was not adequately determined without supplying the missing term.

 C. Application

 In this case, the absence of a term in the Employment Agreement addressing class arbitration creates no inherent ambiguity.  Ms. Parisi's rights and obligations with respect to arbitration of her individual claims are clear irrespective of whether the Agreement is ultimately construed to permit arbitration of the claims of other employees on a classwide basis.  And, because the Employment Agreement is unambiguous, extrinsic evidence is inadmissible; the discovery propounded by the plaintiffs

8

therefore seeks irrelevant information.

Conclusion

For the reasons set forth above, plaintiff's motion to compel discovery (Docket no. 41) is denied.

SO ORDERED.

*[signature]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       March 1, 2010

Copies mailed this date:

Adam T. Klein, Esq.
Cara E, Greene, Esq.
Jennier L. Liu, Esq.
Mariko Hirose, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, New York  10016

Kelly Dermody, Esq.
Anne B. Shaver, Esq.
Heather H. Wong, Esq.
Alison M. Stocking, Esq.
275 Battery Street, 30th Floor
San Francisco, CA  94111

Theodore O. Rogers, Jr., Esq.
John F. Fullerton, III, Esq.
Margaret E. Bartlett, Esq.
Suhana S. Han, Esq.
Sullivan & Cromwell, LLP
125 Broad Street
New York, New York  10004

Barbara B. Brown, Esq.
Paul, Hasting, Janofsky & Walker, LLP
875  15th Street N.W.
Washington, DC  20005

C. Geoffrey Weirich, Esq.
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Sreet, NE
Suite 2400
Atlanta, GA  30308

Zachary D. Fasman, Esq.
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York  10022