FRANCIS, M A J

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H. CRISTINA CHEN-OSTER; LISA PARISI; and
SHANNA ORLICH,

                        Plaintiffs,

vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.

                        Defendants.

---

10 Civ. 6950 (LBS) (JCF)

~~[PROPOSED]~~
PROTECTIVE ORDER
AND
CONFIDENTIALITY
AGREEMENT

       The parties to this Proposed Protective Order and Confidentiality Agreement (the "Parties") are:

       (1)    Plaintiffs H. Cristina Chen-Oster, Lisa Parisi, and Shanna Orlich, individually and on behalf of all others similarly situated (the "Plaintiffs"); and

       (2)    Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.[1] ("Defendants").

       The Parties, acting through their counsel of record, hereby stipulate and agree as follows:

       1.    All discovery shall be used solely for the purposes of prosecuting and/or defending this action.

---

[1] The Goldman Sachs Group, Inc. ("GS Group") participates in this Proposed Protective Order and Confidentiality Agreement without prejudice to its position that it is not an appropriate defendant in this action.

1

909649.1

2. Upon a good faith determination by any party or non-party from whom discovery is sought (the "Designating Party") that any documentation or information being produced or disclosed, whether formally or informally, contains non-public commercially sensitive, proprietary or trade secret matter of or regarding the party, including sensitive customer information and/or private employee information identifiable in connection with particular individuals (e.g., social security numbers, compensation, personal contact information), the Designating Party may designate such document or thing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "CONFIDENTIAL INFORMATION"). The designation of an individual document or category of documents or information as CONFIDENTIAL INFORMATION may be challenged pursuant to ¶ 15 of this Order.

3. Non-parties may invoke the protection of this Order for documents and deposition testimony and exhibits provided in connection with this litigation, including but not limited to documents and deposition testimony and exhibits provided in response to subpoenas served on those third parties, and all CONFIDENTIAL INFORMATION of non-parties as contained in such documents, depositions and exhibits shall be protected hereunder in the same manner as the CONFIDENTIAL INFORMATION of the parties to this lawsuit as long as the non-party agrees to be bound by this Order and any subsequent amendments to this Order.

4. The Party who wishes to designate CONFIDENTIAL INFORMATION will do so by marking the document or documents "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" or, if produced inadvertently without such designation, by providing written notice to the adverse Parties as soon as is practicable in connection with its production that such documents should be marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." If CONFIDENTIAL INFORMATION is used or referenced in

a deposition or hearing, the Party who wishes to designate those portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" will do so by written notice to the adverse Parties within ten (10) days of receipt of the written transcript from the stenographer. If timely written notice is provided, the use at a deposition or hearing of a document designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not modify or diminish the effect of that designation with respect to other witnesses or uses.

5. Wherever practicable, CONFIDENTIAL INFORMATION will be redacted or segregated to allow non-confidential portions of documents to be treated as outside the scope of this Order.

6. If it comes to a party or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must timely notify all other parties that it is withdrawing the mistaken designation.

7. To safeguard the confidentiality of CONFIDENTIAL INFORMATION it will be maintained as set forth in this Order, or in such manner separately agreed upon by the Parties.

8. The Parties will not disclose CONFIDENTIAL INFORMATION that has been marked "CONFIDENTIAL" in any manner to anyone, other than to the following individuals, who must agree in writing prior to such disclosure to maintain its confidentiality by completing and executing Exhibit A to this Order:

    (a) the Receiving Party or Parties and the Receiving Party or Parties' outside or in-house counsel and the legal staff and employees of such counsel assisting counsel in the effort to prosecute or defend this action;

    (b) experts or consultants (including support personnel) assisting counsel in the effort to prosecute or defend this action;

3

(c) witnesses noticed, subpoenaed, designated pursuant to Fed. R. Civ. P. 30(b)(6), or identified to the opposing party on a trial (or hearing) witness list, to testify at deposition, hearing or trial, in preparation for such testimony;

(d) this Court and its personnel, including stenographic reporters;

(e) any neutral person who may be selected by the Parties to preside over a private mediation or arbitration;

(f) stenographic reporters and videographers responsible for depositions taken in the case; and

(g) any other persons with the consent of the Producing Party, or by Court order, subject to the terms of this Order.

9. CONFIDENTIAL INFORMATION marked "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is subject to the same disclosure limitations set forth above for information marked "CONFIDENTIAL," except that information marked "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may not be disclosed under any circumstances to (1) the Receiving Party or Parties or (2) witnesses (whether in preparation for deposition, hearing or trial testimony or otherwise), absent written consent by the Producing Party. The only exception to this prohibition is where the information specifically relates to (a) that Party or employment decisions directly addressing that Party, or (b) a Witness formally identified (by notice, subpoena, or witness list submitted to the Court and opposing counsel) to testify at deposition, trial or hearing, or to employment decisions directly addressing that Witness. Such permitted disclosure of information designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to a Party or Witness shall not modify or diminish the effect of that designation with respect to other witnesses or uses.

