UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH,<br><br>                                    Plaintiffs,<br><br>              vs.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.<br><br>                                    Defendants. | 10 Civ. 6950 (LBS) (JCF) |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL ARBITRATION**

PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022-3205
(212) 318-6000

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendants*
Goldman, Sachs & Co. and
The Goldman Sachs Group, Inc.

Plantiffs' request for a sur-reply is based on a misstatement of the record and should be rejected. There is no provision for filing a sur-reply under the Federal Rules of Civil Procedure or the Local Civil Rules, and this situation does not call for an exception to established motion practice. Moreover, the proposed sur-reply memorandum should be disregarded for the further reason that it engages in selective and misleading argument concerning a decision which Plaintiffs have already addressed in a previous filing on this motion.

Plaintiffs base their request for a sur-reply on the representation that "Defendants <u>argued for the first time in their reply brief</u> that the inability to bring class claims impairs statutory rights only in cases that involve so-called '<u>negative value claims</u>.'" (Pl.'s Mot. For Leave To File a Sur-Reply in Opp'n To Defs.' Mot. To Compel Arbitration ("Mot.") at 1 (emphasis added).) Plaintiffs repeatedly claim that the negative value issue was a "new argument" presented by Defendants on reply. (*Id.* at 1-2.) This is wrong. Defendants made the following argument in their November 22, 2010 opening brief: "Plaintiff was quite highly compensated. <u>Her claim is thus not a so-called "negative value" claim</u>—involving small recoverable damages that are not worth enough to warrant pursuing recovery through individual litigation—for which some courts deem class action litigation to be particularly appropriate." (Mem. of Law in Supp. of Defs.' Mot. To Stay Pl. Parisi's Claims and Compel Individual Arbitration at 9-10 n.8) (emphasis added).) Plaintiffs had a full and fair opportunity to address the "negative value" argument in their opposition memorandum, and there simply is no reason to allow them to circumvent the rules simply because they feel they have not said all they had to say.

Plaintiffs' argument that they "have not had an opportunity to address th[e] decision" in *In re American Express Merchants' Litigation*, ___ F.3d ___, 2011 WL 781698 (2d Cir. Mar. 8, 2011) (Mot. at 1-2) is also incorrect. On March 10, 2011, Plaintiffs filed a Notice of

Supplemental Authority with this Court, which appended that very decision and which—contrary to the usual custom with respect to such notices—included argument describing Plaintiffs' reading of the decision.  Defendants did not object to the argument in the notice, but rather responded to Plaintiffs' argument in their reply.  This appropriate response by Defendants cannot now be a basis for permitting a sur-reply.  It would be a poor precedent indeed if parties were able to manufacture an opportunity to submit a sur-reply memorandum by filing argumentative notices of supplemental authority with courts prior to their opponents' reply memoranda and then complaining when their opponents address those arguments.

Finally, and regrettably, Plaintiffs' proposed sur-reply memorandum should be disregarded because it is misleading.  Defendants, in their reply memorandum, cited the Second Circuit's statement in *American Express Merchants* that "we find . . . that the cost of plaintiffs' individually arbitrating their dispute would be prohibitive, effectively depriving plaintiffs of the statutory protection of the antitrust laws."  (Defs.' Reply Mem. in Supp. of Mot. To Stay Pl. Parisi's Claims and Compel Individual Arbitration at 4) (quoting *American Express Merchants*, 2011 WL 781698, at *10).)  Plaintiffs, in their proposed sur-reply, do not deny that the quotation of that holding is accurate, yet claim that the decision "contains no language expressly limiting its holding to circumstances in which individual claims would be economically infeasible." (Pl.'s [Proposed] Sur-Reply Mem. in Opp'n to Defs.' Mot. To Compel Arbitration at 1.) Plaintiffs then engage in improperly selective quotation, pointing out the Court's statement of reliance on "the need for plaintiffs to have the opportunity to vindicate their statutory rights," 2011 WL 781698, at *12, but failing to quote <u>the very next sentence</u> from the Court:  "In this case, the record demonstrates that the size of any potential recovery by an individual plaintiff will be too small to justify the expense of bringing an individual arbitration. . . . [W]e hold that

-2-

-3-

each case which presents a question of the enforceability of a class action waiver in an arbitration agreement must be considered on its own merits, governed with a healthy regard for the fact that the FAA 'is a congressional declaration of a liberal federal policy favoring arbitration agreements.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 24 (1983)).  In short, the holding in the case was expressly based on the "negative value" finding and, as Defendants described in both their original and reply memoranda, Plaintiff Parisi—who was very highly paid—indisputably is not a negative value plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that Plaintiffs' motion for leave to file a sur-reply memorandum should be denied.

Dated: New York, New York

March 28, 2011                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                                    BY:       /s/ Zachary D. Fasman
                                                    BARBARA B. BROWN (*admitted pro hac vice*)
                                                    ZACHARY D. FASMAN
                                                    C. GEOFFREY WEIRICH (*admitted pro hac vice*)

                                     75 East 55th Street
                                     New York, New York 10022-3205
                                     (212) 318-6000
                                     barbarabrown@paulhastings.com;
                                     zacharyfasman@paulhastings.com;
                                     geoffweirich@paulhastings.com

                                     SULLIVAN & CROMWELL LLP
                                     THEODORE O. ROGERS, JR.
                                     SUHANA S. HAN
                                     125 Broad Street
                                     New York, New York 10004
                                     (212) 558-4000
                                     rogerst@sullcrom.com
                                     hans@sullcrom.com

                                     *Attorneys for Defendants*
                                     GOLDMAN, SACHS & CO. and
                                     THE GOLDMAN SACHS GROUP, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH,<br><br>                              Plaintiffs,<br><br>vs.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.<br><br>                              Defendants. | 10 Civ. 6950 (LBS) (JCF)<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on March 28, 2011, a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION was served by the Court's ECF system on:

Adam T. Klein
Cara E. Greene
Jennifer L. Liu
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, New York 10016
*Attorneys for Plaintiffs*

Kelly M. Dermody
Anne B. Shaver
Heather H. Wong
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
*Attorneys for Plaintiffs*

Dated: New York, New York
       March 28, 2011

                                                  By:   /s/ Theodore O. Rogers, Jr.
                                                        THEODORE O. ROGERS, JR.

-5-