IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>  -against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>     Defendants. | No. 10 Civ. 6950 (LBS) (JCF) |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER
DENYING MOTION TO STAY PLAINTIFF PARISI'S CLAIMS
AND COMPEL INDIVIDUAL ARBITRATION**

**Outten & Golden LLP**
Adam T. Klein
Cara E. Greene
Jennifer L. Liu
Mariko Hirose
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Lieff, Cabraser, Heimann & Bernstein, LLP**
Kelly M. Dermody (admitted *pro hac vice*)
Heather H. Wong (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Alison M. Stocking (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

STANDARD OF REVIEW ..........................................................................................................1

ARGUMENT.................................................................................................................................2

    I.  *Concepcion* Does Not Apply To A Conflict Between Two Federal Statutes......................2

    II.  Defendants' Remaining Arguments Come Too Late And Are Unavailing.........................5

        A.  The Pattern-Or-Practice Claim Is A Substantive Component Of Title VII...................5

        B.  Pattern-Or-Practice *Evidence* Is Not The Same As A Pattern-Or-Practice *Claim*........9

CONCLUSION............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*14 Penn Plaza LLC v. Pyett*,
  129 S. Ct. 1456 (2009) ................................................................................................................3

*Associated Press v. United States Department of Defense*,
  395 F. Supp. 2d 17 (S.D.N.Y. 2005) ...........................................................................................6

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011) ........................................................................................................ passim

*Bacon v. Honda of America Manufacturing, Inc.*,
  370 F.3d 565 (6th Cir. 2004) .......................................................................................................9

*Brown v. Coach Stores, Inc.*,
  163 F.3d 706 (2d Cir. 1998) ........................................................................................................6

*Celestine v. Petroleos de Venezuella S.A.*,
  266 F.3d 343 (5th Cir. 2001) .......................................................................................................8

*Chen-Oster v. Goldman, Sachs & Co.*,
  No. 10 Civ. 6950, 2011 WL 1795297 (S.D.N.Y. Apr. 28, 2011) ..................................... passim

*Connecticut v. Teal*,
  457 U.S. 440 (1982) ....................................................................................................................7

*Cooper v. Federal Reserve Bank of Richmond*,
  467 U.S. 867 (1984) ....................................................................................................................6

*DeGaetano v. Smith Barney, Inc.*,
  983 F. Supp. 459 (S.D.N.Y. 1997) ..............................................................................................9

*Desiderio v. National Association of Securities Dealers, Inc.*,
  191 F.3d 198 (2d Cir. 1999) ........................................................................................................4

*Discover Bank v. Superior Court*,
  113 P.3d 1100 (Cal. 2005) ..........................................................................................................2

*Dister v. Continental Group, Inc.*,
  859 F.2d 1108 (2d Cir. 1988) ......................................................................................................7

*Elliott v. Color-Box, LLC*,
  No. 03 Civ. 1042, 2005 WL 174872 (N.D. Iowa Jan. 26, 2005) ................................................9

*Gilmer v. Interstate/Johnson Lane Corp.*,
    500 U.S. 20, 31 (1991) ................................................................................................. 7

*Gilty v. Village of Oak Park*,
    919 F.2d 1247 (7th Cir. 1990) ..................................................................................... 9

*Hadnot v. Bay, Ltd.*,
    344 F.3d 474 (5th Cir. 2003) ....................................................................................... 8

*Herendeen v. Michigan State Police*,
    39 F. Supp. 2d 899 (W.D. Mich. 1999) ..................................................................... 10

*Hill v. Potter*,
    625 F.3d 998 (7th Cir. 2010) ....................................................................................... 8

*Hutson v. McDonnell Douglas Corp.*,
    63 F.3d 771 (8th Cir. 1995) ......................................................................................... 8

*In re American Express Merchants' Litigation*,
    634 F.3d 187 (2d Cir. 2011) .................................................................................... 4, 5

*International Brotherhood of Teamsters v. United States*,
    431 U.S. 324 (1977) .................................................................................................... 6

*J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*,
    534 U.S. 124 (2001) .................................................................................................... 3

