UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H. CRISTINA CHEN-OSTER; LISA PARISI; and
SHANNA ORLICH,

                    Plaintiffs,

      vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.

                    Defendants.

10 Civ. 6950 (LBS) (JCF)

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO STAY PLAINTIFF PARISI'S CLAIMS AND COMPEL INDIVIDUAL ARBITRATION

 

PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022-3205
(212) 318-6000

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

*Attorneys for Defendants*
Goldman, Sachs & Co. and
The Goldman Sachs Group, Inc.

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. ARGUMENT .................................................................................................................... 3
    A. *AT&T Mobility* Requires Reconsideration of the Court's Order Denying Defendants' Motion to Compel Individual Arbitration .......................................... 3
    B. Plaintiff's Remaining Arguments in Opposition to the Motion Are Mere Wordplay and Are Not Entitled to Any Weight ...................................................... 6
        1. The Meaning of "Procedure" Is No Different in an Arbitration Case from that in Any Other ..................................................................... 7
        2. "Pattern-or-Practice Claims" Are the Same as Disparate Treatment Claims Using the Pattern-or-Practice Method of Proof ............................. 9
III. CONCLUSION ............................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adkins v. Mireles*,
  526 F.3d 531 (9th Cir. 2008) ...........................................................................................3

*AT&T Mobility LLC v. Concepcion*,
  131 S. Ct. 1740 (2011)..............................................................................1, 3, 4, 10

*Chen-Oster v. Goldman, Sachs & Co.*,
  No. 10 Civ. 6950, 2011 WL 1795297 (Apr. 28, 2011).............................1, 2, 4, 9, 10

*DeGaetano v. Smith Barney, Inc.*,
  983 F. Supp. 459 (S.D.N.Y. 1997)...................................................................................5

*Erie R.R. Co. v. Tompkins*,
  304 U.S. 64 (1938)............................................................................................................6

*Gilmer v. Interstate/Johnson Lane Corp.*,
  500 U.S. 20 (1991)............................................................................................................7

*Hadnot v. Bay Ltd.*,
  344 F.3d 474 (5th Cir. 2003) ............................................................................................5

*Hall v. Alabama Ass'n of Sch. Bds.*,
  326 F.3d 1157 (11th Cir. 2003) ........................................................................................8

*Hanna v. Plumer*,
  380 U.S. 460 (1965)..........................................................................................................7

*Hines v. Davidowitz*,
  312 U.S. 52 (1941)............................................................................................................4

*In re Am. Express Merchs. Litig.*,
  634 F.3d 187 (2d Cir. 2011)..........................................................................................4, 5

*Int'l Bhd. of Teamsters v. United States*,
  431 U.S. 324 (1977)..........................................................................................................9

*Kristian v. Comcast Corp.*,
  446 F.3d 25 (1st Cir. 2006)...............................................................................................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
  473 U.S. 614 (1985)..........................................................................................................7

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Paladino v. Avnet Computer Techs., Inc.*,
 134 F.3d 1054 (11th Cir. 1998) ......................................................................................................5

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
 130 S. Ct. 1758 (2010) ..................................................................................................................7

*Trollinger v. Tyson Foods, Inc.*,
 370 F.3d 602 (6th Cir. 2004) ........................................................................................................3

*Tucker v. Gonzales*,
 No. 03CIV3106 (LTS)(FM), 2005 WL 2385844 (S.D.N.Y. Sept. 27, 2005) ...........................8

*Velez v. Marriott PR Mgmt., Inc.*,
 590 F. Supp. 2d 235 (D.P.R. 2008) ...............................................................................................8

**STATUTES**

Civil Rights Act of 1991, Pub. L. No. 102-166, § 118, 105 Stat. 1071 (1991) ...............................2

