UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br> -against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>                Defendants. | No. 10 Civ. 6950 (LBS) (JCF) |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO STRIKE PLAINTIFF CHEN-OSTER'S CLASS ALLEGATIONS

**Outten & Golden LLP**
Adam T. Klein
Cara E. Greene
Jennifer L. Liu
Mariko Hirose
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000

**Lieff, Cabraser, Heimann & Bernstein, LLP**
Kelly M. Dermody (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Alison M. Stocking (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000

*Attorneys for Plaintiffs and the Putative Class*

## TABLE OF CONTENTS

**INTRODUCTION** ............................................................................................................................ 1

**STATEMENT OF FACTS** ............................................................................................................. 1

**ARGUMENT** ................................................................................................................................. 2

    I.      Chen-Oster's Charge Satisfies Clear Second Circuit Precedent ............................. 2

    II.     Chen-Oster's Charge Tolled The NYCHRL Claims For The Class ....................... 7

**CONCLUSION** .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008 (7th Cir. 1988) .................................3

*Bethea v. Equinox Fitness Club*, No. 07 Civ. 2018, 2007 WL 1821103 (S.D.N.Y. Jun. 21, 2007) ..........................................................................................................................................3

*Bettcher v. Brown Sch., Inc.*, 262 F.3d 492 (5th Cir. 2001)...............................................................3

*Cohen v. Gerson Lehrman Group, Inc.*, 686 F.Supp.2d 317 (S.D.N.Y. 2010)...............................7

*Esposito v. Deutsche Bank AG*, No. 07 Civ. 6722, 2008 WL 5233590 (S.D.N.Y. Dec. 16, 2008) ..........................................................................................................................................9

*Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008) .............................................................5

*Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447 (5th Cir. 1983)............................................3

*Ferruchi v. Wal-Mart Stores, Inc.*, No. WDQ–11–0228, 2011 WL 1748573 (D. Md. May 5, 2011) .......................................................................................................................................6

*Gilani v. National Association of Securities Dealers, Inc.*, No. 96 Civ. 8070, 1997 WL 473383 (S.D.N.Y. Aug. 19, 1997) ..........................................................................................5

*Grant v. Morgan Guaranty Trust Company of New York*, 548 F. Supp. 1189 (S.D.N.Y. 1982) ..........................................................................................................................................6

*Hecht v. Cooperative for American Relief Everywhere, Inc.*, 351 F. Supp. 305 (S.D.N.Y. 1972) ..........................................................................................................................................9

*Howard v. Renal Life Link, Inc.*, No. 10 Civ. 3225, 2010 WL 4483323 (N.D. Ill. Nov. 1, 2010) ........................................................................................................................................7

*Lee v. Overseas Shipholding Group, Inc.*, No. 00 Civ. 9682, 2001 WL 849747 (S.D.N.Y. July 30, 2001)........................................................................................................................9

*Lomako v. New York Institute of Technology*, No. 09 Civ. 6066, 2010 WL 1915041 (S.D.N.Y. May 12, 2010)..........................................................................................................7

*Martinez-Tolentino v. Buffalo State College*, 715 N.Y.S.2d 554 (App. Div. 2000).........................9

*McGoffney v. Vigo County Division of Family & Children, Family & Social Services Administration*, 389 F.3d 750 (7th Cir. 2004) .........................................................................5

*Paige v. State of California*, 102 F.3d 1035 (9th Cir. 1996) .................................................. 3

*Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198, 2008 WL 161230 (S.D.N.Y. Jan. 16, 2008) ............................................................................................ 6

*Ritterband v. Hempstead Union Free Sch. Dist.*, No. 06 Civ. 6628, 2008 WL 3887605 (E.D.N.Y. Aug. 20, 2008) .................................................................................................... 9

*Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989) ........................................... 6

*Siddiqi v. New York City Health and Hospitals Corp.*, 572 F. Supp. 2d 353 (S.D.N.Y. 2008) ................................................................................................................................ 9

*Snell v. Suffolk County*, 782 F.2d 1094 (2d Cir.1986) ................................................................... 2

