UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; AND SHANNA ORLICH,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | 10 Civ. 6950 (LBS) (JCF)<br><br>**STATEMENT OF UNDISPUTED MATERIAL FACT IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS' DISPARATE IMPACT CLAIM (Local Rule 56.1)** |

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendants (collectively "Goldman Sachs") respectfully submit this statement of undisputed material facts in support of their motion for partial summary judgment.

1. Each of the three Plaintiffs in this action submitted Charges of Discrimination to the Equal Employment Opportunity Commission ("EEOC"). Rogers Decl. ¶ 2, Exhibits 1-3 to Plaintiffs' Complaint.[1]

2. Plaintiff Cristina Chen-Oster's Charge is dated July 6, 2005; Plaintiff Shanna Orlich's Charge is dated January 7, 2010; and Plaintiff Lisa Parisi's Charge is dated January 6, 2010. Rogers Decl. ¶ 2, Exhibits 1-3 to Plaintiffs' Complaint.

3. The EEOC sent copies of notices of each of the Charges to Goldman Sachs. Rogers Decl. ¶ 2.

4. During the course of the investigation of Ms. Chen-Oster's Charge, Theodore O. Rogers, Jr. of Sullivan & Cromwell LLP, attorney for Goldman Sachs, had several

---

[1] "Rogers Decl." refers to the Declaration of Theodore O. Rogers, Jr., dated July 22, 2011.

communications with EEOC investigator Arlean C. Nieto, and met with her on June 21, 2006. Rogers Decl. ¶ 4.

5. At no time during the Investigation did Ms. Nieto or any other EEOC investigator indicate to Goldman Sachs or its attorneys that the EEOC construed Ms. Chen-Oster's allegations as asserting a disparate impact claim. Rogers Decl. ¶ 4.

6. At the EEOC's request, Goldman Sachs submitted a position statement on September 1, 2005, which set forth Goldman Sachs' position concerning Ms. Chen-Oster's individual Charge. Rogers Decl. ¶ 5, Exhibit A.

7. The EEOC did not ask Goldman Sachs to expand the scope of its position statement to address any disparate impact issues. Rogers Decl. ¶ 5.

8. In connection with its investigation of Ms. Chen-Oster's charge, the EEOC submitted three requests for the production of documents to Goldman Sachs, dated May 22, 2006, July 9, 2008 and July 18, 2008 respectively. Rogers Decl. ¶ 6.

9. The requests centered on Ms. Chen-Oster's individual experiences as an employee of Goldman Sachs, and the people she considered comparators to her, as well as other colleagues, in the Convertibles Sales Department. Rogers Decl. ¶ 6.

10. On March 15, 2010 and March 22, 2010, Goldman Sachs submitted, at the EEOC's request, position statements setting forth Goldman Sachs' position concerning the individual Charges of Shanna Orlich and Lisa Parisi, respectively. Rogers Decl. ¶ 7, Exhibits B and C.

11. The EEOC did not ask Goldman Sachs to expand the scope of its position statements beyond its responses to Ms. Orlich's and Ms. Parisi's allegations of disparate treatment. Rogers Decl. ¶ 7.

-3-

Dated: July 22, 2011   PAUL, HASTINGS, JANOFSKY & WALKER, LLP
Washington, D.C.

By:     /s/ Zachary D. Fasman
BARBARA B. BROWN *(admitted pro hac vice)*
ZACHARY D. FASMAN
C. GEOFFREY WEIRICH *(admitted pro hac vice)*

875 15th Street, N.W.
Washington, DC 20005
(202) 551-1700
barbarabrown@paulhastings.com;
zacharyfasman@paulhastings.com
geoffweirich@paulhastings.com

SULLIVAN & CROMWELL LLP
THEODORE O. ROGERS, JR.
SUHANA S. HAN
125 Broad Street
New York, New York 10004
(212) 558-4000
rogerst@sullcrom.com
hans@sullcrom.com
fullertonJ@sullcrom.com

*Attorneys for Defendants*
GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.