```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
H. CRISTINA CHEN-OSTER; LISA         :  10 Civ. 6950 (LBS) (JCF)
PARISI; and SHANNA ORLICH,           :
                                     :          REPORT AND
                   Plaintiffs,       :        RECOMMENDATION
                                     :
     - against -                     :
                                     :
GOLDMAN, SACHS & CO. and THE         :
GOLDMAN SACHS GROUP, INC.,           :
                                     :
                   Defendants.       :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE LEONARD B. SAND, U.S.D.J.:

The plaintiffs in this case allege that defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs"), by whom they were previously employed, have engaged in a pattern of gender discrimination against female professional employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. The plaintiffs seek to bring this action on behalf of "a Class of all female financial-services employees who are at the Associate, Vice President, and Managing Director corporate level" at Goldman Sachs. (First Amended Class Action Complaint ("Am. Compl."), ¶ 58). Goldman Sachs now moves to strike the class allegations of one of the plaintiffs, H. Cristina Chen-Oster, on the ground that she raised exclusively individual claims in her administrative

1

complaint before the Equal Employment Opportunity Commission (the "EEOC") and so failed to satisfy exhaustion requirements with respect to any class claims.

For the reasons that follow, I recommend that the defendants' motion be denied.

Background

Goldman Sachs is an investment bank and securities broker-dealer based in New York.  (Letter of Theodore O. Rogers, Jr. dated Sept. 1, 2005) ("Def. 9/1/05 EEOC Letter"), attached as Exh. B to Declaration of Theodore O. Rogers, Jr. dated July 25, 2011 ("Rogers 7/25/11 Decl.") at 2).  Ms. Chen-Oster was initially hired in March 1997 as a salesperson in the Convertible Bonds Department, responsible for selling international convertible bonds to United States-based clients.  (Def. 9/1/05 EEOC Letter at 2).  She was soon promoted to Vice President, and in 2002 she began working in the Synthetics Convertibles group.  (Def. 9/1/05 EEOC Letter at 2-3).  When that group was dissolved in 2004, Ms. Chen-Oster was assigned to the U.S. Research Sales group, where she remained until her resignation from the firm in March 2005.  (Def. 9/1/05 EEOC Letter at 3-4).

On July 7, 2005, Ms. Chen-Oster submitted a Charge of Discrimination to the EEOC, alleging that Goldman Sachs had discriminated against her on the basis of her sex.  (Charge of

Discrimination dated July 6, 2005 (the "EEOC Charge"), attached as Exh. A to Declaration of Theodore O. Rogers, Jr. dated July 13, 2011 ("Rogers 7/13/11 Decl."). She asserted, among other things, that she received less compensation than similarly-situated men, that she received artificially negative reviews after reporting a sexual assault by a senior salesperson in her group, that she was given an isolated seat assignment, and that, after returning from a maternity leave, she received no meaningful work assignments. (EEOC Charge, ¶¶ 4, 5). She concluded by stating, "I file this charge on behalf of myself and other similarly-situated women at Goldman Sachs." (EEOC Charge, ¶ 8).

Ms. Chen-Oster also submitted to the EEOC a document entitled Supplement of EEOC Charge and dated July 7, 2005. (Supplement of EEOC Charge dated July 7, 2005 ("EEOC Supp."), attached as Exh. 3 to Defendant's Memorandum of Law in Support of Motion to Strike Plaintiff Chen-Oster's Class Allegations). There, she elaborated on her claims, providing details about her compensation, her interactions with colleagues and supervisors, and her performance evaluations. (EEOC Supp.). She also recounted that she had complained to supervisors about "issues of inequitable treatment towards women on the convertible bond desk." (EEOC Supp., ¶ 27). Further, Ms. Chen-Oster alleged:

By February 2005, most of the women who had worked on the

> convertible bond desk in all of Goldman's offices globally had transferred within the firm or had left Goldman altogether. Many of these women had moved or resigned because of their frustration with working in a male-dominated environment, where women were treated less favorably than their male peers, regardless of performance.

(EEOC Supp., ¶ 56). She again stated that she was bringing the charge on behalf of herself and other similarly-situated women at Goldman Sachs. (EEOC Supp., ¶ 59).

