# PAUL HASTINGS

**MEMO ENDORSED**

1(202) 551-1717
barbarabrown@paulhastings.com

November 2, 2011

21166.00050

<u>BY FACSIMILE TO (212) 805-7919 AND OVERNIGHT MAIL</u>

Honorable Leonard B. Sand
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-2-11

Re: *Chen-Oster et al. v. Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.*,
No. 10-Civ. 6950 (LBS) (JCF)

Dear Judge Sand:

On behalf of Defendants Goldman, Sachs & Co. and the Goldman Sachs Group, Inc. ("Goldman Sachs"), I write to request the Court's leave to file a Reply Memorandum of Law in Support of Goldman Sachs' Objections to the Magistrate Judge's Report and Recommendation Regarding Defendants' Motion to Strike Plaintiff Chen-Oster's Class Allegations. (Docket No. 114). We would propose to submit the Reply within 7 days after receiving leave, if it were granted.

Plaintiffs filed their papers in opposition to Goldman Sachs' Objections late Monday night. We respectfully submit that it could assist the Court in its consideration of the Objections if Goldman Sachs were permitted briefly to reply to some of the assertions made by Plaintiffs in those papers. As just one example, Plaintiffs' opposition papers characterize Plaintiff Chen-Oster's EEOC filings in a manner that we believe provides significant support for Goldman Sachs' position that those filings cannot be the predicate for the class allegations made by Plaintiff Chen-Oster.

The issues presented by Goldman Sachs' Objections could have significant impact on the scope and nature of this action. The Court's decision on whether to adopt or reject Magistrate Judge Francis' recommendations concerning Goldman Sachs' Motion to Strike Plaintiff Chen-Oster's Class Allegations will determine, *inter alia*, whether the class claims in this case relate back to 2005 or 2010 (the respective dates of filing of Plaintiff Chen-Oster's EEOC charge and the EEOC filings of the other named plaintiffs), whether Plaintiff Chen-Oster's EEOC charge is capable of supporting class claims at all and, if so, whether such a class would expand beyond the group within Goldman Sachs in which she worked. Goldman Sachs takes issue with material aspects of Plaintiffs' characterization of the facts, the controlling case law, and the legislative history of Title VII, and believes the Court would benefit from further analysis and discussion of those subjects. Goldman Sachs' Reply, if permitted, would respond solely to the arguments contained in Plaintiffs' Opposition brief; it would not raise new issues.

Accordingly, Goldman Sachs requests leave to file a Reply Memorandum consisting of no more than 10 pages. Goldman Sachs has consulted with Plaintiffs' counsel and is informed that Plaintiffs' counsel does not consent to the filing of a Reply.

*Reply memo may be filed. Plaintiff may file a response within next 15 days. So ordered.* [signature] LBS 11/2/2011

Paul Hastings LLP | 875 15th Street, N.W. | Washington, DC 20005
t: +1.202.551.1700 | www.paulhastings.com

Hon. Leonard B. Sand
November 2, 2011
Page 2

Respectfully submitted,

*Barbara B. Brown*

Barbara B. Brown

of PAUL HASTINGS LLP

cc: Hon. James C. Francis, United States Magistrate Judge
    Adam T. Klein, Esq.
    Cara E. Greene, Esq.
    Cyrus E. Dugger, Esq.
    Dana Sussman, Esq.
    Kelly M. Dermody, Esq
    Anne B. Shaver, Esq.
    Heather H. Wong, Esq.
    Theodore O. Rogers, Jr., Esq.

MEMO ENDORSED

Endorsement reads:

"Reply memo may be filed.  Plaintiff may file a response within next 15 days."

So ordered.