UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH,<br><br>                    Plaintiffs,<br><br>v.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>                    Defendants. | 10 Civ. 6950 (LBS) (JCF)<br><br>**MEMORANDUM<br>& ORDER** |

SAND, J.

Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs") object to Magistrate Judge James C. Francis's Report and Recommendation ("R&R") denying their motion to strike the class allegations of H. Cristina Chen-Oster, one of the named Plaintiffs. Having reviewed the R&R and the copious objections and counter-objections thereto, we affirm.

### I. Background

We assume that the parties are familiar with the facts and the procedural history of this case. The uninitiated reader is directed to the R&R (Dkt. # 105).

### II. Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify [it] in whole or in part." 28 U.S.C. § 636(b)(1)(C). The court reviews *de novo* any portions of a report and recommendation to which a party has objected; all else is reviewed for clear error. *Gary Friedrich Enters., LLC v. Marvel Enters.*, 713 F. Supp. 2d 215, 219 (S.D.N.Y. 2010).

### III. Discussion

1

Defendants urge this Court to strike Chen-Oster's class allegations "on the ground that she raised exclusively individual claims in her administrative complaint before the Equal Employment Opportunity Commission (the "EEOC") and so failed to satisfy exhaustion requirements with respect to any class claims." R&R at 1-2.

It is well-settled that a plaintiff may sue in federal court under Title VII only after she has exhausted her administrative remedies by filing a timely complaint with the EEOC and obtaining a right-to-sue letter. *See Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006). Exhaustion only occurs if a plaintiff's "Title VII claims ... either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). "[T]he purpose of the exhaustion requirement ... is to give the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 198 (2d Cir. 1985).

The Second Circuit recognizes three instances in which claims not alleged in the EEOC charge are "reasonably related" to a plaintiff's Title VII claims. The first—and the only one that is relevant to this case—is as follows:

> Recognizing that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering, we have allowed claims not raised in the charge to be brought in a civil action where the conduct complained of would fall with the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Butts*, 990 F.2d at 1402. (citations and internal quotation marks omitted). Defendants argue that the foregoing reference to "employees without the benefit of counsel" means that this exception is only available to plaintiffs who filed their EEOC charges without the advice of counsel. We disagree.

In *Brown v. Coach Stores*, 163 F.3d 706 (2d Cir. 1998), the plaintiff, Marva Brown, filed her EEOC charge "through her attorney." *Id.* at 708. In her subsequent Title VII action in federal court, Brown, for the first time, asserted a disparate impact claim. Though Brown had not filed her EEOC charge *pro se*, the Second Circuit nonetheless applied the first "reasonably related" exception, finding that her disparate impact claim was "reasonably related" to a failure to promote claim that she had, in fact, included in her EEOC charge. *Id.* at 712. This case controls, and we must therefore reject Defendants' argument that the exception is not available to plaintiffs who are represented by counsel when they file an EEOC charge.

As an initial matter, then, we are satisfied that the first "reasonably related" exception both applies to this case and is, as *Butts* makes clear, "essentially an allowance of loose pleading." *Butts*, 990 F.2d at 1402. Claims not brought in an EEOC charge may be brought in federal court "where the conduct complained of would fall with the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id.* (quotation marks and citation omitted).

Defendants further assert, citing *Williams*, that Chen-Oster's statement in her EEOC charge that she "file[s] this charge on behalf of [herself] and other similarly situated women at Goldman Sachs," Defs.' Objection to the R&R, Ex. 1, cannot be considered an exhaustion of her class claims because she did not assert any "factual allegations ... even hinting at a class claim." Defs.' Objection to the R&R at 1. In *Williams* the Second Circuit found that when determining whether a claim is "reasonably related" to allegations in the EEOC charge "the focus should be on the *factual allegations* made in the [EEOC] charge itself, describing the discriminatory conduct

3

about which a plaintiff is grieving." *Williams*, 458 F.3d at 70 (emphasis supplied). Seizing on this, Defendants argue that if she is to maintain a later class action, a plaintiff must proffer "facts" not only about the discrimination she herself suffered, but additional facts about the discrimination suffered by others.

