# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 11, 2013

By ECF

The Honorable James C. Francis, IV,
   U.S. District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, NY 10007-1312.

      Re: *Chen-Oster et ano. v. Goldman, Sachs & Co. et ano.*, No. 10 Civ. 6950

Dear Judge Francis:

      We write in response to yesterday's letter from plaintiffs' counsel requesting an extension of the schedule for submission of expert reports, discovery and the class certification motion set forth in the Court's Case Management Order.

      In June 2013, when Your Honor agreed further to amend the Case Management Order to extend the schedule previously ordered in March, the Order stated that there would be no further extensions. (Copy attached.) We have been working toward the deadlines in the Order with plaintiffs' counsel in recent months, and until last week plaintiffs gave no indication that they would have any difficulty meeting the schedule, including the first of the benchmarks in the Order, namely, the September 30, 2013 date for submission of their expert reports.

      Last week, plaintiffs' counsel told us that one of their experts had become unavailable and that they had arranged to replace that person but that they wanted our agreement to a blanket 30-day extension of the schedule. We asked what the subject matter of the replacement expert was, in order to evaluate whether there might be some alternative to a wholesale extension of the entire schedule, but they would not tell us. Nevertheless, we told plaintiffs' counsel that we wanted to be cooperative and that we would not object to their request so long as the adjournment would not be an occasion for new discovery demands during the adjournment period. We explained that we would

The Honorable James C. Francis, IV -2-

have no objection to additional requests by plaintiffs for information concerning discovery already provided, but that we did not think it appropriate that an adjournment caused by the unavailability of an expert result in the burden of new unrelated discovery.

Plaintiffs would not agree. In their letter to Your Honor seeking an adjournment, plaintiffs' counsel mention not only the change in expert but also discovery. Suffice it to say that plaintiffs never raised discovery as a basis for changing the schedule when they informed us last week of their expert problem (or at any time before). The data discovery they refer to as having been advised about yesterday concerns a handful of spreadsheets that are largely a compilation of data already produced.

Finally, in a footnote to their letter, plaintiffs' counsel refer to the fact that the Case Management Order includes an agreed provision that, during the period of expert discovery and class certification briefing, discovery would be limited to expert discovery, with non-expert discovery continuing thereafter. That provision was a vital component of what is a very tight timetable. For example, under the current schedule, defendants will only have 21 days after receipt of plaintiffs' expert reports to analyze those reports and prepare for, schedule and then take the depositions of all of plaintiffs' experts. (In their new proposed schedule plaintiffs propose to shorten that period by a day.) When we negotiated the schedule, both parties recognized it was impractical to have the added burden of non-expert discovery during this compressed period. Plaintiffs' request to remove one component of a negotiated schedule, we believe, is unjustified.

We appreciate the difficulties that an expert becoming unavailable at the last minute can cause, but plaintiffs' attempt to turn their scheduling problem into a criticism of defendants' discovery efforts and an attempt to get open-ended continuation of non-expert discovery during the expert and certification motion period is unwarranted.

We look forward to seeing Your Honor at the pre-motion conference scheduled for tomorrow afternoon.

Respectfully,

Theodore O. Rogers, Jr.

Barbara B. Brown /TOR

(Enclosure)
cc: Plaintiffs' Counsel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH, <br><br> Plaintiffs, <br><br> vs. <br><br> GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC. <br><br> Defendants. | No. 10 Civ. 6950 (AT) (JCF) <br><br> **AMENDED CASE MANAGEMENT ORDER** |

For good cause shown, the case management schedule is hereby ORDERED amended as follows:

1. Class expert discovery.[1]

    a. Plaintiffs shall produce their class expert reports by September 30, 2013.

    b. Depositions of plaintiffs' class experts shall be completed by October 21, 2013.

    c. Defendants shall produce their class expert reports by November 11, 2013.

    d. Depositions of defendants' class experts shall be completed by December 2, 2013.

    e. Plaintiffs shall submit class expert rebuttal reports by December 16, 2013.

2. Class certification briefing schedule.

    a. Plaintiffs shall move for class certification by December 16, 2013.

    b. Defendants shall answer the class certification motion by February 13, 2014.

---

[1] The parties agree that discovery not related to class expert opinions will be suspended during the pendency of the expert discovery and class briefing.



      c.    Plaintiffs shall reply by March 6, 2014.

3.    Non-expert discovery.

      a.    All non-expert discovery, including 30(b)(6) depositions and damages discovery, shall be completed by August 29, 2014.[2]

4. No further extensions. *JCF*

DATED: 6/19/13

SO ORDERED.

*James C. Francis IV*

The Honorable James C. Francis
U.S.M.J.

---

[2] The scope of post-class certification briefing discovery to be determined, as needed, by the parties and the Court after the class certification briefing is completed.

2