```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
H. CRISTINA CHEN-OSTER; LISA           :   10 Civ. 6950 (AT) (JCF)
PARISI; and SHANNA ORLICH,             :
                                       :         MEMORANDUM
                  Plaintiffs,          :         AND   ORDER
                                       :
    - against -                        :
                                       :
GOLDMAN, SACHS & CO. and THE           :
GOLDMAN SACHS GROUP, INC.,             :
                                       :
                  Defendants.          :
- - - - - - - - - - - - - - - - - - - -:
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The defendants in this putative class action have submitted a letter application seeking to compel the plaintiffs to respond to contention interrogatories. (Letter of Barbara Berish Brown and Theodore O. Rogers, Jr. dated Nov. 12, 2013 ("Brown 11/12/13 Letter")). The plaintiffs object to the interrogatories on the grounds that they violate Local Civil Rule 33.3, go to the ultimate merits of this employment discrimination action, are premature, and seek disclosure of attorney work product. (Letter of Kelly M. Dermody dated Nov. 25, 2013).

The plaintiffs' objections are generally unpersuasive. Local Civil Rule 33.3(c) provides that "[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered

1

otherwise." Where, as here, certain discovery has been directed specifically to the issue of class certification, the triggering date for contention interrogatories directed to class certification is logically the close of class discovery, not the completion of all discovery, which will come well after the class motion has been decided and after any interrogatories related to class issues would have been rendered superfluous. Therefore, the defendants' interrogatories are neither premature nor contrary to the local rules.

The plaintiffs' argument that the contention interrogatories should be disallowed because they go to the merits rather than exclusively to class certification is a curious one. Previously, the plaintiffs prevailed in their argument that discovery should not be strictly bifurcated because, in the wake of Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541 (2011), class issues are inextricably intertwined with the merits. Chen-Oster v. Goldman, Sachs & Co., 285 F.R.D. 294, 298-300 (S.D.N.Y. 2012). That principle still holds. To the extent that the defendants' interrogatories address the merits, they are relevant to class issues such as commonality and predominance and so are permissible at this stage.

Finally, the plaintiffs' assertion of work product protection is without merit. "There are many legitimate ways in which an

attorney's thoughts and strategy may be revealed, e.g., in pleadings, interrogatory answers, requests for admissions, <u>responses to contention interrogatories</u> and pre-trial orders. In those contexts, the work product privilege affords little or no protection." <u>United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America</u>, No. 90 Civ. 5722, 1992 WL 208284, at *12 (S.D.N.Y. Aug. 18, 1992) (emphasis supplied).

There is, however, one respect in which the defendants' interrogatories are flawed. After each interrogatory that seeks the plaintiffs' contention concerning some issue, the defendants propound a follow-up interrogatory requesting the plaintiffs to "state in full detail the factual basis for [y]our contention." (Defendants' Second Set of Interrogatories to Plaintiff Christina Chen-Oster ("Defendants' Second Interrogatories"), attached as Exh. A to Brown 11/12/13 Letter). The purpose of contention interrogatories is not to require the adversary to regurgitate information disclosed during discovery or preview the record that will be created at trial (or, as in this case, on a motion for class certification). See <u>Rahman v. Smith & Wollensky Restaurant Group, Inc.</u>, No. 06 Civ. 6198, 2007 WL 1521117, at *13 n.11 (S.D.N.Y. May 27, 2007); <u>Convolve, Inc. v. Compaq Computer Corp.</u>, 223 F.R.D. 162, 173 (S.D.N.Y. 2004). The interrogatories that

3

follow this pattern are therefore disallowed.

Conclusion

For the reasons set forth above, plaintiffs shall answer Defendants' Second Interrogatories nos. 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, and 24 within two weeks of the date of this order. Plaintiffs need not answer Defendants Second Interrogatories nos. 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, or 23.

SO ORDERED.

*JAMES C. FRANCIS IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       December 11, 2013

Copies mailed this date:

Adam T. Klein, Esq.
Justin M. Swartz, Esq.
Carmelyn Malalis, Esq.
Cara E. Greene, Esq.
Cyrus E. Dugger, Esq.
Jennier L. Liu, Esq.
Dana G. Sussman, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York  10016

Paul W. Mollica, Esq.
Outten & Golden LLP
203 North LaSalle Street, Suite 7100
Chicago, IL 60603

4

Kelly Dermody, Esq.
Anne B. Shaver, Esq.
Alison M. Stocking, Esq.
Heather M. Wong, Esq.
Lief, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111

Theodore O. Rogers, Jr., Esq.
Suhana S. Han, Esq.
Michael P. Reis, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, New York  10004

Barbara B. Brown, Esq.
Neal D. Mollen, Esq.
Carson H. Sullivan, Esq.
Paul, Hastings, Janofsky & Walker LLP
875  15th Street N.W.
Washington, DC  20005

C. Geoffrey Weirich, Esq.
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Sreet, NE
Suite 2400
Atlanta, GA  30308

Zachary D. Fasman, Esq.
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, New York  10022