COURTESY COPY         **MEMO ENDORSED**

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law



Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

Kelly M. Dermody
Partner
kdermody@lchb.com

May 19, 2014

**VIA FACIMILIE**

The Hon. James C. Francis
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/14
```

RE: Chen-Oster, et al. v. Goldman, Sachs & Co., et al.
No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Francis:

We represent Plaintiffs in the above-referenced matter. We write to request the Court's permission to file a very brief response to Defendants' expert sur-rebuttal reports, pursuant to your Honor's April 21, 2014 Order. (Dkt. 239.) The proposed expert responses are attached as Exhibit A (proposed response of Dr. Henry S. Farber) and Exhibit B (proposed response of Dr. Wayne F. Cascio) for the Court's consideration. We do not seek any continuation of the class certification briefing schedule, as this request pertains solely to expert opinions in connection with Plaintiffs' anticipated Reply brief.[1] The responses are less than six pages each and are narrowly tailored to address only the new arguments in Defendants' expert sur-rebuttals that are outside the scope of the parameters Defendants agreed to. The proposed responses are submitted herewith, as Exhibits A and B, for the Court's consideration.

I. **Background**

Plaintiffs served the initial expert reports of Dr. Henry S. Farber and Dr. Wayne F. Cascio on October 30, 2013. Defendants served the expert reports of Dr. Michael A. Ward (in response to Dr. Farber) and Dr. Michael A. Campion (in response to Dr. Cascio) on December 13, 2013. Plaintiffs then served the rebuttal reports of Drs. Farber and Cascio on January 28, 2014 ("Farber Rebuttal" and "Cascio Rebuttal", or collectively "the Rebuttal Reports").

---

[1] To that end, today Plaintiffs simultaneously filed their Motion for Class Certification with the District Court via letter submission pursuant to Judge Torres' "Individual Practices in Civil Cases" § IV.A (addressing filings containing material previously designated confidential).

COURTESY COPY

Judge Francis
May 19, 2014
Page 2

On March 7, 2014, Defendants moved to strike portions of the Rebuttal Reports pursuant to Fed. R. Civ. P. 37(c) and 26(a)(2)(B)(i). (Dkt. 228.) Defendants argued that the Rebuttal Reports contained new opinions that were not in the experts' initial reports. Plaintiffs opposed the motions to strike on the grounds that the Rebuttal Reports did not contain new opinions within the meaning of the law and/or were appropriately tailored "to contradict or rebut evidence on the same subject matter identified by [Defendants]" pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii). (Dkt. 229.) Two days before oral argument, Defendants offered to withdraw their motions and instead submit expert sur-rebuttal reports. The parties so stipulated, and the Court approved. (Dkt. 236.) Critically, the Stipulation and Order stated that, "Defendants may submit expert sur-rebuttal reports addressing the topics in Dr. Cascio and Dr. Farber's rebuttal reports *that Defendants challenged as improper rebuttal material in their Motions to Strike*". (*Id.*, emphasis added.)

The subsequent scheduling order for the briefing of Plaintiffs' motion for class certification provided that Defendants would serve their expert sur-rebuttals by May 7, 2014, and that by May 19, 2014, Plaintiffs would file for class certification or submit a request for additional expert rebuttal. (Dkt. 239.) Plaintiffs have elected to do both. *See* FN 1, *supra*. Plaintiffs' proposed expert responses to defense Sur-Rebuttal Reports address analyses outside the scope of the issues raised in Defendants' motions to strike. Plaintiffs' enclosed responses should be permitted.[2]

## II. Argument

Defendants' expert sur-rebuttal reports contain opinions and studies beyond the topics challenged in Defendants' motions to strike, in violation of the Stipulation and Order. To avoid unfair prejudice from this asymmetry, particularly on a motion where Plaintiffs have the burden of proof, Plaintiffs seek leave to serve six-page responses that make very discrete points.

### A. Plaintiffs Should Be Permitted To Serve A Response To Dr. Ward's Sur-Rebuttal.

#### 1. Dr. Ward's sur-rebuttal contains opinions and analyses beyond the topics challenged in Defendants' motion to strike, some of which are new arguments that should have been in his initial report.

Defendants' motion to strike portions of Dr. Farber's rebuttal report challenged the following two items: 1) "regression studies that purport to study bias in the manager quartile placement and 360 review scores"; and 2) "new studies [in the Analysis of Earnings section] that add additional regression factors to his prior models." *See* Def. Mot. at 4.

Dr. Ward's sur-rebuttal, however, is not limited to these items, but instead asserts the following five opinions: 1) Dr. Farber does not show a common pattern of adverse

---

[2] In the alternative, Plaintiffs respectfully submit that Defendants' Sur-Rebuttal Reports should be stricken.

COURTESY COPY

Judge Francis
May 19, 2014
Page 3

treatment in pay or performance reviews; 2) Dr. Farber erroneously aggregates employees into a single model; 3) Dr. Farber's models fail to model the processes he studied; 4) Dr. Farber's conclusions about the impact of performance review processes on gender differences in pay are overstated; and 5) Dr. Farber's promotion studies are inconsistent with his other studies. *See* Ward Sur-Rebuttal (attached hereto as Exhibit C), Table of Contents.

Remarkably, *only number four* actually addresses the topics challenged in the motion to strike. Numbers one, two, three, and five merely elaborate on the same points Dr. Ward made in his initial report. Re: 1: *see* Ward Initial Report (Exhibit D) at 11, 32 ("Had he looked, Dr. Farber would also have found no pattern across business units."); re: 2: *id*. at 5 ("Aggregating large groups of employees into one model is simplistic and ignores the record evidence."); re 3: *id*. at 12 ("The structure of the firm and the processes by which compensation decisions are made at Goldman Sachs must shape any proper statistical analysis."); re: 5: id. at 12 ("Dr. Farber's analysis of promotions to EMD is also flawed and inconsistent with his compensation methodology.").[3]

