# EXHIBIT 27

February 23, 2005

Ms. Cristina Chen-Oster



Dear Cristina,

I am pleased to confirm to you that we are offering you the position of Senior Marketer in the Marketing Department of IXIS Capital Markets ("IXIS" or "the company") working according to the following terms:

1) You will report to the Head of Sales and Marketing or someone else of equivalent seniority. Your officer title will be Director.  As Senior Marketer, you will primarily be responsible for marketing equity structured products issued from the private placement shelf of IXIS to institutional clients.

2) During our normal business hours, you will devote your entire time, best professional efforts and skills to the tasks assigned.

3) For all services rendered by you, you will be paid a base salary at the annual rate of ▇▇▇▇▇▇, payable in equal semi-monthly installments. You will be eligible to participate in the IXIS annual and long-term incentive programs on a discretionary basis according to your performance as well as the performance of your department and the company:

   a) Notwithstanding the preceding, for the period ending December 31, 2005, you will receive a minimum total incentive compensation equal to the greater of ▇▇▇▇▇▇ (total compensation rate including base salary = ▇▇▇▇▇▇) or 10% of sales credits generated net of your base salary.  Sales credits are calculated using the absolute difference between trading price and price assuming mid-market volatility levels.

   b) For the year ending December 31, 2006, you will receive a minimum total incentive compensation of ▇▇▇▇▇▇ (total compensation rate including base salary = ▇▇▇▇▇▇). Any additional compensation will be determined at the discretion of the company.

   c) Thereafter, you will be eligible for a bonus in accordance with company policy and practices.  Payment of any bonus, other than set forth above, will be at the company's sole discretion.

4) To compensate you for unvested and partially vested long-term compensation from your former employer, in addition to the total compensation set forth above, you will receive the following:

   a) A payment of ▇▇▇▇▇▇ payable within one month of your start date;

    b) 2005 Long-term incentive units having a face value of ▇▇▇▇, with vesting according to the regular vesting schedule; and

    c) 2006 Long-term incentive units having a face value of ▇▇▇▇, with vesting according to the regular vesting schedule.

5) You will receive all benefits offered by IXIS including a major medical and dental plan, life and disability insurance, a pension pursuant to our existing plan and a 401(k) plan. You will be entitled to four weeks' paid vacation time annually, exclusive of holidays when IXIS is closed for business. It is the company's policy that normal work hours and location are determined by what is appropriate to get the job done in a team-oriented environment.

6) The commencement of your employment at IXIS will be contingent on successfully satisfying the standard background and reference checks and will continue as long as we mutually desire.

7) You or IXIS may terminate your employment at any time.

8) If, during 2005 or 2006, IXIS terminates your employment other than for cause (as defined below), you will receive in a lump sum based upon the guaranteed minimum total compensation rate specified in paragraphs 3) and 4)a);

9) If IXIS terminates your employment other than for cause (as defined below), during the vesting period of the long-term incentive units described in 4)b) and 4)c) you will receive

    a) the difference between the vested face-value amount of the long-term incentive units previously granted to you and the total face value of those grants;

    b) the value of your vested long-term incentive plan units according to their vesting schedule specified in the LTIP plan document; and

    c) payment of health-insurance premiums described in paragraph 5) under COBRA until the earlier of 6 months or when you begin another job.

10) If after 2006 IXIS terminates your employment for other than cause, you will receive the same compensation as any regular employee separated at that time, except that you may have accrued additional payout value of partially vested long-term incentive units described in 7).

11) If you should leave voluntarily, you forfeit any further right to compensation beyond your termination date unless specified by IXIS policy.

12) Your employment may be terminated immediately by IXIS for cause. Cause is defined as gross negligence or willful misconduct in the performance of your duties under this agreement, the perpetration of fraud or crime or other act of serious misconduct, willful and material misrepresentation of information pertaining to your employment or your willful disobedience to the reasonable, ethical, and lawful directives of management. Any termination for cause will result in no further salary payments being due to you beyond the date of termination and your ineligibility to participate in any bonus scheme or benefits described above.

13) Your employment will be governed by the rules of confidentiality and professional behavior customary to IXIS. In particular, you may not discuss any confidential matters regarding the

CONFIDENTIAL      P008780

IXIS's internal workings, business dealings, proprietary products and tools or clients at any point during or following your employment with IXIS without express approval of the company.

14) Membership on any outside Board, committee memberships or advisory roles with other firms or outside employment that you may wish to accept will require the express approval of IXIS. You need not seek approval for any membership or activity in connection with a not-for-profit organization, such as a charitable, educational, religious, fraternal, or political organization, unless such membership or activity would substantially interfere with the performance of your job.

15) By accepting employment with IXIS, you represent and warrant that the performance of your duties will not violate any agreement between you and any other person, firm, partnership, corporation or organization. You further understand that before you can be put on the IXIS payroll, you must complete a form I-9 and provide proper documentation as specified by federal law.

16) This letter sets forth all of terms of your employment and supersedes all prior understandings, written or oral between us. The terms of your employment may not be modified unless in writing and signed by both you and a duly authorized representative of IXIS. This offer expires after February 25, 2005.

We believe that you have the qualifications to make a substantial contribution to our capital markets activities and look forward to your joining the company.

If you agree to the foregoing terms and conditions of employment, please sign where indicated below and return this letter to me.

Yours truly,


Kumar Doraiswami



_____            _____
Signature                                                          Date

3