UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. CRISTINA CHEN-OSTER; LISA PARISI; and
SHANNA ORLICH,

                              Plaintiffs,                    10 Civ. 6950 (AT) (JCF)

                    vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.,

                              Defendants.

**NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION AND IN SUPPORT OF DEFENDANTS'
MOTION TO STRIKE REPORTS, OPINION, AND ANY TESTIMONY OF
PLAINTIFFS' EXPERT DR. HENRY S. FARBER**

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") respectfully submit the attached decision of the United States District Court for the Southern District of New York in *Reed Construction Data Inc.* v. *McGraw Hill Cos., Inc.*, No. 09-CV-8578, 2014 WL 4746130 (S.D.N.Y. Sept. 24, 2014) (Oetken, J.), as supplemental authority in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. 264) and Defendants' Motion to Strike Reports, Opinion, and Any Testimony of Plaintiffs' Expert Dr. Henry S. Farber.

*Reed Construction* supports Defendants' position that Dr. Farber's analysis is inadmissible because his aggregation of data from disparate businesses fails the Chow test. In that decision, Judge Oetken described that "[t]here are several tests for pooling problems, but many statisticians rely on the Chow test." *Id.* at \*12. The Court excluded a statistical analysis offered by Plaintiff's expert that, like Dr. Farber's here, "unequivocally failed the Chow test," and emphasized that pooling groups from meaningfully different categories is improper: "[t]his would be like trying to calculate the effect of location on the price of an apartment by combining New York, Chicago, and Topeka." *Id.* at \*12.

The decision also supports Defendants' position that Dr. Farber's analysis is inadmissible because he failed to account for major variables such as Business Unit, production, and employee role and function in his regression studies. The *Reed Construction* Court stressed that it is the proponent's burden to "establish that the major factors have been accounted for in a regression analysis," and concluded that a regression analysis that excluded "major variables" is inadmissible. *Id.* at \*7, \*10.

Respectfully,

Barbara B. Brown *(admitted pro hac vice)*
Neal D. Mollen *(admitted pro hac vice)*
Carson H. Sullivan *(admitted pro hac vice)*
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Robin D. Fessel
Suhana S. Han
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Attorneys for Defendants,*
*Goldman, Sachs & Co. and*
*The Goldman Sachs Group, Inc.*

October 19, 2014