UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | No. 10 Civ. 6950 (AT) (JCF) |

**PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

1201593.2

Plaintiffs respectfully submit the response to the Notice of Supplemental Authority filed by Goldman Sachs on October 19, 2014, relating to the opinion in *Reed Construction Data, Inc. v. The McGraw Hill Cos., Inc.*, No. 09-CV-8578 (JPO) (S.D.N.Y. Sept. 24, 2014).  While *Reed* (a Lanham Act and Sherman Antitrust Act case at the summary judgment stage) is factually and procedurally distinguishable, it nevertheless supports, and in no way undermines, Plaintiffs' Motion for Class Certification and Opposition to Goldman's Motion to Strike Dr. Henry S. Farber.

*Reed* confirms that appropriate statistical modeling choices in a particular case are based on the facts of that particular case as well as the law at issue.  In *Reed*, given the available data and facts of that case, the Court found that it was inappropriate for the challenged expert to attempt to pool two kinds of pricing data (national and local) in his regressions given his *own* assumptions suggested that national and local prices reacted differently to what he was studying, and that it was apparently undisputed that the two markets were "different in important ways." *Reed* at *12.

In so doing, the Court noted the parties' dispute over the applicability of scholarly articles that discussed when the Chow Test (one method to test whether or not to pool data) was inappropriate and/or not useful, and simply noted that the examples in the articles of the inappropriate use of the Chow Test were distinguishable from the case at hand because they did not involve comparing national with local data.  *Reed* at *12.[1]  Notably, the Court relied for his holding on the fact that the challenged expert had no reason to combine the two different

---

[1] The docket record indicates that the articles include Baltagi, Griffin & Xiong, *To Pool or Not To Pool: Homogeneous Versus Heterogeneous Estimators Applied to Cigarette Demand* (Reed Dkt. No. 180-09) ("Our explanation for why pooled models  - which posit homogeneous parameters – outperform their heterogeneous counterparts centers on the relative variability of the data between individual time series and panels.") (p.10); Baltagi and Griffin, *Gasoline Demand in the OECD* (Reed Dkt. No. 180-10) ("the efficiency gain in this study from pooling is indeed large . . . [i]ndividual country time-series models may even lead the researcher to incorrectly conclude the absence of price and/or income effects") (pp. 19-20); and Bass and Wittink, *Pooling Issues and Methods in Regression Analysis: Some Further Reflections* (Reed Dkt. No. 180-11).

1

markets, and instead was relying on his "prior expectations." *Reed* at *13. Here, by contrast, there is one company, one work force, and Dr. Farber's models (just as Dr. Ward's) each had some pooled and some separately-run elements, and Dr. Farber has sound (and superior) reasons for opting to pool certain data that Dr. Ward disaggregated. (And, indeed, it makes little difference to the results.)

Overall, rather than standing for the categorical and absurd proposition that a statistician must use a specific test – such as a Chow Test – every time questions arise about whether to pool any data of any kind in any area of law under any facts, *Reed* confirms the importance of an examination, with deference, into an expert's modeling choices and the reasons therefor.

Dated: October 21, 2014  Respectfully submitted,

By:    */s/ Rachel Geman*
      Rachel Geman

**LIEFF, CABRASER, HEIMANN &**
  **BERNSTEIN, LLP**
Rachel Geman
250 Hudson St., 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Kelly M. Dermody (*admitted pro hac vice*)
Anne B. Shaver (*admitted pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

2

1201593.2

**OUTTEN & GOLDEN LLP**
Adam T. Klein
Cara E. Greene
Melissa L. Stewart
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

*Attorneys for Plaintiffs and the Putative Class*

3

1201593.2