UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　　-against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>　　　　　　　Defendant. | No.  10 Civ. 6950 (AT) (JCF) |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION .................................................................................................. 1

II.    PROCEDURAL HISTORY ................................................................................... 3

III.   LEGAL STANDARD ........................................................................................... 5

IV.    ARGUMENT ........................................................................................................ 7

      A.     Proposed Plaintiffs Meet The Requirements For Intervention Of
            Right........................................................................................................... 7

           1.     The motion is timely. ................................................................... 8

                a.     Proposed plaintiffs just learned of the threat to their
                     interests. ........................................................................... 9

                b.     Goldman will not be prejudiced by the delay. ................. 12

                c.     Proposed plaintiffs will be prejudiced by denial of
                     their application. .............................................................. 14

           2.     Proposed plaintiffs have an interest in the subject of the
               litigation. ................................................................................... 15

           3.     The outcome of this action may impair proposed plaintiffs'
               ability to protect their interests and the interests of the
               class........................................................................................... 16

           4.     The existing class representatives do not adequately protect
                proposed plaintiffs' interests...................................................... 17

      B.     In The Alternative, Proposed Plaintiffs Satisfy The Standard For
            Permissive Intervention. .......................................................................... 18

           1.     The motion is timely. ................................................................. 18

           2.     Proposed plaintiffs' claims and the main action share
                common issues of law and fact. ................................................. 18

           3.     Intervention will not unduly delay or prejudice the
                adjudication of the original parties' rights. ................................. 19

V.     CONCLUSION .................................................................................................. 21

# TABLE OF AUTHORITIES

**Page**

## CASES

*Adams v. Suozzi*,
433 F.3d 220 (2d Cir. 2005) .................................................................. 9

*Ardrey v. Federal Kemper Ins. Co.*,
142 F.R.D. 105 (E.D. PA. 1992) ........................................................ passim

*Brennan v. N.Y. City Bd. Of Educ.*,
260 F.3d 123 (2d Cir. 2001) ........................................................... 15, 16

*Brookhaven Housing Coalition v. Sampson*,
65 F.R.D. 24 (E.D.N.Y. 1974) .............................................................. 8

*Carling v. Peters*,
No. 10-4573, 2013 WL 865822 (S.D.N.Y. Feb. 6, 2013) ........................... 9

*Cole v. Schenley Indus., Inc.*,
60 F.R.D. 81 (S.D.N.Y. 1973) .............................................................. 8

*Diduck v. Kaszycki & Sons Contractors, Inc.*,
149 F.R.D. 55 (S.D.N.Y. 1993) ....................................................... passim

*Gaddis v. Wyman*,
304 F. Supp. 713 (S.D.N.Y. 1969) ....................................................... 17

*Haddock v. Nationwide Fin. Servs.*,
262 F.R.D. 97 (D. Conn. 2009) ............................................. 10, 13, 15, 17

*In re Arakis Energy Corp. Sec. Litig.*,
No. 95-3431, 1999 U.S. Dist. LEXIS 22246 (E.D.N.Y. Apr. 23, 1999) ............ 6, 19

*In re Currency Conversion Fee Antitrust Litig.*,
MDL No. 1409, 2005 U.S. Dist. LEXIS 31251 (S.D.N.Y. Dec. 7, 2005) ............... 2

*In re Initial Public Offering Sec. Litig.*,
No. 01-9741, 2004 U.S. Dist. LEXIS 26000 (S.D.N.Y. Dec. 27, 2004) ................. 9

*Kassman v. KPMG LLP*,
925 F. Supp. 2d 453 (S.D.N.Y. 2013) ............................................... 3, 11

*Kassman v. KPMG LLP*,
No. 11 Civ. 03743, 2014 WL 3298884 (S.D.N.Y. July 8, 2014) ................... 3, 11

*Kubicek v. Westchester Cnty.*,
No. 08-372, 2013 WL 5423961 (S.D.N.Y. Sept. 27, 2013) ........................ 3, 11

*Lane v. Bethlehem Steel Corp.*,
93 F.R.D. 611 (D. Md. 1982) ....................................................... 12, 14, 16

*Legal Aid Soc. v. Dunlop*,
618 F.2d 48 (9th Cir. 1980) ............................................................... 12

*Lewis v. Gross*,
663 F. Supp. 1164 (E.D.N.Y. 1986) ..................................................... 19

*N.J. Carpenters Health Fund v. Residential Capital, LLC*,
No. 08-8781, 2010 U.S. Dist. LEXIS 135261 (S.D.N.Y. Dec. 21, 2010) ........ passim

*Robinson v. Blank*,
No. 11-2480, 2013 WL 2156040 (S.D.N.Y. May 20, 2013) ........................ 3, 11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Rogers v. Paul,*
   382 U.S. 198 (1965)...................................................................... 8

*Shankroff v. Advest, Inc.,*
   112 F.R.D. 190 (S.D.N.Y.1986) .................................................. 8

*Trief v. Dun & Bradstreet Corp.,*
   144 F.R.D. 193 (S.D.N.Y. 1992) .......................................... 12, 19

*Weisman v. Darneille,*
   89 F.R.D. 47 (S.D.N.Y. 1980) ..................................................... 7

## RULES

Fed. R. Civ. P. 23(a)(2)–(3) .............................................................. 6
Fed. R. Civ. P. 23(d)(1)(B)(iii) ......................................................... 2
Fed. R. Civ. P. 24(a) ............................................................... *passim*
Fed. R. Civ. P. 24(a)(2)................................................................... 17
Fed. R. Civ. P. 24(b) .............................................................. *passim*
Fed. R. Civ. P. 24(b)(1)................................................................. 18
Fed. R. Civ. P. 24(b)(1)(B) .............................................................. 6
Fed. R. Civ. P. 24(b)(3)................................................................. 20
Fed. R. Civ. Proc. 23(d) ................................................................... 4

