## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 15, 2015

By ECF

The Honorable James C. Francis, IV,
   U.S. District Court for the
   Southern District of New York,
      500 Pearl Street,
         New York, NY 10007-1312.

         Re:   *Chen-Oster, et ano.* v. *Goldman, Sachs & Co., et ano.*
                No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Francis:

        On behalf of Defendants, we write to inform Your Honor of certain facial procedural defects in the "Motion to Intervene" that the named Plaintiffs and their counsel filed the evening before last, in which they purport to "move the Court to intervene putative class members Mary De Luis and Allison Gamba as proposed class representatives pursuant to Federal Rules of Civil Procedure 24(a) and/or (b)." (Notice of Motion to Intervene, Dkt. No. 376.) We wanted to bring these defects to Your Honor's attention now, rather than wait to make these points with our opposition papers, scheduled to be filed on May 15, 2015, to avoid further delay in these proceedings, and to avoid the risk that Plaintiffs' counsel will try to address these defects by inserting new allegations and legal argument into their reply papers, thereby limiting Defendants' opportunity to respond fully.

        *First*, the Motion to Intervene is *not* made by the proposed intervenors—Ms. De Luis and Ms. Gamba—but by the named Plaintiffs. In fact, Ms. De Luis and Ms. Gamba have not submitted any document to the Court indicating that they are prepared to seek to serve as named plaintiffs and class representatives. By its terms, Federal Rule of Civil Procedure 24 permits motions only by individuals or entities who seek to intervene as parties in a pending lawsuit. Rule 24 is *not* a device for the named plaintiffs or their counsel in a lawsuit to seek to move for the intervention of a third party. *See Braniff Airways, Inc.* v. *Curtiss-Wright Corp.*, 411 F.2d 451, 455 (2d Cir. 1969) (citing Fed. R. Civ. P. 24) (emphasis added) ("[Plaintiff] could not properly make this motion; it must be *made by the parties seeking to intervene.*"); Charles A. Wright, Arthur R. Miller, et al., Federal Practice & Procedure § 1914 (3d ed. 2014) (emphasis added) ("An application to intervene . . . *must be made by the person seeking to intervene.*").

The Honorable James C. Francis, IV                                                                                          -2-

*Second*, the named Plaintiffs' counsel do not identify themselves as counsel for Ms. De Luis or Ms. Gamba in any of the motion papers, but as "Attorneys for Plaintiffs and the Putative Class" or "Co-Lead Counsel for the named Plaintiffs and the putative class." (Notice of Motion to Intervene 2; Declaration of Kelly M. Dermody in Support of Plaintiffs' Motion to Intervene ¶ 1, Dkt. No. 379.) At this stage, when no class has been certified, it is not enough for Plaintiffs' counsel to claim that they represent the "putative class members."[1]

*Third*, the named Plaintiffs' motion ignores Rule 24(c), which requires that a motion to intervene "must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The purpose of this requirement is to ensure that the proposed intervenor has claims that support the requested intervention. *See Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761-62 (2d Cir. 1968) (intervenor's "failure to file a pleading along with his motion papers, as required by Rule 24(c), was fatal to his application"); *Bano v. Union Carbide Corp.*, 2005 WL 6800401, at *14-15 (S.D.N.Y. Aug. 12, 2005) (Pitman, J.) (denying motion to intervene for failure to comply with Rule 24(c), because "defendants have no prior notice of the basis for Intervenors' claims"), *adopted* 2005 WL 2464589 (S.D.N.Y. Oct. 5, 2005) (Keenan, J.). As matters now stand, Defendants have no notice of the specifics of any claim that Ms. De Luis and Ms. Gamba purportedly have against Defendants, including, for example, whether they challenge the application of Defendants' 360 review or quartiling processes to them. Neither Ms. De Luis nor Ms. Gamba has filed any charge with the EEOC.

In light of the facial procedural defects identified above, Defendants believe the most orderly process here would be for the Court to reject Plaintiffs' motion as procedurally improper under Rule 24, and to give Ms. De Luis and Ms. Gamba time to try to file a proper intervention motion, with Defendants being given the same amount of time to submit opposition papers (32 calendar days) as was allowed by the March 31 scheduling order. Alternatively, if the Court permits the named Plaintiffs (as opposed to

---

[1]   *See Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 187 (S.D.N.Y. 2014) (Freeman, J.) ("attorney-client relationship between class counsel and class members" does not begin until either "the time of class certification, or after the opt-out period has ended"); ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 07-445, at 3 (2007) ("A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired.").

The Honorable James C. Francis, IV                                                                -3-


Ms. De Luis and Ms. Gamba) to proceed with their deficient submission, Defendants ask that the Court confirm that Defendants will have the opportunity to submit sur-reply papers, to address matters raised by Plaintiffs' counsel on reply that should have been included in their opening papers.

        We thank Your Honor for your consideration and are available at Your Honor's convenience to discuss this matter.

                                                        Respectfully,

                                                        Theodore O. Rogers, Jr.


cc:  Kelly M. Dermody, Esq. (By ECF)
     (Lieff Cabraser Heimann & Bernstein, LLP)

     Adam T. Klein, Esq. (By ECF)
     (Outten & Golden LLP)