# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

July 28, 2015

Via ECF

The Honorable James C. Francis, IV,
    U.S. District Court for the
        Southern District of New York,
            500 Pearl Street,
                New York, NY 10007-1312.

        Re:    *Chen-Oster, et ano.* v. *Goldman, Sachs & Co., et ano.*
                  No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Francis:

        At the close of the July 22 hearing on the motion to intervene, when Plaintiffs' counsel sought leave to file declarations from the proposed intervenors concerning the issue of notice, I asked that the proposed intervenors disclose to the Court when Plaintiffs' counsel first contacted them. Your Honor stated that the Court would not dictate what the declarations should say, but agreed to "hear argument about what [the Court] should infer" from the new declarations. (Hr'g Tr. 56.)

        On Friday afternoon, July 24, Plaintiffs' counsel submitted bare-bones, two-sentence declarations from each of the proposed intervenors. (ECF Nos. 406-07.) These declarations studiously avoid saying (i) when intervenors first learned of this action, (ii) when Plaintiffs' counsel first contacted the intervenors, including by e-mail, letter, or voicemail, and (iii) how their interests would be prejudiced if they must file a separate action against Defendants. The proposed intervenors thus do not dispute that: Defendants notified them of the existence of this lawsuit in 2010 and repeatedly thereafter (Yanagisawa Decl. ¶¶ 3-4, ECF No. 400); in late 2013, Defendants informed them that their names had been given to Plaintiffs' counsel as possible witnesses in the case and that they could expect to be contacted (*see* Reider Decl. ¶ 5, ECF No. 398); and

The Honorable James C. Francis, IV                                                               -2-

Plaintiffs' counsel contacted them in late 2013 or early 2014 (*see* O'Keeffe Decl. ¶ 6, ECF No. 396).*

        Because the declarations do not challenge those undisputed facts, they provide no basis for Ms. Gamba's or Ms. De Luis' intervention in this five-year-old action, three years after Judge Sand's July 17, 2012 decision expressly striking Plaintiffs' Rule 23(b)(2) class claims. It is black-letter law that the standard for the timeliness of a motion to intervene is constructive notice of one's interest in the litigation. *See Hnot* v. *Willis Grp. Holdings*, 2006 WL 3476746, at *3-4 (S.D.N.Y. Nov. 30, 2006) (Lynch, J.) ("[T]he Second Circuit has repeatedly explained that the date on which the proposed intervenor learns of his or her *interest* in the litigation is of primary importance in the timeliness inquiry." (emphasis in original) (citing cases)); *Blohm + Voss GmbH* v. *M/V Olympia Explorer*, 2006 WL 2472044, at *2-3 (S.D.N.Y. Aug. 4, 2006) (Francis, J.) (denying intervention where "both putative intervenors have long had at least constructive notice … yet they failed to act promptly"), *adopted by* No. 05 Civ. 07753 (S.D.N.Y. Nov. 30, 2006) (Jones, J.); *see also In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000); *Cantanzano* v. *Wing*, 103 F.3d 223, 233 (2d Cir. 1996).

        Here, once the proposed intervenors became aware of this litigation, they are chargeable with constructive notice of Judge Sand's July 17, 2012 ruling striking the 23(b)(2) class claims. That ruling – which among other places has been posted since 2012 on the public web site maintained by Plaintiffs' counsel for those interested in the case, www.goldmangendercase.com – triggered their obligation, for purposes of the timeliness inquiry, to determine whether Judge Sand's decision "could impact their interests." *Floyd* v. *City of New York*, 302 F.R.D. 69, 87 (S.D.N.Y. 2014) (Torres, J.); *see Hnot*, 2006 WL 3476746, at *3 (once putative intervenor "knew of this litigation," she "could and should have learned through reasonable diligence" about "publicly available" court orders); *In re IPO Secs. Litig.*, 2005 WL 3015304, at *2 (S.D.N.Y. Dec.

---

*     Ms. Gamba even admits discussing this lawsuit with Plaintiffs' counsel as of January 2014. (Gamba Decl. ¶ 1.) She does not disclose what they discussed, but thereafter she became actively involved with this case, submitting a declaration in February 2014. (ECF No. 254.) Ms. De Luis claims that she "first contacted Plaintiffs' counsel on March 6, 2015" and had never "spoken" with them before then, but she does not say whether Plaintiffs' counsel had contacted her earlier. (De Luis Decl. ¶ 1.) It is unclear how Ms. De Luis would have known to contact Plaintiffs' counsel had they not previously communicated with her about this litigation. Moreover, Your Honor's Report and Recommendation was not issued until March 10, after Ms. De Luis allegedly had her first contact with Plaintiffs' counsel. *The R&R thus cannot have alerted Ms. De Luis that her rights might be affected by the litigation, as Plaintiffs have repeatedly claimed.*

The Honorable James C. Francis, IV                                                                                        -3-

27, 2004) (Scheindlin, J.) ("'The issue that the Court must consider is . . . whether Plaintiffs had constructive notice of facts sufficient to create a duty to inquire further into that matter.'" (quoting *Newman* v. *Warnaco Grp., Inc.*, 335 F.3d 187, 193 (2d Cir. 2003))).

At the hearing, Plaintiffs' counsel argued that the constructive notice standard should operate differently depending on the identity of the proposed intervenor: they claim that individuals should be treated differently from police unions, corporations, and other organizations. (Hr'g Tr. 13, 45.) They have cited no law in support of this argument, and courts in this Circuit regularly apply the constructive notice standard to individuals who seek to intervene. *See, e.g.*, *Hnot*, 2006 WL 3476746, at *1-4 (individual Title VII plaintiff); *Ricci* v. *DeStefano*, 2010 WL 9113871, at *4 (D. Conn. May 12, 2010) (same). Ms. Gamba and Ms. De Luis were contacted directly, by both the Defendants and Plaintiffs' counsel, were indisputably aware of this well-publicized lawsuit, and, in the case of Ms. Gamba, was a participant in the litigation. Judge Sand's ruling has been publicly available for over three years, including on the website of Plaintiffs' counsel, and nothing prevented them from inquiring into how that ruling affected their interests. On far less compelling facts than these, the Second Circuit and courts in this District have found constructive notice. *See, e.g.*, *United States* v. *Pitney Bowes Inc.*, 25 F.3d 66, 71 (2d Cir. 1994); *Republic of the Philippines* v. *Christie's*, 2000 WL 1056300, at *3 (S.D.N.Y. Aug. 1, 2000) (Patterson, J.).

In sum, these declarations are a sideshow meant to distract the Court from the fact that both Ms. De Luis and Ms. Gamba had actual knowledge of this lawsuit and constructive notice of Judge Sand's ruling, but waited for years to move to intervene. "Intervention shouldn't be allowed just to give class action lawyers multiple bites at the certification apple, when they have chosen, as should have been obvious from the start, patently inappropriate candidates to be the class representatives." *Randall* v. *Rolls-Royce Corp.*, 637 F.3d 818, 827 (7th Cir. 2011).

Respectfully,

/s/ Robert J. Giuffra, Jr.

cc:   Kelly M. Dermody, Esq. (By ECF)
      (Lieff Cabraser Heimann & Bernstein, LLP)

      Adam T. Klein, Esq. (By ECF)
      (Outten & Golden LLP)