# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/18/15
```

August 17, 2015

Via ECF

The Honorable Analisa Torres,
    United States District Court for the
    Southern District of New York,
        Daniel Patrick Moynihan United States Courthouse,
            500 Pearl Street,
                New York, NY 10007.

Re:   *Chen-Oster, et ano.* v. *Goldman, Sachs & Co., et ano.,*
      No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Torres:

On behalf of Defendants, we write to propose a briefing schedule for Your Honor's prompt consideration of the recommendation in Magistrate Judge Francis' March 10, 2015 Report and Recommendation ("R&R") (ECF No. 364) that Your Honor deny Plaintiffs' motion to certify, pursuant to Rule 23(b)(3), a damages class in this now five-year-old litigation. Such consideration is needed to avoid prejudice to Defendants and putative absent class members while Your Honor determines whether Allison Gamba, a former Goldman Sachs employee, and Mary De Luis, a current employee, can intervene to try to bring entirely separate claims for injunctive and declaratory relief. If such intervention is allowed, Plaintiffs are proposing that the parties litigate over, and Judge Francis determine, whether a class can be certified pursuant to Rule 23(b)(2)—a process that could take many months, if not several years.

The Honorable Analisa Torres                                                    -2-

## Background

After Judge Francis issued his lengthy R&R, Your Honor approved the briefing schedule jointly proposed by the parties providing for the filing of objections to the R&R by May 8, 2015 and responses by June 12, 2015. (March 16, 2015 Order, Docket No. 367.) Then, Plaintiffs moved before Judge Francis to reconsider his R&R and submitted a motion for intervention by Ms. Gamba and Ms. De Luis. On March 31, 2015, Judge Francis entered a scheduling Order stating that "[a]t the direction of the Honorable Analisa Torres, U.S.D.J., the schedule for submitting objections with respect to the 3/10/15 R&R shall be held in abeyance" pending determination of those motions.

Judge Francis has now decided the two motions that delayed Your Honor's consideration of the R&R. On August 3, 2015, Judge Francis denied Plaintiffs' motion for reconsideration and granted intervention to the two proposed intervenors. As described below, Plaintiffs put forward the intervenors because, as Judge Sand held in a July 17, 2012 decision, Plaintiffs, as former Goldman Sachs employees, did not have standing to seek certification of a Rule 23(b)(2) class seeking injunctive and declaratory relief.

Defendants are today filing with Your Honor an appeal of Judge Francis' order granting Plaintiffs' intervention motion. Defendants believe that Judge Francis erred in granting intervention because intervention was untimely, is severely prejudicial to Defendants, and the proposed intervenors would suffer no prejudice from denial of the motion because they can commence their own action in this Court. In addition, Defendants intend to seek dismissal of Ms. Gamba's claims for injunctive and declaratory relief on the ground that, as a former employee, she has no standing to bring such claims. We are conferring with Plaintiffs pursuant to Your Honor's Individual Rules concerning such a motion. Defendants have asked Judge Francis to stay proceedings before him pending Your Honor's decisions on their appeal of the

The Honorable Analisa Torres                                                                    -3-

intervention motion and, if necessary, their motion to dismiss Ms. Gamba's claims for declaratory and injunctive relief.

**Relief Requested**

Defendants respectfully request that the Court proceed with consideration of Judge Francis' recommendation, in his R&R, that the motion for certification of a Rule 23(b)(3) damages class be denied. At oral argument on Plaintiffs' intervention motion, Judge Francis himself suggested that Defendants could "proceed with the appeal to Judge Torres with respect to the (b)(3) class[,] . . . whatever happens with the (b)(2) issues." (Hr'g Tr. 25, July 22, 2015.) Whether the intervenors can seek to certify a class, pursuant to Rule 23(b)(2), to bring claims for injunctive and declaratory relief will have no bearing on Judge Francis's earlier recommendation, based on years of fact and expert discovery, that no Rule 23(b)(3) class seeking damages may be certified here, because "evidence of the individualized factors that inform Goldman Sachs' compensation and promotion decisions . . . would effectively swamp the common question of whether the evaluative policies have, on average[,] a discriminatory effect." (R&R at 40-41.)

Your Honor's prompt consideration of whether a Rule 23(b)(3) damages class can be certified is needed to avoid prejudice to Defendants. As the parties await Your Honor's ruling on the R&R, the damages of putative class members on their potentially tolled claims will continue to accumulate. In addition, both Defendants and putative Rule 23(b)(3) class members will be prejudiced because the evidence relevant to those claims, some going back to 2002, will grow staler. If the parties now must litigate whether a Rule 23(b)(2) injunction class may be certified in this action, that process likely will take an extended period of time, because the parties will have to engage in fact discovery about the impact of Goldman Sachs's current employee evaluation processes on its current employee population, extensive expert discovery, and briefing on the legal issues. This fact discovery, expert discovery, and briefing process on whether to certify a

The Honorable Analisa Torres                                                         -4-

Rule 23(b)(3) damages class took several years, including the time for Judge Francis to issue his lengthy R&R.

There are hundreds of putative class members who can maintain that the statute of limitations is tolled for their own individual damages claims against Goldman Sachs. *See Am. Pipe & Constr. Co.* v. *Utah*, 414 U.S. 538, 553 (1973) ("[T]he commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status."). More than 80 percent of these putative damages class members are no longer in relevant positions at Goldman Sachs (Ginsberg Decl. ¶ 6, ECF No. 394), and, thus, they have no interest in—and no standing to seek— injunctive relief. Until Your Honor rules on the R&R, both Defendants and these putative class members face the risk that their claims will have to be litigated based on ever staler evidence, and Defendants face further accrual of potential damages.

Accordingly, we respectfully request that Your Honor set a schedule for the prompt consideration of Judge Francis's recommendation that no Rule 23(b)(3) damages class can be certified in this action. These issues are entirely separate from whether the intervenors can certify a Rule 23(b)(2) class to bring claims for injunctive and declaratory relief against Defendants' current processes. We propose the following schedule: (i) objections to the R&R to be filed by October 1, 2015; and (ii) responses to those objections to be filed by October 30, 2015. We also request, consistent with the schedule previously adopted by Your Honor, that any objections and responses to Judge Francis' Memorandum and Order, also dated March 10, 2015 (ECF No. 363), addressing the parties' respective motions to exclude certain evidence submitted in connection with the Rule 23(b)(3) class certification motion, be filed in accordance with the same schedule.

The Honorable Analisa Torres                                    -5-

We are available to discuss these matters if Your Honor wishes.

Respectfully,

Robert J. Giuffra, Jr.

cc:     The Honorable James C. Francis, IV (By ECF)

        Kelly M. Dermody, Esq. (By ECF)
        (Lieff Cabraser Heimann & Bernstein, LLP)

        Adam T. Klein, Esq. (By ECF)
        (Outten & Golden LLP)

Plaintiffs shall respond to Defendants' August 17,
2015 letter by **August 24, 2015**.

SO ORDERED.

Dated: August 18, 2015
       New York, New York

_____
ANALISA TORRES
United States District Judge