# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 17, 2015

Via ECF

The Honorable James C. Francis, IV,
　U.S. District Court for the
　　Southern District of New York,
　　　500 Pearl Street,
　　　　New York, NY 10007-1312.

　　　　Re:　*Chen-Oster, et ano.* v. *Goldman, Sachs & Co., et ano.*,
　　　　　　No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Francis:

　　　　On behalf of Defendants ("Goldman Sachs" or the "Firm"), we write to respond to Plaintiffs' letter of August 10, 2015, which proposes a schedule that would prevent the development of the required record for the Court to consider the certification of a Rule 23(b)(2) class seeking injunctive relief. We also write to request a stay of proceedings before Your Honor while Judge Torres reviews Goldman Sachs's (i) appeal from Your Honor's August 3, 2015 decision on intervention, which is being filed today, and (ii) anticipated motion to dismiss Ms. Gamba's claims for injunctive and declaratory relief, the filing of which turns on whether, as contemplated by Judge Torres' pre-motion conference rules, Ms. Gamba voluntarily agrees to withdraw those claims. If Your Honor does not grant a stay, Defendants respectfully request a conference with Your Honor.

　　　　Regrettably, notwithstanding Judge Sand's July 17, 2012 ruling dismissing their Rule 23(b)(2) injunction claim from this action, Plaintiffs continue to pretend that Your Honor can rule on the certification of a Rule 23(b)(2) class based solely on the existing record (supplemented by very limited discovery into the adequacy of Ms. Gamba

and Ms. De Luis to serve as class representatives) *and* without any briefing of the other required elements needed to certify a class under Rule 23(b)(2). As Defendants have said repeatedly, Plaintiffs' effort to deprive Defendants of the full discovery, expert testimony, and briefing to which they are entitled on Plaintiffs' new Rule 23(b)(2) claim would violate the most fundamental requirements of due process.

After Judge Sand dismissed Plaintiffs' Rule 23(b)(2) claims from this action, Defendants had no obligation—none—to spend substantial time and resources litigating over a dismissed claim. In fact, as Your Honor has now held in two orders, Judge Sand's July 2012 decision is controlling in this action. Tellingly, Plaintiffs have cited no case where any federal court has ever allowed such a patently unfair procedure, or otherwise held that a party had an obligation to litigate over a claim that a court struck from a case. Plaintiffs' proposal to limit severely Defendants' ability to present the factual and legal arguments why no Rule 23(b)(2) class may be certified here would infect these proceedings with clear, reversible error.

**Background**

On August 3, 2015, Your Honor granted Plaintiffs' motion, five years into this action, to add Ms. Gamba and Ms. De Luis as new Plaintiffs. (ECF No. 410.) On August 5, 2015, Plaintiffs e-mailed Defendants proposing the very truncated discovery and briefing on the certification of a Rule 23(b)(2) class that they have now proposed to Your Honor. Defendants responded the next day, explaining that Plaintiffs' request was premature in light of Goldman Sachs's intention to appeal Your Honor's intervention ruling, and that Plaintiffs' proposal badly misconceives the extent of discovery and subsequent briefing required to certify a Rule 23(b)(2) class in light of the present, deficient record. Plaintiffs responded on Friday, August 7, stating only that they "disagreed that additional discovery is needed" and demanding that Defendants "respond to our proposed schedule by Monday." On Monday, August 10, Defendants proposed a stay in order to avoid potentially unnecessary litigation. Plaintiffs then submitted their letter to the Court and, only afterward, sent a one-line reply rejecting Defendants' stay proposal.

The Honorable James C. Francis, IV                                                                                                    -3-

Defendants today filed with Judge Torres objections to Your Honor's August 3 intervention ruling, which we believe is erroneous because Plaintiffs' motion was untimely in the extreme, allowing intervention would be severely prejudicial to Defendants, and the proposed intervenors would suffer no prejudice from denial of the motion. In addition, if Ms. Gamba does not withdraw her claims for injunctive and declaratory relief, Defendants will file a motion to dismiss those claims because, as a former employee, she simply has no standing to seek such relief.

**The Intervenors' New Rule 23(b)(2) Claim Would Require Extensive Additional Discovery and Briefing.**

The new Plaintiffs' intervention, should Judge Torres uphold it, would bring entirely new claims for injunctive and declaratory relief into this case. As Your Honor knows, there has been no claim for injunctive or declaratory relief in this case since July 2012, when Judge Sand dismissed Plaintiffs' Rule 23(b)(2) claims, because none of the Plaintiffs was a current employee of Goldman Sachs. In the three years since Judge Sand dismissed Plaintiffs' claims for injunctive and declaratory relief, the parties developed an extensive factual and expert record bearing solely on Plaintiffs' Rule 23(b)(3) damages claims, the only claims then remaining in the case, and that record was limited to Goldman Sachs's practices and employee population only through 2011.

