# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 19, 2015

Via ECF

The Honorable Analisa Torres,
 United States District Court for the
  Southern District of New York,
   Daniel Patrick Moynihan United States Courthouse,
    500 Pearl Street,
     New York, NY 10007-1312.

    Re:  *Chen-Oster, et ano.* v. *Goldman, Sachs & Co., et ano.*,
         No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Torres:

On behalf of Defendants ("Goldman Sachs" or the "Firm"), we write to request a pre-motion conference to discuss Defendants' proposed motion to dismiss putative intervenor Allison Gamba's claims for injunctive and declaratory relief pursuant to Federal Rule of Civil Procedure 12(b)(1). In addition to not meeting the standards for intervention, Ms. Gamba does not have standing to seek injunctive or declaratory relief against Goldman Sachs because she is not a current employee of the Firm. We have conferred with Plaintiffs' counsel, but Ms. Gamba has declined to withdraw her claim.

## Background

In September 2010, three former Goldman Sachs employees brought this action on behalf of a putative class of former and current female Goldman Sachs professionals. On July 17, 2012, Judge Sand (to whom the case was then assigned) dismissed Plaintiffs' class claims for injunctive and declaratory relief because none of named Plaintiffs was a current employee of Goldman Sachs, holding that "ex-employees have no standing to sue for injunctive relief." *Chen-Oster* v. *Goldman, Sachs & Co.*, 877

The Honorable Analisa Torres                                                                       -2-

F. Supp. 2d 113, 120-22 (S.D.N.Y. 2012). On March 24, 2015, nearly three years later and just two weeks after Judge Francis issued a Report and Recommendation recommending against class certification, Plaintiffs' counsel identified Ms. Gamba as a potential intervenor to "satisfy Judge Sand's standing requirements." (Email from K. Dermody to Court dated March 24, 2015). On August 3, 2015, Magistrate Judge Francis permitted Ms. Gamba to intervene as a putative class representative. *Chen-Oster* v. *Goldman, Sachs & Co.*, 2015 WL 4619663, at *12 (S.D.N.Y. Aug. 3, 2015). In her Complaint, filed August 3, 2015, Ms. Gamba specifically alleges that she joined Goldman Sachs in January 2001, "after the Firm took over her then-employer," and that she left the Firm in August 2014, "when Goldman Sachs divested itself of the department in which she worked." (Second Am. Compl. ("SAC") ¶¶ 16, 125, ECF No. 411.)

### Ms. Gamba Lacks Standing To Seek Injunctive or Declaratory Relief.

Because, by her own admission, Ms. Gamba is not a current Goldman Sachs employee (SAC ¶ 16), she lacks standing to seek injunctive or declaratory relief, and her claims for such relief must be dismissed pursuant to Rule 12(b)(1). The Supreme Court unanimously held in *Wal-Mart Stores, Inc.* v. *Dukes*, 131 S. Ct. 2541, 2559-60 (2011), that "plaintiffs no longer employed by Wal-Mart lack standing to seek injunctive or declaratory relief against its employment practices." Applying that holding, Judge Sand held that *Wal-Mart* "forecloses certification under 23(b)(2)," because none of the named Plaintiffs was a current Goldman Sachs employee. *Chen-Oster*, 877 F. Supp. 2d at 121, 124. Magistrate Judge Francis has twice ruled that Judge Sand's ruling is controlling law in this action.[1] Other courts have also confirmed that *Wal-Mart* bars

---

[1] *See Chen-Oster* v. *Goldman, Sachs & Co.*, 2015 WL 1566722, at *15-16 (S.D.N.Y. Mar. 10, 2015) ("*Dukes* forecloses certification under 23(b)(2), despite the plaintiffs' claim for reinstatement." (internal quotation omitted)); *Chen-Oster*, 2015 WL 4619663, at *1 ("[P]ersons not currently employed by a defendant-employer lack standing to seek injunctive and declaratory relief and so may not seek to certify a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.").

The Honorable Analisa Torres -3-

former employees from seeking injunctive or declaratory relief against their former employer's practices. *See, e.g.*, *Ellis* v. *Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) ("[O]nly current employees have standing to seek injunctive relief."); *Oakley* v. *Verizon Commc'ns Inc.*, 2012 WL 335657, at *15 (S.D.N.Y. Feb. 1, 2012) (McMahon, J.) ("Former employees lack standing to obtain injunctive relief because they are no longer affected by the challenged policies, and an injunction would do nothing to remedy their past injuries.").[2]

In the course of briefing Ms. Gamba's intervention motion before Judge Francis,[3] Plaintiffs offered two meritless theories to try to avoid Judge Sand's controlling ruling that former employees cannot seek injunctive or declaratory relief. (*See, e.g.*, Pls.' Br. in Support of Reconsideration 5-6, ECF No. 369.)

