UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. CRISTINA CHEN-OSTER; LISA PARISI; and
SHANNA ORLICH,

                              Plaintiffs,

                vs.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.

                              Defendants.

10 Civ. 6950 (AT) (JCF)

**ANSWER TO SECOND
AMENDED CLASS ACTION
COMPLAINT**

Defendants Goldman, Sachs & Co. ("GS") and The Goldman Sachs Group, Inc. ("GS

Group")—hereinafter collectively "Goldman Sachs"—by and through its counsel, answers the

Second Amended Class Action Complaint ("Second Amended Complaint") of H. Cristina Chen-

Oster, Shanna Orlich, Allison Gamba, and Mary De Luis ("Plaintiffs") as follows:[1]

**NATURE OF THE CLAIM**

1.      The allegations of paragraph 1 of the Second Amended Complaint purport to state

a legal conclusion to which no response is required.  To the extent that a response is required,

Goldman Sachs denies the allegations of paragraph 1, except admits that Plaintiffs purport to

bring this action pursuant to the provisions cited therein.

2.      Goldman Sachs denies the allegations set forth in paragraph 2 of the Second

Amended Complaint, except denies knowledge or information sufficient to form a belief as to

---

[1]      The Goldman Sachs Group, Inc. was improperly named as a defendant in this action. The Goldman
Sachs Group, Inc. is the publicly-held parent company of the Goldman Sachs organization; it is not a registered broker-
dealer, does not provide investment banking services and was not Plaintiffs' employer.  This Answer is provided
without prejudice to the right of The Goldman Sachs Group, Inc. to obtain dismissal of all claims asserted against it
and to quash any and all separate discovery demands directed to it on the ground that The Goldman Sachs Group,
Inc. is not a proper party.

the truth of the allegations regarding how Goldman Sachs has been described by an unspecified

source; and admits and avers that paragraph 2 purports to contain a partial quotation from an

unspecified source and refers to that source for a statement of its contents, and that Goldman

Sachs is a global investment financial services firm, and refers to the firm's website for a

description of its business.

3.      Goldman Sachs denies the allegations set forth in paragraph 3 of the Second

Amended Complaint.

4.      Goldman Sachs denies the allegations set forth in paragraph 4 of the Second

Amended Complaint.

5.      Goldman Sachs denies the allegations set forth in paragraph 5 of the Second

Amended Complaint, except avers that the allegations regarding "figures released by Goldman

Sachs in 2009" are too vague to be susceptible to an answer and consequently are denied.

6.      Goldman Sachs denies the allegations set forth in paragraph 6 of the Second

Amended Complaint.

7.      Goldman Sachs denies the allegations set forth in paragraph 7 of the Second

Amended Complaint.

8.      Goldman Sachs denies the allegations set forth in paragraph 8 of the Second

Amended Complaint.

9.      Goldman Sachs denies the allegations set forth in paragraph 9 of the Second

Amended Complaint.

10.     Goldman Sachs denies the allegations set forth in paragraph 10 of the Second

Amended Complaint, except admits and avers that Plaintiffs purport to bring this action as

described therein and that Plaintiffs have not sought to certify a class on behalf of female professionals in the Merchant Banking Division.

**PARTIES**

**Plaintiffs**

*H. Cristina Chen-Oster*

11.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Second Amended Complaint, except admits that Plaintiff H. Cristina Chen-Oster ("Chen-Oster") is a woman and, on information and belief, a citizen of the United States.

12.     Goldman Sachs denies the allegations set forth in paragraph 12 of the Second Amended Complaint, except admits and avers that Chen-Oster was employed by GS from March 3, 1997 until her resignation on March 10, 2005 and that her principal work location was in New York, New York.

*Shanna Orlich*

13.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Second Amended Complaint, except admits that Plaintiff Shanna Orlich ("Orlich") is a woman and, on information and belief, a citizen of the United States.

14.     Goldman Sachs denies the allegations set forth in paragraph 14 of the Second Amended Complaint, except admits and avers that Orlich was employed by GS as a summer intern in 2006 and thereafter was employed from July 30, 2007 until the termination of her employment effective November 5, 2008, and that her principal work location was in New York, New York.

*Allison Gamba*

15.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Second Amended Complaint, except admits that Plaintiff Allison Gamba ("Gamba") is a woman and, on information and belief, a citizen of the United States.

16.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 16 of the Second Amended Complaint, except admits and avers that (i) since September 1998 Gamba worked for Spear, Leeds & Kellogg L.P., which was acquired by The Goldman Sachs Group, Inc. in October 2000, (ii) Gamba left the firm in August 2014 when the business unit in which she worked at the time, New York Stock Exchange Specialists, was sold, and (iii) her principal work location was in New York, New York.

*Mary De Luis*

17.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Second Amended Complaint, except admits and avers that Plaintiff Mary De Luis ("De Luis") is a woman and, on information and belief, a citizen of the United States.

18.     Goldman Sachs denies the allegations set forth in paragraph 18 of the Second Amended Complaint, except admits and avers that De Luis has been employed by GS since June 2010, and that her work location was originally Miami, Florida, and is currently Dallas, Texas.

**Defendants**

*Goldman, Sachs & Co.*

19.     Goldman Sachs admits the allegations set forth in paragraph 19 of the Second Amended Complaint.

20.     Goldman Sachs denies the allegations set forth in paragraph 20 of the Second Amended Complaint, except admits and avers that GS maintains control, oversight, and direction over the operation of its facilities and, through its employees, makes employment decisions with respect to the individuals it employs.

21.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 21 of the Second Amended Complaint, except admits and avers that Goldman Sachs was (i) Chen-Oster's employer within the meaning of the statutes identified in paragraph 1 from March 3, 1997 until March 10, 2005; (ii) Orlich's employer within the meaning of the statutes identified in paragraph 1 from June 5, 2006 until about August 5, 2006 and from July 30, 2007 until November 5, 2008; (iii) Gamba's employer within the meaning of the statutes identified in paragraph 1 from September 1998 until August 2014; and (iv) De Luis's employer within the meaning of the statutes identified in paragraph 1 from June 2010 through the present.

22.     Goldman Sachs denies the allegations set forth in paragraph 22 of the Second Amended Complaint, except admits and avers that GS has employed more than 500 people from 2002 to present and is an indirectly wholly-owned subsidiary of GS Group.

_The Goldman Sachs Group, Inc._

23.     Goldman Sachs admits the allegations set forth in paragraph 23 of the Second Amended Complaint.

24.     Goldman Sachs denies the allegations set forth in paragraph 24 of the Second Amended Complaint, except admits and avers that GS Group maintains control, oversight, and direction over the operation of its facilities and, through its employees, makes employment decisions with respect to the individuals it employs.

25.     Goldman Sachs denies the allegations set forth in paragraph 25 of the Second Amended Complaint.

26.     Goldman Sachs denies the allegations set forth in paragraph 26 of the Second Amended Complaint.

## JURISDICTION AND VENUE

27.     The allegations of paragraph 27 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 27, except admits that Plaintiffs purport to bring this action pursuant to the provisions cited therein.

28.     The allegations of paragraph 28 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 28 and specifically denies that any Class exists, except admits that Plaintiffs purport to bring this action pursuant to the provisions cited therein.

29.     The allegations of paragraph 29 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 29, except admits that Plaintiffs purport to bring this action pursuant to the provisions cited therein.

30.     Goldman Sachs denies the allegations set forth in paragraph 30 of the Second Amended Complaint, except admits that Goldman Sachs conducts business and can be found in the Southern District of New York, and that Plaintiffs purport to establish venue under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3).

31.     Goldman Sachs denies the allegations set forth in paragraph 31 of the Second Amended Complaint, except admits on information and belief that Chen-Oster filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 7, 2005, and that the EEOC dismissed Chen-Oster's charge and issued a Notice of Right to Sue on or about June 15, 2010.

