

Advocates for Workplace Fairness

July 1, 2016

<u>Via ECF</u>
The Honorable Analisa Torres
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   Re: *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT)(JCF)

Dear Judge Torres:

  We represent the Plaintiffs in the above-captioned action. We write pursuant to the Court's Individual Rules of Practice in Civil Cases to request a pre-motion conference regarding Plaintiffs' anticipated motion to supplement the Second Amended Class Action Complaint ("SAC") to include allegations of retaliation and constructive discharge and a claim for reinstatement for Plaintiff Mary De Luis.

### *Background*

  As the Court is aware, Plaintiffs filed this case in September 2010, alleging systemic gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law on behalf of a class of current and former Goldman Sachs female professionals. (Dkt. 5.)

  Plaintiffs moved for class certification for liability and remedial issues under Rule 23(a), (b)(2), and (b)(3) on May 19, 2014. (Dkt. 246.) On March 10, 2015, Judge Francis issued an R&R on class certification. In the R&R, Judge Francis found that all the requirements of Rule 23(a) were satisfied. (Dkt. 364 at 35.) He further found that certification would be appropriate under Rule 23(b)(2), but for the fact that he believed he was bound by the District Court's prior decision finding that former employees lacked standing to seek injunctive relief (a holding with which he disagreed, *see* Dkt. 134). On the basis of that prior Order, Judge Francis recommended that certification be denied only because the named plaintiffs lacked standing to represent a 23(b)(2) class. *Id.* at 36, 45.

  Subsequently, Plaintiffs moved to intervene two new class representatives, Allison Gamba and Mary De Luis, with standing to represent the (b)(2) class. (Dkt. 376.) Ms. Gamba and Ms. De Luis were employed by Goldman at the time this case was filed. Ms. Gamba remained employed by Goldman through August 2014 and sought reinstatement as part of her

**New York**  3 Park Avenue  29th Floor  New York, NY 10016  Tel (212) 245-1000 Fax (646) 509-2060
**Chicago**  161 N Clark Street  Suite 4700  Chicago, IL 60601  Tel (312) 809-7010 Fax (312) 809-7011
**San Francisco**  One Embarcadero Street  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800 Fax (415) 638-8810

www.outtengolden.com

The Honorable Analisa Torres
July 1, 2016
Page **2** of **4**

intervention as a named Plaintiff.  The Court granted both Plaintiffs leave to intervene on August 2, 2015 in a lengthy and well-reasoned opinion and after oral argument. (Dkt. 410.)  Following Judge Francis's decision, Plaintiffs filed their SAC adding Mary De Luis and Allison Gamba as named plaintiffs on August 3, 2015.  (Dkt 411.)  Goldman appealed the Order to Your Honor and the briefing was completed as of September 8, 2015.  (Dkt. 417.)  Goldman additionally answered the claims of Plaintiff De Luis, but sought dismissal of Plaintiff Gamba's claims for injunctive and declaratory relief based on the argument that she was not a current employee at the time she sought to intervene (even though she had been current through most of the pendency of this case).  (Dkt. 425.)

In March 2016, during the pendency of Goldman's appeal, De Luis requested a transfer from Goldman's Dallas office to its Miami office, due to the relocation of her significant other.  Ex. A (Supplemental Complaint) ¶ 5.  De Luis had been assured by Goldman in March 2012 and September 2014, prior to her participation in this lawsuit, that relocation to Miami in 2016 would be possible.  *Id.* ¶ 6.  De Luis's two male supervisors denied her transfer request.  *Id.*  In denying her request, De Luis's supervisors explained that she could either remain in Dallas or transfer to New York, and that if De Luis wanted to move to Miami, she would have to apply and be considered for a position inferior to the one she then held.  *Id.*  Goldman has permitted other employees to transfer offices or arrange their schedules to accommodate personal or family constraints.  *Id.* ¶ 7.

Upon information and belief, Goldman's reason for denying De Luis's transfer request was pretext for its retaliatory conduct.  The reason provided to De Luis for the denial of her transfer request was that her supervisory function could not be carried out remotely.  *Id.* ¶ 8.  Coordination of De Luis's team, however, was already being done remotely, as many members of the team were located in New York or regional offices.  *Id.*  In addition, De Luis presented multiple reasons why her location in Miami would benefit the team and company.  *Id.*  On May 2, 2016, faced with the choice of being separated from her significant other or sidelining her own career, and given Goldman's longstanding pattern of discrimination, De Luis had no choice but to resign, as Goldman undoubtedly anticipated.  *Id.* ¶ 11.

Predictably, within days of De Luis's resignation, Goldman sought dismissal of her claims for injunctive and declaratory relief on May 9, 2016.  (Dkt. 446.)  On June 6, 2016, the Court denied Goldman's appeal of the Magistrate Judge's Order on intervention. (Dkt. 450.)  On June 15, 2016, the Court set a briefing schedule on Goldman's motion to dismiss De Luis's claims and on the parties respective positions regarding whether Gamba's and De Luis's status should be decided as a question of mootness. (Dkt. 454.)

*Argument*

A.   **The Supplemental Claims Are Closely Connected to the Original Pleading and Their Inclusion Will Promote Efficient Resolution of this Action.**

Federal Rule of Civil Procedure 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that

The Honorable Analisa Torres
July 1, 2016
Page **3** of **4**

happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see Marcucci v. New York Dist. Council of Carpenters Welfare Fund,* No. 97 Civ. 7406, 2001 WL 1622213, at *2 n.3 (S.D.N.Y. Dec.17, 2001) (citing *Flaherty v. Lang,* 199 F.3d 607, 614 n.3 (2d Cir. 1999)). Permission to file supplemental pleadings under Rule 15(d) "should be freely permitted when the supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995).

