| | |
|---|---|
| **OUTTEN & GOLDEN LLP** <br> Adam T. Klein <br> Cara E. Greene <br> Ossai Miazad <br> 685 Third Avenue, 25th Floor <br> New York, New York 10017 <br> Telephone: (212) 245-1000 <br> Facsimile: (646) 509-2060 | **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP** <br> Kelly M. Dermody (*admitted pro hac vice*) <br> Anne B. Shaver (*admitted pro hac vice*) <br> 275 Battery Street, 29th Floor <br> San Francisco, California 94111-3339 <br> Telephone: (415) 956-1000 <br> Facsimile: (415) 956-1008 |
| **OUTTEN & GOLDEN LLP** <br> Paul W. Mollica <br> 161 North Clark Street, Suite 1600 <br> Chicago, Illinois 60601 <br> Telephone: (312) 809-7010 <br> Facsimile: (312) 809-7011 | **LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP** <br> Rachel Geman <br> 250 Hudson Street, 8th Floor <br> New York, New York 10013-1413 <br> Telephone: (212) 355-9500 <br> Facsimile: (212) 355-9592 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; SHANNA ORLICH; ALLISON GAMBA; and MARY DE LUIS, <br><br> Plaintiffs, <br><br> - against - <br><br> GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC., <br><br> Defendants. | 10 Civ. 6950 (AT) (JCF) <br><br> **SUPPLEMENTAL COMPLAINT** <br> **(Trial by Jury Demanded)** |

Pursuant to Federal Rule of Civil Procedure 15(d), Individual and Representative Plaintiffs H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis (collectively "Plaintiffs") file this Supplemental Complaint regarding facts pertaining to Plaintiff Mary De Luis ("Plaintiff De Luis") arising after the Second Amended Complaint was filed and plead claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the

-1-

New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-107 *et seq.* against Defendant Goldman, Sachs & Co. ("GS") and Defendant The Goldman Sachs Group, Inc. ("GS Group") (collectively "Goldman Sachs") that could not have been pled before those jurisdictional facts occurred. Plaintiffs incorporate by reference the allegations of the Second Amended Complaint (Dkt. 411.) and allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PARTIES

### Plaintiffs

*Mary De Luis*

1.      Plaintiff De Luis was employed by Goldman Sachs from June 2010 to May 2016, first in Miami, Florida and then in Dallas, Texas. She also traveled to and worked out of Goldman Sachs's New York, New York office.

### Defendants

*Goldman, Sachs & Co.*

2.      During all relevant times, Defendant GS was Plaintiff De Luis's employer within the meaning of all applicable statutes.

*The Goldman Sachs Group, Inc.*

3.      During all relevant times, Defendant GS Group was Plaintiff De Luis's employer within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

4.      On August 2, 2015, Magistrate Judge James Francis permitted Plaintiff De Luis and Plaintiff Allison Gamba to intervene in the instant lawsuit as named plaintiffs. (Dkt. 410.) Goldman Sachs appealed the decision, and the motion was fully briefed on September 8, 2015.

(Dkt. 417.) On June 6, 2016, the District Court affirmed Magistrate Judge Francis's decision permitting intervention. (Dkt. 453.)

5. In March 2016, during the pendency of Goldman Sach's appeal, Plaintiff De Luis requested a transfer from Goldman Sachs's Dallas office to its Miami office, due to the relocation of her significant other.

6. Although Plaintiff De Luis had been assured by Goldman Sachs in March 2012 and September 2014, prior to her participation in this lawsuit, that relocation to Miami in 2016 would be possible, her request was denied by her two male supervisors. The only options Plaintiff De Luis's supervisors presented to her were to continue to work in Dallas or New York, away from her family, or apply and be considered for an inferior position in Miami.

7. Upon information and belief, employees in Plaintiff De Luis's group and others have been granted transfers or flexible work arrangements due to personal or family constraints.

8. The reason Goldman Sachs provided to Plaintiff De Luis for the denial of her transfer request was that her supervisory function could not be carried out remotely. Coordination of Plaintiff De Luis's team, however, was already being done remotely, as many members of the team were located in New York or regional offices. In addition, Plaintiff De Luis presented multiple reasons why her relocation to Miami would benefit the team and company.

9. Upon information and belief, Goldman Sachs's reason for denying Plaintiff De Luis's transfer request is pretext for its retaliatory conduct.

10. Upon information and belief, Goldman Sachs was aware of Plaintiff De Luis's role as a named plaintiff in the instant lawsuit at the time they denied her request to transfer offices.

11. On May 2, 2016, due to the consistent and systematic discrimination she had suffered over her nearly six years at Goldman Sachs and faced with the choice of being separated from her significant other or sidelining her own career, Plaintiff De Luis was forced to resign.

## CAUSES OF ACTION

## NINTH CLAIM FOR RELIEF

**Retaliation**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.)**
**(On Behalf of Plaintiff De Luis)**

12. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as alleged above.

13. Plaintiff De Luis has exhausted her administrative remedies. Under the Second Circuit's Single-Filing Rule, Plaintiff De Luis is entitled to piggy-back off the previous EEOC filings of the Named Plaintiffs in this case because those charges relate to the same claims that Plaintiff De Luis asserts. On June 7, 2016, Plaintiff De Luis also filed a charge of retaliation with the EEOC. On February 21, 2017, Plaintiff De Luis received a Dismissal and Notice of Rights from the EEOC for the claims alleged herein.

14. Plaintiff De Luis engaged in protected activities, including by joining in the instant lawsuit as a named plaintiff.

15. Goldman Sachs took adverse actions against Plaintiff De Luis with the purpose of retaliating against her because of her participation in protected activities, and Plaintiff De Luis suffered damages as a result of that conduct.

16. Plaintiff De Luis requests relief as hereinafter described, including reinstatement to her position at Goldman Sachs.

## TENTH CLAIM FOR RELIEF

### Retaliation
### (NYCHRL, New York City Administrative Code § 8-107 *et seq.*)
### (On Behalf of Plaintiff De Luis)

17. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as alleged above.

18. Plaintiff De Luis engaged in protected activities, including by joining in the instant lawsuit as a named plaintiff.

19. Goldman Sachs took adverse actions against Plaintiff De Luis with the purpose of retaliating against her because of her participation in protected activities, and Plaintiff De Luis suffered damages as a result of that conduct.

20. Goldman Sachs engaged in the retaliatory conduct alleged above during the liability period within the City of New York, and the retaliatory conduct had an impact within the City of New York

21. Plaintiff De Luis requests relief as hereinafter described, including reinstatement to her position at Goldman Sachs.

## PRAYER FOR RELIEF

22. WHEREFORE, Plaintiffs prays for relief as follows:

    (a) An order restoring Plaintiff De Luis to her rightful position at Goldman Sachs, or in lieu of reinstatement, an order for front pay benefits.

## JURY DEMAND

23. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
       April 24, 2017

Respectfully submitted,

By:    */s/ Adam T. Klein*
      Adam T. Klein

OUTTEN & GOLDEN LLP
Adam T. Klein
Cara E. Greene
Ossai Miazad
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

OUTTEN & GOLDEN LLP
Paul W. Mollica
161 North Clark Street, Suite 1600
Chicago, Illinois 60601
Telephone: (312) 809-7010
Facsimile: (312) 809-7011

By:    */s/ Kelly M. Dermody*
      Kelly M. Dermody

LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
Kelly M. Dermody (*admitted pro hac vice*)
Anne B. Shaver (*admitted pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
Rachel Geman
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiffs and the Putative Class*