```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-11-18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA
ORLICH, ALLISON GAMBA, and MARY DE
LUIS,

                      Plaintiffs,

     - against -

GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

                      Defendants.
------------------------------------------------------------X

10 Civ. 6950 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On December 13, 2017, I held a hearing concerning whether the parties should engage in supplemental discovery on the issue of class certification for injunctive relief pursuant to Federal Rule of Civil Procedure 23(b)(2) given the passage of time and alleged changes in Defendants' policies and practices. I issued a bench ruling granting the additional discovery and directing the parties to submit a proposed schedule for completing that additional discovery and for further class-certification briefing. On January 3, 2018, the parties submitted a joint letter raising two disputed issues impacting the schedule. (Dkt. 564.) The two disputed issues are:

(1) the scope of additional discovery, and particularly whether the time period encompassed is (a) as posited by Plaintiffs: 2012-2017 (the period following the end of earlier data and document discovery), or instead (b) as posited by Defendants: 2016-2017 (2016 allegedly being

1

when Defendants implemented material changes in their policies and procedures); and

(2) the scope of additional briefing, and particularly whether the scope should be (a) as posited by Plaintiffs: only whether the purported changes in Defendants' policies and practices are material and have any impact on class certification, or (b) as posited by Defendants: all elements of class certification pursuant to Rule 23(a), (b)(2), and (c)(4) should be briefed.

Based on all prior proceedings, the December 13, 2017 hearing, and the parties' joint submission, the Court rules as follows.

## Scope of Discovery

Defendants advocated in their earlier briefing that further discovery was required given the "stale record" in this case. Even in the recent joint submission, Defendants repeat that same admonition: "under Second Circuit precedent, this Court simply cannot decide whether to certify an injunctive class pursuant to Rule 23(b)(2) based on a stale record." (Dkt. 564 at 10 n.11.) It would be neither fair nor equitable for Defendants to update the "stale record" with only the most recent two-year period of their policies and practices and their impact. Indeed, Defendants have stated that they planned, and began at least partial implementation of, changes to their policies and practices before 2016. (Dkt. 560 at 13; Dkt. 545 at 3, 8-9.) Moreover, Defendants seek to "refresh" discovery of their own materials. They may not update the stale record with only a constrained time period of their choosing. The time period for the supplemental discovery shall therefore be 2012-2017.

2

As to the substantive scope of that discovery, however, Defendants' position that discovery should extend to a full renewal of discovery, including electronically stored information, goes too far. Rather, the proper, proportionate scope of supplemental production – even with briefing addressing all elements of certifying a class for injunctive relief – is that set forth by Plaintiffs on page three of the joint letter, namely: (a) the six categories of information identified on page three of the joint letter (which Defendants have agreed to produce at least for 2016-2017 as per footnote eight on page nine of the joint letter), and (b) deposition testimony from Mr. Landman (who provided sworn statements concerning Defendants' policy changes) and from the person(s) most knowledgeable about the changes to Defendants' policies and practices. Supplemental expert reports and discovery also are appropriate as contemplated by both parties in their respective proposed schedules.

### Scope of Briefing

The purpose of the additional briefing is to determine the propriety of class certification for injunctive relief. That requires assessing the evidence both past and recent in the context of the elements required for certification. Moreover, given the limited earlier briefing on 23(b)(2) certification (a byproduct, at least in part, of the procedural history of this case), the Court will find it helpful to have full briefing on whether the requisite elements are satisfied.

### Schedule

The Court believes the schedule on the following page is appropriate. Before finalizing it, however, I would like to hear from the parties whether any dates should be adjusted in light of concerns about which the Court may not be aware. Accordingly, I will

hold a telephone conference with the parties to discuss and finalize the schedule set forth below. The parties should contact my Courtroom Deputy to find a suitable date and time.

| Event | Deadline |
| --- | --- |
| **Data and Document Discovery*** | |
| Document and data production completed | February 21, 2018 |
| Fact discovery completed | March 30, 2018 |
| **Expert Discovery** | |
| Plaintiff new/revised report(s) | April 30, 2018 |
| Depositions of Plaintiff expert(s) | May 21, 2018 |
| Defendants' new/revised report(s) | June 5, 2018 |
| Depositions of Defendant expert(s) | June 26, 2018 |
| Plaintiff reply expert report(s) | July 16, 2018 |
| **Briefing Schedule** | |
| Plaintiff brief in support of class cert. | August 15, 2018 |
| Defendant brief in opposition | September 24, 2018 |
| Plaintiff reply brief | October 15, 2018 |

* Document and data discovery should be produced on a rolling basis.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   January 11, 2018
         New York, New York

Copies transmitted to all counsel of record.

4