UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; SHANNA ORLICH; ALLISON GAMBA; and MARY DE LUIS,<br><br>Plaintiffs,<br><br>-against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | No. 10 Civ. 6950 (AT) (RWL) |

## JOINT PROGRESS REPORT

The Parties make this submission pursuant to the Court's January 30, 2018 Order that the Parties submit a "60-day progress report[]" concerning the schedule for discovery, expert reports and briefing required by that Order on March 26, 2018. (ECF No. 568.) The Parties have met and conferred, and set forth below their joint and respective positions for the Court's consideration.

I.  **PRELIMINARY STATEMENT**

On January 11, 2018, the Court ordered Goldman Sachs to produce the following materials for the time period 2012–2017:

(1) Personnel data (using the same data fields as the earlier data production or those fields that now correspond if the field names have been changed);

(2) Documents sufficient to reflect all iterations of policies and procedures regarding 360 reviews and manager quartiling, and documents discussing any changes thereto;

(3) Reports of auditing or monitoring for adverse impact of Goldman's performance systems, or subparts;

(4) Internal complaints/complaint files of gender bias (consistent with the prior complaint production ordered by Judge Francis);

(5) The files of the Americas Diversity Committee and Women's Network; and

(6) The annual People Survey responses and summaries or reports thereof, including "People Survey Firmwide Action Areas" and "People Survey Firmwide Executive Summary." (ECF No. 565.)

In addition, the Court ordered Goldman Sachs to produce the person most knowledgeable about the changes to Goldman Sachs' policies and practices for deposition. By Order dated January 30, 2018, the Court set the date for completion of production of the documents, data and fact discovery to be March 30, 2018. (ECF No. 568.) This Report sets forth the Parties' progress toward meeting the Court's deadlines.

## II. DATA AND DOCUMENT PRODUCTION

### A. Data (Item 1 above)

*Plaintiffs' Position*

On March 5 and March 6, 2018, Goldman began the data production, with partial productions of data fields from the PeopleSoft database. On March 9, Goldman produced data from 1 of 3 divisions (Securities). On March 13, Goldman produced additional data fields from the PeopleSoft database. On March 20 and 22, Goldman produced data from the remaining 2 divisions (Investment Banking and Investment Management). Plaintiffs are currently reviewing these recent database productions and scrambling to promptly identify and remedy any areas of concern prior to the March 30 close of the data discovery period. On March 22, Plaintiffs raised concerns about the dataset included in Goldman's March 2018 PeopleSoft production for the 2010-2017 period both in terms of completeness and to understand the extent to which some data elements have been updated or redefined from the previous production. The parties will continue to evaluate the production for accuracy and completeness. As with the previous data

productions, Goldman did not provide Plaintiffs with data dictionaries or detailed instructions on how the produced structured data shifted over time.

Goldman has represented to Plaintiffs that additional database productions are forthcoming, including performance (Compensation Recommendation System (CRS) and Firmwide Review System (FRS)) and promotions data. The parties will likely need to engage in follow-up quality control once Plaintiffs have had an opportunity to review the completed data production in full.  Plaintiffs also anticipate that this process may require a 30(b)(6) deposition regarding the database productions. Plaintiffs' position has continuously been that all data production, informal meet/confer follow-up, and depositions should be completed prior to the close of the data discovery period on March 30, and yet clearly the data production work will continue well past the deadline, leaving less time for Plaintiffs' expert to complete the data analysis work.

*Defendants' Position*

Goldman Sachs has produced data from the databases requested by Plaintiffs as follows:

- PeopleSoft database.  Produced data on March 5, 6, and 13.  This production is complete.

- Securities Division data.  Produced compensation and production data on March 9.  This production is complete.

- Investment Banking Division data.  Produced compensation and production data on March 20.  This production is complete.

- Investment Management Division data.  Produced compensation and production data on March 22.  This production is complete.

- Goldman Sachs expects to produce all remaining data by the March 30 deadline.

