```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/24/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

H. CRISTINA CHEN-OSTER, SHANNA ORLICH, ALLISON GAMBA, and MARY DE LUIS,

            Plaintiffs,

- against -

GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,

            Defendants.

-----------------------------------------------------------------X

10 Civ. 6950 (AT) (RWL)

**MEMORANDUM AND
ORDER ON CLASS NOTICE**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On March 30, 2018, the Honorable Analisa Torres, United States District Judge, certified a class pursuant to Federal Rule of Civil Procedure 23(b)(3). Plaintiffs have prepared a proposed class notice (the "Notice"). The parties agree on much of the content of the Notice, but have a few areas of dispute, most of which concern opt-out provisions for class members who do not wish to participate in the class action. The parties also disagree about when Defendants must provide complete contact information for class members so that Plaintiffs' counsel may reach out to class members. Those disputes, set forth in the parties' joint submission of July 9, 2018 (Dkt. 610) (the "July 9 Letter"), are resolved as follows.

**I. Content of Class Notice**

Federal Rule of Civil Procedure 23(c)(2) governs class notice. Specifically, Rule 23(c)(2)(B) requires courts to "direct to class members the best notice that is practicable

1

under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must "concisely and clearly" include "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B).

### A. Opt-Out Form and Envelope

The parties appear to agree that the Notice will provide multiple means for class members to inform the Claims Administrator that they wish to opt-out. These include mail, e-mail, and facsimile. The parties disagree, however, as to how convenient to make it for persons to opt out. Goldman proposes including with the Notice an opt-out request form and, at Goldman's expense, an addressed, stamped envelope for use in the event that the person opting out chooses to use mail. In contrast, Plaintiffs propose not enclosing a form or envelope. Instead, Plaintiffs propose language directing that a person seeking to opt out must "send an exclusion message" to the Claims Administrator at the address or e-mail address indicated.

Plaintiffs cite to cases in which it is not apparent that the class notice included an opt-out form. Goldman cites to cases in which the court approved a notice with an opt-out form and postage-paid envelope. None of those cases, however, address or analyze the issue of whether the opt-out form and envelope should or should not have been included. And, Plaintiffs have not cited any case where a court affirmatively determined that it would be improper to include an opt-out form. To the contrary, the Federal Judicial

Center's Manual for Complex Litigation, which Plaintiffs cite as an authority (July 9 Letter at 3 n.4), states that a "simple and clear form for opting out is often included with the notice," Manual For Complex Litigation (Fourth) § 21.311 (2004) ("Manual For Complex Litigation").[1]

Taking into account the principles governing class action notice, and precedent cited by the parties, the Court finds that Goldman's proposal is sensible, appropriate, clear, and most likely to meet the purposes of providing notice to potential class members of their right to be excluded from the class. Accordingly, the Notice shall include Goldman's proposed opt-out request form (subject to revision as per below) and shall also include an addressed pre-stamped envelope at Goldman's expense.

Plaintiffs express concern that recipients may mistake opt-out form notice as "compulsory in order to participate in the class action." (July 9 Letter at 5.) Nothing in the proposed Notice or the opt-out form proposed by Goldman makes any such suggestion. To the contrary, the Notice clearly and repeatedly informs recipients that they need not

---

[1] Defendants cite *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), as authority. There, the Supreme Court "h[e]ld that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court." *Shutts*, 472 U.S. at 812. *Shutts* addresses the due process afforded absent class members that do not have the requisite minimum contacts with a forum state. *Id.* at 811; *see In re Joint Eastern and Southern District Asbestos Litigation*, 78 F.3d 764, 778 (2d Cir. 1996) ("[T]he *Shutts* holding as to what due process requires where a court lacks personal jurisdiction over some class members does not apply where the court has an independent basis for jurisdiction."). That process includes, among other things, an opportunity to be heard, notice of the action, and an opportunity to opt out. *Id.* at 812. *Shutts* is not directly applicable here because there is no present issue concerning whether class members are subject to the court's jurisdiction. The focus of *Shutts* was due process and the right to opt out, not the means by which absent class members would use to opt out. Nevertheless, it is notable that the Supreme Court expressly invoked an opt out "form" rather than referring to opt out rights generally.

do anything to participate in the class action. The form's bolded title alone, as proposed by Goldman – "**CLASS ACTION OPT-OUT REQUEST FORM**" – would adequately address this issue. As additional precaution, however, the form should be revised. Specifically, under the title and before the next section of text beginning with "IF YOU WISH TO OPT OUT . . . ," the following language should be inserted: "THIS IS NOT A CLAIM FORM. THIS FORM EXCLUDES YOU FROM THE CLASS ACTION. IF YOU COMPLETE THIS FORM, YOU WILL BE CHOOSING NOT TO PARTICIPATE IN THE CLASS ACTION AND INSTEAD WILL PRESERVE YOUR RIGHT TO PURSUE YOUR OWN LITIGATION AT YOUR EXPENSE."

