# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 26, 2018

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007-1312.

        Re:   *Chen-Oster, et al*. v. *Goldman, Sachs & Co., et ano*.
               No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Lehrburger:

      On behalf of Defendants, and in accordance with Rule III.G.2 of Your Honor's Individual Practices in Civil Cases, I request that the information redacted from both parties' letters concerning Plaintiffs' request for a pre-motion conference regarding "boy's club" discovery (ECF Nos. 641 and 643) remain under seal.  The redactions protect the substantial privacy interests of third parties and the public interest would not be served by the disclosure of this information, particularly in light of Your Honor's ruling at the December 20, 2018 status conference that isolated incidents of misconduct untethered from the challenged processes are not relevant to Plaintiffs' certified disparate treatment claims.  (ECF No. 657 at 1.)  The parties met and conferred on December 17 and 19, 2018, and Plaintiffs do not oppose Defendants' request.

      *First*, there is no presumed right of public access to the information in the letters at issue.  The Second Circuit has repeatedly held that documents "passed between the parties in discovery" are not themselves judicial documents, *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"), and that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access," *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).  Further, the Second Circuit has recognized that "the modern trend in federal cases is to classify pleadings *other than* discovery motions and accompanying exhibits as judicial records" subject to a presumption of access. *Bernstein* v. *Bernstein Litowitz Berger &*

The Honorable Robert W. Lehrburger                                                                                    -2-

*Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added) (internal quotation marks omitted).

*Second*, even if a presumption of access applied to the sealed information in the letters at issue, such a presumption would be weak given that the underlying dispute does not "directly affect an adjudication" of substantive rights. *See Lugosch*, 435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1049) (presumption of public access not as great where documents do not "directly affect an adjudication" and instead "come within a court's purview solely to insure their irrelevance"); *see also Alexander Interactive, Inc. v. Adorama, Inc.*, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014) (Francis, J.) (presumption "is not particularly great" where documents are submitted in connection with motion to compel discovery). Where such a "qualified right of public access" exists, the Court must balance it "against privacy interests, [and] must consider 'the sensitivity of the information and the subject,' 'the reliability of the information,' and whether 'there is a fair opportunity for the subject to respond to any accusations contained therein.'" *United States v. Silver*, 2016 WL 1572993, at *6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (quoting *Amodeo II*, 71 F.3d at 1051).

The redacted excerpts at issue concern sensitive and highly personal subject matters, and consist of unverifiable hearsay that do not reflect a response from the subject or other third parties involved—all of which weigh heavily against disclosure. *See Amodeo II*, 71 F.3d at 1052 (approving sealing where "[p]ortions of the Report are hearsay" and "[t]here is a strong possibility that the report will contain material which is untrustworthy or simply incorrect") (internal quotation marks omitted). Indeed, courts in this district recognize that where confidential documents describe highly personal events involving third parties, these privacy concerns outweigh the public right of access. *See Silver*, 2016 WL 1572993, at *6 (third parties "have an interest in maintaining the privacy of their alleged sexual relationships, which can constitute 'embarrassing conduct' and . . . are undoubtedly a sensitive subject"). Courts in this district similarly decline public disclosure of information that would "promote scandal arising out of unproven potentially libelous statements." *Giuffre v. Maxwell*, 325 F. Supp. 3d 428, 447 (S.D.N.Y. 2018) (Sweet, J.) (declining to unseal documents concerning allegations of sexual misconduct).

*Third*, there is a strong public policy militating against disclosure of internal employee complaint files, as both EEOC Enforcement Guidance and New York State law direct that employers are required to keep confidential all records relating to harassment complaints and investigations. *See* Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors, EEOC Notice No. 915.002 (June 18, 1999); N.Y. Lab. Law § 201-g(1).

The Honorable Robert W. Lehrburger                                                                                                  -3-

*Finally*, as both Judge Francis and Judge Torres have recognized, it would be premature to unseal confidential material unless and until the redacted excerpts are "subject to the Court's consideration" in a substantive adjudication. (Judge Francis' June 10, 2014 Order at 1–2, ECF No. 242; *see also* Judge Torres' June 29, 2017 Order at 1, ECF No. 510.) Thus, any ruling on the unsealing of these redactions should await a later decision *in limine* about the admissibility of the underlying hearsay evidence.

                                                                                          Sincerely,

                                                                                          */s/ Ann-Elizabeth Ostrager*

                                                                                          Ann-Elizabeth Ostrager

cc:      All parties of record (by ECF)