# Exhibit 1288

## The Goldman Sachs Group, Inc.

### SIGNATURE CARD FOR 2016 MID-YEAR AWARDS
### AND CONSENT TO RECEIVE ELECTRONIC DELIVERY

---

**IMPORTANT: PLEASE REVIEW, EXECUTE AND RETURN THIS FORM TO: EQUITY COMPENSATION (DIVISION OF HCM), 200 WEST STREET, 25TH FLOOR, NEW YORK, NY 10282.**

**YOU MUST PROPERLY EXECUTE THIS FORM TO ACKNOWLEDGE ACCEPTANCE OF THE TERMS AND CONDITIONS OF YOUR AWARD(S) AND RELATED MATTERS.**

---

1.  I have received and agree to be bound by The Goldman Sachs Amended and Restated Stock Incentive Plan (2015) (the "SIP") and the Award Agreement(s) applicable to me in connection with the 2016 Mid-Year Award(s) (the "Award(s)") that I have been granted by the Firm (as defined in the SIP). I confirm that I am accepting the Award(s) subject to the terms and conditions contained in the SIP, the Award Agreement(s), and this signature card (the "Signature Card"), including, but not limited to, the requirement that certain disputes be decided through arbitration in New York City and be governed by New York law. For the avoidance of doubt, references to a "share" or "Shares" herein mean a share of the common stock of The Goldman Sachs Group, Inc. ("GS Inc.") and, where applicable, deliveries of cash or other property in lieu thereof.

As a condition of this grant, I understand that the Award(s) (as well as any other award that the Firm may grant to me under the SIP) is/are subject to other governing law provisions (as outlined in this Signature Card, in the current or otherwise then current Award Summary (as defined below) or otherwise as may be required under applicable law) and, as a condition to receiving such awards, I agree to be bound thereby. I also understand that the Firm may grant to me other awards under the SIP that also may contain (among other terms and conditions) arbitration and other governing law provisions and, as a condition to receiving such awards, I agree to be bound thereby. As a condition of this grant, I agree to provide upon request an appropriate certification regarding my U.S. tax status on Form W-8BEN, Form W-9, or other appropriate form, and I understand that failure to supply a required form may result in the imposition of backup withholding on certain payments I receive pursuant to this grant.

I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). I agree that all provisions in the SIP (specifically Section 3.17 thereof) and any applicable Award Agreements that relate to arbitration and SIP-related dispute resolution (including without limitation the provisions concerning New York choice of law and New York City choice of forum) shall be applicable to resolution of disputes concerning Employment-Related Matters; provided, however, that Employment-Related Matters that do not relate to the SIP need not be presented to the Committee or the SIP Committee (each, as defined in the SIP) prior to being submitted to arbitration. None of the SIP, the Award Agreement(s), or this Signature Card includes an agreement to arbitrate claims (whether they are claims relating to Employment-Related Matters or otherwise) on a collective, class or representative basis. I explicitly agree that, to the fullest extent permitted by applicable law, no arbitrator shall have the authority to consider class, collective or representative claims, to order consolidation or to join different claimants or grant relief other than on an individual basis to the individual claimant involved and that, notwithstanding any applicable forum rules to the contrary, to the extent there is a question of enforceability of this agreement arising from a challenge to the arbitrator's jurisdiction or to the arbitrability of a claim, it shall be decided by a court and not an arbitrator. I also understand and agree that all references to the New York Stock Exchange in Section 3.17 of the SIP shall be read as references to the Financial Industry Regulatory Authority and that, for the avoidance of doubt, the Federal Arbitration Act governs interpretation and enforcement of all arbitration provisions under the SIP and this Signature Card, and all arbitration proceedings thereunder. I understand and agree that nothing herein creates a substantive right to bring a claim under U.S. Federal, State, or local employment laws. To the extent that I have entered into any prior agreement with the Firm requiring me to arbitrate certain claims, including Employment-Related Matters, I understand and agree to continue to be bound by my obligation to arbitrate all such claims, including, but not limited to, under any agreement in connection with my receipt of equity awards in prior years.

I irrevocably grant full power and authority to GS Inc. to register in its name, or that of any designee, or other shares of GS Inc. common stock that have been or may be delivered to me subject to transfer restrictions or forfeiture provisions, and I irrevocably authorize GS Inc., or its designee, to sell, assign or transfer such shares to GS Inc. or such other persons as it may determine in the event of a forfeiture of such shares pursuant to any agreement with GS Inc.

Further, as a condition of this grant, if I am a person who has worked in the United Kingdom at any time during the earnings period relating to any award under the SIP, as determined by the Firm, when requested and as directed by the Firm, I will agree to a Joint Election under s431 ITEPA 2003 of the laws of the United Kingdom for full or partial disapplication of Chapter 2 Income Tax (Earnings and Pension) Act 2003 under the laws of the United Kingdom and will sign and return such election in respect of all future deliveries of Shares underlying the Award(s) and any previous grants made to me under the SIP and understand that the Firm intends to meet its delivery obligations in Shares with respect to my Award(s), except as may be prohibited by law or described in the accompanying Award Agreement(s) or supplementary materials.

If I have worked in Switzerland at any time during the earnings period relating to the Award(s) granted to me as determined by the Firm, (i) I acknowledge that my Award(s) are subject to tax in accordance with the rulings and method of calculation of taxable values to be agreed by the Firm with the Federal and/or Zurich/Geneva cantonal/communal tax authorities or as otherwise directed by the Firm, and (ii) I hereby agree to be bound by any rulings agreed by the Firm in respect of any Award(s), which is expected to result in taxation at the time of delivery of Shares, and (iii) I undertake to declare and make a full and accurate income tax declaration in respect of my Award(s) in accordance with the above ruling or as directed by the Firm.

2.  I have read and understand the Firm's "Notice Periods for Recipients of Year-End Equity-Based Awards" policy (the "Notice Policy") available through the HR Workways® link on GSWeb or as otherwise provided to me, pursuant to which I am required to provide certain specified advance notice of my intent to leave employment with the Firm. I understand that the Notice Policy will also apply with respect to my Mid-Year Awards (with the references to "Year-End" deemed to be references to "Mid-Year" in this context). By executing this form, as I am agreeing to be bound by the Notice Policy as in effect from time to time and, where applicable, am agreeing to a permanent change in the terms and conditions of my employment. I agree to this change in consideration of my continued employment with the Firm and the Firm's offer of the Award(s). I understand that the Notice Policy requires me, among other things, to provide my employing entity with advance written notice of my intention to leave employment with the Firm as follows:

- In the Americas: 60 days in advance of my termination date;
- In Europe, the Middle East, Africa and India: 90 days in advance of my termination date; and
- In Japan and Asia Ex-Japan (including Australia and New Zealand and excluding India): 90 days in advance of my termination date if I am a Vice President or an Executive Director; 60 days in advance of my termination date in all other cases.

If, under local law or my contract of employment (for example, a Managing Director Agreement), I have a notice requirement that is longer than those specified above, I understand that the longer notice period will apply. I also understand that if my employment is subject to a probation period, the Notice Policy applies only if notice of termination is given after the probation period has ended.

I understand that if I fail to comply in any respect with the Notice Policy, I will have failed to meet an obligation I have under an agreement with the Firm, as a result of which the Firm may have certain legal and equitable rights and remedies, including, without limitation, forfeiture of the Award(s) and any other awards granted to me under the SIP. The Firm may forfeit such Award(s) for violation of the Notice Policy irrespective of whether this agreement constitutes a legally recognized permanent change to my terms and conditions of employment, and irrespective of whether applicable law permits me to make a payment in lieu of notice. In addition, the Firm may seek an order or injunction from a court or arbitration panel to stop a breach and may also seek other permissible remedies. The Firm may hold me personally liable for any damages it suffers as a result of the breach.

This agreement concerning my notice period is being made for and on behalf of my Goldman Sachs employing entity, and implementation of the Notice Policy does not create an employment relationship between me and GS Inc.

3.  I have read and understand the Firm's hedging and pledging policies (including, without limitation, the Firm's "Policies With Respect to Transactions Involving GS Shares, Equity Awards and GS Options by Persons Affiliated with GS Inc."), and agree to be bound by them (with respect to the Award(s) and any prior awards under the SIP) both during and following my employment with the Firm.

2016 Mid-Year (General) (2015 SIP)

4.   As a condition to this grant, I agree to open and activate any brokerage, trust, sub-trust, custody or similar account (an "Account"), as required or approved by the Firm in its sole discretion. I agree to access, review, execute and be bound by any agreements that govern any such Account, including any provisions that provide for the applicable restrictions on transfers, pledges and withdrawals of Shares, permitting the Firm to monitor any such Account, and the limitations on the liability of the party (which may not be affiliated with the Firm) providing the Account and the Firm. I understand and agree that the Firm may direct the transfer of securities, cash or other assets in my Account to the Firm in connection with any indebtedness or any other obligation that I have to the Firm, as determined by the Firm in its sole discretion, however such obligation may have arisen. I also agree to open an Account with any other custodian, broker, trustee, transfer agent or similar party selected by the Firm, if the Firm, in its sole discretion, requires me to open an account with such custodian, broker, trustee, transfer agent or similar party as a condition to delivery of Shares underlying the Award(s).

5.   If the Firm advanced or loaned me funds to pay certain taxes (including income taxes and Social Security, or similar contributions) in connection with the Award(s) (or does so in the future), and if I have not signed a separate loan agreement governing repayment, I authorize the Firm to withhold from my compensation any amounts required to reimburse it for any such advance or loan to the extent permitted by applicable law.

I understand and agree that, if I leave the Firm, I am required immediately to repay any outstanding amount. I further understand and agree that the Firm has the right to offset, to the extent permitted by the Award Agreement and applicable law (including Section 409A of the U.S. Internal Revenue Code of 1986, as amended, which limits the Firm's ability to offset in the case of United States taxpayers under certain circumstances), any outstanding amounts that I then owe the Firm against its delivery obligations under the Award(s), against any obligations to remove restrictions and/or other terms and conditions in respect of any Restricted Shares or Shares at Risk (each as defined in the applicable Award Agreement) or against any other amounts the Firm then owes me, including payments of dividends or dividend equivalent payments. I understand that the delivery of Shares pursuant to the Award(s) is conditioned on my satisfaction of any applicable taxes or Social Security contributions (collectively referred to as "tax" or "taxes" for purposes of the SIP and all related documents) in accordance with the SIP. To the extent permitted by applicable law, the Firm, in its sole discretion, may require me to provide amounts equal to all or a portion of any Federal, State, local, foreign or other tax obligations imposed on me or the Firm in connection with the grant, vesting or delivery of the Award(s) by requiring me to choose between remitting such amount (i) in cash (or through payroll deduction or otherwise), (ii) in the form of proceeds from the Firm's executing a sale of Shares delivered to me pursuant to the Award(s) or (iii) as otherwise permitted in the Award Agreement(s). However, in no event shall any such choice or the choice specified in paragraph 6, below, determine, or give me any discretion to affect, the timing of the delivery of Shares or payment of tax obligations.

6.   If I am an individual with separate employment contracts (at any time during and/or after the Firm's 2016 fiscal year), I acknowledge and agree that the Firm may, in its sole discretion, require (to the extent permitted by applicable law) that I provide for a reserve in an amount the Firm determines is advisable or necessary in connection with any actual, anticipated or potential tax consequences related to my separate employment contracts by requiring me to choose between remitting such amount (i) in cash (or through payroll deductions or otherwise) or (ii) in the form of proceeds from the Firm's executing a sale of Shares delivered to me pursuant to the Award(s) (or any other of my awards outstanding under the SIP).

7.   In connection with any Award Agreement or other interest I may receive in the SIP or any Shares that I may receive in connection with the Award(s) or any award I have previously received or may receive, or in connection with any amendment or variation thereof or any documents listed in paragraph 8, I hereby consent to (a) the acceptance by me of the Award(s) electronically, (b) the giving of instructions in electronic form whether by me or the Firm, and (c) the receipt in electronic form at my email address maintained at Goldman Sachs or via Goldman Sachs' intranet site (or, if I am no longer employed by the Firm, at such other email address as I may specify, or via such other electronic means as the Firm and I may agree) all notices and information that the Firm is required by law to send to me in connection therewith including, without limitation, any document (or part thereof) constituting part of a prospectus covering securities that have been registered under the U.S. Securities Act of 1933, the information contained in any such document and any information required to be delivered to me under Rule 428 of the U.S. Securities Act of 1933, including, for example, the annual report to security holders or the annual report on Form 10-K of GS Inc. for its latest fiscal year, and that all prior elections that I have made relating to the delivery of any such document in physical form are hereby revoked and superseded. I agree to check Goldman Sachs' intranet site (or, if I am no longer employed by the Firm, such other electronic site as notified to me by the Firm) periodically as I deem appropriate for any new notices or information concerning the SIP. I understand that I am not required to consent to the receipt of such documents in electronic form in order to receive the Award(s) and that I may decline to receive such documents in electronic form by contacting Equity Compensation (division of HCM), 200 West Street, 25th Floor, New York, NY 10282, telephone (212) 357-1444, which will provide me with hard copies of such

documents upon request. I also understand that this consent is voluntary and may be revoked at any time on three business days' written notice.

8.   I hereby acknowledge that I have received in electronic form in accordance with my consent in paragraph 7 the following documents:

- The Goldman Sachs Amended and Restated Stock Incentive Plan (2015);
- Summary of The Goldman Sachs Amended and Restated Stock Incentive Plan (2015);
- The annual report on Form 10-K for The Goldman Sachs Group, Inc. for the fiscal year ended December 31, 2015;
- The Award Agreement(s); and
- Summaries of the Award(s) ("Award Summary").

9.   I expressly authorize any appropriate representative of the Firm to make any notifications, filings or remittances of funds that may be required in connection with the SIP or otherwise on my behalf. Further, if I am an employee who is resident in South Africa at a relevant time, by accepting my Award(s), I expressly authorize any appropriate representative of the Firm to make any required notification on my behalf to the Financial Surveillance Department of the South African Reserve Bank (or its authorized dealer) in relation to my participation in the SIP and to any acquisition of Shares for no consideration under the SIP or other similar filing that may otherwise be required in South Africa. I acknowledge that any such authorization is effective from the date of acceptance of my Award(s) until such time as I expressly revoke the authorization by written notice to any appropriate representative of the Firm. I understand that this authorization does not create any obligation on the Firm to deal with any such notifications, filings or remittances of funds that I may be required to make in connection with the SIP and I accept full responsibility in this regard.

