**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t 415.956.1000
f 415.956.1008

May 22, 2019

Kelly M. Dermody
Partner
kdermody@lchb.com

The Honorable Robert W. Lehrburger
U.S. District Court for the Southern District of New York

RE:   *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Lehrburger:

We respectfully seek leave to file this short reply to Defendants Goldman, Sachs & Co. and The Goldman Group, Inc. (collectively, "Goldman")'s May 14, 2019 letter, to clarify the record.  ECF No. 738.

Contrary to Goldman's suggestion, Goldman has never before communicated to Plaintiffs *any* concerns about the appropriateness of the *potential* comparators Plaintiffs have identified for discovery.  Instead, during the meet and confer process, which Goldman unilaterally cut short, Goldman consistently offered a blanket refusal to produce *any* comparator evidence.  *See* ECF No. 730-3, 730-4 (attaching the parties' meet and confer correspondence on the issue).  Because Goldman has failed to engage in a collaborative process with Plaintiffs, it is unsurprising that it *misidentified* the corresponding named plaintiff or trial witness for 11 of the 22 *potential* comparators it "cherry-picked" and listed in Appendix A to its May 14 letter ("Appendix A").[1]

The discovery sought is not burdensome and is routine in employment discrimination cases.  Goldman itself concedes that Plaintiffs are entitled to discovery over "how the challenged processes work in practice," which comparator evidence will help elucidate.  ECF No. 738 at 2.[2]  Further, the comparisons Goldman made between employees in Appendix A illustrate exactly how it is preparing its defense and demonstrate the inequity of allowing Goldman to continue withholding this same information from Plaintiffs.  Plaintiffs respectfully request that the Court order Goldman to produce the comparator discovery sought.

Respectfully submitted,

Kelly M. Dermody                                              Adam Klein

cc: all counsel (via ECF)

---

[1] Plaintiffs do not attempt here to engage in a person-by-person analysis of *potential* comparators, but Plaintiffs note that Goldman's representations are misleading and incomplete.  For example, while it is true that Christopher Viscardi, a potential comparator to named plaintiff Allison Gamba, *earned* an MBA, Ms. Gamba and Mr. Viscardi both worked at Goldman *before* Mr. Viscardi earned an MBA, when both had the same highest level of education.

[2] Goldman's proposed distinction between evidence that would show how processes "work in practice" (which it concedes is discoverable) and evidence for how those processes were "*applied*" (which is argues is not discoverable) is arbitrary.  Its argument that Plaintiffs are attempting to prove that discrimination occurred against specific class members is wrong and cannot be squared with the Second Circuit's instruction that in a pattern and practice case evidence of discrimination is introduced to provide "texture" and "not . . . to establish the particular employees were in fact victims of discrimination."  *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 168 (2d Cir. 2001)

The Honorable Robert W. Lehrburger
May 22, 2019
Page 2

1728297.2