SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2019

*/ Street*
*ork 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

*Order on page 3*

June 27, 2019

Via ECF

The Honorable Robert W. Lehrburger,
    United States District Court for the
        Southern District of New York,
            500 Pearl Street,
                New York, New York 10007-1312.

      Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*
            No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, and in accordance with Rule III.G.2 of Your Honor's Individual Practices in Civil Cases, I request that the Court permit redaction of (1) the names of class members referenced in the parties' June 17, 2019 Joint Status Report and accompanying exhibits ("Joint Status Report"; ECF No. 766); (2) excerpts of agreements between Goldman Sachs and certain class members related to termination of their employment referenced in the Joint Status Report and accompanying exhibits ("Separation Agreements"); and (3) information regarding compensation-setting at Goldman Sachs referenced in the Joint Status Report and accompanying exhibits ("Compensation-Setting Information").  The parties met and conferred on June 22 and 24, 2019.  Plaintiffs do not oppose requests (1) and (2), but reserve the right to seek to unseal the Separation Agreements in the future in accordance with the Court's February 26, 2019 Order.  ("Order"; ECF No. 681.)  Plaintiffs oppose request (3).

      On February 26, 2019, Your Honor ordered that "[t]he parties shall redact personally identifying information, names and contact information, contained in arbitration demand letters sent to class members," and that all Separation Agreements "between Goldman Sachs and class members shall be maintained under seal."  (Order ¶¶ 1–2.)  Requests (1) and (2) are thus consistent with the Order, and the requested redactions are permissible for the reasons identified therein.

      As to request (3), Defendants ask that the Court maintain the Compensation-Setting Information under seal.  *First*, as a threshold matter, there is no presumed right of access to the information filed in a discovery dispute.  The Second Circuit has repeatedly held that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."

The Honorable Robert W. Lehrburger -2-

*Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process," *id.*, such as "pleadings in civil litigation []*other than discovery motions and accompanying exhibits*," *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see also Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"). Here, there is no presumed right of access to quotes from discovery material submitted to resolve a dispute over Plaintiffs' response to Defendants' interrogatory. (*See* Order ¶ 4.)

*Second*, to the extent the presumption of access applies at all, it would be weak because the Compensation-Setting Information may never be part of any Phase One trial. *See Lugosch*, 435 F.3d at 121 (discussing "the continuum along which the strength of the presumption will be measured"). On June 25, 2019, Your Honor held that any Phase One trial will be "devoted to generalized proof" of three employment processes: "360 Reviews, Quartiling, and Cross-Ruffing." (June 25, 2019 Order, ECF No. 767 at 1.) Thus, the Compensation-Setting Information falls "[a]t the low end of the continuum, '[w]here testimony or documents play only a negligible role in the performance of Article III duties'" and therefore "'the weight of the presumption is low.'" *Lugosch*, 435 F.3d at 121 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

*Third*, even if the presumption of access applied to the Compensation-Setting Information, "[t]he interest in protecting 'business information that might harm a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Here, the Compensation-Setting Information reflects commercially sensitive business information and should remain sealed. For example, the Joint Status Report and accompanying exhibits quote from divisional compensation guidelines and frameworks describing the Firm's variable compensation framework, and the Joint Status Report and exhibits also quote from manager compensation communications guides issued over the past 14 years, describing the many factors bearing on compensation recommendations. Given the limited (if any) presumption of access applicable here, competitors should not be provided with this insight into Goldman Sachs's management and compensation of its employees. *See, e.g.*, *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, C.J.) (permitting redaction of "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'") (quoting

The Honorable Robert W. Lehrburger                                          -3-

*Encyclopedia Brown Prods., Ltd.* v. *Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (Leisure, J.)); *Gelb* v. *Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (McKenna, J.) (granting motion to seal based on "defendants' assertion that its competitors who do not now have this information could use it to do competitive injury to the defendants" even though exhibits sought to be sealed "are not 'trade secrets' in the traditional sense").

        For the foregoing reasons, Defendants respectfully request that this Court (i) permit redaction of the names of class members referenced in the Joint Status Report and accompanying exhibits; (ii) permit redaction of Separation Agreements quoted in the Joint Status Report and accompanying exhibits; and (iii) permit the Compensation-Setting Information contained in the Joint Status Report and accompanying exhibits to remain under seal.

        Sincerely,

        */s/ Ann-Elizabeth Ostrager*

        Ann-Elizabeth Ostrager
        of Sullivan & Cromwell LLP

cc:   All parties of record (by ECF)

- (i) and (ii), on consent, are granted.

- as to (iii), Defendants may continue to preserve the information under seal except to the extent such material was filed on the public record previously in connection with class certification or any other juncture.

SO ORDERED:

_____ 7/2/19
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE