

Advocates for Workplace Fairness

July 12, 2019

**<u>Via CM/ECF</u>**
The Honorable Robert W. Lehrburger
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10017

      Re:    *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Lehrburger:

      Plaintiffs write to request a pre-motion conference regarding Goldman's improper redaction, on relevance grounds, of documents it has determined to be responsive, and produced, in this litigation.  The parties have conferred and are unable to resolve this dispute.

## I.     Goldman's Redactions are Improper.

      "The weight of authority in this Circuit goes against allowing a party to redact information from admittedly responsive and relevant documents 'based on that party's unilateral determinations of relevancy.'" *Christine Asia Co., Ltd. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. Oct. 12, 2018) (collecting cases).[1]  Goldman's tactic is contrary to "the Federal Rules of Civil Procedure[,]" which "do not grant parties the power to unilaterally redact information on the basis of relevance." *Bartholomew*, 278 F.R.D. at 452; *see also Orion Power*, 2008 WL 4462301, at *1 (Rule 34 requires documents to be produced in a form or forms in which they are ordinarily maintained, which includes the "substantive contents of those documents.").  Courts disapprove of such redactions because they "breed suspicions and deprive the reader of context." *Christine Asia Co.*, 327 F.R.D. at 54; *see also United States v. Davis*, No. 85 Civ. 6090, 1988 WL 96843, at *3 (S.D.N.Y. Sept. 13, 1988) (unilateral redactions from "*otherwise relevant* documents and files" are improper and otherwise deprive the requesting party of information to which it is entitled) (emphasis in original).  Even where information may not ultimately be relevant on its own, it should not be redacted because purportedly "irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information," *Toussie v. Allstate Ins. Co.*, No. 14 Civ. 2705, 2017 WL 4773374, at *4 (E.D.N.Y. Oct. 20, 2017), and redactions could render the relevant portions of such documents "utterly incoherent." *Davis*, 1988 WL 96843, at *3 (emphasis in original).

---

[1] *See also McNabb v. City of Overland Park*, No. 12 Civ. 2331, 2014 WL 1152958, at *5 (D. Kan. Mar. 21, 2014); *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 452 (D. Minn. 2011); *Orion Power Midwest, L.P. v. Am. Coal Sales Co.* ("*Orion Power*"), No. 05 Civ. 555, 2008 WL 4462301, at *1 (W.D. Pa. Sept. 30, 2008).

**New York**   685 Third Avenue  25th Floor   New York, NY 10017   Tel (212) 245-1000   Fax (646) 509-2060
**Chicago**   161 N Clark Street  Suite 1600   Chicago, IL 60601   Tel (312) 809-7010   Fax (312) 809-7011
**San Francisco**   One California Street  12th Floor   San Francisco, CA 94111   Tel (415) 638-8800   Fax (415) 638-8810
**Washington DC**   601 Massachusetts Ave NW  Suite 200W   Washington, DC 20001   Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

The Honorable Robert W. Lehrburger
July 12, 2019
Page 2 of 4

The rule against redactions for relevance protects against inefficient litigation over ancillary disputes about what is and is not relevant, and what context is and is not critical to include.[2]  *See* Fed. R. Civ. P. 1; *Orion Power*, 2008 WL 4462301, at *2 ("There is no express or implied support for the insertion of another step in the process (with its attendant expense and delay) in which a party would scrub responsive documents of non-responsive information.").

The following exemplars illustrate how Goldman's redactions obscure plainly relevant information and otherwise deprive Plaintiffs, the Court, and eventually the jury, of important context.[3]  For example, Goldman redacted documents relating to the practices challenged in this lawsuit and its knowledge of the discriminatory impact of its policies on women:

- In an April 2018 e-mail chain about Goldman's quartiling practice and its impact on women, Goldman redacted information that appears directly relevant to Goldman's concerns with how quartiling discriminates against women, and provides other important context.  *See* Ex. 3 at 1 (



").

- In a document summarizing a firm survey regarding whether Goldman is meritocratic, Goldman selectively redacted bullet points surrounding its analysis of negative responses by female employees.  The redacted context is critical to comprehending the document.  One unredacted bullet point says, "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛" but the predicate "⬛⬛⬛⬛" that for female employees were "⬛⬛⬛⬛" are redacted, rendering the point incomprehensible.  *See* Ex 4 at 2.

