# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498
———
LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 16, 2019

<u>Via ECF</u>

The Honorable Robert W. Lehrburger,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
        New York, New York  10007-1312.

          Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
               <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Lehrburger:

        On behalf of Defendants, I respond to Plaintiffs' July 12, 2019 letter-motion ("Letter"; ECF No. 780) challenging routine redactions they have known about for at least eight years, but waited until two months before the close of merits discovery to raise to the Court. Because Plaintiffs "ha[ve] known" about this issue for years, "it was incumbent upon [them] to raise the issues with the Court before the proverbial eleventh hour." *Colon* v. *City of New York*, 2014 WL 4100607, at *2 (S.D.N.Y. Aug. 20, 2014) (Furman, J.) (denying motion to compel as untimely).

        In any event, courts in this District permit redactions where, as here, the information is "clearly irrelevant." *Schiller* v. *City of New York*, 2006 WL 3592547, at *7 (S.D.N.Y. Dec. 7, 2006) (Francis, J.) (denying motion to compel production of unredacted version of document).  As Plaintiffs are aware, Defendants have endeavored to redact only categories of information not at issue in this action, such as information about employees based outside of the U.S. and male minority employees, and sensitive, unrelated personal information, such as names of temporary workers.  As even Plaintiffs' own cherry-picked "exemplars" show, Defendants have redacted only irrelevant information and left sufficient unredacted context for each document.  To the extent any documents have inadvertently not been properly redacted, such as Plaintiffs' Exhibits 3 and 6, which Plaintiffs raised for the first time in their Letter, Defendants are available to meet and confer and will reproduce such documents with appropriate redactions.

**Plaintiffs' Request Is Untimely**

        Plaintiffs have been aware of categorical relevance redactions in Defendants' document productions since at least July 2011, when Plaintiffs claimed at Ms. Orlich's deposition to have identified "improper" redactions and stated they would "follow-up with a formal letter outlining our concerns with these redactions."  (July 11, 2011 Orlich Dep. at 290:10–16.)  No such letter followed, nor did Plaintiffs contest the issue when Defendants again explained their redactions for relevance in July 2014.  (Ex. A (July 24, 2014 E-mail).)  Plaintiffs nevertheless now challenge every "document[] previously redacted for relevance," including in "pre-certification production," which ended in 2014.  (Letter at 2–3 & n.3.)  Where a party "did

The Honorable Robert W. Lehrburger                                                                                                         -2-

absolutely nothing to pursue the matter" for years, its challenge is untimely. *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016) (Furman, J.); (*see also* Ex. B (Defs.' Apr. 18, 2019 Ltr.) at 2 (collecting cases); Ex. C (Defs.' May 28, 2019 Ltr.) at 1–2; Defs.' July 11, 2019 Ltr. at 1–2, ECF No. 777)).

As to merits discovery, in accordance with the Court-ordered discovery schedule, Defendants began producing ESI in March 2019 and are on track to complete ESI review and production by August 2019.  (ECF Nos. 708, 767.)  The parties conferred about redactions in merits document productions in April and May 2019 (*see* Exs. B & C), yet Plaintiffs waited an additional two months to raise this issue to the Court.[1]  While Plaintiffs delayed, Defendants have now reviewed over 1.1 million documents and produced over 224,000 pages of documents.[2]  Because many of the challenged documents are redacted for *both* privilege and relevance (*see*, *e.g.*, Ex. 2),[3] Plaintiffs' demand that Defendants "reproduce unredacted versions of documents" (Letter at 3) will require Defendants to *re-review* these documents.  This will result in considerable expense and delay, which was easily avoidable had Plaintiffs raised these issues in a timely fashion.  *See* Manual for Complex Lit. (Fourth) § 11.42 (emphasizing need for "prompt resolution of discovery disputes").[4]

**Relevancy Redactions Are Permitted**

Courts in this District permit parties to produce documents with redaction of "matters unrelated to" the issues in the case.  *Schiller*, 2006 WL 3592547, at *2, *6–7 (permitting production of "redacted minutes").[5]  Here, Plaintiffs' claims are limited to "female Associates and Vice Presidents employed by Goldman Sachs in revenue-generating divisions:

---

[1] In fact, Plaintiffs did not file their Letter until two business days before the upcoming July 17, 2019 Court conference, effectively depriving Defendants of the full "3 business days" to respond.  Indiv. Prac. in Civ. Cases II.D.

[2] Plaintiffs' assertion that redactions have "delay[ed] [] the pace of Goldman's document production" (Letter at 3 n.8) is thus incorrect.

[3] Plaintiffs have identified an inadvertently produced document containing a draft memorandum prepared for legal review (*see* Letter at 2 n.2 (citing Ex. 1)), which Defendants claw back under the April 11, 2019 Supplemental Protective Order (ECF No. 712 ¶¶ 9.1–9.2) and will reproduce with additional privilege redactions.

