SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

July 16, 2019

Via ECF

The Honorable Robert W. Lehrburger,
    United States District Court for the
        Southern District of New York,
            500 Pearl Street,
                New York, New York 10007-1312.

            Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
                   No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of Defendants, and in accordance with Rule III.G.2 of Your Honor's Individual Practices in Civil Cases, we request that Goldman Sachs's privilege logs produced during class certification discovery, which were filed in connection with Plaintiffs' letter-motion challenging Defendants' privilege logs (ECF No. 771) and Defendants' response (ECF No. 777), remain under seal, and that accompanying quotations from these documents remain redacted. Plaintiffs take no position on our request.

As a threshold matter, there is no presumed right of access to information filed in a discovery dispute. Under Second Circuit precedent, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 142 (2d Cir. 1995)). Rather, only documents that are "relevant to the performance of the judicial function and useful in the judicial process," such as "pleadings in civil litigation []*other than discovery motions and accompanying exhibits*," are classified as judicial documents, *Bernstein* v. *Bernstein*, 814 F.3d 132, 139–40 (2d Cir. 2016) (emphasis added) (internal quotation marks omitted); *see Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding that "documents filed with the court in connection with discovery-related disputes are not judicial documents"); *see also Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Here, Plaintiffs challenged the sufficiency of Defendants' privilege logs, which were filed solely as exhibits to a discovery dispute. *See*, *e.g.*, *Certain Underwriters at Lloyd's* v. *Nat'l R.R. Passenger Corp.*, 162 F. Supp. 3d 145, 148 (E.D.N.Y. 2016) (Mann, J.) (classifying disagreement over privilege logs as a "discovery dispute[]"). Thus, the privilege logs are not judicial documents and no public right of access attaches.

The Honorable Robert W. Lehrburger                                                                                              -2-

To the extent the presumption of access applies at all, it would be weak because the sufficiency of privilege logs have, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights.  *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) (presumption of public access "to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents' role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines"), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom.*, *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).

Any such weak presumption of access would be handily outweighed by "balanc[ing] competing considerations against" disclosure.  *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  The 105 pages of privilege logs Plaintiffs appended to their letter-motion, which cover documents from 2001 to 2017, would reveal substantial information about Goldman Sachs's privileged work over many years.  Further, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Id.* (internal quotation marks omitted); *see also In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (privacy interests "should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted").  Here, the privacy interests of complainants, witnesses, and subjects of internal complaints—which include class members—counsel in favor of continued sealing.  Therefore, if this Court decides to unseal the privilege logs at issue, it should redact all personally identifying information to protect individuals' privacy.  *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) ("privacy interests . . . warrant redactions to protect [individuals'] identities"); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (Marrero, J.) (permitting redaction of "sensitive personal information of current and former employees of the parties and the affected third-parties, including home addresses, biographical information, telephone numbers and compensation").

For the foregoing reasons, Goldman Sachs respectfully asks the Court to allow the privilege logs at issue to remain under seal or, in the alternative, to redact all personally identifying information of individuals named in connection with internal complaint files.

          Respectfully,

          */s/ Ann-Elizabeth Ostrager*

          Ann-Elizabeth Ostrager
          of Sullivan  Cromwell LLP

cc:     Counsel of Record (via e-mail)