## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

SO ORDERED:

_/s/_ 7/30/19

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

July 29, 2019

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-30-19

Via ECF
The Honorable Robert W. Lehrburger,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
       New York, New York 10007-1312.

      Re:   *Chen-Oster, et al. v. Goldman, Sachs & Co., et ano.*
            No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

        On behalf of Defendants, and in accordance with Rule III.G.2 of Your Honor's Individual Practices in Civil Cases, I request that the Court permit redaction of information regarding compensation-setting ("Compensation-Setting Information") at Goldman Sachs referenced in Defendants' memorandum in opposition to Plaintiffs' motion for reconsideration. ("Memorandum"; ECF No. 790.) The parties met and conferred on July 24, 2019. Plaintiffs take the same position set forth in their July 2, 2019 letter (ECF No. 769) and do not oppose Defendants' request.

        The Compensation-Setting Information referenced in Defendants' Memorandum is identical to that in the June 17, 2019 Joint Status Report ("Joint Status Report"; ECF No. 766), which Your Honor previously ordered may be "preserve[d] . . . under seal except to the extent such material was filed on the public record previously in connection with class certification or any other juncture." (July 2, 2019 Order; ECF No. 770 at 3.) The Compensation-Setting Information quoted in both the Memorandum and Joint Status Report has never been publicly filed in this matter. For this reason, Defendants' present request is consistent with this Court's July 2, 2019 Order.

        Defendants ask that the Court maintain the Compensation-Setting Information in Defendants' Memorandum under seal for the same reasons this information was sealed in the Joint Status Report. *First*, as a threshold matter, there is no presumed right of access to the information filed in a discovery dispute. The Second Circuit has repeatedly held that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "the item filed must be

The Honorable Robert W. Lehrburger                                         -2-

relevant to the performance of the judicial function and useful in the judicial process," *id.*, such as "pleadings in civil litigation []*other than discovery motions and accompanying exhibits*," *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see also Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"). Here, there is no presumed right of access to quotes from discovery material submitted in connection with a dispute over this Court's application of the plain language of the March 30, 2018 Class Certification Order to resolve a discovery dispute raised in the Joint Status Report. (*See* Joint Status Report; June 25, 2019 Order ("June 25 Order"), ECF No. 767.)

*Second*, to the extent the presumption of access applies at all, it would be weak because the Compensation-Setting Information may never be part of any Phase One trial. *See Lugosch*, 435 F.3d at 121 (discussing "the continuum along which the strength of the presumption will be measured"). In the June 25 Order, Your Honor held that any Phase One trial will be "devoted to generalized proof" of three employment processes: "360 Reviews, Quartiling, and Cross-Ruffing." (*Id.* at 1.) Thus, the Compensation-Setting Information falls "[a]t the low end of the continuum, '[w]here testimony or documents play only a negligible role in the performance of Article III duties'" and therefore "'the weight of the presumption is low.'" *Lugosch*, 435 F.3d at 121 (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

*Third*, even if the presumption of access applied to the Compensation-Setting Information, "[t]he interest in protecting 'business information that might harm a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Here, the Compensation-Setting Information reflects commercially sensitive business information and should remain sealed. For example, the Memorandum quotes from divisional compensation guidelines and frameworks describing the many factors bearing on compensation recommendations. Given the limited (if any) presumption of access applicable here, competitors should not be provided with this insight into Goldman Sachs's management and compensation of its employees. *See, e.g., Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, C.J.) (permitting redaction of "specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'") (quoting *Encyclopedia Brown Prods., Ltd.* v. *Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (Leisure, J.)); *Gelb* v. *Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (McKenna, J.) (granting motion to

The Honorable Robert W. Lehrburger                                                                -3-

seal based on "defendants' assertion that its competitors who do not now have this information could use it to do competitive injury to the defendants" even though exhibits sought to be sealed "are not 'trade secrets' in the traditional sense").

        For the foregoing reasons, Defendants respectfully request that this Court permit the Compensation-Setting Information referenced in Defendants' Memorandum to remain under seal.

        Sincerely,

        */s/ Ann-Elizabeth Ostrager*

        Ann-Elizabeth Ostrager
        of Sullivan & Cromwell LLP

cc:    All parties of record (by ECF)