# Exhibit 1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| H. CRISTINA CHEN-OSTER et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 10 Civ. 6950 (AT) (RWL) |
| GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Element Pointe Advisors LLC,
Infinity at Brickell, 40 SW 13th Street, Suite 701, Miami, Florida 33130

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004 | Date and Time:<br>08/29/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/15/2019

*CLERK OF COURT*

OR

_____            /s/ Ann-Elizabeth Ostrager
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC. , who issues or requests this subpoena, are:

Ann-Elizabeth Ostrager (ostragerae@sullcrom.com), 212-558-7357
Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10 Civ. 6950 (AT) (RWL)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:10-cv-06950-AT-RWL   Document 811-1   Filed 08/19/19   Page 4 of 9

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Schedule A

## DEFINITIONS

1. The definitions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rules") are hereby incorporated and apply to this Subpoena to the extent not inconsistent with other applicable rules. This Subpoena to produce documents is without prejudice to any later subpoenas for documents or testimony in this action.

2. All terms used in this Subpoena, including but not limited to the terms "document," "communication," "concerning," "identify," and "person" have the broadest meaning accorded to them under Rule 45 and Local Rule 26.3, and all documents and information should be produced in accordance with the applicable rules.

3. The term "Action" refers to the lawsuit styled *Chen-Oster et al.* v. *Goldman, Sachs & Co., et ano.*, No. 10 Civ. 6950 (AT) (RWL), currently pending in the Southern District of New York.

4. The terms "Defendants," "Goldman Sachs," or the "Firm" shall mean Goldman, Sachs & Co. and Goldman Sachs & Co. LLC.

5. The term "De Luis" refers to "Mary De Luis," who is a Named Plaintiff in this Action.

6. The term "Subpoena" refers to this request for production of documents pursuant to Rule 45 of the Federal Rules of Civil Procedure by which it was served on You.

7. The terms "You" and/or "Your" refer to Element Pointe Advisors, LLC ("Element Pointe"), its corporate predecessors, successors, assigns, and affiliates, as well as any

-2-

of its officers, directors, employees, partners, parents, subsidiaries, or any other person or entity acting under its direction or control on its behalf.

## INSTRUCTIONS

1. In responding to this Subpoena, You are required to produce all documents described below that are in Your possession, custody, or control, including, but not limited to, any of Your respective employees, agents, attorneys, or other persons acting or purporting to act on Your behalf, regardless of location.

2. For the purpose of reading, interpreting, or construing the scope of the documents requested in this Subpoena (the "Requests"), the terms used shall be given their most expansive and inclusive interpretation.

3. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, agents, and representatives; (v) the terms "and," "or," "all," "any," and "each" shall be construed in accordance with Local Rule 26.3; and (vi) in accordance with Local Rule 26.3, the use of the singular form of any word includes the plural and vice versa

4. If any portion of a document is responsive to any Request, the entire document shall be produced.

5. If in answering this Subpoena, You claim any ambiguity in interpreting a Request or a Definition or Instruction applicable thereto, You should not use that claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Request the

-3-

language deemed to be ambiguous and the interpretation chosen to be used in responding to the Request.

6. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion, except that each Request shall not be construed to call for documents that are called for by previous requests.

7. If an objection is made to any portion of any Request, You are instructed to state with specificity the objection and legal basis for such objection with citations to appropriate legal foundations for such objections and are further instructed to answer all remaining portion(s) of the Request to produce to which an objection is not asserted.

8. If You withhold any document, or any portion of any document, under a claim of privilege, immunity, or protection, including the attorney-client privilege or work-product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 45 and Local Rule 26.2.

9. If information is redacted or otherwise withheld from a document produced in response to a Request, You shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the document at each place from which information has been redacted or otherwise withheld, and separately log each such redaction on the privilege log.

10. The documents must be produced as they are kept in the usual course of business, and organized and labeled to correspond with the Request number to which the documents are responsive.

11. In the event that a copy of a Requested document is not identical to any other copy of the same document in Your possession, custody, or control, all non-identical copies shall be produced. A document shall be deemed to be within Your control if You have the right

to secure the document or a copy of the document from another person having possession or custody of the document.

12. Documents, including but not limited to electronically stored information, should be produced as multi-page TIFF files and multi-page text files (OCR), and should be accompanied by an image load file (OPT file) and a database load file (DAT file). The load files should contain document unitization and parent-child relationships. Documents should be delivered on CD or DVD media, with clearly marked Bates ranges.

13. Unless otherwise indicated, these Requests pertain to the period May 2, 2015 to the present.

14. The Requests are continuing in nature, and You should promptly provide by supplemental production any documents discovered subsequent to the service of Your production that would have been included in the production had they been previously identified whenever You find, locate, or become aware of such documents.

15. Any production of documents pursuant to this Subpoena is subject to the Court-ordered March 18, 2011 Protective Order and Confidentiality Agreement (attached hereto Exhibit 1) and April 10, 2019 Supplemental Protective Order (attached hereto Exhibit 2). Under these Orders, You can designate documents as "Confidential" or "Attorney's Eyes Only" that meet the requirements for these designations.

**DOCUMENTS REQUESTED**

1. All documents and communications concerning Your initial hiring of De Luis, including but not limited to: all communications between You and De Luis and/or De Luis' prior employers; resumes and/or other records of employment history; job applications; offers of employment; terms, benefits, and conditions of employment; and employment contracts.

-5-

2. All documents and communications concerning De Luis' performance, including but not limited to: evaluations and/or reviews of job performance; reprimands, warnings, or discipline; complaints made by or about De Luis; responses to complaints; complaints that involved De Luis as a witness; investigations of De Luis' conduct; and threatened or potential termination and/or other separation of employment.

3. All documents and communications concerning De Luis' compensation, including but not limited to documents concerning: changes in compensation; benefits; insurance; pension rights; and seniority.

4. All documents and communications concerning De Luis' position, including but not limited to documents concerning: applications for or inquiries about changes in job status; promotions; transfers; job requirements; job assignments and/or responsibilities; and placements and responses to said requests.

5. All documents and communications concerning De Luis' termination and/or other separation from employment.

6. All personnel files concerning De Luis, to the extent they are not otherwise responsive to Requests 1–5 above.