**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

August 26, 2019

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA CM/ECF**

The Honorable Robert W. Lehrburger
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10017

     RE:    *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Lehrburger:

     Under the Court's Individual Rule II.G.2,[1] Plaintiffs submit this letter 1) opposing Goldman's request to seal a narrow category of documents related to an internet-based solicitation process for certain arbitration terms; and 2) opposing Goldman's request to *effectively* seal judicial records—namely, the purported waivers of case participation at issue in these motions—by lodging them "in hard copy with the Clerk of the Court," rather than filing them on the Southern District of New York's Case Management and Electronic Case Files (CM/ECF) system.  Goldman's Letter, at 3, ECF No. 813.

     *First*, Plaintiffs only oppose sealing a narrow category of documents for which there is a strong interest in public access because they are highly relevant to the dispute at issue, which itself is of significant interest to absent class members.  There is no adequate basis to justify sealing.  In light of the Second Circuit's directive that "continued sealing of documents may only be justified with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim," Plaintiffs and Goldman engaged in a productive meet and confer to arrive at reasoned, joint recommendations regarding the vast majority of Goldman's sealing and redaction requests.  *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006)); *id.* at 48 (holding that it was "legal error" that "the District Court made generalized statements about the record as a whole"); *see also Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 166

---

[1] The Court's Rule provides as follows: "Any party opposing the request to file under seal must submit a responding letter within 3 business days after submission of the letter by the party seeking to preserve confidentiality."  While Plaintiffs acknowledge that the Court endorsed Goldman's request, ECF No. 814, given that the Court's Rule provided Plaintiffs with time to oppose it, Plaintiffs respectfully write to provide their perspective on the dispute and request the Court's reconsideration.

The Honorable Robert W. Lehrburger
August 26, 2019
Page 2

(S.D.N.Y. 2018) ("[D]ocuments filed in connection to a Motion to Compel Arbitration . . . 'are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'" (quoting *Lugosch*, 435 F.3d at 126)); *Bowling v. Johnson & Johnson*, No. 17-3982, 2019 WL1760162, at *8 (S.D.N.Y. April 22, 2019) (collecting cases holding that a presumption of public access applies to judicial records filed in connection with Rule 23 motions).

The only area of dispute is Goldman's request to seal descriptions, quoted language, or depictions of communications about expanded arbitration language Goldman added to its annual stock award materials while the class certification motion was pending—*i.e.*, from 2016 to 2018. Specifically, the documents at issue are: i) the Declaration of Eric Dias describing the process; ii) fifteen exhibits thereto depicting the communications with computer screenshots; and iii) associated citations to this material in Goldman's briefs. *See* ECF Nos. 762 (containing redactions), 723 (containing redactions), Exs. 35-42, 44-60 (filed under seal; Goldman provided these exhibits to the Court by email as Exhibit AA).

Documents showing how Goldman misleadingly communicated with Class Members to impose broad arbitration terms should *not* be sealed because there is a strong interest in public access and little to no justification for sealing. Contrary to Goldman's claim, how Goldman *communicated* with class members regarding purported agreements to arbitrate claims are central to the pending Rule 23(d) motion. *See* Goldman's Letter, ECF No. 813, at 3 (incorrectly stating that "the redacted information is not required to resolve any issue on the Cross-Motions"). Specifically, the documents at issue bear on whether, in its communications with Class Members, Goldman informed Class Members of "the *existence* of this case, much less provide[d] them with contact information for Class Counsel or basic information about the dispositive effect of these agreements on Class Members' rights." Pls. Mem. of Law in Support of Rule 23(d) Motion, at 1, ECF No. 727. Moreover, Goldman's claims that i) its "web page informed the user of the terms and conditions" at issue and ii) that these communications are "routine[] clickwrap" can only be tested by an examination of the web screenshots at issue. Goldman's Motion to Compel Arbitration, at 21, ECF No. 726. Accordingly, there is a strong presumption of public access to these documents. Further, Goldman's description of its online communications is at odds with its purported concerns about "proprietary work processes." Use of a "routine" web platform cannot be a "propriety work process." Goldman's weak justification for sealing cannot outweigh the presumed right of public access to judicial documents. Continued sealing, therefore, is not appropriate.

*Second*, Plaintiffs take issue with Goldman's request to lodge materials outside the docket, effectively sealing even the redacted copies of the waivers of participation. Goldman's Letter at 3. This request runs contrary to the Court's Local Rules, which instruct parties to file documents on CM/ECF. *See* S.D.N.Y. ECF Rule 1.1 ("Except as expressly provided and in exceptional circumstances preventing a party from filing electronically, all documents required to be filed with the Court *must* be filed electronically.") (emphasis added). Notably, Goldman *never* consulted with Plaintiffs during the multi-day meet and confer regarding redactions about Goldman's desire to avoid use of CM/ECF, which is the means by which Class Members (and

The Honorable Robert W. Lehrburger
August 26, 2019
Page 3

the public at large) may learn about this litigation. There is no basis for denying public access to these already-redacted documents over which the parties met and conferred and reached agreement, and Goldman's attempt to do so via sleight of hand is an abuse of the meet and confer process of negotiating and justifying its redactions.

To the extent Goldman is concerned about "voluminous exhibits on ECF" and "cluttering the electronic docket," this hardly justifies denying public access to highly relevant documents. Goldman's Letter, at 3. While the Court may take judicial notice of the fact that the CM/ECF system is more than capable of handling Goldman's redacted filings, Plaintiffs also note that the electronic docket *already* contains more than 820 main entries (and many more subentries), many of which include large numbers of exhibits. Plaintiffs suggest that large groups of redacted agreements may be filed together within a relatively small number of omnibus ECF entries, such as one collective exhibit filed with documents in Bates number order to address any concerns about docket organization. *See, e.g.*, Decl. of Anne Shaver in Support of Class Certification ¶ 3, ECF No. 248 ("All corporate documents are attached hereto as Exhibit A in numerical order by Bates Stamp Identification Number[.]").

Respectfully submitted,

Kelly M. Dermody          Adam Klein

cc: all counsel (via ECF)

1830380.4