# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

___

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 28, 2019

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

        Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*
               No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, and in accordance with Local Civil Rule 6.3, I write in opposition to Plaintiffs' letter "request[ing] the Court's reconsideration" of its order granting Defendants' request to seal limited commercially sensitive information and to file the redacted Agreements in hard copy with the Clerk of Court. ("Letter" (ECF No. 824).)

      *First*, Plaintiffs broadly assert that the documents the Court has allowed to be redacted describing Goldman Sachs' eligibility requirements for equity-based awards; the process for maintaining and retrieving records of electronic acceptance of Equity Agreements; and the processes used by Goldman Sachs to effectuate such electronic acceptance are "highly relevant to the dispute at issue" and necessary to "show[] how Goldman communicated with Class Members." (*Id.* at 1–2.) But the record shows that the redacted information does not bear on any disputed issue in the parties' cross-motions.

      As to Defendants' motion to compel arbitration, Plaintiffs (i) do not dispute that their claim of procedural unconscionability in connection with the Equity Agreements was based solely on "the face of the Signature Card[s]"—which are *not* sealed (Pls. Opp. (ECF No. 756) at 27); (ii) do not refer even once in their briefs to *any* of the information Defendants seek to redact; and (iii) never disputed that the electronic agreement process implemented by Goldman Sachs was of the type routinely enforced by the courts. (*See* Pls. Opp., Pls. Sur-Reply (ECF No. 806).)[1] And as to Plaintiffs' Rule 23(d) motion, Defendants

___

[1]    Plaintiffs contend that Defendants have taken inconsistent positions by claiming at the same time that a "'routine' web platform" is a "proprietary work process." (Letter at 2 (citing Defs. Br. (ECF No. 726) at 21).) Plaintiffs' mischaracterization depends on taking the word "routine" entirely out of context. In fact, in the brief cited by Plaintiffs,

The Honorable Robert W. Lehrburger                                                                                    -2-

never disputed that the Agreements at issue did not include a reference to this case or "contact information" for class counsel. (Defs. Opp. (ECF No. 758) at 19–20 n.12.) Defendants instead made clear that, because there is no Rule 23(d) exception to the FAA, the inclusion of such information cannot be determinative of the enforceability of arbitration agreements entered into after the filing of a complaint. (*Id.* at 11–16; Defs. Sur-Reply (ECF No. 807) at 1–2.) Plaintiffs' contention that absent class members would have a "significant interest" in (or that the public should be allowed to "test") claims that the parties do not even dispute makes little sense. (Letter at 1–2); *see Pullman* v. *Alpha Media Pub.*, 2014 WL 5044224, at *3 (S.D.N.Y. Sept. 23, 2014) (Crotty, J.) (allowing sealing of transcript and finding "presumption of public access was weak" where "the Court did not rely on the transcript when determining subsequent motions"); *Louis Vuitton Malletier, S.A.* v. *Hyundai Motor Am.*, 2012 WL 1022258, at *2 (S.D.N.Y. Mar. 22, 2012) (Castel, J.) (permitting redactions to exhibit filed in connection with motion for summary judgment "which sets forth potentially proprietary information that has no bearing on th[e] litigation").

*Second*, Plaintiffs' overwrought accusations of "sleight of hand" and "abuse of the meet and confer process" are baseless. (Letter at 3.) As Plaintiffs acknowledged, the parties engaged in numerous productive conferrals that resulted in agreement on all but one category of redactions. Defendants informed the Court of the remaining area of disagreement and requested permission to file the Agreements in hard copy, which Plaintiffs were of course free to oppose (as they now have). Making such a request is hardly "abusive" and, indeed, the specific filing process that Defendants may follow is not a matter on which parties are bound to confer under this Court's Individual Practices or otherwise. Instead, consistent with this District's Electronic Rules for Case Filing & Instructions, Defendants may request permission to file in hard copy "in exceptional circumstances preventing a party from filing electronically." (S.D.N.Y. ECF Rule 1.1.) Here, Defendants will be redacting and filing more than 1,200 individual Agreements, consisting of over 10,000 pages. It is not feasible to electronically file this volume "as one collective exhibit," as Plaintiffs suggest (Letter at 3), because of the 10 megabyte ECF size limit for uploads (S.D.N.Y. ECF Rule 23.3). Instead, after completing the redactions, Defendants would have to "group" the agreements into numerous combined PDF files, ensure that each "grouping" is within the ECF size limit, and then upload each one. In Defendants' experience, the ECF system is not conducive to this kind of mass upload. This is precisely the type of "exceptional circumstance[]" contemplated by Rule 1.1, which recognizes the impracticality of electronic filing in circumstances such as these.

---

Defendants showed (and Plaintiffs have not disputed) that "[c]ourts *routinely uphold* clickwrap agreements" of the type at issue here. (ECF No. 726 at 21 (emphasis added).) Nowhere do Defendants characterize the equity-award acceptance processes or its internal web site as "routine," and to the contrary, Defendants have consistently asserted that these processes are commercially sensitive and proprietary. (*See* ECF No. 813 at 3.)

The Honorable Robert W. Lehrburger -3-

                                                                Respectfully,

                                                                */s/ Ann-Elizabeth Ostrager*

                                                                Ann-Elizabeth Ostrager
                                                               Sullivan & Cromwell LLP

cc:     All parties of record (by ECF)