# Appendix A

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ▮ | ▮ | | /2002 | ▮2007 | GS0386662 - GS0386665 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 2 | ▮ | ▮ | | /2007 | ▮2009 | GS0390849 - GS0390852 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 3 | ▮ | ▮ | | /2010 | ▮2018 | GS0386666 - GS0386671 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

1

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | ▮▮ | ▮▮ | | /2004 | /2013 | GS0386677 - GS0386676 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 5 | ▮▮ | ▮▮ | | /1997 | /2011 | GS0386677 - GS0386681 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 6 | ▮▮ | ▮▮ | | /1998 | /2002 | GS0386682 - GS0386685 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, this form requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have in connection with the firm's equity-based award programs including, without limitation, the SIP. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | ■ | ■ | ■ | /2010 | ■ /2016 | GS0386686 - GS0386691 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Release provision not in copy of agreement; based on timing of execution and standard form in use, release clause likely to be: Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | PWA Agreement | /2009 | GS0385526 - GS0385528 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this document, or to your employment or Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 8 | ■ | ■ | ■ | /2002 | ■ /2008 | GS0386692 - GS0386695 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 9 | ■ | ■ | ■ | /2000 | ■ /2016 | GS0386696 - GS0386700 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | ▮▮ | ▮▮▮▮▮ | | ▮/2011 | ▮/2017 | GS0390857 - GS0390875 | ▮▮ | ▮▮ | ▮▮▮ | ▮ | Any dispute or claim arising out of, based upon or relating in any way to this Agreement or to Allen's employment or other association with Goldman Sachs, or to the termination of Allen's employment, will be settled by confidential arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in New York City, in accordance with the commercial arbitration rules of the AAA, and any party may invoke the AAA' s Optional Rules for Emergency Measures of Protection. The parties agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. Allen is agreeing to arbitrate all claims described above, in accordance with the arbitration procedure set forth therein. This agreement does not include an agreement to arbitrate claims on a collective or class basis. It is explicitly agreed that, to the fullest extent permitted by applicable law, no arbitrator shall have the authority to consider class or collective claims, to order consolidation | Rebecca Allen, for herself and her heirs, executors, administrators, successors and assigns, knowingly and voluntarily waives and releases forever whatever claims, whether known or unknown, she ever had, now has or hereafter may have against The Goldman Sachs Group, Inc., its predecessor or successor entities, including without limitation Goldman, Sachs & Co. (collectively, the "Group"), and each of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of her signature on this Agreement, including but not limited to claims based upon or relating to Allen's hire by the Group, any aspect of the work she performed, her employment relationship with the Group, or the termination of her employment. This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for retaliation of any kind, for breach of any contract or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance, for emotional distress or for attorney's fees, and all claims that were or could have been asserted in the Complaint filed in the Action. Allen agrees not to seek, and hereby waives any right to seek, reemployment with Goldman Sachs. | Yes | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | PWA Agreement | ▮/2011 | GS0385538 - GS0385542 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 11 | ▮▮ | ▮▮▮▮▮ | | ▮/2010 | ▮/2013 | GS0386701 - GS0386705 | ▮ | ▮▮▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other criterion prohibited by the Age Discrimination in Employment Act of 1967 ("ADEA"). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012 | PWA Agreement | ▮/2010 | GS0385543 - GS0385547 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 12 | ▮▮ | ▮▮▮▮▮ | | ▮/2007 | ▮/2008 | GS0391236 - GS0391239 | ▮▮ | ▮▮ | ▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 13 | ▮ | ▮ | ▮ | /2004 | /2008 | GS0390853 - GS0390856 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 14 | ▮ | ▮ | ▮ | /2007 | /2008 | GS0390876 - GS0390879 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 15 | ▮ | ▮ | ▮ | /2004 | /2008 | GS0390880 - GS0390883 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | ■■■ | ■■■ | | ■/2005 | ■/2011 | GS0386710 - GS0386714 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination under any race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 17 | ■■■ | ■■■ | | ■/2005 | ■/2011 | GS0386715 - GS0386719 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 18 | ■■■ | ■■■ | | ■/1995 | ■/2018 | GS0386720 - GS0386725 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 19 | ▮ | ▮ | | ▮/2006 | ▮/2017 | GS0386726 - GS0386731 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 20 | ▮ | ▮ | | ▮/2000 | ▮/2013 | GS0386732 - GS0386741 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 21 | ▮ | ▮ | | ▮/2001 | ▮/2011 | GS0386742 - GS0386746 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 22 | ▉ | ▉ | ▉ | /2003 | ▉ /2008 | GS0386747 - GS0386751 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 23 | ▉ | ▉ | ▉ | /1996 | ▉ /2003 | GS0386752 - GS0386755 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 24 | ▉ | ▉ | ▉ | /1998 | ▉ /2008 | GS0390884 - GS0390887 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 25 | ▉ | ▉ | | ▉/1996 | ▉/2003 | GS0386756 - GS0386759 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, the Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or any of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 26 | ▉ | ▉ | | ▉/2000 | ▉/2008 | GS0390888 - GS0390895 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 27 | ▉ | ▉ | | ▉/2001 | ▉/2014 | GS0386760 - GS0386764 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

9

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 28 | ▮ | ▮ | ▮ | ▮/2005 | ▮/2008 | GS0390896 - GS0390899 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 29 | ▮ | ▮ | ▮ | ▮/2000 | ▮/2008 | GS0391300 - GS0391303 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 30 | ▮ | ▮ | ▮ | ▮/2010 | ▮/2016 | GS0386765 - GS0386769 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation or to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | PWA Agreement | ▮/2010 | GS0385599 - GS0385601 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment of Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | ▮ | ▮ | ▮ | /2003 | ▮ /2005 | GS0386770 – GS0386781 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 32 | ▮ | ▮ | ▮ | /1986 | ▮ /2008 | GS0390900 – GS0390903 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon you matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 33 | ▮ | ▮ | ▮ | /2005 | ▮ /2008 | GS0390904 – GS0390913 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon you matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ /2005 | GS0385607 – GS0385609 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

11

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | ▉ | ▉ | | /1992 | ▉/2002 | GS0386782 - GS0386785 | ▉ | ▉▉▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 35 | ▉ | ▉ | | /1990 | ▉/2008 | GS0386786 - GS0386789 | ▉ | ▉▉▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for hereunder and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been advised at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 36 | ▬ | ▬ | ▬ | /1992 | ▬ /2008 | GS0386790 - GS0386793 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had you might have had that additional awards should have been made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 37 | ▬ | ▬ | ▬ | 1998 | ▬ /2007 | GS0386794 - GS0386797 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had you might have had that additional awards should have been made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 38 | ▬ | ▬ | ▬ | /2006 | ▬ /2008 | GS0386798 - GS0386806 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had that additional awards should have been made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 39 | ▮ | ▮ | ▮ | /2006 | ▮/2016 | GS0386811 - GS0386816 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | PWA Agreement | ▮/2006 | GS0385415 - GS0385618 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 40 | ▮ | ▮ | ▮ | /2001 | ▮/2002 | GS0390914 - GS0390917 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 41 | ▮ | ▮ | ▮ | /1987 | ▮/2011 | GS0386817 - GS0386821 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

14

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 42 | ▮ | ▮ | | /2000 | ▮2002 | GS0388380 - GS0388383 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms of conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | /2000 | GS0385619 - GS0385621 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 43 | ▮ | ▮ | | /1979 | ▮2017 | GS0386822 - GS0386833 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to the document dated October 17, 2016. (Section 5.1) To ensure that the release contained in the prior paragraph is fully enforced in accordance with its terms, you hereby waive any benefits under, and any protection that you may have by virtue of, Section 1542 of the California Civil Code, which provides: (Section 5.2) A general release does not extend to claims which the | Yes | 9/20/2010; 8/1/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 44 | ▮ | ▮ | | /1992 | ▮2002 | GS0386834 - GS0386837 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms of conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 45 | ▆ | ▆ | ▆ | /1980 | ▆/2008 | GS0386848 - GS0386856 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 46 | ▆ | ▆ | ▆ | /1994 | ▆/2008 | GS0386857 - GS0386860 | ▆ | ▆ | | | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 47 | ▆ | ▆ | ▆ | /2005 | ▆/2008 | GS0389999 - GS0390002 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

16

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 48 | ▮ | ▮ | ▮ | /1984 | ▮2005 | GS0386861 - GS0386868 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 49 | ▮ | ▮ | ▮ | /2005 | ▮2005 | GS0386869 - GS0386872 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 50 | ▮ | ▮ | ▮ | /2001 | ▮2017 | GS0386879 - GS0386890 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to the document dated February 2, 2017. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 51 | ▇ | ▇ | ▇ | /2003 | ▇/2008 | GS0386891 - GS0386894 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▇/2003 | GS0385641 - GS0385643 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 52 | ▇ | ▇ | ▇ | ▇/2000 | ▇/2014 | GS0390933 - GS0390937 | | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 53 | ▇ | ▇ | ▇ | /1987 | ▇/2009 | GS0386903 - GS0386906 | ▇ | ▇ | ▇ | ▇ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▇ | GS0382617 - GS0382624 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |

18

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 54 | ▮ | ▮ | ▮ | ▮/2014 | ▮2017 | GS0390938 - GS0390943 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for unlawful age or race discrimination (including, but not limited to, claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 12/2/2016 | | | | |
| 55 | ▮ | ▮ | ▮ | ▮/1994 | ▮2016 | GS0390944 - GS0390955 | ▮ | ▮ | ▮ | ▮ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your document dated February 17, 2016. (Section 5.1) | Yes | 9/20/2010; 6/19/2012; 8/2/2011; 1/29/2014; 7/15/2015 | Extended Managing Director Agreement | ▮ | GS0382625 - GS0382633 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 56 | ▮ | ▮ | ▮ | ▮/2000 | ▮2002 | GS0386907 - GS0386910 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have had at least 45 days within which to consider the release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 57 | ▇ | ▇ | ▇ | /2004 | /2009 | GS0390956 - GS0390959 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 58 | ▇ | ▇ | ▇ | /2004 | /2014 | GS0386915 - GS0386919 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 59 | ▇ | ▇ | ▇ | /2003 | /2006 | GS0386920 - GS0386927 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 60 | ▮ | ▮ | ▮/1994 | ▮2014 | GS0390960 - GS0390969 | ▮ | ▮ | ▮ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | Extended Managing Director Agreement | ▮ | GS0382659 - GS0382667 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 61 | ▮ | ▮ | ▮/2002 | ▮/2009 | GS0386932 - GS0386935 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | No | 9/20/2010 | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) |
| 62 | ▮ | ▮ | ▮/2000 | ▮/2008 | GS0386936 - GS0386939 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 63 | ▇ | ▇ | ▇ | /1994 | ▇ /2005 | GS0386940 - GS0386943 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 64 | ▇ | ▇ | ▇ | /1985 | ▇ /2002 | GS0386944 - GS0386947 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 65 | ▇ | ▇ | ▇ | /1999 | ▇ /2006 | GS0390970 - GS0390973 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Agreement Signed Date | F<br>Operative Agreement Bates | G<br>Notice Period with Salary (End Date) | H<br>Severance Payment Period with Salary (End Date) | I<br>Other Consideration (Lump Sum Amount, Outplacement, etc) | J<br>Waiver of Equity Forfeiture Conditions? | K<br>Operative Agreement Arbitration Provision | L<br>Operative Agreement Release Provision | M<br>Hold Notice Before Operative Agreement? | N<br>Hold Notice Dates | O<br>Prior Agreement Type | P<br>Prior Agreement Signed Date | Q<br>Prior Agreement Bates | R<br>Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 66 | ▮ | ▮ | ▮ | /2005 | ▮/2012 | GS0388375 - GS0388379 | ▬ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs. Its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract. or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 67 | ▮ | ▮ | ▮ | /2006 | ▮/2013 | GS0386956 - GS0386960 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 68 | ▮ | ▮ | ▮ | /1998 | ▮/2003 | GS0386961 - GS0386964 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 69 | ▉ | ▉ | | /1999 | ▉/2016 | GS0390974 - GS0390979 | ▉ | ▉ | | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Extended Managing Director Agreement | | GS0382735 - GS0382743 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 70 | ▉ | ▉ | | /1989 | ▉/2006 | GS0386968 - GS0386975 | ▉ | ▉ | ▉ | | Any dispute or claim arising out or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your previous document. (Pages 2-3) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | | | | |
| 71 | ▉ | ▉ | | /2009 | ▉/2013 | GS0386976 - GS0386980 | ▉ | ▉ | | | Any dispute or claim arising out or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72 | ▓ | ▓ | ▓ | /1995 | /2008 | GS0386981 - GS0386988 | ▓ | ▓ | ▓ | ▓ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 73 | ▓ | ▓ | ▓ | /1992 | /2017 | GS0390980 - GS0390991 | ▓ | ▓ | ▓ | ▓ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A the document dated September 21, 2016. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 74 | ▓ | ▓ | ▓ | /1992 | /2002 | GS0386989 - GS0386993 | ▓ | ▓ | ▓ | ▓ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | /2000 | GS0390818 - GS0390821 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in the New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 75 | | | | /2005 | /2007 | GS0386994 - GS0387001 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your previous document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Cancellation | /2005 | GS0385702 - GS0385704 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 76 | | | | /2000 | /2002 | GS0387002 - GS0387005 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 77 | | | | /2006 | /2008 | GS0387014 - GS0387021 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 78 | ▓ | ▓ | ▓ | /2014 | /2017 | GS0390992 - GS0390996 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 12/2/2016 | | | | |
| 79 | ▓ | ▓ | ▓ | /1997 | /2013 | GS0390997 - GS0391001 | ▓ | ▓ | ▓ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | Extended Managing Director Agreement | ▓ | GS0382771 - GS0382779 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 80 | ▓ | ▓ | ▓ | /2006 | /2008 | GS0391337 - GS0391340 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▓ | GS0385710 - GS0385712 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 81 | ▮ | ▮ | ▮ | /2006 | ▮/2008 | GS0391002 - GS0391002 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Release provision not in copy of agreement; based on timing of execution and standard form in use, release clause likely to be: Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2006 | GS0385713 - GS0385715 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any prior application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 82 | ▮ | ▮ | ▮ | /2004 | ▮/2008 | GS0387026 - GS0387033 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 83 | ▮ | ▮ | ▮ | /1999 | ▮/2003 | GS0387034 - GS0387037 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., or the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | ▮ | ▮ | ▮ | ▮/2000 | ▮/2008 | GS0387038 - GS0387045 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 85 | ▮ | ▮ | ▮ | ▮/1995 | ▮/2011 | GS0387046 - GS0387050 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 86 | ▮ | ▮ | ▮ | ▮/2005 | ▮/2011 | GS0387051 - GS0387055 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), and includes all claims that were made or could have been made in the draft document sent by Robert Ottinger, Esq. to Theodore O. Rogers, Jr., Esq. on October 4, 2011. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

29

## Appendix A

### Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 87 | ██ | ██ | ██ | █/2001 | █/2008 | GS0387056 - GS0387059 | ██ | ██████ ███ | ███████ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 88 | ██ | ██ | | █/1988 | █/2008 | GS0387060 - GS0387068 | ████ | ████ | ██████ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 89 | ██ | ██ | | █/2010 | █/2014 | GS0391003 - GS0391007 | ████ | █████ | █████ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation or to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract; or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/15/2012; 1/29/2014 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 90 | ▮ | ▮ | ▮ | /1991 | ▮/2003 | GS0387069 - GS0387072 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors. and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law or any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 91 | ▮ | ▮ | ▮ | /1988 | ▮/2002 | GS0387073 - GS0387076 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors. and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 92 | ▮ | ▮ | ▮ | /1976 | ▮/2008 | GS0387077 - GS0387084 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other actions in connection with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to the payments or benefits (including, without limitation. those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been advised at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 93 | ▇ | ▇ | | ▇/1996 | ▇2003 | GS0391008 - GS0391011 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 94 | ▇ | ▇ | | ▇/2000 | ▇2002 | GS0387085 - GS0387092 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 95 | ▇ | ▇ | | ▇/2000 | ▇2008 | GS0387093 - GS0387096 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, except for executory obligations, arising in the future, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▇/2006 | GS0385740 - GS0385742 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. To the extent that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Agreement Signed Date | F<br>Operative Agreement Dates | G<br>Notice Period with Salary (End Date) | H<br>Severance Payment Period with Salary (End Date) | I<br>Other Consideration (Lump Sum Amount, Outplacement, etc) | J<br>Waiver of Equity Forfeiture Conditions? | K<br>Operative Agreement Arbitration Provision | L<br>Operative Agreement Release Provision | M<br>Hold Notice Before Operative Agreement? | N<br>Hold Notice Dates | O<br>Prior Agreement Type | P<br>Prior Agreement Signed Date | Q<br>Prior Agreement Dates | R<br>Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 96 | ▮ | ▮ | | /2002 | ▮2011 | GS0391012 - GS0391016 | ▮▮ | ▮▮ | ▮▮▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 97 | ▮ | ▮▮▮ | | /2004 | ▮2008 | GS0387101 - GS0387108 | ▮ | ▮▮▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 98 | ▮▮▮ | ▮ | | /2000 | ▮2009 | GS0391017 - GS0391020 | ▮ | ▮▮▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 99 | ▇ | ▇ | ▇ | ▇/2007 | ▇/2009 | GS0391021 - GS0391024 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 100 | ▇ | ▇ | ▇ | ▇/1995 | ▇/2003 | GS0387109 - GS0387112 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents. subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 101 | ▇ | ▇ | ▇ | ▇/2005 | ▇/2008 | GS0387113 - GS0387116 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver also includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | ■ | ■ | | ■/2011 | ■/2014 | GS0391025 - GS0391029 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 103 | ■ | ■ | | ■/2012 | ■/2017 | GS0387117 - GS0387122 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 1/3/2014; 7/15/2015; 12/2/2016 | | | | |
| 104 | ■ | ■ | | ■/2003 | ■/2012 | GS0387123 - GS0387127 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 105 | ▉ | ▉ | ▉ | ▉/2005 | ▉/2008 | GS0387128 - GS0387131 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 106 | ▉ | ▉ | ▉ | ▉/2008 | ▉/2012 | GS0387132 - GS0387135 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) or Vt. Stat. Ann. tit. 21, § 495). This release and waiver also includes, without limitation, any claims with respect to participation under the Dwight Asset Management Company LLC Equity Plan or to any payment with respect thereto and any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 4.1) | No | N/A | | | | |
| 107 | ▉ | ▉ | ▉ | ▉/1994 | ▉/2008 | GS0391030 - GS0391033 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 108 | ▮ | ▮ | | ▮/1995 | ▮2005 | GS0391034 - GS0391041 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 109 | ▮ | ▮ | | ▮/2004 | ▮2014 | GS0387136 - GS0387141 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014 | | | | |
| 110 | ▮ | ▮ | | ▮/2004 | ▮2009 | GS0387142 - GS0387145 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 111 | ▮ | ▮ | | /1999 | ▮/2002 | GS0387146 - GS0387154 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 5) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 112 | ▮ | ▮ | | /2003 | ▮/2008 | GS0391042 - GS0391049 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any claims or rights under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 113 | ▮ | ▮ | | /1997 | ▮/2008 | GS0391050 - GS0391057 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 114 | ▮ | ▮ | ▮ | ▮/2005 | ▮/2011 | GS0387155 - GS0387160 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 115 | ▮ | ▮ | ▮ | ▮/2007 | ▮/2008 | GS0391058 - GS0391065 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 116 | ▮ | ▮ | ▮ | ▮/2008 | ▮/2011 | GS0387161 - GS0387165 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 117 | ▮ | ▮ | ▮ | ▮/2007 | ▮/2008 | GS0391066 - GS0391069 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 118 | ▉ | ▉ | ▉ | ▉/2014 | ▉/2016 | GS0391070 - GS0391080 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |
| 119 | ▉ | ▉ | ▉ | ▉/1999 | ▉/2005 | GS0388272 - GS0388275 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 120 | ▉ | ▉ | ▉ | ▉/2005 | ▉/2013 | GS0387166 - GS0387170 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present or former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 121 | ▮ | ▮ | ▮ | /2007 | /2014 | GS0391081 - GS0391085 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014 | | | | |
| 122 | ▮ | ▮ | ▮ | /1992 | /2006 | GS0388697 - GS0388700 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 123 | ▮ | ▮ | ▮ | /2008 | /2016 | GS0391086 - GS0391091 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 1/29/2014; 7/15/2015 | | | | |

# Appendix A
## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 124 | ▬ | ▬ | | /1998 | ▬ /2004 | GS0387177 - GS0387185 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 125 | ▬ | ▬ | | /2000 | ▬ /2002 | GS0387186 - GS0387189 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▬ /2000 | GS0385749 - GS0385751 | Any dispute or claim arising out of, based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 126 | ▬ | ▬ | | /2015 | ▬ /2016 | GS0391092 - GS0391097 | ▬ | ▬ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised to sign this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 127 | ■ | ■ | ■/2001 | ■/2012 | | GS0387190 - GS0387194 | ■ | ■ | | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 1/29/2014 | | | | |
| 128 | ■ | ■ | ■/2004 | ■/2011 | | GS0387195 - GS0387199 | ■ | ■ | | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 129 | ■ | ■ | ■/1986 | ■/2011 | | GS0387200 - GS0387204 | ■ | ■ | | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

43

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 130 | ▮ | ▮ | ▮ | /2004 | ▮2008 | GS0387205 - GS0387219 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA)). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 131 | ▮ | ▮ | ▮ | /2004 | ▮2010 | GS0390235 - GS0390239 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such program)and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2007 | GS0385760 - GS0385762 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award concerning your employment will be final and binding and may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 132 | ▮ | ▮ | ▮ | /2005 | ▮2008 | GS0387228 - GS0387231 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 133 | ▮ | ▮ | | /1999 | /2011 | GS0387232 - GS0387236 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 134 | ▮ | ▮ | | /2000 | /2009 | GS0391106 - GS0391109 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 135 | ▮ | ▮ | | /1999 | /2008 | GS0387237 - GS0387240 | ▮ | | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 136 | ▮▮ | ▮▮▮ | ▮ | /2002 | /2012 | GS0387241 - GS0387245 | ▮▮▮ | ▮▮▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 137 | ▮▮ | ▮▮▮ | ▮ | /2007 | /2008 | GS0387246 - GS0387249 | ▮▮▮ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 138 | ▮▮ | ▮▮▮ | ▮ | /2000 | /2006 | GS0387250 - GS0387253 | ▮ | ▮▮▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 139 | ▮ | ▮ | | /2006 | ▮ /2008 | GS0387254 - GS0387261 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 140 | ▮ | ▮ | | /2000 | ▮ /2002 | GS0387262 - GS0387269 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 141 | ▮ | ▮ | | /2002 | ▮ /2009 | GS0391229 - GS0391229 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Release provision not in copy of agreement; based on timing of execution and standard form in use, release clause likely to be: Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional). for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 142 | ▮ | ▮ | ▮ | /2012 | /2016 | GS0388634 - GS0388639 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 1/29/2014; 7/15/2015 | | | | |
| 143 | ▮ | ▮ | ▮ | /2002 | /2008 | GS0387270 - GS0387273 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, any of its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |
| 144 | ▮ | ▮ | ▮ | /1978 | /2002 | GS0387274 - GS0387277 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 145 | ▉ | ▉ | | /2007 | /2008 | GS0387278 - GS0387281 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or relating to your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 146 | ▉ | ▉ | | /2000 | /2008 | GS0387282 - GS0387289 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 147 | ▉ | ▉ | | /2000 | /2002 | GS0391119 - GS0391126 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers, Inc. to be arbitrated, if the matter is not arbitrable before the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 148 | ▉ | ▉ | | /2004 | /2011 | GS0387290 - GS0387294 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 149 | ▆ | ▆ | | ▆/2001 | ▆2002 | GS0387303 - GS0387310 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver excludes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 150 | ▆ | ▆ | | ▆/2004 | ▆2013 | GS0387311 - GS0387320 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Nothing contained in this Section 5.1 shall in any way constitute a release or waiver by you of any rights that arise after the effective date of this agreement, including any such rights to enforce the terms of this letter agreement dated December 3, 2013. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 151 | ▆ | ▆ | | ▆/2003 | ▆/2006 | GS0387321 - GS0387328 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 152 | ▮ | ▮ | ▮ | /2004 | /2016 | GS0391127 - GS0391131 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 153 | ▮ | ▮ | ▮ | /2006 | /2017 | GS0391132 - GS0391137 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 154 | ▮ | ▮ | ▮ | /2006 | /2008 | GS0389531 - GS0389534 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

51

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 155 | ▮ | ▮ | ▮ | ▮/1996 | ▮/2002 | GS0387339 - GS0387342 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan in which you participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 156 | ▮ | ▮ | ▮ | ▮/2004 | ▮/2008 | GS0387343 - GS0387354 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 157 | ▮ | ▮ | ▮ | ▮/2005 | ▮/2008 | GS0387355 - GS0387363 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 158 | ▮ | ▮ | ▮/2008 | ▮/2017 | GS0391138 - GS0391143 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 159 | ▮ | ▮ | ▮/2000 | ▮/2008 | GS0387364 - GS0387367 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act Of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 160 | ▮ | ▮ | ▮/2007 | ▮/2008 | GS0387368 - GS0387371 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver also includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act Of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | ■■ | ■■■■■ | ■ | ■/2009 | ■2012 | GS0387372 - GS0387376 | ■ | ■■ | ■■■■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | PWA Agreement | ■/2011 | GS0385822 - GS0385826 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 162 | ■■ | ■■■■■ | ■ | ■/2006 | ■2008 | GS0387377 - GS0387384 | ■■■ | ■■■■ | ■■■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 163 | ■■ | ■■■■■ | ■ | ■/2006 | ■/2013 | GS0387385 - GS0387394 | ■■ | ■■■■ | ■■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 164 | ███ | ████████ | ██ | /1998 | ██ 2012 | GS0391316 - GS0391320 | ███ | ██████ | █ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | Extended Managing Director Agreement | ██████ | GS0383016 - GS0383024 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 165 | █ | ██ | ██ | /2005 | ██ 2011 | GS0389039 - GS0389043 | ████ | ██████ | █ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 166 | ███████ | ████ | ███ | /2013 | ██ 2017 | GS0391144 - GS0391149 | ███ | ██████ | ███ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 167 | ▮ | ▮ | ▮ | ▮/2005 | ▮/2017 | GS0391150 - GS0391154 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 168 | ▮ | ▮ | ▮ | ▮/1980 | ▮/2003 | GS0387395 - GS0387398 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 169 | ▮ | ▮ | ▮ | ▮/1996 | ▮/2011 | GS0391155 - GS0391159 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 170 | ▮ | ▮ | | ▮/2000 | ▮/2007 | GS0388578 - GS0388581 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 171 | ▮ | ▮ | | ▮/2011 | ▮/2015 | GS0387414 - GS0387423 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards. and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |
| 172 | ▮ | ▮ | | ▮/1998 | ▮/2006 | GS0387424 - GS0387432 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 5) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors. shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 173 | ▓ | ▓ | | /2003 | ▓ /2008 | GS0387433 - GS0387436 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 174 | ▓ | ▓ | | /2001 | ▓ /2017 | GS0391160 - GS0391164 | ▓ | ▓ | ▓ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs or your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Extended Managing Director Agreement | ▓ | GS0383085 - GS0383093 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 175 | ▓ | ▓ | | /2004 | ▓ /2008 | GS0387446 - GS0387449 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▓ /2004 | GS0385837 - GS0385839 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 176 | ■ | ■ | ■ | ■/2000 | ■/2007 | GS0387454 - GS0387458 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities , and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA, claims to enforce the terms of this Agreement and claims to state unemployment benefits). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, except as provided herein. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 177 | ■ | ■ | ■ | ■/1999 | ■/2002 | GS0387459 - GS0387463 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ■/1999 | GS0390826 - GS0390828 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate state and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 178 | ■ | ■ | ■ | ■/2003 | ■/2016 | GS0391165 - GS0391170 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 179 | ▮ | ▮ | ▮ | /2000 | ▮ /2009 | GS0387468 - GS0387471 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, those provided for herein and under (such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any financial or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ /2006 | GS0385845 - GS0385847 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 180 | ▮ | ▮ | ▮ | /2014 | ▮ /2017 | GS0391171 - GS0391176 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | | | | |
| 181 | ▮ | ▮ | ▮ | /2003 | ▮ /2008 | GS0387472 - GS0387475 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Agreement Signed Date (E) | Operative Agreement Bates (F) | Notice Period with Salary (End Date) (G) | Severance Payment Period with Salary (End Date) (H) | Other Consideration (Lump Sum Amount, Outplacement, etc) (I) | Waiver of Equity Forfeiture Conditions? (J) | Operative Agreement Arbitration Provision (K) | Operative Agreement Release Provision (L) | Hold Notice Before Operative Agreement? (M) | Hold Notice Dates (N) | Prior Agreement Type (O) | Prior Agreement Signed Date (P) | Prior Agreement Bates (Q) | Prior Agreement Arbitration Provision (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 182 | ▇ | ▇ | ▇ /1994 | ▇ /2011 | GS0387476 - GS0387480 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered actual separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 183 | ▇ | ▇ | ▇ /2009 | ▇ /2016 | GS0391177 - GS0391181 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | PWA Agreement | ▇ /2011 | GS0385865 - GS0385869 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 184 | ▇ | ▇ | ▇ /2000 | ▇ /2003 | GS0387481 - GS0387484 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present. and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 185 | ▮ | ▮ | ▮ | /2009 | /2013 | GS0387485 - GS0387489 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 186 | ▮ | ▮ | ▮ | /2008 | /2016 | GS0387490 - GS0387495 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any Claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 187 | ▮ | ▮ | ▮ | /2006 | /2008 | GS0387496 - GS0387499 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 188 | ▮ | ▮ | ▮ | /2013 | ▮2016 | GS0387500 - GS0387505 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims you might have, known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you may have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 1/29/2014; 7/15/2015 | | | | |
| 189 | ▮ | ▮ | ▮ | /2001 | ▮2003 | GS0387506 - GS0387509 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 190 | ▮ | ▮ | ▮ | /1998 | ▮2003 | GS0387510 - GS0387513 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 191 | ▮ | ▮ | ▮ | /1999 | ▮ /2008 | GS0387514 - GS0387517 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 192 | ▮ | ▮ | ▮ | /2007 | ▮ /2015 | GS0387518 - GS0387522 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | PWA Agreement | ▮ /2007 | GS0385889 - GS0385891 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 193 | ▮ | ▮ | ▮ | /2006 | ▮ /2013 | GS0389480 - GS0389484 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 6/19/2012 | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 194 | ▮ | | ▮ | /2000 | ▮/2002 | GS0391374 - GS0391382 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of (among other things) the firm's forbearance from terminating your employment with immediate effect and the payments and other benefits offered pursuant to the severance package, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs. its parents, subsidiaries or affiliates. or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship or other association with the firm, or the termination of your employment or other association with the firm (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race. color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 195 | ▮ | | ▮ | /2007 | ▮/2008 | GS0387523 - GS0387526 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and claims under the binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 196 | ▮ | | ▮ | /2002 | ▮/2008 | GS0387527 - GS0387530 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 197 | ▮ | ▮ | ▮ | ▮/2000 | ▮/2002 | GS0387531 - GS0387538 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint |  |  |  |  |
| 198 | ▮ | ▮ | ▮ | ▮/2004 | ▮/2015 | GS0387539 - GS0387549 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation or to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your document dated April 10, 2015. (Section 5.1) | Yes | 9/20/2010; 1/29/2014 |  |  |  |  |
| 199 | ▮ | ▮ | ▮ | ▮/1986 | ▮/2008 | GS0387550 - GS0387559 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint |  |  |  |  |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 200 | ▇ | ▇ | ▇ | /1991 | ▇ /2002 | GS0387560 - GS0387563 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 201 | ▇ | ▇ | ▇ | /1999 | ▇ /2009 | GS0387564 - GS0387567 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▇ /1999 | GS0390829 - GS0390832 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in the New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) |
| 202 | ▇ | ▇ | ▇ | /1007 | ▇ /2008 | GS0387568 - GS0387571 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 203 | ▮ | ▮ | ▮ | /2005 | ▮/2016 | GS0387572 - GS0387577 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever whatever claims against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Act (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 204 | ▮ | ▮ | ▮ | /2005 | ▮/2008 | GS0390498 - GS0390501 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. We agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 205 | ▮ | ▮ | ▮ | /1987 | ▮/2007 | GS0387578 - GS0387585 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 206 | ▮ | ▮ | | ▮/2005 | ▮/2009 | GS0387979 - GS0387979 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, as well as any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 207 | ▮ | ▮ | | ▮/2000 | ▮/2011 | GS0387586 - GS0387596 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 208 | ▮ | ▮ | | ▮/1972 | ▮/2002 | GS0387601 - GS0387604 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will constitute confirmation that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 209 | ▇ | ▇ | ▇ | /2000 | ▇ /2002 | GS0387611 - GS0387618 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award shall be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 210 | ▇ | ▇ | ▇ | /2006 | ▇ /2013 | GS0387619 - GS0387623 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 6/19/2012 | | | | |
| 211 | ▇ | ▇ | ▇ | /2007 | ▇ /2010 | GS0387624 - GS0387628 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 212 | ▮ | ▮ | | /2005 | ▮ /2012 | GS0387629 - GS0387633 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 213 | ▮ | ▮ | | /1999 | ▮ /2003 | GS0387634 - GS0387637 | ▮ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |
| 214 | ▮ | ▮ | | /2000 | ▮ /2004 | GS0387638 - GS0387646 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

