# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 13, 2019

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
       New York, New York 10007-1312.

    Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
          No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      Defendants briefly reply to Plaintiffs' September 11, 2019 response ("Resp."; ECF No. 843) to Defendants' September 9, 2019 letter ("Letter"; ECF No. 838) responding to Your Honor's August 28, 2019 Order ("Order"; ECF No. 830), which invited "Defendants [to] file a letter with the Court accompanied by an affidavit from a person with knowledge" about Goldman Sachs's human resources databases (Order ¶ 2). Defendants' letter and two sworn declarations explained that, although Goldman Sachs's human resources database (HRWW) cannot automatically generate position data over an 18-year period, the Firm is developing custom computer software to do so based on personnel data extracts.

      Plaintiffs' unsolicited response calls it "inconceivable" that thousands of queries cannot reasonably be run in HRWW and claims that the personnel data extracts are "less fulsome," so that Goldman Sachs should be required to try to obtain title information from the more burdensome source rather than the less burdensome one. (Resp. at 2, 3 n.2.) Plaintiffs' assertions are wrong. First, there is undisputed sworn testimony that, among other difficulties, queries in HRWW would have to be spread over hundreds of hours to avoid failed requests and system crashes. (Letter at 2; Yerra Decl. ¶¶ 9–14, ECF No. 838-1.) Second, there is no serious concern about "less fulsome" data; the data extracts Goldman Sachs is now developing software to search were provided from HRWW and can be supplemented if gaps exist. (Becker Decl. ¶¶ 9, 17, ECF No. 838-2.) This work will be complete in approximately three weeks, and Defendants meanwhile have identified thousands of individuals' positions and committee memberships in organizational charts and interrogatory responses. (*See* Letter at 3 & App'x.) There is no legitimate reason for Plaintiffs to try to force Goldman Sachs to obtain the data at issue through the more onerous and uncertain route.

                            Respectfully,

                            */s/ Amanda Davidoff*

                            Amanda Davidoff
                            of Sullivan & Cromwell LLP

cc:    All parties of record (by ECF)