# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 21, 2019

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
   Southern District of New York,
      500 Pearl Street,
         New York, New York 10007-1312.

         Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano*.
              No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, I respond briefly to Plaintiffs' trial plan letter (Pls.' Ltr. (ECF No. 884)). Plaintiffs' response confirms that the parties have clear disagreements over the scope of the Phase I trial that the Court should address before fact and expert discovery proceed further. Of particular concern, Plaintiffs have made no effort to explain or clarify their various shifting positions on the scope of the Phase I trial, which Defendants summarized in their letter, or what information should be included in their trial plan.[1]

      Instead, Plaintiffs point to a case, *Velez* v. *Novartis Pharmaceuticals Corp.* No. 04-CV-9194 (S.D.N.Y.), as the framework for the upcoming Phase I trial, but *Novartis* provides no guidance for at least the following reasons:

- Unlike here, the *Novartis* named plaintiffs did not assert individual non-class claims (*see id.*, 4th Am. Compl. ¶¶ 91–109 (ECF No. 56)), so the *Novartis* court never contemplated trying multiple individualized claims in the middle of a class trial.

- Plaintiffs here dropped their claims for injunctive relief, but Plaintiffs in

---

[1] The Court did not set a page limit for the parties' letters on the trial plan and specifically directed Defendants to explain "why . . . [Defendants] need to know" the information they have requested in a trial plan. (Oct. 3, 2019 Conf. Tr. at 90:6–7.) This required explanation of the extensive background leading to the parties' dispute, including a description of Plaintiffs' ever-shifting positions on the scope of the Phase I trial, which shifted yet again in their letter. (*Compare* Dec. 20, 2018 Conf. Tr. at 46:25–47:2 (MR. GIUFFRA: "Are we doing damages at phase [one]?" MS. GEMAN: "No.") *and* Feb. 25, 2019 Conf. Tr. at 63:17–64:1 (THE COURT: "[T]o what extent would [claims for injunctive relief] affect any proof or evidence coming in in phase one?" MR. KLEIN: "It would have absolutely no impact on phase one."), *with* Pls' Ltr. at 1 (asserting that a Phase I trial will include "an aggregate backpay award and entitlement to injunctive relief").)

The Honorable Robert W. Lehrburger                                                                                          -2-

> *Novartis* actually obtained certification of injunctive relief claims under Rule 23(b)(2). *See* 244 F.R.D. 243, 271 (S.D.N.Y. 2007).

- Without analyzing the requirements of Rule 23(b)(3), the *Novartis* court swept backpay claims into the class trial by certifying them *under Rule 23(b)(2)*. *Id.* This procedure is now barred under *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 360 (2011) ("claims for *individualized* relief (like the backpay at issue here) do not satisfy [] Rule [23(b)(2)]).") (emphasis in original), and 'aggregating' class-wide backpay claims, as Plaintiffs contemplate (Pls' Ltr. at 1), would violate Defendants' "entitle[ment] to individualized determinations of each employee's eligibility for backpay," *Wal-Mart*, 564 U.S. at 366.

- The *Novartis* court deferred ruling on certification of plaintiffs' damages claims under Rule 23(b)(3) until *after* the Phase I class liability trial, 244 F.R.D. at 271—an approach that *Wal-Mart* also prohibits, *see* 564 U.S. at 363 ("[Rule] 23(b)(3) requires the judge to make findings about predominance and superiority before allowing the class."). The *Novartis* court nevertheless allowed the jury to consider plaintiffs' improper claim for class-wide punitive damages at trial, which is also contrary to the Second Circuit's later decision in *Johnson* v. *Nextel Communications Inc.*, 780 F.3d 128, 149 n.26 (2d Cir. 2015) (citing *State Farm Mut. Auto Ins. Co.* v. *Campbell*, 538 U.S. 408, 419 (2003)) (punitive damages improper "without any grounding in a compensatory damages award" and should be "determined after proof of liability to individual plaintiffs at the second stage . . . , not upon the mere finding of general liability to the class at the first stage") (internal quotations omitted); and

- Plaintiffs presented 16 anecdotal witnesses to establish disparate treatment claims for over 5,600 class members (*see Novartis*, ECF No. 290 at 43–59, 80–95, 103–123)—barely one anecdote for every 350 class members. Under *Wal-Mart*, such evidence is "too weak to raise any inference that all the individual, discretionary personnel decisions are discriminatory." 564 U.S. at 358.

In short, *Novartis*—which settled before any appellate review—is not a roadmap for a post-*Wal-Mart* trial, and the Court would be inviting clear error by ignoring *Wal-Mart* and conducting the sort of highly prejudicial Phase I trial proposed by Plaintiffs. Defendants will respond more fully to Plaintiffs' letter in the Joint Status Report to be submitted on November 14, 2019 and will request an order from the Court (1) specifying the scope of the upcoming Phase I trial, and (2) directing Plaintiffs to provide the information required for Defendants to conduct discovery and prepare for that Phase I trial.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.

cc:     All parties of record (via ECF)