USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-25-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA
ORLICH, ALLISON GAMBA, and MARY DE
LUIS,

          Plaintiffs,

    - against -

GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

          Defendants.
-----------------------------------------------------------X

10-cv-6950 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On November 19, 2019, the Court held a Case Management Conference during which multiple disputes related to discovery and trial planning were addressed. As discussed on the record, it is ORDERED:

1. **Privilege Logs - Goldman's Listservs:** By November 26, 2019, Goldman shall identify all 160 listservs to Plaintiffs with a short description of what the name of the listserv means. (By way of example, "Example@GS.COM is a listserv that distributes to every Goldman employee in its New York City Office.") By December 3, 2019, Plaintiffs will choose 10 list-serves (for any single point in time, which need not be the same for each listserv). By December 24, 2019, Defendants will provide the identities of the authors and recipients on the 10 list-serves at the chosen points in time in connection with the documents identified on the Privilege Logs.

2. **Privilege Logs - *In Camera* Review:** By December 3, 2019, Plaintiffs will identify 50 documents listed on Defendants' Privilege Logs that Goldman will produce to

1

the Court *ex parte* for *in camera* review. The documents to be produced *in camera* shall be submitted to the Court by December 9, 2019.

3. **Privilege Logs – Email Subject Lines:** By December 3, 2019, Plaintiffs shall identify 200 email documents from Defendants' Privilege Log for which Goldman will provide the subject line of that email by December 24, 2019. If Goldman believes that the subject line of any document itself contains privileged information, then by December 21, 2019 Defendants shall submit the document to the Court for *in camera* review.

4. **Named Plaintiff Supervisors:** Plaintiffs may identify 31 persons they contend are/were supervisors to the named Plaintiffs. For each of those 31 persons, Goldman shall produce the documents previously agreed to be produced for supervisors. By ordering production of these names, the Court is not making any substantive determination on whether these individuals constitute "supervisors" within the meaning of Title VII of the Civil Rights Act of 1964 or the New York City Human Rights Law.

5. **Withheld Password Protected Documents:** Goldman will continue to update its password database and continue to run that database against the universe of reviewed documents as per the protocol described by Defendants' Counsel during the Case Management Conference.

6. **Revised Interrogatory:** Goldman shall answer the following interrogatory: "Identify any alternative to Quartiling, 360-Reviews and Cross-Ruffing that Goldman considered to achieve its business necessity and for which Goldman considered the impact on or treatment of men and women."

7. **Fact Discovery:** The deadline for fact discovery shall be extended by four months from December 2, 2019 to April 2, 2020.

8. **Trial Planning:** Phase 1 of the trial will address on a class-wide basis, and also specifically with respect to the named Plaintiffs, the discriminatory impact of, and treatment related to, Quartiling, 360-Reviews and Cross-Ruffing (the "three processes"). Phase 1 will not include individual (a) named Plaintiffs' individual claims (and Goldman's defenses to those claims) apart from application of the three processes; (b) any "boys' club" claims or anecdotes (rather, the only permissible anecdotes will be those related specifically to application of the three processes); (c) damages (including back pay) and punitive damages. The following issues, among others, will not be resolved at the present time and instead will be addressed at an appropriate later juncture (such as summary judgment, motions in limine or other pre-trial filings): admissibility of non-named class member evidence; relevance and admissibility of comparators; Goldman's post-2016 process changes; and availability of injunctive relief in the absence of a certified class under Fed. R. Civ. P. 23(b)(2).

9. **Next Status Conference and Motion Hearing:** The parties are directed to coordinate with the Court's Deputy Clerk to schedule a unified appearance, to take place in January or early February 2020, during which the Court will conduct another status conference and also hear oral argument on the pending motion and cross-motion concerning arbitration agreements (Dkt. 715, 717).

Dated: November 25, 2019
New York, New York

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Copies transmitted to all counsel of record.