USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12-19-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

H. CRISTINA CHEN-OSTER, SHANNA :    10-cv-6950 (AT) (RWL)
ORLICH, ALLISON GAMBA, and MARY DE :
LUIS, :
  :
  :    **ORDER**
  Plaintiffs, :
  :
  :
  - against - :
  :
  :
GOLDMAN, SACHS & CO. and THE :
GOLDMAN SACHS GROUP, INC., :
  :
  Defendants. :

----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the document families on Goldman's privilege log that have

been submitted for in camera review. These document families are numbered 1-29

submitted on December 9, 2019, and 1-13 submitted on December 17, 2019.

1.    The following document families are properly withheld based on attorney-

client privilege: December 9 - Numbers 21, 23, 28; December 17 – Numbers 10, 11.

2.    To the extent December 9 No. 9A is final board meeting minutes, it should

be produced; if the minutes are not final, then the final version should be produced. Legal

advice, if any, may be redacted.

3.    December 9 No. 29 – management committee meeting materials – should

be produced. Legal advice may be redacted.

As to all other document families, Goldman shall file a letter of no more than five

pages by January 3, 2020 answering the following questions:

  .

1

a. Has Goldman produced final versions of the various reports and presentations (such as "Talent Management at Goldman Sachs"; "Evolution of Diversity at Goldman Sachs," "White Paper – Diversity – Americas," Diversity Task Force presentations, etc.)?

b. What is the basis for claiming attorney-client privilege for documents or portions of documents that consist of statistics or graphic representations of statistics?

c. It appears to the Court that Goldman is claiming that all documents concerning Goldman's tracking and assessment of diversity data, self-assessment of diversity, efforts considered or undertaken to address diversity, and internal reporting or presentation of any of the foregoing, are protected by attorney-client privilege because all of that is conducted under the aegis of Goldman's employment law group. Is that correct? If not, explain.

    i. In either event, provide authority supporting attorney-client privilege for material of such breadth.

    ii. Explain why all of these materials should be considered communications between lawyers and executives providing or requesting legal advice and not communications for business purposes. Attention should be given particularly to the reports and attachments, not cover emails, recognizing the principles that (a) non-privileged material does not become privileged by sending or communicating it to or from a lawyer, and (b) merely cc'ing a lawyer or including a lawyer in a "to" or "from" group does not necessarily give rise to the privilege.

The letter need not address documents or document families individually but rather should do so collectively, although examples may be called out. Plaintiffs may file a responding letter of no more than 5 pages by January 10, 2020.

Dated:     December 19, 2019
           New York, New York

                              SO ORDERED.

                              _____
                              ROBERT W. LEHRBURGER
                              UNITED STATES MAGISTRATE JUDGE

Copies transmitted to all counsel of record.