# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

H. CRISTINA CHEN-OSTER, LISA PARISI,
AND SHANNA ORLICH,

                    Plaintiffs,

         v.                                                    10 Civ. 6950 (LBS) (JCF)

GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

                    Defendants.

---

## DEFENDANTS' FIRST INTERROGATORY
## TO PLAINTIFF CRISTINA CHEN-OSTER

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and

Local Rule 33.3, Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.

("Goldman Sachs") hereby request that Plaintiff Cristina Chen-Oster answer, under oath, the

following interrogatory ("Interrogatory") by no later than July 11, 2011.

### DEFINITIONS

1.      "Communication" means any manner or means of disclosure, transfer or

exchange, whether orally, by document or by other electronic means, and whether face-to-face, in

person, by telephone, telecopy, mail, e-mail or otherwise, and includes correspondence,

memoranda, reports and records of telephone calls, reports of meetings and all accounts, records,

or summaries of oral conversations.

2.      "Person" means any natural person or any business, legal or governmental

entity, or association.

3.      "Recording" refers, but is not limited to, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, tape or videotape.

## INSTRUCTIONS

1.      The Interrogatory applies to the recordings produced by plaintiff Cristina Chen-Oster bearing document production numbers P003793 to P003883, as well as any other recordings produced after May 5, 2011.

2.      If you do not answer the Interrogatory in full, state the precise reason for failing to do so.  If you make a legal objection, set forth the specific nature of and grounds for that objection.  If only a portion of any of the Interrogatory cannot or will not be answered, (i) provide a full answer to the remaining portion; and (ii) specifically set forth (a) the fact that the answer is incomplete, and (b) the reasons or grounds for any omission or for your inability or refusal to complete the answer.  If the Interrogatory can be answered only in part on the basis of information available to you at the time of your response, (i) provide an answer on the basis of that information; (ii) indicate that your answer is so limited; and (iii) provide a further response, if further information becomes available to you.

3.      In the event any information responsive to the Interrogatory is withheld based upon a claim of attorney-client, work-product or any other privilege or immunity, explain the basis of the privilege or other protection you are claiming, including information sufficient to

- 2 -

demonstrate that the elements of any such privilege or protection are satisfied, and provide a

general description of the nature of the information you are withholding.

        4.      When asked to "identify" a person, please state the full name, present or last

known address and telephone number.

        5.      Goldman Sachs reserves the right to serve additional interrogatories on each

plaintiff in this proceeding.

        6.      The Interrogatory shall be deemed continuing as described by Rule 26(e) of

the Federal Rules of Civil Procedure so as to require further and supplemental production if

additional information called for by the Interrogatory is discovered and/or obtained.

## **INTERROGATORY**

        1.      For each recording identified in Instruction No. 1 above, identify:

(i) the date of the communication, (ii) the location of Plaintiff Chen-Oster during the

communication, (iii) the name(s) and location(s) of the other person(s) participating in or present

during the communication, and (iv) whether the communication was conducted either in-person or

via telephone.

Dated: New York, NY

June 23, 2011                    PAUL, HASTINGS, JANOFSKY & WALKER LLP


BY:      _____/s/ Zachary D. Fasman_____
         BARBARA B. BROWN (*admitted pro hac vice*)
         ZACHARY D. FASMAN
         C. GEOFFREY WEIRICH (*admitted pro hac vice*)


75 East 55th Street
New York, New York 10022-3205
(212) 318-6000
barbarabrown@paulhastings.com;
zacharyfasman@paulhastings.com;
geoffweirich@paulhastings.com

SULLIVAN & CROMWELL LLP
THEODORE O. ROGERS, JR.
SUHANA S. HAN
125 Broad Street
New York, New York 10004
(212) 558-4000
rogerst@sullcrom.com
hans@sullcrom.com


*Attorneys for Defendants*

GOLDMAN, SACHS & CO. and
THE GOLDMAN SACHS GROUP, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the DEFENDANTS' FIRST INTERROGATORY TO PLAINTIFF CRISTINA CHEN-OSTER was caused to be served on this date upon counsel below by e-mail and U.S. email:

Adam T. Klein
OUTTEN & GOLDEN, LLP
3 Park Avenue, 29th Floor
New York, New York 10016

Kelly M. Dermody
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339

Dated:  June 23, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. CRISTINA CHEN-OSTER; LISA PARISI;
AND SHANNA ORLICH,

                    Plaintiffs,

                    v.

GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

                    Defendants.

10 Civ. 6950 (AT) (JCF)

## DEFENDANTS' SECOND SET OF INTERROGATORIES
## TO PLAINTIFF CRISTINA CHEN-OSTER

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.3

and 33.3, Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc. ("Defendants"

or "Goldman Sachs") hereby request that Plaintiff Cristina Chen-Oster answer, under oath, the

following interrogatories ("Interrogatories") by no later than September 30, 2013.

## DEFINITIONS & INSTRUCTIONS

      1.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, these Interrogatories

are continuing in nature. You must serve supplemental answers to these Interrogatories if you

become aware of or obtain further or different information and/or documents.

      2.     Defendants reserve the right to serve additional interrogatories on each plaintiff in

this proceeding.

      3.     Unless otherwise specified or required by the context of the Interrogatory,

references to the singular include the plural, references to the plural include the singular,

references to one gender include the other gender, references to the past tense include the present, and references to the present tense include the past.

4.      The terms "You" or "Plaintiff" shall mean Plaintiff Cristina Chen-Oster.

5.      The terms "Defendants" or "Goldman Sachs" shall mean Goldman, Sachs & Co. and/or The Goldman Sachs Group, Inc., the Defendants herein.

6.      The term "Person(s)" shall include natural persons, corporations, companies, partnerships, limited partnerships, firms, proprietorships, joint ventures, and any other type of legal entity.

7.      The term "Identify," when used in connection with a written communication or other document(s), means that You should state the following with respect to each document: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

8.      If You choose to respond to an Interrogatory by producing documents, they must be produced as they are kept in the usual course of business and must be clearly organized and labeled to indicate to which Interrogatory the documents are responsive.  If You have already produced documents that are responsive to an Interrogatory, describe the documents and the Interrogatory to which they respond.

9.      If at any time You had possession or control of a document responsive to these Interrogatories and the document has been lost or destroyed or is not in Your possession or control, then: (i) identify the document; (ii) state the date of its loss, destruction or separation from Your possession or control; (iii) state the circumstances surrounding its loss, destruction or separation from Your possession or control; and (iv) state its current or last known location,

including the name, address and telephone number of each person believed to have possession of such document.

10.     The term "document(s)" includes, but is not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of memoranda, reports, books, manuals, instructions, financial statements or reports, price books, records, notes, letters, notices, confirmations, telegrams, electronic mail, voice mail, text messages, instant messages, receipts, pamphlets, magazines, newspapers, inventory books, prospectuses, inter-office and intra-office communications, contracts, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, on a hard drive, CD, DVD, floppy disc, Zip or mpeg file, phonorecord, film, tape or videotape.

11.     As used herein, "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

12.     If You claim that an Interrogatory is objectionable, state Your objection clearly and specifically identify which parts of the Interrogatory, or the responses it requires, are objectionable and why. If You assert that part of an Interrogatory is objectionable, respond to those remaining parts to which You do not object.

13.     If, after exercising due diligence, You cannot answer any portion of any of the following Interrogatories in full, so state and answer to the extent possible, specifying Your inability to answer the remainder, and stating whatever information or knowledge You have concerning the unanswered portions. NOTICE: ANY FAILURE TO SERVE A TIMELY WRITTEN RESPONSE IN ACCORDANCE WITH RULE 33 WILL CONSTITUTE A WAIVER BY PLAINTIFF OF ANY OBJECTION TO THESE INTERROGATORIES, INCLUDING ONE BASED ON PRIVILEGE OR WORK PRODUCT.

