# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                          :

| | |
|---|---|
| H. CRISTINA CHEN-OSTER; SHANNA ORLICH; ALLISON GAMBA; and MARY DE LUIS,<br><br>                    Plaintiffs,<br>v.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>                    Defendants. | 10 Civ. 6950 (AT) (RWL)<br><br>**DEFENDANTS' FOURTH SET OF INTERROGATORIES TO PLAINTIFFS** |

------------------------------------------------------- x

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), Goldman Sachs & Co. and Goldman, Sachs & Co. LLC ("Goldman Sachs" or "Defendants"), by its undersigned counsel, hereby requests Plaintiffs in the above-referenced action to answer the following interrogatories separately and fully under oath and serve the answers on or before [DATE], in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules. The following Interrogatories are to be read in accordance with the Definitions and Instructions below. Defendants reserve the right to serve additional Interrogatories.

## DEFINITIONS

       The following Definitions apply throughout these Interrogatories without regard to capitalization. In addition, the Definitions and Rules of Construction set forth in Rule 33 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules are incorporated by reference and apply throughout the Interrogatories as if fully set out herein.

1. The terms "You" or "Your" shall mean Plaintiffs in the above-captioned action.

2. The terms "Defendants" or "Goldman Sachs" shall mean Goldman, Sachs & Co. and Goldman Sachs & Co. LLC, the Defendants herein.

3. The term "Lawsuit" shall mean the case of *H. Christina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis* v. *Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.*, 10 Civ. 6950 (AT) (RWL), in the United States District Court for the Southern District of New York.

4. The term "Complaint" refers to the Second Amended Complaint filed in the Lawsuit.

5. The term "Class Members" shall mean current and former female Associates and Vice Presidents employed by Goldman Sachs in R-coded positions in the Relevant Divisions during the Class Period.

6. The term "Relevant Divisions" shall mean Goldman Sachs's Investment Management Division ("IMD"), Investment Banking Division ("IBD"), and Securities Division.

7. The terms "document," "concerning," "identify," and "person" have the meanings set forth in Local Civil Rule 26.3.

8. All Requests pertain to the time period from July 7, 2002 through the present (the "Class Period" for discovery purposes), unless otherwise stated.

9. All Requests relating to 360 review process pertain to the time period from July 7, 2002 through May 2016.

10. All terms not otherwise defined herein should be construed in accordance with their plain and ordinary meaning.

11. To bring within the scope of these Interrogatories all information that might otherwise be construed to be outside of their scope, the following Rules of Construction apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to employees, officers, directors, or agents shall include both current and former employees, officers, directors, agents, and representatives; (v) the terms "and" and "or," and "all," "any," and "each" shall be construed in accordance with Local Civil Rule 26.3; and (vi) in accordance with Local Civil Rule 26.3, the use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. For the purpose of reading, interpreting, or construing the scope of these Interrogatories, the terms used shall be given their most expansive and inclusive interpretation.

2. Each Interrogatory shall be construed independently and not by reference to any other Interrogatory for the purpose of limitation or exclusion, unless the context requires otherwise.

3. You must answer each Interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated.

4. If in answering these Interrogatories, You claim any ambiguity in interpreting either an Interrogatory or a Definition or Instruction applicable thereto, You should not use that claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation chosen to be used in responding to the Interrogatory.

5. If You are unable to respond fully to any Interrogatory, please answer and respond to the extent possible and specify the reasons for Your inability to answer or respond in full, and state whatever information is available concerning the unanswered portion.

6. If You withhold any of the requested information under a claim of privilege, immunity, or protection, including the attorney-client privilege or work product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Civil Rules.

7. These Interrogatories are continuing in nature, requiring the filing of supplementary and amended answers if You obtain further or different information relevant to any of these Interrogatories.

## INTERROGATORIES

1. Identify the basis for Your contention that the corporate titles "Associate" and "Vice-President" are synonymous with an employee's job function at Goldman Sachs.

2. Describe with specificity each component of the 360 review process that You contend caused a disparate impact on Class Members and the applicable time period.

3. For the 360 review process and each component thereof identified in Your response to Interrogatory No. 2, state how (*i.e.*, by what mechanism) You contend it caused a disparate impact on Class Members.

4. For the 360 review process and each component thereof identified in Your response to Interrogatory No. 2, state what adverse employment action You contend it caused on Class Members.

5. For the 360 review process and each component thereof identified in Your response to Interrogatory No. 2, state the basis for Your contention that it is not a business necessity for Goldman Sachs.

6. Identify any alternatives to the 360 review process, or the components identified in response to Interrogatory No. 2, that You contend would have a less discriminatory impact on Class Members.

7. Identify the basis for Your contention that the alternative(s) proposed by You in response to Interrogatory No. 6 would have a less discriminatory impact on Class Members.

8. Describe with specificity each component of the manager quartiling process that You contend caused a disparate impact on Class Members and the applicable time period.

9. For the manager quartiling process and each component thereof identified in Your response to Interrogatory No. 8, state how (*i.e.*, by what mechanism) You contend it caused a disparate impact on Class Members.

10. For the manager quartiling process and each component thereof identified in Your response to Interrogatory No. 8, state what adverse employment action You contend it caused on Class Members.

11. For the manager quartiling process and each component thereof identified in Your response to Interrogatory No. 8, state the basis for Your contention that it is not a business necessity for Goldman Sachs.

12. Identify any alternatives to the manager quartiling process, or the components identified in response to Interrogatory No. 8, that You contend would have a less discriminatory impact on Class Members.

13. Identify the basis for Your contention that the alternative(s) proposed by You in response to Interrogatory No. 12 would have a less discriminatory impact on Class Members.

