UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA
ORLICH, ALLISON GAMBA, and MARY DE
LUIS,

        Plaintiffs,

  - against -

GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

        Defendants.
------------------------------------------------------------------X

10-cv-6950 (AT) (RWL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1-27-2020

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

  This Order briefly addresses Plaintiffs' challenge to Goldman's assertion of attorney-client privilege for documents related to Goldmans' Diversity Task Force ("DTF"), White Papers, Review of Reviews, Quartiling Decisions, and other similar groups of documents addressed by the parties.

  The extent to which documents related to those groups qualify for protection by the attorney-client privilege cannot be determined on a wholesale basis for each group. For instance, while the Court agrees that the DTF appears to have been established for primarily a business purpose, that does not mean that all DTF-related documents necessarily must be produced. Conversely, while the White Papers and Review of Reviews process appear to be predominantly legal in nature, and notwithstanding Goldman attorney supervision or participation in those processes, not every document related to them is likely to be subject to the attorney-client privilege.

1

Each document, not document "family," must be evaluated on its own merits. Goldman's claim of privilege for vague document families, along with over-inclusive logging and the high error rate of documents included on the logs, is why the Court has ordered that Goldman re-review every document remaining on its merits privilege logs. Goldman must make sure that any document withheld on the basis of attorney-client privilege actually qualifies for protection under the privilege, and it must update its privilege logs accordingly and produce all documents on the logs that are not so protected.

As to Plaintiffs' waiver arguments, Goldman has not relied on an advice of counsel defense or otherwise put advice of counsel at issue so as to sacrifice its right to invoke the privilege. Nor has Goldman forfeited its right to assert the privilege as a result of its inability to recreate the DTF ListServ since DTF membership can be discerned from documents and nothing has been presented to suggest that the ListServ extended beyond the task force membership or other "need to know" persons. Of course, that may prove otherwise for particular documents as determined upon re-review.

This order supplements, and does not supplant, orders made during the January 23, 2020 conference. In arriving at its determinations, the Court has considered the parties' many submissions concerning Goldman's privilege logs, their arguments astutely presented at the January 23, 2020 conference, and the selected documents submitted for in camera review.

Dated:   January 27, 2020
         New York, New York

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Copies transmitted to all counsel of record.