# SULLIVAN & CROMWELL LLP

```
TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-30-2020

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 29, 2020

GRANTED.

Via ECF

The Honorable Robert W. Lehrburger,
 United States District Court for the
  Southern District of New York,
   500 Pearl Street,
    New York, New York 10007-1312.

SO ORDERED:

_____ 1/30/2020
HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Re: *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of Defendants, and in accordance with Rule III.G.2 of Your Honor's Individual Practices in Civil Cases, I request that the Court permit redaction of portions of Appendix A to Plaintiffs' Exhibit 1 to the January 17, 2020 Joint Status Report ("Appendix A"; ECF No. 935-2 at 5), which lists names of individual Goldman Sachs employees, including class members, from listservs included on Defendants' privilege logs. The parties met and conferred on January 24 and 28, 2020, and Plaintiffs do not oppose these redactions.

As a threshold matter, there is no presumed right of access to the information filed concerning discovery issues. The Second Circuit has repeatedly held that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process," *id.*, such as "pleadings in civil litigation []*other than discovery motions and accompanying exhibits*," *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see also Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"); *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Here, Plaintiffs challenged the sufficiency of certain information Defendants provided to Plaintiffs about the members of listservs included on Defendants' privilege logs, and the information about individual Goldman Sachs employees was filed solely in connection with that dispute. *See Certain Underwriters at Lloyd's* v. *Nat'l R.R. Passenger Corp.*, 162 F. Supp. 3d 145, 148 (E.D.N.Y. 2016) (Mann, J.) (classifying

Case 1:10-cv-06950-AT-RWL   Document 955   Filed 01/30/20   Page 2 of 2
Case 1:10-cv-06950-AT-RWL   Document 952   Filed 01/29/20   Page 2 of 2

The Honorable Robert W. Lehrburger                                    -2-

disagreement over privilege logs as a "discovery dispute[]"). Thus, Appendix A is not a judicial document and no public right of access attaches to the individual names listed therein.

To the extent the presumption of access applies at all, it would be weak because the membership of the listservs has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) (presumption of public access "to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents' role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines"), *aff'd*, 800 F. Supp. 2d 453 (Spatt, J.), *aff'd sub nom.*, *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).

Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* (internal quotation marks and alterations omitted); *see also In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (privacy interests "should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted"). Here, the privacy interests of the Goldman Sachs employees listed on Appendix A—several of whom are class members—counsel in favor of redacting their names. *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (Marrero, J.) (permitting redaction of "sensitive personal information" of third parties, including "customer names"); (*see also* Class Notice at 6 ("Counsel for Goldman Sachs will not share the names of who stays in or opts-out of the Class with anyone outside the Legal department who does not have a legitimate need to know in order to effectuate an order from the Court in this lawsuit."), ECF No. 716-13). Indeed, the Court has consistently permitted the parties to redact individual Goldman Sachs employees' names in public filings. (*See* ECF Nos. 681, 747, 770, 890, 933, 947.)

For the foregoing reasons, Defendants respectfully request that this Court permit Appendix A to Plaintiffs' Exhibit 1 to the January 17 Joint Status Report to be filed with the names of individual Goldman Sachs employees redacted.

Sincerely,

*/s/ Ann-Elizabeth Ostrager*

Ann-Elizabeth Ostrager
of Sullivan & Cromwell LLP

cc:   All parties of record (by ECF)