# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

———

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 30, 2020

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
       New York, New York 10007-1312.

          Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano*.
                No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

       On behalf of Defendants, I write regarding Plaintiffs' filing in response to the Court's January 16, 2020 Order (ECF No. 932) ("Order").

       As Defendants repeatedly explained to Plaintiffs (*see* Exhibit A, attached), the Order directed that "the parties" make a submission and that "the submission shall identify any concessions made by Plaintiffs at oral argument or since." (Order ¶ 1.) The Court thus ordered the parties to provide their shared understanding of Plaintiffs' concessions in a joint filing. After the parties had reached agreement on all numbers in the chart required by the Court ("Chart"), and on virtually the entire description of Plaintiffs' concessions, Plaintiffs insisted for the first time this afternoon on characterizing their claims of waiver as "stemming from Goldman Sachs's litigation conduct since the filing of this lawsuit." (*See* Pls. Response (ECF No. 957) at 3.) Goldman Sachs objected to this characterization in a joint filing as unnecessary and inappropriate, but Plaintiffs refused to remove it. Without further notice to Defendants, Plaintiffs proceeded, contrary to the Order, to file the Chart and their description of their concessions unilaterally.

       Plaintiffs further opposed Defendants' proposal to include in a joint submission notations to the Chart consisting of factual information in the record that Defendants believe will be useful to the Court in reviewing the Chart and ruling on the parties' cross-motions. Plaintiffs insisted that the notations constituted "argument" even though they consist only of objective data intended as an aid to the Court. Now that Plaintiffs have forced the parties to file individually in response to the Order, Defendants respectfully submit the Chart with this letter with the notations included.

The Honorable Robert W. Lehrburger -2-

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
of Sullivan & Cromwell LLP

cc: All parties of record

The Honorable Robert W. Lehrburger                                                                 -3-

|  | Pre-Complaint | Post-Complaint and Pre-Cert | Post-Cert | Total |
|---|---|---|---|---|
| **Separation Agreements** | 491[1] | 277[2] | 1[3] | 769 |
| **MD Promotion Agreements** | 60 | 140 | 0 | 200 |
| **PWA Agreements** | 95 | 86[4] | 6[5] | 187 |
| **Equity Agreements** | 0 | 686 | 8[6] | 694 |
| **Total number of agreements that Defendants seek to compel to arbitration** | 646 | 1,189 | 15 | 1,850 |
| **Total number of Class Members who Defendants seek to compel arbitration** | 646 | 1,189 | 15 | 1,850 |

---

[1]     Plaintiffs withdrew their claims of waiver for these 491 Pre-Complaint Separation Agreements.  (*See* Pls. Response at 3.)  These 491 Agreements include 7 Pre-Complaint Separation Agreements where the class member was represented by counsel.  (*See* Declaration of Robert J. Giuffra, dated April 12, 2019 ("Giuffra Decl."), App. A, App. E-6.)

[2]     These 277 Separation Agreements include 9 Post-Complaint and Pre-Cert Separation Agreements where the class member was represented by counsel, for which Plaintiffs have withdrawn their claims seeking Rule 23(d) relief.  (*See* Pls. Response at 3.)

[3]     Plaintiffs withdrew their claim for Rule 23(d) relief for this 1 Post-Cert Separation Agreement where the class member was represented by counsel.  (*See* Pls. Response at 3.)

[4]     Of these 86 Agreements, 61 were executed pre-hiring and 5 were executed prior to the class member's first 360 performance review. (*See* Giuffra Decl., App. E-2; App. E-3.)

[5]     All 6 PWA Agreements were executed pre-hiring.  (*See* Giuffra Decl., App. E-2.)

[6]     All 8 Equity Agreements were provided to class members electronically Pre-Cert and the class members "clicked" their acceptance Post-Cert. (*See* Declaration of Robert J. Giuffra, dated June 11, 2019, App. A; Declaration of Eric Dias, dated June 11, 2019, Ex. 1.)

The Honorable Robert W. Lehrburger                                                                -4-

|  | Pre-Complaint | Post-Complaint and Pre-Cert | Post-Cert | Total |
|---|---|---|---|---|
| **Type(s) and total number of agreements that Plaintiffs seek to void as unconscionable** | 0 | 686 | 8 | 694[7] |
| **Type(s) and total number of agreements that Plaintiffs seek to void under Rule 23(d)** | 0 | 1,209[8] | 21[9] | 1,230 |
| **Total number of Class Members for whom Plaintiffs seek to void arbitration agreements as unconscionable or under Rule 23(d)** | 0 | 1,209 | 21 | 1,230 |

[7]     Consists solely of Equity Agreements. (*See* Pls. Opp. to Defs. Motion to Compel Arbitration ("MTC") at 25.)

[8]     These 1,209 Agreements consist of the 1,189 Post-Complaint and Pre-Cert Agreements at issue in the MTC plus 20 Agreements not at issue in the MTC. These 20 Agreements consist of: 3 Separation Agreements; 5 MD Agreements; and 12 PWA Agreements. The 3 Separation Agreements include a release but not an arbitration clause. As set out in footnote 2, *supra*, Plaintiffs withdrew their claim for Rule 23(d) relief as to 9 Post-Complaint and Pre-Cert Separation Agreements where the class member was represented by counsel, which remain included in the total 1,209 Agreements per the Court's instruction. (*See* Order ¶ 1) ("The numbers should reflect those prior to concessions made at oral argument.").)

[9]     These 21 Agreements consist of the 15 Post-Cert Agreements at issue in the MTC, plus 6 Agreements not at issue in the MTC. These 6 Agreements consist of: 3 Separation Agreements; 2 MD Agreements; and 1 PWA Agreement. The 3 Separation Agreements include a release but not an arbitration clause. As set out in footnote 3, *supra*, Plaintiffs withdrew their claim for Rule 23(d) relief as to 1 Post-Cert Separation Agreement where the class member was represented by counsel, which remains included in the total 21 Agreements per the Court's instruction. (*See* Order ¶ 1.)