```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA           :
ORLICH, ALLISON GAMBA, and MARY DE       :    10-cv-6950 (AT) (RWL)
LUIS,                                    :
                                         :
                                         :         ORDER
                         Plaintiffs,     :
                                         :
         - against -                     :
                                         :
GOLDMAN, SACHS & CO. and THE             :
GOLDMAN SACHS GROUP, INC.,               :
                                         :
                         Defendants.     :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2020

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Defendant Goldman Sachs seeks clarification on two issues about its revised privilege log obligations (Dkt. 966): (1) that it need not produce non-responsive documents from document "families" where the only responsive material is privileged; and (2) format of the privilege log, including exclusion of non-substantive files "to the extent this is technically feasible," such as logos, lines and blank embedded image files processed as separate attachments. Plaintiffs object. (Dkt. 967.)

Goldman's approach to document "families" as described in Dkt. 966 is acceptable to the Court given Goldman's clarification that (1) by "families" it means emails with attachments (rather than a group of related documents that otherwise were not attached in the ordinary course of business), (2) Goldman has reviewed every attachment in every family of documents to determine if it is responsive and privileged, and (3) Goldman has produced non-responsive, non-privileged attachments to any document that it has produced in whole or in part. The Court agrees that parties generally should not redact

non-responsive information from documents that are otherwise responsive and subject to production; Goldman represents that it has not made such redactions to documents that it has produced (except for certain information to which the parties have agreed or the Court has approved as subject to redaction). Here, however, the question is whether Goldman should produce documents that are entirely non-responsive. As long as the responsive documents for which Goldman asserts privilege are identified on Goldman's privilege logs, then Goldman need not produce or identify the non-responsive attachments.

Goldman's proposed format for its revised privilege log, to which Plaintiffs have not objected (other than as to excluding lone logo attachments), is acceptable to the Court. However, Goldman shall not exclude lone logo files other than those of Goldman unless otherwise agreed to by Plaintiffs, as such items potentially could be relevant to assessing Goldman's privilege claims (e.g., a logo file theoretically could provide information about a non-Goldman author that other pages in the document family may not).

Dated: February 7, 2020
New York, New York

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Copies transmitted to all counsel of record.