UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

H. CRISTINA CHEN-OSTER, SHANNA ORLICH, ALLISON GAMBA, and MARY DE LUIS, on behalf of themselves and all others similarly situated,

                       Plaintiffs,

- against -

GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,

                       Defendants.

-------------------------------------------------------------X

10 Civ. 6950 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This Order resolves the issues raised in the parties' joint status report filed on March 27, 2020 (Dkt. 984) and discussed during the teleconference held on April 2, 2020. The Court takes into account all prior proceedings, including the parties' stipulation that they will be permitted to depose any trial witness who has not been previously deposed.

      1.     Plaintiffs may, going forward, take 20 additional fact depositions concerning class and named plaintiff merits issues. It is premature to determine if Plaintiffs should be entitled to additional depositions beyond those 20. As the Court previously explained during the January 23, 2020 status conference, the Court would entertain an application for discovery of potential "boys' club" evidence from Goldman personnel if Plaintiffs came forward with evidence that those individuals had knowledge of disparate impact caused by the challenged processes and were involved in, or had the ability to influence, the adoption or modification of those processes. Plaintiffs have not yet presented any such evidence, but may still do so in the future. Such evidence may come from, for example,

depositions of other Goldman employees (among the depositions already permitted), documents de-designated from Goldman's privilege log, and other discovery. Plaintiffs are free, following appropriate meet and confer, to make a future application.

2. Goldman is not at this time entitled to a reciprocal increase in the number of fact depositions it may take. Goldman has not presented any basis indicating that affording it depositions beyond the presumptive limit is warranted. Rather, Goldman refers to the speculative possibility of third-parties it may want to depose. As with Plaintiffs, however, Goldman is free, following appropriate meet and confer, to make a future application upon a proper showing that additional depositions are warranted.

3. The discovery deadline may be extended for the reasons expressed by the parties. The parties shall meet and confer and submit a proposed revised schedule by April 16, 2020.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: April 2, 2020
New York, New York

Copies transmitted to all counsel of record.