**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

April 26, 2020

**VIA ECF**

The Honorable Analisa Torres
United States District Court
  for the Southern District of New York
500 Pearl Street,
New York, NY 10007-1312

        RE:   *Chen-Oster, et al. v. Goldman Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

      Plaintiffs respond to Goldman Sachs's April 24, 2020 letter, simultaneously (1) objecting to National Employment Lawyers Association/New York's request for leave to file an amicus brief, while also (2) requesting an additional 15 pages appended to its 20-page response to Plaintiffs' objections to address the amicus brief, to be due one week after Plaintiffs' response to Goldman's objections.  *See* ECF No. 1008.  This would, in effect, provide Goldman with an unauthorized 15-page reply to Plaintiffs' response to its objections.

      On April 23, Plaintiffs requested Goldman's consent for NELA/NY to file its proposed amicus brief, and Goldman declined.  Plaintiffs met and conferred with Goldman on April 24 and proposed an alternative arrangement for a response.  Plaintiffs proposed that (1) the parties file their respective responses to the other's objections as planned on April 30, 2020, at the page limits specified in the Court's Individual Rules; and (2) if the Court grants NELA/NY leave to file its amicus brief, then Goldman be permitted within 7 days to file a separate brief of up to 8 pages responding only to any additional arguments raised in the amicus brief.  This proposal recognizes the overlapping content of Plaintiffs' objections and the amicus brief, while also conserving judicial resources should the Court deny NELA/NY's request for leave to file an amicus brief.  However, should the Court accept Goldman's proposal, Plaintiffs respectfully request that the deadline for their response to Goldman's objections be extended from April 30 to May 7, 2020, with Plaintiffs receiving no additional pages but the parties maintaining simultaneous opposition filings, such that no party receives a reply to the other.

      Finally, Plaintiffs briefly express their disappointment in Goldman's suggestion of unfair dealing.  None of Class Counsel directed NELA/NY to file its proposed amicus brief, and Rachel Geman did not participate in amicus committee's deliberations.  NELA/NY regularly files briefs in New York federal and state courts, and all NELA entities, including the national organization of more than 4,000 attorneys and state chapter affiliates, regularly address issues important to

The Honorable Robert W. Lehrburger
April 26, 2020
Page 2

workers, including, often, arbitration. It is unsurprising then that NELA/NY has sought to file an amicus brief here, where Goldman seeks to exclude more than half of the certified class from this litigation on the basis of misleading arbitration agreements and releases, the majority of which Goldman obtained after this class action was filed. In no case, did Goldman inform a class member prior to executing a waiver of case participation that this class action was pending. Such a precedent would have significant impact on class action practice.

                                          Respectfully submitted,

Kelly M. Dermody                                          Adam T. Klein

cc: all counsel (via ECF)
1984009.1