**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

April 27, 2020

Via ECF

The Honorable Robert W. Lehrburger,
　United States District Court for the
　　Southern District of New York,
　　　500 Pearl Street,
　　　　New York, New York 10007-1312.

　　　　Re:　*Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
　　　　　　No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

　　　　On behalf of Defendants, I write to inform the Court of our concerns that Plaintiffs' co-lead counsel have engaged in unauthorized communications that are contrary to the Court's March 26, 2020 Order compelling current and former Goldman Sachs professionals to arbitration ("Order"; ECF No. 983) and its April 9, 2020 Order (ECF No. 998) staying notice to those professionals who executed Equity Award Agreements that they may "opt out of arbitration and remain in the class litigation." (Order at 83–84).

　　　　Even though the Order provides for a Court-approved notice, Plaintiffs' co-lead counsel took it upon themselves to send an unknown number of email communications purporting to notify and advise Goldman Sachs professionals who executed Equity Award Agreements of this Court's decision and why they should decide to opt out of arbitration. Plaintiffs' co-lead counsel did not advise the Court or Defendants that they planned to send these unauthorized emails. Instead, they have begun what appears to be a concerted campaign to contact those recipients and to provide their own one-sided notice outside the Court-ordered process. Had Plaintiffs' co-lead counsel been transparent, the Court could have determined, after hearing from both sides, whether these communications were proper.

　　　　Based on the email attached as Exhibit A hereto, these emails do not fairly or accurately characterize the Court's March 26, 2020 Order, including selectively quoting from the Order, or the terms and conditions of the Equity Award Agreements. The communication sent by Plaintiffs' counsel is misleading and repeatedly seeks to undermine the Court-ordered opt-out process. Plaintiffs' co-lead counsel "▮▮▮▮▮▮▮" the recipient of Exhibit A to opt out of her agreement to arbitrate and state that they will send additional emails in advance of "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (presumably without informing the Court or Defendants). The email invites the recipient "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▇▇▇▇▇" Defendants have no idea how many recipients of these emails have spoken with Plaintiffs' counsel or the substance of those communications.[1]

These unauthorized email communications cannot be squared with the Court's Order, which specifically directs that the parties communicate with Goldman Sachs professionals who executed Equity Award Agreements through a *Court-ordered* notice, following a meet-and-conferral process. (Order at 88 ("Within 21 days of this Decision and Order, the parties shall meet and confer and submit to the Court a proposed form and method of notice.").) Indeed, the Order *twice* directs the parties to "meet and confer as to the form and means of notice." (*Id.* at 85, 88.) After claiming that conferring with Defendants about the notice "would be inefficient," Plaintiffs "request[ed] that the Court stay its order that the parties meet and confer regarding the Notice" (ECF No. 997), which the Court granted on April 9, 2020. Since then, it appears that Plaintiffs' co-lead counsel have been contacting these Goldman Sachs professionals and encouraging them to opt out of arbitration. Plaintiffs' counsel's conduct directly undermines the Court-supervised notice process specified in the Order. *See* Fed. R. Civ. P. 23(d)(1)(B) (authorizing court to "issue orders" to "protect class members and fairly conduct the action," including "giving appropriate notice to some or all class members"); *Gulf Oil Co.* v. *Bernard*, 452 U.S. 89, 100 (1981) (because class actions "present . . . opportunities for abuse," "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties"); (Order at 49 ("Pursuant to Rule 23(d) a district court may impose conditions on the parties and their counsel in a class action.") (internal quotation marks omitted)).

Defendants respectfully request that the Court order Plaintiffs' counsel to disclose to the Court and Defendants all of their communications with Goldman Sachs professionals who executed Equity Award Agreements regarding opting out of their arbitration agreements, and further order that, until these professionals make an election pursuant to the Court's Order, Plaintiffs' counsel shall not communicate with them further about opting out of their arbitration agreements, except through the Court-ordered notice provided for in the Order. Once Plaintiffs' counsel advise the Court and Defendants of the nature and extent of their unauthorized and improper communications, Defendants reserve the right to ask the Court to send a curative communication that addresses the one-sided and misleading nature of Plaintiffs' counsel's communications.

---

[1] Plaintiffs' co-lead counsel sent this email on April 24, 2020 to a Goldman Sachs's Managing Director, who signed an Equity Award Agreement. After receiving the email from Plaintiffs' co-lead counsel, this Managing Director emailed a member of Goldman Sachs's Employment Legal Group ("ELG"), attaching the email from Plaintiffs' co-lead counsel, and writing: "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" The member of ELG received this email unsolicited and has not spoken to the Managing Director. Because the Order held that all of the arbitration agreements at issue are enforceable and Equity Award Agreement signatories must affirmatively "opt out of arbitration" to "remain in the class litigation" (Order at 83–84), such professionals were not and are not class members.

The Honorable Robert W. Lehrburger                                          -3-

                                                Respectfully submitted,

                                                */s/ Robert J. Giuffra, Jr.*

                                                Robert J. Giuffra, Jr.

cc:     All parties of record (by ECF)