**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 6, 2020

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

      Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
            No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, I respond to Plaintiffs' May 5, 2020 letter ("Letter"; ECF No. 1022). The issue before the Court is whether, under the Court's March 26, 2020 decision ("Order"; ECF No. 983), class counsel can front-run the Court-ordered notice process and engage in an unauthorized and one-sided campaign to try to persuade Equity Award recipients to opt out of their arbitration agreements and join the class. The answer must be no or the notice process specified in this Court's Order will be undermined.

      *First*, Plaintiffs wrongly assert that 694 Goldman Sachs professionals who signed Equity Award Agreements containing "binding arbitration provisions" that unambiguously cover "claims for discrimination under Title VII and the NYCHRL" (Order at 28, 32) nonetheless remain their "[c]lass member-clients." (Letter at 1, 3.) The Court's Order that Equity Award recipients have an "opportunity to opt out of arbitration" (Order at 83, 88) plainly means that, unless and until Equity Award recipients opt in, they are not class members but are bound by their agreements to arbitrate, which the Court found "valid" and "should be enforced." (Order at 14, 31.) Indeed, the Court specifically ruled that the "narrow remedy" in the Order "does not invalidate" the "arbitration provisions." (*Id.* at 84.)

      *Second*, even if Equity Award recipients are still deemed to be class members (which they are not), this Court has substantial discretion to limit class counsel's communications seeking to influence their decision whether to remain class members. "[U]nder Federal Rule of Civil Procedure 23(d), courts may 'limit communications to protect class members from misleading communications from the parties **or their counsel.**'" (July 24, 2018 Order at 8, ECF No. 618 (emphasis added) (quoting *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 300 F.R.D. 182, 184–85 (S.D.N.Y. June 2, 2014) (Freeman, J.)).) As Defendants explained in their April 28, 2020 letter, "the Supreme Court has expressly recognized [that] '[u]napproved communications to class members that misrepresent the status or effect of the pending action also have an obvious potential for confusion and/or adversely affecting the administration of justice.'" (ECF No. 1015 at 2

(quoting *Gulf Oil Co.* v. *Bernard*, 452 U.S. 89, 100 & n.12 (1981)).)[1] In fact, Plaintiffs' own authorities support "communications restrictions" on "class counsel's post[-]certification communications." 3 William B. Rubenstein, Newberg on Class Actions § 9:8 (5th ed. 2019).[2] The Court recognized its authority "to impose conditions limiting communications by class counsel" in its July 24, 2018 Order (at 9), which was issued after the class was certified, but before the Court-approved notice was issued. Where, as here, Defendants seek limited restrictions based on "a clear record" of Plaintiffs' improper communications, and Plaintiffs' counsel's own self-interest in keeping the class as large as possible, such restrictions by the Court are "justified by a likelihood of serious abuses" and are not "an unconstitutional prior restraint." (Order at 51–52 (quoting *Gulf Oil*, 452 U.S. at 101, 104).)

*Third*, co-lead counsel's unauthorized communications circumvent the Order, which twice directs the parties to "meet and confer and submit to the Court a proposed form and method of notice" to Equity Award recipients. (Order at 85, 88.) It appears that Plaintiffs obtained a stay of the Court-supervised notice process so that they could engage in unsupervised and one-sided communications with Equity Award recipients about the *exact same issues* that would be covered by the notice, *i.e.*, "the *decision* of continuing with class litigation or individual arbitration." (Letter at 1 (emphasis in original).) Even worse, Plaintiffs' counsel acted in disregard of direction previously given by the Court earlier in this case. Following Judge Torres's class certification decision, the Court rejected Plaintiffs' attempts to influence putative class members' decision whether to opt out of the class, holding that "the class Notice will clearly and thoroughly explain the recipients' rights," so there is no need for class members "to receive counsel's inquiries in addition to the notice," and warning Plaintiffs' counsel not to "abuse its right to communicate with class members." (July 24, 2018 Order at 8–9.) The same rationale should apply here. Tellingly, Plaintiffs ignore entirely the Court's July 24, 2018 Order and offers no explanation for why they did not ask the Court whether their counsel could engage in one-sided communications with Equity Award recipients outside of the Court-approved notice process. Plaintiffs' silence on these issues speaks volumes.

*Finally*, Plaintiffs ignore the substance of their counsel's unauthorized communications with Equity Award recipients, which, as explained in Defendants' April 28 letter, were misleading. "[B]ecause misleading communications to class members concerning the litigation pose a serious threat to the fairness of the litigation process, the adequacy of representation and the administration of justice generally," *Dodona*, 300 F.R.D. at 184 (internal

---

[1] As a result, courts in this District have limited counsel's "class-wide communications." (Defs.' Apr. 28, 2020 Ltr. at 3 n.2 (quoting (*In re Initial Public Offering Sec. Litig.*, 499 F. Supp. 2d 415, 421 (S.D.N.Y. 2007) (Scheindlin, J.)).)

[2] *See also* Manual for Complex Litigation (Fourth) § 21.33 ("The judge has ultimate control over communications among the parties, third parties, or their agents and class members on the subject matter of the litigation to ensure the integrity of the proceedings and the protection of the class. . . . [A]ttorneys may not communicate misleading or inaccurate statements to class members. . . ."); Rutter Group Practice Guides, Federal Civil Procedure Before Trial §§ 10:722–23 (Nat'l Ed. 2020) ("[r]estrictions or bans on communications with class members before or after certification . . . are permissible" if the court finds "a 'likelihood of serious abuses'") (quoting *Gulf Oil*, 452 U.S. at 101–02).

The Honorable Robert W. Lehrburger -3-

quotation marks and alterations omitted), Defendants respectfully request that the Court exercise its power to supervise communications pursuant to Rule 23(d) and extend its April 28, 2020 Order (ECF No. 1016) to bar Plaintiffs' counsel from engaging in further communication with the Equity Award recipients regarding opting out of arbitration, as well as to disclose to the Court and Defendants all such communications that they have made to date.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.

cc: All parties of record (by ECF)