# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/2020
```

May 7, 2020

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

        Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
              No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

        On behalf of Defendants, and in accordance with Rule III.G of Your Honor's Individual Practices in Civil Cases, I request that the Court (1) maintain under seal Exhibit A appended to Defendants' April 27, 2020 Letter containing Plaintiffs' communication with a Goldman Sachs professional who signed a binding and enforceable Equity Agreement (ECF No. 1011-1), and (2) permit redaction of excerpts of Defendants' April 27, 2020 Letter to the Court ("Letter"; ECF No. 1011) that quote from Exhibit A. The parties met and conferred on May 4–5, and Plaintiffs do not oppose Defendants' request.

        As a threshold matter, there is no presumed right of access to information filed in a dispute regarding management of a class action. Under Second Circuit precedent, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, only documents that are "relevant to the performance of the judicial function and useful in the judicial process" are classified as judicial documents. *Bernstein* v. *Bernstein*, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotation marks omitted).

        To the extent the presumption of access applies at all, it would be weak because Exhibit A raises only class management issues regarding co-lead counsel's communications with Goldman Sachs professionals. *See United States* v. *Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given [to] the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.").

The Honorable Robert W. Lehrburger                                                                                                -2-

Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *Id.* at 1050. Here, Exhibit A selectively quotes from the Court's March 26, 2020 Order (the "Order"; ECF No. 983), improperly accuses Goldman Sachs of "misconduct," and makes unsupported assertions about Goldman Sachs's Equity Award Agreements. Courts do not permit public disclosure of such misleading information "where court files might have become a vehicle for improper purposes." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978). Moreover, Exhibit A mischaracterizes the Order in a manner that may negatively affect the Firm's ability to recruit and retain personnel, resulting in competitive harm. *See*, *e.g.*, *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, C.J.) (permitting redaction of sensitive business information, which, if revealed, "'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'") (quoting *Encyclopedia Brown Prods., Ltd.* v. *Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (Leisure, J.)).

Should the Court decide that Exhibit A may not remain sealed in its entirety, Defendants respectfully request that the Court permit the redaction of the name and personally identifying information of the Goldman Sachs professional in Exhibit A, including her personal email address. This request is consistent with Rule III.G of Your Honor's Individual Practices and this District's ECF Privacy Policy requiring redaction of "personal identifiers." Courts in this district routinely permit similar redactions. *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) ("privacy interests . . . warrant redactions to protect [individuals'] identities"); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (Marrero, J.) (permitting redaction of "sensitive personal information of current and former employees of the parties and the affected third-parties, including home addresses, biographical information, telephone numbers and compensation").

Redaction of personally identifying information is also consistent with the Class Notice sent to class members, explaining that "[c]ounsel for Goldman Sachs will not share the names of who stays in or opts-out of the Class with anyone outside the Legal department who does not have a legitimate need to know in order to effectuate an order from the Court in this lawsuit." (Class Notice at 5, ECF No. 716-13.) Indeed, the Court has regularly permitted the parties to redact individual Goldman Sachs professionals' names in public filings. (*See* ECF Nos. 681, 747, 770, 890, 933, 947, 955.)

For the foregoing reasons, Defendants respectfully ask the Court to (1) maintain Exhibit A under seal, and (2) permit redaction of excerpts of Exhibit A referenced in Defendants' Letter, or, in the alternative, to permit redaction of all personally identifying information of the Goldman Sachs professional in Exhibit A.

The Honorable Robert W. Lehrburger -3-

                                            Respectfully,

                                            */s/ Ann-Elizabeth Ostrager*

                                            Ann-Elizabeth Ostrager
                                            of Sullivan & Cromwell LLP

cc:     All parties of record (by ECF)

Denied except that the individual's name and personal identifying information may remain sealed.

SO ORDERED:

5/8/2020

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE