```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H. CHRISTINA CHEN-OSTER, et al.,                             :
                                                             :         10 Civ. 06950 (AT) (RWL)
                          Plaintiffs,                        :
                                                             :         ORDER
              - against -                                    :
                                                             :
GOLDMAN, SACHS & CO., et al.,                                :
                                                             :
                          Defendants.                        :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This Order addresses class counsel's communications with certain class members. Following correspondence from the parties on the subject, the Court heard argument on this issue by teleconference on May 6, 2020.

## Background

On March 26, 2020, this Court issued a comprehensive decision and order regarding Goldman's motion to compel arbitration and Plaintiffs' cross-motion to void arbitration provisions under Fed. R. Civ. P. 23(d) (the "Arbitration Order"). (Dkt. 983.) The Arbitration Order granted Goldman's motion and denied Plaintiff's cross-motion with respect to Goldman employees who had entered into three types of agreements containing mandatory arbitration clauses. With respect to a fourth group – employees who entered into equity agreements (the "Equity Agreement Employees") – the Court held that the arbitration provisions were enforceable as a matter of contract law but that pursuant to Rule 23(d), the Equity Agreement Employees shall have the opportunity to opt out of arbitration due to the manner in which agreement to the equity agreement's arbitration provisions was obtained.

The Arbitration Order directed the parties to meet and confer about the content of a notice to issue to the Equity Agreement Employees advising them of their rights with respect to opting out of arbitration. The purpose of proceeding in this fashion was to ensure a non-misleading description and a fair procedure for the Equity Agreement Employees to opt out of arbitration. At Plaintiff's request, the Court stayed the parties' meet and confer obligation until the Hon. Analisa Torres, U.S.D.J., rules on the parties' respective objections to the Arbitration Order. (Dkt. 998.)

On April 27, 2020, Goldman brought to the Court's attention an April 24, 2020 email sent by class counsel to an Equity Agreement Employee currently employed by Goldman (the "Email"). (Dkt. 1011 at Ex. A.) Class counsel acknowledges that they sent the same communication to all other Equity Agreement Employees. (Dkt. 1014.) The Email addressed the Arbitration Order and encouraged recipients to opt out of arbitration. The Email also made several statements that Goldman contends are false or misleading, including statements about potential remedies, Goldman's actions, and the Arbitration Order.

Following the parties' initial correspondence on the issue, the Court issued an order to schedule a conference to discuss the matter. (Dkt. 1016.) That order directed both plaintiff and defense counsel not to initiate further communications with the Equity Agreement Employees about the Arbitration Order pending the conference. At the conference, class counsel represented that they have issued no group communication about the Arbitration Order other than the Email.

2

**Discussion**

The instant dispute concerns the propriety of class counsel communications with class members after class certification, as well as the Court's discretionary power and obligation to supervise class actions, including communications, pursuant to Rule 23(d). There is a notable irony here. Plaintiffs moved under Rule 23(d) to invalidate arbitration provisions as being improper communications from Defendants to class members, and now Plaintiffs have proceeded in a way that puts them in the crosshairs of Rule 23(d).

The Court extensively discussed Rule 23(d) in the Arbitration Order and will not repeat that discussion here. Suffice to say that Rule 23(d) gives the Court discretion to manage class action communications between counsel and putative or actual class members, subject to limitations on prior restraints and the prerequisites of a "clear record" demonstrating likelihood of abuse and "specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

The Court's Arbitration Order set forth a procedure that the parties were to follow for providing notice to Equity Agreement Employees about the Arbitration Order and their right to opt out of the arbitration or remain in the class action. The Email undermined that process, all the more so coming in the wake of class counsel's request to stay the Court-supervised notice procedure.[1] Had class counsel wanted to communicate to the Equity Agreement Employees about the matter prior to issuance of the Court-approved notice,

---

[1] To be clear, class counsel did not violate the express terms of the Arbitration Order or any other order.

3

the proper course, from the Court's perspective, would have been for class counsel to first raise the issue with the Court.

This is not the first time that class notice issues have arisen in this case. Following class certification in 2018, this Court resolved the parties' disputes about the notice to be issued apprising class members of their right to opt out of the class. (Dkt. 618.) One issue concerned whether Plaintiffs should at that time be permitted to receive class member contact information. The Court resolved the issue in favor of Plaintiffs and rejected Goldman's suggestion that class counsel would improperly communicate with class members: "As for the potential for undue influence over class members who may be considering opting out, the Court is not prepared to assume that Plaintiffs' counsel will abuse its right to communicate with class members and expects that Plaintiff's counsel will conduct themselves appropriately if and when they do so." (*Id.* at 9.)

That expectation applies no less now than it did then. The Equity Agreement Employees' choice to opt out of arbitration or remain in the class is similar in kind to their earlier choice of whether to opt out of the class. Both are decisions about whether to participate in the class action. Similar concerns for undue influence, fairness, and propriety of communications apply to both.[2]

---

[2] The parties disagree about whether the Equity Agreement Employees remain in the class or, as Goldman argues, are in a "gray area." The Court's Arbitration Order did not remove the Equity Agreement Employees from the class. If Equity Agreement Employees opt out of arbitration, they will remain in the class. If they do not opt out of arbitration, they will be removed from the class at that juncture. As explained above, however, even though they remain in the class for the time being, the Equity Agreement Employees are currently in a position to make a choice about their participation that raises similar concerns as when class members were earlier faced with the question of whether to opt out of the class.

The question then is whether a remedy is warranted with respect to the Email and class counsel's communications going forward.  As noted, Goldman asserts that the Email contained misleading and incorrect statements – thus demonstrating actual, not merely likely, abuse.  The parties have not briefed, and the Court has not made any determination about, the truth or misleading aspects of the Email one way or the other.  But to the extent that Defendant's assertion is accurate, an appropriately narrow remedy would be to issue a corrective notice.  As stated during the teleconference, however, Goldman eschewed that remedy because of Goldman's concern that reminding Equity Agreement Employees of the Email would only make things worse.

Goldman instead urges the Court to require that any class counsel communications with Equity Agreement Employees concerning the arbitration issue be submitted for comment by Goldman and approval by the Court.  Goldman also proposes that a script be prepared dictating what class counsel may say in response to inquiries from Equity Agreement Employees.

The Court does not believe such strong medicine is required.  Importantly, Equity Agreement Employees are entitled to legal counsel, albeit free from misleading information, about their choice between remaining obligated to arbitrate or opting out of arbitration to remain in the class action.  In the Arbitration Order, the Court observed that the class members are well-educated, experienced professionals not easily duped, a point that Goldman repeatedly emphasized in support of its motion to compel arbitration.  The same can be said of those same Equity Agreement Employees here in regard to receiving legal advice from class counsel and making an informed decision about how they wish to proceed.

5

The Court finds that scripting or requiring pre-clearance review of class counsel's communications with Equity Agreement Employees about arbitration is not warranted at this time. In the event, however, that the Court comes to learn that any of Plaintiffs' other communications (whether past or future) to Equity Agreement Employees (or, for that matter, any class members) contain misleading or incorrect statements, the Court will not hesitate to take appropriate action.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:     May 8, 2020
           New York, New York

Copies transmitted to all counsel of record.