# Lieff Cabraser Heimann& Bernstein

Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

July 6, 2020

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA ECF**

The Hon. Robert W. Lehrburger
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE:   *Chen-Oster, et al. v. Goldman, Sachs & Co., et al.*
No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Lehrburger:

Pursuant to Local Rule 37.2, Plaintiffs write to request a pre-motion conference to resolve an outstanding discovery dispute. Specifically, Plaintiffs challenge Goldman's unsupported assertion of attorney-client privilege to withhold all final Americas Diversity Committee ("ADC") White Papers (hereinafter "ADC White Papers"), as well as at least 220 related documents and communications that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ [1] [2] Defs.' May 8, 2020 Revised Privilege Log. While Goldman produced a final White Paper from 2014,[3] Ex. 1, GS1005786, after Plaintiffs challenged its clear business purpose, Goldman now seeks to claw it back. Goldman, however, has failed to meet its burden to establish that the "predominant purpose" of these communications was to provide legal, rather than business, advice. *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 37 (E.D.N.Y. 2013); *see also In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224 (2d Cir. 1984) ("[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship.").[4] Plaintiffs respectfully request that the

---

[1] On May 18, 2020, the parties began the meet-and-confer process over Goldman's revised privilege log via telephonic conference, where they agreed to continue to correspond over the privilege log issues. This conference was followed by multiple letters (dated May 19, 21, and 29, and June 4, 8, 15, 22, 26, and 29) addressing several issues concerning the revised logs, including Goldman's assertion of privilege over the White Papers. The parties were nonetheless unable to resolve the White Papers dispute.

[2] Goldman produced 42 documents redacted on the same basis, redacting almost all references to the ADC White Paper findings.

[3] Goldman withheld at least ▓▓▓▓▓▓▓▓▓▓▓▓

[4] "Any ambiguities as to whether the essential elements have been met are construed against" Goldman, the party asserting the privilege. *Koumoulis*, 295 F.R.D. at 38; *see also Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, No. 01 CIV. 8854 LTS/THK, 2006 WL 1004472, at *6 (S.D.N.Y. Apr. 18, 2006) ("Where there are several possible interpretations of a document based upon the surrounding circumstances, the party asserting the privilege must produce evidence sufficient to satisfy a court that legal, not business, advice is being sought.").

The Hon. Robert W. Lehrburger
July 6, 2020
Page 2

Court deny Goldman's claw back request, and order Goldman to produce all White Papers and related documents, or initiate an *in camera* review of same.

   The 2014 White Paper and other documents confirm that, as Plaintiffs have previously asserted,[5] the ADC did not prepare the White Papers to ███████████ Defs.' Jan. 3, 2020 Letter, at 4, ECF No. 925. The ADC was established ███████ Ex.2, GS0229696, at 711; *see also* Ex. 3, GS0525878 at 83; Ex. 4, GS0145012, at 61. Its mission included ███ and ███████ Ex. 5, GS0148040; *see also* Ex. 6, GS0190633, at 36. ██████████████ Ex. 1, GS1005786, at 88. Accordingly ████ the report specifically states, ███████████ Ex. 1, GS1005786, at 88; *see also* Ex. 7, GS1005783. The White Paper ██████████████ Ex. 1, GS1005786, at 88. It ███████ *Id.*

   The evidence shows that the primary purpose of the White Papers is promoting the firm's diversity objectives, a business goal. As the White Paper states, ██████████ Ex. 1, GS1005786, at 89. This is consistent with the ADC's mission ████████ Ex. 5, GS0148040. *See also Hardy v. New York News, Inc.*, 114 F.R.D. 633, 644 (S.D.N.Y. 1987) (denying assertion of attorney-privilege over workforce analyses, comparative labor pool statistics, analyses of potential job opportunities for minorities, and draft Affirmative Action Plans, which had a business/managerial purpose); *Haugh v. Schroder Inv. Mgmt.*, No. 02 Civ.7955 DLC, 2003 WL 21998674, at *3 (S.D.N.Y. Aug. 25, 2003) (coordination of a media campaign is not legal advice). It is not enough for Goldman to suggest that the White Papers included "factual information that might become relevant to the future rendering of legal advice." *Weinstein v. Univ. of Connecticut*, No. 3:11CV1906 WWE, 2013 WL 2244310, at *6 (D. Conn. May 21, 2013).

   Despite Goldman's attempts to disguise the White Papers as predominantly legal advice, the only support that Goldman has so far been able to produce is ███████████████████████ Ex. 1, GS1005786 at 88. But a pro forma statement

---

[5] *See* Pls.' Jan. 10, 2020 Letter, ECF No. 927, for a discussion on Goldman's similar misrepresentation of the record evidence to support its assertion of privilege over Diversity Task Force documents.

The Hon. Robert W. Lehrburger
July 6, 2020
Page 3

that a document was prepared to enable legal advice does not suffice to support a claim of privilege. *Koumoulis*, 295 F.R.D. at 38 ("The attorney-client privilege is not available merely by stamping a document that was prepared by an attorney, which contains solely business advice, 'PRIVILEGED AND CONFIDENTIAL' or 'Advice of Counsel.'"). Indeed, Goldman's burden to establish the elements of the privilege is "not discharged by mere conclusory or ipse dixit assertions." *In re Grand Jury Subpoena*, 750 F.2d at 225 (quotation marks omitted).

Even if this were sufficient to establish that the White Papers contain legal advice, at best, any legal advice was "incidental to business advice," and therefore not privileged. *Durham Indus., Inc. v. N. River Ins. Co.*, No. 79 CIV. 1705 (RWS), 1980 WL 112701, at *3 (S.D.N.Y. Nov. 21, 1980); *see also Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011) (Where a communication includes "both business and legal [considerations], the business aspects of the [communication] are not protected simply because legal considerations are involved."). Nor do the White Papers become privileged through in-house counsel's involvement, given that they "contain[] merely business-related or technical" information. *In re Rivastigmine Patent Litig.*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006). On the contrary, because courts recognize that in-house counsel "may serve both legal and business functions," *Koumoulis*, 295 F.R.D. at 38, communications between corporate employees and in-house counsel are "scrutinized carefully" to determine the predominant purpose of the communication. *Pearlstein v. BlackBerry Ltd.*, No. 13-CV-07060 (CM)(KHP), 2019 WL 1259382, at *4 (S.D.N.Y. Mar. 19, 2019). Given the abundance of evidence suggesting that the ADC developed the White Papers to promote diversity objectives (and Goldman's limited evidence to the contrary), the ADC White Papers cannot survive such scrutiny.

Goldman misconstrues the Court's prior guidance on the White Papers to support its assertion of privilege, arguing that because the Court noted that "the White Papers … appear to be predominantly legal in nature," Jan. 27, 2020 Order, at 1, ECF No. 950, Plaintiffs' argument contradicts the Court's findings. But the Court rejected a wholesale approach to privilege over the White Papers, instead holding that "notwithstanding Goldman attorney supervision or participation in [the White Papers], not every document related to them is likely to be subject to the attorney-client privilege." *Id.* Moreover, while the Court likely relied on Goldman's representations about the legal purpose of the White Papers, this is now squarely contradicted by a fuller view of the record. Thus, the evidence suggests that, much like the Diversity Task Forces, the White Papers instead "appear[] to have been established for primarily a business purpose." *Id.* The requested relief should be granted.

Very truly yours,

Kelly M. Dermody
Lieff Cabraser Heimann & Bernstein, LLP

Adam T. Klein
Outten & Golden, LLP

cc:     All counsel (via ECF)