**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

July 14, 2020

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA ECF**

The Hon. Robert W. Lehrburger
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

       RE:   *Chen-Oster, et al. v. Goldman, Sachs & Co., et al.*
               No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Lehrburger:

       Plaintiffs write in response to Goldman's July 9, 2020 Letter (ECF No. 1038) opposing Plaintiffs' request for a pre-motion conference (ECF No. 1037). Goldman improperly attempts to apply the Court's guidance on a different document from a prior *in camera* submission to assert a sweeping privilege over at least ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. 1, GS1005786, at -89. The Court should reject that overbroad argument.

       Goldman again misconstrues the Court's past Orders on privilege. While the Court made specific findings about Goldman's assertion of attorney-client privilege over certain documents (Dec. 19, 2020 Order, at 1, ECF No. 913), the Court has not ruled on the status of any documents concerning White Papers—including the non-final 2014 White Paper it reviewed *in camera*. Rather, after reviewing the one draft White Paper and considering Goldman's representations about the purpose and content of final White Papers,[1] the Court found that "[t]he extent to which documents related to these groups qualify for protection by the attorney-client privilege cannot be determined on a wholesale basis." Jan. 27, 2020 Order, at 1, ECF No. 950. Yet, Goldman has withheld in their entirety more than ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ listed on its May 8, 2020 revised log ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and heavily redacted the rest of the documents, while failing to provide anything more than conclusory assertions of privilege for this "wholesale" withholding.

---

[1] Indeed, prior to Goldman's recent production of the final 2014 White Papers, neither this Court nor Plaintiffs had reviewed any final White Papers.

San Francisco      New York      Nashville      Munich      www.lieffcabraser.com

The Hon. Robert W. Lehrburger
July 14, 2020
Page 2

       The Court's ruling does not permit corporate diversity committees to get blanket protections merely because their work *may* provide an incidental benefit to compliance.[2] Indeed, the lists of Americas Diversity Committee members that have been produced show that the committee members are generally businesspeople, not lawyers. *See, e.g.*, Ex. 2, GS0560435, at -56 (listing 2014 committee members). In other words, the work of the committee is not directed by lawyers for legal purposes, but by businesspeople for business purposes. The blanket ruling Goldman seeks would not only be contrary to the black letter law on privilege, but also would be extraordinarily prejudicial to Plaintiffs' showing of intentional discrimination and their access to corporate deponents here. These withheld documents should be produced. In the alternative, at minimum given the significance of this evidence, rather than allowing Goldman to withhold all final White Papers and hundreds of related documents, the Court should order an *in camera* review.[3]

                                      Respectfully submitted,

Kelly M. Dermody                                  Adam T. Klein
Lieff Cabraser Heimann & Bernstein, LLP        Outten & Golden, LLP

cc:     All counsel (via ECF)

2008574.3

---

[2] *See* Pls.' July 10, 2020 Ltr. at 3, ECF No. 1037. *See also Ovesen v. Mitsubishi Heavy Indus. of Am. Inc.*, No. 04 CIV 2849(JGK)(FM), 2009 WL 195853, at *3 (S.D.N.Y. Jan. 23, 2009) (holding that memoranda concerning safety review committee were not privileged, even though they made "fleeting references to 'product liability exposure' as one of several potential committee topics").

[3] *See Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 171 (S.D.N.Y. 2017) ("The distinction between whether the communications in fact concern legal, rather than policy, advice is one that often turns on the specifics of an individual document.... For this reason, courts often require *in camera* review before rendering a decision on whether the attorney-client privilege is properly invoked.").