# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

October 13, 2020

Via ECF

The Honorable Robert W. Lehrburger,
 United States District Court for the Southern District of New York,
  500 Pearl Street,
   New York, New York 10007-1312.

   Re: *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
    No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of Defendants and non-parties Lloyd Blankfein, Gary Cohn and David Solomon, I respond to Plaintiffs' four-page sur-reply ("Sur-Reply"; ECF No. 1085) opposing Defendants' request for a protective order barring Plaintiffs from taking improper "apex" depositions ("Defs.' Ltr."; ECF No. 1080).

*First*, Plaintiffs ignore that the legal standard for apex depositions *in this* District requires Plaintiffs to show that each senior executive has unique, personal knowledge of information not obtainable from a less burdensome source. (Defs.' Ltr. at 2–3 (collecting cases).). Instead, Plaintiff rely on out-of-circuit authority that directly contradicts the Southern District rule. (*See* Sur-Reply at 1.) Plaintiffs' headline case, *Serrano* v. *Cintas Corp.*, rejects this District's apex doctrine, holding that a corporation's most senior executives can be deposed just based on a showing that they have "probative" evidence, with no requirement that this evidence be unique. 699 F.3d 884, 902 (6th Cir. 2012). No court in this Circuit has adopted the Sixth Circuit's rule or even cited *Serrano* on apex depositions. Plaintiffs also make much of the statement in *Serrano* that a showing of individualized "harm" is required (Sur-Reply at 1), but the Sixth Circuit held that an executive's assertion that the primary purpose of the deposition "would be to harass and annoy" is sufficient. 699 F.3d at 902 (internal quotation marks omitted).[1]

*Second*, there is no evidence—only Plaintiffs' speculation—that Messrs. Blankfein, Cohn or Solomon "knew that discrimination was occurring" in connection with the three challenged practices (Sur-Reply at 1), and such speculation does not support deposing Goldman

---

[1] Plaintiffs' other authority, an unreported decision from the Sixth Circuit and issued over a stinging dissent, does not mention the apex doctrine and instead authorizes a CEO's deposition if the testimony—contrary to this District's apex deposition rule—is "reasonably calculated to lead to the discovery of admissible evidence," *Conti* v. *Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 904 (6th Cir. 2009) (quotation and citation omitted). In any event, the facts in *Conti* differ starkly from those here; in that individual discrimination and retaliation action, the CEO hired and interacted regularly with the plaintiff "and likely was aware of [plaintiff's] decision to testify against the company's interests" before being personally involved in or at least aware of her demotion. *Id.*

The Honorable Robert W. Lehrburger                                                                                    -2-

Sachs's three most senior current and former executives.  Whether or not a Western District of Washington case from 15 years ago provides the standard for proving disparate treatment in this case (*see id.* (quoting *Williams* v. *Boeing Co.*, 225 F.R.D. 626, 636 (W.D. Wash. 2005))), *Boeing* concerns only class certification and says nothing about when a company's most senior executives can be deposed during merits discovery.

*Third*, the deposition testimony of Goldman Sachs's former head of Human Capital Management and former Chief Diversity Officers does not support the proposed apex depositions. Those witnesses all testified that they did *not* recall discussing supposed gender differences on performance assessments with Messrs. Blankfein, Cohn or Solomon (Sur-Reply at 2–3; Defs.' Ltr. at 2; Defs.' Reply at 2–3, ECF No. 1083), which supports the inference that those conversations did not occur.  Indeed, as detailed in Appendix A hereto, the testimony cited by Plaintiffs confirms that Goldman Sachs's senior executives do *not* have any unique knowledge about relevant issues. And any generalized "involve[ment] in monitoring diversity" (Sur-Reply at 3) is not the issue in this case, as opposed to the allegedly discriminatory application of Goldman Sachs's 360 review, manager quartiling and cross-ruffing processes.

                                              Respectfully submitted,

                                              */s/ Robert J. Giuffra, Jr.*

                                              Robert J. Giuffra, Jr.
                                              Sullivan & Cromwell LLP

cc:       All parties of record (by ECF)