# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

October 16, 2020

<u>Via ECF</u>

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007-1312.

          Re:    *Chen-Oster, et al*. v. *Goldman, Sachs & Co., et ano*.,
                 <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Lehrburger:

        On behalf of Defendants, and in accordance with Rule III.G of Your Honor's Individual Practices in Civil Cases, I request that the Court (1) maintain under seal Exhibit 6 (ECF No. 1081-6), a confidential regulatory report the Firm submitted to the Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP"), to Plaintiffs' October 6, 2020 letter in response to Defendants' letter-motion for a protective order barring certain apex depositions ("Letter"; ECF No. 1081); (2) permit redaction of individual employee telephone numbers in Exhibit 8 to the Letter (ECF No. 1081-8); and (3) permit redaction of certain highly sensitive deposition testimony in Exhibit B (ECF No. 1083-2) to Defendants' reply letter in support of their protective order application ("Reply"; ECF No. 1083).  The parties conferred on October 13 and 16, 2020, and Plaintiffs did not agree to join Defendants' request.

        As a threshold matter, this Court and Judge Torres have already held that the regulatory report appended as Exhibit 6 to the Letter should remain sealed.  (ECF Nos. 947, 1078.)  This Court has also consistently approved redactions of personally identifying information, including telephone numbers.  (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933; *see also* July 30, 2020 Conf. Tr. at 19:23–20:11.)  Defendants request that the Court continue to permit such redaction and sealing.

        In any event, there is no presumed right of access to information filed in connection with discovery disputes.  The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'"  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process,'" *id.*, such as "pleadings in civil litigation []other than discovery motions and accompanying exhibits."  *Bernstein* v.

The Honorable Robert W. Lehrburger                                                                                            -2-

*Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see also Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"); *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Here, the documents and information at issue were filed in connection with a discovery dispute regarding apex depositions, and so they are not judicial documents entitled to a presumption of public access.

To the extent the presumption of access applies at all, it would be weak because the parties' dispute over apex depositions has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents' role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom*. *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* (internal quotation marks and alterations omitted); *see also In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (privacy interests "should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted").

*First*, Goldman Sachs's confidential report to the OFCCP should remain sealed. Under Second Circuit precedent, "in applying the balancing test," the Court "should give added weight" to the risk that "requiring disclosure will have a potential chilling effect" on desirable behaviors. *In re N.Y. Times*, 828 F.2d at 114. Exhibit 6 to the Letter is a confidential regulatory report regarding Goldman Sachs's Affirmative Action Program for Minorities and Women that the Firm submitted to the OFCCP, as required by Executive Order 11246. It contains confidential information protected by 18 U.S.C. § 1905 (criminalizing the unauthorized disclosure by government employees of certain confidential information) and exempt from disclosure under the Freedom of Information Act, 5 U.S.C. § 552(b). Disclosure of regulatory reports that Congress intended to keep confidential—including confidential reports by employers to the OFCCP—risks chilling future regulatory communications. *See United States* v. *Nixon*, 418 U.S. 683, 705 (1974) ("[T]hose who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process."); *Chrysler Corp.* v. *Brown*, 441 U.S. 281, 285 (1979) (holding that disclosure under OFCCP regulations is not "authorized by law" under 18 U.S.C. § 1905). Moreover, when Goldman Sachs submitted this report to the OFCCP, it stamped every page "Confidential & Proprietary Information" and included a "Confidentiality" section requesting confidential treatment under those provisions and the Freedom of Information Act and applicable regulations, 41 C.F.R. §§ 60-40.1 to 60-40.8. Where, as here,

The Honorable Robert W. Lehrburger                                                                                                -3-

"submissions to regulatory agencies that are not publicly available" have been produced in discovery, courts "find[] that these documents should remain under seal." *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 2017 WL 4399198, at *3 (N.D. Fla. Sept. 29, 2017). To hold otherwise "would have a chilling effect" on employers' "obligation to conduct frank, open, and honest conversations" with their regulators. *Id*.

*Second*, the employee telephone numbers in Exhibit 8 to the Letter are exactly the kind of personally identifying information courts in this District routinely permit to be redacted. *See Mark* v. *Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (Nathan, J.) (granting request to redact telephone numbers because the "privacy interests in individuals' personal information" outweigh the "presumption of access"); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (Marrero, J.) (permitting redaction of "sensitive personal information of current and former employees," including "telephone numbers").

*Third*, certain excerpts from the deposition testimony at issue should remain redacted. The redacted testimony consists of unfounded allegations of misconduct against an individual former Goldman Sachs employee, which are highly inflammatory and raise significant privacy concerns. *See United States* v. *Silver*, 2016 WL 1572993, at *6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (third parties "have an interest in maintaining the privacy of their alleged sexual relationships, which can constitute embarrassing conduct and . . . are undoubtedly a sensitive subject") (internal quotation marks omitted). Indeed, even if they were not baseless, such "boy's club" allegations are wholly irrelevant to this action and will be excluded from any Phase One trial. (Class Cert. Order at 47, ECF No. 578 (denying certification of "boy's club" claim); Nov. 25, 2019 Order ¶ 8, ECF No. 888 ("Phase 1 will not include . . . any 'boys' club' claims or anecdotes (rather, the only permissible anecdotes will be those related specifically to application of the three processes).").) Accordingly, courts in this Circuit routinely permit such unsubstantiated, sensationalist accusations to remain sealed or redacted. *See Amodeo*, 71 F.3d at 1051 (approving sealing where "[p]ortions of the Report are hearsay" and "there is a strong possibility that the report will contain material which is untrustworthy or simply incorrect") (internal quotation marks and alteration omitted); *see also In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) (Aaron, J.) ("[D]ocuments [that] contain false details . . . fall into the category of documents worth protecting [from public disclosure], namely 'records used to gratify spite or promote scandal and files that might serve as reservoirs of libelous statements for press consumption.'") (citing *Amodeo*, 44 F.3d at 146).

For the foregoing reasons, Defendants respectfully ask the Court to maintain Exhibit 6 to the Letter under seal, permit redaction of the telephone numbers contained in Exhibit 8 to the Letter, and permit redaction of certain testimony in Exhibit B to the Reply.

The Honorable Robert W. Lehrburger -4-

          Respectfully,

          */s/ Ann-Elizabeth Ostrager*

          Ann-Elizabeth Ostrager
          of Sullivan & Cromwell LLP

cc: All parties of record (by ECF)