September 28, 2020

**VIA ECF**

The Hon. Robert W. Lehrburger
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

     RE: *Chen-Oster, et al. v. Goldman, Sachs & Co., et al.*
        No. 10 Civ. 6950 (AT) (JCF)

Dear Judge Lehrburger:

  Pursuant to Local Rule 37.2 and the Court's January 23, 2020 Order, Plaintiffs submit this pre-motion letter regarding Plaintiffs' proposed motion to compel production of documents from senior leaders under *Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2nd Cir. 2019).  The parties met and conferred and have been unable to reach agreement.  This request is time sensitive as the parties are currently scheduling depositions of some of the leaders included in this application, and Plaintiffs wish to have the benefit of the documents sought herein, if so ordered by the Court, before taking those depositions.  Goldman opposes that request.  Therefore, Plaintiffs respectfully request that the Court set a conference for as soon as possible after Goldman's response deadline.

               Very truly yours,

| | |
|---|---|
| Kelly M. Dermody | Adam T. Klein |
| Lieff Cabraser Heimann & Bernstein, LLP | Outten & Golden, LLP |

cc:  All counsel (via ECF)

The Hon. Robert W. Lehrburger
September 28, 2020
Page 1

I. **Background**

The Court's November 25, 2019 Trial Plan Order provided that, "Phase I will not include . . . any 'boys' club' claims or anecdotes (rather, the only permissible anecdotes will be those related specifically to application of the three processes)." ECF No. 888. On the basis of this Order, Goldman has withheld documents that hit on the parties' search terms, but which Goldman contends are not relevant because they are "boy's club" evidence. Plaintiffs filed a motion for reconsideration of the Trial Plan Order in light of the Second Circuit's decision in *Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2nd Cir. 2019), which held that a CFO's general remarks about women were probative of pay discrimination, even though not explicitly related to pay. ECF No. 901. In that motion, Plaintiffs sought an order compelling Goldman to produce the relevant, withheld evidence. Your Honor held a hearing on Plaintiffs' motion on January 23, 2020 and asked, "whether there is a discrete group of persons that could be identified as ones who are responsible for considering these [performance and promotion] processes and changes in them and approvals . . . and they are provided information about the - what the stats are basically and there's a discussion of the processes and what should be done about them, if anything." Ex. 1 at 63:8-17 (Jan. 23, 2020 Hr'g Tr.). If so, Your Honor explained that "boys' club" discovery from those individuals would be relevant. *Id.* at 63:12-17 ("I would think it would be relevant if those particular people have an animus towards women.").[1] Finding that, "right now we don't know if there are such persons," *id.* at 69: 20-21, Your Honor denied the motion without prejudice to Plaintiffs submitting a future application with additional evidence. *Id.* at 70.

Goldman has since produced thousands of documents previously withheld as privileged. *See* ECF 984 at 7-8. Plaintiffs also recently deposed witnesses whose job duties included compiling statistics on gender-based outcomes in the performance and promotion processes and sharing that information with the firm's leadership. Plaintiffs can now show that the Management Committee ("MC") is the discrete group of persons responsible for considering the firm's performance evaluation and promotion processes, and specifically how women fare in those processes, and proposed changes thereto. In accordance with the Court's direction, Plaintiffs have carefully tailored their request to seek documents from just 15 of a total of 74 unique individuals who served as members of Goldman Sachs's MC during the class period.[2] The 15 individuals are MC members who held the role of Chairman or Vice Chairman, and those who were members of the Diversity Task Forces, Firmwide or Americas Diversity Committees, or the Global Diversity Working Group.

II. **Role of the Management Committee**

"The Management Committee oversees our global activities. … This committee consists of

---

[1] *See also* Ex. 1 at 64:19-24 ("Let's say there are a group of four people who are the main people responsible in a corporation for developing this process, implementing it. They are aware that there is a discriminatory impact and it turns out that three out of the four really just are misogynists and I would think that would be relevant."); 68:4-12 ("I explained what the relevance is, potentially. If there are people who are responsible for implementing the processes, and they discuss these processes, and they're responsible for approving them, and they have . . . and they harbor an animus towards women that is evidenced in whatever. They're the ones pulling the strings. So, isn't it relevant?").
[2] The MC comprised between 19 and 37 people each year and over 74 unique individuals during the relevant time period. Exhibit 2 is a full list of the MC membership for each year of the relevant time period.

The Hon. Robert W. Lehrburger
September 28, 2020
Page 2

our most senior leaders, and is chaired by our chief executive officer."[3]  The MC meets weekly, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  The evidence below shows that over the relevant time period, the MC was consistently briefed on how women fared in performance reviews and promotions, and consulted on proposed changes to those processes.  These were the people "responsible for implementing the processes," who "discuss these processes," and who are "responsible for approving them[.]"  Ex. 1 at 68:4-12 (Jan. 23, 2020 Hr'g Tr.).

