UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
H. CHRISTINA CHEN-OSTER, et al.,

                Plaintiffs,

       - against -

GOLDMAN, SACHS & CO., et al.,

                Defendants.
------------------------------------------------------------X

10-CV-6950 (AT) (RWL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/5/2020

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This Order resolves Plaintiffs' request to move to compel Defendants ("Goldman") to search for and produce so-called "boys-club" documents (i.e., email) from senior Goldman leaders, all of whom at one time sat on Goldman's firmwide Management Committee ("MC"). (Dkt. 1095.)

      During class-certification discovery, Goldman searched for, and produced to the extent responsive and not privileged, boys-club evidence over a period covering 2003 to 2012 from among sixty-two document custodians, including certain MC members, six of whom are among the MC members now at issue. In certifying the instant class action, however, Judge Torres did not certify a class based on boys-club evidence; rather, the class case is based on generalized evidence of alleged discriminatory impact and treatment resulting from application of three particular evaluation and promotion processes.

      To support their current request, Plaintiffs invoke *Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2d Cir. 2019). In that case, which was not a class-action, the plaintiff claimed gender-based pay discrimination, retaliation, and wrongful termination. In finding that the plaintiff

1

had established a prima facie case of discriminatory intent with respect to pay, the Second Circuit recognized as relevant the pervasive sexist comments of the plaintiff's direct supervisor (the defendant's Chief Financial Officer's).  *Id.* at 112.

In the wake of *Lenzi,* this Court determined that individualized evidence of discriminatory animus toward women may be relevant here if that animus was demonstrated by senior personnel responsible for approving, revising, or implementing the allegedly discriminatory policies at issue.  With a month remaining in merits discovery, Plaintiffs contend that they now have evidence showing that the MC is that group of personnel.  Of seventy-four past and present members of the MC, Plaintiffs seek targeted boys-club discovery from thirteen members.

Goldman opposes the discovery based on burden, relevance, and proportionality.  With respect to burden, Goldman greatly exaggerates the amount of time (17 months) and money ($24 million) the requested discovery would take.  (Dkt. 1097 at 2.)  Plaintiffs do not seek to rerun all search terms on prior custodians (of which Plaintiffs identify six) or run all of them anew on those who were not previously custodians (of which Plaintiffs identify seven).  Rather, Plaintiffs seek to apply only boys-club specific search terms.  That said, the discovery sought would still likely impinge on the current discovery schedule of this already ten-year-old case.

With respect to relevance, Goldman contends that in order for Plaintiffs to be entitled to individualized boys club evidence, Plaintiffs must first come forward with evidence that the individuals harbored discriminatory animus toward women.  That is not what this Court previously held, as Plaintiffs correctly point out.  To the contrary, obtaining evidence of gender animus is the objective of the discovery sought, not a prerequisite.

That said, there must be evidence of nexus regarding the particular individual or group's role in approving, revising, implementing, or ignoring disparities linked to the three processes; otherwise, proof of their animus is tangential at best to the specific issues being tried in Phase I of this action.

The evidence Plaintiffs have submitted does not make that showing. Some, perhaps all, MC members indisputably were involved in Goldman's diversity initiatives at a general level. And the MC was made aware of gender disparities based on information provided to it by other groups such as Human Capital Management or one of Goldman's diversity committees. Moreover, there is boys-club evidence from class-certification discovery implicating some of Goldman senior executives. But the deposition testimony and exhibits Plaintiffs put forward to justify the additional discovery they seek do not sufficiently demonstrate that the MC made decisions with respect to the three processes at issue, let alone in the context of considering their application and effect on gender disparity.

Taking into consideration all of the factors relevant to the proportionality analysis under Fed. R. Civ. P. 26(b)(1), Plaintiffs' request is DENIED. The Court recently granted Plaintiffs' request to depose two of the MC members at issue on the current request (Lloyd Blankfein and Gary Cohn). If evidence emerges from those depositions that would support a different outcome, Plaintiffs may bring it to the Court's attention.

        SO ORDERED.

        _____
        ROBERT W. LEHRBURGER
        UNITED STATES MAGISTRATE JUDGE

Dated: November 5, 2020
      New York, New York

Copies transmitted this date to all counsel of record.