# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 13, 2020

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York  10007-1312.

        Re:   *Chen-Oster, et al*. v. *Goldman, Sachs & Co., et ano*.,
               No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, and in accordance with Rule III.G of Your Honor's Individual Practices in Civil Cases, I request that the Court permit continued redaction of certain highly sensitive (i) hearsay selectively culled from Defendants' internal personnel investigative files in Plaintiffs' November 3, 2020 reply letter ("Letter"; ECF No. 1099), and (ii) deposition testimony quoted in Plaintiffs' Letter and appended as Exhibit C thereto (ECF No. 1099-3).  These redactions protect the substantial privacy interests of individual former employees and the public interest would not be served by the disclosure of this information, particularly in light of the Court's repeated rulings that isolated allegations of misconduct unrelated to the three challenged processes are not relevant to Plaintiffs' certified claims.  The parties conferred on November 10, 2020, and Plaintiffs do not join Defendants' request.

      As a threshold matter, under Judge Francis's June 10, 2014 Order (ECF No. 242), Defendants' internal personnel investigative files remain under seal.  Plaintiffs previously moved to unseal these materials (ECF No. 508), and Judge Torres denied Plaintiffs' motion, recognizing that "the materials include sensitive content about identifiable non-parties" (June 29, 2017 Order at 1, ECF No. 510).  The Court likewise permitted redaction of sensitive internal personnel investigative files similar to those cited in Plaintiffs' Letter.  (Dec. 27, 2018 Order, ECF No. 661.)  And the Court recently permitted redaction of similarly sensitive portions of deposition testimony.  (Oct. 23, 2020 Memo Endorsement, ECF No. 1092.)  Defendants request that the Court continue to permit redaction and sealing consistent with its prior Orders.

      In any event, there is no presumed right of access to information filed concerning discovery issues.  The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'"  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)

The Honorable Robert W. Lehrburger                                                                    -2-

("*Amodeo I*")).  Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process,'" *id.*, such as "pleadings in civil litigation []other than discovery motions and accompanying exhibits." *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"); *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public.").  Here, because Plaintiffs filed documents and information in connection with their request for additional document discovery, the redacted materials are not judicial documents entitled to a presumption of public access.

   To the extent the presumption of access applies at all, it would be weak because Plaintiffs' request for additional discovery has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights.  *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom*. *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).  Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure.  *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*").

   *First*, the internal personnel investigative material and deposition testimony excerpted in Plaintiffs' Letter consist of unfounded allegations of misconduct against individual former Goldman Sachs employees, which are highly inflammatory and raise significant privacy concerns. *See United States* v. *Silver*, 2016 WL 1572993, at *6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (third parties "have an interest in maintaining the privacy of their alleged sexual relationships, which can constitute embarrassing conduct and . . . are undoubtedly a sensitive subject") (internal quotation marks omitted).  Indeed, even if they were not baseless, such "boy's club" allegations are wholly irrelevant to this action and will be excluded from any Phase One trial.  (Class Cert. Order at 47, ECF No. 578 (denying certification of "boy's club" claim); Nov. 25, 2019 Order ¶ 8, ECF No. 888 ("Phase 1 will not include . . . any 'boys' club' claims or anecdotes (rather, the only permissible anecdotes will be those related specifically to application of the three processes).").)  Accordingly, courts in this Circuit routinely permit such unsubstantiated, sensationalist accusations to remain sealed or redacted.  *See Amodeo II*, 71 F.3d at 1051 (approving sealing where "[p]ortions of the Report are hearsay" and "there is a strong possibility that the report will contain material which is untrustworthy or simply incorrect") (internal quotation marks and alteration omitted); *see also In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) (Aaron, J.) ("[D]ocuments [that] contain false details . . . fall into the category of documents worth protecting [from public disclosure], namely 'records used to gratify spite or promote scandal and files that might serve as reservoirs of libelous statements for press consumption.'") (quoting *Amodeo I*, 44 F.3d at 146).

The Honorable Robert W. Lehrburger                                                                                                    -3-

*Second*, disclosing the internal personnel investigative material and deposition testimony excerpted in Plaintiffs' Letter risks violating the privacy rights of those against whom the accusations were lodged, who would be afforded no meaningful opportunity to respond. *See Amodeo II*, 71 F.3d at 1051 ("a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein"). Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* at 1050 (internal quotation marks and alterations omitted); *see also Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'the privacy interests of innocent third parties . . . establish a 'venerable common law exception to the presumption of access'") (quoting *Amodeo II*, 71 F.3d at 1050–51). Courts routinely decline to disclose information that would be used to "gratify private spite or promote public scandal." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978); *see*, *e.g.*, *Silver*, 2016 WL 1572993, at *7 ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."). Here, the privacy interests of the individual employees named in these materials justify continued redaction.

*Third*, there is a strong public policy militating against disclosure of material relating to internal employee investigative files, as both EEOC Enforcement Guidance and New York State law direct that employers are required to keep confidential all records relating to harassment complaints and investigations. *See* Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors, EEOC Notice No. 915.002 (June 18, 1999); N.Y. Lab. Law § 201-g(1).

For the foregoing reasons, Defendants respectfully ask the Court to permit continued redaction of (i) internal personnel investigative material quoted and referenced in Plaintiffs' Letter, and (ii) certain deposition testimony quoted in and appended to Plaintiffs' Letter. In the alternative, Defendants respectfully ask the Court to permit continued redaction of the personally identifying information, such as names and specific titles, of the individuals identified in the personnel investigative material and deposition testimony quoted and appended to Plaintiffs' Letter.

                                                                                        Respectfully submitted,

                                                                                        */s/ Ann-Elizabeth Ostrager*

                                                                                        Ann-Elizabeth Ostrager
                                                                                        of Sullivan & Cromwell LLP

cc:     All parties of record (by ECF)