UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER, SHANNA ORLICH, ALLISON GAMBA and MARY DE LUIS,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | 10 Civ. 6950 (AT) (RWL) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S NOVEMBER 5, 2020 ORDER**


Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166

Robert J. Giuffra, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004

Amanda Flug Davidoff
Elizabeth A. Cassady
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006

*Attorneys for Defendants Goldman, Sachs & Co. and The Goldman Sachs Group, Inc.*


November 16, 2020

Pursuant to Local Civil Rule 6.3, Defendants oppose Plaintiffs' motion for reconsideration ("Br."; ECF No. 1104) of this Court's November 5, 2020 Order ("November 5 Order"; ECF No. 1100) denying Plaintiffs' fifth application for so-called "boy's club" discovery.[1]

## PRELIMINARY STATEMENT

Plaintiffs have not identified any new evidence or law that warrants reconsideration of this Court's November 5 Order, but instead rely exclusively on three lines from an October 20, 2020 conference that do not show that former Goldman Sachs CEO Lloyd Blankfein, former President and COO Gary Cohn, or current CEO David Solomon designed or implemented the challenged processes—the standard this Court set to obtain additional discovery. During the October 20 conference, this Court permitted Plaintiffs to depose Messrs. Blankfein and Cohn because they "each have ***potentially*** relevant knowledge" and were "involved with the diversity efforts" of the Firm. (Br. at 3 (quoting Oct. 20, 2020 Conf. Tr. at 28:11–29:1, 31:3–6) (emphasis added).) In its November 5 Order, this Court likewise held that Management Committee members—including Messrs. Blankfein, Cohn and Solomon—"were involved in Goldman's diversity initiatives *at a general level*." (November 5 Order at 3 (emphasis added).) But this Court has never held, and Plaintiffs have failed to show, that Messrs. Blankfein, Cohn or Solomon "made decisions with respect to three processes at issue, let alone in the context of considering their application and effect on gender disparity." (*Id.*)

---

1 *See* Dec. 21, 2018 Order ¶ 1, ECF No. 657 ("Defendants need not produce 'boy's club' evidence that do[es] not relate to the" three challenged "practices and procedures."); Oct. 7, 2019 Order at 8, ECF No. 873 ("To the extent Plaintiffs are objecting to the December 21 Order, the objection is OVERRULED . . . ."); Nov. 25, 2019 Order at 3, ECF No. 888 ("Phase 1 will not include . . . any 'boys' club' claims or anecdotes."); Jan. 23, 2020 Conf. Tr. at 53:1–5, 70:6–7 (denying Plaintiffs' "motion for reconsideration" of "discovery of boys club evidence"); November 5 Order at 1, 4 (denying "Plaintiffs' request to move to compel Defendants . . . to search for and produce so-called 'boys-club' documents").

Moreover, Plaintiffs (and this Court) were fully aware of what this Court said at the October 20 conference when Plaintiffs moved to compel "boy's club" discovery one week later on October 28. But Plaintiffs chose not to raise arguments regarding the October 20 conference in their initial motion and cannot do so now, because reconsideration is not "an opportunity for making new arguments that could have been previously advanced." (Aug. 8, 2019 Order at 5, ECF No. 804 (citation omitted).)

Plaintiffs have already received over 1.2 million pages of documents in this action, including thousands of documents from Messrs. Blankfein, Cohn and Solomon. Defendants have also already conducted extensive searches for 12 years of documents concerning "boy's club" issues unrelated to the three challenged processes, which are irrelevant to any Phase 1 trial about these processes. With just four days left before the fact discovery deadline, Plaintiffs' eleventh-hour demand for another round of irrelevant document discovery—with new custodians, date ranges and search terms—would undoubtedly "impinge on the current discovery schedule of this already ten-year-old case." (November 5 Order at 2.) Accordingly, Plaintiffs' sixth request for "boy's club" discovery should be denied with prejudice.

**LEGAL STANDARD**

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Heredia* v. *Americare, Inc.*, 2020 WL 4748295, at *1 (S.D.N.Y. Aug. 17, 2020) (Lehrburger, J.). "The standard 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" (Aug. 8, 2019 Order at 5 (quoting *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).) "Such a motion is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." (*Id.* (citation omitted).) "Simply put, courts do not tolerate

such efforts to obtain a second bite at the apple." (*Id.* (citation omitted).)

**ARGUMENT**

Plaintiffs do not come close to satisfying the "strict" standard for reconsideration. Plaintiffs do not identify any new evidence or law, but instead rely on previously available arguments and rehash arguments this Court has consistently rejected in their latest attempt to prolong fact discovery.

*First*, this Court's statements during the October 20 conference do not provide any basis to obtain "boy's club" discovery from Messrs. Blankfein, Cohn or Solomon. This Court agreed to entertain an application for limited additional discovery only from "senior personnel" who Plaintiffs could prove were "responsible for approving, revising, or implementing the allegedly discriminatory policies at issue." (November 5 Order at 1–2; *see* Jan. 23, 2020 Conf. Tr. at 54:24–55:1, 66:2 (entertaining application for limited discovery from "core" group of "people who implement those processes or design them").) As this Court correctly found on November 5, Plaintiffs failed to "make that showing" for the 13 executives—including Messrs. Blankfein, Cohn and Solomon—who, like most senior executives, were "involved in Goldman's diversity initiatives at a general level," but did not "ma[k]e decisions with respect to the three processes at issue, let alone in the context of considering their application and effect on gender disparity." (November 5 Order at 3.) Unsurprisingly, none of this Court's remarks at the *earlier* October 20 conference contradicts this later conclusion; while explaining that Messrs. Blankfein, Cohn and Solomon were "involved with the diversity efforts" of the Firm generally (Br. at 3 (quoting Oct. 20, 2020 Conf. Tr. at 28:11–29:1, 31:3–6)), this Court did not make *any* findings that they were responsible for implementing or designing the three challenged processes.