4

909649.1

10. Notwithstanding any other provisions, nothing in this Order shall prohibit counsel for a party from disclosing a document or thing designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person whom the document or thing clearly identifies as an author, addressee or carbon copy recipient of such document or thing, subject to said person agreeing in writing prior to the disclosure to maintain the confidentiality of such document or thing, by completing and executing Exhibit "A" attached hereto. Regardless of its designation, if a document or thing makes reference to the actual or alleged conduct or statements of a person, counsel may not show the person such document or thing unless the person is otherwise entitled to see it pursuant to the terms of this Order, but may discuss such conduct or statements with that person, provided that such discussions do not directly or indirectly disclose or reveal any portion of the document or thing other than that which specifically refers to such conduct or statement.

11. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that were obtained lawfully by such party, independently of the discovery proceedings in this litigation.

12. Nothing herein shall preclude the use of documents, materials or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by counsel to locate or contact any potential witness or class member, except to the extent prohibited by law or applicable ethical rules.

13. To the extent that any documents, information, or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" are to be filed with this Court, each such document and thing shall be filed under seal with the Clerk of this Court, consistent with the Court's orders and federal and local rules. Where possible, only the portions

909649 1

of filings containing CONFIDENTIAL INFORMATION shall be filed with the Court under seal. To avoid the unnecessary filing of documents under seal, counsel for the parties may request waiver of the sealing provisions of this Order from the Designating Party. If any CONFIDENTIAL INFORMATION is filed with the Court under seal, then the party submitting the CONFIDENTIAL INFORMATION shall file a public copy of the filing containing the CONFIDENTIAL INFORMATION in redacted form.

14. Subject to such orders as the Court may make, and subject to compliance with the provisions of this Paragraph, nothing herein shall restrict the presentation of arguments, statements, evidence, or testimony during a court hearing or trial. The treatment of CONFIDENTIAL INFORMATION at trial or evidentiary hearing shall be the subject of further meeting and conferring among the parties and further Order of the Court.

15. In the event that a Party challenges the designation of information, documents and/or things as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must do so in good faith and will so notify the Designating Party or Parties in writing. Upon the designation being contested, the Parties will negotiate in an attempt to resolve the designation contest. If the Parties cannot resolve the designation contest, the Party contesting the designation under this Order shall file a motion with this Court identifying with specificity both the information designated confidential and the objection to the designation. The Designating Party shall then have the burden of showing that the document, information or thing is designated appropriately. Notwithstanding any contest over a designation, the designation shall be respected by all the Parties, and the information, documents and/or things designated "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be used in a manner inconsistent with their designation under this stipulated Order until the parties reach an alternative agreement or the Court orders otherwise.

16. By entering into and/or complying with the terms of this stipulated Order, the Parties do not intend to and are not:

(a) admitting that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

(b) waiving the right of any Party to object to the production of documents or information it considers not subject to discovery or to seek a determination from the Court whether particular designated material should be produced;

(c) waiving the right of any Party to apply to the Court to rescind or modify the terms of this Protective Order or to seek a further protective order;

(d) waiving the right of any Party to use, or object to the use of, any CONFIDENTIAL INFORMATION at any hearing or trial; or

(e) waiving the right to object to the production or admission of such CONFIDENTIAL INFORMATION.

17. This stipulated Order will be effective from the date on which it is signed by counsel for the Parties. Within sixty (60) days after the entry of a final non-appealable judgment or order concluding the above-captioned action or the complete settlement of all claims asserted against all parties in this action, the Receiving Party shall return or destroy all documents, information or thing it received that was designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Counsel for the Receiving Party shall certify compliance with this Section 17 within ninety (90) days after entry of the event triggering the aforementioned 60-day requirement to destroy or return such documents, information or things. Counsel of record may retain archival copies of papers filed with the Court, transcripts, work product, and correspondence that include any CONFIDENTIAL INFORMATION, but if counsel retains such

7

information the confidentiality obligations of this Order as it pertains to counsel shall continue in effect with respect to such retained information.

18. The Parties and their counsel are responsible for employing reasonable measures to control, consistent with this agreement, duplication of, access to, discussion of and distribution of copies of documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," in accordance with the terms of this stipulated Order.

If any provision in this document cannot be carried out because it is in conflict with the Court's rules and procedures, or federal or New York law, that provision will be waived.

Dated: New York, New York
March 14, 2011

By: _____
Adam T. Klein

OUTTEN & GOLDEN LLP
Adam T. Klein
Cara E. Greene
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Tel: (212) 245-1000

LIEFF, CABRASER, HEIMAN &
BERNSTEIN, LLP
Kelly M. Dermody (*admitted pro hac vice*)
Anne B. Shaver (*admitted pro hac vice*)
Heather H. Wong (*admitted pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111
Tel: (415) 956-1000

*Attorneys for Plaintiffs*

By: _____
C. Geoffrey Weirich

PAUL, HASTINGS, JANOFSKY &
WALKER LLP
Barbara B. Brown (*admitted pro hac vice*)
Zachary D. Fasman
C. Geoffrey Weirich (*admitted pro hac vice*)
75 East 55th Street
New York, New York 10022
Tel: (212) 318-6000

SULLIVAN & CROMWELL, LLP
Theodore O. Rogers, Jr.
Suhana S. Han
John F. Fullerton III
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendants*

8

DATED:   3/18/11             SO ORDERED.

_____
Hon. James C. Francis
U.S.M.J.

909649.1