*John Wiley & Sons, Inc. v. Swancoat*,
    No. 08 Civ. 5672, 2011 WL 165420 (S.D.N.Y. Jan. 15, 2011) .................................. 6

*Kristian v. Comcast Corp.*,
    446 F.3d 25 (1st Cir. 2006) ......................................................................................... 8

*Madeira v. Affordable Housing Foundation, Inc.*,
    469 F.3d 219 (2d Cir. 2006) ........................................................................................ 3

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
    473 U.S. 614 (1985) ................................................................................................ 3, 7

*Novella v. Westchester County, New York Carpenters' Pension Fund*,
    No. 02 Civ. 2192, 2007 WL 2582171 (S.D.N.Y. Sept. 10, 2007) .............................. 2

*Paladino v. Avnet Computer Technologies, Inc.*,
    134 F.3d 1054 (11th Cir. 1998) .................................................................................. 9

*Robinson v. Metro-North Commuter Railroad Co.*,
    267 F.3d 147 (2d Cir. 2001) ........................................................................................ 6

*Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   170 F.3d 1 (1st Cir. 1999)..................................................................................................9

*Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*,
   130 S. Ct. 1758 (2010).....................................................................................................7

*Tappe v. Alliance Capital Management, L.P.*,
   198 F. Supp. 2d 368 (S.D.N.Y. 2001)..............................................................................7

*Tucker v. Gonzales*,
   No. 03 Civ. 3106, 2005 WL 2385844 (S.D.N.Y. Sept. 27, 2005).....................................8

*Velez v. Marriott PR Management, Inc.*,
   590 F. Supp. 2d 235 (D.P.R. 2008)..................................................................................8

*Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. University*,
   489 U.S. 468 (1989).........................................................................................................3

*Zdanok v. Glidden*,
   27 F.2d 944 (2d Cir. 1964)...............................................................................................2

**STATUTES**

9 U.S.C. § 2 (2006) ..............................................................................................................2, 3

**OTHER AUTHORITIES**

S.D.N.Y. Civ. R. 6.3 ................................................................................................................1

## INTRODUCTION

The holding in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), concerns a legally different issue from the one presented by Defendants' motion to compel arbitration, and provides no basis for reconsideration of the Court's April 28, 2011 Order. In *Concepcion*, the Supreme Court held that a state contract-law defense to enforcement of the arbitration clause in that case was preempted under the Federal Arbitration Act ("FAA"). The Supreme Court did not consider the central question at issue here: whether the FAA requires the enforcement of an arbitration agreement that is silent as to class rights and that would demonstrably impair substantive rights conferred by a different federal statute. That the Court issued its order denying the motion to compel arbitration one day after *Concepcion* was decided does not compel the conclusion, as Defendants argue, that the Court "apparently did not have an opportunity to consider" *Concepcion*. (Defs.' Br. 11-12.) It is more probable that the Court examined the *Concepcion* decision, and found it inapplicable.

Defendants' remaining points are nothing more than a rehash of their already-rejected arguments. For example, this Court has already concluded after extensive analysis that pattern-or-practice claims are a substantive aspect of Title VII, not a form of "procedure." *See Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2011 WL 1795297, at *12 (S.D.N.Y. Apr. 28, 2011) ("April 28 Order"). The motion for reconsideration offers no new insight on that question. In short, the Court already correctly disposed of Defendants' motion in its April 28 Order.

## STANDARD OF REVIEW

A motion for reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." S.D.N.Y. Civ. R. 6.3. Motions to reconsider are strongly disfavored where a court has already considered and decided an issue.

1

As this Court has itself observed, "'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Novella v. Westchester County, New York Carpenters' Pension Fund*, No. 02 Civ. 2192 (BSJ) (JCF), 2007 WL 2582171, *2 (S.D.N.Y. Sept. 10, 2007) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992), and *Zdanok v. Glidden*, 27 F.2d 944, 953 (2d Cir. 1964)). Defendants' motion does not meet this narrow standard.