## I.     INTRODUCTION

Plaintiff's opposition brief adopts a cramped and incorrect reading of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), that ignores the Supreme Court's broad endorsement of individual arbitration and its ruling that "[t]he overarching purpose of the FAA … is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Id*. at 1748 (citations omitted).[1]  It is true, as Goldman Sachs noted in its opening brief, that *AT&T Mobility* was a preemption case, but nothing in the decision limits the Supreme Court's broad endorsement of the FAA to state rules barring arbitration.  To the contrary, the Supreme Court definitively rejected "judicial hostility towards arbitration," without regard to whether its source is at the state or federal level.  This Court's Order refusing to enforce Plaintiff Parisi's agreement to arbitrate her Title VII claim because she seeks to litigate her claim on behalf of a class using the pattern-or-practice method of proof is no less at odds with the "overarching purpose" of the FAA than California's *Discover Bank* rule refusing to enforce an arbitration agreement because the plaintiffs there wished to represent a class.

Plaintiff's concessions in her opposition papers put the Order's conflict with *AT&T Mobility* in even more stark relief.  Plaintiff does not dispute that her arbitration agreement covers her Title VII claims.  Moreover, in what should be a dispositive concession, Plaintiff admits that it is "widely accepted" that arbitration of Title VII claims does not diminish "substantive rights found in the statute," Pls. Mem. In Opp. to Def.'s Mot. for Recons. 4 (hereinafter referred to as "Opp. Br.").   The Court also correctly held that arbitration is appropriate for Title VII claims, (*Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2011

---

[1] The Court's April 28 order repeatedly confirms this aspect of federal policy.  *See* Chen-Oster v. Goldman, Sachs & Co., No. 10 Civ. 6950, 2011 WL 1795297, at *4-5, *7-8 (Apr. 28, 2011) (Memorandum and Order).

WL 1795297, at *8 (Apr. 28, 2011) (Memorandum and Order) (Francis, J.) [Docket No. 59] ("It is well established that Congress intended claims under Title VII to be arbitrable." (citations omitted)), a conclusion supported by the text of Title VII itself.  *See, e.g.,* Civil Rights Act of 1991, Pub. L. No. 102-166, § 118, 105 Stat. 1071 (1991) ("the use of alternative means of dispute resolution, including … arbitration, is encouraged to resolve disputes arising under the Acts or provisions of Federal law amended by this title").  Plaintiff's primary claim here arises under Title VII, and her admission that arbitration of such claims does not diminish substantive Title VII statutory rights should end the matter.

This conclusion should not change simply because Plaintiff has alleged a "pattern or practice" of discrimination as part of the Title VII allegations in her Complaint.  As the Court concluded, Plaintiff uses that term as simple shorthand for the right to bring claims on behalf of a class.  *See, e.g.,* 2011 WL 1795297, at *11.  Thus, when Plaintiff asserts that she has a substantive right to assert pattern or practice Title VII claims, she actually is contending that she has a substantive right to assert a Title VII claim *on behalf of a class*.  Yet the Supreme Court in *AT&T Mobility* confirmed that a desire to assert claims on behalf of a class does not, consistent with the strong policy underlying the FAA, override a contractual commitment to arbitrate individual disputes.

Plaintiff's only response to Goldman Sachs' demonstration that the Court's ruling would allow any Title VII plaintiff to avoid an arbitration agreement simply by adding a pattern-or-practice allegation to her individual claims is to assert that Plaintiff's pleading was "detailed."  Opp. Br. 4.  Plaintiff in fact did not allege anything more than any other plaintiff could allege.  She made allegations concerning her own particular situation and then alleged — without any specifics — that her experience was part of a generalized "pattern-or-practice."  Plaintiff simply

has no response to the reality that the Court's decision opens the door for broad-scale invalidation of arbitration agreements by purported class representatives, a conclusion flatly inconsistent with the FAA as interpreted by the Supreme Court in *AT&T Mobility*.