*Sobel v. Yeshiva University*, 477 F. Supp. 1161 (S.D.N.Y. 1979) ................................................. 9

*Spiegel v. Schulmann*, 604 F.3d 72 (2d Cir. 2010) ......................................................................... 7

*Stewart v. U.S. Immigration & Naturalization Service*, 762 F.2d 193 (2d Cir. 1985) .................... 5

*Stone v. First Union Corp.*, 371 F.3d 1305 (11th Cir. 2004) .......................................................... 3

*Sundaram v. Brookhaven National Laboratories*, 424 F. Supp. 2d 545 (E.D.N.Y. 2006) .............. 9

*Tolliver v. Xerox Corp.*, 918 F.2d 1052 (2d Cir.1990) ................................................................... 2

*Velez v. Novartis Pharmaceuticals Corp.*, 244 F.R.D. 243 (S.D.N.Y. 2007) .................................. 3

*Williams v. New York City Housing Authority*, 458 F.3d 67 (2d Cir. 2006) .................................. 5

*Wilson v. New York City Police Department*, No. 09 Civ. 2632, 2011 WL 1215031 (S.D.N.Y. Feb. 4, 2011) ....................................................................................................... 8

*Wilson v. New York City Police Department*, No. 09 Civ. 2632, 2011 WL 1215735 (S.D.N.Y. Mar. 25, 2011) ..................................................................................................... 8

**STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

Federal Rule of Civil Procedure 23 ................................................................................................. 7

**OTHER AUTHORITIES**

B. T. Lindemann & Paul Grossman, *Employment Discrimination Law* (4th ed. 2007, C.G. Weirich, ed.) ......................................................................................................................... 3

B. T. Lindemann & Paul Grossman, *Employment Discrimination Law* (4th ed. Supp. 2010) .................................................................................................................................... 6

## INTRODUCTION

In its Motion to Strike Plaintiff Chen-Oster's Class Allegations, Goldman Sachs invites the Court to contradict or reverse controlling Second Circuit precedent.  Specifically, Goldman Sachs argues: (1) that Chen-Oster's class allegations should be limited unless she set forth specific supporting *facts* in her charge filed with the Equal Employment Opportunity Commission ("EEOC charge"), contrary to the Second Circuit's requirement that the EEOC charge merely provide an indication that the alleged grievance affected a broader group than just the charging party; (2) that Chen-Oster should be denied the opportunity to pursue class claims in litigation if the EEOC did not or could not engage in a systemic investigation of the claims at the administrative agency stage, in contravention of clear authority to the contrary; and (3) that Chen-Oster's ability to assert class claims under the New York City Human Rights Law ("NYCHRL") should be limited in scope by the facts asserted in her EEOC charge, even though the NYCHRL does not even have an administrative exhaustion requirement.  None of Goldman Sachs's arguments has merit.  Because Chen-Oster has satisfied her burden to bring class claims under controlling law, Goldman Sachs's Motion to Strike should be denied.

## STATEMENT OF FACTS

On July 6, 2005, Chen-Oster filed an EEOC class charge alleging gender discrimination on behalf of herself and a class of similarly situated women at Goldman Sachs.  The class allegations in the EEOC charge are clear and explicit.  The particulars state: "I file this charge on behalf of myself and other similarly-situated women at Goldman Sachs."  (Decl. of Theodore O. Rogers, Jr., dated June 13, 2011 ("Rogers Decl."), Ex. A (Chen-Oster EEOC Charge ("Chen-Oster Charge")) ¶ 14.)  Chen-Oster's Supplement of EEOC Charge also states: "I file this charge

1

on behalf of myself and other similarly-situated women at Goldman Sachs." (Defs.' Br., Ex. 3 (Chen-Oster EEOC Supplement ("Chen-Oster Supplement")) ¶ 59.)