The EEOC then began its investigation, during which it solicited information from the parties. Ms. Chen-Oster, through her counsel, submitted draft information requests to the EEOC for use in the investigation. (Letter of Anjana Samant dated Feb. 18, 2006 ("Samant Letter"), attached as Exh. A to Plaintiffs' Memorandum of Law in Opposition to Motion to Strike Plaintiff Chen-Oster's Class Allegations ("Pl. Memo.")). These included many requests for information relating to the terms and conditions of Ms. Chen-Oster's employment and that of persons who might be considered comparators. The draft requests also demanded information with respect to the tenure, compensation, and sales of all Vice Presidents in the U.S. Convertible Sales, U.S. Research, and U.S. Derivative Sales groups, broken down by gender. (Samant Letter at 7, ¶ 15). The EEOC adopted this request and sought the data from Goldman Sachs. (Letter of Arlean C. Nieto dated May 22, 2006, attached as Exh. B to Rogers 6/13/11 Decl., ¶ 26). Ms. Chen-

4

Oster also provided information directly to the EEOC, including data that she contended demonstrated that (1) "females dropped off as they rose in the ranks" at Goldman Sachs, (2) "men were routinely promoted over women who had comparable or greater experience," and (3) "few female [Vice Presidents] remain" at Goldman Sachs. (Letter of Christina Chen-Oster dated June 16, 2008 ("Chen-Oster 6/16/08 Letter"), attached as Exh. A to Rogers 7/25/11 Decl. at 1-2).

On June 15, 2010, the EEOC dismissed Ms. Chen-Oster's charge and issued a Notice of Right to Sue. (Am. Compl., ¶ 29). She, along with the other plaintiffs, then commenced the instant action.

Discussion

As a prerequisite to filing a complaint in federal court, a Title VII plaintiff must exhaust her administrative remedies by submitting a charge of discrimination to the EEOC or an equivalent state agency. See See Legnani v. Alitalia Linee Aeree Italiane, S.p.A., 274 F.3d 683, 686 (2d Cir. 2001); Holtz v. Rockefeller & Co., 258 F.3d 62, 82-83 (2d Cir. 2001); Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000); Gorokhovsky v. City of New York, No. 10 Civ. 8848, 2011 WL 2019423, at *3 (S.D.N.Y. May 19, 2011); Rahman v. Smith & Wollensky Restaurant Group, Inc., No. 06 Civ. 6198, 2008 WL 161230, at *2 (S.D.N.Y. Jan. 16, 2008). The plaintiff may thereafter assert in court only those claims

5

"reasonably related" to the charges raised in the prior administrative proceeding: claims where "the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Butts v. City of New York Department of Housing Preservation and Development, 990 F.2d 1397, 1402 (2d Cir. 1993) (quotation marks and citations omitted).

Nevertheless, under the "piggybacking" or single filing rule, "'where one plaintiff has filed a timely EEOC complaint, other non-filing plaintiffs may join in the action if their individual claims arise out of similar discriminatory treatment in the same time frame.'" Holowecki v. Federal Express Corp., 440 F.3d 558, 564 (2d Cir. 2006) (quoting Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir. 1986), aff'd, 552 U.S. 389 (2008). This rule applies not only when individuals seek to piggyback on a prior EEOC charge, but also when the person who filed the administrative charge seeks to represent a class in federal court. See Rahman, 2008 WL 161230, at *3.

Here, Goldman Sachs contends that, notwithstanding a plaintiff's explicit assertion in her administrative charge that she is bringing her claims on behalf of others similarly situated, she has not exhausted class claims if, in substance, the administrative charge and the ensuing EEOC investigation address

6

individual rather than class-wide issues.  This contention is legally unfounded and is not based on an accurate reading of the record in this case.

First, the Second Circuit has held that the EEOC charge "need [not] specify that the claimant purports to represent a class or others similarly situated," as long as it "alerts the EEOC that more is alleged than an isolated act of discrimination and affords sufficient notice to the employer to explore conciliation with the affected group." Tolliver v. Xerox Corp., 918 F.2d 1053, 1058 (2d Cir. 1990); accord Bethea v. Equinox Fitness Club, No. 07 Civ. 2018, 2007 WL 1821103, at *2 (S.D.N.Y. June 21, 2007).  This plainly implies that an express class allegation, while not necessary, would be sufficient to exhaust class claims and enable the claimant to assert them later in federal court.