We disagree — for several reasons. First, the same paragraph in *Williams* makes clear that the "central question is whether the complaint filed with the EEOC gave the agency adequate notice to investigate discrimination on both bases." *Id.* (quoting *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003)). Applied to this case, the question is whether Chen-Oster's EEOC charge gave the agency "adequate notice" that it ought to expand its investigation to include not just the plaintiff but other female employees of Goldman Sachs. We find that it did, for surely Chen-Oster's statement that she "file[s] this charge on behalf of [herself] and other similarly situated woman at Goldman Sachs" put the EEOC on notice that her claims were not solely individual. The "central question" must, we find, be answered in Chen-Oster's favor.

Second, the "factual allegation" language, proposed in *Deravin v. Kerik*, was developed to further *loosen* the pleading requirements in Title VII cases. In *Deravin*, the plaintiff, Eric Deravin, asserted race-based discrimination in federal court. The district court dismissed Deravin's case because he had alleged only national origin discrimination in his EEOC charge, and had therefore failed to satisfy his administrative exhaustion requirement with respect to his subsequent race-based claim. The Second Circuit reversed. Noting that "precise pleading is not required for Title VII exhaustion purposes," Judge Chester Straub wrote that "facts alleged by a plaintiff in his or her EEOC complaint may suggest both [race and national origin] forms of discrimination, so that the agency received adequate notice to investigate discrimination on both bases." *Deravin*, 335 F.3d at 202. Read in context, the meaning of this case is clear. Where a plaintiff brings claims in federal court that have not been asserted in the predicate EEOC charge, the court will look to see whether the claims are reasonably related. In such a case the court will

4

survey the facts alleged, guided by the underlying premise that "it is the substance of the charge and not its label that controls." *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F. Supp. 2d 455, 458 (S.D.N.Y. 1998) (cited by *Deravin*, 335 F.3d at 201). To repeat: the purpose of the "factual allegation" requirement is not—as Defendants would have it—to exclude, but rather to include. "[W]e decline to hold that the failure to place a check mark in the correct box is a fatal error. In the context of Title VII, no one—not even the unschooled—should be boxed out." *Id.* at 458–459 (citation omitted). *See also Williams*, 458 F.3d at 68–71 (holding that an EEOC "complaint alleging retaliation can also contain enough factual allegation to put the agency on notice of a potential sex discrimination claim, even though that claim was not alleged formally on the EEOC form."). But where, as here, the plaintiff *has* checked the correct box, she has placed the EEOC on notice and has satisfied the exhaustion requirement.

Finally, no case presented to this Court—nor, we add, identified by this Court after an exhaustive inquiry—supports Defendants' interpretation that a plaintiff must, as a threshold requirement to a later class action, allege facts in her EEOC charge about herself *and* about other co-workers. Every case since *Deravin* in which the "factual allegations" language appears, involves, broadly speaking, one of two situations. The first situation is where a plaintiff brings claims in federal court based on an entirely different type of discrimination than initially asserted in the EEOC charge. For instance, a plaintiff alleges only retaliation claims in the EEOC charge, but brings suit based on race or gender discrimination. *See, e.g., Little v. NBC, Inc.*, 210 F. Supp. 2d 330, 375 (S.D.N.Y. 2002); *Walsh v. Nat'l Westminster Bancorp Inc.*, 921 F. Supp. 168, 172 (S.D.N.Y. 1995). The second situation is where, as in *Williams*, a plaintiff has failed to "check the box" alleging a particular form of discrimination but has alleged facts indicating as much. But as far as we can tell no cases directly support Defendants' reading that a plaintiff must, in addition to declaring that she "file[s] this charge on behalf of [herself] and other similarly situated women," allege facts about the discrimination suffered by other, putative members of a future class.

## IV. Conclusion

For the above reasons, we affirm Judge Francis' R&R denying Defendants' motion to strike H. Cristina Chen-Oster's class allegations.\*

**SO ORDERED.**

January 10, 2012
New York, N.Y.

_____
U.S.D.J.

---

\* This Court has considered all of the parties' other arguments and found them to be moot or without merit.