Dr. Ward's twenty-four page sur-rebuttal is thus far beyond the scope of what the parties agreed to and the Court approved. In addition, numbers one, two, three, and five impermissibly attempt to bolster Dr. Ward's initial report with new arguments that could and should have been in his original opinion. *See Cedar Petrochemicals, Inc. v. Dongbu Hannong Chem. Co., Ltd.*, 769 F. Supp. 2d, 278 (S.D.N.Y. 2011) ("experts are not free to continually bolster, strengthen, or improve their reports by endlessly researching the issues they already opined upon, or to continually supplement their opinions.") (internal citations omitted).

    2. **Plaintiffs' proposed response addresses Dr. Ward's new opinion and analyses.**

In lieu of a motion to strike, which Plaintiffs believe would only serve to further delay the proceedings, Plaintiffs wish to respond to a few select issues raised in Dr. Ward's sur-rebuttal. *See, e.g., S.W. v. City of New York*, No. 09-1777, 2011 WL 3038776, *2 (E.D.N.Y. July 25, 2011) ("Rebuttal evidence is properly admissible when it will explain, repel, counteract or disprove the evidence of the adverse party.") (citations omitted); *In re Genetically Modified Rice Litig.*, Nos. 06 MD 1811, *et al.*, 2010 WL 4483993, at *3 (E.D. Mo. Nov. 1, 2010) (allowing rebuttal testimony in order to "respond to a specific criticism by one of the [opposing party's] experts"); *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (same). Plaintiffs have limited the proposed response to just six pages.

Specifically, the proposed response of Dr. Farber (Exhibit A) addresses the following discrete, new arguments raised in Dr. Ward's sur-rebuttal. Specifically, the proposed response of Dr. Farber (Exhibit A) addresses the following discrete, new arguments raised in Dr. Ward's sur-rebuttal. First, Dr. Farber responds to Dr. Ward's new study that claims that

---

[3] The sentences quoted in this string cite are headings of sections of Dr. Ward's report, not just one-off sentences.

Judge Francis
May 19, 2014
Page 4

differences between men and women in scores on the 360-degree review and quartile placement "do not show a common pattern of adverse treatment." Second, Dr. Farber responds to Dr. Ward's incorrect use of a statistical technique known as "ordered prohit" to estimate gender differences in quartile assignments. Finally, Dr. Farber responds to the new business-unit level disaggregated pay analysis.

### B. Plaintiffs Should Be Permitted To Serve A Response To Dr. Campion's Sur-Rebuttal.

Defendants' motion to strike portions of Dr. Cascio's rebuttal report essentially challenged the following items: 1) whether the Uniform Guidelines on Employee Selection Procedures ("Uniform Guidelines") and the Society for Industrial and Organizational Psychology Principles for the Validation and Use of Personnel Selection Procedures ("SIOP Principles") apply to performance evaluation and compensation; 2) whether "best practices" can be used in lieu of the standard methods of the I/O Psychology field and the meaning of "best practices"; and 3) whether there is score compression in one of Goldman's evaluation procedures, the 360 review. Def. Mot. at 3-4.

Dr. Campion's sur-rebuttal – which is twenty-seven pages including his charts and tables -- far exceeds the letter and spirit of the scope of sur-rebuttal, and attempts to use these topics as a general vehicle to revisit and address a variety of key issues. These include attacks on Dr. Cascio's opinions as stated in his initial and rebuttal reports about the unreliability and lack of validity of Goldman's systems, characterization for the first time on Dr. Cascio's work that long predates this case, commentary on what Dr. Campion characterizes as a "fundamental challenge" in performance evaluations of obtaining adverse ratings, and new (and incorrect) attacks on Dr. Cascio's previous discussion from his initial and rebuttal reports of the relationship of one type of performance evaluation system (360-degree review) to another (forced ranking) at Goldman. For the first time, Dr. Campion also offers observations about new (and also improper) statistical analysis offered by Dr. Ward.

Plaintiffs submit that a limited response is necessary and appropriate for these issues raised by Dr. Campion's sur-rebuttal, particularly given that Plaintiffs have the burden and the final word on class certification. *See, e.g., S.W.*, 2011 WL 3038776 at *2. Specifically, the proposed response of Dr. Cascio (Exhibit B) addresses the various, new mischaracterizations about Dr. Cascio's work and responds to the improper new material.

### III. Conclusion

Where Defendants have gone far beyond the parties' agreement, and have included new arguments on topics already addressed in their original expert submissions and/or attempted to use the limited scope of their sur-rebuttals to raise or bolster any issue, the limited, short responses Plaintiffs propose are both fair and appropriate, and will ensure a complete evidentiary record for the class certification briefing. Plaintiffs respectfully request they be permitted to submit the expert responses attached as Exhibits A and B.

COURTESY COPY

Judge Francis
May 19, 2014
Page 5

Respectfully Submitted,

*Kelly M. Dermody*          *Adam Klein*

cc:
    Defense Counsel

5/30/14

1171031.3

Application granted. I am ~~not~~ interested in a complete record. Now that defendants have the sur-rebuttal reports, they can address them in their response to the class motion. The stipulation does not alter this analysis, as the word "or" implies non-exclusive alternatives. Notably, the stipulation does not use the construction "either... or."

SO ORDERED.
James C. Francis IV
USMJ