## TREATISES

7B Charles Alan Wright, Arthur Miller, & Mary Kay Kane,
   Fed. Prac. & Proc. Civ. § 1799 (3d ed.)...................................... 6
7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane,
   Fed. Prac. & Proc. Civ. § 1908 (3d ed. 2007)........................ 5, 17
7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane,
   Fed. Prac. & Proc. Civ. § 1909 (3d ed. 2007)........................... 18
7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane,
   Fed. Prac. & Proc. Civ. § 1911 (3d ed. 2007)............................. 6
7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane,
   Fed. Prac. & Proc. Civ. § 1916 (3d ed. 2007)........................ 9, 15
Manual for Complex Litigation (Fourth), § 21.26.............................. 7
William B. Rubenstein, Alba Conte & Herbert Newberg,
   Newberg on Class Actions § 24:98 (4th ed. 2002)...................... 6
   Newberg on Class Actions § 16:6.............................................. 7
   Newberg on Class Actions § 16:8.............................................. 18

## I.     <u>INTRODUCTION</u>

Plaintiffs seek to intervene putative class members Mary De Luis and Allison Gamba ("proposed plaintiffs") as named Plaintiffs and proposed class representatives in this action, either by right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, by permission pursuant to Federal Rule of Civil Procedure 24(b).

Intervention is necessary in order to protect the interests of proposed plaintiffs and the class.  Ms. De Luis and Ms. Gamba both satisfy the proposed class definition here, having worked in the class positons during the class period.[1]  In addition, they were both current employees of Defendant Goldman, Sachs, & Co. ("Goldman") at the time of the filing of the complaint and the motion for class certification.  Ms. De Luis remains employed by Goldman as a Vice President to this day.  Thus, the proposed plaintiffs have standing to seek injunctive relief on behalf of the class under Federal Rule of Civil Procedure 23(b)(2) as set forth under this Court's prior ruling.  *See* Dkt. 365 (Report & Recommendation) ("R&R") at 35.[2]  Because the Court has found that the original named Plaintiffs lack such standing, intervention is necessary to ensure that all claims asserted on behalf of the class are adequately represented.

"Courts routinely allow the replacement of class representatives."  *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, 2005 U.S. Dist. LEXIS 31251, at *19 (S.D.N.Y.

---

[1] The proposed class definition covers: "All female Associates and Vice Presidents who have worked in Goldman Sachs' Investment Banking, Investment Management, and/or Securities Divisions in the United States at any time from September 10, 2004 to present, and in New York City from July 7, 2002 to the present."  *See* Memorandum in Support of Plaintiffs' Motion for Class Certification at 34, Dkt. 247 (July 1, 2014).

[2] Plaintiffs dispute that the law of the case doctrine prohibits revisiting and altering Judge Sand's ruling that former employees lack standing to seek injunctive relief, and have filed a motion for reconsideration on that point.  Dkt. 368.  By filing this motion, Plaintiffs do not waive that argument.  Even if the Court were to agree with Plaintiffs and grant the motion for reconsideration, intervention would still be warranted to ensure that all members of the class are adequately represented should the district court or any subsequent appellate court adopt a contrary position.

Dec. 7, 2005); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55, 57–58 (S.D.N.Y.

1993) ("Intervention is permitted to 'assure that the class is adequately represented' [and]

'should be liberally allowed.'") (citations omitted).  In fact, the principle that absent class

members may intervene in a class action to protect their interests and those of their fellow absent

class members is embedded in Rule 23 itself.  *See* Fed. R. Civ. P. 23(d)(1)(B)(iii) ("[T]he court

may issue orders that require—to protect class members and fairly conduct the action—giving

appropriate notice to some or all class members of the members' opportunity to signify whether

they consider the representation fair and adequate, **to intervene and present claims or defenses**,

or to otherwise come into the action[.]") (emphasis added).[3]

Plaintiffs respectfully submit that Ms. De Luis and Ms. Gamba meet the requirements for

intervention of right pursuant to Rule 24(a), since they have an interest in the subject of the

action, disposing of the action may as a practical matter impair their ability to protect their

interest and other absent class members' interests, and the existing parties do not adequately

represent that interest.  Fed. R. Civ. P. 24(a).  Alternatively, proposed plaintiffs certainly meet

the requirements for permissive intervention, as they have a claim that shares with the main

action a common question of law or fact.  Fed. R. Civ. P. 24(b); *see also* R&R at 31–32 ("The

plaintiffs have thus met their burden of demonstrating the existence of common issues of law and

fact.").  Plaintiffs will also demonstrate that this motion is timely, and that intervention will not

cause undue delay in the proceedings or undue prejudice to Goldman.

---

[3] *See also Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D. 105, 116 (E.D. Pa. 1992) ("Rule
23(d)(2) expressly recognizes the propriety of allowing intervention in class actions."); *Diduck*,
149 F.R.D. at 57-58 ("To the extent that Rule 23 deals with intervention, it should be construed
harmoniously with Rule 24.").

## II.     **PROCEDURAL HISTORY**

On July 7, 2012, Judge Sand granted in part Goldman's motion to strike class allegations on the grounds that "*Dukes* strips *Plaintiffs* of standing to seek 23(b)(2) certification." Dkt. 158 at 15 (emphasis added). The case was re-assigned to the Hon. Jesse M. Furman on October 15, 2012. Dkt. 163. On February 7, 2013, Judge Furman issued an order in another case on the exact same issue, which expressly discussed and rejected Judge Sand's order in this case, and came to the opposite conclusion. *See Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 467–68 (S.D.N.Y. 2013). Plaintiffs believed at that time, and continuing thereafter, that Judge Sand's standing ruling would be amended in favor of Plaintiffs. Declaration of Kelly M. Dermody ("Dermody Decl."), Ex. 1. The case was again re-assigned to the Hon. Analisa Torres on May 24, 2013. Dkt. 181.