Your Honor's Order on intervention recognized that the intervenors' Rule 23(b)(2) claims require "additional discovery" running "up to the present date . . . to establish a complete and accurate record," including "a further round of expert analysis to create a record on which to evaluate whether injunctive relief is warranted." (Aug. 3, 2015 Order 22-23, ECF No. 410.) Indeed, Your Honor held that whether proposed intervenors proceed by a new Rule 23(b)(2) action or in this suit after intervention, "the parties would engage in precisely the same additional discovery that the defendants now assert would be necessary. . . ." (*Id.* at 23.) Even Plaintiffs agreed that "[i]njunctions need to be tailored to then-existing policies" (Hr'g Tr. 7-8, July 22, 2015), which requires "additional discovery about on-going practices and the continuing effects of those practices on the putative class." (Pls.' Reply 7, ECF No. 404.) And Plaintiffs promised

The Honorable James C. Francis, IV -4-

that "if the Court grants the motion to intervene, they will re-submit a revised motion for class certification addressing whatever issues the Court desires." (*Id.* at 4.)

Injunctive relief is a remedy for present or imminent injury. *See, e.g., Aguilar* v. *ICE*, 2012 WL 1344417, at *8-9 (S.D.N.Y. Apr. 16, 2012) (Forrest, J.) (declining to find commonality for purposes of a Rule 23(b)(2) class because expert statistics were based on five-year-old data).[1] Here, in light of Judge Sand's July 2012 ruling, the existing record reflects evidence about Goldman Sachs's processes only up to 2011. Goldman Sachs has submitted extensive declaration testimony, by the Firm's executives and retained experts, demonstrating that the processes Plaintiffs challenge have changed in material respects since 2011, including in response to new federal regulatory guidance confirming the importance of individualized compensation decisions. (Campion Decl. ¶¶ 2-11, ECF No. 393; Landman Decl. ¶¶ 4-13, ECF No. 395; Perloff Decl. ¶¶ 3-13, ECF No. 397; Ward Decl. ¶¶ 3-10, ECF No. 399.) Many of those changes bear directly on the supposed deficiencies in Goldman Sachs's processes that Plaintiffs have asserted. Plaintiffs have not rebutted any of this testimony. Instead, Plaintiffs' counsel opines that, in their view, "the changes appear to be minor." (Pls.' Reply 5-6, ECF No. 404.) Counsel's speculation, of course, is irrelevant. Before any injunction class could be certified, the parties would have to take fact discovery concerning Goldman Sachs's current processes, and their experts would have to address the impact of those current processes on the Firm's current population of professionals.

---

[1] *See Hosp. Assoc.* v. *Toia*, 577 F.2d 790, 798 (2d Cir. 1978) ("The [record] to be tested for prospective purposes should be the current, not an outdated, one.") (internal quotation marks omitted); *Valdez* v. *City of San José*, 2013 WL 752498, at *16 (N.D. Cal. Feb. 27, 2013) (holding that plaintiff's evidence likely failed to satisfy "Rule 23(a)'s commonality requirement because it rests on five year old data"); *City of New York* v. *Beretta U.S.A. Corp.*, 2005 WL 1279183, at *1 (E.D.N.Y. May 26, 2005) (Weinstein, J.) ("An injunction, primarily, should be based on current and prospective situations, rather than on past superannuated information."); *Webb* v. *Missouri Pacific R.R. Co.*, 98 F.3d 1067, 1069 (8th Cir. 1996) ("[D]istrict court abused its discretion by granting an injunction on a stale record.").

The Honorable James C. Francis, IV                                                                 -5-

Moreover, there is no data or expert testimony in the existing record concerning any impact of Goldman Sachs's current processes on its current population of professionals. The statistical analyses before the Court address only the impact of Goldman Sachs's challenged processes on female professionals across a putative Rule 23(b)(3) class comprising *both current and former* employees. But the intervenors' proposed new claim for a forward-looking injunction could be brought only on behalf of a class of *current* Goldman Sachs professionals, about which the stale statistics in the existing record offer no evidence at all. Indeed, *only 17 percent* of the professionals in the pre-2012 database on which the parties' experts previously relied are still in Associate or Vice-President positions in the three relevant Goldman Sachs Divisions. (Ginsberg Decl. ¶ 6, ECF No. 394.) Thus, before a Rule 23(b)(2) class could be certified here, the parties and their experts would have to conduct entirely new statistical analyses to evaluate whether Goldman Sachs's current processes adversely affect current female professionals at the Firm. (*See* Ward Decl. ¶¶ 7-10, ECF No. 399.)