*First*, Plaintiffs claimed that "Ms. Gamba has standing to seek injunctive relief, since she was a current employee at the time the case was filed," and "'[s]tanding is determined at the time a complaint is filed.'" (Pls.' Reply 14, ECF No. 404 (quoting *Robinson* v. *Blank*, 2013 WL 2156040, at *3 (S.D.N.Y. May 20, 2013) (Crotty, J.)).) But the Supreme Court in *Wal-Mart* made clear that "those who have left their Wal-Mart jobs

---

[2] *See also Baricuatro* v. *Indus. Personnel & Mgmt. Servs., Inc.*, 2013 WL 6072702, at *18 & n.20 (E.D. La. Nov. 18, 2013) (holding that because plaintiff, a former employee, "has no realistic threat of future injury[,] . . . he lacks standing to bring a claim for injunctive relief and cannot fairly represent a class based upon such a claim"); *Rouse* v. *Caruso*, 2013 WL 588916, at *6 (E.D. Mich. Jan. 7, 2013) (denying certification of Rule 23(b)(2) class in part because "plaintiffs' proposed class and subclasses include both current and former inmates . . . rendering injunctive relief wholly inapplicable to a substantial portion of the class; indeed, none of the named plaintiffs remaining in the case could benefit from injunctive relief, as they are all no longer incarcerated"), *adopted by* 2013 WL 569638 (E.D. Mich. Feb. 13, 2013).

[3] Goldman Sachs argued to Judge Francis that Ms. Gamba's motion to intervene was futile because she had no standing to bring her proposed claim. The Magistrate Judge recognized that this was an issue, but concluded "[t]hat question need not be decided now." *Chen-Oster*, 2015 WL 4619663, at *10 n.6.

The Honorable Analisa Torres -4-

*since* the complaint was filed have no more need for prospective relief than those who left beforehand." 131 S. Ct. at 2560 (emphasis in original). As the Court emphasized, for a valid Rule 23(b)(2) class, "*all* former employees" must be removed to ensure that "'final injunctive relief or corresponding declaratory relief is appropriate respecting the class *as a whole*.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(2)) (emphasis in original). Indeed, *Robinson* itself *supports* dismissal of Ms. Gamba's claims. In *Robinson*, the court ruled that plaintiff "lacked standing to enjoin the [Census] Bureau's termination policy" precisely because he was no longer a current Bureau employee. 2013 WL 2156040, at *2, 5. And, even under Plaintiffs' theory, Ms. Gamba cannot escape that she lacked standing when *her* Complaint was filed, long after she left Goldman Sachs. *See Giesmann* v. *ZocDoc, Inc.*, 60 F. Supp. 3d 404, 407 (S.D.N.Y. 2014) ("[A] class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified." (quoting *Swan* v. *Stoneman*, 635 F.2d 97, 102 n.6 (2d Cir. 1980))).

*Second*, Plaintiffs claimed that a former employee may have standing to seek injunctive relief if she seeks reinstatement. (*See, e.g.*, Pls.' Br. in Support of Reconsideration 5-6.) But Plaintiffs made that very argument to Judge Sand, and he flatly rejected it. *See Chen-Oster*, 877 F. Supp. 2d at 121-22 (*Wal-Mart* adopted a "blanket rule that always denies standing to ex-employees"). As Magistrate Judge Francis has rightly ruled, Judge Sand's decision is the law of the case, and "the law of the case doctrine would have little meaning" if it could so easily be set aside. *Chen-Oster*, 2015 WL 1566722, at *15-16; *see Chen-Oster*, 2015 WL 4619663, at *3 ("[P]laintiffs misunderstand how the law of the case doctrine applies to jurisdictional determinations."). And here, Ms. Gamba could not seek reinstatement in any event. As she recognizes in her Complaint, her position no longer exists at Goldman Sachs because the Firm sold her business unit in 2014. (SAC ¶ 16.)

The Honorable Analisa Torres -5-

In short, Ms. Gamba cannot avoid that as a former employee whose business is not even owned by Goldman Sachs anymore, she has "no material stake in whether [her] former employer is or is not enjoined from continuing the allegedly discriminatory employment practices." *Chen-Oster*, 877 F. Supp. 2d at 121. Because Ms. Gamba does not have any continuing interest in obtaining injunctive or declaratory relief, her claims for such relief must be dismissed.

Respectfully,

Robert J. Giuffra, Jr. /KJSL

Robert J. Giuffra, Jr.

cc: Kelly M. Dermody, Esq. (By ECF)
(Lieff Cabraser Heimann & Bernstein, LLP)

Adam T. Klein, Esq. (By ECF)
(Outten & Golden LLP)