32.     Goldman Sachs denies the allegations set forth in paragraph 32 of the Second Amended Complaint, except admits on information and belief that Orlich filed a charge of discrimination with the EEOC on or about January 12, 2010.

33.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, the allegations of paragraph 33 of the Second Amended Complaint purport to state a legal conclusion to which no response is required. To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 33.

34.     The allegations of paragraph 34 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 34.

35.     Goldman Sachs denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.     Goldman Sachs denies the allegations set forth in paragraph 36 of the Second Amended Complaint.

## FACTUAL ALLEGATIONS

37.     Goldman Sachs denies the allegations set forth in paragraph 37 of the Second Amended Complaint, except avers that the allegations of the first two sentences of paragraph 37 are too vague to be susceptible to an answer and consequently are denied, and admits and avers that paragraph 37 purports to include a partial quotation from an unspecified source and refers to that source for a complete statement of its contents.

38.     Goldman Sachs denies the allegations set forth in paragraph 38 of the Second Amended Complaint, except admits and avers that in many, but not all, instances, GS hires individuals for its revenue-producing areas out of college into the position of Analyst; that some Analysts are promoted to Associate; that some Associates are promoted to Vice President; and that some Vice Presidents are promoted to Managing Director ("MD").

39.     Goldman Sachs denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

**Performance Evaluations**

40.     Goldman Sachs denies the allegations set forth in paragraph 40 of the Second Amended Complaint.

41.     Goldman Sachs denies the allegations set forth in paragraph 41 of the Second Amended Complaint, except admits and avers that GS uses a "360-degree" annual employee review process with respect to employees in its revenue producing areas, in which certain employees rate the employee's performance for the year; and that those who submit ratings, in addition to giving numerical ratings, may also write comments about the employee's performance.

42.     Goldman Sachs denies the allegations set forth in paragraph 42 of the Second Amended Complaint, except admits and avers that a computer algorithm is used as part of the review process.

43.     Goldman Sachs denies the allegations set forth in paragraph 43 of the Second Amended Complaint, except admits and avers that managers exercise the responsibility to assess an employee's identification of proposed reviewers, and to adjust that list to the extent they believe that adjustment is needed for purposes of a fair assessment of the employee's performance.

44.     Goldman Sachs denies the allegations set forth in paragraph 44 of the Second Amended Complaint.

45.     Goldman Sachs denies the allegations set forth in paragraph 45 of the Second Amended Complaint.

**Compensation**

46.     Goldman Sachs denies the allegations set forth in paragraph 46 of the Second Amended Complaint.

47.     Goldman Sachs denies the allegations set forth in paragraph 47 of the Second Amended Complaint.

48.     Goldman Sachs denies the allegations set forth in paragraph 48 of the Second Amended Complaint.

49.     Goldman Sachs denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

50.     Goldman Sachs denies the allegations set forth in paragraph 50 of the Second Amended Complaint, except admits and avers that Associates and Vice Presidents employed by GS, in certain areas of the firm, are eligible to receive a year-end bonus in addition to their base salary if they and the firm meet certain conditions; that the year-end bonus can be an amount greater than the annual base salary; and that GS uses the term "Per Annum Total Compensation" or "PATC" in referring to employee compensation.

51.     Goldman Sachs denies the allegations set forth in paragraph 51 of the Second Amended Complaint.

**Promotions**

52.     Goldman Sachs denies the allegations set forth in paragraph 52 of the Second Amended Complaint.

53.     Goldman Sachs denies the allegations set forth in paragraph 53 of the Second Amended Complaint.

54.     Goldman Sachs denies the allegations set forth in paragraph 54 of the Second Amended Complaint.

**Business Opportunities**

55.     Goldman Sachs denies the allegations set forth in paragraph 55 of the Second Amended Complaint.

56.     Goldman Sachs denies the allegations set forth in paragraph 56 of the Second Amended Complaint.

57.     Goldman Sachs denies the allegations set forth in paragraph 57 of the Second Amended Complaint.

**Professional Support**

58.     Goldman Sachs denies the allegations set forth in paragraph 58 of the Second Amended Complaint.

59.     Goldman Sachs denies the allegations set forth in paragraph 59 of the Second Amended Complaint.

**Conclusion**

60.     Goldman Sachs denies the allegations and claims for relief set forth in paragraph 60 of the Second Amended Complaint, except admits that Plaintiffs Chen-Oster, Orlich, Gamba, and De Luis purport to bring this action as described therein.

## CLASS ACTION ALLEGATIONS

61.     The allegations of paragraph 61 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  Further, the Court struck Plaintiffs' allegations pursuant to Rule 23(b)(2).  *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL

2912741,at *7-8 (S.D.N.Y. July 17, 2012) (granting Goldman Sachs' motion to strike Plaintiffs' Rule 23(b)(2) class allegations because "[*Wal- Mart Stores, Inc. v.*] *Dukes* strips Plaintiffs of standing to seek 23(b)(2) certification").  Accordingly, Goldman Sachs is not required to answer any of Plaintiffs' allegations related to Rule 23(b)(2).  To the extent that paragraph 61 contains factual allegations to which a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class described in paragraph 61 of the Second Amended Complaint, except admits that Plaintiffs purport to bring this action as described therein.

62.    The allegations of paragraph 62 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  Further, the Court struck Plaintiffs' allegations pursuant to Rule 23(b)(2).  *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 2912741,at *7-8 (S.D.N.Y. July 17, 2012) (granting Goldman Sachs' motion to strike Plaintiffs' Rule 23(b)(2) class allegations because "[*Wal- Mart Stores, Inc. v.*] Dukes strips Plaintiffs of standing to seek 23(b)(2) certification").  Accordingly, Goldman Sachs is not required to answer any of Plaintiffs' allegations related to Rule 23(b)(2).  To the extent that paragraph 62 contains factual allegations to which a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class described in paragraph 62 of the Second Amended Complaint, except admits that Plaintiffs purport to bring this action as described therein.

63.    The allegations of paragraph 63 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  Further, the Court struck Plaintiffs' allegations pursuant to Rule 23(b)(2).  *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 2912741,at *7-8 (S.D.N.Y. July 17, 2012) (granting Goldman Sachs' motion to strike Plaintiffs'

Rule 23(b)(2) class allegations because "[*Wal- Mart Stores, Inc. v.*] *Dukes* strips Plaintiffs of standing to seek 23(b)(2) certification").  Accordingly, Goldman Sachs is not required to answer any of Plaintiffs' allegations related to Rule 23(b)(2).  To the extent that paragraph 63 contains factual allegations to which a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Classes referred to in, paragraph 63 of the Second Amended Complaint, except admits that Plaintiffs claim to be members of the putative Classes they purport to represent

64.     The allegations of paragraph 64 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 64 of the Second Amended Complaint.

65.     The allegations of paragraph 65 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 65 of the Second Amended Complaint and each and every sub-section thereof.

66.     The allegations of paragraph 66 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 66 of the Second Amended Complaint.

67.     The allegations of paragraph 67 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 67 of the Second Amended Complaint.

68.     The Court struck Plaintiffs' allegations pursuant to Rule 23(b)(2).  *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 2912741, at *7-8 (S.D.N.Y. July 17, 2012) (granting Goldman Sachs' motion to strike Plaintiffs' Rule 23(b)(2) class allegations because "[*Wal- Mart Stores, Inc. v.*] *Dukes* strips Plaintiffs of standing to seek 23(b)(2) certification").  Accordingly, Goldman Sachs is not required to answer any of Plaintiffs' allegations related to Rule 23(b)(2). To the extent that paragraph 68 contains factual allegations to which a response is required, Goldman Sachs denies the allegations set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 68 of the Second Amended Complaint, except admits that Plaintiffs purport to bring this action as described therein.

69.     The allegations of paragraph 69 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations, assertions and claims for relief set forth in, and the existence and appropriateness of the putative Class referred to in, paragraph 69 of the Second Amended Complaint.