Plaintiffs seek to supplement the SAC to add allegations of retaliation and constructive discharge and a claim for reinstatement that arose after the SAC was filed. These claims match closely with existing allegations – Cristina Chen-Oster, Shanna Orlich, and Alison Gamba have already brought individual claims of retaliation under Title VII and the New York City Human Rights Law. *See* Dkt. 411 at Fifth and Sixth Claims for Relief. De Luis's claim for reinstatement is also consistent with Plaintiffs' class-wide requested relief, which seeks an "order restoring [them] to their rightful positions at Goldman Sachs," *id.* ¶ 205(j); *see also id.* ¶ 65(g) (class retaliation allegation). Adjudicating all of the claims at once will be both prudent and efficient because De Luis's supplemental claims flow from the same unlawful discriminatory practices and seek the same types of relief as the other named plaintiffs and the putative class.

**B.     There Has Been No Undue Delay, Bad Faith, or Dilatory Motive; Plaintiffs'
         Motion Is Not Prejudicial or Futile.**

Permission to supplement pleadings should be freely granted absent "undue delay, bad faith, dilatory tactics, undue prejudice … or futility." *Quaratino,* 71 F.3d at 66*; see also Bornholdt v. Brady,* 869 F.2d 57, 68 (2d Cir. 1989) (Courts should freely grant supplementation where it "will promote the economic and speedy disposition of the controversy between the parties. . . .") (citing *LaSalvia v. United Dairymen,* 804 F.2d 1113, 1119 (9th Cir. 1986) and C. Wright & A. Miller, Federal Practice and Procedure § 1504, at 542–43 (1971)).

First, Plaintiffs' counsel has acted promptly to supplement the pleadings soon after the incidents underlying them took place in March 2016 and May 2016, including by notifying the Court and Goldman in their May 11, 2016 letter that they would move to supplement the complaint to add allegations of retaliation and a claim for reinstatement for De Luis based on the denial of her transfer. (Dkt. 447 at n.1.)

Second, permitting Plaintiffs to supplement the SAC does not prejudice Goldman. Discovery in this matter has not yet moved forward on De Luis's claims, and Goldman will have ample opportunity to take discovery on the claims plaintiffs seek to bring in the Supplemental Complaint. Moreover, the proposed Supplemental Complaint does not set forth any new legal theories upon which relief could be granted. Goldman has been on notice that it would have to defend against claims of retaliation and reinstatement in this case because of plaintiffs' individual and class-wide retaliation and reinstatement allegations in the previous complaints. *See Soler v. G & U, Inc.,* 103 F.R.D. 69, 76 (S.D.N.Y. 1984) ("[A]s long as the original complaint provides defendant with adequate notice of the conduct, transaction, or occurrence upon which plaintiff bases [her] claim . . . , it is reasonable to assume that defendant has knowledge of any claim plaintiff may assert in any capacity arising out of the event in dispute.") (quoting 6 C Wright, A. Miller & M. Kane, § 1501, at 211 (Supp. 1984)).

The Honorable Analisa Torres
July 1, 2016
Page **4** of **4**

  Finally, Plaintiffs' motion to supplement the complaint is not futile. Supplementation of a pleading is considered "futile" when the proposed new claim "could not withstand a motion to dismiss under [Federal Rule of Civil Procedure 12(b)(6)]." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002). A claim can withstand a Rule 12(b)(6) motion if it "contains enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Cummings-Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 298 (E.D.N.Y. 2012) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "In deciding whether a complaint meets this standard, the Court is required to accept the material facts alleged in the supplemental pleading as true and draw all reasonable inferences in the plaintiff's favor." *Id.* (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678-79 (2009)).

  Goldman's conduct provides a plausible basis for relief. *See Beyer v. County of Nassau,* 524 F.3d 160, 165 (2d Cir. 2008) ("The *denial* of a transfer may constitute an adverse employment action. . .where. . . .the sought for position is materially more advantageous than the employee's current position, whether because of prestige, modernity, training opportunity, job security, or some other objective indicator of desirability.") (emphasis in original); *Madray v. Long Island Univ.,* 789 F.Supp.2d. 403, 410 (E.D.N.Y. 2011) ("[A]n employer's actions or statements which induce the involuntary resignation, either alone or in combination with other adverse conditions, can constitute intolerable working conditions for the purposes of establishing constructive discharge."); *see also Ruotolo v. City of New York,* No. 03 Civ. 5045, 2005 WL 1253936, at *6 (S.D.N.Y. May 25, 2005) (in Section 1983 action finding "[w]here…a plaintiff alleges a single, ongoing pattern of retaliatory conduct, a motion to supplement the Complaint by adding further events and participants in the same alleged pattern is not futile."). Reinstatement is the preferred relief for an array of discriminatory conduct, including wrongful or constructive discharge and retaliation. *See Reiter v. MTA N.Y.C. Transit Auth.,* 457 F.3d 224, 230 (2d Cir. 2006); *Muller v. Costello*, 187 F.3d 298, 315 (2d Cir. 1999) ("reinstatement and back pay may be ordered to remedy unlawful retaliation").

  We thank the Court for its attention to this matter.

            Respectfully submitted,

            Adam T. Klein

Enclosure

cc: All counsel via ECF