In accordance with the Court's January 11 and January 30 Orders, Goldman Sachs expects to complete its production of all "personnel data (using the same data fields as the earlier

data production or those fields that now correspond if the field names have been changed)" by March 30.  (ECF No. 564 at 3; ECF No. 565 at 3; ECF No. 568 at 1.)  Although Your Honor's January 30 Order required only that "data production [must be] completed" by March 30, 2018, with no mention of any earlier dates or rolling productions, Goldman Sachs produced data on a rolling basis as soon as it could, as described above.  (ECF No. 568.)  To the extent Plaintiffs have questions about the data or data fields, Defendants have repeatedly offered to work cooperatively with Plaintiffs to answer any questions about the data produced.  For example, on February 26, Defendants e-mailed Plaintiffs to explain that "there are no pre-existing data dictionaries for the relevant databases, as we explained when we first produced these databases in 2013."  Similarly, on March 23, Defendants responded to Plaintiffs' March 22 e-mail explaining that (i) "[t]he class relevant population for the current data set is the same as last time: Associates or Vice Presidents in R-coded positions in Securities, IBD, or IMD in the United States"; (ii) "as we did before, we are producing the entire job history information for anyone in the current data set"; and (iii) the numbers of employees included in the current data set may differ from the prior data set depending on whether or not these employees were in "a class relevant position as of 1/1/2012."  Plaintiffs thanked Defendants for the explanation and did not express any additional concerns with the data production.  Moreover, the Court's schedule provides *three months* between data production and the submission of Plaintiffs' expert reports, and Defendants have committed to resolving any data issues as quickly as possible.

      B.     **<u>Documents (Items 2-6 above)</u>**

Goldman Sachs has produced over 5,400 pages of documents on a rolling basis on February 2, February 20, March 2, March 9, March 16, and March 23, and document production will be complete during the week of March 26, 2018.  Goldman Sachs represents that it will

make a final production of documents this week.  The specific categories where Goldman Sachs represents that production is complete are as follows:

1. **Policy Documents**

Goldman Sachs produced policy-related documents on February 2 and 20, and March 2, 9, 16, and 23.  Goldman Sachs has produced 360 and quartiling-related documents for 2012–2017.  Goldman Sachs has produced documents related to compensation policies and decision-making the 2012–2017 time period that bear on performance-related processes.  Goldman Sachs has also produced cross-ruffing guides for all years from 2012–2017 on which Goldman Sachs undertook the cross-ruffing process (2012, 2013, 2015 and 2017) because these documents discuss performances-related processes.  This category of production is substantially complete.

2. **Monitoring Documents**

Goldman Sachs represented on March 24 that there are no responsive, non-privileged documents responsive to this request.  Plaintiffs have requested that a privilege log be produced as early this week as possible to accommodate any meet-and-confer.  Defendants will provide a privilege log in due course and as expeditiously as possible.

3. **Complaints**

On March 23, 2018, Goldman Sachs produced internal complaint documents (as the disk arrived today, March 26, Plaintiffs are still evaluating the production for completeness and readability).  Goldman Sachs represents that this category of production is complete.

4. **Americas Diversity Committee and Women's Network**

On March 2 and 9, Goldman Sachs produced documents in this category.  The documents produced in this category span the 2012–2017 time period and include peer-to-peer mentoring matchups for women; Women's Career Strategies Initiative (WCSI) program documents; Network discussion invitations with guest speakers (also called Strategic Insight Series);

Securities Division Women's Network and Investment Management Division Women's Network newsletters; and various breakfast, brown bag or fireside chat invitations. This category of production is complete.

### 5. Annual People Survey

On March 9, Goldman Sachs produced People Survey documents for all years in which surveys were taken (2013, 2015 and 2017). This category of production is complete.

## III. DEPOSITIONS

Plaintiffs noticed a Rule 30(b)(6) deposition concerning the "[p]olicies and practices relating to the performance evaluation of Associates and Vice-Presidents in the Investment Banking, Investment Management, and Securities Divisions." Defendants have designated David Landman, and his deposition is scheduled for April 3 to accommodate his schedule. The Parties jointly request the Court's leave to hold Mr. Landman's deposition on April 3, two business days beyond the discovery cutoff, without otherwise seeking to modify the deadlines set forth in the Court's January 30 Order.