    **B.  Other Language in the Class Notice**

With respect to the parties' disputes over other proposed language in the Notice, the Court rules as follows:

First, the Notice on page 1 in the top bolded section shall not include the language proposed by Goldman. The existing bolded language provides an adequate and balanced introduction.

Second, the box entitled "Exclude Yourself From the Ongoing Lawsuit" shall incorporate Plaintiffs' proposed language. It is sufficient to direct the recipient that if they wish to opt out they may do so by following the directions provided in the later specific section.

Third, in section 2 ("What is this lawsuit about?"), paragraph 2 ("By establishing the Class . . ."), the second sentence shall read as follows: "The Class must still prove its claims, including the value of any damages, and Goldman maintains its right to challenge liability and assert defenses with respect to Class members."

Fourth, section 9 ("How do I exclude myself from the lawsuit?") shall incorporate the language proposed by Goldman. This language is consistent with including an opt-out form with the Notice. Plaintiffs' proposed language is not.

## II. Class Member Contact Information

The parties dispute when Plaintiffs' counsel is entitled to receive "complete" contact information for class members. Plaintiffs argue that Goldman should provide complete information about each class member now, before the class Notice issues. Plaintiffs seek individual names of class members, as well as their addresses, telephone numbers, last four digits of social security numbers, and personal email addresses. Goldman contends that it should not have to produce this information until after the opt-out period expires. Goldman has agreed, however, to provide names, home addresses, and email addresses to the Claims Administrator for the purpose of sending the Notice by email. (July 9 Letter at 9, 11.)

Plaintiffs' counsel argue that an attorney-client relationship between them and class members arose upon the Court's certification of the class and that they have a right to speak with and advise their clients and to speak with persons opting out as potential witnesses. Goldman contends that the class represented by class counsel cannot be fully established until after members have the opportunity to opt out and that providing contact information now would give Plaintiffs' counsel the ability to unfairly sway persons who may otherwise be inclined to opt out and at the same time impinge on the privacy of individuals who ultimately choose to opt out.

The majority of courts recognize that an attorney-client relationship with class counsel arises at the time the class is certified, "at least 'for the limited purpose of aiding

5

prospective class members in deciding whether or not to join in the class action.'" *Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 187 (S.D.N.Y. June 2, 2014) (collecting cases) (quoting *Tedesco v. Mishkin*, 629 F. Supp. 1474, 1483 (S.D.N.Y. 1986)); *see also* Manual For Complex Litigation § 21.311 ("Once a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel."); *but see* American Bar Association, ABA Formal Op. 07-445, Contact by Counsel with Putative Members of Class Prior to Class Certification (2007) (opining that the attorney-client relationship does not begin until after expiration of the opt-out period). That an attorney-client relationship may arise at the time of class certification, however, does not alone dictate whether the contact information sought by Plaintiffs should or should not be provided. Many of the cases cited by the parties address the issue of the class attorney-client relationship in the context of whether *defense* counsel may appropriately contact class members between issuance of notice and conclusion of the opt-out period. *See, e.g.*, *Dodona*, 300 F.R.D. at 187-88; *Gortat v. Capala Brothers, Inc.*, No. 07 CV 3629, 2010 WL 1879922, at *2-3 (E.D.N.Y. May 10, 2010). Those cases do not address the question of what contact information should be provided to *plaintiffs'* counsel or at what time.

The cases cited by the parties that do address providing personal contact information to class counsel appear either exclusively or mostly to be in the context of cases involving collective actions for wage-payment violations under the Federal Labor Standards Act (the "FLSA"). Both FLSA collective actions and Rule 23 class actions require notice of the pending action advising participants or potential participants of their rights. In FLSA collective action cases, however, participants must opt into the collective

action if they wish to participate, whereas in class actions under Rule 23, participants must opt out if they do not want to be included in the class. Each party cites FLSA cases supporting their position. Those cases thus encompass ones in which courts have required expedited disclosure of comprehensive contact information including telephone numbers and email addresses, as well as cases that did not. *Compare, e.g.*, *Deloitte Touche, LLP Overtime Litigation*, No. 11 Civ. 2461, 2012 WL 340114, at *1 (S.D.N.Y. Jan. 17, 2012) (ordering disclosure following conditional certification of collective action), *with Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345, 2013 WL 5308004 (S.D.N.Y. Sept. 20, 2013) (denying disclosure of email and telephone numbers).[2]

The extent to which the FLSA collective action cases inform the inquiry here is debatable.[3] A plausible argument can be made that facilitating class counsel's ability to contact class members is even more justifiable in a class action – where notice recipients ostensibly already are members of the class unless and until they opt out – than in a collective action, where notice recipients are not members of the collective action unless and until they opt in.

At the same time, the Court must bear in mind that "[b]ecause of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and

---

[2] In wage-payment cases, plaintiffs sometimes pursue both collective action status under the FLSA as well as class certification under Rule 23. For instance, in *Deloitte*, the court already had conditionally certified a collective action and held that Plaintiffs were entitled to information about persons who were potential members of a Rule 23 class.

[3] Plaintiffs appear to be of two minds. On the one hand, they cite *Deloitte* to support the argument for disclosure at this time. On the other hand, they denigrate Goldman's reliance on FLSA collective action cases as "irrelevant." (July 9 Letter at 2-3.)

parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981); *see also Dodona*, 300 F.R.D. at 184-85 (under Federal Rule of Civil Procedure 23(d), courts may "limit communications to protect class members from 'misleading communications from the parties or their counsel'") (quoting *WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288, 2003 WL 22701241, at *8 (S.D.N.Y. Nov. 17, 2003) (citing *Erhardt v. Prudential Group*, 629 F.2d 843, 846 (2d Cir. 1980))).

In that regard, there are two aspects of Plaintiffs' request that give the Court pause. First, as a justification for their request, Plaintiffs state that "Plaintiffs' counsel also need to be sure that Class members are not confused about the significance of opting out of the case." (July 9 Letter at 2.) While forestalling confusion is an important goal, the Court is not persuaded by the need for Plaintiffs' counsel to prematurely carry out that function. As explained elsewhere in this order, the class Notice will clearly and thoroughly explain the recipients' rights to participate by doing nothing or to opt out by submitting the opt-out form. At the same time, the Notice will explicitly instruct recipients that they may contact Plaintiffs' counsel with any questions (Section 16) and provide the contact information for doing so (Section 6).[4] Second, privacy of persons who choose to opt out is a potential concern. It is one thing for class members who may opt out to receive notice of their rights, and quite another for them to receive counsel's inquiries in addition to the notice.

All that said, the Court is convinced by the weight of precedent and the circumstances of this case that production of class members' contact information should

---

[4] Section 16 of the proposed Notice submitted by counsel appears to mistakenly refer to Section 7 as containing contact information for class counsel. The referenced section presumably should be Section 6, which contains counsel's contact information. The Court assumes that counsel will correct this and any other typographical error before issuing the Notice.

not be further delayed.  While the court may impose conditions limiting communications by class counsel (which withholding contact information effectively does), the Supreme Court in *Gulf Oil* cautioned against doing so absent "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."  452 U.S. at 101.  Further, "to the extent that the district court is empowered . . . to restrict certain communications in order to prevent frustration of the policies of Rule 23, it may not exercise the power without a specific record showing by the moving party of the particular abuses by which it is threatened."  *Id.* (alterations in original) (quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977), *cert. denied*, 434 U.S. 985 (1977)).  There is no such record in this case.

Moreover, the two potential concerns noted above do not rise to the level that would merit deferring production of class member contact information here.  As for the potential for undue influence over class members who may be considering opting out, the Court is not prepared to assume that Plaintiffs' counsel will abuse its right to communicate with class members and expects that Plaintiffs' counsel will conduct themselves appropriately if and when they do so.  *Cf. Chhab,* 2013 WL 5308004, at *17 (court "unwilling to adopt defendants' suggestion that plaintiffs' counsel would engage in harassing behavior" toward potential collective action members).  As for privacy concerns, as the parties readily admit, providing class members' contact information is routine at least after the opt-out period.  (July 9 Letter at 2, 9); *see Deloitte*, 2012 WL 340114, at *1; *In re Penthouse Executive Club Compensation Litigation*, No. 10 Civ. 1145, 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010).  Moreover, it is not uncommon for counsel to reach out to potential witnesses (which class members, even those who opt out, may be);

and, as explained earlier, there is, at a minimum, a limited attorney-client relationship between class counsel and a class member unless and until that member opts out. *See Gortat*, 2010 WL 1879922, at *2.

Finally, Goldman contends that even if directed to provide class contact information, it should not have to do so for class members who are or were Managing Directors. (July 9 Letter at 10.) According to Goldman, it should not have to produce contact information for Managing Directors because they signed binding arbitration agreements with Goldman and Goldman plans to move to compel arbitration upon expiration of the opt out period. The Court does not agree. Managing Directors are part of the certified class at this time. Unless and until they are removed from the class, there is no basis to treat them differently than other members for purposes of communications with class counsel. Accordingly, Goldman is directed to produce the requested class contact information without delay.

In sum, the rulings set forth above, taken together, will properly and best serve the purposes and principles governing class notification and the interests of class members, including both those who choose to do nothing and thereby remain in the action and those who may choose to opt out.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   July 24, 2018
         New York, New York

Copies transmitted to all counsel of record.