10.  The granting of the Award(s), the delivery of the underlying Shares and any subsequent dividends or dividend equivalent payments, and the receipt of any proceeds in connection with the Award(s) may result in legal or regulatory requirements in some jurisdictions. I understand and agree that it is my responsibility to ensure that I comply with any legal or regulatory requirements in respect of the Award(s).

11.  I confirm that I have filed all tax returns that I am required to file and paid all taxes I am required to pay with respect to awards previously granted to me by the Firm, and I agree, with respect to both the Award(s) as well as awards previously granted to me by the Firm, to file all tax returns I am required to file in connection with the Award(s) and any sales of any Shares or other property delivered pursuant to the Award(s) and to pay all taxes I am required to pay.

12.  The goodwill associated with the relationships between the Firm and its clients and prospective clients is a valuable asset of the Firm that is built and preserved through the combined services and efforts of the Firm and all of its personnel. The Firm provides its employees with a unique platform of financial products and services, confidential and proprietary information, professional training, access to significant expertise, research, analytical, operational, and business development support, travel and entertainment expenses and other valuable resources to build and enhance the goodwill associated with the relationships between the Firm and its clients, as well as to foster and establish such relationships with prospective clients.  Accordingly, I acknowledge and agree that (i) because the Firm contributes valuable resources to build and enhance client relationships, including those for which private services, it has a legitimate and essential business interest in protecting the goodwill associated with those relationships; (ii) by my continued employment, I confirm that I have assigned and will assign to the Firm all goodwill I have developed or will develop with persons or entities with whom I interact while at the Firm and/or who are or will become clients or prospective clients of the Firm in connection with my employment with the Firm, even if I did business with such persons or entities prior to joining the Firm; and (iii) while at the Firm I do not have and will not acquire any property, proprietary, contractual or other legal right or interest whatsoever in or to any client or prospective client with whom I interact or conduct business while employed by the Firm or (except to the extent otherwise provided in a written agreement between the Firm and me that governs my compensation) to any current or prospective revenues associated with such client or prospective client (all such interests being referred to herein as "intangible interests").  For the avoidance of doubt, I am hereby assigning all intangible interests to the Firm. I acknowledge and agree that my compensation during the term of my employment with the Firm is adequate financial consideration in this regard, and that no further consideration is necessary (including in respect of obligations applicable to me after my employment with the Firm has ended).

## Consent to Data Collection, Processing and Transfers:

I understand and agree that in connection with the SIP and any other Firm benefit plan (the "Programs"), to the extent permitted under the laws of the applicable jurisdiction, the Firm may collect, process, transfer/transmit (internationally), and use various data that is personal to me, including but not limited to my name, address, work location, hire date, Social Security or Social Insurance or taxpayer identification number (required for tax purposes), type and amount of SIP or other benefit plan award, citizenship or residency (required for tax purposes) and other similar information reasonably necessary for the administration

2016 Mid-Year (General) (2015 SIP)

Confidential

GS0395335

of such Programs (collectively referred to as "Information") and provide such Information to its affiliates, Computershare Limited and its affiliates (collectively "Computershare") and Fidelity Stock Plan Services, LLC, Fidelity Personal Trust Company, FSB and any of their affiliates (collectively "Fidelity") or any other service provider, whether in the United States or elsewhere, as is reasonably necessary for the administration of the Programs and under the laws of these jurisdictions. I understand that, in certain circumstances, where required by law, foreign courts, law enforcement agencies or regulatory agencies may be entitled to access the Information. I understand that, unless I explicitly authorize otherwise, the Firm, its affiliates and its service providers (through their respective employees in charge of the relevant electronic and manual processing) will collect, process, transfer/transmit (internationally), and use this Information only for purposes of administering the Programs. I understand that, in the United States and in other countries to which such Information may be transferred for the administration of the Programs, the level of data protection is not equivalent to that protection standards in the member states of the European Economic Area, Switzerland, Canada or certain Canadian provinces or my home country. If I am employed in Monaco or Spain, I have also read the text in bold in the respective Monaco or Spain legal notice below in conjunction with this Consent to Data Collection, Processing and Transfers clause and I understand that such text forms part of this clause and that in the event of any inconsistency such text shall prevail over this clause. I understand that, upon request to Equity Compensation (division of HCM), 200 West Street, 25th Floor, New York, NY 10282, telephone (212) 357-1444, email EquityCompensation@ny.email.gs.com, to the extent required under the laws of the applicable jurisdiction, I may have access to and obtain communication of the Information and may exercise any of my rights in respect of such Information, in each case free of charge, including objecting to the collecting, processing, (international) transfer/transmission, and any use of the Information and requesting that the Information be updated or corrected (if wrong), completed or clarified (if incomplete or equivocal), or erased (if cannot legally be collected or kept). Upon request, to the extent required under the laws of the applicable jurisdiction, Equity Compensation (division of HCM) will also provide me, free of charge, with a list of all the service providers used in connection with the Programs at the time of request. I understand that there is no legal obligation for me to provide the Firm with the Information and any Information is provided at my own will and consent. I understand that, if I refuse to authorize the collecting, processing, use and (international) transfer/transmission of the Information consistent with the above, I may not benefit from the Programs. I authorize the collecting, processing, use and (international) transfer/transmission of the Information consistent with the above for the period of administration of the Programs. In particular, I authorize (within the limits described above): (i) the data processing by the Firm (which means GS Inc. and any of its subsidiaries and affiliates); (ii) the data processing by Fidelity or Computershare; (iii) the data processing by the Firm's other service providers; and (iv) the data transfer to the United States and other countries, as described above for the purposes set forth herein. A list of the Firm's international offices and countries to which data that is personal to me can be transferred is set forth at http://www2.goldmansachs.com/who-we-are/locations/index.html. I further acknowledge that the Information may be retained by the aforementioned persons beyond the period of administration of the Programs to the extent permitted under the laws of the applicable jurisdiction and I so authorize.

## FOR ALL NON-U.S. EMPLOYEES

By accepting (whether expressly or by implication) any benefit granted to you by GS Inc. including without limitation your Award(s), you acknowledge and agree to each of the following:

- **Country-Specific Legal Notices:**  You have read the country-specific legal notices below that pertain to your place of employment and/or residence (and also the location of your employer, if different), if any, and understand that they apply throughout the term of your Award(s).

- **No Public Offer:**  Awards under the SIP and the Firm's other compensation and benefit programs are strictly limited to eligible participants and are not intended to constitute a public offer in any jurisdiction, nor intended for registration in any jurisdiction outside of the U.S. You should keep all Award-related documents confidential and you may not reproduce, distribute or otherwise make public any part of such documents without GS Inc.'s express written consent. If you have received any such documents and you are not the intended recipient, please disregard and destroy them.

- **Transferability:** Any provisions permitting transfers to a third party in the Award documents will not apply to you (i) to the extent that the applicability of those provisions would affect the availability of relevant exemptions or tax favorable treatment, or (ii) otherwise in

circumstances determined by the Firm in its sole discretion from time to time.

- **Adequate Information:** You acknowledge that you (i) have been provided with all relevant information and materials with respect to the Firm's operations and financial conditions and the terms and conditions of your Award(s), (ii) have read and understood such information and materials, (iii) are fully aware and knowledgeable of the terms and conditions of your Award(s), and (iv) completely and voluntarily agree to the terms and conditions of your Award(s).

- **Independent Advice Recommended:**  The information provided by the Firm or its service providers in respect of an Award does not take into account the individual circumstances of recipients and does not constitute investment advice. Awards under the SIP involve certain risks and you should exercise caution. The Firm recommends that you consult your own independent legal, financial and tax advisors in all cases, and you acknowledge that you are provided with adequate opportunity to do so.

- **No Employer Involvement:** Except to the extent required by applicable law, all Awards are offered, issued and administered by GS Inc., a Delaware corporation, and your employer is not involved in the grant of your Award(s) or any other GS Inc. equity compensation. All documents related to the Awards, including the SIP, the Award Agreement, this Signature Card and the link by which you access these documents, are originated and maintained in the United States.

- **No Effect on Employment-Related Rights:** Any compensation you receive (even on a regular and repeated basis) in connection with the SIP is discretionary and does not constitute part of your base or normal salary or wages. It does not affect your rights and obligations under the terms of your employment and it will not be taken into account (except to the extent otherwise required by applicable law) in determining any other employment-related rights you may have, including without limitation rights in relation to severance, redundancy or end-of-service payments, bonuses, long-service awards, pension or retirement benefits. In particular you waive any and all rights to compensation or damages in consequence of the termination of your employment for any reason whatsoever insofar as those rights arise or may arise from your ceasing to have rights under, or be entitled to receive payment in respect of, the SIP as a result of such termination, or from the loss or diminution in value of such rights or entitlements. This waiver applies whether or not such termination amounts to wrongful or unfair dismissal.

- **No Additional Entitlements:**  The grant of an Award is strictly discretionary and voluntary and neither this Award (even if Award grants are made to you on a regular and repeated basis) nor your employment contract implies any expectation of right in relation to (i) the grant of any Award or similar compensation in the future, (ii) the terms, conditions and amount of any Award or similar compensation that GS Inc. may decide to grant in future, or (iii) continued employment in connection with any Award.

- **Translations:** The official Award documents (including contracts and communications) are in the English language. You are responsible for ensuring that you fully understand these documents. The English version of the documents will always prevail in the event of any inconsistency with translated or interpreted documents.

- **Severability:** If any provision (in whole or in part) of this Signature Card or the other Award documents is to any extent illegal, otherwise invalid, or incapable of being enforced, that provision will be excluded to the extent (only) of such invalidity or unenforceability. All other provisions will remain in full effect and, to the extent possible, the invalid or unenforceable provision will be deemed replaced by a provision that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable provision.

## Other Legal Notices:

## FOR ARGENTINA EMPLOYEES ONLY

Your Award(s) are being offered to you in your capacity as an employee of the Firm.  By receiving and accepting your Award(s), you are deemed to (i) acknowledge that the underlying Shares have not been authorized by the Argentine Comisión Nacional de Valores ("CNV") to be publicly offered in Argentina; and (ii) agree that you will not sell or offer to sell any Shares acquired upon settlement of your Award(s) in Argentina other than pursuant to transactions that would not qualify as a public offering under article 2 of Argentine Law 26,831.

Confidential                                                                                                GS0395336

The Award documents are being delivered to you in your capacity as an employee of the Firm. Accordingly, receipt and acceptance of the Award documents constitute your agreement that the information contained in the Award documents may not (i) be reproduced or used, in whole or in part, for any purpose whatsoever other than as a representation of your holding of Shares, or (ii) furnished to or discussed with any person (other than your personal advisors on a confidential basis) without the express written permission of GS Inc.

## FOR AUSTRALIA EMPLOYEES ONLY

GS Inc. undertakes that it will, within a reasonable period of you so requesting and at no charge, provide you with a copy of the rules of the SIP. The market price of a Share can be accessed at the following link: https://www.nyse.com/index. The Australian dollar equivalent of that market price can be ascertained by applying the prevailing USD/AUD exchange rate published by the Reserve Bank of Australia, which can be accessed at the following link: http://www.rba.gov.au/statistics/frequency/exchange-rates.html.

Any advice given by GS Inc. in connection with the SIP is general advice only. The documentation does not take into account the objectives, financial situation or needs of any particular person. Before acting on the information contained in the documentation, or making a decision to participate, you should consider obtaining your own financial product advice from a person who is licensed by the Australian Securities and Investments Commission (ASIC) to give such advice.

Throughout the period in which you hold a dividend equivalent right you may obtain copies of all information filed by GS Inc. with the U.S. Securities and Exchange Commission (SEC) which is accessible by GS Inc.'s shareholders and the general public ("shareholder information") by going to the SEC's website (www.sec.gov) or to the GS Inc. website (www.gs.com), and at http://www2.goldmansachs.com/our-firm/investors/financials/index.html. You should be aware that shareholder information can affect the value of your dividend equivalent rights from time to time.

The actual value you receive in respect of the Shares acquired by you will depend on the number of Shares you receive, the market value of a Share, the value of any dividend and dividend equivalent payments made in respect of a Share, and the USD/AUD exchange rate.

There are risks associated with an investment in Shares and the value of any Shares you receive may be less than the value of those Shares today. Some of those risks are specific to GS Inc.'s business activities while others are of a more general nature. For more detail on those risks, please refer to GS Inc.'s most recent annual report. Individually or in combination, those risks may affect the value of Shares.

Fidelity Personal Trust Company, FSB ("Trustee") will hold Shares that are the subject of Award(s). Any Shares, and income gained, held on your behalf may be subject to your direction. You may direct the Trustee on the exercise of any applicable voting rights that you hold in respect of such Shares. GS Inc. undertakes that it will, within a reasonable period of you so requesting and at no charge, provide you with a copy of the trust deed.

## FOR BRAZIL EMPLOYEES ONLY

Please note that the offer of an award under the SIP does not constitute a public offer in Brazil, and therefore it is not subject to registration with the Brazilian authorities.

According to Brazilian regulations, individuals resident in Brazil must inform the Central Bank of Brazil yearly the amounts of any nature, the assets and rights (including cash and other deposits) held outside of the Brazilian territory. Please consult your own legal counsel on the terms and conditions for presentation of such information.

By accepting the Award(s), you acknowledge that the Firm has provided you with Portuguese translations of the Award Summary, Award Agreement and Signature Card, but that the original English versions of these documents control. (Ao aceitar esta outorga, Você reconhece que a Empresa lhe disponibilizou a versão em português do Award Summary, do Award Agreement e do Signature Card; porém a versão original em inglês desses documentos prevalecerá.)

## FOR CHILE EMPLOYEES ONLY

Neither GS Inc., the SIP nor the Shares have been registered in the *Registro de Valores* (Securities Registry) or in the *Registro de Valores Extranjeros* (Foreign Securities Registry) of the *Superintendencia de Valores y Seguros* (Chilean Securities and Insurance Commission or SVS) and they are not subject to the control of the SVS. If such securities are offered within Chile, they will be offered and sold only pursuant to *Norma de Carácter, General 336* (General Regulation 336) of the SVS, an exemption to the registration requirements, or in circumstances which do not constitute a public offer of securities in Chile within the meaning of Article 4 of the Chilean Securities Market Law 18,045. As the Shares are not registered, the Issuer has no obligation under Chilean law to

deliver public information regarding the Shares in Chile. The Shares shall not be subject to public offering in Chile unless they are registered in the Foreign Securities Registry of the SVS. The commencement date of the offer is the date on which these documents were first provided to you via email.

The official plan documents are in the English language. If you do not understand their content, please contact your HCM contact in order to obtain a Spanish version.

Ni GS Inc., ni el SIP, ni las Acciones, han sido registradas en el Registro de Valores o Registro de Valores Extranjeros que lleva la Superintendencia de Valores y Seguros (SVS) y ninguna de ellos está sujeta a la fiscalización de la SVS. Si dichos valores son ofrecidos dentro de Chile, serán ofrecidos y colocados sólo de acuerdo a la Norma de Carácter General 336 de la SVS, una excepción a la obligación de registro, o en circunstancias que no constituyen una oferta pública de valores en Chile según lo definido por el Artículo 4 de la Ley 18,045 de Mercado de Valores de Chile. Por tratarse de valores no inscritos, el emisor de las Acciones no tiene obligación bajo la ley chilena de entregar en Chile información pública acerca de las Acciones. Las Acciones no pueden ser ofrecidas públicamente en Chile en tanto éstas no se registren en el Registro de Valores Extranjeros de la SVS. Se informa que la fecha de inicio de la presente oferta será aquella en que estos documentos fueron entregados a usted por primera vez vía email.

Los documentos oficiales del SIP se encuentran en idioma inglés. En caso que usted no entienda el contenido de estos documentos, por favor comuníquese con su encargado de recursos humanos, a fin de obtener una versión en español.

## FOR THE PEOPLE'S REPUBLIC OF CHINA EMPLOYEES ONLY

All documentation in relation to the Award(s) is intended for your personal use and in your capacity as an employee of the Firm (and/or its affiliate) and is being given to you solely for the purpose of providing you with information concerning the Award(s) which the Firm may grant to you as an employee of the Firm (and/or its affiliate) in accordance with the terms of the SIP, this documentation and the applicable Award Agreement(s). The grant of the Award(s) has not been and will not be registered with the China Securities Regulatory Commission of the People's Republic of China pursuant to relevant securities laws and regulations, and the Award(s) may not be offered or sold within the mainland of the People's Republic of China by means of any of the documentation in relation to the Award(s) through a public offering or in circumstances which require a registration or approval of the China Securities Regulatory Commission of the People's Republic of China in accordance with the relevant securities laws and regulations.

You agree that notwithstanding anything to the contrary under the SIP or the Award Agreement(s), the Award(s) may be settled in cash in Renminbi or such other currency, payable by your employing entity in the mainland of the People's Republic of China or such other entity, in each case, as may be determined by the Firm in its sole discretion.

## FOR FRANCE EMPLOYEES ONLY

Disclaimer: The current Award(s) is not covered by any prospectus which is the subject of the AMF's approval. Grantees can only receive this award for their own account ("compte propre") in the conditions laid down by articles L. 411-2, D. 411-1, D. 411-4, D. 744-1, D. 754-1 and D. 764-1 of the French Monetary and Financial Code. Any direct or indirect dissemination into the public of the financial instruments acquired can only take place within the conditions of articles L. 411-1, L. 411-2, L. 412-1 and L. 621-8 to L. 621-8-3 of the French Monetary and Financial Code.

By accepting the Award(s), you acknowledge that the Firm has provided you with French translations of the Award Summary, Award Agreement and Signature Card, but that the original English versions of these documents control.

The provisions of the Award Agreement will apply only in respect of the year to which the Award Agreement relates and will not in any circumstances create any right or entitlement to you for any future fiscal years.

Avertissement: La présente attribution ne donne pas lieu à un prospectus soumis au visa de l'Autorité des marchés financiers. Les personnes qui y participent ne peuvent le faire que pour leur compte propre dans les conditions fixées par les articles L. 411-2, D. 411-1,D.411-4, D. 744-1, D. 754-1 et D. 764-1 du Code monétaire et financier. La diffusion, directe ou indirecte, dans le public des instruments financiers ainsi acquis, ne peut être réalisée que dans les conditions prévues aux articles L. 411-1, L. 411-2, L. 412-1 et L. 621-8 à L. 621-8-3 du Code monétaire et financier.

En acceptant cet octroi, vous reconnaissez que la Société vous a transmis une version française de l'*Award Summary* (Résumé de l'Octroi), l'*Award Agreement* (Contrat d'Octroi) et la *Signature Card* (Carte de Signature), mais que seule la version originale en langue anglaise fait foi.

Confidential                                                                                    GS0395337

Les dispositions de l'Accord de prime s'appliquent uniquement à l'année concernée par l'Accord de prime et ne créent en aucune circonstance tous droits ou habilitations s'agissant des années fiscales à venir.

## FOR GERMANY EMPLOYEES ONLY

The Award(s) are offered to you by GS Inc. in accordance with the terms of the SIP which are summarized in the Award Summary. More information about GS Inc. is available on www.gs.com. You are being offered the Award(s) under the SIP in order to provide an additional incentive and to encourage employee share ownership and so increase your interest in the Firm's success. Please refer to the section entitled *Shares Available for Awards* in the SIP for information on the maximum number of GS Inc. shares that can be offered under the SIP. The obligation to publish a prospectus under the Prospectus Directive does not apply to the offer because of Article 4(1)(e) of that directive. This document is not a prospectus within the meaning of that directive.

Die Prämien werden Ihnen von der GS Inc. nach den in der Prämienübersicht aufgeführten Bestimmungen des Erwerbsplans angeboten. Weitere Informationen über GS Inc. finden Sie unter www.gs.com. Die Prämien werden Ihnen im Rahmen des Erwerbsplans zu Ihrer Motivation angeboten und um Sie durch das Halten von Aktien am Erfolg des Unternehmens teilhaben zu lassen. Informationen zur Anzahl der im Rahmen des Plans angebotenen GS Inc.-Aktien entnehmen Sie bitte dem Abschnitt *Shares Available for Awards* (Als Prämien erhältliche Aktien) im Erwerbsplan. Es besteht auf Grund von Artikel 4(1)(e) der Prospektrichtlinie für dieses Angebot keine Verpflichtung zur Veröffentlichung eines Emissionsprospekts. Dieses Dokument ist kein Prospekt im Sinne dieser Richtlinie.

## FOR HONG KONG EMPLOYEES ONLY

WARNING:

The contents of this document have not been reviewed by any regulatory authority in Hong Kong. You are advised to exercise caution in relation to the offer. If you are in doubt about any of the contents of this document, you should obtain independent professional advice.

By accepting the Award(s), you acknowledge and accept that you will not be permitted to transfer awards to persons who fall outside the definition of 'qualifying persons' in the Companies Ordinance (i.e., a person who is not a current or former director, employee, officer, consultant of the Firm or a person other than the offeree's wife, husband, widow, widower, child or step-child under the age of 18 years, or as otherwise defined), even if otherwise permitted under the SIP or any of the related documents.

## FOR INDIA EMPLOYEES ONLY

This website does not invite offers from the public for subscription or purchase of the securities of any body corporate under any law for the time being in force in India. The website is not a prospectus under the applicable laws for the time being in force in India. GS Inc. does not intend to market, promote, invite offers for subscription or purchase of the securities of any body corporate by this website. The information provided on this website is for the record only. Any person who subscribes or purchases securities of any body corporate should consult his own investment advisors before making any investments. GS Inc. shall not be liable or responsible for any such investment decision made by any person.

## FOR INDONESIA EMPLOYEES ONLY

By accepting the Award(s), you acknowledge that the Firm has provided you with Bahasa Indonesia translations of the Award Summary, Award Agreement and Signature Card, but that the original English versions of these documents control.

Dengan menerima Putusan, Anda menyatakan bahwa Perusahaan telah memberikan Anda terjemahan Bahasa Indonesia dari Ikhtisar Putusan, Perjanjian Putusan dan Perjanjian dengan Tanda Tangan, tapi versi asli dalam Bahasa Inggris dari dokumen-dokumen ini tetap mengendalikan.

## FOR ITALY EMPLOYEES ONLY

No person resident or located in Italy other than the original recipients of this document and any other document related to the Award(s) may rely on such documents or their content. The offer of the Award(s) under the SIP (and the delivery of underlying Shares) is exempted from prospectus requirements under Italian securities legislation.

Under Italian rules, Italian taxpayers must report in their annual tax return the value of any financial instruments held abroad at year-end (such as financial and real estate assets). Please consult your own advisors regarding the terms and conditions of this reporting obligation.

## FOR MONACO EMPLOYEES ONLY

If you are a Monégasque national (or if otherwise applicable), by accepting your Award(s), you expressly renounce the jurisdiction of Monaco and notably the application of articles 3,2° and 5bis of the Monégasque Procedural Civil Code in connection with any dispute relating to your Award(s).

If you are a French national (or if otherwise applicable), by accepting your Award(s), you expressly renounce the jurisdiction of France and notably the application of articles 14 and 15 of the French Civil Code in connection with any dispute relating to your Award(s).

**Additional data protection information for Monaco employees (which should be read in conjunction with, and forms part of, the Consent to Data Collection, Processing and Transfers clause above (together with this additional information, the "Clause")): If you are employed in Monaco, you acknowledge and agree that in the event of any inconsistency between this Clause and the law in force, the law 1.165 on the protection of personal data (or other relevant law) as amended shall prevail over this Clause.**

## FOR NEW ZEALAND EMPLOYEES ONLY

The Financial Markets Authority in New Zealand has issued the Securities Act (Overseas Employee Share Purchase Schemes) Exemption Notice 2002 (Notice), which sets out the way in which GS Inc. can offer you securities under the SIP. In accordance with the requirements of the Notice, the following information has been made available to you:

1.  GS Inc.'s most recent annual report on http://www2.goldmansachs.com/our-firm/investors/financials/index.html.
2.  The SIP documentation (which constitutes the current rules of the employee share purchase scheme for the purposes of the Notice) on https://hcm.web.gs.com/newaward.
3.  A copy of the Award Agreement on https://hcm.web.gs.com/newaward.
4.  GS Inc.'s most recent published financial statements on http://www2.goldmansachs.com/our-firm/investors/financials/index.html.

You may request copies of the documents listed above free of charge from Head of Securities Compliance – Goldman Sachs Australia Pty Ltd.

## FOR POLAND EMPLOYEES ONLY

The Award(s) are offered to you by GS Inc. in accordance with the terms of the SIP which are summarized in the Award Summary. More information about GS Inc. is available on www.gs.com. You are being offered Award(s) under the SIP in order to provide an additional incentive and to encourage employee share ownership and so increase your interest in the Firm's success. Please refer to the section entitled *Shares Available for Awards* in the SIP for information on the maximum number of GS Inc. shares that can be offered under the SIP. The obligation to publish a prospectus under the 2003/71 Prospectus Directive does not apply to the offer because of Article 3(2)(b) of that directive.

The Goldman Sachs Group, Inc. ("GS Inc.") przyznaje Państwu Premie (premie) zgodnie z warunkami Motywacyjnego Programu Akcji Pracowniczych opisanymi w Ogólnych Warunkach Przyznania Premii. Więcej informacji na temat GS Inc. można uzyskać na stronie www.gs.com. Oferowana Państwu na podstawie Motywacyjnego Programu Akcji Pracowniczych Premia ma stanowić dodatkową motywację i rozwijać akcjonariat pracowniczy a w konsekwencji zwiększyć Państwa zaangażowanie w sukces Firmy. Prosimy zapoznać się z działem zatytułowanym Akcje dostępne w ramach Premii w Motywacyjnym Programie Akcji Pracowniczych, w celu uzyskania informacji na temat maksymalnej liczby akcji GS Inc. oferowanych na podstawie Motywacyjnego Programu Akcji Pracowniczych. Obowiązek publikowania prospektu wynikający z Dyrektywy w Sprawie Prospektu Emisyjnego 2003/71 oraz Ustawy z dnia 29 lipca 2005 r. o Ofercie Publicznej nie ma zastosowania do niniejszej oferty, ze względu na brzmienie art. 3 ust. 2 lit. (b) wskazanej powyżej dyrektywy oraz art. 3 ust. 1 powyższej Ustawy.

## FOR RUSSIA EMPLOYEES ONLY

None of the information contained in the documents referred to in paragraph 8 of this Signature Card or in this Signature Card constitutes an advertisement of the Award(s) in Russia and must not be passed on to third parties or otherwise be made publicly available in Russia. The Award(s) have not been and will not be registered in Russia and are not intended for "placement" or "public circulation" in Russia.

## FOR SAUDI ARABIA EMPLOYEES ONLY

The Award(s) are offered to you on behalf of Goldman Sachs Saudi Arabia, Commercial Registration Number 1010266812, 25th Floor, Kingdom Tower, Post Office Box 52989, Riyadh 11573, Saudi Arabia. The SIP documents may not be distributed in the Kingdom except to such persons as are permitted under the Offers of Securities Regulations issued by the Capital Market Authority. The

2016 Mid-Year (General) (2015 SIP)

Confidential

GS0395338

Capital Market Authority does not make any representation as to the accuracy or completeness of the SIP documents, and expressly disclaims any liability whatsoever for any loss arising from, or incurred in reliance upon, any part of the SIP documents. Prospective purchasers of the securities offered hereby should conduct their own due diligence on the accuracy of the information relating to the securities. If you do not understand the contents of the SIP documents you should consult an authorized financial adviser.

## FOR SPAIN EMPLOYEES ONLY

Please note that the offer of an Award under the SIP does not constitute a public offer in Spain, and therefore it is not subject to registration with the Spanish authorities. The Award(s) are offered to you by GS Inc. in accordance with the terms and conditions set forth in the SIP and the Award Agreement(s). The grantees may be subject to certain reporting obligations for the acquisition or disposal of Shares under the SIP, the opening of cash or brokerage bank accounts abroad and the transfer or receipt of funds. Please consult your own advisors regarding these and other legal or tax obligations that may be applicable.

Additional data protection information for Spain employees (which should be read in conjunction with, and forms part of, the Consent to Data Collection, Processing and Transfers clause above (together with this additional information, the "Clause")):

- Your consent as described in the Clause is obtained in accordance with the provisions of the Spanish Data Protection Act 15/1999.
- Capitalized and abbreviated terms used in the Clause are defined as specified throughout this Signature Card.

Signature: ██████████████████

Print Name: ██████████████

- References to the Firm in the Clause should be read as including your employer (as identified in your employment contract), its ultimate parent company (The Goldman Sachs Group, Inc. or "GS Inc."), and any of GS Inc.'s other subsidiaries and affiliates.
- The relevant data controllers for the purposes of Spanish law are your employer and GS Inc., both represented in respect of the Programs by Equity Compensation at the address listed above.

## FOR TURKEY EMPLOYEES ONLY

This offer is not a public offering in terms of the Turkish Capital Markets legislation and the information provided herein cannot be construed as a public offering.

## FOR UK EMPLOYEES ONLY

This document does not have regard to the specific investment objectives, financial situation and particular needs of any specific person who may receive it. Recipients should seek their own financial advice.

The Award(s) are subject to the terms and conditions set forth in the SIP and the Award Agreement(s). The price of shares and the income from such shares (if any) can fluctuate and may be affected by changes in the exchange rate for U.S. Dollars. Past performance will not necessarily be repeated. Levels and bases of taxation may change from time to time. Investors should consult their own tax advisors in order to understand tax consequences. GS Inc. has (and its associates may have) a material interest in the shares and the investments that are the subject of this document.

Date: ██████████████

Employee ID #: ██████████████

-6-                                                     2016 Mid-Year (General) (2016 S P)

# Exhibit 1289

conduct their own due diligence on the accuracy of the information relating to the securities. If you do not understand the contents of the SIP documents you should consult an authorized financial adviser.

## FOR SPAIN EMPLOYEES ONLY

Please note that the offer of an Award under the SIP does not constitute a public offer in Spain, and therefore it is not subject to registration with the Spanish authorities. The Award(s) are offered to you by GS Inc. in accordance with the terms and conditions set forth in the SIP and the Award Agreement(s). The grantees may be subject to certain reporting obligations for the acquisition or disposal of Shares under the SIP, the opening of cash or brokerage bank accounts abroad and the transfer or receipt of funds. Please consult your own advisors regarding these and other legal or tax obligations that may be applicable.

Additional data protection information for Spain employees (which should be read in conjunction with, and forms part of, the Consent to Data Collection, Processing and Transfers clause above (together with this additional information, the "Clause")):

- Your consent as described in the Clause is obtained in accordance with the provisions of the Spanish Data Protection Act 15/1999.
- Capitalized and abbreviated terms used in the Clause are defined as specified throughout this Signature Card.
- References to the Firm in the Clause should be read as including your employer (as identified in your employment contract), its

ultimate parent company (The Goldman Sachs Group, Inc. or "GS Inc."), and any of GS Inc.'s other subsidiaries and affiliates.
- The relevant data controllers for the purposes of Spanish law are your employer and GS Inc., both represented in respect of the Programs by Equity Compensation at the address listed above.

## FOR TURKEY EMPLOYEES ONLY

This offer is not a public offering in terms of the Turkish Capital Markets legislation and the information provided herein cannot be construed as a public offering.

## FOR UK EMPLOYEES ONLY

This document does not have regard to the specific investment objectives, financial situation and particular needs of any specific person who may receive it. Recipients should seek their own financial advice.

The Award(s) are subject to the terms and conditions set forth in the SIP and the Award Agreement(s). The price of shares and the income from such shares (if any) can fluctuate and may be affected by changes in the exchange rate for U.S. Dollars. Past performance will not necessarily be repeated. Levels and bases of taxation may change from time to time. Investors should consult their own tax advisors in order to understand tax consequences. GS Inc. has (and its associates may have) a material interest in the shares and the investments that are the subject of this document.

Signature: ██████████████████

Print Name: ████████████████

Date: ██████████████

Employee ID #: ████████████

(C1) 2015 Year End (General) (2015 SIP)

Confidential

# Exhibit 1290

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

Via E-mail

Kelly M. Dermody, Esq.,
　　Lieff Cabraser Heimann & Bernstein, LLP,
　　　　275 Battery Street, 29th Floor,
　　　　　　San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
　　Outten & Golden LLP,
　　　　685 Third Avenue, 25th Floor,
　　　　　　New York, New York  10017.

> Re:　Demand to ██████████████ to Withdraw From The Class
> *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ██████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

██████████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0386662 - GS0386665 (the "Agreement"). ██████████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  In the Agreement, ██████████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ██████████████ received valuable consideration, bars ██████████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ██████████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ██████████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ██████████████ has refused our request.  In that event, Goldman Sachs

Confidential

-2-

reserves all of its rights, including, without limitation, its right to compel ███████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                              Robert J. Giuffra, Jr.
of Paul Hastings LLP                          of Sullivan & Cromwell LLP

cc:     GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for ██████████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA        :
ORLICH, ALLISON GAMBA and MARY        :
DE LUIS,                              :
                                      :
                                      :
                Plaintiffs,           :        10 Civ. 6950 (AT) (RWL)
                                      :
         v.                           :
                                      :
GOLDMAN, SACHS & CO. and THE          :
GOLDMAN SACHS GROUP, INC.,            :
                                      :
                Defendants.           :
-------------------------------------------------- x
```

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
　　　　_____, 2019

*/s/ Adam T. Klein*                                    */s/ Robert J. Giuffra, Jr.*

Adam T. Klein                                          Robert J. Giuffra, Jr.
Cara E. Greene                                         Theodore O. Rogers, Jr.
Melissa L. Stewart                                     Sharon L. Nelles
OUTTEN & GOLDEN LLP                                    Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                           Hilary M. Williams
New York, New York  10017                              Joshua S. Levy
Telephone: (212) 245-1000                              SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                              125 Broad Street
                                                       New York, New York  10004
Kelly M. Dermody (admitted *pro hac vice*)             Telephone: (212) 558-4000
Anne B. Shaver (admitted *pro hac vice*)               Facsimile: (212) 558-3588
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &                               Amanda Flug Davidoff
　　　　BERNSTEIN, LLP                                  SULLIVAN & CROMWELL LLP
275 Battery Street, 29th Floor                         1700 New York Avenue, N.W., Suite 700
San Francisco, California  94111-3339                  Washington, DC  20006
Telephone: (415) 956-1000                              Telephone: (202) 956-7500
Facsimile: (415) 956-1008                              Facsimile: (202) 293-6330

Rachel Geman                                           Barbara B. Brown (*admitted pro hac vice*)
250 Hudson Street, 8th Floor                           Carson H. Sullivan (*admitted pro hac vice*)
New York, New York  10013-1413                         PAUL HASTINGS LLP
Telephone: (212) 355-9500                              875 15th Street, NW
Facsimile: (212) 355-9592                              Washington, DC  20005
                                                       Telephone: (202) 551-1700

                                                       Patrick W. Shea
                                                       PAUL HASTINGS LLP
                                                       200 Park Avenue
                                                       New York, NY  10166
                                                       Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                             *Attorneys for Defendants*

# Exhibit 1291

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

Re:    Arbitration Demand for ██████████
       <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ██████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

██████████ is a party to an agreement with Goldman Sachs requiring that she arbitrate her claims in this matter, which we previously produced to you and which bears production numbers GS0382382 - GS0382392 (the "Agreement"). ██████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  To the extent ██████████ intends to pursue any employment-related claims that she may have against Goldman Sachs, including any claims asserted in the above-referenced action, Goldman Sachs hereby requests that ██████████ comply with her commitment under the Agreement and pursue any such claims through arbitration.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct to communicate this request to your client, please consult with ██████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal Without Prejudice in the form enclosed by March 7, 2019.   We have enclosed ██████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ██████████ has refused our request.   In that event, Goldman Sachs reserves all of its rights, including, without

Confidential

-2-

limitation, its right to compel ████████ to arbitrate her claims pursuant to the Agreement or any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                           Robert J. Giuffra, Jr.
of Paul Hastings LLP                                    of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Last known contact information for ██████████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                    Plaintiffs,         :        10 Civ. 6950 (AT) (RWL)
                                        :
          v.                            :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                    Defendants.         :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff agreed, in

exchange for valuable consideration, to arbitrate any disputes she may have arising out of

Plaintiff's employment by any of Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served an arbitration demand on Plaintiff's counsel on

February 5, 2019 requesting that Plaintiff abide by her contractual obligations to arbitrate any

employment-related claims against Defendants and voluntarily dismiss her claims in this action,

and, to the extent Plaintiff intends to pursue employment-related claims against Defendants, that

Plaintiff pursue any such claims through arbitration in accordance with the Agreement;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to abide by her obligations under the Agreement and to voluntarily dismiss any claims asserted on her behalf in this action;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action without prejudice only as to Plaintiff's rights under the Agreement to pursue such claims in an appropriate arbitral forum.

Dated: New York, New York
_____, 2019

*/s/ Adam T. Klein*                              */s/ Robert J. Giuffra, Jr.*

Adam T. Klein                                    Robert J. Giuffra, Jr.
Cara E. Greene                                   Theodore O. Rogers, Jr.
Melissa L. Stewart                               Sharon L. Nelles
OUTTEN & GOLDEN LLP                              Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                     Hilary M. Williams
New York, New York  10017                        Joshua S. Levy
Telephone: (212) 245-1000                        SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                        125 Broad Street
                                                 New York, New York  10004
                                                 Telephone: (212) 558-4000
Kelly M. Dermody (admitted *pro hac vice*)       Facsimile: (212) 558-3588
Anne B. Shaver (admitted *pro hac vice*)
Tiseme G. Zegeye                                 Amanda Flug Davidoff
LIEFF CABRASER HEIMANN &                         SULLIVAN & CROMWELL LLP
        BERNSTEIN, LLP                           1700 New York Avenue, N.W., Suite 700
275 Battery Street, 29th Floor                   Washington, DC  20006
San Francisco, California  94111-3339            Telephone: (202) 956-7500
Telephone: (415) 956-1000                        Facsimile: (202) 293-6330
Facsimile: (415) 956-1008

                                                 Barbara B. Brown (*admitted pro hac vice*)
Rachel Geman                                     Carson H. Sullivan (*admitted pro hac vice*)
250 Hudson Street, 8th Floor                     PAUL HASTINGS LLP
New York, New York  10013-1413                   875 15th Street, NW
Telephone: (212) 355-9500                        Washington, DC  20005
Facsimile: (212) 355-9592                        Telephone: (202) 551-1700

                                                 Patrick W. Shea
                                                 PAUL HASTINGS LLP
                                                 200 Park Avenue
                                                 New York, NY  10166
                                                 Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                       *Attorneys for Defendants*

# Exhibit 1292

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

Via E-mail

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

     Re: Arbitration Demand for ███████████
       *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

    On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning █████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

    ███████████ is a party to an agreement with Goldman Sachs requiring that she arbitrate her claims in this matter, which we previously produced to you and which bears production numbers GS0385518 - GS0385520 (the "Agreement"). ███████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  To the extent ███████████ intends to pursue any employment-related claims that she may have against Goldman Sachs, including any claims asserted in the above-referenced action, Goldman Sachs hereby requests that ███████████ comply with her commitment under the Agreement and pursue any such claims through arbitration.

    Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct to communicate this request to your client, please consult with ███████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal Without Prejudice in the form enclosed by March 7, 2019.  We have enclosed ███████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ███████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without

Confidential

-2-

limitation, its right to compel ████████ to arbitrate her claims pursuant to the Agreement or any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                     Robert J. Giuffra, Jr.
of Paul Hastings LLP                                 of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

-3-

<u>Last known contact information for</u> █████████ :

████████████████████████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA      :
ORLICH, ALLISON GAMBA and MARY      :
DE LUIS,                            :
                                    :
                 Plaintiffs,        :        10 Civ. 6950 (AT) (RWL)
                                    :
         v.                         :
                                    :
GOLDMAN, SACHS & CO. and THE        :
GOLDMAN SACHS GROUP, INC.,          :
                                    :
                 Defendants.        :
-------------------------------------------------- x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff agreed, in

exchange for valuable consideration, to arbitrate any disputes she may have arising out of

Plaintiff's employment by any of Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served an arbitration demand on Plaintiff's counsel on

February 5, 2019 requesting that Plaintiff abide by her contractual obligations to arbitrate any

employment-related claims against Defendants and voluntarily dismiss her claims in this action,

and, to the extent Plaintiff intends to pursue employment-related claims against Defendants, that

Plaintiff pursue any such claims through arbitration in accordance with the Agreement;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to abide by her obligations under the Agreement and to voluntarily dismiss any claims asserted on her behalf in this action;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action without prejudice only as to Plaintiff's rights under the Agreement to pursue such claims in an appropriate arbitral forum.

Dated: New York, New York
_____, 2019

*/s/ Adam T. Klein*

Adam T. Klein
Cara E. Greene
Melissa L. Stewart
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Kelly M. Dermody (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &
  BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*        *Attorneys for Defendants*

# Exhibit 1293

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

Re:    Arbitration Demand for ██████████
            *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ██████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

████████ is a party to an agreement with Goldman Sachs requiring that she arbitrate her claims in this matter (the "Agreement"), which ██████ executed electronically on February 19, 2016.  The terms of the Agreement were produced to you at GS0395614 - GS0395682 and GS0396055 - GS0396109.  ██████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  To the extent ████████ intends to pursue any employment-related claims that she may have against Goldman Sachs, including any claims asserted in the above-referenced action, Goldman Sachs hereby requests that ████████ comply with her commitment under the Agreement and pursue any such claims through arbitration.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct to communicate this request to your client, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal Without Prejudice in the form enclosed by March 7, 2019.  We have enclosed ████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without

Confidential

-2-

limitation, its right to compel █████████ to arbitrate her claims pursuant to the Agreement or any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                              of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

-3-

Last known contact information for ███████ :

██████████████████
███████

Confidential

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                        Plaintiffs,     :        10 Civ. 6950 (AT) (RWL)
                                        :
            v.                          :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                        Defendants.     :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff agreed, in

exchange for valuable consideration, to arbitrate any disputes she may have arising out of

Plaintiff's employment by any of Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served an arbitration demand on Plaintiff's counsel on

February 5, 2019 requesting that Plaintiff abide by her contractual obligations to arbitrate any

employment-related claims against Defendants and voluntarily dismiss her claims in this action,

and, to the extent Plaintiff intends to pursue employment-related claims against Defendants, that

Plaintiff pursue any such claims through arbitration in accordance with the Agreement;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to abide by her obligations under the Agreement and to voluntarily dismiss any claims asserted on her behalf in this action;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action without prejudice only as to Plaintiff's rights under the Agreement to pursue such claims in an appropriate arbitral forum.

Dated: New York, New York
_____, 2019

*/s/ Adam T. Klein*

Adam T. Klein
Cara E. Greene
Melissa L. Stewart
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Kelly M. Dermody (admitted *pro hac vice*)
Anne B. Shaver (admitted *pro hac vice*)
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &
    BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*

*Attorneys for Defendants*

# Exhibit 1294

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

Re:    Correspondence With Individual Counsel
       *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

Enclosed please find courtesy copies of correspondence sent today regarding certain class members who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.  Each of these class members is a party to an agreement with Goldman Sachs that bars her from participating in the above-referenced action.  The enclosed correspondence is addressed to counsel who represented each of these class members in connection with her agreement with the Firm.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
of Sullivan & Cromwell LLP

Barbara B. Brown
of Paul Hastings LLP

cc:    GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

Douglas H. Wigdor, Esq.,
   Wigdor LLP,
      85 Fifth Avenue,
        New York, NY  10003.

Re:    Demand to ███████████████ to Withdraw From The Class
          *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Wigdor:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ██████████ ████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

████████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ████████ in connection with this Agreement. ████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. ████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                                of Sullivan & Cromwell LLP

Confidential

-3-

Last known contact information for ██████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                Plaintiffs,             :        10 Civ. 6950 (AT) (RWL)
                                        :
        v.                              :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                Defendants.             :
-------------------------------------------------- x
```

## <u>STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE</u>

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York

_____, 2019

_____            */s/ Robert J. Giuffra, Jr.*

                                       Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*                              *Attorneys for Defendants*

Confidential

GS0390857

Confidential

GS0390858

Confidential

GS0390859

Confidential

Confidential



Confidential



GS0390863

Confidential

Confidential

GS0390865

Confidential

Confidential

GS0390867

Confidential

GS0390868



Confidential

GS0390869

Confidential

Confidential

Confidential

GS0390872

Confidential

GS0390873

Confidential

GS0390874



Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

Janice Goodman, Esq.,
    Law Offices of Janice Goodman,
      61 Jane Street, Suite 11D,
       New York, NY 10014.

        Re:   Demand to ███████████ to Withdraw From The Class
             *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Ms. Goodman:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████ ████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ███████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ██████ in connection with this Agreement. ████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. ████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019. We have enclosed ████████ last known contact information for your reference. If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request. In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                          Robert J. Giuffra, Jr.
of Paul Hastings LLP                      of Sullivan & Cromwell LLP

-3-

Last known contact information for █████████ :

██████████████████████████
██████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA              :
ORLICH, ALLISON GAMBA and MARY              :
DE LUIS,                                     :
                                             :
                          Plaintiffs,        :        10 Civ. 6950 (AT) (RWL)
                                             :
              v.                             :
                                             :
GOLDMAN, SACHS & CO. and THE                 :
GOLDMAN SACHS GROUP, INC.,                   :
                                             :
                          Defendants.        :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York

_____, 2019


_____          /s/ Robert J. Giuffra, Jr.

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                    *Attorneys for Defendants*



Confidential

Confidential

GS0386904

Confidential



Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

Robert Ottinger, Esq.,
    The Ottinger Firm PC,
        401 Park Avenue South,
            New York, NY  10016.

Re:   Demand to ███████ to Withdraw From The Class
      <u>Chen-Oster</u> v. <u>Goldman, Sachs & Co.</u>, 10-cv-6950 (AT) (RWL)

Dear Mr. Ottinger:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

███████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ███████ in connection with this Agreement. ███████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. ███████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ███████ received valuable consideration, bars ███████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ███████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019. We have enclosed ███████ last known contact information for your reference. If the Voluntary Dismissal is not filed by that date, we will assume that ███████ has refused our request. In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ███████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                           Robert J. Giuffra, Jr.
of Paul Hastings LLP                       of Sullivan & Cromwell LLP

-3-

Last known contact information for █████ :

███████████████████████████████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                 :
                                         :
                    Plaintiffs,          :          10 Civ. 6950 (AT) (RWL)
                                         :
            v.                           :
                                         :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                         :
                    Defendants.          :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York
_____, 2019

_____                    */s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*                    *Attorneys for Defendants*

-2-

Confidential

Confidential

GS0387052

Confidential



Confidential

Confidential

GS0387055

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Adam T. Klein, Esq.,
   Outten & Golden LLP,
      685 Third Avenue, 25th Floor,
         New York, New York  10017.

Re:   Demand to ████████████ to Withdraw From The Class
      <u>Chen-Oster</u> v. <u>Goldman, Sachs & Co.</u>, 10-cv-6950 (AT) (RWL)

Dear Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

████████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0387069 - GS0387072 (the "Agreement"), and we understand that your firm represented ████████████ in connection with this Agreement.  ████████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  ████████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ████████████ received valuable consideration, bars ████████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ████████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ████████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                of Sullivan & Cromwell LLP

-3-

Last known contact information for ███████ :

████████████████████████████
████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA      :
ORLICH, ALLISON GAMBA and MARY      :
DE LUIS,                            :
                                    :
                Plaintiffs,         :      10 Civ. 6950 (AT) (RWL)
                                    :
         v.                         :
                                    :
GOLDMAN, SACHS & CO. and THE        :
GOLDMAN SACHS GROUP, INC.,          :
                                    :
                Defendants.         :
-------------------------------------------------- x
```

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York
_____, 2019

_/s/ Adam T. Klein_

Adam T. Klein
Cara E. Greene
Melissa L. Stewart
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Kelly M. Dermody (admitted _pro hac vice_)
Anne B. Shaver (admitted _pro hac vice_)
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

_/s/ Robert J. Giuffra, Jr._

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (_admitted pro hac vice_)
Carson H. Sullivan (_admitted pro hac vice_)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

_Attorneys for Plaintiffs_                                    _Attorneys for Defendants_

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

James R. Hubbard, Esq.,
    Liddle & Robinson LLP,
        800 Third Avenue,
           New York, NY 10022.

        Re:    Demand to ███████████ to Withdraw From The Class
              <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Mr. Hubbard:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████ ████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ██████████████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ████████████ in connection with this Agreement. ████████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. ████████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ████████████ received valuable consideration, bars ██████████████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019. We have enclosed ████████████ last known contact information for your reference. If the Voluntary Dismissal is not filed by that date, we will assume that ████████████ has refused our request. In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ██████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                            of Sullivan & Cromwell LLP

-3-

Last known contact information for ███████████ :

███████████████████████
███████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x

H. CRISTINA CHEN-OSTER, SHANNA :
ORLICH, ALLISON GAMBA and MARY :
DE LUIS, :
 :
 :
 Plaintiffs, :  10 Civ. 6950 (AT) (RWL)
 :
 v. :
 :
GOLDMAN, SACHS & CO. and THE :
GOLDMAN SACHS GROUP, INC., :
 :
 Defendants. :

---------------------------------------------------- x

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

  WHEREAS _____ ("Plaintiff")   and   Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement   dated   _____   (the   "Agreement"),   in   which   Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

  WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

  WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

  WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

  It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their   undersigned   counsel,   pursuant   to   Rule   41(a)(1)(A)(ii)   of   the   Federal   Rules   of   Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
_____, 2019

_____

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*                    *Attorneys for Defendants*

Confidential

GS0391110



Confidential

GS0391111

Confidential

GS0391112

Confidential

GS0391113

Confidential

GS0391114

Confidential

GS0391115



Confidential

Confidential

GS0391117



Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

Steven Hyman, Esq.,
    McLaughlin & Stern, LLP,
        260 Madison Avenue,
           New York, NY  10016.

        Re:    Demand to ████ to Withdraw From The Class
               *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Hyman:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ████ in connection with this Agreement. ████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. ████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ████ received valuable consideration, bars ████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019. We have enclosed ████ last known contact information for your reference. If the Voluntary Dismissal is not filed by that date, we will assume that ████ has refused our request. In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                   Robert J. Giuffra, Jr.
of Paul Hastings LLP                               of Sullivan & Cromwell LLP

-3-

Last known contact information for ███████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                Plaintiffs,             :        10 Civ. 6950 (AT) (RWL)
                                        :
        v.                              :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                Defendants.             :
----------------------------------------------------- x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
        _____, 2019

_____         */s/ Robert J. Giuffra, Jr.*

                                                              Robert J. Giuffra, Jr.
                                                              Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                                      *Attorneys for Defendants*

Confidential

Confidential

GS0388587

Confidential

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

Daniel Kaiser, Esq.,
    Kaiser, Saurborn & Mair, P.C.,
       111 Broadway, Suite 105,
         New York, New York  10006.

        Re:   Demand to ██████████ to Withdraw From The Class
              *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Kaiser:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ██████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ██████████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ██████████ in connection with this Agreement.  ██████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  ██████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ██████████ received valuable consideration, bars ██████████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ██████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ██████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ██████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                of Sullivan & Cromwell LLP

-3-

<u>Last known contact information for</u> ███████ :

████████████████████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA      :
ORLICH, ALLISON GAMBA and MARY      :
DE LUIS,                            :
                                    :
                     Plaintiffs,    :        10 Civ. 6950 (AT) (RWL)
                                    :
           v.                       :
                                    :
GOLDMAN, SACHS & CO. and THE        :
GOLDMAN SACHS GROUP, INC.,          :
                                    :
                     Defendants.    :
------------------------------------------------------ x
```

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York
_____, 2019

_____

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*                              *Attorneys for Defendants*

Confidential

GS0390923



Confidential

Confidential

GS0390925

Confidential

GS0390926



Confidential

Confidential



Confidential



Confidential



Confidential



Confidential
GS0390932

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via Certified Mail and E-mail</u>

Vicki Lafer Abrahamson, Esq.,
    Abrahamson Voracheck & Mikva,
        120 North LaSalle Street, Suite 1050,
        Chicago, IL  60602.

      Re:   Demand to ███████████ to Withdraw From The Class
           <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Ms. Abrahamson:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ████████ ████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ████████ is a party to the enclosed agreement with Goldman Sachs (the "Agreement"), and we understand that you represented ████████ in connection with this Agreement.  ████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  ████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                        Robert J. Giuffra, Jr.
of Paul Hastings LLP                    of Sullivan & Cromwell LLP

-3-

Last known contact information for ████████ :

████████████████████████████
██████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                 Plaintiffs,            :        10 Civ. 6950 (AT) (RWL)
                                        :
            v.                          :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                 Defendants.            :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York

_____, 2019

_____          */s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*                    *Attorneys for Defendants*



Confidential



GS0391278



Confidential

GS0391279



Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Adam T. Klein, Esq.,
　　Outten & Golden LLP,
　　　　685 Third Avenue, 25th Floor,
　　　　　New York, New York  10017.

　　　　　Re:　Demand to ████████████ to Withdraw From The Class
　　　　　　　*Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Adam:

　　　　　On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ████████ ████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

　　　　　████████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0389462 - GS0389466 (the "Agreement"), and we understand that your firm represented ████████ in connection with this Agreement. ████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. ████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms in the Agreement, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

　　　　　Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019. We have enclosed ████████ last known contact information for your reference. If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request. In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Confidential

-2-

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                                of Sullivan & Cromwell LLP

Confidential

Last known contact information for ███████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                 :
                                         :
                Plaintiffs,              :         10 Civ. 6950 (AT) (RWL)
                                         :
        v.                               :
                                         :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                         :
                Defendants.              :
-------------------------------------------------- x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York

_____, 2019

/s/ Adam T. Klein

Adam T. Klein
Cara E. Greene
Melissa L. Stewart
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Kelly M. Dermody (admitted pro hac vice)
Anne B. Shaver (admitted pro hac vice)
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

/s/ Robert J. Giuffra, Jr.

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (admitted pro hac vice)
Carson H. Sullivan (admitted pro hac vice)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

Attorneys for Plaintiffs

Attorneys for Defendants

# Exhibit 1295

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 19, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
       275 Battery Street, 29th Floor,
          San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
       685 Third Avenue, 25th Floor,
          New York, New York  10017.

        Re:    Correspondence With Individual Counsel
               <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

        Please find enclosed courtesy copies of correspondence sent to counsel who represented certain class members in connection with agreements that are the subject of arbitration demands sent to you on February 5, 2019.

               Very truly yours,

               <u>*/s/ Robert J. Giuffra, Jr.*</u>

Barbara B. Brown                    Robert J. Giuffra, Jr.
of Paul Hastings LLP              of Sullivan & Cromwell LLP

cc:    GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Jonathan S. Sack, Esq.,
   Sack & Sack, LLP,
      70 East 55th Street, 10th Floor,
         New York, New York 10022.

        Re:   Demand to ▮▮▮▮▮ to Withdraw From The Class
             *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Sack:

      On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ▮▮▮▮▮. It recently came to our attention that your firm represented ▮▮▮▮▮ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ▮▮▮▮▮ withdraw from the class by March 7, 2019. We ask that you please confer with ▮▮▮▮▮ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims. As noted in the enclosed correspondence, in the event ▮▮▮▮▮ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ▮▮▮▮▮ to arbitration to enforce the terms of the release. We are willing to consider a reasonable request for additional time to confer with your client if needed.

                      Very truly yours,

                      */s/ Robert J. Giuffra, Jr.*

Barbara B. Brown               Robert J. Giuffra, Jr.
of Paul Hastings LLP          of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

Re:   Demand to ███████████ to Withdraw From The Class
      <u>Chen-Oster</u> v. <u>Goldman, Sachs & Co.</u>, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ███████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

███████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0391249 - GS0391254 (the "Agreement"). ███████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. In the Agreement, ███████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ███████████ received valuable consideration, bars ███████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ███████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ███████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ███████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ███████████ to arbitration to

Confidential

-2-

enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                          Robert J. Giuffra, Jr.
of Paul Hastings LLP                                   of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

-3-

Last known contact information for ██████████ :

████████████████████████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                 Plaintiffs,            :          10 Civ. 6950 (AT) (RWL)
                                        :
         v.                             :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                 Defendants.            :
-------------------------------------------------- x
```

### STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York
_____, 2019

/s/ Adam T. Klein

Adam T. Klein
Cara E. Greene
Melissa L. Stewart
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Kelly M. Dermody (admitted pro hac vice)
Anne B. Shaver (admitted pro hac vice)
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

/s/ Robert J. Giuffra, Jr.

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (admitted pro hac vice)
Carson H. Sullivan (admitted pro hac vice)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

*Attorneys for Plaintiffs*                              *Attorneys for Defendants*

Confidential

GS0391249

Confidential

Confidential

GS0391251

Confidential

GS0391252

Confidential

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Daniel J. Kaiser, Esq.,
    Kaiser, Saurborn & Mair, P.C.,
        30 Broad Street, 37th Floor,
           New York, New York  10004.

        Re:    Demand to ▮▮▮▮▮▮▮▮ to Withdraw From The Class
               <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Mr. Kaiser:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ▮▮▮▮▮▮ ▮▮▮▮.  It recently came to our attention that your firm represented ▮▮▮▮▮▮ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ▮▮▮▮▮▮ withdraw from the class by March 7, 2019.  We ask that you please confer with ▮▮▮▮▮▮ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims. As noted in the enclosed correspondence, in the event ▮▮▮▮▮▮ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ▮▮▮▮▮▮ to arbitration to enforce the terms of the release.  We are willing to consider a reasonable request for additional time to confer with your client if needed.

               Very truly yours,

               */s/ Robert J. Giuffra, Jr.*

Barbara B. Brown               Robert J. Giuffra, Jr.
of Paul Hastings LLP         of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
           San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
           New York, New York  10017.

        Re:    Demand to ▮▮▮▮▮▮▮ to Withdraw From The Class
              <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ▮▮▮▮▮▮, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ▮▮▮▮▮ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0388774 - GS0388777 (the "Agreement"). ▮▮▮▮▮ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  In the Agreement, ▮▮▮▮ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ▮▮▮▮▮ received valuable consideration, bars ▮▮▮▮ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ▮▮▮▮ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ▮▮▮▮▮ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ▮▮▮▮ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ▮▮▮▮ to arbitration to

Confidential

-2-

enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                     Robert J. Giuffra, Jr.
of Paul Hastings LLP                              of Sullivan & Cromwell LLP

cc:     GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

<u>Last known contact information for</u> ███████ :

███████████████████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------  x
H. CRISTINA CHEN-OSTER, SHANNA            :
ORLICH, ALLISON GAMBA and MARY            :
DE LUIS,                                  :
                                          :
                    Plaintiffs,           :          10 Civ. 6950 (AT) (RWL)
                                          :
            v.                            :
                                          :
GOLDMAN, SACHS & CO. and THE              :
GOLDMAN SACHS GROUP, INC.,                :
                                          :
                    Defendants.           :
----------------------------------------------------  x
```

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
_____, 2019

*/s/ Adam T. Klein*                                    */s/ Robert J. Giuffra, Jr.*

Adam T. Klein                                          Robert J. Giuffra, Jr.
Cara E. Greene                                         Theodore O. Rogers, Jr.
Melissa L. Stewart                                     Sharon L. Nelles
OUTTEN & GOLDEN LLP                                    Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                           Hilary M. Williams
New York, New York  10017                              Joshua S. Levy
Telephone: (212) 245-1000                              SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                              125 Broad Street
                                                       New York, New York  10004
Kelly M. Dermody (admitted *pro hac vice*)             Telephone: (212) 558-4000
Anne B. Shaver (admitted *pro hac vice*)               Facsimile: (212) 558-3588
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &                                Amanda Flug Davidoff
    BERNSTEIN, LLP                                      SULLIVAN & CROMWELL LLP
275 Battery Street, 29th Floor                          1700 New York Avenue, N.W., Suite 700
San Francisco, California  94111-3399                  Washington, DC  20006
Telephone: (415) 956-1000                              Telephone: (202) 956-7500
Facsimile: (415) 956-1008                              Facsimile: (202) 293-6330

Rachel Geman                                           Barbara B. Brown (*admitted pro hac vice*)
250 Hudson Street, 8th Floor                           Carson H. Sullivan (*admitted pro hac vice*)
New York, New York  10013-1413                         PAUL HASTINGS LLP
Telephone: (212) 355-9500                              875 15th Street, NW
Facsimile: (212) 355-9592                              Washington, DC  20005
                                                       Telephone: (202) 551-1700

                                                       Patrick W. Shea
                                                       PAUL HASTINGS LLP
                                                       200 Park Avenue
                                                       New York, NY  10166
                                                       Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                              *Attorneys for Defendants*

-2-

Confidential

GS0388774

Confidential

Confidential

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 19, 2019

Via Certified Mail and E-mail

Barbara Bishop, Esq.,
    47 Meadow Road,
        Scarsdale, New York  10583.

> Re:   Demand to ████████████████ to
>        Withdraw From The Class
>        *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Ms. Bishop:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ████████ ████████ It recently came to our attention that your firm represented ████████ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ████████ withdraw from the class by March 7, 2019. We ask that you please confer with ████████ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims. As noted in the enclosed correspondence, in the event ████████ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ████████ to arbitration to enforce the terms of the release. We are willing to consider a reasonable request for additional time to confer with your client if needed.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
of Sullivan & Cromwell LLP

Barbara B. Brown
of Paul Hastings LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
   Lieff Cabraser Heimann & Bernstein, LLP,
      275 Battery Street, 29th Floor,
         San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
   Outten & Golden LLP,
      685 Third Avenue, 25th Floor,
         New York, New York  10017.

Re:   Demand to ██████████████ to Withdraw From The
        Class
        <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ██████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

██████████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0388904 - GS0388915 (the "Agreement"). ██████████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  In the Agreement, ██████████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ██████████████ received valuable consideration, bars ██████████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ██████████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ██████████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we

Confidential

-2-

will assume that ████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                          Robert J. Giuffra, Jr.
of Paul Hastings LLP                    of Sullivan & Cromwell LLP

cc:     GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for █████████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA           :
ORLICH, ALLISON GAMBA and MARY           :
DE LUIS,                                 :
                                         :
                  Plaintiffs,            :       10 Civ. 6950 (AT) (RWL)
                                         :
          v.                             :
                                         :
GOLDMAN, SACHS & CO. and THE             :
GOLDMAN SACHS GROUP, INC.,               :
                                         :
                  Defendants.            :
------------------------------------------------------ x
```

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York
_____, 2019

/s/ Adam T. Klein                                   /s/ Robert J. Giuffra, Jr.

Adam T. Klein                                       Robert J. Giuffra, Jr.
Cara E. Greene                                      Theodore O. Rogers, Jr.
Melissa L. Stewart                                  Sharon L. Nelles
OUTTEN & GOLDEN LLP                                 Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                        Hilary M. Williams
New York, New York  10017                           Joshua S. Levy
Telephone: (212) 245-1000                           SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                           125 Broad Street
                                                    New York, New York  10004
Kelly M. Dermody (admitted pro hac vice)            Telephone: (212) 558-4000
Anne B. Shaver (admitted pro hac vice)              Facsimile: (212) 558-3588
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &                             Amanda Flug Davidoff
        BERNSTEIN, LLP                               SULLIVAN & CROMWELL LLP
275 Battery Street, 29th Floor                       1700 New York Avenue, N.W., Suite 700
San Francisco, California  94111-3399               Washington, DC  20006
Telephone: (415) 956-1000                            Telephone: (202) 956-7500
Facsimile: (415) 956-1008                            Facsimile: (202) 293-6330

Rachel Geman                                        Barbara B. Brown (admitted pro hac vice)
250 Hudson Street, 8th Floor                        Carson H. Sullivan (admitted pro hac vice)
New York, New York  10013-1413                      PAUL HASTINGS LLP
Telephone: (212) 355-9500                           875 15th Street, NW
Facsimile: (212) 355-9592                           Washington, DC  20005
                                                    Telephone: (202) 551-1700

                                                    Patrick W. Shea
                                                    PAUL HASTINGS LLP
                                                    200 Park Avenue
                                                    New York, NY  10166
                                                    Telephone: (212) 318-6405

Attorneys for Plaintiffs                            Attorneys for Defendants

Confidential

Confidential

Confidential



Confidential

Confidential

Confidential

GS0388909

Confidential

GS0388910

Confidential

Confidential

Confidential

Confidential

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Herbert Eisenberg, Esq.,
    Eisenberg & Schnell LLP,
        233 Broadway, Suite 2704,
            New York, New York  10279.

Re:   Demand to ███████████ to Withdraw From The Class
        *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Eisenberg:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████████. It recently came to our attention that your firm represented ███████ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ████████ withdraw from the class by March 7, 2019.  We ask that you please confer with ████████ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims.  As noted in the enclosed correspondence, in the event ████████ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ████████ to arbitration to enforce the terms of the release.  We are willing to consider a reasonable request for additional time to confer with your client if needed.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                          Robert J. Giuffra, Jr.
of Paul Hastings LLP                     of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

Via E-mail

Kelly M. Dermody, Esq.,
  Lieff Cabraser Heimann & Bernstein, LLP,
    275 Battery Street, 29th Floor,
      San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
  Outten & Golden LLP,
    685 Third Avenue, 25th Floor,
      New York, New York  10017.

Re:  Demand to ██████████████ to Withdraw From The Class
  *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0389286 - GS0389289 (the "Agreement"). ████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. In the Agreement, ████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019. We have enclosed ████████ last known contact information for your reference. If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request. In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to

Confidential

-2-

enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                          Robert J. Giuffra, Jr.
of Paul Hastings LLP                                     of Sullivan & Cromwell LLP

cc:     GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for ████████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
                    Plaintiffs,         :        10 Civ. 6950 (AT) (RWL)
                                        :
            v.                          :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                    Defendants.         :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
_____, 2019

*/s/ Adam T. Klein*                                    */s/ Robert J. Giuffra, Jr.*

Adam T. Klein                                          Robert J. Giuffra, Jr.
Cara E. Greene                                         Theodore O. Rogers, Jr.
Melissa L. Stewart                                     Sharon L. Nelles
OUTTEN & GOLDEN LLP                                    Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                           Hilary M. Williams
New York, New York  10017                              Joshua S. Levy
Telephone: (212) 245-1000                              SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                              125 Broad Street
                                                       New York, New York  10004
Kelly M. Dermody (admitted *pro hac vice*)             Telephone: (212) 558-4000
Anne B. Shaver (admitted *pro hac vice*)               Facsimile: (212) 558-3588
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &                               Amanda Flug Davidoff
     BERNSTEIN, LLP                                    SULLIVAN & CROMWELL LLP
275 Battery Street, 29th Floor                         1700 New York Avenue, N.W., Suite 700
San Francisco, California  94111-3339                  Washington, DC  20006
Telephone: (415) 956-1000                              Telephone: (202) 956-7500
Facsimile: (415) 956-1008                              Facsimile: (202) 293-6330

Rachel Geman                                           Barbara B. Brown (*admitted pro hac vice*)
250 Hudson Street, 8th Floor                           Carson H. Sullivan (*admitted pro hac vice*)
New York, New York  10013-1413                         PAUL HASTINGS LLP
Telephone: (212) 355-9500                              875 15th Street, NW
Facsimile: (212) 355-9592                              Washington, DC  20005
                                                       Telephone: (202) 551-1700

                                                       Patrick W. Shea
                                                       PAUL HASTINGS LLP
                                                       200 Park Avenue
                                                       New York, NY  10166
                                                       Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                             *Attorneys for Defendants*

Confidential

Confidential

GS0389287

Confidential

GS0389288

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Linda D. Friedman, Esq.,
    Stowell & Friedman, Ltd.,
        303 W. Madison Street, Suite 2600,
        Chicago, Illinois  60606.

          Re:    Demand to ███████████ to Withdraw From The Class
                 <u>*Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)</u>

Dear Ms. Friedman:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████████. It recently came to our attention that your firm represented ███████████ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement").   We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ███████████ withdraw from the class by March 7, 2019.  We ask that you please confer with ███████████ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims.  As noted in the enclosed correspondence, in the event ███████████ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ███████████ to arbitration to enforce the terms of the release.  We are willing to consider a reasonable request for additional time to confer with your client if needed.

        Very truly yours,

        */s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                 Robert J. Giuffra, Jr.
of Paul Hastings LLP          of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

        Re:    Demand to ███████████ to Withdraw From The Class
                    <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ███████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ███████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0389425 - GS0389429 (the "Agreement"). ███████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  In the Agreement, ███████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law.  This broad release, in exchange for which ███████████ received valuable consideration, bars ███████████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ███████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ███████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ███████████ has refused our request.  In that event, Goldman Sachs

Confidential

-2-

reserves all of its rights, including, without limitation, its right to compel ██████████ to arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                                of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for ███████████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                :
                                        :
              Plaintiffs,               :        10 Civ. 6950 (AT) (RWL)
                                        :
        v.                              :
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
              Defendants.               :
---------------------------------------------------- x

## STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
         _____, 2019

*/s/ Adam T. Klein*                                  */s/ Robert J. Giuffra, Jr.*

Adam T. Klein                                        Robert J. Giuffra, Jr.
Cara E. Greene                                       Theodore O. Rogers, Jr.
Melissa L. Stewart                                   Sharon L. Nelles
OUTTEN & GOLDEN LLP                                  Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                         Hilary M. Williams
New York, New York  10017                            Joshua S. Levy
Telephone: (212) 245-1000                            SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                            125 Broad Street
                                                     New York, New York  10004
Kelly M. Dermody (admitted *pro hac vice*)           Telephone: (212) 558-4000
Anne B. Shaver (admitted *pro hac vice*)             Facsimile: (212) 558-3588
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &                             Amanda Flug Davidoff
        BERNSTEIN, LLP                               SULLIVAN & CROMWELL LLP
275 Battery Street, 29th Floor                       1700 New York Avenue, N.W., Suite 700
San Francisco, California  94111-3339                Washington, DC  20006
Telephone: (415) 956-1000                            Telephone: (202) 956-7500
Facsimile: (415) 956-1008                            Facsimile: (202) 293-6330

Rachel Geman                                         Barbara B. Brown (*admitted pro hac vice*)
250 Hudson Street, 8th Floor                         Carson H. Sullivan (*admitted pro hac vice*)
New York, New York  10013-1413                       PAUL HASTINGS LLP
Telephone: (212) 355-9500                            875 15th Street, NW
Facsimile: (212) 355-9592                            Washington, DC  20005
                                                     Telephone: (202) 551-1700

                                                     Patrick W. Shea
                                                     PAUL HASTINGS LLP
                                                     200 Park Avenue
                                                     New York, NY  10166
                                                     Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                           *Attorneys for Defendants*

Confidential

Confidential

Confidential

Confidential

Confidential

GS0389429

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Douglas H. Wigdor, Esq.,
    Wigdor LLP,
        85 Fifth Avenue,
           New York, New York  10003.

        Re:     Demand to ███████████ to Withdraw From The Class
              <u>*Chen-Oster* v. *Goldman, Sachs & Co.*</u>, 10-cv-6950 (AT) (RWL)

Dear Mr. Wigdor:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████ ████. It recently came to our attention that your firm represented ███████ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ███████ withdraw from the class by March 7, 2019. We ask that you please confer with ███████ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims. As noted in the enclosed correspondence, in the event ███████ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ███████ to arbitration to enforce the terms of the release. We are willing to consider a reasonable request for additional time to confer with your client if needed.

               Very truly yours,

               */s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                 Robert J. Giuffra, Jr.
of Paul Hastings LLP           of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588

WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

> Re:   Demand to ███████████ to Withdraw From The Class
> *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ███████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

███████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0389914 - GS0389917 (the "Agreement"). ███████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  In the Agreement, ███████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ███████ received valuable consideration, bars ███████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ███████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ███████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ███████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ███████ to arbitration to

Confidential

-2-

enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                        Robert J. Giuffra, Jr.
of Paul Hastings LLP                                  of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for ███████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA  :
ORLICH, ALLISON GAMBA and MARY  :
DE LUIS,  :
 :
     Plaintiffs,   :    10 Civ. 6950 (AT) (RWL)
   v.     :
 :
GOLDMAN, SACHS & CO. and THE  :
GOLDMAN SACHS GROUP, INC.,  :
 :
     Defendants.   :
------------------------------------------------------- x

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS  _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
_____, 2019

_/s/ Adam T. Klein_

Adam T. Klein
Cara E. Greene
Melissa L. Stewart
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060

Kelly M. Dermody (admitted _pro hac vice_)
Anne B. Shaver (admitted _pro hac vice_)
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &
        BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3399
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Rachel Geman
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

_/s/ Robert J. Giuffra, Jr._

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Amanda Flug Davidoff
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC  20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

Barbara B. Brown (_admitted pro hac vice_)
Carson H. Sullivan (_admitted pro hac vice_)
PAUL HASTINGS LLP
875 15th Street, NW
Washington, DC  20005
Telephone: (202) 551-1700

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, NY  10166
Telephone: (212) 318-6405

_Attorneys for Plaintiffs_                                      _Attorneys for Defendants_

Confidential

GS0389914

Confidential



Confidential



Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Gary Owen Todd, Esq.,
　　Todd & Weld LLP,
　　　　One Federal Street,
　　　　　　Boston, Massachusetts  02110.

Re:　　Demand to ███████ to Withdraw From The Class
　　　　*Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Todd:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ███████. It recently came to our attention that your firm represented ███████ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ███████ withdraw from the class by March 7, 2019. We ask that you please confer with ███████ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims. As noted in the enclosed correspondence, in the event ███████ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ███████ to arbitration to enforce the terms of the release. We are willing to consider a reasonable request for additional time to confer with your client if needed.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown　　　　　　　　　　　Robert J. Giuffra, Jr.
of Paul Hastings LLP　　　　　　　　　　of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

        Re:    Demand to ███████████ to Withdraw From The Class
                *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

        ████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0389936 - GS0389939 (the "Agreement"). ████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form.  In the Agreement, ████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which ████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

        Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel ████████ to arbitration to

Confidential

-2-

enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                          Robert J. Giuffra, Jr.
of Paul Hastings LLP                                    of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for ███████ :

███████████████████
████████

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA        :
ORLICH, ALLISON GAMBA and MARY        :
DE LUIS,                              :
                                      :
                 Plaintiffs,          :          10 Civ. 6950 (AT) (RWL)
                                      :
          v.                          :
                                      :
GOLDMAN, SACHS & CO. and THE          :
GOLDMAN SACHS GROUP, INC.,            :
                                      :
                 Defendants.          :
------------------------------------------------------ x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

-1-

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.

Dated: New York, New York
_____, 2019

_/s/ Adam T. Klein_                         _/s/ Robert J. Giuffra, Jr._

Adam T. Klein                               Robert J. Giuffra, Jr.
Cara E. Greene                              Theodore O. Rogers, Jr.
Melissa L. Stewart                          Sharon L. Nelles
OUTTEN & GOLDEN LLP                         Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                Hilary M. Williams
New York, New York  10017                   Joshua S. Levy
Telephone: (212) 245-1000                   SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                   125 Broad Street
                                            New York, New York  10004
Kelly M. Dermody (admitted _pro hac vice_)  Telephone: (212) 558-4000
Anne B. Shaver (admitted _pro hac vice_)    Facsimile: (212) 558-3588
Tiseme G. Zegeye
LIEFF CABRASER HEIMANN &                    Amanda Flug Davidoff
     BERNSTEIN, LLP                          SULLIVAN & CROMWELL LLP
275 Battery Street, 29th Floor              1700 New York Avenue, N.W., Suite 700
San Francisco, California  94111-3339       Washington, DC  20006
Telephone: (415) 956-1000                   Telephone: (202) 956-7500
Facsimile: (415) 956-1008                   Facsimile: (202) 293-6330

Rachel Geman                                Barbara B. Brown (_admitted pro hac vice_)
250 Hudson Street, 8th Floor                Carson H. Sullivan (_admitted pro hac vice_)
New York, New York  10013-1413              PAUL HASTINGS LLP
Telephone: (212) 355-9500                   875 15th Street, NW
Facsimile: (212) 355-9592                   Washington, DC  20005
                                            Telephone: (202) 551-1700

                                            Patrick W. Shea
                                            PAUL HASTINGS LLP
                                            200 Park Avenue
                                            New York, NY  10166
                                            Telephone: (212) 318-6405

_Attorneys for Plaintiffs_                   _Attorneys for Defendants_

Confidential

Confidential

Confidential

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 19, 2019

<u>Via Certified Mail and E-mail</u>

Douglas H. Wigdor, Esq.,
    Wigdor LLP,
        85 Fifth Avenue,
            New York, New York  10003.

Re:   Demand to ██████████████ to Withdraw From The Class
        *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Mr. Wigdor:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning your client ██████████████. It recently came to our attention that your firm represented ██████████ in connection with an agreement in which she agreed to release all claims against Goldman Sachs, including the claims asserted in the above-referenced action (the "Agreement"). We have accordingly enclosed copies of the Agreement and correspondence sent to class counsel on February 5, 2019 demanding that, pursuant to the Agreement, ██████████ withdraw from the class by March 7, 2019.  We ask that you please confer with ██████████ at your earliest convenience and advise whether she will abide by the terms of the Agreement and file with the Court the enclosed voluntary dismissal of her claims. As noted in the enclosed correspondence, in the event ██████████ refuses Goldman Sachs's demand, Goldman Sachs reserves all of its rights, including without limitation its right to compel ██████████ to arbitration to enforce the terms of the release.  We are willing to consider a reasonable request for additional time to confer with your client if needed.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                of Sullivan & Cromwell LLP

(Enclosures)

Confidential

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 5, 2019

Via E-mail

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

> Re:   Demand to █████████████ to Withdraw From The Class
>        *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs"), we write concerning ████████████, who did not opt out of the class certified under Federal Rule of Civil Procedure 23(b)(3) in the above-referenced action by the deadline of January 14, 2019.

███████████ is a party to an agreement with Goldman Sachs, which we previously produced to you and which bears production numbers GS0390719 - GS0390722 (the "Agreement"). ████████████ may not have understood the opt-out process, or she may have misplaced or not received the opt-out form. In the Agreement, ████████████ knowingly and voluntarily waived and released all claims, whether known or unknown, against Goldman Sachs in the broadest terms, and the scope of the release expressly includes discrimination claims under United States federal, state or local law. This broad release, in exchange for which █████████ received valuable consideration, bars ████████ from asserting any claims in the above-referenced action.

Consistent with your obligation under Rule 1.4 of the New York Rules of Professional Conduct, please consult with ████████████ and confirm that she understands and will comply with her obligations under the Agreement by filing with the Court a Stipulation and Order for Voluntary Dismissal With Prejudice in the form enclosed by March 7, 2019.  We have enclosed ████████████ last known contact information for your reference.  If the Voluntary Dismissal is not filed by that date, we will assume that ████████████ has refused our request.  In that event, Goldman Sachs reserves all of its rights, including, without limitation, its right to compel █████████ to

Confidential

-2-

arbitration to enforce the release in the Agreement and its rights under any other applicable agreement or policy.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                       Robert J. Giuffra, Jr.
of Paul Hastings LLP                                of Sullivan & Cromwell LLP

cc:     GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

Confidential

Last known contact information for ███████████ :

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------- x
H. CRISTINA CHEN-OSTER, SHANNA          :
ORLICH, ALLISON GAMBA and MARY          :
DE LUIS,                                 :
                                         :
                    Plaintiffs,          :        10 Civ. 6950 (AT) (RWL)
                                         :
          v.                             :
                                         :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                         :
                    Defendants.          :
-------------------------------------------------- x
```

## **STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

WHEREAS _____ ("Plaintiff") and Defendants

Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants") entered into an

agreement dated _____ (the "Agreement"), in which Plaintiff

knowingly and voluntarily agreed, in exchange for valuable consideration, to release all claims

against Defendants;

WHEREAS Plaintiff did not exercise her right to opt out of the above-captioned

class action by the deadline of January 14, 2019;

WHEREAS Defendants served a demand on Plaintiff's counsel on February 5,

2019 requesting that Plaintiff abide by her contractual obligations to Defendants and voluntarily

dismiss her claims with prejudice from this action;

WHEREAS, after consideration of Defendants' demand, Plaintiff has decided to

abide by her release of all claims against Defendants;

It is hereby stipulated and agreed, by and between Plaintiff and Defendants, by

their undersigned counsel, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil

Procedure, that Plaintiff hereby dismisses all claims in the above-captioned action with prejudice.


Dated: New York, New York
_____, 2019

*/s/ Adam T. Klein*                                    */s/ Robert J. Giuffra, Jr.*

Adam T. Klein                                          Robert J. Giuffra, Jr.
Cara E. Greene                                         Theodore O. Rogers, Jr.
Melissa L. Stewart                                     Sharon L. Nelles
OUTTEN & GOLDEN LLP                                    Ann-Elizabeth Ostrager
685 Third Avenue, 25th Floor                           Hilary M. Williams
New York, New York  10017                              Joshua S. Levy
Telephone: (212) 245-1000                              SULLIVAN & CROMWELL LLP
Facsimile: (646) 509-2060                              125 Broad Street
                                                       New York, New York  10004
                                                       Telephone: (212) 558-4000
Kelly M. Dermody (admitted *pro hac vice*)             Facsimile: (212) 558-3588
Anne B. Shaver (admitted *pro hac vice*)
Tiseme G. Zegeye                                       Amanda Flug Davidoff
LIEFF CABRASER HEIMANN &                               SULLIVAN & CROMWELL LLP
        BERNSTEIN, LLP                                 1700 New York Avenue, N.W., Suite 700
275 Battery Street, 29th Floor                         Washington, DC  20006
San Francisco, California  94111-3399                  Telephone: (202) 956-7500
Telephone: (415) 956-1000                              Facsimile: (202) 293-6330
Facsimile: (415) 956-1008

Rachel Geman                                           Barbara B. Brown (*admitted pro hac vice*)
250 Hudson Street, 8th Floor                           Carson H. Sullivan (*admitted pro hac vice*)
New York, New York  10013-1413                         PAUL HASTINGS LLP
Telephone: (212) 355-9500                              875 15th Street, NW
Facsimile: (212) 355-9592                              Washington, DC  20005
                                                       Telephone: (202) 551-1700

                                                       Patrick W. Shea
                                                       PAUL HASTINGS LLP
                                                       200 Park Avenue
                                                       New York, NY  10166
                                                       Telephone: (212) 318-6405


*Attorneys for Plaintiffs*                             *Attorneys for Defendants*

Confidential

Confidential

Confidential

Confidential

GS0390722

# Exhibit 1296

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 14, 2019

Via E-mail

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

        Re:    Notices of Voluntary Dismissal To Be Filed With Court
                    *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

        On behalf of Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. ("Goldman Sachs" or the "Firm"), we write concerning Stipulations of Voluntary Dismissal ("Stipulations") sent to your attention by individual counsel for ▌▌▌▌▌▌ and ▌▌▌▌▌▌▌▌ on February 21 and 26, 2019 respectively.  We enclose a third Stipulation sent to Defendants by individual counsel for ▌▌▌▌▌▌ on March 3, 2019.

        These Stipulations should be promptly filed with the Court.  Each of these class members entered into Separation Agreements with the Firm (the "Agreements") and provided full releases of claims to Goldman Sachs in exchange for valuable consideration.  Goldman Sachs made requests to both class counsel and their individual counsel to confer with these class members and advise whether they would abide by the terms of the release and voluntarily dismiss their claims in this action with prejudice. Each of these class members considered Goldman Sachs's request, was advised by her individual counsel, and agreed to dismiss her claims, as required by the Agreements. Class counsel have no right to delay or otherwise interfere with the decision of class members in these circumstances.

Confidential

Kelly M. Dermody, Esq.
Adam T. Klein, Esq.                                                                              -2-

        If the Stipulations are not filed and these class members continue to participate in the litigation, Goldman Sachs of course reserves all of its rights against them and all similarly situated class members who agreed to release all claims against the Firm and/or to arbitrate any disputes, including the four who were advised by Outten & Golden in connection with their separation from the Firm.[1]   In this regard, the Agreements provide that "*if any court* or arbitrator *finds that the waiver and release of claims (or any part thereof)* [. . .] *is unlawful or unenforceable, or was not entered into knowingly and voluntarily, you agree, at [Goldman Sachs's] option*, either *to return the consideration provided for herein* or to execute a waiver and release in a form satisfactory to Goldman Sachs] that is lawful and enforceable."  Thus, in keeping with your obligations under Rule 1.4 of the New York Rules of Professional Conduct, if the Stipulations are not filed, we trust that all class members will be fully apprised of the risks of further litigation and Goldman Sachs's rights under the Agreements or other applicable policies or agreements.

        In the event that you file the Stipulations as required by the Agreements, please note that individual counsel for ████████████ has advised Defendants that her client is prepared to file a Stipulation, but requests that her name be redacted from the public docket because of privacy concerns.  Defendants are amenable to this request.  Please advise as to Plaintiffs' position.

        Finally, you advised on March 12, 2019 that you will not disclose the identity of the class member described in your February 19, 2019 letter who is seeking to opt out of the class after the January 14, 2019 deadline.  You cannot obstruct this class member's decision to request to exclude herself from the class any more than you can refuse to file the Stipulations.  Defendants already know the names of every person in the class, and you have offered no explanation as to why you cannot disclose the identity of a single class member who wants to opt out.  We urge you to reconsider your position so that we can avoid burdening the Court with this dispute.

                               Very truly yours,

                               */s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                         Robert J. Giuffra, Jr.
of Paul Hastings LLP                                   of Sullivan & Cromwell LLP

cc:    GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

---

[1]    The class members represented by Outten & Golden and the dates of their Agreements are: ████████████████████████████
████████████████████████████████████████
████████

# Exhibit 1297

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 29, 2019

<u>Via E-mail</u>

Kelly M. Dermody, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

Adam T. Klein, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, New York  10017.

Re:   *Chen-Oster* v. *Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Dear Kelly and Adam:

On behalf of Defendants, we write concerning class counsel's apparent failure to reach out to class members to discuss the arbitration demands that Goldman Sachs served on February 5, 2019.

Over 1,000 class members agreed to arbitrate their claims with Goldman Sachs.  This includes, for example, hundreds of class members who agreed to arbitration when they released all claims against the Firm in exchange for valuable severance benefits; and dozens of Managing Directors who are indistinguishable from former named Plaintiff Lisa Parisi, who was compelled to arbitration following appeal to the Second Circuit.  It is wasteful and inefficient—both for the Court and the parties—to litigate a motion to compel arbitration against class members who would voluntarily dismiss their claims in this case, and potentially pursue those claims in arbitration, if they were simply made aware of Goldman Sachs's arbitration demands and their obligation to withdraw from the class as a result of their agreements with the Firm.

Class counsel should have conferred with all class members subject to Goldman Sachs's arbitration demands to confirm that they understood these obligations and the risks of failing to abide by them.  The deadline to respond to the arbitration demands was March 7, 2019.  To date, we have not received notice that a single voluntary dismissal has been filed with the Court, nor have we received a response to our letter of March 14, 2019 inquiring about the status of Stipulations of Voluntary Dismissal sent to you by class members who were advised by independent counsel and who wish to abide by their obligations by dismissing their claims in this case.  Goldman Sachs will have no choice but to include these class members—and the hundreds of others who

-2-

would voluntarily withdraw from the class if properly informed of their obligations—in its forthcoming motion to compel arbitration.

Finally, we are in receipt of your March 21, 2019 letter seeking further information concerning electronic execution of certain agreements. We are conferring with our client and will respond to your request soon.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                        Robert J. Giuffra, Jr.
of Paul Hastings LLP                                  of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)

# Exhibit 1298

# Lieff Cabraser Heimann & Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

April 2, 2019

**VIA ELECTRONIC MAIL**

Barbara B. Brown
Carson H. Sullivan
Anna Yoon
**Paul Hastings LLP**
875 15th Street, NW
Washington, DC 20005

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Ann-Elizabeth Ostrager
Joshua S. Levy
William J. Diggs
**Sullivan & Cromwell LLP**
125 Broad Street
New York, NY 10004

RE:     Stipulations of Voluntary Dismissal
         *Chen-Oster v. Goldman, Sachs & Co.*, 10-cv-6950 (AT) (RWL)

Counsel:

        We write in response to your March 14, 2019 letter concerning Stipulations of Voluntary Dismissal ("Stipulations"). We do not agree that class members who entered into separation agreements with Goldman Sachs are obligated to dismiss their claims in this action. For the reasons set out below, Counsel for Plaintiffs cannot file Stipulations to that effect.

        *First*, absent class members cannot dismiss their claims in this action because they are not parties to this action. Courts in the Southern District of New York have repeatedly held that absent class members are generally not considered to be parties to class actions.[1] *See, e.g.*, *Donson Stores, Inc. v. Am. Bakeries Co.*, 58 F.R.D. 485, 489–90 (S.D.N.Y. 1973); *In re Oxford Health Plans, Inc. Sec. Litig.*, 244 F. Supp. 2d 247, 251 (S.D.N.Y. 2003) ("Absent class members whose interests are represented by a Plaintiff are not parties to the lawsuit."). At this stage, this action involves "only the representative members of the class, with all other members of the class being permitted passively to await the outcome of the principal suit." *Donson Stores*,

---

[1] Absent class members have only been found to be parties in limited circumstances, such as where necessary to toll applicable statutes of limitations. That is not the case here. In fact, the Court specifically noted it "does not contemplate individualized discovery *or proceedings* for un-named class members during the pendency of Phase 1."  ECF No. 694 (Mar. 6, 2019 Order on Motion Scheduling) ¶ 9 (emphasis supplied).

Robert J. Giuffra, Jr
Barbara B. Brown
April 2, 2019
Page 2

58 F.R.D. at 489. Absent class members are therefore not "Plaintiffs" in this action, and they have no claims to dismiss at this point.[2]

      *Second*, it would be premature to file Stipulations as to class members who, in Defendants' view, agreed to release and/or arbitrate any disputes with Goldman Sachs. Whether Goldman Sachs can compel such class members to dismiss or arbitrate their claims will be litigated and resolved through Defendants' motion to compel arbitration and Plaintiffs' cross-motions. Pursuant to the Court's Order on Motion Scheduling (ECF No. 694), this process will extend until at least August 2019. Goldman's proposed Stipulations appear to be an attempt to circumvent the Court-mandated briefing schedule, which is improper.[3]

      *Third*, these Stipulations are the result of improper communications between Goldman and class members represented by Class Counsel. *See* N.Y. R. Prof'l Conduct 4.2(a); Manual For Complex Litigation § 21.311 ("Once a class has been certified, the rules governing communications apply as though each class member is a client of the class counsel.").

      *Fourth*, as a result of these improper communications, we cannot sign or file what we consider to be inaccurate, one-sided Stipulations that we had no input in negotiating. For example, we do not agree that absent class members knowingly released all claims here or that they must voluntarily dismiss their claims in order to "abide by their contractual obligations to Defendants." Stipulation of Voluntary Dismissal with Prejudice, 1.

      Finally, in regard to the individuals who intend to opt in and opt out after the Court-ordered exclusion deadline, our position remains unchanged.  We are open to conferring about this further at a later time, including ways to address the legitimate privacy concerns raised by several class members, and we reserve our right to raise this issue with the Court at an appropriate time in the future.

Very truly yours,

Valerie D. Comencencia Ortiz

cc:  Plaintiffs' counsel

1710632.1

---

[2] To the extent that Defendants wish to exclude individual class members with separation agreements from the suit, this affirmative defense concerns damages, and will be litigated only after Defendants' liability is established. *See Donson Stores*, 58 F.R.D. at 490 ("It is the intention of the Court to try the issue of defendants' liability to the named plaintiffs first. If liability is established, other issues, including damages and counterclaims, can be handled on a class member-by-class member basis."); *Perry v. Beneficial Fin. Co. of New York*, 88 F.R.D. 221, 223 (W.D.N.Y. 1980) (finding that "the claims on behalf of deceased class members should not be dismissed for failure to move at this time to substitute parties," partly because they would have the opportunity to substitute parties later on if Defendants were ultimately found liable).

[3] These Stipulations also appear to be an impermissible attempt by Goldman to avoid the consequences of the opt out deadline as to who is and who is not a member of the class.

# Exhibit 1299

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 10, 2019

Via E-mail

Valerie D. Comenencia Ortiz, Esq.,
    Lieff Cabraser Heimann & Bernstein, LLP,
        275 Battery Street, 29th Floor,
            San Francisco, California  94111-3339.

> Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*
>          No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Valerie:

On behalf of Defendants, we respond to your April 2, 2019 letter ("Letter") concerning Stipulations of Voluntary Dismissal ("Stipulations") sent to your attention on behalf of ███████████, ███████████ and ███████████ (the "Class Members").

The impacted Class Members, all of whom are represented by counsel, previously signed a knowing and voluntary release of claims in exchange for valuable consideration in an agreement with Defendants.  After conferring with their counsel, the Class Members decided to abide by the terms of their agreements and withdraw from the class.  The Letter fails to provide any reason for class counsel to delay or interfere with these decisions.

*First*, you are wrong in claiming that "absent class members cannot dismiss their claims in this action because they are not parties to this action." (Letter at 1).  The Second Circuit has squarely held that "when a person fits the description of a potential member of a class on whose behalf an action has been commenced and the court subsequently certifies the class, the person becomes a plaintiff in the eyes of the law" and is "entitled to invoke Rule 41(a)(1)."  *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 136 (2d Cir. 1998).  By contrast, you cite decisions having nothing at all to say about a class member's ability to dismiss her claims. In *Donson Stores, Inc.* v. *American Bakeries Company*, the court held that "a counterclaim may only be directed at a named plaintiff," not an absent class member, in a putative class action.  58 F.R.D. 485, 488 (S.D.N.Y. 1973) (Bauman, J.).   And in *In re Oxford Health Plans, Inc. Securities Litigation*, the court distinguished between named plaintiffs and absent class members for purposes of the definition of "plaintiff" and calculation of damages under the Private Securities Litigation Reform Act. 244 F. Supp. 2d 247, 251 (S.D.N.Y. 2003) (Brieant, J.)

Confidential

Valerie D. Comenencia Ortiz, Esq.                                                                    -2-

(internal citations omitted).  These irrelevant decisions in no way prevent an absent class member from removing herself from the class after the deadline to opt out.  Your extreme position that the Class Members "cannot dismiss their claims" effectively traps absent class members in the class against their wishes and notwithstanding their contractual agreement to withdraw from the class.  That is not the law, and your position cannot be reconciled with Plaintiffs' own proposal to permit a class member to opt out on the condition that Defendants permit another class member to rescind her decision to opt out.

*Second*, there is no basis for your assertion that arbitration demand letters served on individual counsel for the Class Members were somehow improper.  (Letter at 2.)  Demand letters were served on *both* Plaintiffs' counsel *and* counsel who represented the Class Members in connection with their agreements.  Federal Rule of Civil Procedure 23 provides that absent class members "may enter an appearance through an attorney if the member so desires," Fed. R. Civ. P. 23(c)(2)(B)(iv), and the class notice made clear to the Class Members that "[i]f you want your own lawyer, you may hire one." (Notice at § 7.)  These individuals, through their counsel, provided executed Stipulations to Defendants or directly to class counsel.  Your apparent lack of "input" in negotiating the Stipulations (Letter at 2) is due to your own refusal to engage with your clients.

*Third*, beyond dismissal, there are other avenues available to withdraw from a class action.  *See*, *e.g.*, *In re Painewebber*, 147 F.3d at 135 ("Rule 6(b)(2) permits a court to extend a class member's time for opting out beyond the deadline"); *In re Del-Val Fin. Corp. Sec. Litig.*, 154 F.R.D. 95, 96–97 (2d Cir. 1994) (granting absent class member's request to opt out after deadline because, among other reasons, "she was already involved in arbitration . . . and thus did not fully appreciate that she was bound by the Class Notice"); *In re Glob. Crossing Ltd. Sec. Litig.*, 2008 WL 229498, at *5 (S.D.N.Y. Jan. 24, 2008) (Lynch, J.) ("[t]he Court has broad discretion to extend the opt-out period to protect class members who failed to receive the notice contemplated by the Court."); *In re Nasdaq Mkt.-Makers Antitrust Litig.*, 182 F.R.D. 69, 71 (S.D.N.Y. 1998) (Sweet, J.) (granting extension of opt-out deadline because absent class member's "timely motions are evidence of [a] good faith effort to decide whether to opt out of the class").  With Defendants' consent, Class Members could remove themselves from the class by seeking an extension of the opt-out deadline, and class counsel should consider this option in order to meet the Class Members' clearly expressed wishes to leave the class.

*Fourth*, by failing to file the Stipulations and forcing the Class Members to litigate against Defendants, they will be exposed to risks that they chose to avoid.  As we have previously explained, each Class Member's agreement provides that "*if any court* or arbitrator *finds that the waiver and release of claims (or any part thereof)* [. . .] *is unlawful or unenforceable, or was not entered into knowingly and voluntarily, you agree, at [Goldman Sachs's] option*, either *to return the consideration provided for herein* or to execute a waiver and release in a form satisfactory to [Goldman Sachs] that is lawful and enforceable." (Defs.' March 14, 2019 Letter at 2.)  Goldman Sachs reserves all of its rights, including these contractual rights, against the Class Members, each of whom is being unnecessarily subjected to litigation risks they specifically declined to take.

Valerie D. Comenencia Ortiz, Esq.                                                    -3-

Moreover, given that each Class Member already agreed to dismiss her claims against Goldman Sachs, it is anything but "premature" (Letter at 2) to file the Stipulations.

*Fifth*, by refusing to disclose the identity of the class member who is seeking to opt out of the class after the January 14, 2019 deadline, you are equally blocking her choice to leave the class.  If this class member is also the subject of an arbitration demand, she too will be unnecessarily subjected to the risk of further litigation with Goldman Sachs against her wishes.  You have offered no explanation as to why you cannot disclose this class member's identity, which would necessarily be disclosed to Goldman Sachs in order for her to be removed from the class.  We reiterate our request that you reconsider your position so that we can avoid burdening the Court with this dispute.

*Finally*, you have not notified us as to whether Plaintiffs are amenable to ████████████████ request, as communicated through her individual counsel, that she be permitted to file a Stipulation with her name redacted from the public docket because of privacy concerns.   Please advise as to Plaintiffs' position promptly on ████████████████ request.

Very truly yours,

*/s/ Robert J. Giuffra, Jr.*

Barbara B. Brown                                    Robert J. Giuffra, Jr.
of Paul Hastings LLP                                of Sullivan & Cromwell LLP

cc:      GoldmanSachs-Attysonly@outtengolden.com (via e-mail)