- In a document entitled "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛" Goldman posed the question "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛" and then redacted a table of "⬛⬛⬛⬛⬛⬛⬛⬛⬛" for "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛[,]" "⬛⬛⬛⬛[,]" and "⬛⬛⬛[,]" Ex. 5 at 4, which presumably provided the answer.

- In an October 2018 e-mail discussing Goldman's purported diversity efforts, Goldman redacted the substance to the point of nonsense.[5]

---

[2] Incredibly, even Goldman's own unilateral redaction choices are inconsistent applied.  For example, Goldman recently produced two versions of a July 26, 2018 e-mail.  The first stated: "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛" Ex. 1 at 1.  The second stated: "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛" Ex. 2 at 3.  But based on the unredacted (second) version, *none* of this should have been redacted (for relevance, privilege, or otherwise).

[3] Based on Plaintiffs' review of Goldman's ongoing discovery production, the problem extends well beyond these exemplars.

[4] Redactions like these also prevent Plaintiffs from learning the names of potential witnesses, or effectively questioning the witnesses who authored responsive documents or were involved in the events described.

[5] For example, it is impossible to understand the meaning of a sentence that is redacted as follows: "⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛." Ex. 6 at 1.

The Honorable Robert W. Lehrburger
July 12, 2019
Page 3 of 4

- In the 2012 guide to "█████████████████████" for Managing Director selection, Goldman redacted information about the cross-ruffing process, including aspects of *how* cross-ruffers "████████████[,]" Ex. 7 at 4, and *who* cross-ruffers interview, *id.* at 5.[6]

Goldman's improper redactions are particularly concerning now that the parties are preparing for trial and a fact finder will rightly wonder about the information kept from its consideration, or puzzle over documents rendered incomprehensible by redactions.

## II.     Goldman Has No Legitimate Basis for Relevancy Redactions.

To the extent Goldman defends its redactions on the basis of confidentiality concerns, the parties have entered into a protective order (ECF No. 51), and, at Goldman's request, a supplemental protective order (ECF No. 714), which "addresses any concerns that [Goldman] may have regarding the confidential or sensitive nature of the information redacted from documents." *Christine Asia*, 327 F.R.D. at 55; *see also Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) (noting that redactions are "generally impermissible, especially where . . . a confidentiality stipulation and order . . . is in place."). Ultimately, Goldman has designated confidential nearly *every* single document it has produced,[7] and the protective order requires that confidential information must "be filed under seal[.]" ECF No. 51 (Protective Order and Confidentiality Agreement) ¶ 13.[8] To the extent Goldman cites burden, Goldman "has already taken it upon itself, voluntarily, to incur the time and expense of redacting a significant number of documents." *McNabb*, 2014 WL 1152958, at *5. An order from the Court "should not cause [Goldman] to incur any significant additional expense in producing the unredacted versions of documents it has already gathered and produced in their redacted form." *Id.*

During the meet-and-confer process, Goldman also argued that Plaintiffs are precluded from raising issues with its pre-certification production because certification discovery closed (the same issue it has raised in refusing to correct deficient privilege logs). But the same reasons that counsel against adopting such an argument in the privilege log context apply with equal or more force here, given that the parties are gearing up for trial. *See* ECF No. 771 (explaining that pre-trial discovery is not closed and it was appropriate to defer issue until after certification).

*     *     *

Accordingly, Plaintiffs respectfully request that the Court order Goldman to cease redacting responsive documents on the basis of its unilateral appraisal of relevance going forward, and reproduce unredacted versions of documents previously redacted for relevance.

---

[6] While Goldman also appears to have produced an unredacted version of this document, that both undermines the legitimacy of their relevance review process *and* underscores the additional burden Goldman imposes on Plaintiffs to identify, review and compare redacted and unredacted versions.
[7] Of the 140,000-some documents produced by Goldman to date, all but 15 appear to be marked confidential.
[8] These redactions also cause unnecessary delay in the pace of Goldman's document production.

The Honorable Robert W. Lehrburger
July 12, 2019
Page 4 of 4

Respectfully submitted,

Kelly M. Dermody                                    Adam T. Klein