[4] Plaintiffs do not dispute that they were required to timely raise concerns about Defendants' document production, instead citing out-of-Circuit authority that actually supports Defendants' position.  *See McNabb* v. *City of Overland Park*, 2014 WL 1152958, at *5 (D. Kan. Mar. 21, 2014) (permitting redaction of "particularly sensitive, confidential third-party information").

[5] *See also Topps Co.* v. *Koko's Confectionary & Novelty*, 2018 WL 4440502, at *8–9 (S.D.N.Y. Sept. 17, 2018) (Fox, J.) (denying motion to compel production of document "without the objected-to-redactions" where party did not "identify any good-faith basis for believing that the redacted information is relevant"); *Strategic Growth Int'l, Inc.* v. *Remote MDX, Inc.*, 2007 WL 3341522, at *2 (S.D.N.Y. Nov. 9, 2007) (Sweet, J.) (types of information redacted "are deemed irrelevant, therefore, they may remain redacted"); *Bank Brussels Lambert* v. *Chase Manhattan Bank, N.A.*, 1997 WL 563792, at *1–2 (S.D.N.Y. Sept. 10, 1997) (Ellis, J.) (permitting redaction where "[t]he information [was] non-responsive").

The Honorable Robert W. Lehrburger                                                                              -3-

Investment Banking, Investment Management, and Securities . . . in the United States." (ECF No. 578 at 4.) Defendants have thus redacted categories of information pertaining to individuals other than those at issue in this action: (i) employees based outside of the U.S.; (ii) employees in the Merchant Banking Division and non-revenue divisions; (iii) male minority employees; and (iv) employees other than Vice Presidents or Associates (except for information relating to promotion from Vice President to Managing Director). It is settled law that, in discrimination cases, a plaintiff is not entitled to discovery of information related to protected groups not at issue. *See Moss* v. *Stinnes Corp.*, 1997 WL 570675, at *1 (S.D.N.Y. Sept. 12, 1997) (Bernikow, J.) (denying discovery regarding "sex discrimination" because "this case is limited to age discrimination"); (Ex. C at 6 n.4 (collecting cases)).[6] And Plaintiffs do not claim that any category of information Defendants have redacted is relevant or could be relevant to their case.

Plaintiffs' own "exemplars" (Letter at 2–3) show that Defendants' targeted redaction of irrelevant information are precisely the type of redactions courts in this District permit. (*See*, *e.g.*, Ex. 4 (training presentation discussing some women's views about career development at Goldman Sachs; redacting only information about non-U.S. and male minority employees and Managing Directors); Ex. 5 (presentation on "The State of Women"; redacting only material about Managing Directors); Ex. 7 (presentation on "Partner and MD Selection"; redacting only information about non-U.S. promotion and promotion from Managing Director to Partner).)

Finally, Plaintiffs argue that redactions are unnecessary because of protective orders in this action. (*See* Letter at 3 & n.7.) But a protective order provides limited protection once a document is used in litigation; indeed, Plaintiffs have opposed filing Defendants' confidential documents under seal. (*See*, *e.g.*, Pls.' June 23, 2017 Ltr. at 1–2, ECF No. 508.) Further, to the extent Plaintiffs insinuate that Defendants designated too many documents confidential (Letter at 3 n.7), Plaintiffs have *never* disputed any such designations—which are warranted to protect sensitive personal and business information.

For the foregoing reasons, Plaintiffs' request should be denied as untimely or, in the alternative, on the merits.

                                                                                                Sincerely,

                                                                                                */s/ Ann-Elizabeth Ostrager*

                                                                                                Ann-Elizabeth Ostrager
                                                                                                of Sullivan & Cromwell LLP

cc: All parties of record (by ECF)

---

[6] The cases cited by Plaintiffs (*see* Letter at 1 & n.1) either do not address redaction of discrete categories of irrelevant information, *see*, *e.g.*, *Toussie* v. *Allstate Ins. Co.*, 2017 WL 4773374, *4 (E.D.N.Y. Oct. 20, 2017) (Pollak, J.) (considering "production of tangible items" in "storage units"); *United States* v. *Davis*, 1988 WL 96843, at *2 (S.D.N.Y. Sept. 13, 1988) (Conboy, J.) ("[D]ocuments were produced with redactions so all-encompassing as to render the produced papers unintelligible.") (internal quotation marks omitted), or find that, unlike here where the redacted information is plainly irrelevant, the redacted information "bears directly" on relevant issues. *Christine Asia Co., Ltd.* v. *Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 54 (S.D.N.Y. Oct. 12, 2018) (Aaron, J.) (internal quotation marks omitted).