71

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 215 | ▮ | ▮ | ▮ | ▮/1992 | ▮2002 | GS0387647 - GS0387650 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs, or to the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan in which you are a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 216 | ▮ | ▮ | ▮ | ▮/2000 | ▮2003 | GS0387659 - GS0387662 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs, or to the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 217 | ▮ | ▮ | ▮ | ▮/2006 | ▮/2011 | GS0391182 - GS0391186 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs, or to the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 218 | ▮ | ▮ | ▮ | /2000 | /2009 | GS0387663 - GS0387666 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 219 | ▮ | ▮ | ▮ | /1996 | /2002 | GS0387667 - GS0387670 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against SLK, Goldman Sachs, their parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by SLK, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights in any employee pension benefit plan, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the Retention Letter)), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 220 | ▮ | ▮ | ▮ | /2014 | /2016 | GS0387671 - GS0387676 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 221 | ▇ | ▌ | | /2014 | ▇ 2016 | GS0387677 - GS0387682 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover with in seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 7/15/2015 | | | | |
| 222 | ▇ | ▌ | | /2001 | ▇ 2007 | GS0387683 - GS0387690 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 223 | ▇ | ▌ | | /1995 | ▇ 2008 | GS0387691 - GS0387698 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 224 | ▓ | ▓ | | /2006 | /2008 | GS0387711 - GS0387718 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you or relating in any way to this agreement or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 225 | ▓ | ▓ | | /2000 | /2002 | GS0387719 - GS0387722 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 226 | ▓ | ▓ | | /1986 | /2014 | GS0391187 - GS0391191 | ▓ | ▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA.). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider signing this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 227 | ▆ | ▆ | ▆ | /2004 | ▆/2008 | GS0387728 - GS0387735 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 228 | ▆ | ▆ | ▆ | /2005 | ▆/2010 | GS0387736 - GS0387740 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 229 | ▆ | ▆ | ▆ | /1999 | ▆/2006 | GS0387741 - GS0387744 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 230 | ▮ | ▮ | ▮ | ▮/1999 | ▮/2002 | GS0387745 - GS0387748 | ▮ | ▮ | ▮ | | Any dispute or claim arising out or based upon or relating in any way to this agreement, or to your employment at SLK or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against SLK, Goldman Sachs, their parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by SLK, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the Retention Letter)), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 231 | ▮ | ▮ | ▮ | ▮/2011 | ▮/2017 | GS0387749 - GS0387754 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your association with the firm, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 232 | ▮ | ▮ | ▮ | ▮/2006 | ▮/2008 | GS0387755 - GS0387758 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 233 | ▅ | ▅ | ▅ | /2010 | ▅/2015 | GS0387759 - GS0387768 | ▅ | ▅ | ▅ | ▅ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to the letter dated March 13, 2015. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 234 | ▅ | ▅ | ▅ | /1995 | ▅/2008 | GS0387769 - GS0387776 | ▅ | ▅ | ▅ | ▅ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 235 | ▅ | ▅ | ▅ | /1989 | ▅/2015 | GS0387777 - GS0387781 | ▅ | ▅ | ▅ | ▅ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 236 | ▬ | ▬ | ▬ | /1986 | ▬ /2002 | GS0387787 - GS0387790 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 237 | ▬ | ▬ | ▬ | /2000 | ▬ /2002 | GS0387791 - GS0387799 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 238 | ▬ | ▬ | ▬ | /2005 | ▬ /2009 | GS0387817 - GS0387820 | ▬ | ▬ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your association, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 239 | ▮ | ▮ | ▮ | /2004 | ▮/2009 | GS0387800 - GS0387807 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 240 | ▮ | ▮ | ▮ | /2006 | ▮/2008 | GS0387808 - GS0387811 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 241 | ▮ | ▮ | ▮ | /2004 | ▮/2012 | GS0387812 - GS0387816 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation or to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional, for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 242 | ▮ | ▮ | ▮ /2007 | ▮ /2016 | GS0387699 - GS0387710 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 243 | ▮ | ▮ | ▮ /2001 | ▮ /2010 | GS0387821 - GS0387825 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | 9/20/2010 | | | | |
| 244 | ▮ | ▮ | ▮ /1999 | ▮ /2010 | GS0387826 - GS0387830 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 245 | ▮ | ▮ | ▮ | ▮/2010 | ▮2016 | GS0387831 - GS0387836 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 246 | ▮ | ▮ | ▮ | ▮/1990 | ▮2016 | GS0387837 - GS0387848 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to the document dated February 18, 2016. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 247 | ▮ | ▮ | ▮ | ▮/2015 | ▮2016 | GS0387849 - GS0387853 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | N/A | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 248 | ▆ | ▆ | ▆ | /1994 | ▆ /2003 | GS0387854 - GS0387857 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA.) You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities(collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2 - 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 249 | ▆ | ▆ | ▆ | /2000 | ▆ 2008 | GS0387858 - GS0387865 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as those relating to any payments or benefits (including, without limitation, those provided for herein and any such programs) and any consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 250 | ▆ | ▆ | ▆ | /2006 | ▆ 2008 | GS0387866 - GS0387869 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and any such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▆ /2005 | GS0385963 - GS0385965 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 251 | ▆ | ▆ | | /1990 | /2008 | GS0387870 – GS0387873 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 252 | ▆ | ▆ | | /2002 | /2009 | GS0387874 – GS0387877 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 253 | ▆ | ▆ | | /2003 | /2008 | GS0387889 – GS0387897 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

84

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 254 | ■ | ■ | ■ | ■/2013 | ■/2016 | GS0387904 - GS0387909 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |
| 255 | ■ | ■ | ■ | ■/2007 | ■/2008 | GS0387910 - GS0387913 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs as well as any claims relating to any payments or benefits (including, without limitation those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ■/2007 | GS0385974 - GS0385976 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that this arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by any affiliate thereof as a third party beneficiary. (Section 11) |
| 256 | ■ | ■ | ■ | ■/2011 | ■/2017 | GS0387898 - GS0387903 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 257 | ▮ | ▮ | ▮ | /1997 | ▮2006 | GS0387914 - GS0387922 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 258 | ▮ | ▮ | ▮ | /2000 | ▮2002 | GS0387923 - GS0387926 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 259 | ▮ | ▮ | ▮ | /2000 | ▮2008 | GS0387927 - GS0387930 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 260 | ■ | ■ | ■ /1998 | ■ /2008 | GS0387931 - GS0387934 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 261 | ■ | ■ | ■ /2001 | ■ /2003 | GS0387935 - GS0387938 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 262 | ■ | ■ | ■ /2006 | ■ /2008 | GS0387939 - GS0387946 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver also includes, without limitation, any claims you have or might have had concerning delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 263 | ▉ | ▉ | ▉ | /2000 | ▉2002 | GS0387951 - GS0387954 | ▉ | ▉ ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | /2000 | GS0385987 - GS0385989 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) |
| 264 | ▉ | ▉ | ▉ | /2000 | ▉2008 | GS0387955 - GS0387962 | ▉ ▉ | ▉ ▉ | ▉ | Any dispute or claim arising out of or based upon or relating to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 265 | ▉ | ▉ | ▉ | /1986 | ▉2012 | GS0387963 - GS0387967 | ▉ ▉ | ▉ ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided as Attachment A to the letter dated December 7, 2011. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 266 | ▮ | ▮ | | /1996 | ▮/2002 | GS0391255 - GS0391258 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 267 | ▮ | ▮ | | /1997 | ▮/2007 | GS0387968 – GS0387975 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 268 | ▮ | ▮ | | /2006 | ▮/2008 | GS0391214 - GS0391217 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 269 | ▮ | ▮ | ▮ | ▮/2006 | ▮/2016 | GS0387980 – GS0387985 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 270 | ▮ | ▮ | ▮ | ▮/2013 | ▮/2015 | GS0387986 – GS0387990 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014 | | | | |
| 271 | ▮ | ▮ | ▮ | ▮/1998 | ▮/2002 | GS0387991 – GS0387994 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 272 | ▇ | ▇ | | ▇/2001 | ▇/2012 | GS0387999 - GS0388003 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under such programs as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with an attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke this agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 273 | ▇ | ▇ | | ▇/1997 | ▇/2005 | GS0388004 - GS0388007 | ▇ | ▇ | | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 274 | ▇ | ▇ | | ▇/2002 | ▇/2011 | GS0388008 - GS0388013 | ▇ | ▇ | | ▇ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | Extended Managing Director Agreement | ▇ | GS0383532 - GS0383540 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ( "AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |

91

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 275 | ▮ | ▮ | | ▮/2003 | ▮/2015 | GS03BB014 - GS03BB018 | ▮ | | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 276 | ▮ | ▮ | | ▮/1998 | ▮/2006 | GS03BB019 - GS03BB021 | ▮ | | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | Your signature below will constitute your agreement that, in consideration of the arrangements set forth herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms of conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 277 | ▮ | ▮ | | ▮/2004 | ▮/2009 | GS03BB022 - GS03BB025 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 278 | ▮ | ▮ | ▮ /2002 | ▮ /2011 | GS038B026 - GS038B030 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 279 | ▮ | ▮ | ▮ /1998 | ▮ /2002 | GS038B031 - GS038B035 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at SLK or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against SLK, Goldman Sachs, their parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by SLK, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights in any employee pension benefit plan, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. Your signature below will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Page 3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 280 | ▮ | ▮ | ▮ /2009 | ▮ /2016 | GS038B036 - GS038B040 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 281 | ▇ | ▇ | ▇ | /1996 | ▇ /2016 | GS03B8041 - GS03B8046 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover with in seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 282 | ▇ | ▇ | ▇ | /2002 | ▇ /2012 | GS03B8047 - GS03B8051 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 283 | ▇ | ▇ | ▇ | /1980 | ▇ /2005 | GS03B8052 - GS03B8059 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both law and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your document dated March 16, 2005 and revision dated April 13, 2005. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 284 | ■ | ■ | ■ | ■/2014 | ■/2017 | GS0388082 - GS0388087 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachments A to this document. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | PWA Agreement | ■/2014 | GS0386023 - GS0386027 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 285 | ■ | ■ | ■ | ■/2000 | ■/2010 | GS0388088 - GS0388097 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 286 | ■ | ■ | ■ | ■/2001 | ■/2008 | GS0388098 - GS0388105 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 287 | ■ | | | /1986 | ■/2016 | GS0388106 - GS0388110 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any change to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period or seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 4/9/2013; 1/29/2014; 7/15/2015 | PWA Agreement | ■/2013 | GS0386028 - GS0386032 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 288 | ■ | | | ■/1998 | ■/2008 | GS0396145 - GS0396148 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits(including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any change to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 289 | ■ | | | ■/2001 | ■/2002 | GS0388111 - GS0388118 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and have had that additional awards should have been made to you under such binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or programs. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 290 | ▮ | ▮ | ▮ | /1996 | ▮ /2003 | GS0388119 - GS0388122 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and have had that additional awards should have been made to you under such programs. (Page 4) binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ /2000 | GS0386033 - GS0386036 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 291 | ▮ | ▮ | ▮ | /2005 | ▮ /2007 | GS0388123 - GS0388130 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 292 | ▮ | ▮ | ▮ | /1004 | ▮ /2017 | GS0391223 - GS0391228 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract; for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 293 | ▇ | ▇ | | ▇/1999 | ▇/2008 | GS0388131 - GS0388134 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 294 | ▇ | ▇ | | ▇/2004 | ▇/2008 | GS0388135 - GS0388142 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 295 | ▇ | ▇ | | ▇/2003 | ▇/2008 | GS0388143 - GS0388146 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever, whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 296 | ▮ | ▮ | ▮/2006 | ▮/2014 | GS038147 - GS038151 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract. or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; | | | | |
| 297 | ▮ | ▮ | ▮/2007 | ▮/2012 | GS038152 - GS038156 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 298 | ▮ | ▮ | ▮/2012 | ▮/2016 | GS038195 - GS038199 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014; 7/15/2015 | PWA Agreement | ▮/2014 | GS0386066 - GS0386070 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 299 | ▨ | ▨ | ▨ | /2002 | ▨ /2008 | GS03B8705 - GS03B8712 | ▨ | ▨ | ▨ | ▨ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you chose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your previous document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 300 | ▨ | ▨ | ▨ | /1998 | ▨ /2016 | GS03J1230 - GS03J1235 | ▨ | ▨ | ▨ | ▨ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you chose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 6/19/2014; 1/29/2014; 7/15/2015 | | | | |
| 301 | ▨ | ▨ | ▨ | /2000 | ▨ /2008 | GS03B8790 - GS03B8797 | ▨ | ▨ | ▨ | ▨ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 302 | ▮ | ▮ | ▮ | /1985 | ▮/2014 | GS0388157 - GS0388161 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 303 | ▮ | ▮ | ▮ | /1995 | ▮/2002 | GS0388798 - GS0388801 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 304 | ▮ | ▮ | ▮ | /2008 | ▮/2015 | GS0391240 - GS0391244 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 305 | ▪ | ▪ | | ▪/2000 | ▪/2002 | GS0388162 - GS0388169 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 306 | ▪ | ▪ | | ▪/2000 | ▪/2009 | GS0388174 - GS0388177 | ▪ | ▪ | ▪ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including but not limited to the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 307 | ▪ | ▪ | | ▪/2001 | ▪/2003 | GS0391245 - GS0391248 | ▪ | ▪ | ▪ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 308 | ▮ | ▮▮▮ | ▮ | /2000 | ▮/2015 | GS0388178 - GS0388182 | ▮▮▮ | ▮▮▮ | ▮▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state, or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 309 | ▮ | ▮▮▮ | ▮ | /1998 | ▮/2014 | GS0396149 - GS0396166 | ▮▮▮ | ▮▮▮ | ▮▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 8/2/2011; 6/19/2012 | | | | |
| 310 | ▮▮ | ▮▮ | ▮ | /1993 | ▮/2003 | GS0388183 - GS0388186 | ▮▮▮ | ▮▮▮ | ▮▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 311 | ▮ | ▮ | ▮ | ▮/1999 | ▮/2002 | GS0388187 - GS0388190 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 312 | ▮ | ▮ | ▮ | ▮/1999 | ▮/2002 | GS0388191 - GS0388194 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/1999 | GS0386063 - GS0386065 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) |
| 313 | ▮ | ▮ | ▮ | ▮/2010 | ▮/2011 | GS0388200 - GS0388204 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 314 | ▓ | ▓ | ▓ /2012 | ▓ /2016 | GS0388216 - GS0388220 | ▓ | ▓ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014; 7/15/2015 | PWA Agreement | ▓ /2011 | GS0386071 - GS0386075 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any written application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 315 | ▓ | ▓ | ▓ /2003 | ▓ /2009 | GS0388221 - GS0388224 | ▓ | ▓ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state, or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA)). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 316 | ▓ | ▓ | ▓ /1986 | ▓ /2003 | GS0388225 - GS0388228 | ▓ | ▓ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders. employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 317 | ▮ | ▮ | /1996 | ▮2016 | GS0391249 - GS0391254 | ▮ | ▮ | ▮ | ▮ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD Letter), or for claims of retaliation based on alleged whistleblowing activity pursuant to the Sarbanes-Oxley Act of 2002 or the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 or claims of discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims for attorneys fees or under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider the terms of this release and its consequences, that you have been advised prior to signing this agreement to consult with an attorney and any personal or financial advisor you choose, and that you agree that the changes you have negotiated to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. You acknowledge receiving the required information in an Attachment A that was | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Extended Managing Director Agreement | ▮ | GS0383668 - GS0383676 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 318 | ▮ | ▮ | /2014 | ▮2017 | GS0388229 - GS0388238 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any consequences thereof. Your signature below will also constitute confirmation that you have been advised prior to signing this agreement to consult with an attorney and any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The requirement a formation is provided in Attachment A to this document. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | PWA Agreement | /2014 | GS0386079 - GS0386083 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 319 | ▮ | ▮ | /2003 | ▮2008 | GS0389252 - GS0389255 | ▮ | ▮ | | Yes | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 320 | ▮ | ▮ | ▮ | /1979 | ▮ /2004 | GS0388239 - GS0388242 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 321 | ▮ | ▮ | ▮ | /2007 | ▮ /2010 | GS0388243 - GS0388247 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 322 | ▮ | ▮ | ▮ | /1998 | ▮ /2003 | GS0388248 - GS0388251 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | /1997 | GS0386085 - GS0386085 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award for damages rendered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 323 | ▮ | ▮ | ▮ | /1998 | /2009 | GS038B252 - GS038B255 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 324 | ▮ | ▮ | ▮ | /2006 | /2008 | GS038B256 - GS038B259 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 325 | ▮ | ▮ | ▮ | /2004 | /2006 | GS038B260 - GS038B267 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both law and the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 326 | ▇ | ▇ | | /2006 | ▇ /2008 | GS038268 - GS038271 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 327 | ▇ | ▇ | | /1996 | ▇ /2011 | GS038276 - GS038280 | ▇ | ▇ | ▇ | ▇ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | Extended Managing Director Agreement | ▇ | GS038370? - GS038371S | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 328 | ▇ | ▇ | | /2000 | ▇ /2005 | GS038281 - GS038288 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 329 | ▮ | ▮ | ▮ | ▮/1997 | ▮/2003 | GS0388289 - GS0388292 | ▮ | ▮▮▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award may be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 330 | ▮ | ▮ | ▮ | ▮/2007 | ▮/2012 | GS0388303 - GS0388307 | ▮ | ▮▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 331 | ▮ | ▮ | ▮ | ▮/2001 | ▮/2008 | GS0388308 - GS0388311 | ▮ | ▮▮▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 332 | | | | /2006 | /2018 | GS0388317 - GS0388322 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that... (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 333 | | | | /1995 | /2003 | GS0388323 - GS0388326 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement... (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 334 | | | | /1979 | /2015 | GS0388205 - GS0388215 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that... (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 335 | ▆ | ▆ | ▆ | /2008 | ▆/2008 | GS0388331 - GS0388334 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 336 | ▆ | ▆ | ▆ | /2001 | ▆/2002 | GS0387295 - GS0387302 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 337 | ▆ | ▆ | ▆ | /2001 | ▆/2016 | GS0388335 - GS0388346 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 338 | ■ | ■ | | ■/1989 | ■/2011 | GS0388347 - GS0388351 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 339 | ■ | ■ | | ■/2005 | ■/2008 | GS0387651 - GS0387658 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 340 | ■ | ■ | | ■/2015 | ■/2018 | GS0388361 - GS0388365 | ■ | ■ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | PWA Agreement | ■/2014 | GS0386102 - GS0386106 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |

# Appendix A

Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 341 | ▮▮ | ▮▮ | ▮ | ▮/2002 | ▮/2009 | GS0388366 - GS0388369 | ▮▮ | ▮▮ | ▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 342 | ▮ | ▮ | | ▮/2010 | ▮/2013 | GS0388370 - GS0388374 | ▮▮ | ▮▮ | ▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 343 | ▮▮ | ▮▮ | ▮ | ▮/2006 | ▮/2011 | GS0388384 - GS0388388 | ▮▮ | ▮▮ | ▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 344 | ▪ | ▪ | ▪ | ▪/1996 | ▪/2004 | GS0387442 - GS0387445 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have , or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 345 | ▪ | ▪ | ▪ | ▪/2000 | ▪/2009 | GS0388389 - GS0388392 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your association with the firm, or the termination of your employment, will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 346 | ▪ | ▪ | ▪ | ▪/2001 | ▪/2010 | GS0389712 - GS0389716 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided herein and under such programs) and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

115

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 347 | ▮ | ▮ | ▮ | /2006 | ▮2016 | GS0388393 - GS0388398 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015 | | | | |
| 348 | ▮ | ▮ | ▮ | /1991 | ▮2016 | GS0388399 - GS0388404 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 349 | ▮ | ▮ | ▮ | /1998 | ▮2017 | GS0388405 - GS0388410 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

116

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 350 | [redacted] | [redacted] | | [redacted]/1992 | [redacted]/2004 | GS0388411 - GS0388414 | [redacted] | [redacted] | [redacted] | [redacted] | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 351 | [redacted] | [redacted] | | [redacted]/1998 | [redacted]/2004 | GS0388415 - GS0388418 | [redacted] | [redacted] | [redacted] | [redacted] | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 352 | [redacted] | [redacted] | | [redacted]/2008 | [redacted]/2011 | GS0388419 - GS0388428 | [redacted] | [redacted] | [redacted] | [redacted] | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | PWA Agreement | [redacted]/2008 | GS0386121 - GS0386123 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

117

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 353 | ▆ | ▆ | ▆ | /1992 | ▆ /2008 | GS038429 - GS038432 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided herein and under such programs) and tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 354 | ▆ | ▆ | ▆ | /2001 | ▆ /2002 | GS038433 - GS038436 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 355 | ▆ | ▆ | ▆ | /2006 | ▆ /2008 | GS038437 - GS038444 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race , color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of this 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Workers Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 356 | ▇ | ▇ | ▇ | /2005 | /2014 | GS03B8445 - GS03B8449 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. The firm is not currently aware of any facts which might give rise to a claim against you by the firm. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | PWA Agreement | /2011 | GS03B6124 - GS03B6126 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgement in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 357 | ▇ | ▇ | ▇ | /2005 | /2011 | GS03B8450 - GS03B8454 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 358 | ▇ | ▇ | ▇ | /1983 | /2008 | GS03B8455 - GS03B8458 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 359 | | | | /1999 | /2015 | GS0388459 - GS0388463 | | | | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Extended Managing Director Agreement | | GS0383866 - GS0383874 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 360 | | | | /2004 | /2012 | GS0388464 - GS0388469 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 361 | | | | /2004 | /2008 | GS0388470 - GS0388473 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you make revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 362 | ▉ | ▉ | ▉/2012 | ▉/2013 | GS03B8474 - GS03B8478 | ▉ | ▉ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013 | | | | |
| 363 | ▉ | ▉ | ▉/2000 | ▉/2008 | GS03B8479 - GS03B8486 | ▉ | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 "ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 364 | ▉ | ▉ | ▉/2015 | ▉/2017 | GS03B8487 - GS03B8492 | ▉ | ▉ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 12/2/2016 | | | | |

121

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 365 | ▇ | ▇ | ▇ | /2004 | ▇ /2008 | GS03B8493 - GS03B8496 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 366 | ▇ | ▇ | ▇ | /2007 | ▇ /2009 | GS03B8497 - GS03B8500 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 367 | ▇ | ▇ | ▇ | /2004 | ▇ /2016 | GS03B8501 - GS03B8506 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 368 | ▮ | ▮ | ▮ | /1981 | ▮/2002 | GS0388S07 - GS0388S10 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the American Arbitration Association or, at your option, any other organization referred to in the arbitration provisions of any Uniform Application for Securities Industry Registration you have signed. You also agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, arising out of your employment at the firm including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967). Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences and that you have been advised prior to signing this agreement to consult with any attorney or any personal or financial advisor you choose. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. Notwithstanding the foregoing, Goldman Sachs acknowledges and agrees that this release and waiver shall not apply to any claim relating to reimbursements due to you in connection with your final T&E report and/or home office expense submission. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 369 | ▮ | ▮ | ▮ | /1997 | ▮/2010 | GS0388S11 - GS0388S15 | ▮ | ▮ | ▮ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▮ | GS0383893 - GS0383901 | Subject to Section 9 below, any dispute, controversy or claim arising out of based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |
| 370 | ▮ | ▮ | ▮ | /2008 | ▮/2017 | GS0396230 - GS0396235 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including any rights and claims under laws applicable in England and Wales, for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

123

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 371 | ■ | ■ | ■ | ■/2004 | ■/2006 | GS038B516 - GS038B523 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 372 | ■ | ■ | ■ | ■/2010 | ■/2012 | GS038B524 - GS038B528 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 373 | ■ | ■ | ■ | ■/007 | ■/2009 | GS038B529 - GS038B532 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ■/007 | GS038B132 - GS038B134 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 374 | ▮ | ▮ | ▮ | /1996 | ▮2012 | GS0388541 - GS0388551 | ▮ | ▮ | ▮ |  | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors. officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period had expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your document dated January 30, 2012. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | Extended Managing Director Agreement | ▮ | GS0383902 - GS0383910 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 375 | ▮ | ▮ | ▮ | /1998 | ▮/2002 | GS0388560 - GS0388563 | ▮ | ▮ | ▮ |  | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/1998 | GS0386135 - GS0386138 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate case and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 376 | ▮ | ▮ | ▮ | ▮/1984 | ▮/2009 | GS0388564 - GS0388567 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 377 | ▮ | ▮ | ▮ | ▮/1999 | ▮/2008 | GS0388568 - GS0388577 | ▮ | ▮ | ▮ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD Letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▮ | GS0383946 - GS0383954 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 378 | ▮ | ▮ | ▮ | ▮/1999 | ▮/2008 | GS0389208 - GS0389211 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1837 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

126

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 379 | ▮ | ▮ | ▮ | /1996 | ▮/2003 | GS0388586 - GS0388589 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or to the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke this agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 380 | ▮ | ▮ | ▮ | /2001 | ▮/2006 | GS0388590 - GS0388593 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2001 | GS0386267 - GS0386269 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award is enforceable against and may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 381 | ▮ | ▮ | ▮ | /2006 | ▮/2008 | GS0388598 - GS0388601 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 382 | ▆ | ▆ | ▆ | ▆/2009 | ▆/2016 | GS0391259 - GS0391264 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 383 | ▆ | ▆ | ▆ | ▆/1998 | ▆/2004 | GS0388612 - GS0388615 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |
| 384 | ▆ | ▆ | ▆ | ▆/2000 | ▆/2003 | GS0388616 - GS0388619 | ▆ | ▆ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

# Appendix A
## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 385 | ▉ | ▉ | | ▉/2008 | ▉/2011 | GS0393111 - GS0393115 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 386 | ▉ | ▉ | | ▉/2005 | ▉/2011 | GS0388620 - GS0388624 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 387 | ▉ | ▉ | | ▉/1998 | ▉/2008 | GS0388625 - GS0388633 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

129

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 388 | ▪ | ▪ | | ▪/2003 | ▪/2008 | GS0389766 - GS0389769 | | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation. any claims- you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 389 | ▪ | ▪ | | ▪/1979 | ▪/2011 | GS0388640 - GS0388644 | | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation. any claims- you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 390 | ▪ | ▪ | | ▪/1997 | ▪/2005 | GS0388645 - GS0388652 | | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal. state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 391 | ■ | ■ | | /2002 | ■/2014 | GS0388672 - GS0388682 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to the document dated April 2, 2014. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 392 | ■ | ■ | | /2001 | ■/2016 | GS0388653 - GS0388658 | ■ | ■ | ■ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts [as defined below in section 11.3]. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Extended Managing Director Agreement | ■ | GS0384023 - GS0384031 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 393 | ■ | ■ | ■ | /1998 | ■ /2008 | GS0388659 - GS0388662 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 394 | ■ | ■ | ■ | /2000 | ■ /2004 | GS0388663 - GS0388671 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract. or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 395 | ■ | ■ | ■ | /1999 | ■ /2009 | GS0388683 - GS0388686 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits 'provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract. or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 396 | ■ | ■ | ■ | /2000 | ■ 2014 | GS0388687 - GS0388691 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 397 | ■ | ■ | ■ | /2003 | ■ 2013 | GS0388692 - GS0388696 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity, based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 398 | ■ | ■ | ■ | /2006 | ■ 2009 | GS0388299 - GS0388302 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 399 | ▮ | ▬ | ▬ | /2003 | ▬ /2008 | GS0396204 - GS0396229 | ▬ | ▮ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 24) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to the GSGH Agreement. (Pages 21-22) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 400 | ▮ | ▬ | ▬ | /2000 | ▬ /2002 | GS0388717 - GS0388720 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 401 | ▬ | ▬ | ▬ | /2006 | ▬ /2008 | GS0388721 - GS0388724 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 402 | ▆ | ▆ | | ▆/2010 | ▆/2012 | GS0388725 - GS0388729 | ▆ | ▆ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other criterion (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | PWA Agreement | ▆/2010 | GS0386163 - GS0386165 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 403 | ▆ | ▆ | | ▆/1996 | ▆/2002 | GS0388730 - GS0388733 | ▆ | ▆ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 404 | ▆ | ▆ | | ▆/2001 | ▆/2012 | GS0388734 - GS0388738 | ▆ | ▆ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

135

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 405 | ▆ | ▆ | ▆ | /1998 | ▆ /2008 | GS0388739 – GS0388742 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, and any consequences thereof. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 406 | ▆ | ▆ | ▆ | /2001 | ▆ 2016 | GS0388743 – GS0388748 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 407 | ▆ | ▆ | ▆ | /2000 | ▆ /2002 | GS0388754 – GS0388761 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, plus salary payments for unused vacation days in 2002, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 408 | ▮ | ▮ | ▮ | /2000 | ▮/2002 | GS0388762 - GS0388765 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 409 | ▮ | ▮ | ▮ | /2005 | ▮/2008 | GS0388766 - GS0388773 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 410 | ▮ | ▮ | ▮ | /2011 | ▮/2012 | GS0388774 - GS0388777 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 7.5) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 4.1) | Yes | 8/2/2011 | PWA Agreement | ▮/2011 | GS0386166 - GS0386170 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |

137

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 411 | ▇ | ▇ | ▇ | /2004 | ▇ /2009 | GS0389953 - GS0389956 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 412 | ▇ | ▇ | ▇ | /1997 | ▇ /2003 | GS0388782 - GS0388785 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 413 | ▇ | ▇ | ▇ | /1995 | ▇ /2002 | GS0388582 - GS0388585 | ▇ | ▇ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 414 | ▇ | ▇ | ▇ | /2005 | /2013 | GS0388749 - GS0388753 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 |  |  |  |  |
| 415 | ▇ | ▇ | ▇ | /2010 | /2016 | GS0388802 - GS0388807 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 1/29/2014; 7/15/2015 |  |  |  |  |
| 416 | ▇ | ▇ | ▇ | /1997 | /2008 | GS0388808 - GS0388811 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint |  |  |  |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 417 | ▇ | ▇ | ▇ | /2000 | /2008 | GS0388812 - GS0388815 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 418 | ▇ | ▇ | | /2003 | /2008 | GS0388816 - GS0388819 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 419 | ▇ | ▇ | | /2003 | /2009 | GS0388820 - GS0388823 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 420 | ▮ | ▮ | | /1986 | ▮2012 | GS0389801 - GS0389811 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to your document dated August 15, 2011. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 421 | ▮ | ▮ | | /1994 | ▮2008 | GS0388824 - GS0388827 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such award, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 422 | ▮ | ▮ | | /1995 | ▮2002 | GS0391273 - GS0391276 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 423 | ▮ | ▮ | ▮ | /2002 | ▮/2016 | GS0388828 - GS0388833 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach or any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 424 | ▮ | ▮ | ▮ | /1998 | ▮/2008 | GS0388834 - GS0388841 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 425 | ▮ | ▮ | ▮ | /1993 | ▮/2004 | GS0388842 - GS0388845 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

142

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 426 | ▉ | ▉ | /2001 | ▉2006 | GS0388846 - GS0388849 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | /2001 | GS0385999 - GS0386001 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 427 | ▉ | ▉ | /1989 | ▉2002 | GS0388850 - GS0388857 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee pension benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 428 | ▉ | ▉ | /2002 | ▉2008 | GS0388858 - GS0388861 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 429 | ▮ | ▮ | ▮ | /2001 | /2013 | GS0388862 - GS0388866 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Notwithstanding the foregoing, you do not release any future claims which accrue after the effective date of this agreement, including any claims you may have to enforce the terms, conditions and benefits of this agreement (e.g., severance payments, outplacement services, waiver of certain conditions affecting equity awards and benefits and conversion options for benefits during the Severance Period as described in the memo provided to you with this letter). (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 430 | ▮ | ▮ | ▮ | /2012 | /2016 | GS0388867 - GS0388871 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 1/29/2014; 7/15/2015 | PWA Agreement | /2012 | GS0386185 - GS0386189 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award is enforceable and may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by any affiliate thereof as a third party beneficiary. (Section 7(b)) |
| 431 | ▮ | ▮ | ▮ | /2007 | /2017 | GS0388872 - GS0388876 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 432 | ▉ | | ▉ | /1996 | ▉/2008 | GS0388877 - GS0388886 | ▉ | ▉ | ▉ | ▉ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▉ | GS0384203 - GS0384211 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |
| 433 | ▉ | | ▉ | /2004 | ▉/2011 | GS0388887 - GS0388891 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 434 | ▉ | | ▉ | /1984 | ▉/2008 | GS0388892 - GS0388899 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that you have chosen to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 435 | ▉ | ▉ | ▉ | ▉/2005 | ▉/2009 | GS0388900 - GS0388903 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 436 | ▉ | ▉ | ▉ | ▉/2010 | ▉/2014 | GS0388904 - GS0388915 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Nothing in this agreement is intended to eliminate or otherwise diminish the breadth or term of any indemnification rights you would otherwise have in connection with your Goldman Sachs employment (Pages 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 437 | ▉ | ▉ | ▉ | ▉/2002 | ▉/2008 | GS0388916 - GS0388923 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 438 | ■■ | ■■■■■ | | /2004 | ■■■2016 | GS0388293 - GS0388298 | ■■■ | ■■■ | ■■■■■■■■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 439 | ■■ | ■■■■ | | /2003 | ■■2009 | GS0388930 - GS0388933 | ■■■ | ■■■ | ■■■■■■ | ■ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD Letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ■■■■■ | GS0384280 - GS0384288 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |
| 440 | ■■ | ■■■■■ | | /2002 | ■■2008 | GS0388934 - GS0388937 | ■■■ | ■■■ | ■■■■■■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs, and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 441 | ▮ | ▮ | ▮ | /1999 | ▮/2010 | GS0388938 - GS0388943 | ▮▮ | ▮▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/1999 | GS0386199 - GS0386201 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 442 | ▮ | ▮ | ▮ | /1994 | ▮/2007 | GS0388952 - GS0388955 | ▮▮ | ▮▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 443 | ▮ | ▮ | ▮ | /1980 | ▮/2002 | GS0388956 - GS0388963 | ▮▮ | ▮▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven (7) days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2000 | GS0386216 - GS0386218 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 444 | ▮ | ▮ | | /2004 | /2011 | GS0388964 - GS0388968 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 445 | ▮ | ▮ | | /2000 | /2016 | GS0388969 - GS0388974 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 446 | ▮ | ▮ | | /2010 | /2017 | GS0388975 - GS0388979 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | PWA Agreement | /2010 | GS0386225 - GS0386229 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 447 | ▧ | ▧ | ▧ | 2006 | ▧ 2012 | GS0388980 - GS0388984 | ▧ | ▧ | ▧ | ▧ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 5.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | PWA Agreement | ▧ 2006 | GS0386230 - GS0386232 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any written application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 448 | ▧ | ▧ | ▧ | 2001 | ▧ 2012 | GS0388985 - GS0388994 | ▧ | ▧ | | ▧ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 449 | ▧ | ▧ | ▧ | 2006 | ▧ 2008 | GS0389005 - GS0389012 | ▧ | ▧ | ▧ | ▧ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 450 | ▮ | ▮ | ▮ | ▮/2001 | ▮/2004 | GS0389013 - GS0389016 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, the Inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 451 | ▮ | ▮ | ▮ | 2001 | ▮/2008 | GS0390125 - GS0390128 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your association, will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 452 | ▮ | ▮ | ▮ | 2003 | ▮/2011 | GS0389017 - GS0389021 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your association, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

151

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 453 | ▮ | ▮ | ▮ | 1977 | ▮/2011 | GS0391265 - GS0391272 | ▮ | ▮ | ▮ | Yes | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 454 | ▮ | ▮ | ▮ | ▮/2000 | ▮/2002 | GS0389027 - GS0389030 | ▮ | ▮ | ▮ | Yes | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 455 | ▮ | ▮ | ▮ | ▮/2003 | ▮/2008 | GS0389031 - GS0389038 | ▮ | ▮ | ▮ | Yes | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 456 | | | | 1998 | /2008 | GS0389044 - GS0389048 | | | | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD Letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | | GS0384339 - GS0384347 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |
| 457 | | | | /1996 | /2009 | GS0389049 - GS0389052 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 458 | | | | 2005 | /2008 | GS0389057 - GS0389064 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 459 | | | | /2006 | /2008 | GS0389065 - GS0389068 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 460 | | | | 1985 | /2016 | GS0389069 - GS0389074 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was previously provided to you in Attachment A under separate cover (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 461 | | | | 1993 | /2008 | GS0390092 - GS0390095 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|------|-------|-------------|------------------------|--------------------------------|---------------------------|--------------------------------------|-------------------------------------------------|----------------------------------------------------------|-----------------------------------------|-------------------------------------------|---------------------------------------|-----------------------------------------|-------------------|----------------------|-----------------------------|------------------------|--------------------------------------|
| 462 | ▆ | ▆ | ▆ | ▆/2000 | ▆/2008 | GS0389075 - GS0389078 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 463 | ▆ | ▆ | ▆ | ▆/1991 | ▆/2008 | GS0389079 - GS0389086 | ▆ | ▆ | ▆ | ▆ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 464 | ▆ | ▆ | ▆ | ▆/1998 | ▆/2002 | GS0389087 - GS0389090 | ▆ | ▆ | ▆ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

155

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 465 | ■ | ■ | ■ | /1995 | ■ /2004 | GS0389091 - GS0389094 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs). Nothing in this agreement is intended to eliminate or otherwise diminish any indemnification rights you would otherwise have in connection with your Goldman Sachs employment. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 466 | ■ | ■ | ■ | /1992 | ■ /2012 | GS0389095 - GS0389099 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Notwithstanding the foregoing, this release shall not extend to the following: (a) any claims concerning issues, matters or events occurring and arising after the date of this Agreement; and (b) your instituting an action to enforce the terms of this agreement pursuant to Section 9.1 below. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 467 | ■ | ■ | ■ | /1993 | ■ /2009 | GS0389103 - GS0389106 | ■ | ■ | ■ | ■ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 3) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD Letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | | GS0384381 - GS0384389 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 468 | ▮ | ▮ | ▮ | /1998 | ▮ /2002 | GS0389107 - GS0389110 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 469 | ▮ | ▮ | ▮ | 2000 | ▮ /2008 | GS0389111 - GS0389114 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs), and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 470 | ▮ | ▮ | ▮ | /2014 | ▮ 2016 | GS0389115 - GS0389119 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | N/A | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 471 | ▮ | ▮ | ▮ | /2001 | ▮/2007 | GS0389120 - GS0389127 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2006 | GS0386258 - GS0386360 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or another organization referred to in the arbitration provisions of any written application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 472 | ▮ | ▮ | ▮ | /2013 | ▮/2017 | GS0389128 - GS0389133 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | | | | |
| 473 | ▮ | ▮ | ▮ | /2001 | ▮/2013 | GS0389624 - GS0389628 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

158

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 474 | ▮ | ▮ | ▮ | ▮/1987 | ▮2002 | GS0389134 – GS0389141 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 475 | ▮ | ▮ | ▮ | ▮/2000 | ▮2002 | GS0391098 – GS0391105 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA or workers compensation claims). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 476 | ▮ | ▮ | ▮ | ▮/2013 | ▮2016 | GS0389142 – GS0389147 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 477 | ▮ | ▮ | | ▮/1997 | ▮2004 | GS0389672 - GS0389675 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 478 | ▮ | ▮ | | ▮/2000 | ▮2009 | GS0389148 - GS0389151 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 479 | ▮ | ▮ | | ▮/2007 | ▮2008 | GS0389152 - GS0389159 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 480 | ▮ | ▮ | | /2005 | 2008 | GS0388533 - GS0388540 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Goldman Sachs represents that it is currently aware of no claims against you nor is it currently aware of any facts giving rise to any claim against you. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 481 | ▮ | ▮ | | /1996 | 2008 | GS0387329 - GS0387338 | | | | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Goldman Sachs is not currently aware of any claims it may have against you. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | | GS0386445 - GS0384453 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 482 | ▮ | ▮ | | /2012 | 2017 | GS0389168 - GS0389173 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 483 | ▪ | ▪ |  | /2001 | ▪/2003 | GS0389174 - GS0389177 | ▪ | ▪▪ | ▪▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, those of the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint |  |  |  |  |
| 484 | ▪ | ▪ |  | /1987 | ▪/2013 | GS0389178 - GS0389187 | ▪▪ | ▪▪ | ▪▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. We agree that any arbitration decision and/or award will be final and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided Attachment A to your document dated November 20, 2012. (Section 5.1) | Yes | 9/20/2010 |  |  |  |  |
| 485 | ▪ | ▪▪ |  | 2000 | ▪/2004 | GS0396167 - GS0396170 | ▪ | ▪▪ | ▪▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or thereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities(collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have had based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement).This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint |  |  |  |  |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 486 | ▇ | ▇ | ▇ | ▇/2005 | ▇/2008 | GS0389188 - GS0389191 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 487 | ▇ | ▇ | ▇ | ▇/1996 | ▇/2008 | GS0389192 - GS0389199 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 488 | ▇ | ▇ | ▇ | ▇/2006 | ▇/2008 | GS0389200 - GS0389203 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. To ensure that the release contained in the prior paragraph is fully enforced in accordance with its terms, you hereby waive any benefits under, and any protection that you may have by virtue of, Section 1542 of the California Civil Code, which provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time for executing the release, which if known by him must have materially affected his settlement with the debtor. In addition, you hereby knowingly and voluntarily waive any protection that may exist under any comparable or similar statutes and principles of common law of any and all states of the United States or of the United States. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 489 | ▮ | ▮ | ▮ | /2000 | ▮ /2002 | GS0389204 - GS0389207 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 490 | ▮ | ▮ | ▮ | /2000 | ▮ /2002 | GS0389212 - GS0389215 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 491 | ▮ | ▮ | ▮ | /2000 | ▮ /2003 | GS0391277 - GS0391280 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional rewards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 492 | ▮ | ▮ | ▮ | /1996 | ▮/2002 | GS0389216 - GS0389219 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and have had that additional awards should have been made to you under such programs. Your signature below will also binding upon the parties and may be entered as a constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 493 | ▮ | ▮ | ▮ | /1993 | ▮/2016 | GS0389224 - GS0389235 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or any other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to this document dated August 26, 2016. (Section 5.1) | No | N/A | | | | |
| 494 | ▮ | ▮ | ▮ | /2001 | ▮/2016 | GS0389236 - GS0389241 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 495 | ▉ | ▉ | ▉ | /2003 | ▉/2014 | GS0389242 - GS0389246 | ▉ | ▉ | ▉ | ▉ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Extended Managing Director Agreement | ▉ | GS0384474 - GS0384482 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |
| 496 | ▉ | ▉ | ▉ | /2000 | ▉/2012 | GS0389247 - GS0389251 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 497 | ▉ | ▉ | ▉ | /1996 | ▉/2008 | GS0389256 - GS0389263 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 498 | | | | /1987 | /2008 | GS0389264 - GS0389267 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you may or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 499 | | | | 5/1991 | /2011 | GS0389268 - GS0389281 | | | | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or your separation from employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010 | Extended Managing Director Agreement | | GS0384530 - GS0384538 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 500 | | | | /2004 | /2006 | GS0389282 - GS0389285 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 501 | ▇ | ▇ | ▇ | /1996 | ▇/2010 | GS0389286 - GS0389289 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the Goldman Sachs 1999 Stock Incentive Plan and/or The Goldman Sachs Amended and Restated Stock Incentive Plan (the "SIP"), or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Nothing in this agreement is intended to eliminate or otherwise diminish any indemnification rights you would otherwise have in connection with your Goldman Sachs employment. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 1-2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 502 | ▇ | ▇ | ▇ | /2006 | ▇/2008 | GS0389290 - GS0389293 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. To ensure that the release contained in the prior paragraph is fully enforced in accordance with its terms, you hereby waive any benefits under, and any protection that you may have by virtue of, Section 1542 of the California Civil Code, which provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time for executing the release, which if known by him must have materially affected his settlement with the debtor. In addition, you hereby knowingly and voluntarily waive any protection that may exist under any comparable or similar statutes and principles of common law of any and all states of the United States or of the United States. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▇/2006 | GS0386293 - GS0386295 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 503 | ▇ | ▇ | ▇ | 1998 | ▇/2002 | GS0389294 - GS0389297 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 504 | ▮ | ▮ | ▮ | ▮/1999 | ▮2007 | GS0389298 - GS0389301 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 505 | ▮ | ▮ | ▮ | ▮/2006 | ▮ 2009 | GS0389302 - GS0389309 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 506 | ▮ | ▮ | ▮ | ▮/1997 | ▮2012 | GS0389310 - GS0389314 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation or to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

169

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 507 | ▮ | ▮ | | /2006 | ▮/2008 | GS0389315 - GS0389322 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 508 | ▮ | ▮ | | /2000 | ▮/2008 | GS0389323 - GS0389326 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 509 | ▮ | ▮ | | /2000 | ▮/2018 | GS0391281 - GS0391287 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. By signing this agreement, you are not waiving any claim which by law cannot be waived by private agreement, including any claim for benefits or the right to seek benefits under applicable workers' compensation or unemployment insurance statutes. You are also not waiving your right to enforce this agreement. (Section 4.4) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 510 | | | 2000 | /2014 | GS0387723 - GS0387727 | | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any claims or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 511 | | | /1996 | /2008 | GS0389334 - GS0389341 | | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 512 | | | /2005 | /2008 | GS0389342 - GS0389345 | | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 "ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 513 | ▮ | | | /2000 | ▮/2003 | GS0389346 - GS0389349 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers or the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") [in accordance with the commercial arbitration rules of the AAA]. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors. and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2001 | GS0386305 - GS0386307 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) |
| 514 | ▮ | | | 2008 | ▮/2016 | GS0389350 - GS0389355 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")) as well as claims under the WARN Acts. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 7/15/2015 | | | | |
| 515 | ▮ | | | /1999 | ▮/2008 | GS0387022 - GS0387025 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 (" ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. To ensure that the release contained in the prior paragraph is fully enforced in accordance with its terms, you hereby waive any benefits under, and any protection that you may have by virtue of, Section 1542 of the California Civil Code, which provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time for executing the release, which if known by him must have materially affected his settlement with the debtor. In addition, you hereby knowingly and voluntarily waive any protection that may exist under any comparable or similar statutes and principles of common law of any and all states of the United States of the United States. (Pages 2-3) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 516 | ▓▓ | ▓▓ | ▓▓ | ▓2005 | ▓/2008 | GS0389356 - GS0389359 | ▓▓▓ | ▓▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims,MS18 whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▓/2005 | GS0386582 - GS0386584 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 517 | ▓▓ | ▓▓ | ▓▓ | ▓/1998 | ▓/2008 | GS0389360 - GS0389363 | ▓▓▓ | ▓▓ | ▓ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 518 | ▓▓ | ▓▓ | ▓▓ | ▓/1000 | ▓/2011 | GS0389364 - GS0389374 | ▓▓ | ▓▓ | ▓ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | Extended Managing Director Agreement | ▓▓ | GS0384580 - GS0384588 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You and agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 519 | ▬ | ▬ | | 1996 | ▬/2002 | GS0389375 - GS0389378 | ▬ | ▬▬▬ | ▬▬▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at SLK or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc, the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against SLK, Goldman Sachs, their parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by SLK, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon vested rights in any employee pension benefit plan, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 520 | ▬ | ▬ | | ▬/1998 | ▬ 2007 | GS0388944 - GS0388951 | ▬▬ | ▬▬ | ▬▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 521 | ▬ | ▬ | | ▬/1999 | ▬/2004 | GS0389379 - GS0389382 | ▬ | ▬▬▬ | ▬▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

174

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S22 | ▮ | ▮ | | ▮/2009 | ▮/2011 | GS0389383 - GS0389387 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other discrimination or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| S23 | ▮ | ▮ | | ▮/1992 | ▮/2007 | GS0389388 - GS0389392 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both local law and the national or local law decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered upon the parties and may be entered into a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan within the meaning of section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Nothing in this agreement is intended to eliminate any indemnification rights you might have in connection with your employment with the firm. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| S24 | ▮ | ▮ | | ▮/2014 | ▮/2017 | GS0390209 - GS0390214 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other discrimination or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | | | | |

175

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 525 | ▬ | ▬ | | /1998 | ▬2002 | GS0389393 - GS0389396 | ▬ | ▬ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 526 | ▬ | ▬ | | ▬2006 | ▬/2013 | GS0389397 - GS0389401 | ▬ | ▬ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon or relating to any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | PWA Agreement | ▬/2006 | GS0386313 - GS0386315 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

176

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 527 | ▉ | | ▉ | /1995 | ▉/2013 | GS0389402 - GS0389412 | ▉ | ▉ | ▉ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). Except as provided for in Section 4 above, this release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | Extended Managing Director Agreement | ▉ | GS0384605 - GS0384613 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or the National Association of Securities Dealers ("NASD"). If both NYSE and NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 528 | ▉ | | ▉ | /1996 | ▉/2008 | GS0389413 - GS0389416 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. To ensure that the release contained in the prior paragraph is fully enforced in accordance with its terms, you hereby waive any benefits under, and any protection that you may have by virtue of, Section 1542 of the California Civil Code, which provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time for executing the release, which if known by him must have materially affected his settlement with the debtor. In addition, you hereby knowingly and voluntarily waive any protection that may exist under any comparable or similar statues and principles of common law of any and all states of the United States or of the United States. (Page 2-3) | Agreement predates filing of Complaint | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | | | | |
| 529 | ▉ | | ▉ | /2000 | ▉/2003 | GS0389417 - GS0389420 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to any rights or claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 530 | ■ | ■ | ■ | ▇/2014 | ■/2018 | GS0389425 - GS0389429 | ■ | ▇▇▇ | ▇▇▇▇ | ■ | To the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | | | | |
| 531 | ■ | ■ | ■ | ▇/1976 | ■/2013 | GS0389430 - GS0389434 | ■ | ▇▇▇ | ▇▇▇ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 532 | ■ | ■ | ■ | ▇/1992 | ■/2018 | GS0391294 - GS0391299 | ▇ | ▇▇▇ | ▇▇ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 533 | ▮ | ▮ | | 1996 | ▮/2012 | GS03B9440 - GS03B9443 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Release provision not in copy of agreement; based on timing of execution and standard form in use, release clause likely to be: Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any employee pension benefit plan under section 3(2) of ERISA), and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. | Yes | 9/20/2010; 8/2/2011 | | | | |
| 534 | ▮ | ▮ | | ▮/2013 | ▮/2016 | GS03B9450 - GS03B9455 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |
| 535 | ▮ | ▮ | | ▮/2015 | ▮/2017 | GS03B9456 - GS03B9461 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | N/A | | | | |

179

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 536 | ▮ | ▮ | | 2005 | ▮/2010 | GS0389462 - GS0389466 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims you may have under United States federal, state or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | PWA Agreement | 2005 | GS0386326 - GS0386328 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any written application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 537 | ▮ | ▮ | | ▮/1998 | ▮/2004 | GS0389467 - GS0389470 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 538 | ▮ | ▮ | | ▮/1994 | ▮/2002 | GS0389762 - GS0389765 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S39 | ▮ | ▮ | | /2015 | ▮ 2016 | GS0389471 - GS0389475 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities (including Imprint Capital Advisors, LLC ("Imprint")), and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs or Imprint, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the Phantom Unit Plan or the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | No | N/A | | | | |
| S40 | ▮ | ▮ | | /2006 | ▮ /2008 | GS0389476 - GS0389479 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| S41 | ▮ | ▮ | | /1000 | ▮ /2002 | GS0389493 - GS0389500 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

181

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 542 | ▉ | ▉ | ▉ | ▉/2005 | ▉ 2011 | GS0389501 - GS0389505 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 543 | ▉ | ▉ | ▉ | ▉/2000 | ▉/2005 | GS0389506 - GS0389509 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 544 | ▉ | ▉ | ▉ | ▉/2000 | ▉/2008 | GS0389510 - GS0389513 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 545 | ▮ | ▮ | ▮ | /2000 | ▮2002 | GS0389514 - GS0389517 | ▮ | ▮▮ | ▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have had that additional awards should have been made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 546 | ▮ | ▮ | ▮ | /1998 | ▮ 2004 | GS0387597 - GS0387600 | ▮ | ▮▮ | ▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 547 | ▮ | ▮ | ▮ | /2008 | ▮/2008 | GS0389522 - GS0389525 | ▮ | ▮▮ | ▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | 9/20/2010 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 548 | ▮ | ▮ | ▮001 | ▮003 | ▮ | GS0389518 - GS0389521 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, inc., or, if the matter is not arbitrable before the New York Stock Exchange, inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New York foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 549 | ▮ | ▮ | ▮998 | ▮2016 | ▮ | GS0389526 - GS0389530 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 8/2/2011 | | | | |
| 550 | ▮ | ▮ | ▮004 | ▮008 | ▮ | GS0389535 - GS0389542 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 551 | ▮ | ▮ | ▮ | 006 | 012 | GS0389549 - GS0389553 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 552 | ▮ | ▮ | ▮ | 003 | 017 | GS0389560 - GS0389565 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 553 | ▮ | ▮ | ▮ | 2004 | 007 | GS0389566 - GS0389569 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

185

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 554 | ▮ | ▮ | ▮ | 2009 | 2016 | GS0389570 - GS0389575 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 555 | ▮ | ▮ | ▮ | 2007 | 2012 | GS0389576 - GS0389580 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 556 | ▮ | ▮ | ▮ | 1997 | 2006 | GS0389581 - GS0389588 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | 1999 | GS0386364 - GS0386369 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |

186

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 557 | ▮ | ▮ | ▮ | 004 | ▮ | GS0389589 - GS0389592 | 008 | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | 007 | GS0386370 - GS0386372 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 558 | ▮ | ▮ | ▮ | 994 | ▮ | GS0389593 - GS0389604 | 002 | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days which to consider this release and its consequences, that you have been advised prior to signing this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 559 | ▮ | ▮ | ▮ | 007 | ▮ | GS0389605 - GS0389608 | 008 | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 560 | | | 000 | 007 | | GS0386948 - GS0386955 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 561 | | | 016 | 017 | | GS0389609 - GS0389613 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any former employment or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | N/A | | | | |
| 562 | | | 006 | 008 | | GS0389629 - GS0389632 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 563 | ███ | ███ | ███ | ░2004 | ██008 | GS0389633 - GS0389640 | ███ | ████ | ████ | ██ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 564 | ███ | ███ | ██ | ░002 | ██003 | GS0389641 - GS0389644 | ██ | ████ | ████ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 565 | ███ | ███ | ███ | ░003 | ██008 | GS0389645 - GS0389652 | ████ | ████ | ████ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 566 | ▮ | ▮ | ▮ | 998 | ▮ | O16 | GS0389653 - GS0389657 | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any claims or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 567 | ▮ | ▮ | ▮ | 005 | ▮ | 008 | GS0391304 - GS0391307 | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 568 | ▮ | ▮ | ▮ | 006 | ▮ | 008 | GS0389658 - GS0389665 | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 569 | | | | 977 | 016 | GS0389666 - GS0389671 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |
| 570 | | | | 006 | 008 | GS0387995 - GS0387998 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. To ensure that the release contained in the prior paragraph is fully enforced in accordance with its terms, you hereby waive any benefits under, and any protection that you may have by virtue of, Section 1542 of the California Civil Code, which provides: A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time for executing the release, which if known by him must have materially affected his settlement with the debtor. In addition, you hereby knowingly and voluntarily waive any protection that may exist under any comparable or similar statutes and principles of common law of any and all states of the United States or of the United States. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |
| 571 | | | | 000 | 004 | GS0389676 - GS0389684 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 572 | ▊ | ▊ | ▊011 | ▊013 | | GS0389685 - GS0389689 | ▊ | ▊ | ▊ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | N/A | | | | |
| 573 | ▊ | ▊ | ▊992 | ▊004 | GS0391308 - GS0391311 | | ▊ | ▊ | ▊ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 574 | ▊ | ▊ | ▊007 | ▊013 | GS0389690 - GS0389699 | | ▊ | ▊ | ▊ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 575 | ▮ | ▮ | ▮ | ▮989 | ▮003 | GS0386807 - GS0386810 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided. You knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their present or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release ?and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45- day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 576 | ▮ | ▮ | ▮ | ▮2005 | ▮008 | GS0389700 - GS0389707 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 577 | ▮ | ▮ | ▮ | ▮996 | ▮2002 | GS0389708 - GS0389711 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 578 | [redacted] | [redacted] | [redacted] | [redacted]999 | [redacted]003 | GS0389717 - GS0389720 | [redacted] | [redacted] | [redacted] | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, the Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 579 | [redacted] | [redacted] | [redacted] | [redacted]997 | [redacted]004 | GS0389721 - GS0389724 | [redacted] | [redacted] | [redacted] | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, the Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, (i) any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs and (ii) any claims to unvested awards under the 1999 Discretionary RSU Award Agreement and the 1999 Discretionary Option Award Agreement that were conditioned on continued employment. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 580 | [redacted] | [redacted] | [redacted] | [redacted]994 | [redacted]013 | GS0389725 - GS0389729 | [redacted] | [redacted] | [redacted] | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or your association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 581 | ▮ | ▮ | 006 | 2013 | | GS0396193 - GS0396203 | | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law and any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012 | | | | |
| 582 | ▮ | ▮ | 001 | 008 | | GS0389730 - GS0389733 | | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in a judgment in any appropriate court. (Page 3) | Your signature below will constitute your agreement that, in consideration of the benefits provided hereby, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 583 | ▮ | ▮ | 004 | 017 | | GS0389734 - GS0389745 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information was provided in Attachment A to the document dated November 17, 2016. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 584 | | | 209 | 011 | GS0389746 - GS0389750 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 585 | | | 981 | 002 | GS0389751 - GS0389755 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at SLK or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against SLK, Goldman Sachs, their parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by SLK, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights in any employee pension benefit plan, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 586 | | | 013 | 016 | GS0389756 - GS0389761 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |

196

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S87 | | | | 009 | 2011 | GS0387437 - GS0387441 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| S88 | | | | 2013 | 018 | GS0389770 - GS0389775 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims for vested benefits to which you are entitled under the terms of any employee pension benefit plan covered by ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), including claims for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), or for any violation of the provisions of Title I of ERISA. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and tax consequences thereof. (Section 5.1) | No | N/A | | | | |
| S89 | | | | 000 | 002 | GS0387097 - GS0387100 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under such programs, as well as any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 590 | ███ | ███ | ███008 | ███008 | | GSO389780 - GSO389783 | ███ | ████ | ███ | █ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 591 | ███ | ███ | ███995 | ███003 | | GSO389789 - GSO389792 | ███ | ████ | ███ | █ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 592 | ███ | ███ | ███004 | ███008 | | GSO389793 - GSO389796 | ███ | ████ | ███ | █ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 593 | | | | 990 | | 006 | GS0389797 - GS0389800 | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you may not arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with your attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 594 | | | | 998 | | 008 | GS0389812 - GS0389819 | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 595 | | | | 991 | | 002 | GS0389820 - GS0389823 | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

199

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 596 | | | 004 | 012 | GS0389824 - GS0389828 | | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 597 | | | 004 | 008 | GS0389829 - GS0389837 | | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 598 | | | 999 | 007 | GS0389838 - GS0389841 | | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 599 | ▮ | ▮ | ▮ | 1996 | 2003 | GS0389842 - GS0389845 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based awards programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with your attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 600 | ▮ | ▮ | ▮ | 1986 | 2003 | GS0389846 - GS0389853 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with your attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 601 | ▮ | ▮ | ▮ | 2001 | 2008 | GS0389854 - GS0389857 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA).This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 602 | ▮ | ▮ | ▮ | 2001 | ▮ 2002 | GS0389858 - GS0389861 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 603 | ▮ | ▮ | ▮ | 1996 | ▮ 2003 | GS0391312 - GS0391315 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 604 | ▮ | ▮ | ▮ | 2000 | ▮ 2003 | GS0389862 - GS0389865 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 605 | ▇ | ▇ | ▇ | 1992 | ▇/2003 | GS0389866 - GS0389869 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 606 | ▇ | ▇ | ▇ | 1987 | ▇ 2002 | GS0389870 - GS0389873 | ▇ | ▇ | ▇ | ▇ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 607 | ▇ | ▇ | ▇ | 1998 | ▇ 2008 | GS0389874 - GS0389877 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 608 | ▉ | ▉ | ▉ 2008 | ▉ 2008 | GS0389878 - GS0389881 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 609 | ▉ | ▉ | ▉ 2007 | ▉ 2009 | GS0389896 - GS0389903 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 610 | ▉ | ▉ | ▉ 1998 | ▉ 2008 | GS0389882 - GS0389890 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 611 | ▉ | ▉ | ▉ | 2008 | ▉ 2015 | GS0389891 - GS0389895 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 4/9/2013 | | | | |
| 612 | ▉ | ▉ | | 2007 | ▉ 2014 | GS0389904 - GS0389908 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 613 | ▉ | | | 2004 | ▉ 2008 | GS0389909 - GS0389913 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 4-5) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

205

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 614 | ▮ | ▮ | ▮ | 2007 | ▮ 2013 | GS0389914 - GS0389917 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before Carol Wittenberg at JAMS. If the matter is not arbitrable before Ms. Wittenberg, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. In the event of a dispute concerning the payment set forth in section 2.3, the arbitrator will have the authority to award attorney's fees to the prevailing party. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 7.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), including all claims that were made or could have been made in the January 24, 2013 letter from Douglas H. Wigdor, Esq. to Ted Rogers, Esq. or in the draft document sent to Mr. Rogers by Mr. Wigdor on March 28, 2013. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Workers Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 3.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 615 | ▮ | ▮ | ▮ | 1997 | ▮ 2008 | GS0391321 - GS0391324 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 616 | ▮ | ▮ | ▮ | 1986 | ▮ 2008 | GS0388918 - GS0388921 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 617 | | | | 2006 | 2008 | GS0389922 - GS0389929 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 618 | | | | 1995 | 2017 | GS0389930 - GS0389935 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 619 | | | | 1997 | 2008 | GS0389936 - GS0389939 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | 1998 | GS0386442 - GS0386442 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in an appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by any affiliate thereof as a third party beneficiary. |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 620 | ▮ | ▮ | ▮ | 2000 | ▮ 2003 | GS0389940 - GS0389944 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 4-5) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 3-4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ 2000 | GS0386443 - GS0386445 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 621 | ▮ | ▮ | ▮ | 2007 | ▮ 2009 | GS0389945 - GS0389948 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 622 | ▮ | ▮ | ▮ | 2000 | ▮ 2003 | GS0396171 - GS0396174 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 623 | ▮ | ▮ | ▮ | 2004 | ▮ 2005 | GS0389949 - GS0389952 | ▮ | ▮▮ | ▮▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 624 | ▮ | ▮ | ▮ | 2006 | ▮ 2008 | GS0389957 - GS0389960 | ▮▮ | ▮▮ | ▮▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 625 | ▮ | ▮ | ▮ | /2010 | ▮ 2011 | GS0389961 - GS0389965 | ▮▮ | ▮▮ | ▮▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 626 | ■ | ■ | ■ | 2004 | ■ 2013 | GS0389966 - GS0389970 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013 | | | | |
| 627 | ■ | ■ | ■ | 2007 | ■ 2017 | GS0389971 - GS0389976 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 628 | ■ | ■ | ■ | 2014 | ■ 2016 | GS0389977 - GS0389982 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 629 | ▮ | ▮ | ▮ 2006 | ▮ 2013 | GS0389983 - GS0389986 | ▮ | ▮▮ ▮ | ▮ | ▮ | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 6/19/2012 | | | | |
| 630 | ▮ | ▮ | ▮ 1997 | ▮ 2002 | GS0391290 - GS0391293 | ▮ | ▮▮ ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 631 | ▮ | ▮ | ▮ 2004 | ▮ 2008 | GS0389987 - GS0389994 | ▮ | ▮▮ ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 632 | ▉ | ▉ | | 1997 | ▉ 2007 | GS0387947 - GS0387950 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 633 | ▉ | ▉ | | 1999 | ▉ 2008 | GS0391329 - GS0391336 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 634 | ▉ | ▉ | | 1999 | ▉ 2009 | GS0390003 - GS0390006 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

212

# Appendix A
## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 635 | ▮ | | | 1992 | 2012 | GS0390007 - GS0390011 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 636 | ▮ | ▮ | | 2004 | 2012 | GS0390012 - GS0390016 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for, herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 637 | ▮ | ▮ | | 2001 | 2009 | GS0391325 - GS0391328 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

213

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 638 | ▉ | ▉ | ▉ | 2004 | ▉ 2008 | GS0390017 - GS0390020 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 639 | ▉ | ▉ | ▉ | 2006 | ▉ 2008 | GS0390021 - GS0390024 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 640 | ▉ | ▉ | ▉ | 2000 | ▉ 2012 | GS0390029 - GS0390033 | ▉ | ▉ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver, without limitation to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 641 | ▮ | ▮ | ▮ | 1998 | ▮ 2002 | GS0390034 - GS0390037 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 642 | ▮ | ▮ | ▮ | /2000 | ▮ 2009 | GS0391341 - GS0391345 | ▮ | ▮ | ▮ | ▮ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD Letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▮ | GS0385008 - GS0385016 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 643 | ▮ | ▮ | ▮ | 2000 | ▮ 2002 | GS0391346 - GS0391349 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Agreement Signed Date | F<br>Operative Agreement Bates | G<br>Notice Period with Salary (End Date) | H<br>Severance Payment Period with Salary (End Date) | I<br>Other Consideration (Lump Sum Amount, Outplacement, etc) | J<br>Waiver of Equity Forfeiture Conditions? | K<br>Operative Agreement Arbitration Provision | L<br>Operative Agreement Release Provision | M<br>Hold Notice Before Operative Agreement? | N<br>Hold Notice Dates | O<br>Prior Agreement Type | P<br>Prior Agreement Signed Date | Q<br>Prior Agreement Bates | R<br>Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 644 | ▮ | ▮ | | ▮/1998 | ▮ 2008 | GS0391350 - GS0391353 | | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its of their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment and/or relating to your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 645 | ▮ | ▮ | | ▮ 2007 | ▮ 2017 | GS0391366 - GS0391369 | ▮ | ▮ | ▮ | | In the event of any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, the parties will first seek to resolve it through good faith negotiation. If such negotiation fails to resolve the dispute, the parties may agree to mediate the matter through mediation. If the dispute is not settled through negotiation or agreed mediation, it will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its of their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA") and specifically includes all claims made on your behalf by your counsel, Laurence Moy, Esq., including without limitation the draft document sent by him to counsel for the firm on August 16, 2017 and the letter sent by him on February 21, 2017. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. Notwithstanding the foregoing, the firm acknowledges that you are not waiving: (a) the right to enforce this agreement; and (b) rights to COBRA, workers compensation or unemployment insurance. (Section 4.1) | Yes | 9/20/2010;<br>8/2/2011;<br>6/18/2012;<br>1/29/2014;<br>7/15/2015 | | | | |
| 646 | ▮ | ▮ | | ▮ 2000 | ▮ 2008 | GS0390042 - GS0390045 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its of their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment and/or relating to your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ 004 | GS0386494 - GS0386496 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 647 | ■ | ■ | ■ 1997 | ■ 2007 | GS0390046 – GS0390053 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 648 | ■ | ■ | ■ 2001 | ■ 2002 | GS0390054 – GS0390057 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 649 | ■ | ■ | ■ 2010 | ■ 2011 | GS0390058 – GS0390062 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 650 | | | | 2004 | 2008 | GS0390067 - GS0390074 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 651 | | | | 1998 | 2008 | GS0390075 - GS0390083 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with your attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 652 | | | | 2002 | 2007 | GS0390084 - GS0390091 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 653 | ▮ | ▮ | ▮ | 2009 | ▮ 2015 | GS0390096 - GS0390100 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 654 | ▮ | ▮ | ▮ | 1998 | ▮ 2005 | GS0390101 - GS0390104 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 655 | ▮ | ▮ | ▮ | 1997 | ▮ 2002 | GS0390105 - GS0390108 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 656 | ▇ | ▇ | ▇ 2001 | ▇ 2008 | | GS0390109 - GS0390116 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 657 | ▇ | ▇ | ▇ 2004 | ▇ 2008 | | GS0390117 - GS0390124 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 658 | ▇ | ▇ | ▇ 2002 | ▇ 2008 | | GS0390129 - GS0390132 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 659 | ▇ | ▇ | | 1999 | ▇ 2003 | GS0390133 - GS0390136 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 660 | ▇ | ▇ | | 2007 | ▇ 2008 | GS0390137 - GS0390144 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 661 | ▇ | ▇ | | 2003 | ▇ 2008 | GS0390145 - GS0390148 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs, and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

221

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 662 | ▮ | ▮ | ▮ | 2005 | ▮ 2011 | GS0390149 - GS0390154 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 663 | ▮ | ▮ | ▮ | 1995 | ▮ 2002 | GS0390155 - GS0390158 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 664 | ▮ | ▮ | ▮ | 1984 | ▮ 2005 | GS0390159 - GS0390162 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 665 | ■ | ■ | ■ 2007 | ■ 2011 | | GS0390163 - GS0390167 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 666 | ■ | ■ | ■ 2010 | ■ 2013 | | GS0390168 - GS0390172 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012 | | | | |
| 667 | ■ | ■ | ■ 1995 | ■ 2003 | | GS0390173 - GS0390176 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 668 | ▮ | ▮ | | ▮ 2004 | ▮ 2011 | GS0390177 - GS0390180 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 669 | ▮ | ▮ | | ▮ 2004 | ▮ 2011 | GS0390182 - GS0390186 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 670 | ▮ | ▮ | | ▮ 2011 | ▮ 2016 | GS0390187 - GS0390191 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014; 7/15/2015 | PWA Agreement | ▮ 2011 | GS0386508 - GS0386512 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment of Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) |

# Appendix A

Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 671 | ▮ | ▮▮▮▮ | ▮ | 2007 | ▮ 2011 | GS0390192 - GS0390196 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 672 | ▮ | ▮ | | 2000 | ▮ 2003 | GS0390197 - GS0390200 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |
| 673 | ▮ | ▮ | | 2000 | ▮ 2003 | GS0390201 - GS0390204 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 674 | ▮ | ▮ | ▮ | 2005 | ▮ 2008 | GS0390215 - GS0390208 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 675 | ▮ | ▮ | ▮ | 2001 | ▮ 2007 | GS0390215 - GS0390218 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 676 | ▮ | ▮ | ▮ | 2011 | ▮ 2016 | GS0390219 - GS0390224 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (whether material or immaterial) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

# Appendix A
## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 677 | ■ | ■ | ■ | 1999 | ■ 2011 | GS0390225 - GS0390229 | ■ | ■ | ■ | ■ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011 | Extended Managing Director Agreement | ■ | GS0385126 - GS0385134 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8) |
| 678 | ■ | ■ | ■ | 2012 | ■ 2016 | GS0390230 - GS0390234 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 7/15/2015 | | | | |
| 679 | ■ | ■ | ■ | 2009 | ■ 2015 | GS0390246 - GS0390250 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 6/19/2012; 1/29/2014 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 680 | ▮ | ▮ | ▮ | 1998 | ▮ 2002 | GS0390251 - GS0390254 | ▮ | ▮▮▮ | ▮▮▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 681 | ▮ | ▮ | ▮ | 2000 | ▮ 2002 | GS0390255 - GS0390259 | ▮ | ▮▮▮ | ▮▮▮▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at SLK or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, which you ever had, now have, or hereafter may have against SLK, Goldman Sachs, their parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by SLK, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights in any employee pension benefit plan, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had in connection with the firm's equity-based award programs including, without limitation, the SIP. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 682 | ▮ | ▮ | ▮ | 2010 | ▮ 2011 | GS0390260 - GS0390264 | ▮▮▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 4.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 683 | ▇ | ▇ | ▇ | 2000 | ▇ 2008 | GS0390265 - GS0390274 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with your attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 684 | ▇ | ▇ | ▇ | 1997 | ▇ 2013 | GS0390275 - GS0390279 | ▇ | ▇ | ▇ | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with your attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older-Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | Extended Managing Director Agreement | ▇ | GS0385203 - GS0385211 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 685 | ▇ | ▇ | ▇ | 2005 | ▇ 2013 | GS0390280 - GS0390284 | ▇ | ▇ | ▇ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 686 | [redacted] | [redacted] | [redacted] | 1999 | [redacted] 2016 | GS0390285 - GS0390290 | [redacted] | [redacted] | [redacted] | [redacted] | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Extended Managing Director Agreement | [redacted] | GS0385212 - GS0385223 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) |
| 687 | [redacted] | [redacted] | [redacted] | 2000 | [redacted] 2012 | GS0390291 - GS0390295 | [redacted] | [redacted] | [redacted] | [redacted] | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 688 | [redacted] | [redacted] | [redacted] | 1985 | [redacted] 2004 | GS0390296 - GS0390299 | [redacted] | [redacted] | [redacted] | [redacted] | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 689 | ▮ | ▮ | ▮ | 1996 | ▮ 2007 | GS0390300 - GS0390307 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 690 | ▮ | ▮ | ▮ | 2000 | ▮ 2013 | GS0390308 - GS0390312 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |
| 691 | ▮ | ▮ | ▮ | 2004 | ▮ 2009 | GS0396175 - GS0396178 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 692 | ██ | ██ | ██ | 2004 | ██ 2017 | GS0390317 - GS0390322 | ██ | ██ | ██ | ██ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 693 | ██ | ██ | ██ | 1990 | ██ 2008 | GS0390323 - GS0390326 | ██ | ██ | ██ | ██ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 694 | ██ | ██ | ██ | 1998 | ██ 2008 | GS0388170 - GS0388173 | ██ | ██ | ██ | ██ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 695 | ▮ | ▮ | ▮ | 1999 | ▮ 2002 | GS0390327 - GS0390330 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment with the firm (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ 999 | GS0386540 - GS0386542 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 696 | ▮ | ▮ | ▮ | 1995 | ▮ 2003 | GS0390331 - GS0390334 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 697 | ▮ | ▮ | ▮ | 2000 | ▮ 2003 | GS0389485 - GS0389492 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 698 | | | | 2000 | 2016 | GS0390335 - GS0390340 | | | | | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | Extended Managing Director Agreement | | GS0385286 - GS0385295 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as judgment in any appropriate court. (Section 8.1) |
| 699 | | | | 1992 | 2008 | GS0390341 - GS0390348 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 700 | | | | 2007 | 2015 | GS0390354 - GS0390358 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 701 | ▮ | ▮ | | 2001 | 2017 | GS0390359 - GS0390364 | ▮ | ▮ | ▮ | ▮ | Disputes arising out of or relating to this agreement are subject to the provisions of the MD Letter with respect to such matters as arbitration, injunctive relief and jurisdiction. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Section 5.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Extended Managing Director Agreement | ▮ | GS0385296 - GS0385307 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) |
| 702 | ▮ | ▮ | | 2005 | 2011 | GS0390365 - GS0390369 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract (including the MD letter), or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | | | | |
| 703 | ▮ | ▮ | | 2000 | 2008 | GS0390370 - GS0390373 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 704 | | | | 2006 | 2008 | GS0390374 - GS0390377 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the Firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | 2006 | GS0386553 - GS0386555 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 705 | | | | 2001 | 2005 | GS0390378 - GS0390385 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 706 | | | | 2002 | 2004 | GS0390386 - GS0390389 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Agreement Signed Date | F<br>Operative Agreement Bates | G<br>Notice Period with Salary (End Date) | H<br>Severance Payment Period with Salary (End Date) | I<br>Other Consideration (Lump Sum Amount, Outplacement, etc) | J<br>Waiver of Equity Forfeiture Conditions? | K<br>Operative Agreement Arbitration Provision | L<br>Operative Agreement Release Provision | M<br>Hold Notice Before Operative Agreement? | N<br>Hold Notice Dates | O<br>Prior Agreement Type | P<br>Prior Agreement Signed Date | Q<br>Prior Agreement Bates | R<br>Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 707 | ▮ | ▮ | ▮ | 2007 | ▮ 2008 | GS0390390 - GS0390393 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | 1/29/2014; 7/15/2015; 12/2/2016 | | | | |
| 708 | ▮ | ▮ | ▮ | 1985 | ▮ 2002 | GS0390394 - GS0390397 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 709 | ▮ | ▮ | ▮ | 2005 | ▮ 2008 | GS0390404 - GS0390407 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

237

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 710 | ▮ | ▮ | ▮ | 1997 | ▮ 2015 | GS0391370 - GS0391373 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the FINRA. If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 6.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any claims or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Section 3.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | | | | |
| 711 | ▮ | ▮ | ▮ | 2000 | ▮ 2004 | GS0390408 - GS0390411 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Page 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |
| 712 | ▮ | ▮ | ▮ | 1999 | ▮ 2003 | GS0390313 - GS0390316 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and have had that additional awards should have been made to you under such programs. (Pages 2-3) binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 713 | | | | 2000 | 2007 | GS0390412 - GS0390419 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 714 | | | | 2000 | 2003 | GS0390420 - GS0390423 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its of their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension provisions of any uniform application under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | 2000 | GS0386566 - GS0386568 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) |
| 715 | | | | 2010 | 2016 | GS0390424 - GS0390429 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted bylaw, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 716 | ▮ | ▮ | ▮ 2004 | ▮ 2008 | GS0390430 - GS0390433 | ▮ | ▮ | | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you may have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 717 | ▮ | ▮ | ▮ 2011 | ▮ 2014 | GS0390434 - GS0390443 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will not be arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you may have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014 | | | | |
| 718 | ▮ | ▮ | ▮ 2010 | ▮ 2016 | GS0390444 - GS0390449 | ▮ | ▮ | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 719 | ▬ | ▬ | ▬ | 1999 | ▬ 2003 | GS0390450 - GS0390452 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents. directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 720 | ▬ | ▬ | ▬ | 1994 | ▬ 2002 | GS0390453 - GS0390460 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of (among other things) the firm's forbearance from terminating your employment with immediate effect and the payments and other benefits offered pursuant to the severance package, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship or other association with the firm, or the termination of your employment or other association with the firm (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 721 | ▬ | ▬ | ▬ | 2000 | ▬ 2005 | GS0390461 - GS0390468 | ▬ | ▬ | ▬ | ▬ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Dates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Dates | Prior Agreement Arbitration Provision |
| 722 | ▮ | ▮ | ▮ | 2001 | ▮ 2002 | GS0390469 - GS0390472 | ▮ | ▮ ▮ ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have had at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 723 | ▮ | ▮ | ▮ | 2000 | ▮ 2002 | GS0390473 - GS0390476 | ▮ | ▮ ▮ ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮ 000 | GS0386574 - GS0386576 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate case and that that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 724 | ▮ | ▮ | ▮ | 2008 | ▮ 2008 | GS0390477 - GS0390480 | ▮ ▮ | ▮ ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 725 | ▉ | ▉ | | /1997 | ▉ 2002 | GS0390481 - GS0390484 | ▉ | ▉ | | | Any dispute or claim arising out of based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the American Arbitration Association or, at your option, any other organization referred to in the arbitration provisions of any Uniform Application for Securities Industry Registration you have signed. You also agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 3) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. (Page 2) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011 | | | | |
| 726 | ▉ | ▉ | | 1999 | ▉ 2003 | GS0390485 - GS0390488 | ▉ | ▉ | | | Any dispute or claim arising out of or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 727 | ▉ | ▉ | | 2006 | ▉ 2008 | GS0390489 - GS0390492 | ▉ | ▉ | | ▉ | Any dispute or claim arising out of based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 728 | ▮ | ▮ | ▮ | 2000 | ▮ | 2012 | GS0390493 - GS0390497 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 729 | ▮ | ▮ | ▮ | 2007 | ▮ | 2009 | GS0389776 - GS0389779 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 730 | ▮ | ▮ | ▮ | 1998 | ▮ | 2016 | GS0390502 - GS0390515 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011; 6/13/2012; 1/29/2014; 7/15/2015 | Severance Agreement | ▮ /2005 | GS0390502 - GS0390505 | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 731 | █ | █ | | █2001 | █2009 | GS0390516 - GS0390523 | █ | █ | | █ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 732 | █ | █ | | █/2006 | █2008 | GS0390524 - GS0390531 | █ | █ | | █ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 733 | █ | █ | | █1997 | █2017 | GS0390532 - GS0390537 | █ | █ | | █ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document, which will be sent under separate cover within seven business days. The letter due date referred to in paragraph 13.1 has been extended to cover this time. (Section 5.1) | Yes | 9/20/2010; 7/15/2015; 12/1/2016 | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 734 | ▬ | ▬ | ▬ | 1988 | /2005 | GS0390542 - GS0390545 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 735 | ▬ | ▬ | ▬ | 2006 | 2011 | GS0390546 - GS0390550 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010 | PWA Agreement | 006 | GS0386586 - GS0386589 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 736 | ▬ | ▬ | ▬ | 1998 | /2004 | GS0390560 - GS0390563 | ▬ | ▬ | ▬ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

246

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 737 | ▮ | ▮ | ▮ | 2000 | ▮ 2009 | GS0390564 - GS0390567 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 738 | ▮ | ▮ | ▮ | 1999 | ▮ 2002 | GS0390568 - GS0390571 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 739 | ▮ | ▮ | ▮ | 2001 | ▮ 2003 | GS0390578 - GS0390581 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 740 | ▮ | ▮ | ▮ 2004 | ▮ 2009 | GS0390582 - GS0390589 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 741 | ▮ | ▮ | ▮ 2009 | ▮ 2017 | GS0390590 - GS0390594 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 12/2/2016 | | | | |
| 742 | ▮ | ▮ | ▮ 1991 | ▮ /2005 | GS0390595 - GS0390598 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the Group, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities (collectively, the "Group"), and any of its or their present and former partners, managing directors, employees, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A
## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 743 | ▮ | ▮ | ▮ | 2005 | ▮ 2008 | GS0390599 - GS0390602 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 744 | ▮ | ▮ | ▮ | 2001 | ▮ 2002 | GS0390603 - GS0390606 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of the predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), except that you do not waive ADEA rights or claims that may arise after the date of this agreement). This release and waiver also includes, without limitation, any claims you have or might have had concerning the deliver of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you had or might have had that additional awards should have been made to you under such programs. Your signature below also will constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45 day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 745 | ▮ | ▮ | ▮ | 2013 | ▮ 2017 | GS0390607 - GS0390612 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 7/15/2015; 12/2/2016 | | | | |

# Appendix A

## Separation Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 746 | ▪ | ▪ | ▪ | 2011 | 2016 | GS0390613 - GS0390618 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 4/9/2013; 1/29/2014; 7/15/2015 | | | | |
| 747 | ▪ | ▪ | ▪ | 2007 | 2008 | GS0390619 - GS0390622 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | 2007 | GS0386631 - GS0386633 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 748 | ▪ | ▪ | ▪ | 2009 | 2011 | GS0390623 - GS0390627 | ▪ | ▪ | ▪ | ▪ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have concerning the delivery of any award made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 12/2/2016; 5/31/2018 | | | | |

# Appendix A

## Separation Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Bates | Notice Period with Salary (End Date) | Severance Payment Period with Salary (End Date) | Other Consideration (Lump Sum Amount, Outplacement, etc) | Waiver of Equity Forfeiture Conditions? | Operative Agreement Arbitration Provision | Operative Agreement Release Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 749 | ▉ | ▉ | | ▉ 2005 | ▉ 2008 | GS0390628 - GS0390635 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 750 | ▉ | ▉ | | ▉ 2003 | ▉ 2012 | GS0390636 - GS0390640 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 751 | ▉ | ▉ | | ▉ 2007 | ▉ 2016 | GS0390641 - GS0390646 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015 | | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 752 | ■ | ■ | ■ 2006 | ■ 2008 | GS0390647 - GS0390650 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 753 | ■ | ■ | ■ 2006 | ■ 2008 | GS0390651 - GS0390654 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 754 | ■ | ■ | ■ 2007 | ■ 2008 | GS0390655 - GS0390658 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 755 | ■ | ■ | ■ 2000 | ■ 2002 | GS0390659 - GS0390662 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgement that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor of successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights, if any, at the time of your signature under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 756 | ■ | ■ | ■ 2010 | ■ 2014 | GS0390663 - GS0390662 | ■ | ■ | ■ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs)and any tax consequences thereof. (Section 4.1) | Yes | 9/20/2010 | | | | |
| 757 | ■ | ■ | ■ 2004 | ■ 2008 | GS0390668 - GS0390671 | ■ | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law (including but not limited to the New Jersey Conscientious Employee Protection Act (CEPA)) and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 758 | ▉ | ▉ | ▉ | 2005 | ▉ 2007 | GS0390672 - GS0390679 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 759 | ▉ | ▉ | ▉ | 2000 | ▉ 2009 | GS0390680 - GS0390683 | ▉ | ▉ | ▉ | ▉ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Page 2) | | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | |
| 760 | ▉ | ▉ | ▉ | 2010 | ▉ 2012 | GS0390684 - GS0390688 | ▉ | ▉ | ▉ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | PWA Agreement | ▉ 2010 | GS0386652 - GS0386654 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 761 | ▮ | ▮ | ▮ | 2000 | ▮ 2002 | GS0390689 - GS0390692 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights as a former employee under any employee benefit plan in which you were a participant while employed). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 762 | ▮ | ▮ | ▮ | 2015 | ▮ 2016 | GS0390693 - GS0390698 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), as well as claims under the WARN Acts (as defined below in section 11.3). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | No | N/A | | | | |
| 763 | ▮ | ▮ | ▮ | 2003 | ▮ 2008 | GS0390699 - GS0390706 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 764 | ▇ | ▇ | | 1996 | 2008 | GS0390707 - GS0390710 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 765 | ▇ | ▇ | | 2004 | 2009 | GS0388602 - GS0388605 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Pages 3-4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. (Page 2) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |
| 766 | ▇ | ▇ | | 1994 | 2007 | GS0390711 - GS0390718 | | | | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | Your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 45 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 45-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. The Older Worker Benefit Protection Act requires that the firm provide you with certain information concerning the employees being offered similar separation agreements. The required information is provided in Attachment A to this document. (Pages 2-3) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | | | | |

# Appendix A

## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Dates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Dates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 767 | ▮ | ▮ | ▮ | 2003 | ▮ 2012 | GS0390719 - GS0390722 | ▮ | ▮ | ▮ | ▮ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional),for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")), including all claims that were made or could have been made in the June 28, 2012 letter from Douglas H. Wigdor, Esq. to Ted Rogers, Esq. or in the draft document sent to Mr. Rogers by Mr. Wigdor on August 7, 2012. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |
| 768 | ▮ | ▮ | ▮ | 1997 | ▮ 2003 | GS0386928 - GS0386931 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and have had that additional awards should have been made to you under such programs. (Pages 2-3) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its parents, subsidiaries or affiliates, or any of their predecessor or successor entities (collectively, the "Group") and any of its or their present and former partners, managing directors, shareholders, employees, agents, directors, and officers, through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed or your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance. This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |
| 769 | ▮ | ▮ | ▮ | 1998 | ▮ 2003 | GS0389100 - GS0389102 | ▮ | ▮ | ▮ | | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the New York Stock Exchange, Inc., or, if the matter is not arbitrable before the New York Stock Exchange, Inc., the National Association of Securities Dealers. If both the New York Stock Exchange, Inc. and the National Association of Securities Dealers decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") (in accordance with the commercial arbitration rules of the AAA). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Page 4) | In addition, the firm requires your acknowledgment that you have no remaining, unresolved claims with respect to your employment. Consequently, your signature below will constitute your agreement that, in consideration of the payments and benefits provided, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had, now have, or hereafter may have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes but is not limited to any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs. Your signature below will also constitute confirmation that you have been given at least 21 days within which to consider this release and its consequences, that you have been advised prior to signing this agreement to consult with any attorney and any personal or financial advisor you choose, and that any changes to this agreement (irrespective of materiality) did not restart the running of the 21-day period. For a period of seven days following the execution of this agreement, you may revoke the agreement, and the agreement shall not become effective or enforceable until the revocation period has expired. (Page 2) | Agreement predates filing of Complaint | | Agreement predates filing of Complaint | | | |

# Appendix A
## Separation Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Bates | G Notice Period with Salary (End Date) | H Severance Payment Period with Salary (End Date) | I Other Consideration (Lump Sum Amount, Outplacement, etc) | J Waiver of Equity Forfeiture Conditions? | K Operative Agreement Arbitration Provision | L Operative Agreement Release Provision | M Hold Notice Before Operative Agreement? | N Hold Notice Dates | O Prior Agreement Type | P Prior Agreement Signed Date | Q Prior Agreement Bates | R Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 770 | ■ | ■ | ■ | 2010 | ■ 2011 | GS0390723 - GS0390728 | ■ | ■ | ■ | ■ | Any dispute or claim arising out of or based upon or relating in any way to this agreement, or to your employment or other association with the firm, or the termination of your employment, will be settled by arbitration. Any such arbitration will be conducted before the Financial Industry Regulatory Authority ("FINRA"). If the matter is not arbitrable before FINRA, it will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 9.1) | Your signature below will constitute your agreement that, in consideration of the payments and other arrangements provided for herein, you knowingly and voluntarily waive and release forever whatever claims, whether known or unknown, you ever had or now have against Goldman Sachs, its predecessor or successor entities, and any of its or their present and former partners, managing directors, employees, directors, officers, attorneys, representatives and agents, based upon any matter, cause or thing occurring through the date of your signature on this agreement, including but not limited to claims based upon or relating to your hire by Goldman Sachs, any aspect of the work you performed, your employment relationship with the firm, or the termination of your employment (other than claims you may have based upon your vested rights under any employee pension benefit plan under section 3(2) of ERISA). This release and waiver includes, without limitation and to the greatest extent permitted by law, any rights or claims under United States federal, state or local law and the national or local law of any foreign country (statutory or decisional), for wrongful or abusive discharge, for breach of any contract, or for discrimination based upon race, color, ethnicity, sex, age, national origin, religion, disability, sexual orientation, or any other unlawful criterion or circumstance (including rights or claims under the Age Discrimination in Employment Act of 1967 ("ADEA")). This release and waiver also includes, without limitation, any claims you have or might have had concerning the delivery of any awards made to you under the firm's equity-based award programs including, without limitation, the SIP, or the amount or other terms or conditions of any such awards, and any claims you have or might have had that additional awards should have been made to you under such programs, as well as any claims relating to any payments or benefits (including, without limitation, those provided for herein and under such programs) and any tax consequences thereof. (Section 5.1) | Yes | 9/20/2010; 8/2/2011 | | | | |

# Appendix B

# Appendix B
## MD Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Agreement Signed Date (E) | Operative Agreement Type (F) | Signed Agreement Before Hire Date? (G) | Operative Agreement Bates (H) | Operative Agreement Arbitration Provision (I) | Hold Notice Before Operative Agreement? (J) | Hold Notice Dates (K) | Prior Agreement Type (L) | Prior Agreement Signed Date (M) | Prior Agreement Bates (N) | Prior Agreement Arbitration Provision (O) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | ▮ | ▮ | ▮ | ▮/1995 | ▮ | Extended Managing Director Agreement | No | GS0383955 - GS0383964 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | PWA Agreement | ▮/1998 | GS0393144 - GS0393146 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered in a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) |
| 155 | ▮ | ▮ | ▮ | ▮/1985 | ▮ | Extended Managing Director Agreement | No | GS0384795 - GS0384802 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/1999 | GS0386405 - GS0386407 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief covering the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered in a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third part beneficiary. (Section 10) |
| 159 | ▮ | ▮ | ▮ | ▮1994 | ▮ | Extended Managing Director Agreement | No | GS0384832 - GS0384840 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | PWA Agreement | ▮/2000 | GS0386419 - GS0386421 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief covering the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered in a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) |
| 24 | ▮ | ▮ | ▮ | ▮/1997 | ▮ | Extended Managing Director Agreement | No | GS0382744 - GS0382752 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | PWA Agreement | ▮2000 | GS0385677 - GS0385680 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered in a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) |

# Appendix B
## MD Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 10 | ▇ | ▇ | | /1993 | ▇ | Participating Managing Director Agreement | No | GS0382496 - GS0382504 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▇ | GS0382480 - GS0382495 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 52 | ▇ | ▇ | | 1989 | | Participating Managing Director Agreement | No | GS0383168 - GS0383176 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | | GS0383152 - GS0383167 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 115 | ▇ | ▇ | | /1993 | ▇ 6 | Participating Managing Director Agreement | No | GS0384174 - GS0384182 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Extended Managing Director Agreement | | GS0384167 - GS0384173 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 134 | ▇ | | | 1994 | ▇ | Extended Managing Director Agreement | No | GS0384546 - GS0384558 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▇ | GS0384539 - GS0384545 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 174 | ▉ | ▉ | | ▉1992 | ▉ | Participating Managing Director Agreement | No | GS0385064 - GS0385072 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | ▉ | GS0385057 - GS0385063 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 59 | ▉ | ▉ | | ▉1998 | ▉ | Extended Managing Director Agreement | No | GS0383294 - GS0383303 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | PWA Agreement | ▉/2003 | GS0385772 - GS0385774 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 149 | ▉ | ▉ | ▉ | ▉/1998 | ▉ | Extended Managing Director Agreement | No | GS0384696 - GS0384705 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | PWA Agreement | ▉2003 | GS0386373 - GS0386375 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third part beneficiary. (Section 11) |
| 6 | ▉ | ▉ | ▉ | ▉/2000 | ▉ | Extended Managing Director Agreement | No | GS0382435 - GS0382443 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | PWA Agreement | ▉/2003 | GS0385579 - GS0385581 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

3

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 60 | ▮ | ▮ | | ▮1999 | ▮ | Participating Managing Director Agreement | No | GS0383312 - GS0383320 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▮ | GS0383304 - GS0383311 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 166 | ▮ | ▮ | | ▮1997 | ▮ | Participating Managing Director Agreement | No | GS0384946 - GS0384954 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Extended Managing Director Agreement | | GS0384938 - GS0384945 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 16 | ▮ | ▮ | | ▮/2002 | ▮ | Participating Managing Director Agreement | No | GS0382587 - GS0382595 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 8/2/2011 | Extended Managing Director Agreement | | GS0382578 - GS0382586 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 32 | ▮ | ▮ | | ▮/2005 | ▮ | Extended Managing Director Agreement | No | GS0382901 - GS0382910 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | PWA Agreement | ▮2005 | GS0385788 - GS0385790 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |

4

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | ▮ | ▮ | | /1998 | ▮ | Participating Managing Director Agreement | No | GS0383043 - GS0383051 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011 | Extended Managing Director Agreement | ▮ | GS0383034 - GS0383042 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 65 | ▮ | ▮ | | /2003 | ▮ | Participating Managing Director Agreement | No | GS0383387 - GS0383395 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Extended Managing Director Agreement | ▮ | GS0383378 - GS0383386 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 110 | ▮ | ▮ | | /2002 | ▮ | Participating Managing Director Agreement | No | GS0384103 - GS0384111 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▮ | GS0384094 - GS0384102 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 179 | ▮ | ▮ | | /1993 | ▮ | Participating Managing Director Agreement | No | GS0385162 - GS0385173 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | No | 6/19/2012; 4/9/2013; 1/29/2014 | Extended Managing Director Agreement | ▮ | GS0385153 - GS0385161 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) |
| 104 | ▮ | ▮ | | /2002 | ▮ | Extended Managing Director Agreement | No | GS0383985 - GS0384013 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Extended Managing Director Agreement | ▮ | GS0383976 - GS0383984 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 34 | ▉ | ▉ | ▉ | /1999 | ▉ | Participating Managing Director Agreement | No | GS0382929 - GS0382938 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▉ | GS0382920 - GS0382928 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 92 | ▉ | ▉ | ▉ | /1998 | ▉ | Participating Managing Director Agreement | No | GS0383766 - GS0383775 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▉ | GS0383757 - GS0383765 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 178 | ▉ | ▉ | ▉ | /1997 | ▉ | Participating Managing Director Agreement | No | GS0385113 - GS0385125 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▉ | GS0385104 - GS0385112 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 132 | ▉ | ▉ | ▉ | /2006 | ▉ | Participating Managing Director Agreement | No | GS0384511 - GS0384520 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▉ | GS0384502 - GS0384510 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 171 | ▉ | ▉ | ▉ | /1998 | ▉ | Participating Managing Director Agreement | No | GS0385017 - GS0385026 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▉ | GS0390805 - GS0390813 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |

# Appendix B
## MD Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 113 | ▮ | ▮ | | 1999 | ▮ | Participating Managing Director Agreement | No | GS0384144 - GS0384156 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▮ | GS0384135 - GS0384143 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 1 | ▮ | ▮ | | 2009 | ▮ | Extended Managing Director Agreement | No | GS0382382 - GS0382392 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | PWA Agreement | 2010 | GS0385535 - GS0385537 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) |
| 165 | ▮ | ▮ | | ▮/2004 | ▮ | Participating Managing Director Agreement | No | GS0384907 - GS0384919 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▮ | GS0384898 - GS0384906 | Subject to Section 9 below, to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) |
| 36 | ▮ | ▮ | | ▮/2003 | ▮ | Participating Managing Director Agreement | No | GS0382958 - GS0382970 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▮ | GS0382948 - GS0382957 | Subject to Section 9 below, to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) |
| 143 | ▮ | ▮ | | ▮/2004 | ▮ | Participating Managing Director Agreement | No | GS0384683 - GS0384695 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Extended Managing Director Agreement | ▮ | GS0384673 - GS0384682 | Subject to Section 9 below, to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) |

# Appendix B
## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | ▮ | ▮ | ▮ | /1993 | ▮ | Extended Managing Director Agreement | No | GS0382403 - GS0382409 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 3 | ▮ | ▮ | ▮ | 2002 | ▮ | Extended Managing Director Agreement | No | GS0383496 - GS0383505 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 4 | ▮ | ▮ | ▮ | 1997 | ▮ | Extended Managing Director Agreement | No | GS0382410 - GS0382425 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012 | N/A | | | |
| 5 | ▮ | ▮ | ▮ | /1997 | ▮ | Extended Managing Director Agreement | No | GS0382426 - GS0382434 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |
| 7 | ▮ | ▮ | ▮ | 2007 | ▮ | Extended Managing Director Agreement | No | GS0382444 - GS0382453 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | ▆ | ▆ | ▆ | /1992 | ▆ | Extended Managing Director Agreement | No | GS0382454 - GS0382460 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 9 | ▆ | ▆ | ▆ | /2002 | ▆ | Extended Managing Director Agreement | No | GS0382470 - GS0382479 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 11 | ▆ | ▆ | ▆ | /2003 | ▆ | Extended Managing Director Agreement | No | GS0382505 - GS0382514 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 12 | ▆ | ▆ | ▆ | /1998 | ▆ | Extended Managing Director Agreement | No | GS0382533 - GS0382541 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 13 | ▆ | ▆ | ▆ | /1981 | ▆ | Extended Managing Director Agreement | No | GS0382542 - GS0382548 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Agreement Signed Date (E) | Operative Agreement Type (F) | Signed Agreement Before Hire Date? (G) | Operative Agreement Bates (H) | Operative Agreement Arbitration Provision (I) | Hold Notice Before Operative Agreement? (J) | Hold Notice Dates (K) | Prior Agreement Type (L) | Prior Agreement Signed Date (M) | Prior Agreement Bates (N) | Prior Agreement Arbitration Provision (O) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | ▇ | ▇ | ▇ | ▇/2000 | ▇ | Extended Managing Director Agreement | No | GS0382559 - GS0382567 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA". You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 15 | ▇ | ▇ | ▇ | ▇/2007 | ▇ | Extended Managing Director Agreement | No | GS0382568 - GS0382577 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 17 | ▇ | ▇ | ▇ | ▇/2000 | ▇ | Extended Managing Director Agreement | No | GS0382607 - GS0382616 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 18 | ▇ | ▇ | ▇ | ▇/2008 | ▇ | Extended Managing Director Agreement | No | GS0382393 - GS0382402 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 19 | ▇ | ▇ | ▇ | ▇/1992 | ▇ | Extended Managing Director Agreement | No | GS0382668 - GS0382676 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | N/A | | | |

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | ▇ | ▇ | ▇ | ▇2005 | ▇ | Extended Managing Director Agreement | No | GS0382677 - GS0382685 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 21 | ▇ | ▇ | ▇ | ▇/2002 | ▇ | Extended Managing Director Agreement | No | GS0382695 - GS0382703 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 22 | ▇ | ▇ | ▇ | ▇/1999 | ▇ | Extended Managing Director Agreement | No | GS0382704 - GS0382724 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 23 | ▇ | ▇ | ▇ | ▇/1997 | ▇ | Extended Managing Director Agreement | No | GS0382725 - GS0382734 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 25 | ▇ | ▇ | ▇ | ▇/2007 | ▇ | Extended Managing Director Agreement | No | GS0382753 - GS0382761 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010 | N/A | | | |

# Appendix B

## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 26 | ▬ | ▬ | ▬ | ▬2003 | ▬ | Extended Managing Director Agreement | No | GS0382781 - GS0382789 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 27 | ▬ | ▬ | ▬ | ▬2009 | ▬ | Extended Managing Director Agreement | No | GS0382800 - GS0382808 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 28 | ▬ | ▬ | | ▬/2007 | ▬ | Extended Managing Director Agreement | No | GS0382809 - GS0382818 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/21/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 29 | ▬ | ▬ | ▬ | ▬/2005 | ▬ | Extended Managing Director Agreement | No | GS0382819 - GS0382829 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 30 | ▬ | ▬ | ▬ | ▬2004 | ▬ | Extended Managing Director Agreement | No | GS0382858 - GS0382867 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 31 | ▇ | ▇ | | ▇/2001 | ▇ | Extended Managing Director Agreement | No | GS0382868 - GS0382890 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 33 | ▇ | ▇ | | ▇/1998 | ▇ | Extended Managing Director Agreement | No | GS0382911 - GS0382919 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |
| 35 | ▇ | ▇ | | ▇/1997 | ▇ | Extended Managing Director Agreement | No | GS0382939 - GS0382947 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 37 | ▇ | ▇ | ▇ | ▇/1989 | ▇ | Extended Managing Director Agreement | No | GS0382971 - GS0382979 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 38 | ▮ | ▮ | ▮ | ▮/1993 | ▮ | Extended Managing Director Agreement | No | GS0382980 - GS0382986 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 39 | ▮ | ▮ | ▮ | ▮/2006 | ▮ | Extended Managing Director Agreement | No | GS0382996 - GS0383006 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 40 | ▮ | ▮ | ▮ | ▮/1997 | ▮ | Extended Managing Director Agreement | No | GS0383007 - GS0383015 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 41 | ▮ | ▮ | ▮ | ▮/1999 | ▮ | Extended Managing Director Agreement | No | GS0383025 - GS0383033 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 43 | ▮ | ▮ | ▮ | ▮/2002 | ▮ | Extended Managing Director Agreement | No | GS0383052 - GS0383065 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |

14

# Appendix B
## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 44 | ▇ | ▇ | ▇ | /2000 | | Extended Managing Director Agreement | No | GS0383066 - GS0383075 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 45 | ▇ | ▇ | ▇ | /1997 | | Extended Managing Director Agreement | No | GS0383076 - GS0383084 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 6/19/2012 | N/A | | | |
| 46 | ▇ | ▇ | ▇ | /2007 | | Extended Managing Director Agreement | No | GS0383094 - GS0383104 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 47 | ▇ | ▇ | ▇ | /2000 | | Extended Managing Director Agreement | No | GS0383105 - GS0383113 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 48 | ▇ | ▇ | ▇ | 1993 | | Extended Managing Director Agreement | No | GS0383114 - GS0383122 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |

15

# Appendix B

## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
| 49 | ▆ | ▆ | ▆ | /1999 | ▆ | Extended Managing Director Agreement | No | GS0383133 - GS0383141 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 50 | ▆ | ▆ | ▆ | 2004 | ▆ | Extended Managing Director Agreement | No | GS0383123 - GS0383132 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 51 | ▆ | ▆ | ▆ | 2007 | ▆ | Extended Managing Director Agreement | No | GS0383142 - GS0383151 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 53 | ▆ | ▆ | ▆ | /2004 | ▆ | Extended Managing Director Agreement | No | GS0383177 - GS0383187 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | N/A | N/A | N/A | | | |
| 54 | ▆ | ▆ | ▆ | /2000 | ▆ | Extended Managing Director Agreement | No | GS0383207 - GS0383216 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 55 | ▮ | ▮ | ▮ | ▮/2001 | ▮ | Extended Managing Director Agreement | No | GS0382549 - GS0382558 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 56 | ▮ | ▮ | ▮ | ▮/1999 | ▮ | Extended Managing Director Agreement | No | GS0383227 - GS0383236 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 57 | ▮ | ▮ | ▮ | ▮2006 | ▮ | Extended Managing Director Agreement | No | GS0383237 - GS0383246 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 58 | ▮ | ▮ | ▮ | ▮/1998 | ▮ | Extended Managing Director Agreement | No | GS0383247 - GS0383255 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 61 | ▮ | ▮ | ▮ | ▮/1999 | ▮ | Extended Managing Director Agreement | No | GS0383331 - GS0383339 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |

# Appendix B
## MD Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
| 62 | ▅ | ▅ | ▅ | /2004 | ▅ | Extended Managing Director Agreement | No | GS0383340 - GS0383349 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 63 | ▅ | ▅ | ▅ | /1999 | ▅ | Extended Managing Director Agreement | No | GS0383350 - GS0383358 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA ") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012 | N/A | | | |
| 64 | ▅ | ▅ | ▅ | /2000 | ▅ | Extended Managing Director Agreement | No | GS0383359 - GS0383368 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 66 | ▅ | ▅ | ▅ | /1997 | ▅ | Extended Managing Director Agreement | No | GS0383405 - GS0383412 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 67 | ▅ | ▅ | ▅ | /2001 | ▅ | Extended Managing Director Agreement | No | GS0383413 - GS0383422 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
| 68 | ▮ | ▮ | ▮ | ▮1997 | ▮ | Extended Managing Director Agreement | No | GS0383423 - GS0383431 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the commercial Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |
| 69 | ▮ | ▮ | ▮ | /2001 | ▮ | Extended Managing Director Agreement | No | GS0383432 - GS0383441 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 70 | ▮ | ▮ | ▮ | ▮1999 | ▮ | Extended Managing Director Agreement | No | GS0383442 - GS0383450 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |
| 71 | ▮ | ▮ | ▮ | /2004 | ▮ | Extended Managing Director Agreement | No | GS0383451 - GS0383460 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 72 | ▇▇ | ▇▇ | ▇▇ | ▇/2000 | ▇▇ | Extended Managing Director Agreement | No | GS0383471 - GS0383485 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA"). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | No | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 73 | ▇▇ | ▇▇ | ▇▇ | ▇/2000 | ▇▇ | Extended Managing Director Agreement | No | GS0383486 - GS0383495 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA"). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 74 | ▇▇ | ▇▇▇▇ | ▇▇ | ▇ 1996 | ▇▇ | Extended Managing Director Agreement | No | GS0383523 - GS0383531 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA ") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 1/29/2014; 7/15/2015 | N/A | | | |
| 75 | ▇▇ | ▇▇ | ▇▇ | ▇/1998 | ▇▇ | Extended Managing Director Agreement | No | GS0383541 - GS0383550 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | N/A | | | |
| 76 | ▇ | ▇▇▇ | ▇▇ | ▇/1996 | ▇▇ | Extended Managing Director Agreement | No | GS0383551 - GS0383559 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | ■ | ■ | ■ | /2006 | ■ | Extended Managing Director Agreement | No | GS0383560 - GS0383570 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 78 | ■ | ■ | ■ | /2006 | ■ | Extended Managing Director Agreement | No | GS0383571 - GS0383581 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 79 | ■ | ■ | ■ | /1976 | ■ | Extended Managing Director Agreement | No | GS0383582 - GS0383590 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |
| 80 | ■ | ■ | ■ | 2004 | ■ | Extended Managing Director Agreement | Yes | GS0383591 - GS0383600 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | N/A | | | |
| 81 | ■ | ■ | ■ | /2007 | ■ | Extended Managing Director Agreement | No | GS0383601 - GS0383609 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |

# Appendix B
## MD Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Agreement Signed Date (E) | Operative Agreement Type (F) | Signed Agreement Before Hire Date? (G) | Operative Agreement Bates (H) | Operative Agreement Arbitration Provision (I) | Hold Notice Before Operative Agreement? (J) | Hold Notice Dates (K) | Prior Agreement Type (L) | Prior Agreement Signed Date (M) | Prior Agreement Bates (N) | Prior Agreement Arbitration Provision (O) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 82 | ▮▮ | ▮▮ | ▮▮ | 1996 | ▮▮ | Extended Managing Director Agreement | No | GS0383620 - GS0383628 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 83 | ▮▮ | ▮▮ | ▮▮ | /2001 | ▮▮ | Extended Managing Director Agreement | No | GS0383629 - GS0383638 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 84 | ▮▮ | ▮▮ | ▮▮ | /2005 | ▮▮ | Extended Managing Director Agreement | No | GS0383639 - GS0383648 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 85 | ▮▮ | ▮▮ | ▮▮ | 1992 | ▮▮ | Extended Managing Director Agreement | No | GS0383649 - GS0383657 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 86 | ▮▮ | ▮▮ | ▮▮ | 1998 | ▮▮ | Extended Managing Director Agreement | No | GS0383658 - GS0383667 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
| 87 | ▮ | ▮ | ▮ | 2007 | ▮ | Extended Managing Director Agreement | No | GS0383677 - GS0383685 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 88 | ▮ | ▮ | ▮ | /1998 | ▮ | Extended Managing Director Agreement | No | GS0383686 - GS0383696 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 89 | ▮ | ▮ | ▮ | /2000 | ▮ | Extended Managing Director Agreement | No | GS0383697 - GS0383706 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 90 | ▮ | ▮ | ▮ | 2003 | ▮ | Extended Managing Director Agreement | No | GS0383739 - GS0383747 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 91 | ▮ | ▮ | ▮ | /1998 | ▮ | Extended Managing Director Agreement | No | GS0383748 - GS0383756 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010 | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 93 | ▆ | ▆ | ▆ | ▆/2003 | ▆ | Extended Managing Director Agreement | No | GS0383776 - GS0383786 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 94 | ▆ | ▆ | ▆ | ▆/2010 | ▆ | Extended Managing Director Agreement | No | GS0383787 - GS0383797 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 95 | ▆ | ▆ | ▆ | ▆1998 | ▆ | Extended Managing Director Agreement | No | GS0383820 - GS0383828 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 96 | ▆ | ▆ | ▆ | ▆/2007 | ▆ | Extended Managing Director Agreement | No | GS0383829 - GS0383837 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 97 | ▆ | ▆ | ▆ | ▆/1996 | ▆ | Extended Managing Director Agreement | No | GS0383838 - GS0383844 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |

24

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 98 | ▮▮ | ▮▮ | ▮▮ | /2011 | ▮▮ | Extended Managing Director Agreement | No | GS0383845 - GS0383854 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 99 | ▮▮ | ▮▮ | ▮▮ | 1999 | ▮▮ | Extended Managing Director Agreement | No | GS0383875 - GS0383883 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 100 | ▮▮ | ▮▮ | ▮▮ | /1994 | ▮▮ | Extended Managing Director Agreement | No | GS0383884 - GS0383892 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 101 | ▮▮ | ▮▮ | ▮▮ | /1998 | ▮▮ | Extended Managing Director Agreement | No | GS0383911 - GS0383926 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 4/9/2013; 1/29/2014 | N/A | | | |
| 103 | ▮▮ | ▮▮ | ▮▮ | /2003 | ▮▮ | Extended Managing Director Agreement | No | GS0383965 - GS0383975 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
| 105 | ■ | ■■■■ | ■■■ | ■1999 | ■■■ | Extended Managing Director Agreement | No | GS0383976 - GS0383984 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 106 | ■ | ■ | | ■/1998 | ■■■■ | Extended Managing Director Agreement | No | GS0384014 - GS0384022 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011 | N/A | | | |
| 107 | ■■■ | ■■■■ | | ■/2009 | ■■■■ | Extended Managing Director Agreement | No | GS0384042 - GS0384052 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 108 | ■■■ | ■■ | | ■/2005 | ■■■■ | Extended Managing Director Agreement | No | GS0384053 - GS0384062 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 109 | ▮ | ▮▮▮▮ | ▮▮▮ | ▮/2003 | ▮▮▮▮ | Extended Managing Director Agreement | No | GS0384063 - GS0384072 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 111 | ▮▮▮▮▮ | ▮▮▮▮ | ▮▮▮ | ▮/1999 | | Extended Managing Director Agreement | No | GS0384112 - GS0384123 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | No | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 112 | ▮▮ | | ▮▮▮ | ▮/2008 | | Extended Managing Director Agreement | No | GS0384124 - GS0384134 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 114 | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮ | ▮/2002 | ▮▮▮▮ | Extended Managing Director Agreement | No | GS0384157 - GS0384166 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 116 | ▮▮▮▮ | ▮▮▮▮ | ▮▮▮ | ▮/1996 | ▮▮▮▮ | Extended Managing Director Agreement | No | GS0384193 - GS0384202 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010 | N/A | | | |

# Appendix B

## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | |
| 117 | ▬ | | | ▬2007 | ▬ | Extended Managing Director Agreement | No | GS0384221 - GS0384230 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA"). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 118 | ▬ | ▬ | ▬ | ▬/1998 | ▬ | Extended Managing Director Agreement | No | GS0384231 - GS0384239 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 119 | ▬ | ▬ | ▬ | ▬/2007 | ▬ | Extended Managing Director Agreement | No | GS0384240 - GS0384255 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 120 | ▬ | ▬ | ▬ | ▬/2008 | ▬ | Extended Managing Director Agreement | No | GS0384289 - GS0384299 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 121 | ▬ | ▬ | ▬ | ▬/2000 | ▬ | Extended Managing Director Agreement | No | GS0384300 - GS0384309 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |

# Appendix B

## MD Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Agreement Signed Date (E) | Operative Agreement Type (F) | Signed Agreement Before Hire Date? (G) | Operative Agreement Bates (H) | Operative Agreement Arbitration Provision (I) | Hold Notice Before Operative Agreement? (J) | Hold Notice Dates (K) | Prior Agreement Type (L) | Prior Agreement Signed Date (M) | Prior Agreement Bates (N) | Prior Agreement Arbitration Provision (O) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 122 | ▮ | ▮ | | ▮/2000 | ▮ | Extended Managing Director Agreement | No | GS0384310 - GS0384319 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |
| 123 | ▮ | ▮ | ▮ | ▮/2001 | ▮ | Extended Managing Director Agreement | No | GS0384348 - GS0384357 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 124 | ▮ | ▮ | ▮ | ▮/2007 | ▮ | Extended Managing Director Agreement | No | GS0384371 - GS0384380 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 125 | ▮ | ▮ | ▮ | ▮/2003 | ▮ | Extended Managing Director Agreement | No | GS0384408 - GS0384417 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 126 | ▮ | ▮ | ▮ | ▮/1996 | ▮ | Extended Managing Director Agreement | No | GS0384418 - GS0384425 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 127 | ▇ | ▇ | ▇ | ▇2002 | ▇ | Extended Managing Director Agreement | No | GS0384435 - GS0384444 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA"). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 128 | ▇ | ▇ | ▇ | /2006 | ▇ | Extended Managing Director Agreement | No | GS0384454 - GS0384464 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 129 | ▇ | ▇ | ▇ | /1994 | ▇ | Extended Managing Director Agreement | No | GS0384465 - GS0384473 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 130 | ▇ | ▇ | ▇ | ▇1998 | ▇ | Extended Managing Director Agreement | No | GS0384483 - GS0384491 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |

# Appendix B

## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 131 | ▬ | ▬ | ▬ | /1999 | ▬ | Extended Managing Director Agreement | No | GS0384492 - GS0384501 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA"). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 133 | ▬ | ▬ | ▬ | 1997 | ▬ | Extended Managing Director Agreement | No | GS0384521 - GS0384529 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 135 | ▬ | ▬ | ▬ | 2005 | ▬ | Extended Managing Director Agreement | No | GS0384559 - GS0384568 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 136 | ▬ | ▬ | ▬ | /2000 | ▬ | Extended Managing Director Agreement | No | GS0384569 - GS0384579 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 137 | ▬ | ▬ | ▬ | /2005 | ▬ | Extended Managing Director Agreement | No | GS0384589 - GS0384604 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |

# Appendix B

MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 138 | ▮ | ▮ | ▮ | /1997 | ▮ | Extended Managing Director Agreement | No | GS0384622 - GS0384630 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 139 | ▮ | ▮ | ▮ | 1997 | | Extended Managing Director Agreement | No | GS0384631 - GS0384639 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 140 | ▮ | ▮ | ▮ | /2003 | ▮ | Extended Managing Director Agreement | No | GS0390782 - GS0390794 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010 | N/A | | | |
| 141 | ▮ | ▮ | ▮ | /2013 | ▮ | Extended Managing Director Agreement | No | GS0384640 - GS0384649 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 142 | ▮ | ▮ | ▮ | 2008 | ▮ | Extended Managing Director Agreement | No | GS0384650 - GS0384660 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 144 | ▆ | ▆ | ▆ | /2003 | ▆ | Extended Managing Director Agreement | No | GS0384706 - GS0384715 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 145 | ▆ | ▆ | ▆ | /2002 | ▆ | Extended Managing Director Agreement | No | GS0384358 - GS0384370 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | No | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 146 | ▆ | ▆ | ▆ | /2003 | ▆ | Extended Managing Director Agreement | No | GS0384716 - GS0384725 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 147 | ▆ | ▆ | ▆ | /1999 | ▆ | Extended Managing Director Agreement | No | GS0384726 - GS0384734 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 148 | ▆ | ▆ | ▆ | /2000 | ▆ | Extended Managing Director Agreement | No | GS0384735 - GS0384744 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |

33

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 150 | ▢ | ▢ | ▢ | ▢1994 | ▢ | Extended Managing Director Agreement | No | GS0384745 - GS0384752 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 151 | ▢ | ▢ | ▢ | ▢/2002 | ▢ | Extended Managing Director Agreement | No | GS0384753 - GS0384762 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 152 | ▢ | ▢ | ▢ | ▢/2002 | ▢ | Extended Managing Director Agreement | No | GS0384763 - GS0384774 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014 | N/A | | | |
| 153 | ▢ | ▢ | ▢ | ▢2006 | ▢ | Extended Managing Director Agreement | No | GS0384775 - GS0384784 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 154 | ▢ | ▢ | ▢ | ▢1997 | ▢ | Extended Managing Director Agreement | No | GS0384785 - GS0384794 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 156 | ■■ | ■■■■ | ■■ | ■■/2001 | ■■■■ | Extended Managing Director Agreement | No | GS0384803 - GS0384812 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 157 | ■■ | ■■■■ | | ■■/1993 | ■■■■ | Extended Managing Director Agreement | No | GS0384813 - GS0384821 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 158 | ■■ | ■■■■■ | ■■■ | ■■/2005 | ■■■■ | Extended Managing Director Agreement | No | GS0384822 - GS0384831 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 160 | ■■■ | ■■■■■ ■■■ | | ■■/1997 | ■■■■ | Extended Managing Director Agreement | No | GS0383610 - GS0383619 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 161 | ▨ | ▨ | ▨ | /1999 | ▨ | Extended Managing Director Agreement | No | GS0384841 - GS0384849 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 162 | ▨ | ▨ | ▨ | /1998 | ▨ | Extended Managing Director Agreement | No | GS0384867 - GS0384876 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 163 | ▨ | ▨ | ▨ | /2004 | ▨ | Extended Managing Director Agreement | No | GS0384888 - GS0384897 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 164 | ▨ | ▨ | ▨ | /1996 | ▨ | Extended Managing Director Agreement | No | GS0385193 - GS0385202 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 167 | ▨ | ▨ | ▨ | /2005 | ▨ | Extended Managing Director Agreement | No | GS0384955 - GS0384964 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 168 | ■■ | ■■■ | ■■ | ■■/2015 | ■■ | Extended Managing Director Agreement | No | GS0384965 - GS0384975 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 12/2/2016; 5/31/2018 | N/A | | | |
| 169 | ■■ | ■■■ | ■■ | ■■/2006 | ■■ | Extended Managing Director Agreement | No | GS0384976 - GS0384986 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 170 | ■■ | ■■■ | ■■ | ■■/2000 | ■■ | Extended Managing Director Agreement | No | GS0384997 - GS0385007 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |
| 172 | ■■ | ■■■ | ■■ | ■■/2005 | ■■ | Extended Managing Director Agreement | No | GS0385027 - GS0385035 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | N/A | | | |
| 173 | ■■ | ■■■ | ■■ | ■■/2000 | ■■ | Extended Managing Director Agreement | No | GS0385047 - GS0385056 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | |

# Appendix B

MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 175 | ▉ | ▉ | ▉ | 2006 | ▉ | Extended Managing Director Agreement | No | GS0385073 - GS0385085 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 6/19/2012; 1/29/2014 | N/A | | | |
| 176 | ▉ | ▉ | /1999 | ▉ | Extended Managing Director Agreement | No | GS0385086 - GS0385094 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | N/A | | | | |
| 177 | ▉ | ▉ | /1999 | ▉ | Extended Managing Director Agreement | No | GS0385095 - GS0385103 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 180 | ▉ | ▉ | 2002 | ▉ | Extended Managing Director Agreement | No | GS0385174 - GS0385182 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 181 | ▉ | ▉ | ▉ | /2006 | ▉ | Extended Managing Director Agreement | No | GS0385183 - GS0385192 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

## MD Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Agreement Signed Date | Operative Agreement Type | Signed Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Prior Agreement Type | Prior Agreement Signed Date | Prior Agreement Bates | Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O |
| 182 | ▬ | ▬ | ▬ | /1988 | ▬ | Extended Managing Director Agreement | No | GS0385224 - GS0385232 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD "). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 183 | ▬ | ▬ | ▬ | /1998 | ▬ | Extended Managing Director Agreement | No | GS0385242 - GS0385250 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 184 | ▬ | ▬ | ▬ | /2004 | ▬ | Extended Managing Director Agreement | No | GS0385251 - GS0385265 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 185 | ▬ | ▬ | ▬ | /2010 | ▬ | Extended Managing Director Agreement | No | GS0385275 - GS0385285 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 186 | ▬ | ▬ | ▬ | 2007 | ▬ | Extended Managing Director Agreement | No | GS0385308 - GS0385317 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 187 | ▇ | ▇ | ▇ | /1999 | ▇ | Extended Managing Director Agreement | No | GS0385318 - GS0385327 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA"). You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 188 | ▇ | ▇ | ▇ | /2014 | ▇ | Extended Managing Director Agreement | No | GS0385328 - GS0385338 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 189 | ▇ | ▇ | ▇ | /1992 | ▇ | Extended Managing Director Agreement | No | GS0385339 - GS0385346 | Subject to Section 5, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the New York Stock Exchange, Inc. ("NYSE") or if the matter is not arbitrable before the NYSE, the National Association of Securities Dealers ("NASD"). If both the NYSE and the NASD decline to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 4) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 190 | ▇ | ▇ | ▇ | /1998 | ▇ | Extended Managing Director Agreement | No | GS0385347 - GS0385355 | Subject to Section 9 below, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | | | |
| 191 | ▇ | ▇ | ▇ | /2000 | ▇ | Extended Managing Director Agreement | No | GS0385356 - GS0385364 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012 | N/A | | | |

# Appendix B
## MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 192 | ▇ | ▇ | | ▇/2008 | ▇ | Extended Managing Director Agreement | No | GS0385365 - GS0385373 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 193 | ▇ | ▇ | | ▇/1999 | ▇ | Extended Managing Director Agreement | No | GS0385374 - GS0385384 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 194 | ▇ | ▇ | | ▇/2004 | ▇ | Extended Managing Director Agreement | No | GS0385385 - GS0385394 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 195 | ▇ | ▇ | ▇ | ▇/2012 | ▇ | Extended Managing Director Agreement | No | GS0385395 - GS0385405 | Subject to Sections 3.6 and 9 of this Agreement, and to the fullest permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 196 | ▇ | ▇ | ▇ | 2004 | ▇ | Extended Managing Director Agreement | No | GS0385425 - GS0385434 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix B

MD Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Agreement Signed Date | F Operative Agreement Type | G Signed Agreement Before Hire Date? | H Operative Agreement Bates | I Operative Agreement Arbitration Provision | J Hold Notice Before Operative Agreement? | K Hold Notice Dates | L Prior Agreement Type | M Prior Agreement Signed Date | N Prior Agreement Bates | O Prior Agreement Arbitration Provision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 197 | ■■ | ■■ | ■ | ■/1998 | ■■ | Extended Managing Director Agreement | No | GS0385444 - GS0385453 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 198 | ■■ | ■■ | ■■ | ■/1998 | ■■ | Extended Managing Director Agreement | No | GS0385465 - GS0385473 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 199 | ■■ | ■■ | | ■/2006 | ■■ | Extended Managing Director Agreement | No | GS0385474 - GS0385483 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 200 | ■■ | ■■ | ■■ | ■/1999 | ■■ | Extended Managing Director Agreement | No | GS0385495 - GS0385504 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |
| 201 | ■■ | ■■ | ■■ | ■/2000 | ■■ | Extended Managing Director Agreement | No | GS0385505 - GS0385514 | Subject to Section 9 below, and to the fullest extent permitted by law, any dispute, controversy or claim arising out of or based upon or relating to Employment Related Matters will be finally settled by arbitration in New York City before, and in accordance with the rules then obtaining of, the Financial Industry Regulatory Authority ("FINRA"). If FINRA declines to arbitrate the matter, the matter will be arbitrated before the American Arbitration Association ("AAA") in accordance with the commercial arbitration rules of the AAA. You agree that any arbitration decision and/or award will be final and binding upon the parties and may be entered as a judgment in any appropriate court. (Section 8.1) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | N/A | | | |

# Appendix C

# Appendix C
PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ▮ | ▮ | ▮ | 1998 | ▮2002 | No | GS0385518 - GS0385520 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010 | Yes | ▮2003 |
| 2 | ▮ | ▮ | ▮ | 2017 | ▮2017 | Yes | GS0385521 - GS0385525 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 3 | ▮ | ▮ | ▮ | 1997 | ▮2002 | No | GS0385529 - GS0385531 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 4 | ▮ | ▮ | ▮ | 2006 | ▮/2005 | Yes | GS0385532 - GS0385534 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | ▮2005 |
| 5 | ▮ | ▮ | ▮ | ▮/2011 | ▮2016 | No | GS0385548 - GS0385552 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮/2012 |
| 6 | ▮ | ▮ | ▮ | ▮2011 | ▮2011 | Yes | GS0385553 - GS0385557 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 8/2/2011; 6/19/2012 | Yes | ▮2012 |

\*    "Effective Date of Hire" in Column D shows the most recent date the class member joined the Firm as a full-time employee and does not include hire dates for summer internships or for previous terms of employment that began and ended prior to the employee becoming a member of the class.

1

# Appendix C
PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | ▮ | ▮ | | ▮2005 | ▮2005 | Yes | GS0393121 - GS0393123 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 8 | ▮ | ▮ | ▮ | ▮2017 | ▮2017 | Yes | GS0385561 - GS0385565 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 9 | ▮ | ▮ | | ▮2006 | ▮2005 | Yes | GS0385566 - GS0385568 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2006 |
| 10 | ▮ | ▮ | | ▮/1999 | ▮1998 | Yes | GS0390833 - GS0390835 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 11 | ▮ | ▮ | | ▮2011 | ▮2011 | Yes | GS0385569 - GS0385573 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 8/2/2011; 6/19/2012; 1/29/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2012 |
| 12 | ▮ | ▮ | | ▮2012 | ▮2014 | No | GS0386193 - GS0386198 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | No | ▮2013 |

# Appendix C

PWA Agreements

| # | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Last | First | Employee ID | Effective Date of Hire* | Operative Agreement Signed Date | Signed Operative Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Signed Operative Agreement Before First Performance Review? | First Performance Review Date Since 2003 |
| 13 | ▮ | | | ▮/2007 | ▮2007 | No | GS0385588 - GS0385590 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration that you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 14 | ▮ | ▮ | | ▮2010 | ▮2011 | No | GS0385602 - GS0385606 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2011 |
| 15 | ▮ | | | 1993 | ▮1999 | No | GS0385622 - GS0385624 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2003 |
| 16 | ▮ | | | ▮2017 | ▮2017 | Yes | GS0385625 - GS0385629 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 17 | ▮ | ▮ | | ▮2007 | ▮2011 | No | GS0385636 - GS0385640 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2008 |

# Appendix C

## PWA Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire* | Operative Agreement Signed Date | Signed Operative Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Signed Operative Agreement Before First Performance Review? | First Performance Review Date Since 2003 |
| 18 | ▮ | ▮ | ▮ | 2000 | 1999 | No | GS0385644 - GS0385645 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | 2003 |
| 19 | ▮ | ▮ | ▮ | 2002 | 2001 | Yes | GS0385646 - GS0385648 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2003 |
| 20 | ▮ | ▮ | ▮ | 2004 | 2003 | Yes | GS0385661 - GS0385663 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2005 |
| 21 | ▮ | ▮ | ▮ | 2014 | 2014 | Yes | GS0385664 - GS0385668 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | /2015 |
| 22 | ▮ | ▮ | ▮ | 2000 | 2006 | No | GS0385669 - GS0385671 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | 2003 |

# Appendix C

PWA Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire* | Operative Agreement Signed Date | Signed Operative Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Signed Operative Agreement Before First Performance Review? | First Performance Review Date Since 2003 |
| 23 | ▬ | ▬ | ▬ | ▬2017 | ▬2016 | Yes | GS0385681 - GS0385686 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 24 | ▬ | ▬ | ▬ | ▬2014 | ▬2014 | Yes | GS0385687 - GS0385691 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▬/2015 |
| 25 | ▬ | ▬ | ▬2016 | ▬2015 | Yes | | GS0385692 - GS0385696 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | Yes | ▬2017 |
| 26 | ▬ | ▬ | ▬ | ▬2015 | ▬2014 | Yes | GS0385610 - GS0385614 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▬2016 |
| 27 | ▬ | ▬ | ▬ | ▬2011 | ▬2011 | Yes | GS0385697 - GS0385701 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | ▬2012 |
| 28 | ▬ | ▬ | ▬ | ▬2012 | ▬2011 | Yes | GS0385705 - GS0385709 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |

# Appendix C

PWA Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire* | Operative Agreement Signed Date | Signed Operative Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Signed Operative Agreement Before First Performance Review? | First Performance Review Date Since 2003 |
| 29 | ▮ | ▮ | ▮ | ▮1997 | ▮2001 | No | GS0385716 - GS0385718 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 30 | ▮ | ▮ | ▮ | ▮2003 | ▮2002 | Yes | GS0385719 - GS0385721 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2004 |
| 31 | ▮ | ▮ | ▮ | ▮2010 | ▮2009 | Yes | GS0385732 - GS0385734 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | ▮2011 |
| 32 | ▮ | ▮ | ▮ | ▮2014 | ▮2014 | Yes | GS0385735 - GS0385739 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015 | N/A | N/A |
| 33 | ▮ | ▮ | ▮ | ▮2014 | ▮2013 | Yes | GS0385743 - GS0385748 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 34 | ▮ | ▮ | ▮ | ▮2002 | ▮2002 | No | GS0385752 - GS0385754 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | ▬ | ▬ | | ▬/2004 | ▬2005 | No | GS0385763 - GS0385765 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▬2004 |
| 36 | ▬ | ▬ | | ▬2014 | ▬2013 | Yes | GS0385766 - GS0385771 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▬2015 |
| 37 | ▬ | ▬ | | ▬2005 | ▬2006 | No | GS0386376 - GS0386378 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | ▬2004 |
| 38 | ▬ | ▬ | | ▬2010 | ▬2009 | Yes | GS0385775 - GS0385777 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▬2011 |
| 39 | ▬ | ▬ | | ▬2011 | ▬2014 | No | GS0385782 - GS0385784 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▬2012 |
| 40 | ▬ | ▬ | | ▬2005 | ▬2007 | No | GS0385791 - GS0385793 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | ▬2006 |

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | ▮ | ▮ | ▮ | ▮2010 | ▮2012 | No | GS0385794 - GS0385799 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮/2012 |
| 42 | ▮ | ▮ | ▮ | ▮2009 | ▮2011 | No | GS0385806 - GS0385810 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2003 |
| 43 | ▮ | ▮ | ▮ | ▮2001 | ▮2000 | Yes | GS0385811 - GS0385813 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 44 | ▮ | ▮ | ▮ | ▮2008 | ▮2007 | Yes | GS0385814 - GS0385816 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 45 | ▮ | ▮ | ▮ | ▮2016 | ▮2016 | Yes | GS0385817 - GS0385821 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ▮2017 |
| 46 | ▮ | ▮ | ▮ | ▮2017 | ▮2017 | Yes | GS0385832 - GS0385836 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |

# Appendix C
PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 47 | ▮ | ▮ | ▮ | ▮2016 | ▮2015 | Yes | GS0385840 - GS0385844 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ▮2017 |
| 48 | ▮ | ▮ | ▮ | ▮2012 | ▮/2016 | No | GS0385848 - GS0385852 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2012 |
| 49 | ▮ | ▮ | ▮ | ▮2017 | ▮2016 | Yes | GS0385853 - GS0385858 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 50 | ▮ | ▮ | ▮ | ▮2008 | ▮2012 | No | GS0385859 - GS0385864 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 6/19/2012; 1/29/2014 | Yes | ▮2012 |
| 51 | ▮ | ▮ | ▮ | ▮2016 | ▮2016 | Yes | GS0385870 - GS0385874 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016 | Yes | ▮2017 |
| 52 | ▮ | ▮ | ▮ | ▮2000 | ▮1999 | Yes | GS0385875 - GS0385878 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |

9

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 53 | ▮ | ▮ | ▮ | ▮2010 | ▮2010 | No | GS0385879 - GS0385882 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | ▮/2011 |
| 54 | ▮ | ▮ | ▮ | ▮2018 | ▮/2018 | Yes | GS0393124 - GS0393128 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 55 | ▮ | ▮ | ▮ | ▮2016 | ▮2015 | Yes | GS0385892 - GS0385896 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ▮2017 |
| 56 | ▮ | ▮ | ▮ | ▮2016 | ▮/2015 | Yes | GS0385900 - GS0385904 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ▮2017 |
| 57 | ▮ | ▮ | ▮ | ▮2010 | ▮2010 | Yes | GS0385905 - GS0385906 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | ▮2011 |
| 58 | ▮ | ▮ | ▮ | ▮2004 | ▮2003 | Yes | GS0386460 - GS0386462 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | ▮2005 |

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 59 | ▮ | ▮ | | ▮1998 | ▮1998 | Yes | GS0385907 - GS0385909 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 60 | ▮ | ▮ | ▮ | ▮2017 | ▮2016 | Yes | GS0385910 - GS0385914 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 61 | ▮ | ▮ | ▮ | ▮2009 | ▮2016 | No | GS0385915 - GS0385919 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2012 |
| 62 | ▮ | ▮ | ▮ | ▮2010 | ▮2009 | Yes | GS0385925 - GS0385927 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | ▮2011 |
| 63 | ▮ | ▮ | ▮ | ▮1997 | ▮2001 | No | GS0385931 - GS0385933 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 64 | ▮ | ▮ | | ▮2001 | ▮2000 | Yes | GS0385934 - GS0385936 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 65 | ▮ | ▮ | | ▮2018 | ▮2018 | Yes | GS0393129 - GS0393133 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 66 | ▮ | ▮ | | ▮2010 | ▮2009 | Yes | GS0385937 - GS0385939 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | ▮2010 |
| 67 | ▮ | ▮ | ▮ | ▮2014 | ▮014 | Yes | GS0385940 - GS0385945 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016 | Yes | ▮2015 |
| 68 | ▮ | ▮ | | ▮2014 | ▮2013 | Yes | GS0385946 - GS0385951 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015 | Yes | ▮2015 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 69 | ▮ | ▮ | ▮ | ▮2001 | ▮2000 | Yes | GSO385952 - GSO385954 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 70 | ▮ | ▮ | ▮ | ▮2007 | ▮2007 | Yes | GSO385955 - GSO385957 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2008 |
| 71 | ▮ | ▮ | ▮ | ▮2016 | ▮2016 | Yes | GSO385958 - GSO385962 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | Yes | ▮/2017 |
| 72 | ▮ | ▮ | ▮ | ▮2013 | ▮2013 | Yes | GSO386427 - GSO386427 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 1/29/2014 | N/A | N/A |
| 73 | ▮ | ▮ | ▮ | ▮2009 | ▮2008 | Yes | GSO385966 - GSO385968 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2010 |

# Appendix C

PWA Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire* | Operative Agreement Signed Date | Signed Operative Agreement Before Hire Date? | Operative Agreement Bates | Operative Agreement Arbitration Provision | Hold Notice Before Operative Agreement? | Hold Notice Dates | Signed Operative Agreement Before First Performance Review? | First Performance Review Date Since 2003 |
| 74 | ▮ | ▮ | ▮2018 | ▮2018 | Yes | GS0393134 - GS0393138 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 75 | ▮ | ▮ | ▮2007 | ▮2016 | No | GS0385969 - GS0385973 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | 9/20/2010; 8/2/2011; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2008 |
| 76 | ▮ | ▮ | ▮2012 | ▮2014 | No | GS0386289 - GS0386292 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2012 |
| 77 | ▮ | ▮ | ▮1997 | ▮2001 | No | GS0385990 - GS0385993 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 78 | ▮ | ▮ | ▮2015 | ▮2014 | Yes | GS0385994 - GS0385998 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2016 |

## Appendix C
PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 79 | ▮ | ▮ | ▮ | ▮2015 | ▮2017 | No | GS0386005 - GS0386009 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 12/2/2016; 5/31/2018 | No | ▮2016 |
| 80 | ▮ | ▮ | ▮ | ▮2014 | ▮2014 | Yes | GS0386010 - GS0386014 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015 | Yes | ▮2015 |
| 81 | ▮ | ▮ | ▮ | ▮2008 | ▮2007 | Yes | GS0386015 - GS0386017 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 82 | ▮ | ▮ | ▮ | ▮2000 | ▮1999 | Yes | GS0386043 - GS0386044 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2003 |
| 83 | ▮ | ▮ | ▮ | ▮2010 | ▮2010 | Yes | GS0386045 - GS0386047 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011 | Yes | ▮2011 |

# Appendix C
PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | ▉ | ▉ | ▉ | ▉2014 | ▉2016 | No | GS0386048 - GS0386052 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 7/15/2015; 5/31/2018 | No | ▉2015 |
| 85 | ▉ | ▉ | | ▉2014 | ▉/2013 | Yes | GS0386058 - GS0386062 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▉2015 |
| 86 | ▉ | ▉ | | ▉2008 | ▉2007 | Yes | GS0386076 - GS0386078 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 1/29/2014 | N/A | N/A |
| 87 | ▉ | ▉ | | ▉1988 | ▉1999 | No | GS0386084 - GS0386084 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▉/2003 |
| 88 | ▉ | ▉ | ▉ | ▉2015 | ▉2014 | Yes | GS0386086 - GS0386090 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015 | N/A | N/A |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 89 | ▮▮ | ▮▮ | ▮ | ▮2000 | 1/27/2000 | Yes | GS0386099 - GS0386101 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮/2003 |
| 90 | ▮▮ | ▮▮ | ▮2014 | 11/22/2013 | Yes | GS0386110 - GS0386115 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015 | Yes | ▮2015 |
| 91 | ▮▮ | ▮▮ | ▮2004 | 10/10/2005 | No | GS0385596 - GS0385598 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012; 4/9/2013 | No | ▮2003 |
| 92 | ▮▮ | ▮▮ | ▮2014 | 8/24/2017 | No | GS0386144 - GS0386148 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2015 |
| 93 | ▮▮ | ▮▮ | ▮2018 | 7/9/2018 | Yes | GS0393147 - GS0393151 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 94 | ▮▮ | ▮▮ | ▮2012 | 11/30/2011 | Yes | GS0386149 - GS0386153 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2013 |

17

# Appendix C
## PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 95 | ▇ | ▇ | ▇ | ▇2015 | ▇/2014 | Yes | GS0386154 - GS0386158 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016 | Yes | ▇2016 |
| 96 | ▇ | ▇ | ▇ | ▇2000 | ▇1999 | Yes | GS0386159 - GS0386162 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 97 | ▇ | ▇ | ▇ | ▇2005 | ▇2015 | No | GS0386171 - GS0386175 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 12/2/2016 | No | ▇2006 |
| 98 | ▇ | ▇ | ▇ | ▇2016 | ▇2015 | Yes | GS0386176 - GS0386180 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ▇2017 |
| 99 | ▇ | ▇ | ▇ | ▇2009 | ▇2010 | No | GS0386181 - GS0386183 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | ▇2010 |

# Appendix C

## PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 100 | ▮ | ▮ | ▮ | 1999 | 1999 | Yes | GS0386184 - GS0386184 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2003 |
| 101 | ▮ | ▮ | ▮ | 2000 | 2000 | Yes | GS0386190 - GS0386192 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2018; 5/31/2018 | Yes | 2003 |
| 102 | ▮ | ▮ | ▮ | 2014 | 2013 | Yes | GS0386202 - GS0386207 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016 | Yes | 2015 |
| 103 | ▮ | ▮ | ▮ | 2006 | 2010 | No | GS0385883 - GS0385888 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | 2007 |
| 104 | ▮ | ▮ | ▮ | 1999 | 2010 | No | GS0386208 - GS0386210 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2018; 5/31/2018 | Yes | /2010 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 105 | ▮ | ▮ | | ▮1984 | ▮2001 | No | GS0386219 - GS0386224 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 106 | ▮ | ▮ | | ▮/2009 | ▮2008 | Yes | GS0385785 - GS0385787 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011 | Yes | ▮/2010 |
| 107 | ▮ | ▮ | | ▮2000 | ▮2004 | No | GS0386233 - GS0386235 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2003 |
| 108 | ▮ | ▮ | | ▮2017 | ▮2016 | Yes | GS0386241 - GS0386244 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 109 | ▮ | ▮ | | ▮2015 | ▮2014 | Yes | GS0386245 - GS0386249 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2016 |
| 110 | ▮ | ▮ | | ▮2015 | ▮2014 | Yes | GS0386250 - GS0386254 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2016 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 111 | ▓ | ▓ | ▓ | ▓ 2018 | ▓ 2018 | Yes | GS0396140 - GS0396144 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 112 | ▓ | ▓ | ▓ | ▓ 1999 | ▓ 2005 | No | GS0386091 - GS0386093 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2015; 7/15/2015 | Yes | ▓ 2006 |
| 113 | ▓ | ▓ | ▓ | ▓ 2008 | ▓ 2009 | No | GS0386255 - GS0386257 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 114 | ▓ | ▓ | ▓ | ▓ 2008 | ▓ 2007 | Yes | GS0386264 - GS0386266 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▓ 2009 |
| 115 | ▓ | ▓ | ▓ | ▓ 2000 | ▓ 2006 | No | GS0385897 - GS0385899 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | ▓/2003 |
| 116 | ▓ | ▓ | ▓ | ▓ 1999 | ▓ 2003 | No | GS0385928 - GS0385930 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▓ 2003 |

21

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 117 | | | | 2016 | 2015 | Yes | GS0386270 - GS0386274 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | 2017 |
| 118 | | | | 2010 | 2010 | Yes | GS0386275 - GS0386277 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 2010 |
| 119 | | | | 1994 | 2007 | No | GS0386281 - GS0386283 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | No | 2003 |
| 120 | | | | 2015 | 2014 | Yes | GS0386284 - GS0386288 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016 | Yes | 2016 |
| 121 | | | | 2006 | 2006 | Yes | GS0386296 - GS0386299 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2007 |
| 122 | | | | 2016 | 2015 | Yes | GS0386300 - GS0386304 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | 2017 |

## Appendix C
PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 123 | ▮ | | | ▮2006 | ▮2006 | Yes | GS0386316 - GS0386325 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮/2007 |
| 124 | ▮ | ▮ | | ▮/2002 | ▮2001 | Yes | GS0386329 - GS0386331 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 125 | ▮ | ▮ | | ▮2016 | ▮2015 | Yes | GS0386332 - GS0386336 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 126 | ▮ | ▮ | | ▮2015 | ▮2015 | Yes | GS0386337 - GS0386341 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2016 |
| 127 | ▮ | ▮ | | ▮/1982 | ▮1999 | No | GS0386342 - GS0386344 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 128 | ▮ | ▮ | | ▮2015 | ▮2015 | Yes | GS0386345 - GS0386349 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 129 | ■ | ■ | | ■2009 | ■2012 | No | GS0386355 - GS0386360 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | ■2012 |
| 130 | ■ | ■ | | ■2000 | ■2003 | No | GS0386361 - GS0386363 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ■2003 |
| 131 | ■ | ■ | | ■1997 | ■2000 | No | GS0385633 - GS0385635 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 132 | ■ | ■ | ■ | ■2010 | ■2010 | Yes | GS0386379 - GS0386381 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ■2011 |
| 133 | ■ | ■ | ■ | ■/1999 | ■1999 | Yes | GS0386382 - GS0386384 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 134 | ▉ | ▉ | ▉ 2011 | ▉ 2010 | Yes | GS0385827 - GS0385831 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Agreement predates filing of Complaint | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▉ 2012 |
| 135 | ▉ | ▉ | ▉ 2008 | ▉ 2007 | Yes | GS0386385 - GS0386387 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▉ 2009 |
| 136 | ▉ | ▉ | ▉ 2007 | ▉ 2007 | Yes | GS0386391 - GS0386393 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▉ 2008 |
| 137 | ▉ | ▉ | ▉ 2010 | ▉ 2016 | No | GS0386394 - GS0386399 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▉ /2012 |
| 138 | ▉ | ▉ | ▉ 2000 | ▉ /1999 | Yes | GS0386400 - GS0386402 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 139 | ▉ | ▉ | ▉ 2010 | ▉ 2009 | Yes | GS0386413 - GS0386415 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; | Yes | ▉ 2010 |

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 140 | | | | 1997 | 2000 | No | GSO386416 - GSO386418 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 2003 |
| 141 | | | | 2016 | 2015 | Yes | GSO386422 - GSO386426 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | 2017 |
| 142 | | | | 2015 | 2015 | Yes | GSO386428 - GSO386433 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016 | Yes | 2016 |
| 143 | | | | 1999 | 2000 | No | GSO386434 - GSO386436 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state  courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 2003 |
| 144 | | | | 2010 | 2009 | Yes | GSO386437 - GSO386439 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 2011 |

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 145 | ▮ | ▮ | ▮ | ▮2000 | ▮1999 | Yes | GS0386440 - GS0386441 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮/2003 |
| 146 | ▮ | ▮ | ▮ | ▮1992 | ▮2003 | No | GS0386457 - GS0386459 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2003 |
| 147 | ▮ | ▮ | ▮ | ▮2005 | ▮2016 | No | GS0386463 - GS0386467 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 8/2/2011; 6/19/2012; 1/29/2014; 12/2/2016; 5/31/2018 | No | ▮2012 |
| 148 | ▮ | ▮ | ▮ | ▮1996 | ▮2002 | No | GS0386468 - GS0386473 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▮2003 |
| 149 | ▮ | ▮ | ▮ | ▮2010 | ▮2014 | No | GS0386474 - GS0386476 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▮2012 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 150 | ■ | | ■ | ■2016 | ■2015 | Yes | GS0386477 - GS0386481 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ■2017 |
| 151 | ■ | ■ | ■2006 | ■2006 | Yes | GS0386482 - GS0386484 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ■2007 |
| 152 | ■ | ■ | ■2017 | ■2016 | Yes | GS0386485 - GS0386490 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | N/A | N/A |
| 153 | ■ | ■ | ■1994 | ■2001 | No | GS0386491 - GS0386493 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary.  (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 154 | ■ | ■ | ■2010 | ■2016 | No | GS0386497 - GS0386501 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ■2012 |
| 155 | ■ | ■ | ■2012 | ■2011 | Yes | GS0385727 - GS0385731 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 4/9/2013 | N/A | N/A |

28

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 156 | ▮ | | | 1986 | 2001 | No | GS0386502 - GS0386507 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮/2003 |
| 157 | ▮ | ▮ | | 2018 | 2018 | Yes | GS0393152 - GS0393156 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 158 | ▮ | | | 2007 | 2006 | Yes | GS0386513 - GS0386515 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012 | Yes | ▮ 2009 |
| 159 | ▮ | ▮ | | 2007 | 2007 | Yes | GS0386516 - GS0386518 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 160 | ▮ | ▮ | | 1999 | 2000 | No | GS0386519 - GS0386521 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | N/A | N/A |
| 161 | ▮ | ▮ | | 2011 | 2011 | Yes | GS0386647 - GS0386651 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮/2012 |

# Appendix C
## PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 162 | ■■ | ■■ | | ■2013 | ■2017 | No | GS0386525 - GS0386529 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 5/31/2018 | No | ■2014 |
| 163 | ■■ | ■■ | ■■ | ■2011 | ■2010 | Yes | GS0386530 - GS0386534 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012 | Yes | ■2012 |
| 164 | ■ | | ■2015 | ■2015 | Yes | GS0386535 - GS0386539 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015 | Yes | /2016 |
| 165 | ■■ | ■■■■ | | ■2016 | ■2016 | No | GS0386543 - GS0386547 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | /2017 |
| 166 | ■■ | | ■2015 | ■2014 | Yes | GS0386548 - GS0386552 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ■2016 |
| 167 | ■■ | ■ | | ■2011 | ■2010 | Yes | GS0386556 - GS0386560 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Agreement predates filing of Complaint | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | ■2012 |

# Appendix C
## PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 168 | ▬ | ▬ | ▬ | ▬2009 | ▬2008 | Yes | GS0386002 - GS0386004 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2018; 5/31/2018 | Yes | ▬2010 |
| 169 | ▬ | ▬ | ▬ | ▬2018 | ▬2018 | Yes | GS0393157 - GS0393161 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 170 | ▬ | ▬ | ▬ | ▬2014 | ▬2014 | Yes | GS0385591 - GS0385595 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016 | Yes | ▬2014 |
| 171 | ▬ | ▬ | ▬ | ▬2004 | ▬/2016 | No | GS0386569 - GS0386573 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | ▬2012 |
| 172 | ▬ | ▬ | ▬ | ▬2005 | ▬2005 | No | GS0386590 - GS0386592 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ▬2006 |
| 173 | ▬ | ▬ | ▬ | ▬2004 | ▬2003 | Yes | GS0385558 - GS0385560 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▬2005 |

# Appendix C

PWA Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire* | E<br>Operative Agreement Signed Date | F<br>Signed Operative Agreement Before Hire Date? | G<br>Operative Agreement Bates | H<br>Operative Agreement Arbitration Provision | I<br>Hold Notice Before Operative Agreement? | J<br>Hold Notice Dates | K<br>Signed Operative Agreement Before First Performance Review? | L<br>First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 174 | ▮ | ▮ | | 1998 | 1998 | No | GS0386593 - GS0386593 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2003 |
| 175 | ▮ | ▮ | | 2016 | 2015 | Yes | GS0386594 - GS0386598 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | 2017 |
| 176 | ▮ | ▮ | | 2009 | 2016 | No | GS0386600 - GS0386604 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | Yes | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | No | 2012 |
| 177 | ▮ | ▮ | | 2006 | 2006 | Yes | GS0386605 - GS0386609 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2007 |
| 178 | ▮ | ▮ | | 1998 | 1998 | No | GS0386599 - GS0386599 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary in junctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 9) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | 2003 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 179 | ███ | ███ | | ██2011 | ██2011 | Yes | GS0386610 - GS0386614 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | ██2012 |
| 180 | ███ | ███ | | ██2009 | ██2008 | Yes | GS0386615 - GS0386617 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ██2010 |
| 181 | ███ | ███ | | ██2012 | ██2011 | Yes | GS0386618 - GS0386627 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ██2013 |
| 182 | █ | ███ | ███ | ██1999 | ██1999 | No | GS0386628 - GS0386630 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 2003 |
| 183 | ███ | ███ | ███ | ██1997 | ██1999 | No | GS0386634 - GS0386636 | Any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed, except you agree to submit to the jurisdiction of and agree that venue is proper in the federal and state courts located in the State of New York, New York County, in connection with any application for temporary or preliminary injunctive relief concerning the breach or threatened breach of this Agreement. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 10) | Agreement predates filing of Complaint | Agreement predates filing of Complaint | Yes | ██2003 |

# Appendix C

PWA Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire* | E Operative Agreement Signed Date | F Signed Operative Agreement Before Hire Date? | G Operative Agreement Bates | H Operative Agreement Arbitration Provision | I Hold Notice Before Operative Agreement? | J Hold Notice Dates | K Signed Operative Agreement Before First Performance Review? | L First Performance Review Date Since 2003 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 184 | ▮ | ▮ | ▮ | ▮2015 | ▮2014 | Yes | GS0386637 - GS0386641 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | ▮2016 |
| 185 | ▮ | ▮ | ▮ | ▮2016 | ▮2015 | Yes | GS0386642 - GS0386646 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | No | 12/2/2016; 5/31/2018 | Yes | ▮2017 |
| 186 | ▮ | ▮ | ▮ | ▮/2018 | ▮2018 | Yes | GS0393162 - GS0393166 | Except as otherwise provided in § 7(a), any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 7(b)) | N/A | N/A | N/A | N/A |
| 187 | ▮ | ▮ | ▮ | ▮2010 | ▮2009 | Yes | GS0386655 - GS0386657 | Except as otherwise provided in paragraph 10, any dispute or claim arising out of, based upon or relating in any way to this Agreement, or to your employment at Goldman Sachs or the termination of your employment, will be settled and finally determined by arbitration. Any such arbitration will be conducted in New York City before the American Arbitration Association or any other organization referred to in the arbitration provisions of any uniform application for Securities Industry Registration you have signed. You also agree that any arbitration award may be entered as a judgment in any appropriate court and that this Agreement is enforceable by the particular Goldman Sachs entity with whom you are employed as well as by an affiliate thereof as a third party beneficiary. (Section 11) | Agreement predates filing of Complaint | 9/20/2010; 8/2/2011 | Yes | ▮2011 |

34

# Appendix D

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | ▮ | ▮ | | ▮/2004 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 2 | ▮ | ▮ | | ▮/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 3 | ▮ | ▮ | | ▮/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 4 | ▮ | ▮ | | ▮/2007 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.  (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 5 | ▮ | ▮ | | ▮/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 6 | ▮ | ▮ | | ▮/2014 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 8/17/2017 | ▮ | $221.42 | ▮ |
| 7 | ▮ | ▮ | | ▮/2007 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8 | ■ | ■ | ■ | ■ /2013 | 2016_BroadBased AwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015; 12/2/2016 | Yes | 6/15/2016 | ■ | $146.16 | |
| 9 | ■ | ■ | ■ | ■ /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 10 | ■ | ■ | ■ | ■ /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 11 | ■ | ■ | ■ | ■ /2013 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.  (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 12 | ■ | ■ | ■ | ■ /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 13 | ■ | ■ | ■ | ■ /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |

2

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 14 | ■ | ■ | ■ | /1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 15 | ■ | ■ | ■ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 16 | ■ | ■ | ■ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 17 | ■ | ■ | ■ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 18 | ■ | ■ | ■ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 19 | ■ | ■ | ■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20 | [redacted] | [redacted] | [redacted] | [redacted]/1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 21 | [redacted] | [redacted] | [redacted] | [redacted]/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 4 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 22 | [redacted] | [redacted] | [redacted] | [redacted]/2014 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | [redacted] | $221.42 | [redacted] |
| 23 | [redacted] | [redacted] | [redacted] | [redacted]/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 24 | [redacted] | [redacted] | [redacted] | [redacted]/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 25 | [redacted] | [redacted] | [redacted] | [redacted]/2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |

4

# Appendix D

Equity Award Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
| 26 | ■ | ■ | ■ | /2014 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 3 | I understand and acknowledge I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 27 | ■ | ■ | ■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 28 | ■ | ■ | ■ | /2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS039605S - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 29 | ■ | ■ | ■ | /2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 30 | ■ | ■ | ■ | /2010 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 31 | ■ | ■ | ■ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 32 | ■ | ■ | ■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |

## Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | ■ | ■ | ■ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 34 | ■ | ■ | ■ | /2010 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.  (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 35 | ■ | ■ | ■ | /2013 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ■ | $221.42 | ■ |
| 36 | ■ | ■ | ■ | /1996 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 37 | ■ | ■ | ■ | /2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 38 | ■ | ■ | ■ | /2017 | 2017_MW_RSU_Agreement | GS0395849 - GS0395865 | 9 | GS0396120 - GS0396125 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_OT_Signature_Card.pdf | 23 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 11/14/2017 | ■ | $237.24 | ■ |
| 39 | ■ | ■ | ■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 40 | ▉ | ▉ | ▉ | ▉/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 41 | ▉ | ▉ | ▉ | ▉/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 42 | ▉ | ▉ | ▉ | ▉/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▉ | $250.97 | ▉ |
| 43 | ▉ | ▉ | ▉ | ▉/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 1/29/2014 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 44 | ▉ | ▉ | ▉ | ▉/2013 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me filing a charge with or participating in an investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.   (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▉ | $231.41 | ▉ |
| 45 | ▉ | ▉ | ▉ | ▉/2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 46 | ▮ | ▮ | ▮ | /2006 | 2017YE_RSU_3YR_NC_Agreement | GS0395915 - GS0395934 | 12 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 47 | ▮ | ▮ | ▮ | /2005 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 48 | ▮ | ▮ | ▮ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 49 | ▮ | ▮ | ▮ | /2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 50 | ▮ | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 51 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 52 | ▪ | ▪ | ▪ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 53 | ▪ | ▪ | ▪ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 54 | ▪ | ▪ | ▪ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪ | $250.97 | ▪ |
| 55 | ▪ | ▪ | ▪ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 56 | ▪ | ▪ | ▪ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 57 | ▪ | ▪ | ▪ | /2003 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/21/2016 | ▪ | $151.65 | ▪ |

9

**Appendix D**

Equity Award Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
| 58 | ▮ | ▮ | ▮ | ▮/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▮ | $250.97 | ▮ |
| 59 | ▮ | ▮ | ▮ | ▮/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 60 | ▮ | ▮ | ▮ | ▮/2006 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▮ | $151.65 | ▮0 |
| 61 | ▮ | ▮ | ▮ | ▮/2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 62 | ▮ | ▮ | ▮ | ▮/2016 | 2017_BroadBasedAwardAgreement | GS0395813 - GS0395829 | 7 | GS0395237 - GS0395242 | Paper | | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 9/15/2017 | ▮ | $225.22 | ▮ |
| 63 | ▮ | ▮ | ▮ | ▮/1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 64 | ▮ | ▮ | ▮ | ▮/2013 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/19/2017 | ▮ | $231.41 | ▮ |

# Appendix D
Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 65 | ▮ | ▮ | ▮ | ▮/2012 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 66 | ▮ | ▮ | ▮ | ▮/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 67 | ▮ | ▮ | ▮ | ▮/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 68 | ▮ | ▮ | ▮ | ▮/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 69 | ▮ | ▮ | ▮ | ▮/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 70 | ▮ | ▮ | ▮ | ▮/2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N |
| 71 | ▮ | ▮ | ▮ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 72 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 73 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 74 | ▮ | ▮ | ▮ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 75 | ▮ | ▮ | ▮ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 76 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | ▇ | ▇ | ▇ | /2004 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.  (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▇ | $231.41 | ▇ |
| 78 | ▇ | ▇ | ▇ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 12/2/2016 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 79 | ▇ | ▇ | ▇ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 80 | ▇ | ▇ | ▇ | /2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▇ | $250.97 | ▇ |
| 81 | ▇ | ▇ | ▇ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 82 | ▇ | ▇ | ▇ | /2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 83 | ▪ | ▪ | ▪ | ▪/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 84 | ▪ | ▪ | ▪/2014 | | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▪ | $221.42 | ▪ |
| 85 | ▪ | ▪ | ▪/2012 | | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▪ | $231.41 | ▪ |
| 88 | ▪ | ▪ | ▪/2012 | | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▪ | $231.41 | ▪ |
| 89 | ▪ | ▪ | ▪/2015 | | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/19/2017 | ▪ | $231.41 | ▪ |
| 86 | ▪ | ▪ | ▪/2014 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 87 | ■■ | ■■■ | ■■ | ■/2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 90 | ■■ | ■■■ | ■■ | ■/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 91 | ■■ | ■■■■ | ■■ | ■/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■■ | $250.97 | ■■ |
| 92 | ■■ | ■■■ | ■■ | ■/2013 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.   (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ■■ | $231.41 | ■■ |
| 93 | ■■ | ■■■ | ■■ | ■/1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 94 | ■■ | ■■■ | ■■ | ■/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |

15

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 95 | ▮ | ▮ | ▮ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 96 | ▮ | ▮ | ▮ | /2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 97 | ▮ | | ▮ | /2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 98 | | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 99 | ▮ | ▮ | ▮ | /2016 | 2017_BroadBasedAwardAgreement | GS0395813 - GS0395829 | 7 | GS0396100 - GS0396105 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017_BroadBasedSignCard.pdf | 20 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 9/15/2017 | ▮ | $225.22 | ▮ |
| 100 | ▮ | ▮ | ▮ | /2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 101 | ▮ | ▮ | ▮ | /2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |

16

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 102 | ▮ | ▮ | ▮ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 103 | ▮ | ▮ | ▮ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 104 | ▮ | ▮ | ▮ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 105 | ▮ | ▮ | ▮ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 106 | ▮ | ▮ | ▮ | /2015 | 2016_BroadBased AwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 12/2/2016 | No | 6/15/2016 | ▮ | $146.16 | ▮ |
| 107 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 108 | ▆ | ▆ | | ▆/2011 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▆ | $231.41 | ▆ |
| 109 | ▆ | ▆ | | ▆/1989 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 110 | ▆ | ▆ | | ▆/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 111 | ▆ | ▆ | | ▆/2010 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▆ | $231.41 | ▆ |
| 112 | ▆ | ▆ | | ▆/1997 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 113 | ▆ | ▆ | ▆ | ▆/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 114 | ▮ | ▮ | ▮ | 2005 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 115 | ▮ | ▮ | ▮/2010 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 116 | ▮ | ▮ | ▮/2015 | | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ▮ | $146.16 | ▮ |
| 117 | ▮ | ▮ | ▮/2012 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 118 | ▮ | ▮ | ▮/2006 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 119 | ▮ | ▮ | ▮/2008 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

19

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 120 | ▆ | ▆ | ▆ | /1995 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 121 | ▆ | ▆ | ▆ | /1995 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 122 | ▆ | ▆ | ▆ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▆ | $250.97 | ▆ |
| 123 | ▆ | ▆ | ▆ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 124 | ▆ | ▆ | ▆ | /2006 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▆ | $151.65 | ▆ |
| 125 | ▆ | ▆ | ▆ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 126 | ▮▮ | ▮▮ | ▮▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮▮ | $250.97 | ▮▮ |
| 127 | ▮▮ | ▮▮ | ▮▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮▮ | $250.97 | ▮▮ |
| 128 | ▮▮ | ▮▮ | ▮▮ | /2007 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.  (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮▮ | $231.41 | ▮▮ |
| 129 | ▮▮ | ▮▮ | ▮▮ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ▮▮ | $250.97 | ▮▮ |
| 130 | ▮▮ | ▮▮ | ▮▮ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮▮ | $250.97 | ▮▮ |
| 131 | ▮▮ | ▮▮ | ▮▮ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮▮ | $250.97 | ▮▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 132 | ▮ | ▮ | ▮ | /2012 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission.  (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 133 | ▮ | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 134 | ▮ | ▮ | ▮ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 135 | ▮ | ▮ | ▮ | /2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 136 | ▮ | ▮ | ▮ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 137 | ▮ | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 138 | ▮ | ▮ | ▮ | ▮/1990 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 139 | ▮ | ▮ | ▮ | ▮/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 140 | ▮ | ▮ | ▮ | ▮/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 141 | ▮ | ▮ | ▮ | ▮/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 142 | ▮ | ▮ | ▮ | ▮/2013 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▮ | $221.42 | ▮ |
| 143 | ▮ | ▮ | ▮ | ▮/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|------|-------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|------|
| | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 144 | ▮ | ▮ | ▮ | ▮/2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 145 | ▮ | ▮ | ▮ | ▮/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 146 | ▮ | ▮ | ▮ | ▮/2008 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 147 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 148 | ▮ | ▮ | ▮ | ▮/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 149 | ▮ | ▮ | ▮ | ▮/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

24

# Appendix D

Equity Award Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Equity Award Agreement Title | F<br>Equity Award Agreements Bates Range | G<br>Dias Exhibit # (Equity Award Agreements) | H<br>Signature Card Bates Range | I<br>Signature Card URL | J<br>Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K<br>Number of Signature Cards | L<br>Equity Award Agreement Arbitration Provision | M<br>Hold Notice Dates | N<br>Hold Notice before Operative Equity Agreement? | O<br>Grant Date | P<br>Number of Stock Units | Q<br>Fair Market Value (FMV) as of Grant Date | R<br>(FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 150 | ▮ | ▮ | ▮ | ▮/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 151 | ▮ | ▮ | ▮ | ▮/2009 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 152 | ▮ | ▮ | ▮ | ▮/2009 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 153 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 154 | ▮ | ▮ | ▮ | ▮/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 155 | ▮ | ▮ | ▮ | ▮/2015 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▮ | $221.42 | ▮ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 156 | ▮ | ▮ | ▮/2013 | | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/19/2017 | ▮ | $231.41 | ▮ |
| 157 | ▮ | ▮ | ▮/2010 | | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 1/29/2014; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 158 | ▮ | ▮ | ▮/2005 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 159 | ▮ | ▮ | ▮/2008 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 160 | ▮ | ▮ | ▮/1997 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 161 | ▮ | ▮ | ▮/2006 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Equity Award Agreement Title (E) | Equity Award Agreements Bates Range (F) | Dias Exhibit # (Equity Award Agreements) (G) | Signature Card Bates Range (H) | Signature Card URL (I) | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] (J) | Number of Signature Cards (K) | Equity Award Agreement Arbitration Provision (L) | Hold Notice Dates (M) | Hold Notice before Operative Equity Agreement? (N) | Grant Date (O) | Number of Stock Units (P) | Fair Market Value (FMV) as of Grant Date (Q) | (FMV) x (Number of Stock Units) (M x N) (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 162 | ▮ | ▮ | ▮ | ▮/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 163 | ▮ | ▮ | ▮ | ▮/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 164 | ▮ | ▮ | ▮ | ▮/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 165 | ▮ | ▮ | ▮ | ▮/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 166 | ▮ | ▮ | ▮ | ▮/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 167 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 168 | ▮ | ▮ | ▮ | /1999 | 2017YE_RSU_Agre ement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealt h/hrcomp/rsuoption/AwardDo cuments/2017YE_SignCard_Ge neral.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 169 | ▮ | ▮ | ▮ | /2005 | 2017YE_RSU_Agre ement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealt h/hrcomp/rsuoption/AwardDo cuments/2017YE_SignCard_Ge neral.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 170 | ▮ | ▮ | ▮ | /2001 | 2017YE_RSU_Agre ement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealt h/hrcomp/rsuoption/AwardDo cuments/2017YE_SignCard_Ge neral.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 171 | ▮ | ▮ | ▮ | /2011 | 2017YE_RSU_Agre ement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealt h/hrcomp/rsuoption/AwardDo cuments/2017YE_SignCard_Ge neral.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 172 | ▮ | ▮ | ▮ | /2013 | 2015YE_RSU_Agre ement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealt h/hrcomp/rsuoption/AwardDo cuments/2015YE_SignCard_Ge neral.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 173 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agre ement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealt h/hrcomp/rsuoption/AwardDo cuments/2017YE_SignCard_Ge neral.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 174 | ▮ | ▮ | ▮ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 175 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 176 | ▮ | ▮ | ▮ | /2012 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 177 | ▮ | ▮ | ▮ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 178 | ▮ | ▮ | ▮ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 180 | ▮ | ▮ | ▮ | /2002 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396086 - GS0396093 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_Asia_NonCompete.pdf | 19 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 179 | ▆▆ | ▆▆▆ | ▆▆ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆ |
| 181 | ▆▆ | ▆▆▆ | ▆▆ | /2006 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/19/2017 | ▆▆ | $231.41 | ▆▆▆ |
| 182 | ▆▆ | ▆▆▆ | ▆▆ | /2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▆▆ | $151.65 | ▆▆▆ |
| 183 | ▆▆ | ▆▆▆▆▆▆ | ▆▆ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆ |
| 184 | ▆▆ | ▆▆▆ | ▆▆ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆ |
| 185 | ▆▆ | ▆▆▆ | ▆▆ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 186 | ▉ | ▉ | ▉ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 187 | ▉ | ▉ | ▉ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 188 | ▉ | ▉ | ▉ | 2013 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▉ | $151.65 | ▉ |
| 189 | ▉ | ▉ | ▉ | 2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▉ | $151.65 | ▉ |
| 190 | ▉ | ▉ | ▉ | /2009 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▉ | $151.65 | ▉ |
| 191 | ▉ | ▉ | ▉ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 192 | ▉ | ▉ | ▉ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 193 | ▮ | ▮ | ▮ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 194 | ▮ | ▮ | ▮ | /1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 195 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 198 | ▮ | ▮ | ▮ | /2007 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 196 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 197 | ▮ | ▮ | ▮ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 199 | ▨ | ▨ | ▨ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 200 | ▨ | ▨ | ▨ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 201 | ▨ | ▨ | ▨ | 2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 202 | ▨ | ▨ | ▨ | /2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396042 - GS0396048 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_Asia_NonCompete.pdf | 15 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▨ | $151.65 | ▨ |
| 203 | ▨ | ▨ | ▨ | /1997 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 204 | ▨ | ▨ | 491 | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 205 | ▮ | ▮ | ▮ | ▮/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 206 | ▮ | ▮ | ▮ | ▮/1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 207 | ▮ | ▮ | ▮ | ▮/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 208 | ▮ | ▮ | ▮ | ▮/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 209 | ▮ | ▮ | ▮ | ▮/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 210 | ▮ | ▮ | ▮ | ▮/2001 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 211 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 212 | ▮ | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 213 | ▮ | ▮ | ▮ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 214 | ▮ | ▮ | ▮ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 215 | ▮ | ▮ | ▮ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 216 | ▮ | ▮ | ▮ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D
## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 217 | ▇ | ▇ | ▇ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▇ | $250.97 | ▇ |
| 218 | ▇ | ▇ | ▇ | /2010 | 2017YE_CodeStaff_ST_RSU_AIFMD_UCITS_Agreement | GS0395899 - GS0395914 | 13 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 219 | ▇ | ▇ | ▇ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 220 | ▇ | ▇ | ▇ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 221 | ▇ | ▇ | ▇ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 222 | ▇ | ▇ | ▇ | /2014 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ▇ | $146.16 | ▇ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 223 | ■ | ■ | ■ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■ | $250.97 | ■ |
| 224 | ■ | ■ | ■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 225 | ■ | ■ | ■ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 226 | ■ | ■ | ■ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 227 | ■ | ■ | ■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 228 | ■ | ■ | ■ | 2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

## Equity Award Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Equity Award Agreement Title (E) | Equity Award Agreements Bates Range (F) | Dias Exhibit # (Equity Award Agreements) (G) | Signature Card Bates Range (H) | Signature Card URL (I) | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] (J) | Number of Signature Cards (K) | Equity Award Agreement Arbitration Provision (L) | Hold Notice Dates (M) | Hold Notice before Operative Equity Agreement? (N) | Grant Date (O) | Number of Stock Units (P) | Fair Market Value (FMV) as of Grant Date (Q) | (FMV) x (Number of Stock Units) (M x N) (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 229 | ▮ | ▮ | ▮ | /2007 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 230 | ▮ | ▮ | ▮ | 2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▮ | $250.97 | ▮ |
| 231 | ▮ | ▮ | ▮ | /2012 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▮ | $221.42 | ▮ |
| 232 | ▮ | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 233 | ▮ | ▮ | ▮ | /2006 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 234 | ▮ | ▮ | ▮ | /2001 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 235 | ▮ | ▮ | ▮ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D
## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 236 | ▉ | ▉ | ▉ | ▉/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 237 | ▉ | ▉ | ▉ | ▉/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 238 | ▉ | ▉ | ▉ | ▉/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 239 | ▉ | ▉ | ▉ | ▉/2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 240 | ▉ | ▉ | ▉ | ▉/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |
| 241 | ▉ | ▉ | ▉ | ▉/1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▉ | $250.97 | ▉ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 242 | ▪ | ▪ | ▪ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 243 | ▪ | ▪ | ▪ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 244 | ▪ | ▪ | ▪ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪ | $250.97 | ▪ |
| 245 | ▪ | ▪ | ▪ | /2015 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▪ | $231.41 | ▪ |
| 246 | ▪ | ▪ | ▪ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 247 | ▪ | ▪ | ▪ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 248 | ■ | ■ | ■ | ■/2008 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 249 | ■ | ■ | ■ | ■/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 250 | ■ | ■ | ■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 251 | ■ | ■ | ■ | ■/2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■ | $250.97 | ■ |
| 252 | ■ | ■ | ■ | ■/2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■ | $250.97 | ■ |
| 253 | ■ | ■ | ■ | 1995 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 254 | ■ | ■ | ■ | ■/2009 | 2015YE_RSU_Agreement_Australia | GS0395633 - GS0395652 | 3 | GS0396042 - GS0396048 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_Asia_NonCompete.pdf | 15 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014 | Yes | 1/21/2016 | ■ | $151.65 | ■ |

41

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 255 | ■ | ■ | ■ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 256 | ■ | ■ | ■ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 257 | ■ | ■ | ■ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 258 | ■ | ■ | ■ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 259 | ■ | ■ | ■ | /2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | N/A | N/A | 1/21/2016 | ■ | $151.65 | ■ |
| 260 | ■ | ■ | ■ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 261 | ▪ | ▪ | ▪ | 2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 262 | ▪ | ▪ | ▪ | /2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 263 | ▪ | ▪ | ▪ | 2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 264 | ▪ | ▪ | ▪ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 265 | ▪ | ▪ | ▪ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 266 | ▪ | ▪ | ▪ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 267 | ■ | ■ | ■ | ■/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 268 | ■ | ■ | ■ | ■/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 269 | ■ | ■ | ■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 270 | ■ | ■ | ■ | ■/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 271 | ■ | ■ | ■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/21/2010; 8/2/2011; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 272 | ■ | ■ | ■ | ■/1995 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

44

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 273 | ▪ | ▪ | ▪ | ▪/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 274 | ▪ | ▪ | ▪ | ▪/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 275 | ▪ | ▪ | ▪ | ▪/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 276 | ▪ | ▪ | ▪ | ▪/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 277 | ▪ | ▪ | ▪ | ▪/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 278 | ▪ | ▪ | ▪ | ▪/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

Equity Award Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Equity Award Agreement Title | F<br>Equity Award Agreements Bates Range | G<br>Dias Exhibit # (Equity Award Agreements) | H<br>Signature Card Bates Range | I<br>Signature Card URL | J<br>Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K<br>Number of Signature Cards | L<br>Equity Award Agreement Arbitration Provision | M<br>Hold Notice Dates | N<br>Hold Notice before Operative Equity Agreement? | O<br>Grant Date | P<br>Number of Stock Units | Q<br>Fair Market Value (FMV) as of Grant Date | R<br>(FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 279 | ▮ | ▮ | ▮ | /2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 280 | ▮ | ▮ | ▮ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 281 | ▮ | ▮ | ▮ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 282 | ▮ | ▮ | ▮ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 283 | ▮ | ▮ | ▮ | /1997 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 284 | ▮ | ▮ | ▮ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 285 | ▨ | ▨ | ▨ | ▨/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 286 | ▨ | ▨ | ▨ | ▨/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▨ | $250.97 | ▨ |
| 287 | ▨ | ▨ | ▨ | ▨/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 288 | ▨ | ▨ | ▨ | ▨/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 289 | ▨ | ▨ | ▨ | ▨/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |
| 290 | ▨ | ▨ | ▨ | ▨/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▨ | $250.97 | ▨ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 291 | ▮ | ▮ | ▮ | ▮/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 292 | ▮ | ▮ | ▮ | ▮/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 293 | ▮ | ▮ | ▮ | ▮/2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 294 | ▮ | ▮ | ▮ | ▮2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 295 | ▮ | ▮ | ▮ | ▮/2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 296 | ▮ | ▮ | ▮ | ▮/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 297 | ■ | ■ | ■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 298 | ■ | ■ | ■ | ■/2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 299 | ■ | ■ | ■ | ■/2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 4/9/2013; 1/29/2014 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 300 | ■ | ■ | ■ | ■/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 301 | ■ | ■ | ■ | ■/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 302 | ■ | ■ | ■ | ■/2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 303 | ▪▪ | ▪▪ | ▪▪ | ▪/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪ |
| 304 | ▪▪ | ▪▪ | ▪▪ | ▪/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪▪ | $250.97 | ▪▪ |
| 305 | ▪▪ | ▪▪ | ▪▪ | ▪/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪ |
| 306 | ▪▪ | ▪▪ | ▪▪ | ▪/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪ |
| 307 | ▪▪ | ▪▪ | ▪▪ | ▪/2002 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▪▪ | $151.65 | ▪▪ |
| 308 | ▪▪ | ▪▪ | ▪▪ | ▪/2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 309 | ▆ | ▆ | ▆ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▆ | $250.97 | ▆ |
| 310 | ▆ | ▆ | ▆ | /2013 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▆ | $151.65 | ▆ |
| 311 | ▆ | ▆ | ▆ | /1994 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 312 | ▆ | ▆ | ▆ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 313 | ▆ | ▆ | ▆ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 314 | ▆ | ▆ | ▆ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 315 | ▮ | ▮ | ▮ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 316 | ▮ | ▮ | ▮ | /2003 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396086 - GS0396093 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_Asia_NonCompete.pdf | 19 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 317 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▮ | $250.97 | ▮ |
| 318 | ▮ | ▮ | ▮ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 319 | ▮ | ▮ | ▮ | /1986 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 320 | ▮ | ▮ | ▮ | /2005 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 321 | ■ | ■ | ■ | ■/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 322 | ■ | ■ | ■ | ■/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 323 | ■ | ■ | ■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 324 | ■ | ■ | ■ | ■/2005 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 325 | ■ | ■ | ■ | ■/2015 | 2016_BroadBased AwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 12/2/2016; 5/31/2018 | No | 6/15/2016 | ■ | $146.16 | ■ |
| 326 | ■ | ■ | ■ | ■/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 327 | ■ | ■ | ■ | 2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

## Equity Award Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Equity Award Agreement Title (E) | Equity Award Agreements Bates Range (F) | Dias Exhibit # (Equity Award Agreements) (G) | Signature Card Bates Range (H) | Signature Card URL (I) | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) (J) | Number of Signature Cards (K) | Equity Award Agreement Arbitration Provision (L) | Hold Notice Dates (M) | Hold Notice before Operative Equity Agreement? (N) | Grant Date (O) | Number of Stock Units (P) | Fair Market Value (FMV) as of Grant Date (Q) | (FMV) x (Number of Stock Units) (M x N) (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 328 | ▬ | ▬ | ▬ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 329 | ▬ | ▬ | ▬ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 330 | ▬ | ▬ | ▬ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 331 | ▬ | ▬ | ▬ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 332 | ▬ | ▬ | ▬ | /2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 333 | ▬ | ▬ | ▬ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 334 | ■ | ■ | ■ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 341 | ■ | ■ | ■ | /2013 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396112 - GS0396119 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card_Asia.pdf | 22 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 8/17/2017 | ■ | $221.42 | ■ |
| 335 | ■ | ■ | ■ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 336 | ■ | ■ | ■ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 337 | ■ | ■ | ■ | /2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 338 | ■ | ■ | ■ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 339 | [REDACTED] | [REDACTED] | [REDACTED] | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | [REDACTED] | $250.97 | [REDACTED] |
| 340 | [REDACTED] | | | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/18/2018 | [REDACTED] | $250.97 | [REDACTED] |
| 342 | [REDACTED] | [REDACTED] | [REDACTED] | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | [REDACTED] | $250.97 | [REDACTED] |
| 343 | [REDACTED] | [REDACTED] | [REDACTED] | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | [REDACTED] | $250.97 | [REDACTED] |
| 344 | [REDACTED] | [REDACTED] | [REDACTED] | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | [REDACTED] | $250.97 | [REDACTED] |
| 345 | [REDACTED] | [REDACTED] | [REDACTED] | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [REDACTED] | $250.97 | [REDACTED] |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 346 | ■■ | ■■ | ■■ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 347 | ■■ | ■■ | ■■ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 348 | ■■ | ■■ | ■■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 350 | ■ | ■■ | ■■ | /2007 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 3) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■■ |
| 349 | ■ | ■■ | ■■ | /2015 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ■ | $146.16 | ■■ |
| 352 | ■ | ■■ | ■■ | /2015 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ■ | $146.16 | ■■ |
| 351 | ■ | ■■ | ■■ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 353 | ▪▪ | ▪▪ | ▪▪ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪▪ |
| 354 | ▪▪ | ▪▪ | ▪▪ | /2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪▪ |
| 355 | ▪▪ | ▪▪ | ▪▪ | /2015 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪▪ |
| 356 | ▪▪ | ▪▪ | ▪▪ | /2008 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▪▪ | $151.65 | ▪▪▪▪ |
| 357 | ▪▪ | ▪▪▪▪ | ▪▪ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪▪ |
| 358 | Lin | ▪▪▪▪ | ▪▪ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 359 | ■ | ■ | ■ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0397158 - GS0397163 | Paper | | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 362 | ■ | ■ | ■ | /2015 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSigniCard.pdf | 16 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | N/A | N/A | 6/15/2016 | ■ | $146.16 | ■ |
| 360 | ■ | ■ | ■ | /2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 361 | ■ | ■ | ■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 363 | ■ | ■ | ■ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 364 | ■ | ■ | ■ | 2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■ | $250.97 | ■ 2 |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 365 | ▬ | ▬ | ▬ | ▬/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 366 | ▬ | ▬ | ▬ | ▬/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 367 | ▬ | ▬ | ▬ | ▬/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 368 | ▬ | ▬ | ▬ | ▬/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▬ | $250.97 | ▬ |
| 369 | ▬ | ▬ | ▬ | ▬/2007 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▬ | $151.65 | ▬ |
| 370 | ▬ | ▬ | ▬ | ▬/2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 371 | [redacted] | [redacted] | [redacted] | [redacted]/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 372 | [redacted] | [redacted] | [redacted] | [redacted]/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 373 | [redacted] | [redacted] | [redacted] | [redacted]/2007 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014 | Yes | 1/19/2017 | [redacted] | $231.41 | [redacted] |
| 374 | [redacted] | [redacted] | [redacted] | [redacted]/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 375 | [redacted] | [redacted] | [redacted] | [redacted]/2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 376 | [redacted] | [redacted] | [redacted] | [redacted]/2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 377 | ▮ | ▮ | ▮ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 378 | ▮ | ▮ | ▮ | /2014 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▮ | $231.41 | ▮ |
| 379 | ▮ | ▮ | ▮ | /1998 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 380 | ▮ | ▮ | ▮ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 381 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 382 | ▮ | ▮ | ▮ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 383 | ▮ | ▮ | ▮ | /2013 | 2016_Mid-Year_RSU_Agreement | GS0395670 - GS0395688 | 5 | GS0396067 - GS0396072 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_Mid-Year_Sign_Card.pdf | 17 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | N/A | N/A | 8/16/2016 | ▮ | $165.65 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 384 | [redacted] | [redacted] | [redacted] | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 385 | [redacted] | [redacted] | [redacted] | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 386 | [redacted] | [redacted] | [redacted] | /2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 387 | [redacted] | [redacted] | [redacted] | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 388 | [redacted] | [redacted] | [redacted] | /1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 389 | [redacted] | [redacted] | [redacted] | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 390 | ■ | ■ | | /2010 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 391 | ■ | ■ | | /1993 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0395314 - GS0395319 | Paper | | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 392 | ■ | ■ | | /2008 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 393 | ■ | ■ | | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 394 | ■ | ■ | | /2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 395 | ■ | ■ | | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 396 | ▇ | ▇ | ▇ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 397 | ▇ | ▇ | ▇ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 398 | ▇ | ▇ | ▇ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 399 | ▇ | ▇ | ▇ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▇ | $250.97 | ▇ |
| 400 | ▇ | ▇ | ▇ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 401 | ▇ | ▇ | ▇ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 402 | ▮ | ▮ | ▮ | ▮/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 403 | ▮ | ▮ | ▮ | ▮/1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 404 | ▮ | ▮ | ▮ | ▮/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 405 | ▮ | ▮ | ▮ | ▮/1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 406 | ▮ | ▮ | ▮ | ▮/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 407 | ▮ | ▮ | ▮ | ▮/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 408 | ■■ | ■■ | ■■ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 409 | ■■ | ■■■■■ | ■■ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 410 | ■■ | ■■ | ■■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 411 | ■■■■ | ■■ | ■■ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 414 | ■■ | ■■ | ■■ | /2010 | 2015YE_RSU_Agreement_Australia | GS0395633 - GS0395652 | 3 | GS0396042 - GS0396048 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_Asia_NonCompete.pdf | 15 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/21/2016 | ■ | $151.65 | ■■ |
| 412 | ■■ | ■■ | ■■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 413 | ▬ | ▬ | ▬ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 415 | ▬ | ▬ | ▬ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 416 | ▬ | ▬ | ▬ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 417 | ▬ | ▬ | ▬ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 418 | ▬ | ▬ | ▬ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 419 | ▬ | ▬ | ▬ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 420 | ▆ | ▆ | ▆ | ▆/2012 | 2016_Mid-Year_RSU_Agreement | GS0395670 - GS0395688 | 5 | GS0395334 - GS0395339 | Paper | | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | N/A | N/A | 8/16/2016 | ▆ | $165.65 | |
| 421 | ▆ | ▆ | ▆ | ▆/2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 422 | ▆ | ▆ | ▆ | ▆/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 423 | ▆ | ▆ | ▆ | 1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 424 | ▆ | ▆ | ▆ | ▆/2015 | 2016_BroadBased AwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 12/2/2016; 5/31/2018 | No | 6/15/2016 | ▆ | $146.16 | ▆ |
| 425 | ▆ | ▆ | ▆ | ▆/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▆ | $250.97 | ▆ |
| 426 | ▆ | ▆ | ▆ | ▆/2012 | 2017YE_RSU_Agreement_Australia | GS0395954 - GS0395973 | 11 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 12/2/2016 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 427 | ▆ | ▆ | ▆ | /1985 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 428 | ▆ | ▆ | ▆ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 429 | ▆ | ▆ | ▆ | 2014 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ▆ | $146.16 | ▆ |
| 430 | ▆ | ▆ | ▆ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 431 | ▆ | ▆ | ▆ | 2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▆ | $250.97 | ▆ |
| 432 | ▆ | ▆ | ▆ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | A | | | | | | | | | | | | | |
| 433 | ▮ | ▮ | ▮ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 434 | ▮ | ▮ | ▮ | /2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 435 | ▮ | ▮ | ▮ | /2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 436 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 437 | ▮ | ▮ | ▮ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 438 | ▮ | ▮ | ▮ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 439 | ■ | ■ | ■ | ■/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 440 | ■ | ■ | ■ | ■/2006 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 441 | ■ | ■ | ■ | ■/2009 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 442 | ■ | ■ | ■ | ■/2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 443 | ■ | ■ | ■ | ■/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■ | $250.97 | ■ |
| 444 | ■ | ■ | ■ | ■/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 445 | ▬ | ▬ | ▬ | /1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 446 | ▬ | ▬ | ▬ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 447 | ▬ | ▬ | ▬ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 448 | ▬ | ▬ | ▬ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 449 | ▬ | ▬ | ▬ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▬ | $250.97 | ▬ |
| 450 | ▬ | ▬ | ▬ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |

73

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 451 | ■ | ■ | ■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 452 | ■ | ■ | ■ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 453 | ■ | ■ | ■ | /2004 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 454 | ■ | ■ | ■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 455 | ■ | ■ | ■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 456 | ■ | ■ | ■ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 457 | ▆▆ | ▆▆▆▆ | ▆▆ | ▆/2014 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ▆▆ | $231.41 | ▆▆▆▆ |
| 458 | ▆▆ | ▆▆▆▆ | ▆▆ | ▆/2010 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▆▆ | $231.41 | ▆▆▆▆ |
| 459 | ▆▆ | ▆▆▆▆ | ▆▆ | ▆/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆▆ |
| 460 | ▆▆ | ▆▆▆▆ | ▆▆ | ▆/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆▆ |
| 461 | ▆▆ | ▆▆▆▆ | ▆▆ | ▆/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆▆ |
| 462 | ▆▆ | ▆▆▆▆ | ▆▆ | ▆/1997 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/21/2010; 8/2/2011 | Yes | 1/18/2018 | ▆▆ | $250.97 | ▆▆▆▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 463 | ▪ | ▪ | ▪ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 464 | ▪ | ▪ | ▪ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 465 | ▪ | ▪ | ▪ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 466 | ▪ | ▪ | ▪ | /2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 467 | ▪ | ▪ | ▪ | /1992 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 468 | ▪ | ▪ | ▪ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 469 | ▇ | ▇ | ▇ | ▇/2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▇ | $151.65 | ▇ |
| 470 | ▇ | ▇ | ▇ | ▇/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 471 | ▇ | ▇ | ▇ | ▇/2005 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/19/2017 | ▇ | $231.41 | ▇ |
| 472 | ▇ | ▇ | ▇ | ▇/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 473 | ▇ | ▇ | ▇ | ▇/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 474 | ▇ | ▇ | ▇ | ▇/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 475 | ■ | ■ | ■ | ■/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 476 | ■ | ■ | ■ | ■/2008 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 477 | ■ | ■ | ■ | ■/2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 478 | ■ | ■ | ■ | ■/2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 479 | ■ | ■ | ■ | ■/2003 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 480 | ■ | ■ | ■ | ■/2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 481 | ■ | ■ | ■ | ■/2008 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/19/2017 | ■ | $231.41 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 482 | ▬ | ▬ | ▬ | ▬/2006 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▬ | $231.41 | ▬ |
| 483 | ▬ | ▬ | ▬ | ▬/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 484 | ▬ | ▬ | ▬ | ▬/2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▬ | $151.65 | ▬ |
| 485 | ▬ | ▬ | ▬ | ▬/2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 486 | ▬ | ▬ | ▬ | ▬/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 487 | ▬ | ▬ | ▬ | ▬/1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 488 | ■■ | ■■■ | ■■ | ■/2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in an investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 489 | ■■ | ■■ | ■■ | ■/1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in an investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 490 | ■■ | ■■ | ■■ | ■/2011 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in an investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/19/2017 | ■■ | $231.41 | ■■■■ |
| 491 | ■■ | ■■ | ■■ | ■/2014 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ■■ | $151.65 | ■■■■ |
| 492 | ■■ | ■■ | ■■ | ■/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in an investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 493 | ■■ | ■■ | ■■ | ■/2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_AsiaNonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in an investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |

# Appendix D

Equity Award Agreements

| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
| 494 | ▮ | ▮ | ▮ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 495 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 496 | ▮ | ▮ | ▮ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 497 | ▮ | ▮ | ▮ | /2013 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 498 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 499 | ▮ | ▮ | ▮ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 501 | ▮ | ▮ | ▮ | /1998 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |

81

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 500 | ▇ | ▇ | ▇ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▇ | $250.97 | ▇ |
| 502 | ▇ | ▇ | ▇ | /1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/21/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 503 | ▇ | ▇ | ▇ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 504 | ▇ | ▇ | ▇ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▇ | $250.97 | ▇ |
| 505 | ▇ | ▇ | ▇ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▇ | $250.97 | ▇ |
| 506 | ▇ | ▇ | ▇ | /2016 | 2017_BroadBased AwardAgreement | GS0395813 - GS0395829 | 7 | GS0396100 - GS0396105 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_BroadBasedSignCard.pdf | 20 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 9/15/2017 | ▇ | $225.22 | ▇ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 507 | ▆ | ▆ | ▆ | ▆/2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▆ | $151.65 | ▆ |
| 508 | ▆ | ▆ | ▆ | ▆/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 509 | ▆ | ▆ | ▆ | ▆/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 510 | ▆ | ▆ | ▆ | ▆/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 511 | ▆ | ▆ | ▆ | ▆/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 512 | ▆ | ▆ | ▆ | ▆/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 513 | ▪▪ | ▪▪▪ | ▪▪▪ | ▪/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪ |
| 514 | ▪▪ | ▪▪▪ | ▪▪▪ | ▪/2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪ |
| 515 | ▪▪ | ▪▪▪ | ▪▪▪ | ▪/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪ |
| 516 | ▪▪ | ▪▪▪ | ▪▪▪ | ▪/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪ |
| 517 | ▪▪ | ▪▪▪ | ▪▪▪ | ▪/2012 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▪▪ | $221.42 | ▪▪▪ |
| 518 | ▪▪ | ▪▪▪ | ▪▪▪ | ▪/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪▪ | $250.97 | ▪▪▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 519 | ■■ | ■■ | ■■ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 520 | ■■ | ■■ | ■■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 521 | ■■ | ■■ | ■■ | /2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 522 | ■■ | ■■ | ■■ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■ |
| 523 | ■■ | ■■ | ■■ | /2009 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■■ | $231.41 | ■■ |
| 524 | ■■ | ■■ | ■■ | 2010 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | ■■ | $231.41 | ■■ |
| 525 | ■■ | ■■ | ■■ | /1999 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■■ | $151.65 | ■■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 526 | ▆ | ▆ | ▆ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 527 | ▆ | ▆ | ▆ | /1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 528 | ▆ | ▆ | ▆ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 529 | ▆ | ▆ | ▆919 | ▆2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 530 | ▆ | ▆ | ▆ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |
| 531 | ▆ | ▆ | ▆ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▆ | $250.97 | ▆ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 532 | ▮ | ▮ | ▮ /2015 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 533 | ▮ | ▮ | ▮ 2007 | | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 534 | ▮ | ▮ | ▮ /2015 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 535 | ▮ | ▮ | ▮ /2010 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 536 | ▮ | ▮ | ▮ /2016 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 537 | ▮ | ▮ | ▮ /2012 | | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 538 | ▮ | ▮ | ▮ /2010 | | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 1/29/2014 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 539 | ■ | ■ | ■ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 540 | ■ | ■ | ■ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 4 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 541 | ■ | ■ | ■ | /2015 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 6/15/2016 | ■ | $146.16 | ■ |
| 543 | ■ | ■ | ■ | /2016 | 2017_BroadBasedAwardAgreement | GS0395813 - GS0395829 | 7 | GS0396100 - GS0396105 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_BroadBasedSignCard.pdf | 20 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 9/15/2017 | ■ | $225.22 | ■ |
| 542 | ■ | ■ | ■ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 544 | ■ | ■ | ■ | 2013 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ■ | $221.42 | ■ |
| 545 | ■ | ■ | ■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 546 | ■■ | ■■■ | ■■ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 547 | ■■ | ■■■ | ■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 548 | ■■ | ■■■ | ■ | /2007 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■■ |
| 549 | ■■ | ■ | ■ | /2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/21/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■■ |
| 550 | ■■ | ■■ | ■■ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■■ |
| 551 | ■■ | ■■■ | ■ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■ | $250.97 | ■■ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 552 | ▪ | ▪ | ▪ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 553 | ▪ | ▪ | ▪ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪ | $250.97 | ▪ |
| 554 | ▪ | ▪ | ▪ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 555 | ▪ | ▪ | ▪ | /2008 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▪ | $151.65 | ▪ |
| 556 | ▪ | ▪ | ▪ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 557 | ▪ | ▪ | ▪ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D
Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 558 | ▪ | ▪ | ▪ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 559 | ▪ | ▪ | ▪ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 560 | ▪ | ▪ | ▪ | 2015 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▪ | $221.42 | ▪ |
| 562 | ▪ | ▪ | ▪ | /1994 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/19/2017 | ▪ | $231.41 | ▪ |
| 561 | ▪ | ▪ | ▪ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 564 | ▪ | ▪ | ▪ | /2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▪ | $151.65 | ▪ |
| 563 | ▪ | ▪ | ▪ | 2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 565 | ■■ | ■■■ | ■■■ | ■/2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS039605S - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ■■ | $151.65 | ■■■ |
| 566 | ■■ | ■ | ■ | ■/2015 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ■■ | $146.16 | ■■■ |
| 567 | ■■ | ■■■■■■■■ | ■ | ■/2009 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS039605S - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 7/15/2015 | Yes | 1/21/2016 | ■■ | $151.65 | ■■■ |
| 568 | ■■ | ■■■ | ■■■ | ■/2002 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 569 | ■■ | ■■■ | ■■■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 570 | ■■ | ■■■ | ■■■ | ■/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 571 | ■■ | ■■■ | ■■■ | ■/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 572 | ■■ | ■■ | ■■ | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 573 | ■■ | ■■■ | ■■ | /2005 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 574 | ■■ | ■■ | ■■ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 575 | ■■ | ■■ | ■■ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 576 | ■■ | ■■ | ■■ | 2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |
| 577 | ■■ | ■■ | ■■ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 578 | ▮ | ▮ | ▮ | /2005 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 579 | ▮ | ▮ | ▮ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 580 | ▮ | ▮ | ▮ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 581 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 582 | ▮ | ▮ | 7945 | /2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | N/A | N/A | 1/21/2016 | ▮ | $151.65 | ▮ |
| 583 | ▮ | ▮ | ▮ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 584 | ▮ | ▮ | ▮ | /2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 585 | ■■ | ■■ | ■■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 586 | ■■■■■■ | ■■ | ■■ | ■/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 587 | ■■ | ■■ | ■■ | 2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 588 | ■■ | ■■ | ■■ | ■/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 589 | ■■ | ■■ | ■■ | ■/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ■■ | $250.97 | ■■■ |
| 590 | ■■ | ■■ | ■■ | ■/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 591 | ■ | ■ | ■ | /2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 592 | ■ | ■ | ■ | /2012 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 593 | ■ | ■ | ■ | /2001 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 594 | ■ | ■ | ■ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 595 | ■ | ■ | ■ | /2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 596 | ■ | ■ | ■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

## Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 597 | ▪ | ▪ | ▪ | /2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396126 - GS0396133 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asi_a_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 598 | ▪ | ▪ | ▪ | /2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▪ | $250.97 | ▪ |
| 599 | ▪ | ▪ | ▪ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |
| 600 | ▪ | ▪ | ▪ | /2014 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▪ | $231.41 | ▪ |
| 601 | ▪ | ▪ | ▪ | /2013 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | ▪ | $221.42 | ▪ |
| 602 | ▪ | ▪ | ▪ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▪ | $250.97 | ▪ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 603 | ▬ | ▬ | ▬ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 604 | ▬ | ▬ | ▬ | /2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 605 | ▬ | ▬ | ▬ | /2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 606 | ▬ | ▬ | ▬ | /1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 607 | ▬ | ▬ | ▬ | /2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |
| 608 | ▬ | ▬ | ▬ | /2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▬ | $250.97 | ▬ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 609 | ▓▓ | ▓▓▓ | ▓▓ | ▓/1986 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓▓ | $250.97 | ▓▓▓▓ |
| 610 | ▓▓ | ▓ | ▓/2009 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ▓▓ | $231.41 | ▓▓▓▓ |
| 611 | ▓▓ | ▓▓▓▓ | ▓/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▓▓ | $250.97 | ▓▓▓▓ |
| 612 | ▓▓ | ▓▓▓ | ▓ 1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓▓ | $250.97 | ▓▓▓▓ |
| 613 | ▓▓ | ▓▓▓ | ▓/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓▓ | $250.97 | ▓▓▓▓ |
| 614 | ▓▓▓▓ | ▓▓▓ | ▓ 2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ▓▓ | $250.97 | ▓▓▓▓ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A | B | C | D | E | F | G | H | I | J | K | L | M | N | O | P | Q | R |
| 615 | ▓ | ▓ | ▓ | /1983 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 616 | ▓ | ▓ | ▓ | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 617 | ▓ | ▓ | ▓ | /2005 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 4/9/2013; 1/29/2014 | Yes | 1/19/2017 | ▓ | $231.41 | ▓ |
| 618 | ▓ | ▓ | ▓ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 619 | ▓ | ▓ | ▓ | 2006 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 620 | ▓ | ▓ | ▓ | /1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 621 | ▮ | ▮ | | /2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 622 | ▮ | ▮ | | /2008 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0395358 - GS0395358 | Paper | | 1 | Arbitration provision not in copy of agreement; based on timing of execution and standard form in use, arbitration clause likely to be: I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). | 9/20/2010; 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 623 | ▮ | ▮ | | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 4 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 624 | ▮ | ▮ | | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 625 | ▮ | ▮ | | /2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 626 | ▮ | ▮ | | 2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 627 | ▮ | ▮ | | /2013 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters") (Page 1) | N/A | N/A | 1/21/2016 | ▮ | $151.65 | ▮ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 628 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 629 | ▮ | ▮ | ▮ | ▮/1999 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 630 | ▮ | ▮ | ▮ | ▮/1996 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 631 | ▮ | ▮ | ▮ | ▮/1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 632 | ▮ | ▮ | ▮ | ▮/2000 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 633 | ▮ | ▮ | ▮ | ▮/2009 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 635 | ▮ | ▮ | ▮ | ▮/2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 634 | [redacted] | [redacted] | [redacted] | [redacted]/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 637 | [redacted] | [redacted] | [redacted] | [redacted]2014 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | [redacted] | $151.65 | [redacted] |
| 638 | [redacted] | [redacted] | [redacted] | [redacted]/2009 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/21/2016 | [redacted] | $151.65 | [redacted] |
| 639 | [redacted] | [redacted] | [redacted] | [redacted]/2013 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 8/17/2017 | [redacted] | $221.42 | [redacted] |
| 636 | [redacted] | [redacted] | [redacted] | [redacted]/2000 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 640 | [redacted] | [redacted] | [redacted] | [redacted]/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 641 | [redacted] | [redacted] | [redacted] | [redacted]/2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | N/A | N/A | 1/21/2016 | [redacted] | $151.65 | [redacted] |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 642 | ■ | ■ | ■ | ■/2006 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard_General.pdf | 18 | 2 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/19/2017 | ■ | $231.41 | ■ |
| 643 | ■ | ■ | ■ | ■/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 644 | ■ | ■ | ■ | ■/2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 645 | ■ | ■ | ■ | ■/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 646 | ■ | ■ | ■ | ■/2011 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 4/9/2013; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ■ | $151.65 | ■ |
| 647 | ■ | ■ | ■ | ■/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 648 | ■ | ■ | ■ | ■/2012 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 8/17/2017 | ■ | $221.42 | ■ |

# Appendix D

Equity Award Agreements

| # | A Last | B First | C Employee ID | D Effective Date of Hire | E Operative Equity Award Agreement Title | F Equity Award Agreements Bates Range | G Dias Exhibit # (Equity Award Agreements) | H Signature Card Bates Range | I Signature Card URL | J Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | K Number of Signature Cards | L Equity Award Agreement Arbitration Provision | M Hold Notice Dates | N Hold Notice before Operative Equity Agreement? | O Grant Date | P Number of Stock Units | Q Fair Market Value (FMV) as of Grant Date | R (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 649 | [redacted] | [redacted] | [redacted] | [redacted]/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 650 | [redacted] | [redacted] | [redacted] | [redacted]/2014 | 2016YE_RSU_Agreement | GS0395774 - GS0395792 | 6 | GS0396094 - GS0396099 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016YE_SignCard.pdf | 18 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016 | Yes | 1/19/2017 | [redacted] | $231.41 | [redacted] |
| 651 | [redacted] | [redacted] | [redacted] | [redacted]/2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 652 | [redacted] | [redacted] | [redacted] | [redacted]/2013 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | [redacted] | $151.65 | [redacted] |
| 653 | [redacted] | [redacted] | [redacted] | [redacted]/2010 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | [redacted] | $151.65 | [redacted] |
| 654 | [redacted] | [redacted] | [redacted] | 1989 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |
| 655 | [redacted] | [redacted] | [redacted] | [redacted]/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | [redacted] | $250.97 | [redacted] |

# Appendix D

Equity Award Agreements

| # | Last (A) | First (B) | Employee ID (C) | Effective Date of Hire (D) | Operative Equity Award Agreement Title (E) | Equity Award Agreements Bates Range (F) | Dias Exhibit # (Equity Award Agreements) (G) | Signature Card Bates Range (H) | Signature Card URL (I) | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) (J) | Number of Signature Cards (K) | Equity Award Agreement Arbitration Provision (L) | Hold Notice Dates (M) | Hold Notice before Operative Equity Agreement? (N) | Grant Date (O) | Number of Stock Units (P) | Fair Market Value (FMV) as of Grant Date (Q) | (FMV) x (Number of Stock Units) (M x N) (R) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 656 | ▇ | ▇ | ▇ | ▇/2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 657 | ▇ | ▇ | ▇ | ▇/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 4/9/2013; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 658 | ▇ | ▇ | ▇ | ▇/2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 659 | ▇ | ▇ | ▇ | ▇/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 660 | ▇ | ▇ | ▇ | ▇/2007 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▇ | $250.97 | ▇ |
| 661 | ▇ | ▇ | ▇ | ▇/2000 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/suoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▇ | $151.65 | ▇ |

# Appendix D

## Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 662 | ▮ | ▮ | ▮ | /2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 663 | ▮ | ▮ | ▮ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 664 | ▮ | ▮ | ▮ | /1998 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 666 | ▮ | ▮ | ▮ | /2015 | 2016_BroadBased AwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 5/31/2018 | No | 6/15/2016 | ▮ | $146.16 | ▮ |
| 665 | ▮ | ▮ | ▮ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 667 | ▮ | ▮ | ▮ | /2013 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_Asia_NonCompete.pdf | 25 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

107

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) [or Giuffra Exhibit # where noted] | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 668 | ▓ | ▓ | ▓ | ▓/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 669 | ▓ | ▓ | ▓ | ▓/2012 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▓ | $250.97 | ▓ |
| 670 | ▓ | ▓ | ▓ | ▓/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 671 | ▓ | ▓ | ▓ | ▓/2016 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 672 | ▓ | ▓ | ▓ | ▓/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |
| 673 | ▓ | ▓ | ▓ | ▓/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▓ | $250.97 | ▓ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 674 | ▮ | ▮ | ▮ | ▮/2013 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 675 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 676 | ▮ | ▮ | ▮ | ▮/2004 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 677 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 678 | ▮ | ▮ | ▮ | ▮/2015 | 2016_BroadBasedAwardAgreement | GS0395653 - GS0395669 | 4 | GS0396061 - GS0396066 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2016_BroadBasedSignCard.pdf | 16 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 12/2/2016; 5/31/2018 | No | 6/15/2016 | ▮ | $146.16 | ▮ |
| 679 | ▮ | ▮ | ▮ | ▮/2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 680 | ▮ | ▮ | ▮ | 2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 681 | ▮ | ▮ | ▮ | ▮/2008 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 3 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 682 | ▮ | ▮ | ▮ | ▮/2017 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ▮ | $250.97 | ▮ |
| 683 | ▮ | ▮ | ▮ | ▮/2008 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 684 | ▮ | ▮ | ▮ | ▮/2014 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 685 | ▮ | ▮ | ▮ | ▮/2011 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 6/19/2012; 1/29/2014; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |
| 687 | ▮ | ▮ | ▮ | ▮/2007 | 2015YE_RSU_Agreement | GS0395614 - GS0395632 | 2 | GS0396055 - GS0396060 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2015YE_SignCard_General.pdf | 14 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"). (Page 1) | 9/20/2010; 6/19/2012; 1/29/2014 | Yes | 1/21/2016 | ▮ | $151.65 | ▮ |
| 686 | ▮ | ▮ | ▮ | ▮/2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 2 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ▮ | $250.97 | ▮ |

# Appendix D

Equity Award Agreements

| # | Last | First | Employee ID | Effective Date of Hire | Operative Equity Award Agreement Title | Equity Award Agreements Bates Range | Dias Exhibit # (Equity Award Agreements) | Signature Card Bates Range | Signature Card URL | Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | Number of Signature Cards | Equity Award Agreement Arbitration Provision | Hold Notice Dates | Hold Notice before Operative Equity Agreement? | Grant Date | Number of Stock Units | Fair Market Value (FMV) as of Grant Date | (FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 689 | ■ | ■ | ■ | /2014 | 2017_Mid-Year_RSU_Agreement | GS0395830 - GS0395848 | 8 | GS0396106 - GS0396111 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017_Mid-Year_Sign_Card.pdf | 21 | 1 | I understand and acknowledge that I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | N/A | N/A | 8/17/2017 | ■ | $221.42 | ■ |
| 688 | ■ | ■ | ■ | /2015 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning my rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 690 | ■ | ■ | ■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning my rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 5/31/2018 | No | 1/18/2018 | ■ | $250.97 | ■ |
| 691 | ■ | ■ | ■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 1 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning my rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 7/15/2015; 12/2/2016 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 692 | ■ | ■ | ■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning my rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |
| 693 | ■ | ■ | ■ | /2010 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning my rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■ | $250.97 | ■ |

# Appendix D

Equity Award Agreements

| # | A<br>Last | B<br>First | C<br>Employee ID | D<br>Effective Date of Hire | E<br>Operative Equity Award Agreement Title | F<br>Equity Award Agreements Bates Range | G<br>Dias Exhibit # (Equity Award Agreements) | H<br>Signature Card Bates Range | I<br>Signature Card URL | J<br>Dias Exhibit # (Signature Card) (or Giuffra Exhibit # where noted) | K<br>Number of Signature Cards | L<br>Equity Award Agreement Arbitration Provision | M<br>Hold Notice Dates | N<br>Hold Notice before Operative Equity Agreement? | O<br>Grant Date | P<br>Number of Stock Units | Q<br>Fair Market Value (FMV) as of Grant Date | R<br>(FMV) x (Number of Stock Units) (M x N) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 694 | ■■ | ■■ | ■■ | ■■/2003 | 2017YE_RSU_Agreement | GS0395935 - GS0395953 | 10 | GS0396134 - GS0396139 | https://hcm.web.gs.com/wealth/hrcomp/rsuoption/AwardDocuments/2017YE_SignCard_General.pdf | 24 | 3 | I understand and acknowledge that, under the SIP and the applicable Award Agreement(s), I am agreeing to arbitrate all claims relating to the SIP in accordance with the arbitration procedure set forth in the SIP and the applicable Award Agreement(s). If I am employed in the U.S. or if I am otherwise subject to U.S. Federal, State, or local employment laws, I further agree to arbitrate, in accordance with the SIP-related arbitration procedure and to the fullest extent permitted by law, all claims arising out of or relating to my employment with the Firm or the termination thereof, or otherwise concerning any rights, obligations or other aspects of my employment relationship with the Firm (collectively, "Employment-Related Matters"); provided that nothing herein shall preclude me from filing a charge with or participating in any investigation or proceeding conducted by any governmental authority, including but not limited to the U.S. Securities and Exchange Commission and the Equal Employment Opportunity Commission. (Page 1) | 9/20/2010; 8/2/2011; 6/19/2012; 1/29/2014; 7/15/2015; 12/2/2016; 5/31/2018 | Yes | 1/18/2018 | ■■ | $250.97 | ■■■■■ |

112