## INTERROGATORIES

2.     For any period between July 7, 2002 and the present, do You contend that individual managers at Goldman Sachs have purposefully and commonly discriminated against women with respect to administering, participating in, or influencing their annual 360-degree performance reviews?

3.     If Your answer to Interrogatory No. 2 is "yes," state in full detail the factual basis for Your contention.

4.     For any period between July 7, 2002 and the present, do You contend that the annual 360-degree performance review process used by managers at Goldman Sachs was designed with the purpose of discriminating against women or has had a discriminatory impact on women?

5.     If any part of Your answer to Interrogatory No. 4 is "yes," state in full detail the factual basis for Your contention.

6.    For any period between July 7, 2002 and the present, do You contend that individual managers at Goldman Sachs have purposefully and commonly discriminated against women with respect to placing employees into "manager quartiles?"

7.    If Your answer to Interrogatory No. 6 is "yes," state in full detail the factual basis for Your contention.

8.    For any period between July 7, 2002 and the present, do You contend that the criteria or processes used by managers at Goldman Sachs to make "manager quartile" decisions about employees was designed or has been operated with the purpose of discriminating against women or has had a discriminatory impact on women?

9.    If any part of Your answer to Interrogatory No. 8 is "yes," state in full detail the factual basis for Your contention.

10.    For any period between July 7, 2002 and the present, do You contend that the criteria or processes by which money is allocated or has been allocated among divisions, business units, departments or any subdivision thereof for the purpose of providing bonuses each year was designed or has been operated with the intent to discriminate against women or has had a discriminatory impact on women?

11.    If any part of Your answer to Interrogatory No. 10 is "yes," state in full detail the factual basis for Your contention.

12.    For any period between July 7, 2002 and the present, do You contend that individual managers at Goldman Sachs have purposefully and commonly discriminated in the way in which credit or attribution for particular business activities has been apportioned among the employees reporting to them or that the system used to make such apportionment has had a discriminatory impact on women?

-5-

13.    If any part of Your answer to Interrogatory No. 12 is "yes," state in full detail the factual basis for Your contention.

14.    For any period between July 7, 2002 and the present, do You contend that individual managers at Goldman Sachs have purposefully and commonly discriminated in the way in which client or account opportunities have been apportioned among the employees reporting to them or that the processes or criteria used to apportion client or account opportunities have had a discriminatory impact on women?

15.    If any part of Your answer to Interrogatory No. 14 is "yes," state in full detail the factual basis for Your contention.

16.    For any period between July 7, 2002 and the present, do You contend that individual managers at Goldman Sachs have purposefully and commonly used the discretion given them to make recommendations regarding compensation decisions to discriminate against women or that the criteria or processes used to make those decisions commonly has had a discriminatory impact on women?

17.    If any part of Your answer to Interrogatory No. 16 is "yes," state in full detail the factual basis for Your contention.

18.    For any period between July 7, 2002 and the present, do You contend that the process used to nominate and select Vice Presidents to be promoted to Managing Director was designed and/or operated with the purpose of discriminating against women, that individual managers at Goldman Sachs have purposefully and commonly discriminated against women with respect to nomination and/or selection for promotion from Vice President to Managing Director, or that the criteria or processes used to make such nominations or make such selections has had a disparate impact on women?

19.     If any part of Your answer to Interrogatory No. 18 is "yes," state in full detail the factual basis for Your contention.

20.     Do You contend that the qualifications and criteria required for promotions from Vice President to Managing Director are substantially the same in each division, business unit, department or any subdivision thereof?

21.     If Your answer to Interrogatory No. 20 is "yes," state in full detail the factual basis for Your contention.

22.     Do You contend that the bases for making variable compensation or bonus determinations are the same across all job titles and functions, and across all divisions, business units, departments, or any subdivisions thereof?

23.     If any part of Your answer to Interrogatory No. 22 is "yes," state in full detail the factual basis for Your contention.

24.     Do You contend that back pay, compensatory or punitive damages, if any, to be awarded to any member of the putative class can be determined by reference to a classwide formula or computation?  If so, provide such formula or/or the basis for and details of such computation.

Dated: New York, New York
August 30, 2013

PAUL HASTINGS LLP

BY:  *Barbara B Brown*

BARBARA B. BROWN (*admitted pro hac vice*)
ZACHARY D. FASMAN
CARSON H. SULLIVAN (*admitted pro hac vice*)

75 East 55th Street
New York, New York 10022-3205
(212) 318-6000
barbarabrown@paulhastings.com
zacharyfasman@paulhastings.com
carsonsullivan@paulhastings.com

SULLIVAN & CROMWELL LLP
THEODORE O. ROGERS, JR.
SUHANA S. HAN

125 Broad Street
New York, New York 10004
(212) 558-4000
rogerst@sullcrom.com
hans@sullcrom.com

*Attorneys for Defendants*
GOLDMAN, SACHS & CO. and
THE GOLDMAN SACHS GROUP, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; LISA PARISI; and SHANNA ORLICH, | |
| Plaintiffs, | 10 Civ. 6950 (AT) (JCF) |
| vs. | |
| GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC. | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2013, a true and correct copy of the foregoing Defendants' Second Set of Interrogatories to Plaintiff Cristina Chen-Oster was served via hand delivery, e-mail and by First Class U.S. Mail, properly addressed and postage prepaid on the following attorneys of record:

> Adam T. Klein
> Cyrus Dugger
> OUTTEN & GOLDEN, LLP
> 3 Park Avenue, 29th Floor
> New York, New York 10016

and by e-mail and by First Class U.S. Mail, properly addressed and postage prepaid on the following attorneys of record:

> Kelly M. Dermody
> Anne B. Shaver
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339

Dated: New York, New York
    August 30, 2013

PAUL, HASTINGS LLP

BY: _____
           BARBARA B. BROWN

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
H. CRISTINA CHEN-OSTER; SHANNA        :
ORLICH; ALLISON GAMBA; and MARY DE   :
LUIS,                                    :
:
                         Plaintiffs,    :
:     10 Civ. 6950 (AT) (RWL)
             v.                  :     **DEFENDANTS' THIRD SET OF**
:     **INTERROGATORIES TO**
GOLDMAN, SACHS & CO. and GOLDMAN   :     **PLAINTIFFS**
SACHS & CO. LLC,              :
:
                    Defendants.   :
-----------------------------------------------------------------x

       **PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules

of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern

District of New York (the "Local Civil Rules") and the February 26, 2019 Order of the Court (ECF

No. 681), Goldman, Sachs & Co. and Goldman Sachs & Co. LLC ("Goldman Sachs" or

"Defendants"), through their undersigned counsel, hereby request that Plaintiffs answer the

following Interrogatory under oath and serve the answer on or before April 10, 2019 at the offices

of Sullivan & Cromwell LLP, 125 Broad Street, New York, New York 10004-2498, in the manner

prescribed by the Federal Rules of Civil Procedure and Local Civil Rules.   The following

Interrogatory is to be read in accordance with the Definitions and Instructions below.   Defendants

reserve the right to serve additional Interrogatories.

**DEFINITIONS**

The following Definitions apply throughout the Interrogatory without regard to capitalization.  In addition, the Definitions and Rules of Construction set forth in Rule 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules are incorporated by reference and apply throughout the Interrogatory as if fully set out herein.

1.      The terms "You" or "Your " shall mean Plaintiffs.

2.      The term "Lawsuit" shall mean the case of *H. Christina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis* v. *Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.*, No. 10 Civ. 6950 (AT) (RWL), in the United States District Court for the Southern District of New York.

3.      The terms "concerning" and "identify" have the meanings set forth in Local Civil Rule 26.3.

4.      To bring within the scope of the Interrogatory all information that might otherwise be construed to be outside of their scope, the following Rules of Construction apply:  (i) the present tense shall be construed to include the past tense and vice versa; (ii) the terms "and," "or," and "all," "any," and "each" shall be construed in accordance with Local Civil Rule 26.3; and (iii) in accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1.      For the purpose of reading, interpreting, or construing the scope of the Interrogatory, the terms used shall be given their most expansive and inclusive interpretation.

2.      Each Interrogatory shall be construed independently and not by reference to any other Interrogatory for the purpose of limitation or exclusion, unless the context requires otherwise.

-2-

3.      You must answer the Interrogatory fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated.

4.      If in answering this Interrogatory, You claim any ambiguity in interpreting either an Interrogatory or a Definition or Instruction applicable thereto, You should not use that claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory.

5.      If You are unable to respond fully to the Interrogatory, please answer and respond to the extent possible and specify the reasons for Your inability to answer or respond in full, and state whatever information is available concerning the unanswered portion.

6.      If You withhold any of the requested information under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Civil Rules.

7.      The Interrogatory is continuing in nature, requiring the filing of supplementary and amended answers if You obtain further or different information relevant to the Interrogatory.

## INTERROGATORY

1.       Identify each employment practice or policy encompassed by Your discrimination claims regarding compensation that You intend to try in Phase One of the Lawsuit (*i.e.*, class-wide liability based on generalized evidence).

Respectfully,

Dated:    New York, New York
          March 11, 2019                    /s/ Robert J. Giuffra, Jr.

                                            Robert J. Giuffra, Jr.
                                            Theodore O. Rogers, Jr.
Barbara B. Brown                            Sharon L. Nelles
Carson H. Sullivan                          Ann-Elizabeth Ostrager
PAUL HASTINGS LLP                           Hilary M. Williams
875 15th Street, NW                         Joshua S. Levy
Washington, DC  20005                       SULLIVAN & CROMWELL LLP
                                            125 Broad Street
Patrick W. Shea                             New York, New York 10004-2498
PAUL HASTINGS LLP                           Tel: (212) 558-4000
200 Park Avenue                             Facsimile: (212) 558-3588
New York, New York  10166
                                            Amanda Flug Davidoff
                                            SULLIVAN & CROMWELL LLP
                                            1700 New York Avenue, N.W. Suite 700
                                            Washington, District of Columbia 20006-5215
                                            Tel: (202) 956-7500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x

H. CRISTINA CHEN-OSTER; SHANNA : ORLICH; ALLISON GAMBA; and : MARY DE LUIS, :

                              :

               Plaintiffs, :

               v. :

GOLDMAN, SACHS & CO. and THE : GOLDMAN SACHS GROUP, INC., :

               Defendants. :

-------------------------------------------------------- x

10 Civ. 6950 (AT) (RWL)

**DEFENDANTS' FIRST SET OF**
**REQUESTS FOR ADMISSION**
**AND INTERROGATORIES TO**
**PLAINTIFF ALLISON GAMBA**

          **PLEASE TAKE NOTICE** that pursuant to Rules 26, 33, and 36 of the Federal

Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern

District of New York (the "Local Rules") and the Court's September 11, 2019 Order (ECF

No. 842), Goldman Sachs & Co. LLC ("Goldman Sachs" or "Defendants"), through its

undersigned counsel, hereby requests that Plaintiff Allison Gamba answer the following

Interrogatories and Requests for Admission on or before November 25, 2019, in the manner

prescribed by the Federal Rules of Civil Procedure and Local Rules. The following Interrogatories

and Requests for Admission (the "Requests") are to be read in accordance with the Definitions and

Instructions below. Defendants reserve the right to serve additional Interrogatories and Requests

for Admission.

## DEFINITIONS

          The following Definitions apply throughout the Interrogatories and Requests

without regard to capitalization. In addition, the Definitions and Rules of Construction set forth

in Rules 33 and 36 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules are

incorporated by reference and apply throughout the Interrogatories and Requests as if fully set out herein.

1.     The terms  "You" and/or "Your" shall mean Plaintiff Allison Gamba and, to the extent applicable, any and all of her employees, agents or representatives, or any other persons acting or purporting to act on her behalf.

2.     The terms "Defendants," "Goldman Sachs," or the "Firm" shall mean Goldman, Sachs & Co. LLC.

3.     The terms "document" and "identify" have the meanings set forth in Local Civil Rule 26.3.

4.     The term "Interior Design Business" shall refer to all of Your activities related to interior design prior to the formation of Allison Gamba Design Consultant, LLC on October 28, 2016.

5.     All terms not otherwise defined herein should be construed in accordance with their plain and ordinary meaning.

6.     To bring within the scope of these requests all information that might otherwise be construed to be outside their scope, the following rules of construction apply:  (i) the word "including" shall be read to mean including without limitation; (ii) the present tense shall be construed to include both the past tense and vice versa; (iii) references to employees, officers, directors or agents shall include both current and former employees, officers, directors and agents; (iv) the terms "and" and "or," and "all," "any" and "each," shall be construed in accordance with Local Civil Rule 26.3; and (v) in accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1.      For the purpose of reading, interpreting, or construing the scope of the Interrogatories and Requests for Admission, the terms used shall be given their most expansive and inclusive interpretation.

2.      Each Interrogatory and Request for Admission shall be construed independently and not by reference to any other Interrogatory or Request for Admission for the purpose of limitation or exclusion, unless the context requires otherwise.

3.      If You object to a Request, in whole or in part, state the reason for Your objection.

4.      If Your response to any Request is anything other than an unqualified admission or denial, set forth in detail the reasons why You cannot truthfully admit or deny the matter.

5.      If You qualify an answer or deny only part of a Request, admit the portion of the Request that is true and qualify or deny the remainder.

6.      Respond to the fullest extent possible to each Request.  If You are unable to respond to any Request, explain Your inability to respond and state whatever information or knowledge You have regarding this Request.

7.      Under Federal Rule of Civil Procedure 36(a), You may not give lack of information or knowledge as a reason for failure to admit or deny a Request unless You state that You have made reasonable inquiry and that the information known or readily knowable by You is insufficient to enable You to admit or deny a Request.

8.      You must answer each Interrogatory fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated.

9.      If in answering these Interrogatories, You claim any ambiguity in interpreting either an Interrogatory or a Definition or Instruction applicable thereto, You should not use that claim as

a basis for refusing to respond, but You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory.

10.     If You are unable to respond fully to each Interrogatory, please answer and respond to the extent possible and specify the reasons for Your inability to answer or respond in full, and state whatever information is available concerning the unanswered portion.

11.     If You withhold any of the requested information under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Rules.

12.     These Interrogatories and Requests are continuing in nature, requiring the filing of supplementary and amended answers if You obtain further or different information relevant to the Interrogatories or the Requests.

## REQUESTS FOR ADMISSION

1.     Admit that Your Interior Design Business did not generate any revenue in 2014.

2.     Admit that Your Interior Design Business generated total gross revenue of $17,069 in 2015–2016.

3.     Admit that You did not pay federal and/or state taxes on income generated from Your Interior Design Business in 2014–2016.

## INTERROGATORIES

1.     Identify any business(es) other than Goldman Sachs that You operated, were employed by, owned, or held an ownership interest in during Your employment at Goldman, Sachs & Co.

2.      Identify any federal, state, and local tax forms on which You disclosed income generated by Your Interior Design Business in 2014–2016 to federal, state, and/or local tax authorities, including, but not limited to, the Internal Revenue Service and New York State Department of Taxation and Finance, and the dates any such documents were filed.

Dated:  New York, New York
          October 24, 2019

                                              /s/ Amanda Flug Davidoff

Barbara B. Brown (*admitted pro hac vice*)          Robert J. Giuffra, Jr.
Carson H. Sullivan (*admitted pro hac vice*)        Sharon L. Nelles
PAUL HASTINGS LLP                                   Ann-Elizabeth Ostrager
875 15th Street, NW                                 Hilary M. Williams
Washington, DC  20005                               Joshua S. Levy
Telephone: (202) 551-1700                           Hannah Lonky
                                                    SULLIVAN & CROMWELL LLP
Patrick W. Shea                                     125 Broad Street
PAUL HASTINGS LLP                                   New York, New York  10004
200 Park Avenue                                     Telephone: (212) 558-4000
New York, NY 10166                                  Facsimile: (212) 558-3588
Telephone: (212) 318-6405
                                                    Amanda Flug Davidoff
                                                    Elizabeth A. Cassady
                                                    SULLIVAN & CROMWELL LLP
                                                    1700 New York Avenue, N.W. Suite 700
                                                    Washington, District of Columbia
                                                    20006-5215
                                                    Telephone: (202) 956-7500

                        *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x
H. CRISTINA CHEN-OSTER; SHANNA        :
ORLICH; ALLISON GAMBA; and            :
MARY DE LUIS,                         :
                                      :
                  Plaintiffs,         :          10 Civ. 6950 (AT) (RWL)
                                      :
            v.                        :          <u>**CERTIFICATE OF SERVICE**</u>
                                      :
GOLDMAN, SACHS & CO. and THE          :
GOLDMAN SACHS GROUP, INC.,            :
                                      :
                  Defendants.         :
------------------------------------------------------ x

I hereby certify that on October 24, 2019, I caused to be served a true and correct

copy of the foregoing **Defendants' First Set of Requests for Admission and Interrogatories to**

**Plaintiff Allison Gamba** on Counsel for Plaintiffs, at the e-mail addresses designated by said

attorneys for that purpose, by e-mail:

Adam T. Klein (atk@outtengolden.com)
Cara E. Greene (ceg@outtengolden.com)
Michael C. Danna (mdanna@outtengolden.com)
Sabine Jean (sjean@outtengolden.com)
Carmelyn P. Malalis (cpm@outtengolden.com)
Christopher McNerney (cmcnerney@outtengolden.com)
Ossai Miazad (om@outtengolden.com)
Melissa L. Stewart (mstewart@outtengolden.com)
Daniel S. Stromberg (*admitted pro hac vice*) (dstromberg@outtengolden.com)
Justin M. Swartz (jms@outtengolden.com)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017

Paul W. Mollica (pmollica@outtengolden.com)
OUTTEN & GOLDEN LLP
161 North Clark Street, Suite 4700
Chicago, Illinois  60601

Kelly M. Dermody (*admitted pro hac vice*) (kdermody@lchb.com)
Anne B. Shaver (*admitted pro hac vice*) (ashaver@lchb.com)
Michael Levin-Gesundheit (*admitted pro hac vice*) (mlevin-gesundheit@lchb.com)

Michelle A. Lamy (*admitted pro hac vice*) (mlamy@lchb.com)
Tiseme G. Zegeye (tzegeye@lchb.com)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339

Rachel Geman (rgeman@lchb.com)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013-1413

Dated:  New York, New York
        October 24, 2019

                              */s/ Amanda Flug Davidoff*

Barbara B. Brown (*admitted pro hac vice*)     Robert J. Giuffra, Jr.
Carson H. Sullivan (*admitted pro hac vice*)   Sharon L. Nelles
PAUL HASTINGS LLP                              Ann-Elizabeth Ostrager
875 15th Street, NW                            Hilary M. Williams
Washington, DC  20005                          Joshua S. Levy
Telephone: (202) 551-1700                      Hannah Lonky
                                               SULLIVAN & CROMWELL LLP
Patrick W. Shea                                125 Broad Street
PAUL HASTINGS LLP                              New York, New York  10004
200 Park Avenue                                Telephone: (212) 558-4000
New York, NY 10166                             Facsimile: (212) 558-3588
Telephone: (212) 318-6405
                                               Amanda Flug Davidoff
                                               Elizabeth A. Cassady
                                               SULLIVAN & CROMWELL LLP
                                               1700 New York Avenue, N.W. Suite 700
                                               Washington, District of Columbia
                                               20006-5215
                                               Telephone: (202) 956-7500

                    *Attorneys for Defendants*