14. Describe with specificity each component of the cross-ruffing process that You contend caused a disparate impact on Class Members and the applicable time period.

15. For the cross-ruffing process and each component thereof identified in Your response to Interrogatory No. 14, state how (*i.e.*, by what mechanism) You contend it caused a disparate impact on Class Members.

16. For the cross-ruffing process and each component thereof identified in Your response to Interrogatory No. 14, state what adverse employment action You contend it caused on Class Members.

17. For the cross-ruffing process and each component thereof identified in Your response to Interrogatory No. 14, state the basis for Your contention that it is not a business necessity for Goldman Sachs.

18. Identify any alternatives to the cross-ruffing process, or the components identified in response to Interrogatory No. 14, that You contend would have a less discriminatory impact on Class Members.

19. Identify the basis for Your contention that the alternative(s) proposed by You in response to Interrogatory No. 18 would have a less discriminatory impact on Class Members.

20. Identify any individuals that You contend intentionally discriminated against Class Members with respect to the 360 review, manager quartiling, and cross-ruffing processes during the Class Period.

21. For any individuals identified in Your response to Interrogatory No. 14, identify the basis for Your contention.

Dated: New York, New York
January __, 2020

                                                        */s/ DRAFT*

Barbara B. Brown (*admitted pro hac vice*)    Robert J. Giuffra, Jr.
Carson H. Sullivan (*admitted pro hac vice*)  Sharon L. Nelles
PAUL HASTINGS LLP                        Ann-Elizabeth Ostrager
875 15th Street, NW                           Hilary M. Williams
Washington, DC  20005                      Joshua S. Levy
Telephone: (202) 551-1700                Hannah Lonky Fackler
                                                      SULLIVAN & CROMWELL LLP
Patrick W. Shea                               125 Broad Street
PAUL HASTINGS LLP                        New York, New York  10004
200 Park Avenue                              Telephone: (212) 558-4000
New York, NY  10166                        Facsimile: (212) 558-3588
Telephone: (212) 318-6405

                                                      Amanda Flug Davidoff
                                                      Elizabeth A. Cassady
                                                      SULLIVAN & CROMWELL LLP
                                                      1700 New York Avenue, N.W. Suite 700
                                                      Washington, District of Columbia  20006-5215
                                                      Telephone: (202) 956-7500

                                                     *Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------ x
H. CRISTINA CHEN-OSTER; SHANNA              :
ORLICH; ALLISON GAMBA; and                  :
MARY DE LUIS,                               :
                                            :
                    Plaintiffs,             :    10 Civ. 6950 (AT) (RWL)
            v.                              :
                                            :    CERTIFICATE OF SERVICE
GOLDMAN, SACHS & CO. and THE                :
GOLDMAN SACHS GROUP, INC.,                  :
                                            :
                    Defendants.             :
------------------------------------------------------ x
```

I hereby certify that on January __, 2020, I caused to be served a true and correct copy of the foregoing **Defendants' Responses and Objections to Plaintiffs' Second Set of Requests for Admission** on Counsel for Plaintiffs, at the address designated by said attorneys for that purpose, by e-mail:

Adam T. Klein (atk@outtengolden.com)
Cara E. Greene (ceg@outtengolden.com)
Michael C. Danna (mdanna@outtengolden.com)
Sabine Jean (sjean@outtengolden.com)
Carmelyn P. Malalis (cpm@outtengolden.com)
Christopher McNerney (cmcnerney@outtengolden.com)
Ossai Miazad (om@outtengolden.com)
Melissa L. Stewart (mstewart@outtengolden.com)
Daniel S. Stromberg (*admitted pro hac vice*) (dstromberg@outtengolden.com)
Justin M. Swartz (jms@outtengolden.com)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York  10017

Paul W. Mollica (pmollica@outtengolden.com)
OUTTEN & GOLDEN LLP
161 North Clark Street, Suite 4700
Chicago, Illinois  60601

Kelly M. Dermody (*admitted pro hac vice*) (kdermody@lchb.com)
Anne B. Shaver (*admitted pro hac vice*) (ashaver@lchb.com)

-2-

Michael Levin-Gesundheit (*admitted pro hac vice*) (mlevin-gesundheit@lchb.com)
Michelle A. Lamy (*admitted pro hac vice*) (mlamy@lchb.com)
Tiseme G. Zegeye (tzegeye@lchb.com)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California  94111-3339

Rachel Geman (rgeman@lchb.com)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013-1413

Dated:  New York, New York
January __, 2020

/s/ Robert J. Giuffra, Jr.

| | |
|---|---|
| Barbara B. Brown (*admitted pro hac vice*) | Robert J. Giuffra, Jr. |
| Carson H. Sullivan (*admitted pro hac vice*) | Sharon L. Nelles |
| PAUL HASTINGS LLP | Ann-Elizabeth Ostrager |
| 875 15th Street, NW | Hilary M. Williams |
| Washington, DC  20005 | Joshua S. Levy |
| Telephone: (202) 551-1700 | Hannah Lonky Fackler |
| | SULLIVAN & CROMWELL LLP |
| Patrick W. Shea | 125 Broad Street |
| PAUL HASTINGS LLP | New York, New York  10004 |
| 200 Park Avenue | Telephone: (212) 558-4000 |
| New York, NY  10166 | Facsimile: (212) 558-3588 |
| Telephone: (212) 318-6405 | |
| | Amanda Flug Davidoff |
| | Elizabeth A. Cassady |
| | SULLIVAN & CROMWELL LLP |
| | 1700 New York Avenue, N.W. Suite 700 |
| | Washington, District of Columbia  20006-5215 |
| | Telephone: (202) 956-7500 |

*Attorneys for Defendants*