**Role in Overall Diversity Strategy:** All of Goldman's diversity-related efforts are overseen by the MC. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Role in Performance Reviews**: The MC monitored gender equity in the performance review process over the class period.[10]  Of particular note, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Role in Promotions**: The MC implements the promotions process. ▓▓▓▓▓▓▓▓

---

[3] 2018 Annual Report at p. 78, available at https://www.goldmansachs.com/investor-relations/financials/current/annual-reports/2018-annual-report/annual-report-2018.pdf (last visited Oct. 28, 2020).
[4] Ex. 3 (Boyle Tr.) at 81:23-82:4.
[5] Ex. 4 (GS0187636) at –52, -54; see also Ex. 5 (GS0249588) at -621; Ex. 6 (Hunt Tr.) at 56:2-57:23.
[6] Ex. 4 (GS0187636) at -54; see also Ex. 5 (GS0249588) at -624.
[7] Ex. 7 (GS1026240) at -45.
[8] Ex. 8 (GS0882449) at -49.011.
[9] Ex. 9 (GS0574442) at -48; see also Ex. 10 (GS0480122) at -22.
[10] See, e.g., Ex. 32 (GS0969915) at -43-45 & Ex. 6 (Hunt Tr.) at 55:17-22; Ex. 21 (GS0227078); Ex. 22 (GS0246067).
[11] Ex. 12 (GS0918243) at -56-57 & -73.
[12] Id.; Ex. 13 (GS0888961) at -71; Ex. 14 (GS0954029) at -173.018; Ex. 15 (GS0973881) at -81.
[13] Ex. 16 (GS0685472) at -72; Ex. 17 (GS0616392) at -92; Ex. 18 (GS0910007) at -09-10; Ex. 19 (GS0684228) at -31; Ex. 20 (GS0614981) at -81.

The Hon. Robert W. Lehrburger
September 28, 2020
Page 3



Finally, as the Court is already familiar, the Diversity Task Forces, Firmwide & Americas Diversity Committees, and the Global Diversity Working Group also closely scrutinized the challenged processes for adverse impact against women and proposed changes thereto.[18] By virtue of their participation on these committees, in addition to their role on the MC, these witnesses meet the Court's standard under *Systemax*.

### III. Role of Specific Witnesses who Implemented Processes[19]

In alphabetical order, the 15 witnesses are: **Lloyd Blankfein** (MC member 2002-2018, Vice Chair, 2002; Chairman 2006-2018; 2001 Diversity Task Force Chair; Firmwide Diversity Committee member 2003- at least 2009[20] & Co-Chair 2006; not a custodian); **Gary Cohn** (MC member 2002-2016; Firmwide Diversity Committee member 2005-2006, 2008-at least 2009); **J. Michael Evans** (MC member 2002-2012, Vice Chairman 2006, 2008-2012; Firmwide Diversity Committee member 2004-2006, 2008- at least 2009; not a custodian); **Edward Forst** (MC member 2003-2005, 2007, 2009-2010; Firmwide Diversity Committee member, 2007-2008); **Justin Gmelich** (MC member 2013-2018; Americas Diversity Committee member 2015-2017); **Richard Gnodde** (MC member 2003-2018, Vice Chairman 2017-2018; Firmwide Diversity Committee member 2007-at least 2009; Global Diversity Working Group member 2013-2017; not a custodian); **Dane Holmes** (2018 MC member; Americas Diversity Committee member 2012, 2014-2018; 2006 Diversity Task Force member); **Eric Lane** (MC member 2011-2018; Americas Diversity Committee member 2008-2009, 2011); **Henry Paulson** (MC member & Chairman 2002-2005; Firmwide Diversity Committee member 2002-2005; not a custodian); **Pablo Salame** (MC member 2006, 2008-2018 & Vice Chairman 2017; Americas Diversity Committee Co-Chair 2012, 2014; Global Diversity Working Group, 2013-2017; not a custodian); **Michael Sherwood** (MC member 2002-2016 & Vice Chairman 2008-2016; Global Diversity Working Group Co-Chair 2013-2016; not a custodian); **David Solomon** (MC member 2003-2018; Firmwide Diversity Committee 2007- at least 2009); **John Weinberg** (MC member 2002-2015 & Vice Chairman 2007-2014; Firmwide Diversity Committee member 2005-at least 2009; not a custodian).

---

[14] Ex. 23 (GS0003547) at -49; Ex. 24 (GS0484869); Ex. 25 (Larson Tr. ) at 248:1-250:11.

[15] Ex. 26 (GS0682337); Ex. 27 (GS0547082) at -86,-88; Ex. 24 (GS0484869).

[16] Ex. 28 (GS0541007); Ex. 29 (GS0297584) at -92; Ex. 30 (Cooper Tr.) at 44:13-17.

[17] Ex. 31 (GS0240066) at -67; Ex. 32 (GS0969915) at -22, 24, 43 & Ex. 6 (Hunt Tr.) at 55:17-22; Ex. 33 (GS0969861) at -1.003, 1.012-1.016; Ex. 14 at -173.005.

[18] *See, e.g.*, Ex. 8 (GS0882449) at 49.004-007, 49.010; Ex. 34 (GS0697187); Ex. 32 (GS0969915).

[19] Unless noted otherwise, these witnesses are already document custodians. Plaintiffs do not know the volume of the "boys' club" evidence that Goldman has withheld from their files, but since Goldman has already identified and reviewed it, burden is minimal.

[20] Documents show that the Firmwide Diversity Committee was active until at least 2015, but Plaintiffs only have membership lists through 2009. Plaintiffs have asked Goldman Sachs to provide lists for subsequent years.