In any event, Plaintiffs cannot seek reconsideration based on statements made on *October 20* that they could have—but did not—raise in their *October 28* motion. "A motion for

reconsideration is not an opportunity to present facts that were known to the party on the earlier motion," yet that is precisely what Plaintiffs seek to do. *DeMaille* v. *Nassau Cty.*, 2008 WL 2783157, at *1 (E.D.N.Y. July 17, 2008) (Lindsay, J.) (denying reconsideration of denial of motion to compel production of documents) (collecting cases). Any other rule would encourage gamesmanship of the type advanced here, where Plaintiffs ignored references at the October 20 conference to just "three senior executives" (Br. at 1) in order to seek discovery from 13 executives (ECF No. 1095). Plaintiffs cannot now use reconsideration to advance a fallback position they could have raised in their initial motion. *See McGraw-Hill Glob. Educ. Holdings, LLC* v. *Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (Pauley, J.) ("a motion for reconsideration is not an invitation for parties to treat the court's initial decision as the opening of a dialogue") (citation omitted).

*Second*, Plaintiffs' complaint that they have not received "stand-alone animus evidence from 2011 through the present" (Br. at 3)—which assumes, without basis, that such evidence exists—simply "repeat[s] old arguments previously rejected" (Aug. 8, 2019 Order at 5 (internal quotation marks omitted)). During merits discovery, this Court rejected Plaintiffs' application for "stand-alone animus evidence" (Br. at 3) in light of Judge Torres's refusal to certify Plaintiffs' "boy's club" claims (Dec. 21, 2018 Order ¶ 1). The fact that Plaintiffs have not received documents Defendants were not required to produce (if they even exist) is not a valid basis to seek reconsideration.

*Third*, Plaintiffs' sixth application for "boy's club" discovery comes far too late. Fact discovery is scheduled to close in just four days. (ECF No. 1050.) As this Court held—and Plaintiffs do not dispute—Plaintiffs' late-breaking request to redo document custodian and search term negotiations (Br. at 3) will "impinge on the current discovery schedule of this already ten-

year-old case" (November 5 Order at 2). Having already received documents from "sixty-two document custodians, including certain [Management Committee] members" in class certification discovery alone (November 5 Order at 1) and over two years of merits discovery, Plaintiffs have no basis to obtain still more discovery and make no effort to try to satisfy the "good cause" standard to reopen discovery. *See Joseph* v. *Sikorsky Aircraft Corp.*, 2015 WL 5304177, at *3 (D. Conn. Sept. 9, 2015) ("after many months of discovery, a motion to compel should not be served at the last minute," and many "courts have found that motions to compel filed days before the discovery deadline [a]re untimely") (citation omitted) (collecting cases); *Colon* v. *City of New York*, 2014 WL 4100607, at *2 (S.D.N.Y. Aug. 20, 2014) (Furman, J.) (denying motion to compel at close of discovery for failure to raise "issues in a more timely fashion").

"[D]eadlines matter – and they matter especially strongly in litigation of this size and complexity." *In re Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016) (Furman, J.) (citing *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013)). If Plaintiffs are permitted to bring endless applications for "boy's club" discovery, then "the Court's deadlines are merely hortatory or aspirational and not real deadlines." *Id.* Because Plaintiffs opted to move for reconsideration before even deposing Messrs. Blankfein and Cohn—which this Court was willing to consider "[i]f evidence emerges from those depositions that would support a different outcome (November 5 Order at 3)—this Court should deny Plaintiffs' sixth application for "boy's club" discovery with prejudice.[2]

[2] Not only do plaintiffs fail to cite any new evidence supporting their motion for reconsideration, but in their deposition of Mr. Blankfein, they largely failed to ask him whether he designed or implemented the challenged processes. Mr. Blankfein's only testimony on that topic—that "the 360 review process" "would have been within the -- squarely within the province of HCM"—directly refutes the premise underlying Plaintiffs' motion. (Blankfein Dep. at 71:3, 71:11–12; *see id.* at 72:4–7 (360 reviews were "a core process of the human capital -- of the HCM process, and I wouldn't have -- I wouldn't have been involved in it really").)

**CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiffs' motion to reconsider the November 5 Order with prejudice.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
Joshua S. Levy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Amanda Flug Davidoff
Elizabeth A. Cassady
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006

Barbara B. Brown (*admitted pro hac vice*)
Carson H. Sullivan (*admitted pro hac vice*)
PAUL HASTINGS LLP
875 15th Street, N.W.
Washington, D.C. 20005

Patrick W. Shea
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166

*Attorneys for Defendants*
*Goldman, Sachs & Co. and*
*The Goldman Sachs Group, Inc.*

November 16, 2020