## ARGUMENT

I.  *Concepcion* Does Not Apply To A Conflict Between Two Federal Statutes.

*Concepcion* has no impact on the Court's April 28 Order for the very reason stated by Defendants: "*Concepcion* dealt with state law and federal preemption issues, and the present case deals with the application of two federal statutes, Title VII and the FAA." (Defs.' Br. 4.)

*Concepcion* involved a conflict between federal law and a state-law contract defense (unconscionability). Section 2 of the FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2006). *Concepcion* examined the particular application of the unconscionability rule adopted by the California Supreme Court in *Discover Bank v. Superior Court*, 113 P.3d 1100 (Cal. 2005). The court in *Discover Bank* held under state law that class action waivers were essentially *per se* unconscionable and unenforceable in consumer contracts of adhesion involving small amounts of damages and allegations that "the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money." *Id.* at 1110. The *Concepcion* majority held (5-4) that the *Discover Bank* rule was preempted by Section 2 of the FAA. *Concepcion*, 131 S. Ct. at 1753.

2

This case involves neither an unconscionability defense, nor a state contract-law rule subject to preemption under Section 2 of the FAA.[1] Likewise, it does not involve an explicit class waiver, as none was present here. Rather, this case involves a conflict between the enforceability of an arbitration agreement (silent as to a class waiver) under the FAA and the substantive rights conferred upon employees under Title VII. When two federal laws collide, as here, the court must try to reconcile both statutes so that their aims do not conflict. *See, e.g., J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 141-42 (2001) (federal statutes must be irreconcilable before one can be held to supersede the other); *Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 237-41 (2d Cir. 2006) (distinguishing between the process of reconciling federal statutes and federal preemption). In the FAA context, the Supreme Court anticipated such a conflict by cautioning that, by agreeing to arbitration, "a party does not forgo the substantive rights afforded by the statute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985); *see also 14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1469-70 (2009) (same). As this Court explained at length in its April 28 Order, courts refuse to enforce arbitration agreements that effectively operate as prospective waivers of substantive statutory rights. *Chen-Oster*, 2011 WL 1795297, at *8-10. *Concepcion* does not address or undermine this principle.

Moreover, nowhere in *Concepcion* does the Supreme Court indicate that pattern-or-practice claims are not a substantive aspect of Title VII or that such claims may otherwise be brought in arbitration. Accordingly, *Concepcion* does not disturb this Court's conclusion that

---

[1] Another case on which Defendants would have this Court rely, *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989) (Defs.' Br. 9), likewise concerned preemption of state law, rather than a clash between federal laws.

Plaintiff Parisi's substantive right under Title VII to bring a pattern-or-practice claims would be abridged if she is compelled to arbitrate without resort to the class action mechanism.

Defendants nonetheless contend that the FAA requires enforcement of the arbitration clause here, just as it did in *Concepcion*, because "it has long been held that the underlying purposes of Title VII and the FAA are consistent." (Defs.' Br. 4.) The sole case Defendants cite in support of that proposition, however, did not involve pattern-or-practice or class action claims of any kind. *See Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198 (2d Cir. 1999). In the absence of pattern-or-practice claims, the *Desiderio* court concluded that compelled arbitration of Title VII claims did not diminish "substantive rights found in the statute" and that "plaintiff's rights may be as fully vindicated" in an arbitral forum as in a judicial one. *Id.* at 205-06. That holding is widely accepted, *see*, *e.g.*, *Chen-Oster*, 2011 WL 1795297, at *8, but the *Desiderio* court had no occasion to consider whether the same is true in cases like this one, where a plaintiff advances detailed and plausible Title VII pattern-or-practice claims.

Defendants further argue that if this Court's April 28 Order stands, then "any individual contractually obliged to arbitrate her employment-related claims could shed herself of that obligation simply by asserting class claims and mouthing the allegation that her discrimination claim should proceed through the pattern-or-practice method of proof." (Defs.' Br. 4.) This argument has no resonance in this case. Plaintiff Parisi plead detailed allegations of company-wide practices and policies that she attacks on a class-wide basis. Defendants have not challenged the sufficiency of those allegations under Rule 12 or in any other briefing.

Finally, this Court should reject the contention that *In re American Express Merchants' Litigation* ("*In re American Express*"), 634 F.3d 187 (2d Cir. 2011), and related cases are "no longer good law" after *Concepcion*. (*See* Defs' Br. 4-5 n.2.) *In re American Express* could be

affected by *Concepcion* only to the extent that the Second Circuit's concern regarding the "cost prohibitive" nature of certain individual claims conflicts with *Concepcion's* language regarding "small-dollar claims." *See id.* at 196-97; *Concepcion*, 131 S. Ct. at 1753. That issue is irrelevant to this dispute, however, as Defendants concede. It is instead the federal common law underpinning of *In re American Express* – the principle that an arbitration agreement should not be enforced in a way that prevents the vindication of substantive statutory rights – that is also present here. That principle is not affected by *Concepcion* in any respect.

## II.     Defendants' Remaining Arguments Come Too Late And Are Unavailing.

### A.     The Pattern-Or-Practice Claim Is A Substantive Component Of Title VII.

After a thorough discussion of relevant authority, this Court concluded that compelling individual arbitration would have the impermissible effect of impairing Parisi's substantive statutory right under Title VII to bring pattern-and-practice claims that can only be advanced on behalf of a class. *Chen-Oster*, 2011 WL 1795297, at *12. Goldman Sachs fails to offer a basis for reconsideration of the extensive analysis supporting that conclusion.[2]

*Concepcion* has nothing to do with whether pattern-or-practice claims are a substantive aspect of Title VII, and Defendants' effort to re-argue this point after they already argued it, and

---

[2] Defendants' contention that the Court "cites to no precedent" to support its conclusion that pattern-or-practice claims constitute a substantive aspect of Title VII available only to those proceeding as a class (Defs.' Br. 8), appears to overlook the many relevant cases the Court cites throughout its decision in support of that point, particularly those at pages 26-30 of its April 28 Order. Defendants similarly misconstrue this Court's April 28 Order when it characterizes it as holding that plaintiffs or class members bringing pattern-or-practice claims have "a better chance to recover," or "greater Title VII rights" than those bringing individual claims. (*See* Defs.' Br. 7-8.) To the contrary, the Court makes perfectly clear in its Order that pattern-or-practice claims represent a "substantively distinct" aspect of Title VII. *See Chen-Oster*, 2011 WL 1795297, at *12.

lost, need not be entertained.[3]  In any event, Defendants' argument that pattern-or-practice claims are not a substantive aspect of Title VII is wrong.  It has been accepted for decades that Title VII pattern-or-practice claims are unique, and not simply an extension of individual, disparate treatment cases.  Congress recognized the need for a pattern-or-practice cause of action within Title VII and provided for such a claim as a discrete substantive component of the statute.  *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 336, 360 (1977) (discussing legislative history related to "pattern or practice" language in Title VII and developing unique order of proof for such cases); *id.* at 360 (referring to such a claims as "a pattern-or-practice suit" and "a pattern-or-practice action").  No less an authority than the Supreme Court itself holds that the difference between an individual claim of discrimination and one "alleging a general pattern or practice of discrimination" is "crucial." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984)).  Our Circuit refers to such actions as "pattern or practice ***claims***."  *See, e.g., Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 158 (2d Cir. 2001) ("[t]o succeed on a pattern-or-practice claim, plaintiffs must prove more than sporadic acts of discrimination"); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 711 (2d Cir. 1998) (distinguishing "pattern or practice claims" from individual Title VII actions).

---

[3] Defendants devoted several pages of its reply in support of the motion to compel arbitration to this very argument.  Dkt. 53 at 6-9 ("Plaintiff's argument that she has a purported 'substantive right' to be a class representative is a home-made invention unsupported by law.").  Its failure to persuade the Court the first time around does not entitle it to an entirely new round of briefing on the subject.  *See*, *e.g.*, *John Wiley & Sons, Inc. v. Swancoat*, No. 08 Civ. 5672, 2011 WL 165420, at *1 (S.D.N.Y. Jan. 15, 2011) ("a motion to reconsider is proper only where it alleges that the Court overlooked controlling law or facts," not to consider new argument that could previously been raised); *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced").

Furthermore, by "procedure," in the arbitration cases, the Supreme Court has invariably referred to the rules of the *courtroom*. In *Gilmer v. Interstate/Johnson Lane Corp.* (cited by Defs.' Br. 9), the Court allowed arbitration under NYSE rules despite that the "*procedures* might not be as extensive *as in the federal courts*." 500 U.S. 20, 31 (1991) (emphasis added); *see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010) ("[P]arties forgo the *procedural rigor* and appellate review *of the courts* in order to realize the benefits of private dispute resolution . . . .") (emphasis added); *Mitsubishi Motors Corp.*, 473 U.S. at 628 ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute," but "trades the *procedures* and opportunity for review *of the courtroom* for the simplicity, informality, and expedition of arbitration.") (emphasis added). These are the rules of evidence and procedure.

A method of proof, in contrast to a courtroom procedure or proceeding, is what a plaintiff must show to establish an entitlement to relief. Courts confirm that there are different methods of proving a Title VII claim. *See, e.g.*, *Connecticut v. Teal*, 457 U.S. 440, 458 (1982) ("Title VII jurisprudence has recognized two distinct methods of proof," disparate impact and disparate treatment); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1113 (2d Cir. 1988) (direct and indirect evidence constitute different "[m]ethods of [p]roving [p]retext"); *Tappe v. Alliance Capital Mgmt., L.P.*, 198 F. Supp. 2d 368, 374 (S.D.N.Y. 2001) (Title VII recognizes "important differences between these two methods of proof [single- and mixed-motive]"). By contending that a "method of proof" may be waived in arbitration, Defendants' argument proves too much. If this were true, then an arbitration agreement could impose just *one* method of proof – *McDonnell Douglas*, for instance – and require that all employees prove their claim using that method alone. Such a limitation would carve into *substance*, the proof of the claim itself, not

7

procedural rules. Here, Defendants would deprive Parisi of access to a distinct pattern-or-practice order of proof, available to private parties under Title VII for decades, and thus dictate the framework of proving her case. No case cited by Defendants approves this proposition.

The out-of-circuit cases Defendants cite (at Defs.' Br. 6), *Celestine v. Petroleos de Venezuella S.A.*, 266 F.3d 343, 355-56 (5th Cir. 2001), and *Velez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 244-45 (D.P.R. 2008), are simply further authority rejecting *individual*, non-class claims of pattern-or-practice discrimination and are not controlling here. In *Tucker v. Gonzales*, No. 03 Civ. 3106, 2005 WL 2385844, at *5 (S.D.N.Y. Sept. 27, 2005), the judge dismissed a pattern-or-practice count in a complaint as "at best, duplicative" of the plaintiffs' disparate treatment claim; to the extent that one sentence in this opinion can be read as holding (as opposed to declaring as dicta) that there is no cause of action for Title VII pattern or practice discrimination, it is against the great weight of authority, including the *Cooper* case.

Defendants' effort to distinguish the cases this Court relied on in its April 28 Order also fails. (*See* Defs.' Br. 8-9.) A plaintiff's choice of a method to prove her discrimination case is recognized by the courts. *Hill v. Potter*, 625 F.3d 998, 1000-01 (7th Cir. 2010) ("A plaintiff asserting a claim of discrimination or retaliation under Title VII may choose to prove her case under either the direct or indirect method."); *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775-76 (8th Cir. 1995) ("There is, however, more than one method by which an employment-discrimination plaintiff can attempt to demonstrate intentional discrimination to the finder of fact . . . . [T]he plaintiff need not resort to alternative methods of proof but may instead choose to rely solely on the purported direct evidence to support the claim of intentional discrimination."). The tactical choice of a method of proof is no less integral to her Title VII rights than statutory damages or attorneys fees (as in *Kristian v. Comcast Corp.*, 446 F.3d 25 (1st Cir. 2006); *Hadnot*

8

*v. Bay, Ltd.*, 344 F.3d 474, 478 n.14 (5th Cir. 2003); *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054 (11th Cir. 1998); *DeGaetano v. Smith Barney, Inc.*, 983 F. Supp. 459, 464-65 (S.D.N.Y. 1997); and *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1 (1st Cir. 1999)).

For these reasons, and those already discussed by the Court, the argument that the right to bring a pattern-or-practice claim is not a substantive aspect of Title VII should be rejected.

**B.     Pattern-Or-Practice *Evidence* Is Not The Same As A Pattern-Or-Practice *Claim*.**

Defendants also argue that in arbitration Parisi may seek to introduce "pattern-or-practice evidence" in support of her claim, and that issues of the scope of discovery and admissibility are for the arbitrator. (*See* Defs.' Br. 6, 10-11.) Defendants failed to advance this argument in their briefs in support of the motion to compel arbitration, and it ought to be deemed forfeited. The argument is also wrong on the merits. Parisi is arguing for the right to bring a pattern-or-practice *claim*, with its distinctive proof structure and shifting burden of proof, not the right to introduce pattern-or-practice *evidence*. Courts have recognized that the two concepts are entirely separate, and have at times foreclosed litigation of pattern-or-practice claims even as they have allowed the presentation of pattern-or practice evidence as collateral support for individual claims. *See, e.g., Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 575 (6th Cir. 2004) (*Teamsters* framework not available to individual plaintiffs, but "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas* framework"); *Gilty v. Vill. of Oak Park*, 919 F.2d 1247, 1252 (7th Cir. 1990) (pattern or practice evidence only collateral to evidence of specific discrimination against individual plaintiffs); *Elliott v. Color-Box, LLC*, No. 03 Civ. 1042, 2005 WL 174872, *3 (N.D. Iowa Jan. 26, 2005) (refusing *Teamsters* framework but "address[ing] the quality of the plaintiff's 'pattern

or practice' evidence in its analysis of plaintiff's disparate treatment claim"); *Herendeen v. Mich. State Police*, 39 F. Supp. 2d 899, 905-06 (W.D. Mich. 1999) (in contrast to *Teamsters* framework, "pattern and practice evidence – statistics and anecdotal evidence of discrimination against minorities in general – is generally admissible in individual discrimination cases," but "is merely collateral to proof of specific instances of discrimination which the plaintiff must present to make his prima facie case"). As these cases demonstrate, the ability to bring a pattern-or-practice claim is a substantive aspect of Title VII that is far more significant than the ability to present pattern-or-practice evidence. The Court correctly held that arbitration cannot be compelled in this case because it would deprive Parisi of a Title VII pattern-or-practice *claim*, not pattern-or-practice *evidence*.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' motion for reconsideration.

Dated: May 26, 2011
New York, New York

By:    */s/ Adam T. Klein*
Adam T. Klein
**Outten & Golden LLP**
Adam T. Klein
Cara E. Green
Jennifer L. Liu
Mariko Hirose
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Lieff, Cabraser, Heimann & Bernstein, LLP**
Kelly M. Dermody (admitted *pro hac vice*)
Heather H. Wong (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Alison M. Stocking (admitted *pro hac vice*)
275 Battery Street, 29th Floor

10

San Francisco, California 94111-3339
Telephone: (415) 956-1000

*Attorneys for Plaintiffs*

**Certificate of Service**

      I, Melissa Francisco certify that I am not a party to this action and I am over 18 years of age. On this 26th day of May 2011, a true and correct copy of the foregoing **Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of Order Denying Motion to Stay Plaintiff Parisi's Claims and Compel Individual Arbitration** was served on Defendants in this action by operation of the Court's electronic filing notification.

    SULLIVAN & CROMWELL, LLP
    Theodore O. Rogers, Jr., rogerst@sullcrom.com
    John F. Fullerton III, fullertonj@sullcrom.com,

    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    Barbara B. Brown, barbarabrown@paulhastings.com
    Zachary D. Fasman, zacharyfasman@paulhastings.com
    C. Geoffrey Weirich, geoffweirich@paulhastings.com


Dated: May 26, 2011
       New York, New York                       __/s/_ Melissa Francisco_____
                                                                **Melissa Francisco**