Because the Court's ruling denying Goldman Sachs' motion to enforce its individual arbitration agreement with Plaintiff Parisi runs contrary to the fundamental principle underscored in *AT&T Mobility* that arbitration agreements must be "enforced according to their terms," Goldman Sachs respectfully requests that the Court reconsider and modify the Order to enforce the parties' arbitration agreement as written. Plaintiff agreed to arbitrate her Title VII claim on an individual basis and *AT&T Mobility* confirms that that agreement should be upheld.

## II.     ARGUMENT

### A.     *AT&T Mobility* Requires Reconsideration of the Court's Order Denying Defendants' Motion to Compel Individual Arbitration.

Plaintiff's argument that *AT&T Mobility* is inapplicable because it is a preemption case (which Goldman Sachs acknowledged in its opening brief) misses the point.[2] Federal courts routinely look to preemption cases, and in particular to the federal policies identified in them, for guidance in harmonizing federal statutes. *See, e.g., Adkins v. Mireles*, 526 F.3d 531 (9th Cir. 2008) (relying on principles of federal labor law preemption to resolve a conflict between federal labor law and civil RICO); *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004) (same).

The holding in *AT&T Mobility* was in no way limited to state rules interfering with arbitration. The Supreme Court reiterated in no uncertain terms that arbitration agreements are no different from other contracts, and that Congress "established a liberal federal policy favoring arbitration agreements," requiring that such agreements be "enforced according to their terms."

---

[2] *See* Mem. in Supp. of Mot. for Recons.[Docket No. 63] at 3-4.

*AT&T Mobility LLC v. Concepcion,* 131 S. Ct. 1740, 1748 (2011) (citations omitted).  It makes no difference whether the barrier to arbitration arises from state court unconscionability rules or from alleged conflict between federal statutes; judicially-created obstacles to the enforcement of agreements to arbitrate "stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941), and cannot stand.  Indeed, following the *AT&T Mobility* opinion, the Second Circuit has asked the parties in *In re Am. Express Merchs. Litig.*, 634 F.3d 187 (2d Cir. 2011), on which this Court heavily relied in its original opinion, to provide supplemental briefing on the impact of the Supreme Court's *AT&T Mobility* opinion on its earlier holding.

Plaintiff, aside from claiming that she is asserting a conflict between the FAA and a federal statute, offers no explanation why the strong federal policy in favor of arbitration should be subordinated to the purported "substantive right" to make "pattern-or-practice claims" under Title VII.  Plaintiff knowingly and willingly entered into a private arbitration agreement—a bilateral contract—with Goldman Sachs, in exchange for significant employment benefits.  As the Court held, that agreement waives her right to represent a class.  2011 WL 1795297, at *7.  Both parties are entitled to the benefit of their bargain, an unremarkable conclusion under the FAA.

In fact, Plaintiff ultimately concedes that there is no real conflict between the FAA and Title VII.  Plaintiff admits that it is "widely accepted" that a Title VII "'plaintiff's rights may be as fully vindicated' in an arbitral forum as in a judicial one."  Opp. Br. 4 (citing *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198 (2d Cir. 1999)).  The Court expressly so concluded.  *See* 2011 WL 1795297, at *8 ("It is well established that Congress intended claims under Title VII to be arbitrable." (citations omitted)).  Unlike the cases upon which this Court

relied in refusing to enforce Plaintiff's arbitration agreement, Plaintiff is entitled to full relief in arbitration should she prove her claim and has cited no procedural hurdles that would inhibit her ability to litigate her own claim effectively in arbitration. She is even entitled to try to introduce pattern-or-practice evidence in that arbitration. Enforcing the arbitration agreement pursuant to the FAA would comply with the Supreme Court's mandate in *AT&T Mobility* and would also permit Plaintiff's own Title VII rights to be vindicated.

Nor does the federal substantive law of arbitrability compel a contrary result. The cases upon which this Court relied in reaching its conclusion all involved either substantive limitations upon relief available in arbitration[3] or extraordinary costs that precluded a party from vindicating his or her rights in arbitration.[4] This case involves no such issues. There is no case law establishing that the federal substantive law of arbitrability requires that a putative plaintiff must be allowed to bring a claim on behalf of a class, when his or her individual rights may be fully and fairly addressed through arbitration. Respectfully, such a conclusion is at odds with the Supreme Court's conclusion in *AT&T Mobility* and places Title VII claims — which the Court properly held are intended to be arbitrable — in a category entirely by themselves. Plaintiff fails to explain how it can be that among all federal statutes — ranging from antitrust laws to securities laws to consumer protection laws — the only one under which an arbitration agreement is unenforceable if a plaintiff is savvy enough to mention a class is Title VII, a statute

---

[3] *See Kristian v. Comcast Corp.*, 446 F.3d 25, 47-48 (1st Cir. 2006) (no treble damages for antitrust violation); *Hadnot v. Bay Ltd.*, 344 F.3d 474, 478-79 (5th Cir. 2003) (no punitive damages for Title VII claims); *Paladino v. Avnet Computer Techs., Inc.*, 134 F.3d 1054, 1061-62 (11th Cir. 1998) (same); *DeGaetano v. Smith Barney, Inc.*, 983 F. Supp. 459, 469-70 (S.D.N.Y. 1997) (attorneys' fees not available in arbitration of Title VII claim).

[4] *In re American Express Merchs. Litig.*, 634 F.3d 187, 197-98 (2d Cir. 2011). Although Plaintiff disagrees with Goldman Sachs' position that *American Express* is no longer good law in light of *AT&T Mobility*, Opp. Br. 4-5, this Court need not resolve that issue in order to conclude that a judicially created barrier to enforcement of an arbitration agreement with a putative class plaintiff conflicts with the purposes of Congress and cannot stand.

that contains an express endorsement of arbitration! This conclusion cannot be in line with congressional intent.

The simple reality here is that Plaintiff's attempt to avoid her contractual obligation to arbitrate her Title VII claim by alleging that she desires to represent a class and utilize the pattern-or-practice method of proof places her in exactly the same position as the Concepcions in *AT&T Mobility*. That case establishes that judicially created barriers to the enforcement of private arbitration agreements against putative class plaintiffs are inconsistent with the FAA. This Court's Order creates just such a barrier, and indeed erects a much broader barrier in future cases by providing individual Title VII plaintiffs with a blueprint for avoiding judicial enforcement of their arbitration agreements. If the Court's original opinion is correct, Title VII claims are never arbitrable so long as the plaintiff knows enough to seek to represent a class and allege that the defendant engaged in a "pattern or practice" of discrimination. Respectfully, the Court's Order, and the gamesmanship sure to follow, should be reconsidered.

**B.      Plaintiff's Remaining Arguments in Opposition to the Motion Are Mere Wordplay and Are Not Entitled to Any Weight.**

Plaintiff cannot deny Goldman Sachs' demonstration that the pattern-or-practice device is a method of proving an underlying Title VII claim as opposed to a substantive right. Instead, she tries to redefine the difference between procedure and substance. According to Plaintiff — and contrary to decades of Supreme Court decisions dating back to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) — "procedure" is nothing more than "the rules of the *courtroom*," and does not include anything else. Further, faced with Defendant's demonstration that nothing would prevent her from trying to introduce pattern-or-practice evidence in an arbitration, Plaintiff argues that "pattern-or-practice evidence" is not the same as "a pattern-or-practice *claim.*" These arguments disregard the applicable law and rest on mere wordplay by Plaintiff.

-6-

1. The Meaning of "Procedure" Is No Different in an Arbitration Case from That in Any Other.

In her attempt to elevate the pattern-or-practice device from a method of proof to something substantive, Plaintiff cites the Supreme Court's decisions in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991), *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010), and *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), which contrast court resolution to arbitration, and claims that the references to "courts" somehow means only court procedures or "the rules of the courtroom." Opp. at 7. Plaintiff then argues that because a method of proof is not a courtroom procedure, the question of which method of proof a plaintiff may use is not a "procedural" one. *Id.* at 7-8.

Plaintiff selectively quotes from *Gilmer*, *Stolt-Nielsen*, and *Mitsubishi Motors,* but ignores the holdings in those decisions, which confirm the arbitrator's role in deciding all procedural issues ancillary to resolution of the parties' substantive dispute, including everything from evidentiary rules to the scope of discovery available to the parties in arbitration. *Gilmer*, 500 U.S. at 31-32; *see also Stolt-Nielsen*, 130 S. Ct. at 1775 ("'procedural' questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide" (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (internal quotation mark omitted))). There is simply no basis for interpreting the Supreme Court's use of the term "procedure" as limited only to courtroom rules.

Although Plaintiff argues that a "method of proof" is not procedural, even she does not venture to argue that it is substantive. Opp. Br. 7-8. Instead, Plaintiff submits that if an arbitration agreement limited the method of proof available to a plaintiff, "[s]uch a limitation would carve into *substance.*" *Id.* 7. This is just the sort of argument that the Supreme Court rejected nearly 50 years ago, in *Hanna v. Plumer*, 380 U.S. 460 (1965), when opponents of the

Federal Rules of Civil Procedure tried to argue that the Rules were substantive and invalid because they affected outcomes. Plaintiff cites no case law for the proposition that the availability of a method of proof is not a procedural matter; in fact, the authority is firmly to the contrary. *See, e.g., Hall v. Alabama Ass'n of Sch. Bds.*, 326 F.3d 1157, 1167 (11th Cir. 2003) ("the *McDonnell Douglas* analysis [i.e. "method of proof"] is only a 'procedural device' … [and] should [not] be viewed as an end in itself."); *Velez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 241 (D.P.R. 2008) ("pattern-or-practice discrimination [is] an additional procedural vehicle available for establishing disparate discriminatory treatment"); *Tucker v. Gonzales*, No. 03CIV3106 (LTS)(FM), 2005 WL 2385844, at *5 (S.D.N.Y. Sept. 27, 2005) (pattern or practice is "merely a method" or proving a Title VII claim).

Plaintiff's further assertion that "[t]he tactical choice of a method of proof is no less integral to her Title VII rights than statutory damages or attorneys fees" (Opp. Br. 8) is pure rhetoric and plainly wrong. Plaintiff has every opportunity in arbitration to vindicate her statutory rights, including the right to seek statutory damages and attorney's fees. She even has the right to seek to introduce pattern-or-practice allegations and evidence. She simply does not have the right to bring her claims on behalf of a class.[5]

Peeling away the layers of Plaintiff's word play regarding "procedure" makes several points clear. Procedural matters encompass a broad spectrum of matters extending beyond mere courtroom rules. The availability of a particular method of proof of a Title VII claim is a procedural matter, and is a decision for the arbitrator, not the Court, to decide. Nothing in these

---

[5] Plaintiff incorrectly contends that Goldman Sachs has argued that a method of proof may be prospectively waived in an arbitration agreement. Opp. Br. 7. In fact, Goldman Sachs pointed out that the question of what method of proof is available to the parties *is for the arbitrator—not the Court—to decide*. Mem. in Supp. of Mot. for Recons. 9-11. Goldman Sachs takes no position on whether an arbitration agreement may set forth the methods of proof available to the parties, because the agreement at issue here does not address that point.

principles gives Plaintiff Parisi any right to evade her commitment to arbitrate simply because she wishes to act as a class representative and assert not only her own claims, but also the claims of others.

### 2. "Pattern-or-Practice Claims" Are the Same as Disparate Treatment Claims Using the Pattern-or-Practice Method of Proof.

Plaintiff argues that a pattern-or-practice "claim" is separate from the right to introduce pattern-or-practice evidence. Opp. Br. 9-10. But she overlooks that no matter what words she chooses to use, her claim here is a Title VII claim. Plaintiff, again, is using wordplay to try to avoid acknowledging what she is actually trying to achieve – a substantive right to pursue a class action. Because the Supreme Court has made it abundantly clear that there is no such substantive right, Plaintiff tries to dress up her argument in "pattern-or-practice" language. The Court should see through this artifice and reject it.

Both parties cite the same case — *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 359 (1977) — for the interpretation of the "pattern-or-practice" language in Title VII. As Goldman Sachs explained at length in its Memorandum, *Teamsters* recognized that "pattern-or-practice" is a method of proof, no more, no less. Mem. in Supp. of Mot. for Recons. at 5-9. Plaintiff's argument about pattern-or-practice claims versus pattern-or-practice evidence is merely an attempt to create confusion by citing to several other courts' use of the phrase "pattern-or-practice claims" as shorthand for class actions in which the pattern-or-practice method of proof is employed.

When Plaintiff says she has a substantive right to bring a pattern-or-practice claim, she is really saying she has a substantive right to pursue claims on behalf of a class under Title VII. That was not the substantive right that this Court recognized in its April 28 Order. *See* 2011 WL 1795297, at *7-13. In holding that Plaintiff was prevented from vindicating her statutory rights

in arbitration, the Court focused its discussion on the pattern-or-practice *method of proof*. *Id.* The Court affirmatively stated that a Rule 23 class action is "ancillary to the litigation of substantive claims." *Id.* at 30 (quoting *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332 (1980)). Yet permitting Plaintiff to assert a class action in court is exactly the result of the Court's Order.

In striking down California's *Discover Bank* rule and enforcing the parties' arbitration agreement, the Supreme Court recognized that the effect of its holding would be that some plaintiffs would not have access to a class-wide dispute resolution procedure, whether in court or in arbitration. *AT&T Mobility*, 131 S. Ct. at 1753. The Supreme Court nonetheless required enforcement of the arbitration agreement. *Id*. This Court should do the same in this matter.

### III.    CONCLUSION

For the reasons set forth above, and in Goldman Sachs' opening memorandum in support of its Motion for Reconsideration, Goldman Sachs respectfully requests that this Honorable Court reconsider its April 28, 2011 Order and grant Defendants' Motion to Compel Arbitration.

Dated: New York, New York
         June 6, 2011                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


                                         BY:     /s/ Zachary D. Fasman
                                             BARBARA B. BROWN (*admitted pro hac vice*)
                                             ZACHARY D. FASMAN
                                             C. GEOFFREY WEIRICH (*admitted pro hac vice*)

                                         75 East 55th Street
                                         New York, New York 10022-3205
                                         (212) 318-6000
                                         barbarabrown@paulhastings.com;
                                         zacharyfasman@paulhastings.com;
                                         geoffweirich@paulhastings.com

        SULLIVAN & CROMWELL LLP
        THEODORE O. ROGERS, JR.
        SUHANA S. HAN
        125 Broad Street
        New York, New York 10004
        (212) 558-4000
        rogerst@sullcrom.com
        hans@sullcrom.com

*Attorneys for Defendants*
GOLDMAN, SACHS & CO. and
THE GOLDMAN SACHS GROUP, INC.

-11-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH,

                Plaintiffs,

vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.

                Defendants.

10 Civ. 6950 (LBS) (JCF)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 6, 2011, a copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO STAY PLAINTIFF PARISI'S CLAIMS AND COMPEL INDIVIDUAL ARBITRATION was served by the Court's ECF system on:

Adam T. Klein
Cara E. Greene
Jennifer L. Liu
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, New York 10016
*Attorneys for Plaintiffs*

Kelly M. Dermody
Anne B. Shaver
Heather H. Wong
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
*Attorneys for Plaintiffs*

Dated: New York, New York
       June 6, 2011

                              By:    /s/ Zachary D. Fasman
                                        ZACHARY D. FASMAN