Moreover, Plaintiff's supplemental submissions to the EEOC in support of the Chen-Oster class charge also clearly reference gender discrimination claims relating to female employees across Goldman Sachs's divisions operating in the United States. For example, in February 2006, Plaintiffs' counsel sent proposed information requests to the EEOC for the EEOC's use in its investigation. Among other items, the proposed requests asked for "copies of all documents related to disclosures made to federal, state or local agencies and/or to your accountants and underwriters referring or relating to **sex disparities or discrimination, or to sexual harassment in your U.S. operations** from March 1997 through the present time." (Decl. of Adam Klein, dated July 14, 2011 ("Klein Decl."), Ex. A (Feb. 2006 Ltr.) ¶ 14 (emphasis added).) Likewise, in March 2007, Plaintiffs' counsel supplied the EEOC with additional information not only about "(a) the company's discriminatory treatment of Ms. Chen-Oster," but also "(b) **the culture and practices at Goldman that discriminate against women generally** due to gender and/or pregnancy." (Klein Decl., Ex. B (Mar. 2007 Ltr.) at 1 (emphasis added).)

## ARGUMENT

### I. Chen-Oster's Charge Satisfies Clear Second Circuit Precedent

The Second Circuit has recognized that a charging party satisfies the prerequisites to bring a class action where she provides in her EEOC charge "*some indication* that the grievance affects a group of individuals defined broadly enough to include those who seek to piggyback on the claim." *Tolliver v. Xerox Corp.*, 918 F.2d 1052, 1058 (2d Cir.1990) (emphasis added); *accord Snell v. Suffolk County*, 782 F.2d 1094, 1097 (2d Cir.1986) (applying piggybacking rule where plaintiffs had filed charges alleging that employer had "purposefully maintained policies

and practices that discriminated against them, and others similarly situated, by failing to recruit, hire and promote racial minorities"). The district courts of this Circuit have applied *Tolliver* to permit class claims by charging parties who allege systemic problems or claims on behalf of the party and others like them. *See, e.g., Bethea v. Equinox Fitness Club*, No. 07 Civ. 2018, 2007 WL 1821103, at *2-4 (S.D.N.Y. Jun. 21, 2007) (allowing class claims); *Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 255-56 (S.D.N.Y. 2007) (holding that charge exhausted class claims for discrimination in pay and promotions where charge alleged that plaintiff was denied a merit pay increase and that her incentive-based compensation was unfairly low).

Similarly, some circuits hold that a charge merely must give notice of a potential class-wide action to preserve a class claim. *See, e.g., Stone v. First Union Corp.*, 371 F.3d 1305, 1310-11 (11th Cir. 2004); *Bettcher v. Brown Sch., Inc.*, 262 F.3d 492, 494 (5th Cir. 2001); *Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1016-17 (7th Cir. 1988). As Goldman Sachs itself notes (*see* Defs.' Br. 13, n.10), some courts even allow Title VII class actions in the absence of *any* class allegations in the EEOC charge. *See Paige v. State of California*, 102 F.3d 1035, 1042 (9th Cir. 1996) (even if charge did not "explicitly allege[] class discrimination, it is plain that an EEOC investigation of class discrimination on the basis of race *could reasonably be expected* to grow out of the allegations in the charges") (emphasis in original); *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983) (holding that plaintiff's individual allegations in EEOC charge "that she was paid less and denied eligibility for most other paying positions in the business, solely because of her female sex" exhausted class claims); *see also* B. T. Lindemann & Paul Grossman, *Employment Discrimination Law*, 1904 (4th ed. 2007, C.G. Weirich, ed.) ("[c]ourts have allowed plaintiffs to assert class action claims based on allegations in their individual EEOC charges, as long as those charges have put the

3

defendant employer on notice of the class-wide nature of their allegations"). No court has required more of the EEOC charge.

Here, it is undisputed that the July 6, 2005 EEOC class charge filed by Chen-Oster, and delivered to Goldman Sachs during the EEOC's investigation, specifically recited that she filed her charge "on behalf of myself and other similarly-situated women at Goldman Sachs." (Chen-Oster Charge ¶ 14.) Goldman Sachs also does not dispute that Chen-Oster timely filed a supplemental affidavit to her charge on July 7, 2005 that referred to discrimination against other women at Goldman Sachs (Chen-Oster Supplement ¶¶ 27, 34, 43, 56) and also repeated the statement that the charge was filed on behalf of similarly situated women (Chen-Oster Supplement ¶ 59).[1] Goldman Sachs also admits that the EEOC requested, in its May 22, 2006 letter to Goldman Sachs, discovery of information about the entire enterprise and several of its units (U.S. Research Sales, U.S. Derivatives Sales). (Rogers Decl., Ex. B (May 2006 Ltr.).) As a result, Goldman Sachs was on clear notice that the Chen-Oster charge was, in fact, a class charge and not limited to individual claims. Indeed, in its response to the EEOC's request for information on how Goldman Sachs compensated its employees, Goldman Sachs itself referred to company-wide policies for setting compensation that apply "across the firm" and in "[e]ach division." (*See* Klein Decl., Ex. C (Sept. 2008 Ltr.) at 4-6.) These same policies are among those that Plaintiffs challenge as discriminatory in their complaint.

Notwithstanding the facts and law to the contrary, Goldman Sachs ignores Second Circuit authority and suggests that the Court adopt a brand new rule that the EEOC charge expressly state ***company-wide facts*** supporting a pattern or practice claim, even before the EEOC or

---

[1] To the extent that Plaintiffs Lisa Parisi and Shanna Orlich may have provided *additional* information in their charges, it is irrelevant to the analysis here, as Plaintiff Chen-Oster's charge satisfies controlling precedent for a class claim.

4

charging party has had an opportunity to investigate that claim. This is meritless, and no court has required such a showing.

In fact, to the extent Goldman Sachs cites any authority (and notably Goldman Sachs does not even address *Tolliver*), most of these cases did not even involve class claims, but rather *individual* Title VII cases. *See, e.g.*, *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67,71 (2d Cir. 2006) (individual retaliation and gender claims); *McGoffney v. Vigo Cnty. Div. of Family & Children, Family & Soc. Servs. Admin.*, 389 F.3d 750, 752 (7th Cir. 2004) (individual promotion claim); *Stewart v. U.S. Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985) (individual retaliation and promotion claims); *Gilani v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 96 Civ. 8070, 1997 WL 473383, at *5 (S.D.N.Y. Aug. 19, 1997) (individual discrimination and harassment claims).

Goldman Sachs also would have the Court ignore the factual record, arguing that Chen-Oster's supplemental affidavit to her charge should not be considered because the EEOC did not share it with Goldman Sachs. (*See* Defs. Br. 9-10 n.9.) In *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), however, the Supreme Court found that materials submitted to the EEOC by a charging party could be construed as part of the EEOC charge even if they were not shared with the employer. Specifically, the Court in *Holowecki* determined that an intake questionnaire filed by the plaintiff that was not submitted on an EEOC charge form and was never shared with the employer could constitute an EEOC charge. *Id.* at 403-04 ("The statute requires the aggrieved individual to file a charge before filing a lawsuit; it does not condition the individual's right to sue upon the agency taking any action . . . . It would be illogical and impractical to make

the definition of charge dependent upon a condition subsequent over which the parties have no control.").[2]

*Holowecki* also resolves Goldman Sachs's objection (*see* Defs.' Br. 12-13 and n.10) that the EEOC did not put Goldman Sachs on notice by investigating a broader class claim, as this is another agency decision over which Chen-Oster had no control. The issue here is whether Chen-Oster met her obligations, not whether the EEOC did so.[3]

Finally, Goldman Sachs argues that Chen-Oster's charge only supports a class action involving her work unit, the Convertible Sales Department. (S*ee* Defs.' Br. 2 n.3.) This is contrary to the record. While even one such allegation would have been sufficient, here many of Chen-Oster's allegations relate to common policies and practices that are generalized to the entire enterprise. (*See* Chen-Oster Supplement ¶¶ 4, 5, 18, 23, 33, 43, 46, 48, 52 (performance evaluations); ¶¶12, 55 (denied transfer to another division of Goldman Sachs, Private Wealth

---

[2] Though *Holowecki* is an ADEA case, its reasoning is binding on Title VII cases. *See, e.g., Ferruchi v. Wal-Mart Stores, Inc.*, No. WDQ–11–0228, 2011 WL 1748573, at *3 & n.4 (D. Md. May 5, 2011) (noting that an informal filing can count as Title VII charge); *see also* B. T. Lindemann & Paul Grossman, *Employment Discrimination Law* 28-3 n.5 (4th ed. Supp. 2010) (while noting that *Holowecki* was an ADEA case, "the Court's reliance on the 'common purpose' of the ADEA and Title VII in protecting the interests of pro se litigants indicates that the spirit of the decision, if not the specific regulations and forms considered, should be applicable to Title VII charges").

[3] Goldman Sachs suggests that *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989), stands for the proposition that the scope of the EEOC's investigation limits the claims that a plaintiff may later bring in court. While *Schnellbaecher* is not controlling authority in this Circuit, *Schnellbaecher* makes clear that "a limited EEOC investigation will not necessarily defeat a complaint where the complaint contains allegations like or reasonably related to the EEOC charge, but which the EEOC failed to investigate." *Id.* at 127. Moreover, in contrast to the EEOC charge in *Schnellbaecher*, which contained no class allegations, Chen-Oster's charge clearly stated that it was filed on behalf of a class of similarly situated women. Likewise, *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, No. 06 Civ. 6198, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (Francis, Mag.), and *Grant v. Morgan Guaranty Trust Company of New York*, 548 F. Supp. 1189, 1192 (S.D.N.Y. 1982), are distinguishable because, unlike here, the EEOC charges in those cases did not contain any language referring to a class or similarly situated individuals.

Management); ¶ 16 (making complaint to Employee Relations); ¶ 43 (making complaint to Leadership and Diversity Manager of the Equities Division).)

In any event, the question of who is similarly situated to Chen-Oster ought to be decided in the context of the fact record developed in this case, at the Rule 23 class certification stage, and not through a motion disguising a premature attack on Chen-Oster's adequacy or typicality to serve as a class representative. Fed. R. Civ. P 23(a)(3), (4); *see also Cohen v. Gerson Lehrman Grp., Inc.*, 686 F.Supp.2d 317, 324 (S.D.N.Y. 2010) ("[a] more complete factual record would facilitate Gerson's arguments directed to the merits of the proposed class and plaintiff's adequacy as a class representative"); *Howard v. Renal Life Link, Inc.*, No. 10 Civ. 3225, 2010 WL 4483323, at *2 (N.D. Ill. Nov. 1, 2010) (same, citing Wright, Miller & Kane, Fed. Practice & Procedure, Civil 3d § 1798).

## II.     Chen-Oster's Charge Tolled The NYCHRL Claims For The Class

The filing of Chen-Oster's EEOC charge also tolled the NYCHRL claims on behalf of the New York-based class of similarly situated professional women at Goldman Sachs. As Goldman Sachs concedes (*see* Defs.' Br. 14), unlike Title VII, the NYCHRL does not require exhaustion of administrative remedies. *See Lomako v. N.Y. Inst. of Tech.*, No. 09 Civ. 6066, 2010 WL 1915041, at *7 n.10 (S.D.N.Y. May 12, 2010). Therefore, claims under the NYCHRL are not constrained by the four corners of the charge itself. As the Second Circuit has noted, "under the Local Civil Rights Restoration Act of 2005, . . . analysis of NYCHRL provisions must be targeted to understanding and fulfilling what the statute characterizes as the City HRL's uniquely broad and remedial purposes, which go beyond those of counterpart State or federal civil rights laws." *Spiegel v. Schulmann*, 604 F.3d 72, 83 (2d Cir. 2010) (internal quotation marks and alterations omitted). Chen-Oster can assert class claims under the NYCHRL without

7

having invoked the NYCHRL or even specific class allegations in her unrelated administrative charge.

The only case cited by Goldman Sachs in support of its argument that the scope of a plaintiff's NYCHRL claim is limited by what she alleges in her EEOC charge, *Wilson v. N.Y. City Police Dept.*, No. 09 Civ. 2632, 2011 WL 1215031 (S.D.N.Y. Feb. 4, 2011), *adopted by* 2011 WL 1215735 (S.D.N.Y. Mar. 25, 2011), does not support Goldman Sachs's position.  In *Wilson*, the court held only that the plaintiff did not administratively exhaust her national origin claim under Title VII.  *Id.* at *10-11.  Notably, the court did not dismiss the plaintiff's national original claims under the NYCHRL, nor discuss any basis for doing so.  Here, unlike in *Wilson*, Chen-Oster's EEOC charge included gender discrimination claims, and it made clear that it asserted those claims on behalf of a class of similarly situated women at Goldman Sachs.  Chen-Oster clearly tolled her class gender discrimination claims under the NYCHRL as of the date she filed with the EEOC.  Moreover, because the NYCHRL has no exhaustion requirement, the exact scope of that tolled class need not be explicit within the EEOC charge in order for Chen-Oster to have standing to bring the NYCHRL class in litigation.  Regardless of the analysis of Title VII standing, Goldman Sachs cannot now evade liability on a class-wide basis under the NYCHRL by trying to graft Title VII-like administrative exhaustion requirements onto that statute, where none are required.

Moreover, Goldman Sachs's suggestion that the dual filing of a charge with the EEOC and New York City Commission on Human Rights does not toll the plaintiff's NYCHRL claim is wrong.  *See, e.g.*, *Wilson*, 2011 WL 1215031, at *14 ("[N]umerous courts in this Circuit have held that the three-year statute of limitations applicable to claims under . . . [the] NYCHRL is tolled during the period in which a complaint is filed . . . with the EEOC." ) (internal quotations

and citation omitted); *Esposito v. Deutsche Bank AG*, No. 07 Civ. 6722, 2008 WL 5233590, at *5 (S.D.N.Y. Dec. 16, 2008) (same); *Siddiqi v. N.Y. City Health and Hosps. Corp.*, 572 F. Supp. 2d 353, 373 (S.D.N.Y. 2008) ("The statute of limitations [under the NYCHRL] is tolled during the period in which a complaint is filed with the EEOC."); *Lee v. Overseas Shipholding Grp., Inc.*, No. 00 Civ. 9682, 2001 WL 849747, at *8 (S.D.N.Y. July 30, 2001) (same); *see also Ritterband v. Hempstead Union Free Sch. Dist.*, No. 06 Civ. 6628, 2008 WL 3887605, at *9 n.9 (E.D.N.Y. Aug. 20, 2008) ("A charge filed with the EEOC should be treated as constructively cross-filed with the NYDHR and the statute of limitations . . . should be tolled during the pendency of a claim filed with the EEOC.") (internal quotations and citations omitted); *Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545, 565 (E.D.N.Y. 2006) (holding that statute of limitations on plaintiff's NYSHRL claims were tolled during pendency of EEOC charge); *Martinez-Tolentino v. Buffalo State Coll.*, 715 N.Y.S.2d 554, 555 (App. Div. 2000) (holding that plaintiff's NYSHRL claim was tolled during pendency of EEOC charge).  The same analysis applies whether the case is on behalf of an individual or a class.  *See Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161, 1171 n.17 (S.D.N.Y. 1979) (holding in Title VII context that "the filing of the EEOC complaint served to toll the statute of limitations for all potential class members relying on the same discriminatory acts or policy as the basis for their rights"); *Hecht v. Coop. for Am. Relief Everywhere, Inc.*, 351 F. Supp. 305, 310 n.9 (S.D.N.Y. 1972) (holding in Title VII context that "[Plaintiff's] filing of charges with the EEOC tolled the statute of limitations for all class members whose claims were not barred at the time of filing").

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court deny Goldman Sachs's motion to strike.

Dated: July 14, 2011
       New York, New York

                                                By:    */s/ Adam T. Klein*
                                                      Adam T. Klein

**Outten & Golden LLP**
Adam T. Klein
Cara E. Greene
Jennifer L. Liu
Mariko Hirose
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**Lieff, Cabraser, Heimann & Bernstein, LLP**
Kelly M. Dermody (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Alison M. Stocking (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000

*Attorneys for Plaintiffs and the Putative Class*