Furthermore, the principle that the claims of the litigant in federal court need only be "reasonably related" to the claims raised in a timely-filed administrative charge is "essentially an allowance of loose pleading." Holtz, 258 F.3d at 83; accord Velez v. Novartis Pharmaceuticals Corp., 244 F.R.D. 243, 255 (S.D.N.Y. 2007). Yet, the rule suggested by Goldman Sachs -- that a claimant must not only allege class status, but must also assert facts supporting the class claim -- is effectively a heightened pleading standard.

7

Nor is the scope of the EEOC's investigation determinative in construing the breadth of the administrative charge. The purpose of the charge is to alert the EEOC and the employer of the issues on which the claimant seeks relief so that they may be subject to investigation and conciliation. See Holowecki, 440 F.3d at 567; Tolliver, 918 F.2d at 1059; Rahman, 2008 WL 161230, at *3. Thus, "[p]ostfiling conduct does not nullify an earlier, proper charge." Holowecki, 552 U.S. at 406. If a charge gave the EEOC sufficient notice of a claim, the fact that the EEOC thereafter engaged in a narrow investigation, or even failed to investigate altogether, is immaterial for purposes of judging the scope of the claims that have been exhausted. Id. at 403-04. Indeed, "a limited EEOC investigation will not necessarily defeat a complaint where the complaint contains allegations like or reasonably related to the EEOC charge, but which the EEOC failed to investigate." Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 127 (7th Cir. 1989).

Ms. Chen-Oster's allegation in her EEOC charge that she was acting on behalf of other similarly situated women was therefore enough, standing alone, to exhaust class claims. Even if that were not the case, however, she elaborated on her class allegation in some of the details she provided in her charge and in the discovery she sought during the EEOC investigation. She made allegations

about inequitable treatment generally of women who worked in the Convertible Bonds Department. (EEOC Supp., ¶¶ 27, 56). She sought comparative information about all male and female employees in several Goldman Sachs units. (Samant Letter at 7, ¶ 15). And she presented arguments about what she perceived to be discrimination on the basis of gender throughout the firm. (Chen-Oster 6/16/08 Letter at 1-2).[1] Thus, there was ample basis for the EEOC to investigate and conciliate not only Ms. Chen-Oster's claims, but also those of similarly situated women. Consequently, she has exhausted class claims and may assert them here.[2]

Conclusion

For the reasons set forth above, I recommend that the defendants' motion to strike the class allegations of Ms. Chen-Oster (Docket no. 66) be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such

---

[1] Of course, much of this information would be as relevant to an individual pattern or practice claim as to a class claim. But where a claimant has explicitly asserted a class claim, it can hardly be assumed that the information proffered and requested was intended only to relate to an individual claim.

[2] The determination here does not define the scope of the class claims that Ms. Chen-Oster may bring. That is an issue more appropriately addressed on a class certification motion after the parties have had the opportunity for class-related discovery.

to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Leonard B. Sand, Room 1650, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

                Respectfully submitted,

                */s/ James C. Francis IV*
                JAMES C. FRANCIS IV
                UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
           September 29, 2011

Copies mailed this date to:

Adam T. Klein, Esq.
Cara E, Greene, Esq.
Jennier L. Liu, Esq.
Mariko Hirose, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, New York 10016

Kelly Dermody, Esq.
Anne B. Shaver, Esq.
Heather H. Wong, Esq.
Alison M. Stocking, Esq.
275 Battery Street, 30th Floor
San Francisco, CA 94111

Theodore O. Rogers, Jr., Esq.
John F. Fullerton, III, Esq.
Margaret E. Bartlett, Esq.
Suhana S. Han, Esq.
Sullivan & Cromwell, LLP
125 Broad Street
New York, New York  10004

Barbara B. Brown, Esq.
Paul, Hasting, Janofsky & Walker, LLP
875  15th Street N.W.
Washington, DC  20005

C. Geoffrey Weirich, Esq.
Paul, Hastings, Janofsky & Walker, LLP
600 Peachtree Sreet, NE
Suite 2400
Atlanta, GA  30308

Zachary D. Fasman, Esq.
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York  10022