Thereafter, courts in this district continued to find, one after another, that Judge Sand's ruling was in error. *See Robinson v. Blank*, No. 11-2480, 2013 WL 2156040, at *12 & n.3 (S.D.N.Y. May 20, 2013) (Freeman, J.); *Kubicek v. Westchester Cnty.*, No. 08-372, 2013 WL 5423961, at *8 (S.D.N.Y. Sept. 27, 2013)  (Ramos, J.); *Kassman v. KPMG LLP*, No. 11 Civ. 03743, 2014 WL 3298884, at *9 (S.D.N.Y. July 8, 2014) (Schofield, J.).  In the meantime, the briefing schedule for Plaintiffs' motion for class certification—in which Plaintiffs argued that Judge Sand's decision was error and that the requisites for certification under 23(b)(2) were satisfied—was repeatedly pushed back due to delays in expert discovery and document production. *See* Dkt. 167 (November 20, 2012 Order setting deadlines for expert discovery and class certification briefing); Dkt. 172 (March 25, 2013 Order pushing back deadlines for expert discovery); Dkt. 184 (June 24, 2013 Order pushing back deadlines for expert discovery and class certification briefing); Dkt. 201 (October 30, 2013 Order; same); Dkt. 211 (December 11, 2013 Order; same); Dkt. 215 (January 14, 2014 Order; same); Dkt. 222 (February 18, 2014 Orders;

same); Dkt. 226 (February 25, 2018 Order; same); Dkt. 236 (April 16, 2014 Order; same); Dkt.
239 (April 21, 2014 Order; same).

On July 1, 2014, Plaintiffs submitted their motion for class certification, citing the above
District authority on former employees and standing (with the exception of Judge Schofield's
subsequently-issued affirming decision in *Kassman*) and requesting certification under Rules
23(b)(2) and b(3). *See* Dkt. 246 & 247 (July 1, 2014). This Court issued its R&R on March 10,
2015. The Court held that certification would be appropriate under Rule 23(b)(2), but rejected
Plaintiffs' argument that Judge Sand's decision was not law of the case, recommending as a
result that certification be denied only because the named Plaintiffs lacked standing to represent
a 23(b)(2) class. R&R at 36, 45.

Shortly thereafter, Plaintiffs' counsel identified for the first time two absent class
members, Ms. De Luis and Ms. Gamba, as potential named Plaintiffs. These class members,
learning of the latest class-related order, have stepped forward to preserve the momentum of the
case on behalf of the class by coming forward as proposed class representatives. One, Ms.
Gamba, has already actively contributed her efforts to the case by participating in discovery and
sitting for deposition. Dermody Decl., ¶ 10. Ms. De Luis had no prior involvement with the
lawsuit. *Id*. At no time prior to March 23, 2015 did Plaintiffs' counsel have knowledge of a
current employee willing to serve as a named Plaintiff. *Id*. at 6. Plaintiffs' counsel informed
both Goldman and the Court of these developments on March 24, 2015. *Id*. This is precisely the
situation envisioned by Fed. R. Civ. Proc. 23(d).

Because Plaintiffs believe that the addition of Ms. De Luis and Ms. Gamba are critically
needed to protect the class' interests, and specifically to satisfy the Court's conditions for

certification under Rule 23(b)(2), Plaintiffs move to intervene them as named Plaintiffs and

proposed class representatives.[4]

### III.    LEGAL STANDARD

The Federal Rules of Civil Procedure allow for intervention of right under certain

circumstances, and also by permission if those circumstances are not met.  Intervention of right

is authorized by Rule 24(a):

> On timely motion an absentee must be permitted to intervene if (1)
> the absentee claims an interest relating to the property or
> transaction that is the subject of the action, and (2) is so situated
> that the disposition of the action may as a practical matter impair
> or impede the absentee's ability to protect that interest, unless (3)
> the existing parties adequately represent that interest.

7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1908,

p. 297 (3d ed. 2007).  Courts in this district and leading authorities on civil procedure have

recognized that absent class members are typically situated such that they, by definition, meet

prongs one and two, and thus have a right to intervene if the motion is timely and they can show

that their interests are not adequately represented.  *See, e.g.*, *Diduck*, 149 F.R.D. at 58 (granting

motion to intervene of right and finding that "[i]ntervention should be liberally allowed,

especially since members of a class are normally bound by the judgment in the class action.")

(internal citations and quotation marks omitted); *N.J. Carpenters Health Fund v. Residential

Capital, LLC*, No. 08-8781, 2010 U.S. Dist. LEXIS 135261, at *15 (S.D.N.Y. Dec. 21, 2010)

(granting motion to intervene of right since "[a]ny disposition on the merits would inevitably

---

[4] If the Court grants this motion, Plaintiffs will renew their motion for class certification with
Ms. De Luis and Ms. Gamba as proposed class representatives, in addition to Ms. Chen-Oster
and Ms. Orlich.  This can be done promptly because, other than discrete discovery related to
these two individuals (one of whom has already been subject to discovery), no new discovery is
necessary, and repeating past briefing—other than on new named plaintiff adequacy and
typicality—will be unduly inefficient and cumulative for the Court and the parties.

affect [absent class members'] claims since they arise from the same course of conduct and assert the same legal theories as the current plaintiffs"); 7B Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1799, p. 245 (3d ed.) (discussing application of Rule 24(a) "when the named representatives' claims have become or are likely to become moot, so that parties with 'live' interests will continue to actively prosecute the action"); William B. Rubenstein, Alba Conte & Herbert Newberg, Newberg on Class Actions § 24:98 (4th ed. 2002) ("Under Rule 24(a), members of a class would have the right to intervene if their interests were not adequately represented by existing parties.").

Alternatively, if the circumstances for intervention of right are not found, "Rule 24(b)(1)(B) provides that on timely motion the court may allow an absentee to intervene when the applicant 'has a claim or defense that shares with the main action a common question of law or fact.'" 7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1911, p. 450 (3d ed. 2007) (quoting Fed. R. Civ. P. 24(b)(1)(B)).  The standard of 24(b)(1)(B) closely mirrors the pre-requisites for a class action under Rule 23(a): that "there are questions of law or fact common to the class" and "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(2)–(3).  Thus, courts regularly permit new class representatives to intervene pursuant to this portion of Rule 24 as well, particularly when (as here) commonality has already been found to exist, or is virtually certain given the nature of the action.  *See, e.g., In re Arakis Energy Corp. Sec. Litig.*, No. 95-3431, 1999 U.S. Dist. LEXIS 22246, at *45 (E.D.N.Y. Apr. 23, 1999) (granting intervention where "the additional of the Watson plaintiffs as class representatives will in no way alter the legal or factual claims of the already certified class"); *Diduck*, 149 F.R.D. at 59 (finding standard for permissive intervention satisfied where "the intervenor's claims raise identical questions of

law and fact to those currently before the Court [on Rule 23 motion]").  Upon a motion under Rule 24(b), the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Diduck*, 149 F.R.D. at 59 (quoting *Weisman v. Darneille*, 89 F.R.D. 47, 52 (S.D.N.Y. 1980)).

Plaintiffs respectfully submit that the proposed plaintiffs are entitled to intervene under Rule 24(a), or, in the alternative, meet the standard for permissive intervention under Rule 24(b).

## IV.   <u>ARGUMENT</u>

### A.   <u>Proposed Plaintiffs Meet The Requirements For Intervention Of Right.</u>

The proposed plaintiffs seek to intervene in this action as absent class members with the same legal claims for relief, challenging the same company-wide policies and practices, as the current named Plaintiffs have asserted on behalf of the proposed class.  Critically, the proposed plaintiffs also have standing to seek injunctive relief, a claim the Court expressly would have found appropriate for certification under Rule 23(b)(2) if the Court had determined standing was satisfied by the current plaintiffs.  R&R at 36, 45.  These are the very circumstances for which intervention of right was intended.  *See* Newberg on Class Actions § 16:6 ("Intervention may be necessary [ ] to give standing to the class representative to challenge on constitutional grounds those portions of the regulations or procedures pursuant to which no other individual plaintiff is affected."); Manual for Complex Litigation (Fourth), § 21.26 ("Later replacement of a class representative may become necessary if, for example, the representative's individual claim has been mooted or otherwise significantly altered. . . . In such circumstances, courts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative[.]").[5]

---

[5] There is a long history of allowing new class representatives to come into a class action to ensure adequate representation of the class' claims, even before the current version of Rule 24 came into existence or before courts regularly required formal motions to intervene.  *Rogers v.*

1.    **The motion is timely.**

The first requirement of Rule 24 is that the motion be timely made.  The timeliness

inquiry is left to the discretion of the court.  *N.J. Carpenters*, 2010 U.S. Dist. LEXIS 135261,

at *9.  "In making its determination, a district court should consider (1) how long the applicant

had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties

resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any

unusual circumstances militating for or against a finding of timeliness."  *Id.* (citations and

internal quotation marks omitted).  "[T]he mere lapse of time by itself does not make an

application untimely. The court must weigh the lapse of time in the light of all the circumstances

of the case. . . . [including] whether the applicant was in a position to seek intervention at an

earlier stage in the case."  7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Fed. Prac.

& Proc. Civ. § 1916, p. 532 (3d ed. 2007).  The application of these factors here show that this

motion is timely.

---

*Paul*, 382 U.S. 198, 199 (1965) (granting motion to add current students as class representatives
in race discrimination class action, where the original representatives had graduated or were
about to graduate from the high school); *Brookhaven Housing Coalition v. Sampson*, 65 F.R.D.
24, 26 (E.D.N.Y. 1974) (after class was certified, subsequent court of appeals decision removed
standing of named plaintiffs; "In view of the representation by plaintiffs that there are members
of the class who have standing different from the named plaintiffs, it appears desirable to give
them an opportunity to be heard"); *Cole v. Schenley Indus., Inc.*, 60 F.R.D. 81, 87 (S.D.N.Y.
1973) ("As has previously been noted, none of the presently named plaintiffs was actually a
seller in the post-announcement period. Thus . . . intervention by Mr. Grais or another post-
announcement seller is essential to the maintenance of this action on behalf of such sellers.");
*Shankroff v. Advest, Inc.*, 112 F.R.D. 190, 194 (S.D.N.Y.1986) (granting class certification, but
finding named plaintiff inadequate, and ordering plaintiffs' counsel to "propose at least one
plaintiff to proceed as representative on behalf of the class . . . from those plaintiffs most willing
and able to serve.").  Though these cases do not analyze the requirements of Rule 24 *per se*, they
are instructive in their analysis of intervention as a tool of class action maintenance.

a.   **Proposed plaintiffs just learned of the threat to their interests.**

Absent class members are not required to continually monitor the litigation to ensure that the original plaintiff is an adequate representative or maintains standing for every claim.  *See, e.g.*, *In re Initial Public Offering Sec. Litig.*, No. 01-9741, 2004 U.S. Dist. LEXIS 26000, at *24–25 (S.D.N.Y. Dec. 27, 2004) ("Such a policy would punish class members for relying on the very thing Rule 23 is intended to provide: an efficient method for resolving claims common to a class of individuals without the need for wasteful and duplicative litigation."); *N.J. Carpenters*, 2010 U.S. Dist. LEXIS 135261, at *10 (same).  Thus, it is reasonable for absent class members to move to intervene only when the court rejects or denies one of their claims because of a problem with the class representative.  That moment came here on March 10, 2015, when this Court issued its R&R on Plaintiffs' Rule 23 motion.  Only then did proposed plaintiffs learn that class certification was denied, in substantial part, due to the standing issue.  They then promptly notified the Court of their intention to intervene on March 24, 2015.  Dermody Decl., ¶ 7.

Plaintiffs anticipate that Goldman will argue that Plaintiffs should have moved to intervene a current employee named Plaintiff as soon as Judge Sand issued his opinion on the standing issue in July 2012.  This argument fails for at least three reasons.  First, challenges to standing, such as Plaintiffs briefed in their class certification motion, are always timely and may be revisited at any time.  *See Adams v. Suozzi*, 433 F.3d 220, 224 (2d Cir. 2005) ("we may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding") (internal quotation marks and citation omitted); *Carling v. Peters*, No. 10-4573, 2013 WL 865822, at *6 (S.D.N.Y. Feb. 6, 2013) ("questions of jurisdiction may be revisited notwithstanding a court's earlier finding") (citation omitted).

Second, as a practical matter, Plaintiffs had no knowledge of any current employee willing to serve as a class representative until the Court recommended denying Plaintiffs' motion

in March 2015.  Dermody Decl., ¶ 6.   In *Haddock v. Nationwide Fin. Servs.*, 262 F.R.D. 97 (D. Conn. 2009), an ERISA class action, the court found timely a motion to intervene in very similar circumstances.  Plaintiffs alleged breach of fiduciary duty with respect to defendant's collection of payments from annuity contract holders.  *Id*. at 100.  However, by the time plaintiffs moved for class certification under (b)(2) and (b)(3), the named plaintiffs no longer held the annuity contract at issue.  *Id*. at 101.  The court therefore granted a motion to intervene so that there would be "a class representative who continues to hold an annuity contract and has standing to assert a claim for injunctive relief."  *Id*.  The court rejected defendant's argument that the motion was untimely because plaintiffs had five years between when the original named plaintiffs' standing lapsed (*e.g.*, they ceased to hold the contract), and when the new plaintiff moved to intervene.  *Id*. at 102.  The court recognized that, given defendant's alleged conduct, it was not surprising that class members continued to cancel their contracts; thus, "[t]he plaintiffs' understandable difficulty in finding another class representative is an important factor when assessing the significance of the lull[.]"  *Id*.  The court also noted that plaintiffs took immediate action to find another class representative as soon as the court alerted them, at the class certification stage, that the former plaintiffs could not represent the injunctive relief class.  *Id*. The same circumstances are present here: the difficulties in locating a current employee representative are not insignificant.  It was not until the Court issued its R&R that Plaintiffs identified proposed plaintiffs, and thereafter have moved diligently to intervene them to represent the class.

Third, Plaintiffs reasonably relied on ample District precedent criticizing the earlier ruling in this case and indicating a different consensus view on former employees' standing to assert claims for injunctive relief (especially where, as here, the employees sought

reinstatement).[6]  Judge Sand's opinion contradicts the solid weight of District authority that

followed it for the proposition that former employees who seek reinstatement have standing for

injunctive relief, and Plaintiffs' counsel had a reasonable expectation that they would ultimately

prevail on this argument at the Rule 23 stage, especially when the case was transferred to Judge

Furman (who had ruled in favor of the plaintiffs, and contrary to Judge Sand, on this very issue

in a similar case).  *Kassman*, 925 F. Supp. 2d at 467–68.  However, because of the multiple

changes to the class certification schedule outlined in Section II, *supra*, Plaintiffs did not file for

class certification until May 2014.  In the meantime, the proposed intervenors were entitled to

rely on the named Plaintiffs to litigate their interests.  In *N.J. Carpenters*, for example, the court

allowed new class representatives to intervene "to cure some of the standing problems identified

at the motion to dismiss stage by adding plaintiffs who purchased securities in some of the

offerings in which the current Plaintiffs purchased none.  This would revive a number of the

claims that were dismissed for lack of standing."  2010 U.S. Dist. LEXIS 135261, at *7.  The

court also held that the motion was timely because the intervenors "were justified in relying on

the plaintiffs to represent their interests, since plaintiffs had initially asserted the claims on which

they hope to recover, and precedent [citations] suggested that the plaintiffs would have

standing."  *Id.* at *9–10.  Critically, the court found the reasonableness of that belief supported

by the another court's opinion in this jurisdiction adopting plaintiffs' position in the interim, after

the motion to dismiss had been granted – the *exact same* situation presented here, though with

four subsequent opinions adopting Plaintiffs' position rather than just one.  *Id.* at *10.

---

[6] *Kassman v. KPMG LLP*, No. 11 Civ. 03743 (LGS), 2014 WL 3298884, at *9 (S.D.N.Y. July 8, 2014) (Schofield, J.); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 467-68 (S.D.N.Y. 2013) (Furman, J.); *Robinson v. Blank*, No. 11-2480, 2013 WL 2156040, at *12 & n.3 (S.D.N.Y. May 20, 2013) (Freeman, J.); *Kubicek v. Westchester Cnty.*, No. 08-372, 2013 WL 5423961, at *8 (S.D.N.Y. Sept. 27, 2013) (Ramos, J.).

Other courts have similarly emphasized that the timeliness inquiry is guided not only by the amount of time involved but by other factors, notably the important objective of adequate representation under Rule 23.  *See, e.g., Legal Aid Soc. v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980) ("In particular, the relevant circumstance here for determining timeliness is when the intervenor became aware that its interest would no longer be protected adequately by the parties."); *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 203 (S.D.N.Y. 1992) (granting a motion to intervene filed while class certification pending amidst the parties' disputes over standing and holding that "important policy considerations support his inclusion because [intervenor's] presence will ensure that all interested plaintiffs are represented"); *Ardrey*, 142 F.R.D. at 116–17 (motion to intervene was timely when filed after class certification briefing was underway, in response to defendant's adequacy argument, in order to "strengthen the representation of the class."); *Lane v. Bethlehem Steel Corp.*, 93 F.R.D. 611, 614 (D. Md. 1982) ("[T]here is an analytical relationship between the adequacy of representation and timeliness concepts").  Proposed plaintiffs here fall into the routinely-allowed category of absent class members who move timely to intervene when they learn that a new representative is needed to protect their interests and those of the class at large.

### b.   Goldman will not be prejudiced by the delay.

The second factor in determining timeliness is prejudice to the opposing party.  Goldman will not be prejudiced by intervening additional named plaintiffs at this stage for several reasons. First, proposed plaintiffs will not add any new class claims or factual allegations unrelated to the legal theories already asserted.  *See N.J. Carpenters*, 2010 U.S. Dist. LEXIS 135261, at *11 (no prejudice where claims that would be resurrected by new plaintiffs "add no new legal theories and share a strong factual nexus with the existing claims.").  Here, Plaintiffs have challenged three uniform practices of Goldman from the beginning of the case: the compensation,

- 12 -

performance review, and promotion systems.  *See, e.g.*, Dkt. 5 (Complaint), ¶¶ 1–12; Dkt. 104

(First Amended Complaint), ¶¶ 1–10; Dkt. 158 (Opinion & Order) at 7 ("As Judge Francis

found—correctly, we believe—Plaintiffs have identified a number of specific, companywide

'employment practices' and 'testing procedures.' These include the '360-degree review process,

the forced-quartile ranking of employees, and the 'tap on the shoulder' system for selecting

employees for promotion.").  The commonality of these policies has been the litigation's central

theme and focus, and both sides have engaged in extensive discovery to investigate them,

including multiple-day 30(b)(6) depositions on each policy in each revenue-generating division

of Goldman Sachs.  Dermody Decl., ¶ 8–9.  This focus will not change with the addition of

proposed plaintiffs.

Second, the additional discovery needed on the proposed plaintiffs' individual

circumstances is minimal, especially as Ms. Gamba has already been through document

production and deposition, and discovery focused on the commons practices is complete.

Dermody Decl., ¶ 8–10.  Plaintiffs have offered to produce documents and make Ms. De Luis

available for deposition promptly, upon request.  *Id*., ¶ 11.  *See Ardrey*, 142 F.R.D. at 117

(finding no prejudice and noting that "proposed intervenors have made themselves available for

discovery in anticipation of intervention"); *N.J. Carpenters*, 2010 U.S. Dist. LEXIS 135261,

at *11 (holding that because intervenors would represent class claims, "they do not present much

in the way of new material to consider in connection with the class certification motions").

Third, Goldman has been on notice of the claims that the proposed plaintiffs would assert

since the beginning of the action.  *See Haddock*, 262 F.R.D. at 102–03 (no prejudice where

"defendants were on notice that the Trustees sought injunctive relief at the time this suit was

initially filed, and the ability of the plaintiffs to pursue that claim has been undercut by the long

- 13 -

pendency of this suit. [Intervention], therefore, will not alter the nature or dimensions of this

lawsuit; the action remains the same as the day that plaintiffs commenced it."); *N.J. Carpenters*,

2010 U.S. Dist. LEXIS 135261, at *12 (no prejudice in class action where defendants have

notice of scope and nature of potential liability); *Lane*, 93 F.R.D. at 617 (same).

In addition, the fact that the Court has already found that Plaintiffs meet all the

requirements of Rule 23(a), and would have recommended that a class be certified under Rule

23(b)(2) were it not for the standing issue, bears directly on the absence of prejudice here.  This

is not a case where the court has held that a class can never be certified on the claims asserted

and defendants have relied on that holding and would be unfairly prejudiced by a sudden

modification of claims or litigation strategy.  Rather, this is a case where the Court's R&R in

effect notified the parties that class certification under Rule 23(b)(2) would be appropriate if

standing were satisfied.   Plaintiffs will rely on the exact same record that is before the court

relating to class certification—the only change is the addition of two current employees to the

caption.  In *Ardrey*, for instance, the court rejected defendant's argument that intervention would

cause prejudice by allowing plaintiffs to cure deficiencies in their class motion, which would

place defendants at a disadvantage in contesting class certification.  142 F.R.D. at 117.  The

court held that the argument lacked merit, since the requirements for Rule 23 certification were

otherwise met, and "Plaintiffs [sic] motion for intervention serves only to strengthen an already

maintainable class, rather than to cure a class unfit for maintenance."  *Id*.  The same rationale

undermines any prejudice Goldman may claim here.

### c.    Proposed plaintiffs will be prejudiced by denial of their application.

In contrast, the final factor in the timeliness determination weighs heavily in favor of

intervention: failure to add the proposed plaintiffs, and thereby to deny class representation of

- 14 -

the injunctive relief claims that are suitable for (b)(2) certification, will work significant

prejudice to the proposed plaintiffs and the absent class members.  Specifically, they will lose the

ability to change common company policies they contend are discriminatory against women as a

class in this action.  "Since in situations in which intervention is of right the would-be intervenor

may be seriously harmed if intervention is denied, courts should be reluctant to dismiss such a

request for intervention as untimely[.]"  7C Charles Alan Wright, Arthur Miller, & Mary Kay

Kane, Fed. Prac. & Proc. Civ. § 1916, at p. 531 (3d ed. 2007).

### 2.      Proposed plaintiffs have an interest in the subject of the litigation.

"For an interest to be cognizable under Rule 24(a)(2), it must be 'direct, substantial, and

legally protectable.'"  *Brennan v. N.Y. City Bd. Of Educ.*, 260 F.3d 123, 129–30 (2d Cir. 2001)

(noting this requirement is satisfied by "an interest relating to the property or transaction which

is the subject matter of the litigation").

This standard is readily satisfied here, where proposed plaintiffs assert the same claims

on behalf of the class as the original representatives.  For instance, in *Diduck*, 149 F.R.D. at 55,

an ERISA class action brought on behalf of retirement fund beneficiaries, the original class

representative died and other retirees sought intervention to continue prosecuting the same

claims.  The court held that the intervenors' interests satisfied Rule 24(a) because their interests

in the funds were identical to that of the original plaintiff.  *Id.* at 58.  *See also Haddock*, 262

F.R.D. at 101 (class member, who held annuity contract with defendant, had interest in litigation

over defendant's breach of fiduciary duty with respect to payment collections from contract

holders).  Indeed, in *N.J. Carpenters*, *supra*, the court held that the intervenors – who sought to

revive claims that the court found the original representatives lacked standing to represent – had

a direct interest in the litigation, even though their claims were for securities purchased in a

different time period.  "The offerings were made pursuant to offering documents that were

- 15 -

common to the offerings in which the existing plaintiffs purchased the securities that gave rise to their existing claims."  2010 U.S. Dist. LEXIS 135261, at *14.  Similarly, the *Brennan* court held that white, male employees' interest in their seniority rights gave them the right to intervene in a proposed settlement that would affect promotion policies, since their claims of reverse discrimination were "the mirror image of the [discrimination] claims asserted by the government."  260 F.3d at 130.

In this case, proposed plaintiffs' interest in the subject matter of the litigation is straightforward.  Like the intervenors in *Diduck*, they seek intervention to challenge the same policies and practices that the original plaintiffs challenge: Goldman's compensation, performance review, and promotion policies.  Like the intervenors in *N.J. Carpenters* and *Haddock*, proposed plaintiffs would revive claims that were dismissed for lack of standing— "interests that will go unprotected if they are not allowed to intervene."  2010 U.S. Dist. LEXIS 135261, at *15.  Finally, like intervenors in *Brennan*, the legal claims they assert are "based on identical legal theories" as the existing class claims, meaning that a separate lawsuit would be duplicative and wasteful.  260 F.3d at 130.  *See also Lane*, 93 F.R.D. at 615 (absent class members had cognizable interest in appealing denial of class certification motion; "the interests of a putative class member in the class aspect of a case, as well as the right to appellate review thereof, cannot be eliminated by the very decision from which appellate review is sought.").

### 3.   The outcome of this action may impair proposed plaintiffs' ability to protect their interests and the interests of the class.

The outcome of this action may, as a practical matter, impair proposed plaintiffs' ability effectively to challenge the legality of the allegedly discriminatory employment practices to which they have been subjected.  If the current class representatives are not allowed to seek injunctive relief, and no current employee is allowed to intervene to do so, then those class

claims effectively will be foreclosed in this case.  *See Haddock*, 262 F.R.D. at 103 (finding that

denial of intervention to class representative with standing to represent (b)(2) class "would

prejudice him and the other class members significantly").  "The rule is satisfied whenever

disposition of the present action would put the movement at a practical disadvantage in

protecting its interest."  7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Fed. Prac. &

Proc. Civ. § 1908.2, p. 369 (3d ed. 2007).  Therefore, this prong of the Rule 24(a) test is readily

satisfied under the circumstances present here.

> ### 4.  The existing class representatives do not adequately protect proposed plaintiffs' interests.

If the other requirements for intervention of right under Rule 24(a) are satisfied, the court

must allow intervention "unless the existing parties adequately represent that interest."  Fed. R.

Civ. P. 24(a)(2).  Here, the existing representatives have to date been held to be unable to

represent their or other absent class members' interests (including those of the proposed

plaintiffs) in seeking injunctive relief from Goldman's employment practices.  *See Haddock*, 262

F.R.D. 101 ("[Intervenor]'s interests are not adequately protected by the other parties.  There is

no other class representative who continues to hold an annuity contract and has standing to assert

a claim for injunctive relief against Nationwide on [intervenor]'s behalf."); *N.J. Carpenters*,

2010 U.S. Dist. LEXIS 135261, at *15 (since the court previously ruled that the class

representatives did not have standing to represent purchasers who bought securities after a

certain date, "the Intervenor's interests will go unprotected if they are not allowed to intervene"

to represent the later purchasers).  *See also Gaddis v. Wyman*, 304 F. Supp. 713, 716 (S.D.N.Y.

1969) (where named plaintiff received relief from department of social services during pendency

of the case, "intervention in this class action by persons properly members of the class should be

permitted to protect the interests of the class and the intervenor applicants who are no longer

'adequately represented by existing parties.'") (quoting Fed. R. Civ. P. 24(a)).  Notably, while Judge Sand's decision may yet cease to be afforded  deference as law of the case, either through Plaintiffs' motion for reconsideration or on appeal, "courts . . . resolve doubts in favor of the intervenor, and . . . allow intervention whenever there is a significant possibility that the representation may prove inadequate."  7C Charles Alan Wright, Arthur Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1909, at p. 390 (3d ed. 2007).

In sum, Plaintiffs respectfully submit that proposed plaintiffs satisfy the requirements for intervention of right pursuant to Rule 24(a).

**B.** **In The Alternative, Proposed Plaintiffs Satisfy The Standard For Permissive Intervention.**

In the alternative, proposed plaintiffs satisfy the standard for permissive intervention because they "have a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  In the class action context, this standard is easily satisfied where the intervenors will assert the same claims as, and merely serve to cure a problem with, the original representatives.  *See* Newberg on Class Actions § 16:8 ("Courts appear to be particularly amenable to permissive intervention when no additional issues are presented to the case, when the intervenor's claims are 'virtually identical' to class claims, and when intervention would strengthen the adequacy of the representation.").

**1.** **The motion is timely.**

As with Rule 24(a), Rule 24(b) requires that a motion to intervene be timely.  For the same reasons set forth in Section III.A.1., *supra*, adopted here, the motion is timely.

**2.** **Proposed plaintiffs' claims and the main action share common issues of law and fact.**

Proposed plaintiffs' claims and the main action share common issues of law and fact because proposed plaintiffs seek to bring the same claims, based on the same legal theories, as

the current representatives.  *See, e.g.*, *Trief*, 144 F.R.D. at 202 (granting motion to intervene class members with standing and finding that intervenors shared common issues of law and fact in seeking to represent those claims); *Diduck*, 149 F.R.D. at 59 (where intervenors sought to maintain same class claims as original representative, "[c]learly, the Applicants' claims and the instant action have common questions of law and fact. Indeed, the intervenor's claims raise identical questions of law and fact to those currently before the court."); *Ardrey*, 142 F.R.D. at 117 (finding Rule 24(b) satisfied because "[t]he proposed intervenors were subject to the same change in their compensation and the proposed intervenors have raised the identical legal claims as the named plaintiffs"); *Lewis v. Gross*, 663 F. Supp. 1164, 1172 (E.D.N.Y. 1986) (finding Rule 24(b) satisfied because "[l]ike the named plaintiffs and the plaintiff class, the proposed intervenors seek declaratory and injunctive relief against federal defendant's denial of Medicaid to them on the basis of its alienage requirements"); *In re Arakis Energy Corp. Sec. Litig.*, 95-CV-3431, 1999 U.S. Dist. LEXIS 22246, at *45 (granting permissive intervention where "the addition of the Watson plaintiffs as class representatives will in no way alter the legal or factual claims of the already certified class").  Indeed, the Court here has already found that all class members' claims share common issues of law and fact.  *See* R&R at 31–32.

### 3. <u>Intervention will not unduly delay or prejudice the adjudication of the original parties' rights.</u>

Rule 24(b) requires the court to consider whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  For the same reasons set forth in Section IV.A.1.a., *supra*, Plaintiffs and proposed plaintiffs have not unduly delayed intervention.  Furthermore, allowing intervention will not unduly delay the litigation moving forward.  Proposed plaintiffs present the same claims, based on the same facts, that the parties have been litigating since inception.  The only additional briefing that will be required

will be with respect to the typicality and adequacy of Ms. De Luis and Ms. Gamba.  Ms. Gamba has already been subject to discovery (document production and deposition) in connection with her submission of a declaration in support of Plaintiffs' class certification motion.  Ms. De Luis's individual discovery can proceed very quickly; Plaintiffs are prepared to produce her documents immediately and schedule a deposition at Goldman's convenience.  Production of documents regarding these employees from Goldman will not be time-consuming. The case will quickly be ripe for re-consideration of Plaintiffs' Rule 23 motion, and the delay will be minimal.

For the same reasons set forth in Section IV.A.1.b., *supra*, intervention will not prejudice Goldman Sachs: Goldman has been on notice of the proposed plaintiffs' claims since the beginning of the action; proposed plaintiffs will not add any new class claims or factual allegations unrelated to such claims; and the additional discovery needed on the proposed plaintiffs' individual circumstances is minimal and can be handled quickly and efficiently.

## V.      <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request that the court allow Ms.

De Luis and Ms. Gamba to intervene as named Plaintiffs in the litigation.


Respectfully submitted,

Dated: April 13, 2015             **LIEFF, CABRASER, HEIMANN &**
                                  **BERNSTEIN, LLP**

                                  By:     */s/ Kelly M. Dermody*
                                  _____
                                          Kelly M. Dermody

                                  Kelly M. Dermody (*admitted pro hac vice*)
                                  Anne B. Shaver (*admitted pro hac vice*)
                                  275 Battery Street, 29th Floor
                                  San Francisco, CA 94111-3339
                                  Telephone:  (415) 956-1000
                                  Facsimile:  (415) 956-1008

                                  **LIEFF, CABRASER, HEIMANN &**
                                  **BERNSTEIN, LLP**
                                  Rachel Geman
                                  250 Hudson St., 8th Floor
                                  New York, New York 10013-1413
                                  Telephone:  (212) 355-9500
                                  Facsimile:  (212) 355-9592

Dated: April 13, 2015             **OUTTEN & GOLDEN LLP**

                                  By:     */s/ Adam T. Klein*
                                  _____
                                          Adam T. Klein

                                  Adam T. Klein
                                  Cara E. Greene
                                  Melissa L. Stewart
                                  3 Park Avenue, 29th Floor
                                  New York, New York 10016
                                  Telephone:  (212) 245-1000
                                  Facsimile:  (212) 977-4005

1224554.5

**OUTTEN & GOLDEN LLP**
Paul W. Mollica
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
Telephone:  (312) 809-7010
Facsimile:   (312) 809-7011

*Attorneys for Plaintiffs and the Putative Class*

1224554.5