Beyond the need for additional discovery, the parties will have to brief for the first time critical legal issues, including (i) Rule 23(b)(2)'s requirement that certification be granted only where "final injunctive relief is appropriate respecting the class as a whole," and (ii) Rule 65(d)'s requirement that an injunction identify precisely the practices to be enjoined.[2] Courts have repeatedly held that the "cohesiveness requirement is greater in a Rule 23(b)(2) class action [than in a 23(b)(3) action], because unnamed class members are bound [under Rule 23(b)(2)] without the opportunity to opt out." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 343 (S.D.N.Y. 2002) (Scheindlin, J.) (quotation omitted).[3] This Court already has ruled

---

[2]   This Court must consider both the cohesiveness requirement of Rule 23(b)(2) and the specificity requirement of Rule 65(d) at the class certification stage. *See, e.g., Kartman* v. *State Farm Mut. Auto. Ins. Co.*, 634 F.3d 883, 893 (7th Cir. 2011); *Shook* v. *Bd. of Cnty. Comm'rs*, 543 F.3d 597, 604 (10th Cir. 2008).

[3]   *See In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 75 (S.D.N.Y. 2002) (Kaplan, J.) ("[T]he individual issues that defeat the predominance requirement of Rule 23(b)(3) also pose an obstacle to class certification in the Rule 23(b)(2) context."); *see also Gates*

The Honorable James C. Francis, IV                                                                                          -6-

that, on the current record, Plaintiffs cannot satisfy predominance. *A fortiori*, Plaintiffs also cannot satisfy Rule 23(b)(2)'s cohesiveness requirement on the current record. Similarly, Plaintiffs cannot maintain that an injunction barring Goldman Sachs's use of the 360 Review or Manager Quartiling processes would meet Rule 65's requirements when their own expert, Dr. Cascio, testified that he had no basis for concluding that those processes had any gender impact, and that he himself had recommended 360 reviews and manager ranking for his clients. (*See* Cascio Dep. 45:15-46:4.) Nor have Plaintiffs shown any basis for a more limited injunction. Neither Plaintiffs nor the proposed intervenors have ever identified any particular aspect of Goldman Sachs's 360 Review or Manager Quartiling processes that allegedly harms the Firm's female professionals.

In allowing intervention, Your Honor stated that Defendants "cannot now assert prejudice based on their own decision to defer development of evidence related to an injunctive class." (Order 23-24.) But "the classwide claims for injunctive relief [were] stricken" by Judge Sand (*id.*), and it is axiomatic that stricken claims are no longer part of an otherwise pending case.[4] Under settled law, there plainly was no reason for Defendants to spend the substantial time and resources needed to develop a record for claims that had been stricken, and Defendants cannot be criticized for not doing so here. The fact that Plaintiffs may have sought to reinstate their claim for injunctive relief did not obligate Defendants to litigate over a stricken claim. To the extent that a stricken claim ultimately is reinstated, the parties go back to square one with respect to the

---

v. *Rohm & Haas Co.*, 655 F.3d 255, 264 n.12 (3d Cir. 2011) ("[C]ertification requirements under Rule 23(b)(2) are more stringent than under (b)(3)."); 7A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure, § 1784.1 (3d ed. 2005).

[4]   *See Chenensky* v. *New York Life Ins. Co.*, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (Pauley, J.) (dismissing claim precludes "the discovery to which they would otherwise be entitled on questions relevant to class certification" (internal quotation marks omitted)); *Rahman* v. *Smith & Wollensky Rest. Grp., Inc.*, 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (Francis, J.) (successful motion to strike operates as a "deletion of portions of a complaint's class claims" (internal quotation marks omitted)).

The Honorable James C. Francis, IV                                                                -7-

litigation of that claim. Indeed, courts in this District regularly refuse to permit discovery on claims that *may* be dismissed, much less claims that have been stricken from a case.[5]

In short, Plaintiffs' newly added Rule 23(b)(2) claim requires extensive additional discovery and briefing, far beyond the limited proceedings that Plaintiffs propose in their August 10 letter. Indeed, Plaintiffs' effort to block Defendants from putting the law and facts before Your Honor reflects their concern that no Rule 23(b)(2) class will be certified here when Defendants do so.

**Proceedings Before Your Honor Should Be Stayed.**

In order to minimize the burden on the parties and the Court, Defendants urge that all proceedings before Your Honor be stayed during the pendency of Defendants' appeal on intervention, and, unless Ms. Gamba voluntarily withdraws her claims for injunctive and declaratory relief, Goldman Sachs's motion to dismiss those claims. "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (Patterson, J.). In the context of a stay pending appeal of a Magistrate Judge's decision, "courts consider [1] whether 'the [appeal] appear[s] to have substantial grounds [,] . . . [2] the breadth of discovery and the burden of responding to it, . . . [and 3] the unfair prejudice to the party opposing the stay.'" *Bachayeva v. Americare Certified Special Servs., Inc.*, 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (Pauley, J.) (internal quotation marks omitted)).

---

[5]   *See, e.g., Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) (Leisure, J.) (staying discovery pending motion to dismiss because "responding to the discovery requests will likely prove burdensome, and if the motion is granted, this burden will likely have served little purpose"); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (Leisure, J.) ("[P]roceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources.").

The Honorable James C. Francis, IV                                                                                    -8-

Defendants' motion easily meets all three criteria. Defendants have presented substantial grounds for their appeal; indeed, Defendants' arguments that the intervenors' motion was untimely and otherwise improper are supported by decisions of both the Second Circuit and Judge Torres. *See Hnot* v. *Willis Grp. Holdings, Ltd.*, 2006 WL 3476746 (S.D.N.Y. Nov. 30, 2006) (Lynch, J.), *aff'd*, 234 F. App'x 13 (2d Cir. 2007); *Floyd* v. *City of New York*, 302 F.R.D. 69 (S.D.N.Y. 2014) (Torres, J.). Without a stay, Defendants would face significant prejudice—undertaking the burdensome and expensive data collection and other document discovery, fact depositions, and expert analysis and depositions needed to certify a Rule 23(b)(2) class—while Plaintiffs will suffer no prejudice whatsoever if a stay is granted. On these facts, a stay is plainly warranted. *See Moran* v. *Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) (court "stayed discovery to permit defendants to file objections to [Magistrate] Judge Roberts' Order").

In addition, if Ms. Gamba does not withdraw her claims for injunctive and declaratory relief, Defendants will file a motion to dismiss those claims. This motion will provide an additional basis for staying discovery as to Ms. Gamba. "[A] pending motion to dismiss may constitute 'good cause' for a protective order staying discovery," and "district courts in this Circuit have often stated that a stay of discovery is appropriate where a motion 'do[es] not appear to be without foundation in law.'" *Hong Leong Fin. Ltd. (Singapore)* v. *Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (Gorenstein, J.) (quoting *Johnson* v. *New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (Ellis, J.)). Here, Ms. Gamba, as a former employee, lacks standing to bring Rule 23(b)(2) claims. *See Chen-Oster* v. *Goldman, Sachs & Co.*, 877 F. Supp. 2d 113, 120-22 (S.D.N.Y. 2012) (Sand, J.); *Chen-Oster* v. *Goldman, Sachs & Co.*, 2015 WL 1566722, at *15 (S.D.N.Y. Mar. 10, 2015) (Francis, J.). Courts in this District regularly stay discovery on a motion to dismiss with this much legal support.[6]

---

[6]   *See, e.g., Hong Leong*, 297 F.R.D. at 74 (staying discovery on "the strength of defendants' motion to dismiss"); *Spencer Trask*, 206 F.R.D. at 368 (staying discovery where "defendants do appear to have substantial arguments for dismissal"); *Johnson*, 205

The Honorable James C. Francis, IV -9-

\*   \*   \*

For the reasons set forth above, Defendants respectfully request a stay of proceedings before Your Honor pending Judge Torres' rulings on Defendants' appeal of Your Honor's intervention ruling and Defendants' anticipated motion to dismiss Ms. Gamba's claims for injunctive and declaratory relief. We are available to discuss these matters at Your Honor's convenience.

Respectfully,

Robert R. Giuffra, Jr.

cc: Kelly M. Dermody, Esq. (By ECF)
(Lieff Cabraser Heimann & Bernstein, LLP)

Adam T. Klein, Esq. (By ECF)
(Outten & Golden LLP)

---

F.R.D. at 434 (staying discovery where motion to dismiss "does not appear to be unfounded in the law").