## CLAIMS OF REPRESENTATIVE PLAINTIFFS

### H. Cristina Chen-Oster

70.     Goldman Sachs denies the allegations set forth in paragraph 70 of the Second Amended Complaint, except admits and avers that Chen-Oster began working in the GS Convertible Bonds Department in March 1997 as an Associate, that Chen-Oster became a Vice President in June 1997, and that Chen-Oster remained a Vice President until her resignation.

71.     Goldman Sachs denies the allegations set forth in paragraph 71 of the Second Amended Complaint.

72.     Goldman Sachs denies the allegations set forth in paragraph 72 of the Second Amended Complaint, except admits and avers that as part of a reorganization of the global coverage model, coverage for U.S.-based convertible arbitrageurs transacting in international convertible bonds was transferred to London and such accounts that Chen-Oster had covered from the United States were transferred to London; and coverage for U.S.-based convertible arbitrageurs transacting in U.S. convertible bonds, covered by the "male Associate" referred to in paragraph 72 of the Second Amended Complaint, remained in the United States.

73.     Goldman Sachs denies the allegations set forth in paragraph 73 of the Second Amended Complaint, except avers that the allegations concerning a "male salesperson" are too vague to be susceptible to an answer and consequently are denied.

74.     Goldman Sachs denies the allegations set forth in paragraph 74 of the Second Amended Complaint, except avers that the allegations concerning a "supervisor" and "male Associate" are too vague to be susceptible to an answer and consequently are denied; and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Chen-Oster's investment of "significant time and energy on training" and "sharing her client relationships."

75.     Goldman Sachs denies the allegations set forth in paragraph 75 of the Second Amended Complaint, except avers that the allegations concerning a "male salesperson" are too vague to be susceptible to an answer and consequently are denied.

76.     Goldman Sachs denies the allegations set forth in paragraph 76 of the Second Amended Complaint, except admits and avers that the "male colleague" referred to in paragraph 76 of the Second Amended Complaint became a Vice President in 1998.

77.     Goldman Sachs denies the allegations set forth in paragraph 77 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding an "incident" between Chen-Oster and a "male colleague"; and admits and avers that in 1999, Chen-Oster told a supervisor of an interaction between herself and a junior male colleague that had occurred two years earlier, in 1997, and that the supervisor contacted GS' Employee Relations Department, which promptly reached out to Chen-Oster, but Chen-Oster refused to provide any details of the alleged incident and declined to pursue further discussions with the Employee Relations Department.

78.     Goldman Sachs denies the allegations set forth in paragraph 78 of the Second Amended Complaint.

79.     Goldman Sachs denies the allegations set forth in paragraph 79 of the Second Amended Complaint, except avers that the allegations concerning a "male salesperson" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that the PATC of the "male colleague" referred to in paragraph 79 of the Second Amended Complaint

was approximately 50% higher than Chen-Oster's PATC in 1999 and that Chen-Oster's revenue generation in 1999 was less than that of others.

80.     Goldman Sachs denies the allegations set forth in paragraph 80 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding "seat assignments" in the "trading world," and avers that the allegations concerning a "supervisor" and "male Associate" are too vague to be susceptible to an answer and consequently are denied.

81.     Goldman Sachs denies the allegations set forth in paragraph 81 of the Second Amended Complaint, except avers that the allegations concerning a "male Associate," "direct subordinate" and "male salespersons" are too vague to be susceptible to an answer and consequently are denied.

82.     Goldman Sachs denies the allegations set forth in paragraph 82 of the Second Amended Complaint, except avers that the allegations concerning "the salesperson" and "friends of Chen-Oster's direct supervisor" are too vague to be susceptible to an answer and consequently are denied, and admits and avers that the "male colleague" referred to in paragraph 82 of the Second Amended Complaint became a Managing Director in the fall of 2000.

83.     Goldman Sachs avers that the allegation concerning "the salesperson" referred to in paragraph 82 of the Second Amended Complaint is too vague to be susceptible to an answer and consequently is denied; and admits and avers that the "male colleague" referred to in paragraph 82 of the Second Amended Complaint became a Managing Director in 2000 and his PATC was greater than Chen-Oster's in 2000.

84.     Goldman Sachs denies the allegations set forth in paragraph 84 of the Second Amended Complaint, except avers that the allegations concerning a "supervisor" and "Managing Director" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that in 2001 Chen-Oster had conversations with certain GS employees about her career, including suggestions that Chen-Oster diversify her skill set and learn other products, which Chen-Oster declined or failed to do.

85.     Goldman Sachs denies the allegations set forth in paragraph 85 of the Second Amended Complaint, except avers that the allegations concerning a "supervisor" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that Chen-Oster discussed the environment in the Convertible Bonds Department with certain GS employees in 2001.

86.     Goldman Sachs denies the allegations set forth in paragraph 86 of the Second Amended Complaint, except avers that the allegations concerning a "supervisor," "male salesperson," "new supervisor" and "manager" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that the "male colleague" referred to in paragraph 83 of the Second Amended Complaint became the sole head of U.S. convertible bond sales after the transfer of another GS employee to London.

87.     Goldman Sachs denies the allegations set forth in paragraph 87 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chen-Oster's "analysis" and "conclu[sion]"; and avers that the allegations concerning a "business area" and "new supervisor" are too vague to be susceptible to an answer and consequently are denied.

88.     Goldman Sachs denies the allegations set forth in paragraph 88 of the Second Amended Complaint, except avers that the allegations concerning a "previous supervisor," "new supervisor," "male salesperson," "supervisors" and "Financial Analyst" are too vague to be susceptible to an answer and consequently are denied.

89.     Goldman Sachs denies the allegations set forth in paragraph 89 of the Second Amended Complaint, except avers that the allegations concerning a "subordinate" and "other male salespeople" are too vague to be susceptible to an answer and consequently are denied; and admits and avers that a portion of a sales assistant's time was allocated to Chen-Oster in 2002.

90.     Goldman Sachs denies the allegations set forth in paragraph 90 of the Second Amended Complaint.

91.     Goldman Sachs denies the allegations set forth in paragraph 91 of the Second Amended Complaint, except admits and avers that Chen-Oster addressed her peer review list in an email in June 2002; and avers that the allegation concerning "one of Goldman Sachs' Leadership and Diversity Managers" is too vague to be susceptible to an answer and consequently is denied.

92.     Goldman Sachs denies the allegations set forth in paragraph 92 of the Second Amended Complaint, except admits and avers that GS offered Chen-Oster a position in the Synthetic Convertibles Group in 2002, which Chen-Oster accepted.

93.     Goldman Sachs denies the allegations set forth in paragraph 93 of the Second Amended Complaint, except admits and avers that the "male colleague" referred to in paragraph 93 of the Second Amended Complaint became a Participating Managing Director in 2002 and that Chen-Oster was not promoted to Managing Director; and avers that the allegation

concerning the "female Vice President" is too vague to be susceptible to an answer and consequently is denied.

94.     Goldman Sachs denies the allegations set forth in paragraph 94 of the Second Amended Complaint, except avers that the allegations concerning a "male Associate" are too vague to be susceptible to an answer and consequently are denied.

95.     Goldman Sachs admits the allegation set forth in paragraph 95 of the Second Amended Complaint.

96.     Goldman Sachs denies the allegations set forth in paragraph 96 of the Second Amended Complaint, except avers that the allegation concerning a "male salesperson" is too vague to be susceptible to an answer and consequently is denied.

97.     Goldman Sachs denies the allegations set forth in paragraph 97 of the Second Amended Complaint, except admits and avers that Chen-Oster took a maternity leave of absence from July to November 2004, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Chen-Oster's seating arrangement in late 2004.

98.     Goldman Sachs denies the allegations set forth in paragraph 98 of the Second Amended Complaint, except avers that the allegation concerning a "male salesperson" is too vague to be susceptible to an answer and consequently is denied.

99.     Goldman Sachs denies the allegations set forth in paragraph 99 of the Second Amended Complaint.

100.    Goldman Sachs denies the allegations set forth in paragraph 100 of the Second Amended Complaint, except admits and avers that Chen-Oster was promoted to Vice President in June 1997 and remained a Vice President until her resignation, the "male colleague" referred

to in paragraph 100 of the Second Amended Complaint became Managing Director in 2000 and Participating Managing Director in 2002, and his PATC increased, decreased or remained flat during the period 1997 to 2004.

101.    Goldman Sachs denies the allegations set forth in paragraph 101 of the Second Amended Complaint.

102.    Goldman Sachs denies the allegations set forth in paragraph 102 of the Second Amended Complaint, except admits and avers that Chen-Oster resigned from employment with GS on March 10, 2005.

103.    Goldman Sachs denies the allegations set forth in paragraph 103 of the Second Amended Complaint, except admits and avers on information and belief that on or about July 6, 2005 Chen-Oster filed a charge of discrimination with the EEOC and refers to the document for a complete statement of its contents, and that on or about June 15, 2010, the EEOC issued a Notice of Right to Sue to Chen-Oster.

**<u>Shanna Orlich</u>**

104.    Goldman Sachs denies the allegations set forth in paragraph 104 of the Second Amended Complaint, except admits and avers that Orlich: (i) began working for GS as a Summer Associate in 2006 and during the summer worked in several areas at GS including trading areas, (ii) was a student in the JD/MBA program at Columbia University and graduated in 2007, and (iii) began work at GS in July 2007 after graduation as an Associate in the Capital Structure Franchise Trading ("CSFT") Group, a unit with management from the FICC and Equities sub-divisions.

105.     Goldman Sachs denies the allegations set forth in paragraph 105 of the Second Amended Complaint.

106.     Goldman Sachs admits the allegations set forth in paragraph 106 of the Second Amended Complaint.

107.     Goldman Sachs denies the allegations set forth in paragraph 107 of the Second Amended Complaint.

108.     Goldman Sachs denies the allegations set forth in paragraph 108 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the reason Orlich joined GS, and admits and avers that Orlich was assigned to work on the CSFT desk, which was a desk that entailed both trading and desk analyst work.

109.     Goldman Sachs denies the allegations set forth in paragraph 109 of the Second Amended Complaint, except admits and avers that at or around the same time it hired Orlich, GS also hired a man who was a classmate of Orlich's in the MBA program at Columbia University; and that that individual was initially assigned to work as a junior trader on the High Yield Distressed desk, which is different from the CSFT desk.

110.     Goldman Sachs denies the allegations set forth in paragraph 110 of the Second Amended Complaint, except admits and avers that a male former classmate of Orlich, who was a trader on a different desk within the Credit Trading Group, acted from the beginning of his employment as a junior trader working under the individual who was the head of both the High Yield and CSFT desks.

111.     Goldman Sachs denies the allegations set forth in paragraph 111 of the Second Amended Complaint, except admits and avers that around the same time Orlich was hired as an Associate, GS also hired a male Program Analyst who had graduated from college that year, to work as a junior trader in CSFT.

112.     Goldman Sachs denies the allegations set forth in paragraph 112 of the Second Amended Complaint, except admits and avers that the individual referred to as Orlich's "male classmate" did not have any trading experience prior to his summer work at GS in 2006.

113.     Goldman Sachs denies the allegations set forth in paragraph 113 of the Second Amended Complaint.

114.     Goldman Sachs denies the allegations set forth in paragraph 114 of the Second Amended Complaint, except admits and avers that, in January 2008, Orlich began work in a role that included trading with a male trader in CSFT, who later left GS and whose last day at work at GS was in April 2008; and that the last day at work at GS of the person Orlich appears to refer to as her "direct supervisor" was in January 2008; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning a conversation with a more senior female trader.

115.     Goldman Sacs denies the allegations set forth in paragraph 115 of the Second Amended Complaint.

116.     Goldman Sachs denies the allegations set forth in paragraph 116 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Orlich's unspecified allegations of having "reached out" to unnamed individuals.

117.    Goldman Sachs denies the allegations set forth in paragraph 117 of the Second Amended Complaint.

118.    Goldman Sachs denies the allegations set forth in paragraph 118 of the Second Amended Complaint.

119.    Goldman Sachs denies the allegations set forth in paragraph 119 of the Second Amended Complaint, except avers that the allegations concerning an unnamed senior analyst are too vague to be susceptible to an answer and consequently are denied; and denies knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 119 of the Amended Complaint.

120.    Goldman Sachs denies the allegations set forth in paragraph 120 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 120 of the Second Amended Complaint concerning what Orlich may have been told.

121.    Goldman Sachs denies the allegations set forth in paragraph 121 of the Second Amended Complaint.

122.    Goldman Sachs denies the allegations set forth in paragraph 122 of the Second Amended Complaint, except admits and avers that, as part of GS' annual performance review process, a written performance review was created with respect to Orlich in 2008 that contained, among other things, comments by co-workers and refers to that document for a statement of its contents.

123.     Goldman Sachs denies the allegations set forth in paragraph 123 of the Second

Amended Complaint, except admits and avers that GS terminated Orlich's employment in

November 2008 as part of a firm-wide reduction in force.

124.     Goldman Sachs denies the allegations set forth in paragraph 124 of the Second

Amended Complaint, except admits and avers on information and belief that Orlich filed a

charge of discrimination with the EEOC on or about January 12, 2010; and denies knowledge or

information sufficient to form a belief as to the truth of the allegation concerning an alleged

request by Orlich to the EEOC.

**<u>Allison Gamba</u>**

125.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs

anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief.

Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set

forth in paragraph 125 of the Second Amended Complaint, except admits and avers that (i) The

Goldman Sachs Group, Inc. acquired Spear, Leeds & Kellogg, L.P. in October 2000, (ii) in 2003

Gamba worked in New York Stock Exchange Specialists, which was a part of the Equities Sub-

Division of the Securities Division and subsequently sold by the firm in August 2014,  and (iii)

Gamba was promoted to Vice President in 2006.

126.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs

anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief.

Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set

forth in paragraph 126 of the Second Amended Complaint, except admits and avers that (i) while

an employee of Goldman Sachs, Gamba received performance evaluations, was compensated,

and was promoted to Vice President, and (ii) Gamba does not allege gender discrimination with

respect to Goldman Sachs' compensation process and instead her claim is limited to the 2010 performance review process and her failure to be nominated (and not promoted) for Extended Managing Director in 2010.

127.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 127 of the Second Amended Complaint, except admits and avers that in 2007 Gamba complained about certain comments allegedly made by a male employee, whom she acknowledged did not discriminate against her on the basis of her gender with respect to compensation, performance evaluations, or promotions.

128.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 128 of the Second Amended Complaint, except admits and avers that Gamba complained to her manager that a male employee had made certain comments, and consistent with the firm's policy, Employee Relations followed up appropriately.

129.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 129 of the Second Amended Complaint, except admits and avers that Gamba took maternity leave for a portion of 2008.

130.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief.

Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 130 of the Second Amended Complaint, except admits and avers that in 2008 Gamba was not promoted to Extended Managing Director, and a male employee who had been employed longer than Gamba at the time from New York Stock Exchange Specialists was promoted to Extended Managing Director.

131.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 131 of the Second Amended Complaint, except admits and avers that Gamba received guidance in connection with her efforts to become an Extended Managing Director of the firm.

132.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 132 of the Second Amended Complaint, except admits and avers that Gamba took maternity leave for a portion of 2010 and was not promoted to Extended Managing Director that year.

133.    As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 133 of the Second Amended Complaint, except admits and avers that Gamba was not promoted to Extended Managing Director of Goldman Sachs.

134.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 134.

135.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 135 of the Second Amended Complaint.

136.     As advised in its August 19, 2015 letter to Judge Torres, Goldman Sachs anticipates moving to Dismiss or Strike Gamba's Claims for Injunctive or Declaratory Relief. Without waiving the arguments to be raised therein, Goldman Sachs denies the allegations set forth in paragraph 136 of the Second Amended Complaint, except avers that Gamba never reported to Employee Relations an alleged incident in 2004 involving a male colleague.

**Mary De Luis**

137.     Goldman Sachs denies the allegations set forth in paragraph 137 of the Second Amended Complaint, except admits and avers (i) that De Luis was hired by GS in June 2010 as a Senior Client Analyst in the Investment Management Division, (ii) that effective January 2013 she was promoted to Associate, and (iii) that effective January 2015 she was promoted to Vice President.

138.     Goldman Sachs denies the allegations set forth in paragraph 138 of the Second Amended Complaint, except admits and avers (i) that De Luis is currently based in Dallas, Texas, (ii) that, among others, she works with a Participating Managing Director and an Extended Managing Director who are currently based in New York, New York, (iii) that she

currently holds Series 7 and 66 licenses, and (iv) that her licenses entailed registration in a number of states and territories, including California, Connecticut, Delaware, Florida, New York, Oklahoma, Pennsylvania, and Puerto Rico.

139.    Goldman Sachs denies the allegations set forth in paragraph 139 of the Second Amended Complaint, except admits and avers that De Luis's performance has been evaluated, and that as a GS employee, she has been evaluated and compensated.

140.    Goldman Sachs denies the allegations set forth in paragraph 140 of the Second Amended Complaint, except admits and avers that De Luis was promoted to Associate effective January 2013 and to Vice President effective January 2015, and at no time did she ever express to her supervisors or to any other firm representative a belief or concern that the level of her compensation had anything to do with her gender.

141.    Goldman Sachs denies the allegations set forth in paragraph 141 of the Second Amended Complaint, except admits and avers that in September 2014 De Luis informed her managers that she had received a job offer from another firm, and that her managers discussed compensation with De Luis after she decided to remain at GS.

142.    Goldman Sachs denies the allegations set forth in paragraph 142 of the Second Amended Complaint, except admits and avers that after learning her compensation in early 2015, De Luis discussed with management what her compensation might be in the future.

143.    Goldman Sachs denies the allegations set forth in paragraph 143 of the Second Amended Complaint, except admits and avers that on or about March 17, 2015, De Luis met in New York, New York with a Participating Managing Director to discuss her employment.

144.     Goldman Sachs denies the allegations set forth in paragraph 144 of the Second Amended Complaint, except admits and avers that on or about March 24, 2015, De Luis met with two supervisors to discuss her compensation.

145.     Goldman Sachs denies the allegations set forth in paragraph 145 of the Second Amended Complaint, except admits and avers that management continued to discuss compensation with De Luis after March 24, 2015.

## CAUSES OF ACTION

**FIRST CLAIM FOR RELIEF**
**Intentional Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On Behalf of All Plaintiffs and the Class)**

146.     Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 145 of the Second Amended Complaint as if set forth fully herein.

147.     Goldman Sachs denies the allegations set forth in paragraph 147 of the Second Amended Complaint and specifically denies the existence of any putative Class.

148.     Goldman Sachs denies the allegations set forth in paragraph 148 of the Second Amended Complaint and each and every sub-section thereof.

149.     Goldman Sachs denies the allegations set forth in paragraph 149 of the Second Amended Complaint and each and every sub-section thereof.

150.     Goldman Sachs denies the allegations set forth in paragraph 150 of the Second Amended Complaint.

151.     Goldman Sachs denies the allegations set forth in paragraph 151 of the Second Amended Complaint.

152.     Goldman Sachs denies the allegations set forth in paragraph 152 of the Second Amended Complaint.

153.     Goldman Sachs denies the claim for relief referred to in paragraph 153 of the Second Amended Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## SECOND CLAIM FOR RELIEF

**Disparate Impact Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On Behalf of All Plaintiffs and the Class)**

154.     Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 153 of the Second Amended Complaint as if set forth fully herein.

155.     Goldman Sachs denies the allegations set forth in paragraph 155 of the Second Amended Complaint and specifically denies the existence of any putative Class.

156.     Goldman Sachs denies the allegations set forth in paragraph 156 of the Second Amended Complaint.

157.     Goldman Sachs denies the allegations set forth in paragraph 157 of the Second Amended Complaint.

158.     Goldman Sachs denies the allegations set forth in paragraph 158 of the Second Amended Complaint.

159.     Goldman Sachs denies the allegations set forth in paragraph 159 of the Second Amended Complaint.

160.    Goldman Sachs denies the claim for relief referred to in paragraph 160 of the Second Amended Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## THIRD CLAIM FOR RELIEF

**Intentional Discrimination**
**(NYCHRL, New York City Administrative Code § 8-107 *et seq.*)**
**(On Behalf of All Plaintiffs and the Class)**

161.    Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 160 of the Second Amended Complaint as if set forth fully herein.

162.    Goldman Sachs denies the allegations set forth in paragraph 162 of the Second Amended Complaint and specifically denies the existence of any putative Class.

163.    Goldman Sachs denies the allegations set forth in paragraph 163 of the Second Amended Complaint and each and every sub-section thereof.

164.    Goldman Sachs denies the allegations set forth in paragraph 164 of the Second Amended Complaint and each and every sub-section thereof.

165.    Goldman Sachs denies the allegations set forth in paragraph 165 of the Second Amended Complaint.

166.    Goldman Sachs denies the allegations set forth in paragraph 166 of the Second Amended Complaint.

167.    Goldman Sachs denies the allegations set forth in paragraph 167 of the Second Amended Complaint.

168.    Goldman Sachs denies the allegations set forth in paragraph 168 of the Second Amended Complaint.

169.     Goldman Sachs denies the claim for relief referred to in paragraph 169 of the Second Amended Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## FOURTH CLAIM FOR RELIEF

### Disparate Impact Discrimination
### (NYCHRL, New York City Administrative Code § 8-107 et seq.)
### (On Behalf of All Plaintiffs and the Class)

170.     Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 169 of the Second Amended Complaint as if set forth fully herein.

171.     Goldman Sachs denies the allegations set forth in paragraph 171 of the Second Amended Complaint and specifically denies the existence of any putative Class.

172.     Goldman Sachs denies the allegations set forth in paragraph 172 of the Second Amended Complaint.

173.     Goldman Sachs denies the allegations set forth in paragraph 173 of the Second Amended Complaint.

174.     Goldman Sachs denies the allegations set forth in paragraph 174 of the Second Amended Complaint.

175.     Goldman Sachs denies the allegations set forth in paragraph 175 of the Second Amended Complaint.

176.     Goldman Sachs denies the claim for relief referred to in paragraph 176 of the Second Amended Complaint in its entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever.

## FIFTH CLAIM FOR RELIEF

### Retaliation
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.)
### (On Behalf of Plaintiffs Chen-Oster, Orlich, and Gamba Individually)

177.    Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 176 of the Second Amended Complaint as if set forth fully herein.

178.    Goldman Sachs denies the allegations set forth in paragraph 178 of the Second Amended Complaint, except admits that Plaintiffs Chen-Oster, Orlich, and Gamba purport to bring claims as described therein.

179.    The allegations of paragraph 179 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 179.

180.    Goldman Sachs denies the allegations set forth in paragraph 180 of the Second Amended Complaint.

181.    Goldman Sachs denies the claim for relief referred to in paragraph 181 of the Second Amended Complaint in its entirety, and denies that Plaintiffs Chen-Oster, Orlich, and Gamba are entitled to any relief whatsoever.

## SIXTH CLAIM FOR RELIEF

### Retaliation
### (NYCHRL, New York City Administrative Code § 8-107 et seq.)
### (On Behalf of Plaintiffs Chen-Oster, Orlich, and Gamba Individually)

182.    Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 181 of the Second Amended Complaint as if set forth fully herein.

183.     Goldman Sachs denies the allegations set forth in paragraph 183 of the Second Amended Complaint, except admits that Plaintiffs Chen-Oster, Orlich, and Gamba purport to bring claims as described therein.

184.     The allegations of paragraph 184 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs denies the allegations of paragraph 184.

185.     Goldman Sachs denies the allegations set forth in paragraph 185 of the Second Amended Complaint.

186.     Goldman Sachs denies the allegations set forth in paragraph 186 of the Second Amended Complaint.

187.     Goldman Sachs denies the claim for relief referred to in paragraph 187 of the Second Amended Complaint in its entirety, and denies that Plaintiffs Chen-Oster, Orlich, and Gamba are entitled to any relief whatsoever.

### SEVENTH CLAIM FOR RELIEF

**Pregnancy Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k))**
**(On Behalf of Plaintiffs Chen-Oster and Gamba Individually)**

188.     Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 187 of the Second Amended Complaint as if set forth fully herein.

189.     Goldman Sachs denies the allegations set forth in paragraph 189 of the Second Amended Complaint, except admits that Plaintiffs Chen-Oster and Gamba purport to bring claims as described therein.

190.     Goldman Sachs denies the allegations set forth in paragraph 190 of the Second Amended Complaint.

191.     Goldman Sachs denies the allegations set forth in paragraph 191 of the Second Amended Complaint.

192.     Goldman Sachs denies the allegations set forth in paragraph 192 of the Second Amended Complaint.

193.     Goldman Sachs denies the claim for relief referred to in paragraph 193 of the Second Amended Complaint in its entirety, and denies that Plaintiffs Chen-Oster and Gamba are entitled to any relief whatsoever.

### EIGHTH CLAIM FOR RELIEF

**Pregnancy Discrimination**
**(NYCHRL, New York City Administrative Code § 8-107 et seq.)**
**(On Behalf of Plaintiffs Chen-Oster and Gamba Individually)**

194.     Goldman Sachs restates and incorporates herein its responses to paragraphs 1 through 193 of the Second Amended Complaint as if set forth fully herein.

195.     Goldman Sachs denies the allegations set forth in paragraph 195 of the Second Amended Complaint, except admits that Chen-Oster and Gamba purport to bring a claim as described therein.

196.     Goldman Sachs denies the allegations set forth in paragraph 196 of the Second Amended Complaint.

197.     Goldman Sachs denies the allegations set forth in paragraph 197 of the Second Amended Complaint.

198.     Goldman Sachs denies the allegations set forth in paragraph 198 of the Second Amended Complaint.

199.     Goldman Sachs denies the allegations set forth in paragraph 199 of the Second Amended Complaint.

200.     Goldman Sachs denies the claim for relief referred to in paragraph 200 of the Second Amended Complaint in its entirety, and denies that Plaintiffs Chen-Oster and Gamba are entitled to any relief whatsoever.

## ALLEGATIONS REGARDING RELIEF

201.     Goldman Sachs denies the allegations and claim for relief set forth in paragraph 201 of the Amended Complaint, and avers that Plaintiffs Chen-Oster, Orlich, and Gamba, as former employees of GS, lack standing to pursue injunctive relief on behalf of a putative class. *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 2912741, at *7-8 (S.D.N.Y. July 17, 2012) ("[*Wal- Mart Stores, Inc. v.*] *Dukes* strips Plaintiffs [as former employees] of standing to seek 23(b)(2) certification").

202.     Goldman Sachs denies the allegations set forth in paragraph 202 of the Second Amended Complaint.

203.     Goldman Sachs denies the allegations set forth in paragraph 203 of the Second Amended Complaint.

204.     Goldman Sachs denies the allegations set forth in paragraph 204 of the Second Amended Complaint.

## PRAYER FOR RELIEF

205.     Goldman Sachs denies each and every prayer for relief set forth in paragraph 205 of the Second Amended Complaint, and each and every sub-paragraph thereof, in its and their entirety, and denies that either Plaintiffs or the putative Class is entitled to any relief whatsoever. Further, Goldman Sachs avers that Plaintiffs Chen-Oster, Orlich, and Gamba, as former employees of GS, lack standing to pursue declaratory or injunctive relief on behalf of a putative class.

## JURY DEMAND

206.     The allegations of paragraph 206 of the Second Amended Complaint purport to state a legal conclusion to which no response is required.  To the extent that a response is required, Goldman Sachs admits that Plaintiffs purport to demand a trial by jury in this action.

### FIRST AFFIRMATIVE DEFENSE

207.     Some or all of Plaintiffs' claims are barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

208.     Some or all of Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, estoppel, release, and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

209.     To the extent Plaintiffs or any of them failed to comply with the enforcement provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), their Title VII claims are barred as untimely and/or for failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

210.   To the extent Plaintiffs or any of them failed to satisfy all of the conditions precedent to filing suit under Title VII and/or the New York City Human Rights Law, Administrative Code of the City of New York § 8-107, *et seq*. ("NYCHRL"), their claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

211.   To the extent any of Plaintiffs' Title VII claims concern events alleged to have occurred more than 300 days before the filing of their Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC")/New York City Commission on Human Rights ("NYCCHR"), such claims may be barred as untimely.

## SIXTH AFFIRMATIVE DEFENSE

212.   To the extent any of Plaintiffs' NYCHRL claims concern events alleged to have occurred more than three years before the filing of their Charges of Discrimination with the EEOC/NYCCHR, such claims may be barred as untimely.

## SEVENTH AFFIRMATIVE DEFENSE

213.   To the extent Plaintiffs' Second Amended Complaint asserts or attempts to assert any Title VII claims other than those contained in any Plaintiffs' Charge of Discrimination filed with the EEOC/NYCCHR, such claims are barred for failing to fulfill all the conditions precedent to maintaining such claims.

## EIGHTH AFFIRMATIVE DEFENSE

214.   To the extent any particular Plaintiff's Charge of Discrimination filed with the EEOC/NYCCHR failed to assert claims on behalf of a class of allegedly similarly situated

women, the existence of which Goldman Sachs expressly denies, commensurate with the claims alleged in Plaintiffs' Second Amended Complaint, that charge cannot serve as the foundation for any putative Class alleged by Plaintiffs with respect to such unasserted claims.

## NINTH AFFIRMATIVE DEFENSE

215.    Plaintiffs lack standing to raise some or all of the claims of the putative Class members they purport to represent, the existence of which class Goldman Sachs expressly denies.

## TENTH AFFIRMATIVE DEFENSE

216.    Plaintiffs' claims on behalf of the purported Class, the existence of which class Goldman Sachs expressly denies, are barred by Plaintiffs' failure to meet all four of the mandatory requirements of Fed. R. Civ. P. 23(a).

## ELEVENTH AFFIRMATIVE DEFENSE

217.    Plaintiffs' claims on behalf of the purported Class, the existence of which class Goldman Sachs expressly denies, are barred by Plaintiffs' failure to meet any of the requirements of Fed. R. Civ. P. 23(b).

## TWELFTH AFFIRMATIVE DEFENSE

218.    The claims alleged by Plaintiffs are neither common nor typical of those, if any, of the members of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies.

## THIRTEENTH AFFIRMATIVE DEFENSE

219.    Plaintiffs are inadequate representatives of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies.

## FOURTEENTH AFFIRMATIVE DEFENSE

220.    The types of claims alleged by Plaintiffs and/or the types of relief sought by Plaintiffs are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

## FIFTEENTH AFFIRMATIVE DEFENSE

221.    Certain of the interests of Plaintiffs and members of the putative Class of persons whom they purport to represent are in conflict with the interests of certain sub-groups of that alleged Class, the existence of which Goldman Sachs expressly denies.

## SIXTEENTH AFFIRMATIVE DEFENSE

222.    Plaintiffs have failed to identify a pattern or practice of discrimination against Plaintiffs or the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

223.    Plaintiffs and members of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies, cannot identify similarly situated male individuals who work or worked for Goldman Sachs as Associates or Vice Presidents, respectively, and received more favorable treatment based on gender.

## EIGHTEENTH AFFIRMATIVE DEFENSE

224.    Plaintiffs' Title VII claims on behalf of themselves and members of the putative Class of persons whom they purport to represent, the existence of which Goldman Sachs expressly denies, are not actionable under Title VII because any pay differences between them and similarly-situated male individuals who work or worked for Goldman Sachs as Associates,

or Vice Presidents, respectively, were based on (i) merit systems; (ii) systems which measure earnings by quantity or quality of production; or (iii) a differential based on any other factor other than sex.

### NINETEENTH AFFIRMATIVE DEFENSE

225.    The employment actions taken by GS with respect to Plaintiffs were based solely on legitimate, non-discriminatory factors other than gender.  Alternatively, in the event that the Court or a jury ever were to conclude that gender was a motivating factor in any employment decisions challenged by Plaintiffs, which Goldman Sachs expressly denies, Goldman Sachs affirmatively avers that the same decisions would have been made for legitimate business reasons and without consideration of gender.

### TWENTIETH AFFIRMATIVE DEFENSE

226.    Goldman Sachs denies that gender or any impermissible factor played any role in any of GS' various promotion or compensation policies, procedures or practices, or in any other policy, procedure or practice that Plaintiffs are or may be challenging.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

227.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful because they are job-related for the positions in question and consistent with business necessity under the provisions of 42 U.S.C. §2000e(k)(1)(A)(i).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

228.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful under the provisions of Administrative Code of the City of New York § 8-107(17)(a)(2) because they bear a significant relationship to a significant business objective of GS.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

229.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful because Plaintiffs have not demonstrated the existence of an alternative employment practice that satisfies the legal standard as it existed on June 4, 1989, and Goldman Sachs has not, therefore, refused to adopt any such alternative employment practice.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

230.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, such policies, procedures or practices nevertheless are lawful under the provisions of the Administrative Code of the City of New York

§ 8-107(17)(a)(2) because Plaintiffs cannot produce substantial evidence that an alternative policy or practice with less disparate impact is available to GS and/or Goldman Sachs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

231.    Insofar as any of GS' employment policies, procedures or practices, including but not limited to those related to promotion or compensation, are found to have had a statistically significant adverse impact on any group of female employees, as compared to similarly situated male employees, which Goldman Sachs expressly denies, and insofar as Plaintiffs produce substantial evidence that an alternative policy or practice with less disparate impact is available to GS, such policies, procedures or practices utilized by GS nevertheless are lawful under the provisions of Administrative Code of the City of New York § 8-107(17)(a)(2) because such alternative policy or practice would not serve GS as well.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

232.    If any selection device utilized by GS is found to have had any unlawful adverse impact on any group of female employees, which Goldman Sachs expressly denies, such consequences were not intentional.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

233.    GS has taken reasonable care to prevent and remedy promptly any incidents of alleged sexual harassment and/or sex discrimination brought to management's attention.  GS has policies banning sexual harassment and sex discrimination in the workplace and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

234. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take advantage of any preventative or corrective opportunities provided by GS, or otherwise failed to avoid harm.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

235. Any instances of discriminatory or harassing conduct by managers of GS, the occurrence of which Goldman Sachs expressly denies, would have contravened Goldman Sachs' good faith efforts to enforce and follow Title VII and other anti-discrimination laws. Goldman Sachs has issued policies and established procedures for addressing complaints of alleged discrimination and has promulgated, taught, and enforced those policies and procedures in its workforce. Goldman Sachs is therefore not liable, and/or is not liable for punitive damages, for any such acts.

## THIRTIETH AFFIRMATIVE DEFENSE

236. To the extent that Plaintiffs allege that one or more of Goldman Sachs' employees harassed them, Goldman Sachs expressly states that such conduct, if any, as may have occurred: (1) was outside the course and scope of those employees' employment; (2) was not condoned by Goldman Sachs; (3) was undertaken without the knowledge or consent of Goldman Sachs; and/or (4) was not conduct of a class-based nature.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

237. No resignation from employment on the part of Plaintiffs or the alleged Class members they purport to represent, the existence of which class Goldman Sachs expressly denies, was because of behavior that was sufficiently severe or pervasive to alter the conditions

of that individual's employment or to create an abusive working environment, nor were working conditions so intolerable that a reasonable person would have felt compelled to resign.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

238.    The retaliation claims brought by Plaintiffs Chen-Oster, Orlich, and Gamba are defective to the extent they did not engage in any protected activity under Title VII or the NYCHRL.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

239.    The retaliation claims brought by Plaintiffs Chen-Oster, Orlich, and Gamba are defective to the extent that any employment- related actions taken subsequent to their purported protected activity were taken for legitimate non-retaliatory reasons, and/or were not reasonably likely to dissuade a reasonable employee from engaging in protected activity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

240.    Plaintiff Chen-Oster's pregnancy played no role or no impermissible role in any employment decision related to Plaintiff Chen-Oster.  Alternatively, even if some impermissible motive were a factor in any decision, which Goldman Sachs denies, the same decision would have been reached for legitimate non-discriminatory business reasons.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

241.    Plaintiff Gamba's pregnancy played no role or no impermissible role in any employment decision related to Plaintiff Gamba.  Alternatively, even if some impermissible motive were a factor in any decision, which Goldman Sachs denies, the same decision would have been reached for legitimate non-discriminatory business reasons.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

242.    Plaintiff Chen-Oster's pregnancy discrimination claims under Title VII and NYCHRL are precluded to the extent they attempt to assert a claim on the basis that Plaintiff Chen-Oster is a "[woman] with children," as distinguished from "a [woman] who is pregnant."

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

243.    Plaintiff Gamba's pregnancy discrimination claims under Title VII and NYCHRL are precluded to the extent they attempt to assert a claim on the basis that Plaintiff Gamba is a "[woman] with children," as distinguished from "a [woman] who is pregnant."

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

244.    Plaintiff Gamba's claims are precluded to the extent that they are based on Goldman Sachs's compensation and promotion processes because Gamba does not allege that these processes were discriminatory on the basis of her gender.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

245.    Plaintiff De Luis's NYCHRL claims, and the purported NYCHRL claims of members of the putative Class of persons whom Plaintiffs purport to represent whose work location with GS was outside of New York City, the existence of which class Goldman Sachs expressly denies, are barred to the extent that no alleged conduct prohibited by the NYCHRL took place in New York City and/or to the extent that such alleged conduct had no impact within New York City.

## FORTIETH AFFIRMATIVE DEFENSE

246.     Litigation in this Court is precluded with respect to potential claims by those members of the putative Class of persons Plaintiffs purport to represent, who have executed arbitration agreements that require employment-related disputes to be submitted to arbitration.

## FORTY-FIRST AFFIRMATIVE DEFENSE

247.     Plaintiffs cannot satisfy the prerequisites under Federal Rule of Civil Procedure 23 because some or all of the claims members of the putative Class of persons whom Plaintiffs purport to represent, the existence of said class being expressly denied, are covered by arbitration agreements that require putative Class members to resolve their employment-related disputes with Goldman Sachs through individual arbitrations.

## FORTY-SECOND AFFIRMATIVE DEFENSE

248.     There is no causal relation between the alleged acts of Goldman Sachs and any injury or damage allegedly suffered by Plaintiffs, or the putative Class of persons they purport to represent, the existence of which Goldman Sachs expressly denies.

## FORTY-THIRD AFFIRMATIVE DEFENSE

249.     Goldman Sachs is not liable with respect to any and/or all claims of Plaintiffs and the members of the putative Class, the existence of which Goldman Sachs expressly denies, to the extent that Plaintiffs and the putative Class members suffered no adverse employment action.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

250.     Goldman Sachs has not engaged in unlawful intentional discrimination with respect to Plaintiffs, or any members of the putative Class of persons they purport to represent,

the existence of which Goldman Sachs expressly denies, and Goldman Sachs therefore is not

liable for either compensatory or punitive damages under Title VII.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

251.    Goldman Sachs has not engaged in unlawful discriminatory practices nor any

actions with respect to Plaintiffs, or any members of the putative Class of persons they purport to

represent, the existence of which Goldman Sachs expressly denies, that occurred under

circumstances giving rise to an inference of discrimination based on Plaintiffs' or the putative

Class members' alleged membership in a protected class and Goldman Sachs is therefore not

liable for either compensatory or punitive damages under the NYCHRL.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

252.    Goldman Sachs is not liable with respect to any and/or all of the NYCHRL claims

alleged in the Second Amended Complaint because any employee who allegedly discriminated

against Plaintiffs, or against some or all members of the putative Class of persons they purport to

represent, the existence of which Goldman Sachs expressly denies, was not an "agent" for

Goldman Sachs who "exercised managerial or supervisory responsibility."

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

253.    If any employee of Goldman Sachs engaged in any unlawful discriminatory

practice, which Goldman Sachs expressly denies, Goldman Sachs is not liable with respect to

any and/or all of Plaintiffs' purported NYCHRL claims because: (1) Goldman Sachs did not

know of or acquiesce to any employee's or agent's discriminatory conduct; (2) Goldman Sachs

did not fail to take immediate and appropriate corrective action upon learning of any

discriminatory conduct; (3) there is no basis for concluding that Goldman Sachs should have

known of the employee's or agent's discriminatory conduct; and (4) Goldman Sachs did not fail

to exercise reasonable diligence to prevent such discriminatory conduct.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

254.    Any and all claims by Plaintiffs, including those on behalf of members of the

putative Class of persons whom they purport to represent, the existence of which class Goldman

Sachs expressly denies, based in whole or in part upon any alleged physical or emotional injury

or mental distress are barred because no conduct of Goldman Sachs was extreme or outrageous

or undertaken with the intent of causing, or in reckless disregard of the probability of causing,

emotional distress.

### FORTY-NINTH AFFIRMATIVE DEFENSE

255.    Any alleged damages under Title VII for alleged gender or pregnancy

discrimination, or retaliation, are subject to, and limited by, the damages caps established by 42

U.S.C. § 1981a(b)(3).

### FIFTIETH AFFIRMATIVE DEFENSE

256.    Any liabilities and penalties against Goldman Sachs, if any, should be mitigated

by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City

Administrative Code.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

257.    Goldman Sachs is not liable for punitive damages under either Title VII or the

NYCHRL because neither they nor any of their officers, directors and/or "managerial agents"

and/or "agents" ever: (1) intentionally engaged in any unlawful employment practices with

malice or reckless disregard for Plaintiffs' protected rights, or those of any members of the

putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, or (2) discriminated against Plaintiffs or any members of the putative Class of persons they purport to represent, the existence of which Goldman Sachs expressly denies, in the face of a perceived risk that such actions would violate applicable law.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

258.   Goldman Sachs is not liable for punitive damages under Title VII because any employee who allegedly discriminated against Plaintiffs, or any member of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, was not a "managerial agent" for Goldman Sachs and/or was not acting within the scope of his or her employment.  Even if an employee who committed any acts found to have been discriminatory was a "managerial agent" and was acting within the scope of his or her employment, the alleged discrimination was contrary to Goldman Sachs' good-faith efforts to comply with Title VII, and therefore punitive damages may not be imposed against Goldman Sachs under Title VII.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

259.   Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred because any imposition of punitive damages under any of the claims would constitute a denial of due process under the United States Constitution and/or the Constitution of the State of New York.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

260.    Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred because any imposition of punitive damages under any of the claims would violate the Eighth Amendment to the United States Constitution and/or the Constitution of the State of New York, as the claims seek to impose an excessive fine upon Goldman Sachs, are penal in nature, and seek to punish Goldman Sachs upon the basis of vague standards.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

261.    Plaintiffs' claims for damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred to the extent that said claims are speculative in nature.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

262.    Plaintiffs' claims for punitive damages, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, are barred because any imposition of punitive damages under any of the claims would violate the Fifth Amendment to the United States Constitution and/or the Constitution of the State of New York, as such claims expose Goldman Sachs to multiple punishments and fines for the same conduct.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

263.    Plaintiffs have failed to comply with their duty to mitigate alleged losses (their entitlement to recovery of which is expressly denied); alternatively, any claims for relief for lost

earnings and/or benefits, including those on behalf of members of the putative Class of persons they purport to represent, the existence of which class Goldman Sachs expressly denies, must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

264.    The entitlement to any relief which otherwise may be held by the Court or the jury to be due in this case to Plaintiffs, or to any member of the putative Class of persons they purport to represent, the existence of which class, and any entitlement to relief, Goldman Sachs expressly denies, is limited by the after-acquired evidence doctrine.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

265.    Each and every purported claim alleged by Plaintiffs, including those on behalf of members of the putative Class of persons whom they purport to represent, the existence of which class Goldman Sachs expressly denies, is barred because any recovery from Goldman Sachs would result in a Plaintiff's or putative Class member's unjust enrichment.

## SIXTIETH AFFIRMATIVE DEFENSE

266.    The claims for injunctive and other prospective equitable relief by Plaintiffs and the members of the putative Class, the existence of which Goldman Sachs expressly denies, are barred because Plaintiffs and the putative Class members have an adequate and complete remedy at law.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

267.    The Second Amended Complaint fails to state a claim upon which relief can be granted, as to the individual Plaintiffs' claims as well as those on behalf of the alleged Class.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

268.     To the extent that Plaintiffs seek to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with GS, such recovery is barred by the exclusivity of remedies under the New York Workers' Compensation law.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

269.     The Goldman Sachs Group, Inc. was not Plaintiffs' employer and therefore was improperly named as a defendant in this action.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

270.     Plaintiffs' claims for relief on behalf of themselves and the putative Class for disparate impact discrimination under Title VII and the NYCHRL are barred for failing to fulfill the conditions precedent to maintaining such claims, including failure to exhaust administrative remedies.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

271.     Plaintiffs' claims for certification of a class pursuant to Rule 23(b)(2) are barred by the Court's ruling in *Chen-Oster v. Goldman, Sachs & Co.*, 2012 WL 2912741 (S.D.N.Y. July 17, 2012).

**RESERVATIONS OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

272.     Goldman Sachs has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter.  Goldman Sachs reserves the right to amend or seek to amend its answer and/or affirmative defenses.

WHEREFORE, Goldman Sachs respectfully demands judgment dismissing this action with prejudice together with an award for its costs and disbursements and such other and further relief as the Court deems appropriate.

|  |  |
|---|---|
|  |   /s/ Robert J. Giuffra, Jr.     |
| Barbara B. Brown *(admitted pro hac vice)* | Robert J. Giuffra, Jr. |
| Neal D. Mollen *(admitted pro hac vice)* | Theodore O. Rogers, Jr. |
| Carson H. Sullivan *(admitted pro hac vice)* | Robin D. Fessel |
| PAUL HASTINGS LLP | Suhana S. Han |
| 875 15th Street, NW | Jeffrey B. Wall *(admitted pro hac vice)* |
| Washington, DC  20005 | SULLIVAN & CROMWELL LLP |
|  | 125 Broad Street |
|  | New York, New York 10004 |
|  | (212) 558-4000 |

*Attorneys for Defendants*
*Goldman, Sachs & Co. and*
*The Goldman Sachs Group, Inc.*

August 20, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; SHANNA ORLICH; ALLISON GAMBA; and MARY DE LUIS<br><br>                                     Plaintiffs,<br><br>                       vs.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.<br><br>                                     Defendants. | 10 Civ. 6950 (AT) (JCF)<br><br>**CERTIFICATE OF SERVICE OF ANSWER TO SECOND AMENDED CLASS ACTION <u>COMPLAINT</u>** |

I hereby certify that on August 20, 2015, I caused a copy of the foregoing Answer to Second Amended Class Action Complaint I caused a copy of the foregoing to be served by the Court's ECF system on:

Adam T. Klein
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, NY  10016

Kelly M. Dermody
Anne B. Shaver
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339

Dated: August 20, 2015

                                     By:     /s/ Robert J. Giuffra, Jr.
                                                  Robert J. Giuffra, Jr.