Defendants noticed depositions for Plaintiffs De Luis and Gamba in March 2018. To accommodate Plaintiffs' schedule, Defendants have agreed to schedule the depositions of Plaintiffs De Luis and Gamba on May 22 and 24, 2018, respectively, without otherwise seeking to modify the deadline set forth in the Court's January 30 Order.[1]

*Plaintiffs' Position*

Plaintiffs respectfully submit that these named Plaintiff depositions have always been outside the class discovery schedule necessitated by Goldman's proffered policy changes; that the current class discovery schedule has been crammed even in the absence of the Plaintiff

---

[1] The Parties are prepared to file a motion for extension of schedule if the Court determines that such a motion should be filed to extend the deadline for the depositions of Mr. Landman and/or Plaintiffs De Luis and Gamba.

discovery; that the Plaintiffs' documents were not produced by Goldman until March 2018, leaving scant time for review, deposition preparation, and depositions; and the proposed May 2018 days will not prejudice Goldman as there are still over five months before Goldman's brief is due on October 26, 2018.

*Defendants' Position*

Judge Francis' September 21, 2017 Order expressly requires "depositions[] directed to the adequacy and typicality of Mary De Luis and Allison Gamba as class representatives" (ECF No. 544), and Your Honor's scheduling Order requires "[f]act discovery completed" by March 30 (ECF No. 568). Goldman Sachs accordingly noticed Plaintiff De Luis' deposition for March 8 and Plaintiff Gamba's deposition for March 9, while indicating that it was willing to be flexible and to discuss deposition dates. To accommodate Plaintiffs, Defendants offered multiple dates prior to March 30, but Plaintiffs refused to provide any dates prior to May 2018. In the spirit of compromise, Defendants have nonetheless agreed to schedule these depositions for May 2018 and agree that conducting the depositions on these dates will have no impact on the overall discovery and briefing schedule ordered by the Court on January 30.

In addition, as of March 9, Defendants' document production concerning Plaintiffs De Luis and Gamba is complete. Goldman Sachs has produced (i) Plaintiffs De Luis' and Gamba's personnel files; (ii) all materials provided to the EEOC in response to Plaintiff De Luis' charge; and (iii) nearly 1,000 pages of documents based on a reasonable search of e-mail files collected from Plaintiffs De Luis and Ms. Gamba.

\*    \*    \*

The Parties thank the Court for its consideration and are available to answer any questions or provide more details at the Court's convenience.

Respectfully,

| | |
|---|---|
| */s/ Adam T. Klein* | */s/ Robert J. Giuffra, Jr.* |
| | |
| Adam T. Klein | Robert J. Giuffra, Jr. |
| Cara E. Greene | Theodore O. Rogers, Jr. |
| OUTTEN & GOLDEN LLP | Ann-Elizabeth Ostrager |
| 685 Third Avenue, 25th Floor | Joshua S. Levy |
| New York, New York  10017 | SULLIVAN & CROMWELL LLP |
| Telephone: (212) 245-1000 | 125 Broad Street |
| Facsimile: (646) 509-2060 | New York, New York  10004 |
| | Telephone: (212) 558-4000 |
| Paul W. Mollica | Facsimile: (212) 558-3588 |
| 161 North Clark Street, Suite 4700 | |
| Chicago Illinois  60601 | Barbara B. Brown (*admitted pro hac vice*) |
| Telephone: (212) 809-7010 | Neal D. Mollen (*admitted pro hac vice*) |
| Facsimile: (312) 809-7011 | Carson H. Sullivan (*admitted pro hac vice*) |
| | PAUL HASTINGS LLP |
| Kelly M. Dermody (*admitted pro hac vice*) | 875 15th Street, NW |
| Anne B. Shaver (*admitted pro hac vice*) | Washington, DC  20005 |
| Tiseme G. Zegeye | Telephone: (202) 551-1700 |
| LIEFF CABRASER HEIMANN & | |
|       BERNSTEIN, LLP | |
| 275 Battery Street, 29th Floor | |
| San Francisco, California  94111-3339 | |
| Telephone: (415) 956-1000 | |
| Facsimile: (415) 956-1008 | |
| | |
| Rachel Geman | |
| 250 Hudson Street, 8th Floor | |
| New York, New York  10013-1413 | |
| Telephone: (212) 355-9500 | |
| Facsimile: (212) 355-9592 | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |