# EXHIBIT 2

# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

February 15, 2019

By E-mail

Melissa L. Stewart, Esq.,
Michael C. Danna, Esq.,
    Outten & Golden LLP,
        685 Third Avenue, 25th Floor,
            New York, NY  10017.

Re:   *Chen-Oster, et al*. v. *Goldman, Sachs & Co., et ano*.
      No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Melissa and Michael:

On behalf of Defendants, I respond to your February 6 and February 11, 2019 letters to set out our position on document custodians and collection date ranges, and to clarify your mischaracterization of the parties' discussion during the February 8 meet-and-confer call.

As we explained during the February 8 call, and as further set forth below, Defendants have serious concerns that Plaintiffs are attempting to significantly expand the scope of discovery beyond the parties' prior agreement.  Contrary to your February 11 letter, in the meet-and-confer discussions that led to the agreed-upon custodians, Plaintiffs listed specific roles and categories of roles for each proposed custodian.  Relying on Plaintiffs' representations, Defendants agreed to a large number of custodians for the time periods when they worked in the roles contemplated by the parties.  Now that Defendants have agreed to 62 custodians, Plaintiffs seek to add ***over 160 years*** of electronically stored information ("ESI") covering additional roles that these custodians held, going back as far as 2003 in some instances.  This was never discussed or agreed to, and Defendants object to such gamesmanship.

Plaintiffs also seek still more discovery covering the same time period as class certification discovery.  Despite receiving over 375,000 pages of documents that fully covered this stage, Plaintiffs are demanding even more discovery for the same custodians and same date ranges already covered by prior class certification discovery.  As we discussed during the February 8 meet-and-confer call, Defendants will not agree to this cumulative additional discovery.  *See* Fed. R. Civ. P. 26(b)(2)(C) ("the court *must* limit the frequency or extent of discovery" where "the discovery sought is unreasonably cumulative

Melissa L. Stewart, Esq.                                                                          -2-
Michael C. Danna, Esq.

or duplicative" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action") (emphasis added).[1]

### Scope of Discovery for Agreed-Upon Custodians

During our meet-and-confer discussions, Plaintiffs proposed six specific categories of custodians to Defendants, and placed each proposed custodian into one or more of those categories: "HCM," "Gamba/De Luis Managers," "Email Accounts," "Division Headers/Senior Leaders," "Divisional Decision-Makers," and "Senior Level Subjects of Complaints."[2] (Pls.' Jan. 3 Letter App'x A; *see also* Pls.' Nov. 20 E-mail.) By asking for a "sample of 5 custodians" or an "[a]dditional sample of 15" custodians for specific categories, Plaintiffs made clear that they sought custodians *by category of role*, not by person. (*Id.*) Relying on Plaintiffs' category-based proposal, Defendants agreed to additional custodians "for the time periods in which they occupied relevant roles," and Defendants expressly listed those roles for each custodian. (Defs.' Jan. 11 Letter App'x.) Defendants reiterated this position throughout the meet-and-confer process, and "Plaintiffs agree[d] in principle with this approach to determining custodial date ranges." (Pls.' Feb. 6 Letter at 2.) On this basis, the parties reached a conditional agreement as to document custodians. (ECF No. 664.)

In your February 6 letter—over two weeks *after* Defendants agreed to collect and search ESI for 62 custodians for the years in which they worked in specified, mutually agreed roles—Plaintiffs now seek to have Defendants collect and search ESI for

---

[1]    Plaintiffs' assertion that Defendants raised objections "unrelated to your discovery obligations" ignores that Plaintiffs have "wast[ed] time" by proposing categories of custodians—which Defendants used to organize their counterproposals—but not revealing the dozens of additional roles they seek until *after* Defendants agreed to 62 custodians. (Pls.' Feb. 11 Letter at 2.) In any event, Defendants' obligation is to provide discovery "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and that is precisely what Defendants have done.

[2]    Plaintiffs defined "Division Heads/Senior Leaders" as "individuals who served as Division Heads or in the Executive Office"; "Divisional Decision-Makers" as "individuals who served on a divisional compensation committee, executive committee, and/or cross-ruffing team"; and "Senior Level Subjects of Complaints" as "individuals identified in complaint files whose title is Managing Director or above." (Pls.' Jan. 3 Letter App'x A.) In our January 11 letter, Defendants objected to Plaintiffs' demand for "Senior Level Subjects of Complaints," but agreed to several custodians in this category on alternative grounds. (Defs.' Jan. 11 Letter at 3.) Defendants reserve all rights to challenge Plaintiffs' categorizations of the custodians' roles, but have accepted these categories solely for the purpose of reaching an agreement on document custodians and date ranges.

Melissa L. Stewart, Esq.                                                    -3-
Michael C. Danna, Esq.

any year in which one of those custodians held a potentially relevant role stretching back to 2003.  This enormous, last-minute expansion of discovery is contrary to the parties' previous discussions and agreement, and Defendants object to these bait-and-switch tactics.  In your February 11 letter, Plaintiffs claim they can disavow months of negotiations and correspondence based on a footnote similar to a standard reservation of rights in the event some new or different information is discovered.  (Pls.' Feb. 11 Letter at 3.)  Plaintiffs place more weight on this footnote than it can bear.

For example, in your January 3 letter, Plaintiffs sought to add David Solomon as a custodian in the "Division Head/Senior Leader" category (Pls.' Jan. 3 Letter App'x), and Defendants agreed to include him for his role as "Division Head (IBD – July 2006-2017)" (Defs.' Jan. 11 Letter at A-2).  Because Mr. Solomon was also a custodian during class certification discovery, Defendants offered to update his discovery from "1/6/2012 (date after last collect[ion])" to 2017, which covered the time period when he served as Division Head.  (Defs.' Jan. 30, 2019 Letter at A-4.)  Plaintiffs, however, now seek ESI from Mr. Solomon for 2003, before he was Division Head, and for "1/1/2012 – present," to add his roles as "Chairman & Chief Executive Officer, President and Chief or Co-Chief Operating Officer."  (Pls.' Feb. 6 Letter App'x B.)  Defendants have never agreed to Mr. Solomon as a document custodian in his role as CEO (which he did not begin until 2018).  To the contrary, we have consistently maintained that the tactic of targeting CEOs for discovery when they are not involved in decisions at issue is one that courts routinely reject.  *See Blackrock Allocation Target Shares: Series S Portfolio* v. *Bank of N.Y. Mellon*, 2018 WL 2215510, at *12 (S.D.N.Y. May 15, 2018) (Pitman, J.) ("mere membership on a particular committee is not sufficient, by itself, to justify designation as a custodian whose files must be reviewed" (internal quotation marks omitted); *United States ex rel. McBride* v. *Halliburton Co.*, 272 F.R.D. 235, 240–41 (D.D.C. 2011) (denying plaintiff's motion to compel production from additional custodians on the ground that plaintiff failed to demonstrate that proposed custodians' e-mails were "crucial" to her ultimate burden of proof); (Defs.' Dec. 16 Letter at 4–5).[3]  In any event, Plaintiffs' demand is cumulative because Defendants have already agreed to provide ESI from Gary Cohn from January 2012 to January 2017, which includes the time period when he served as President and Chief Operating Officer.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Similarly, in your January 18 and 22, 2019 letters, Plaintiffs left two "placeholder slot[s] for a pre-2012 diversity leader."  (Pls.' Jan. 18 Letter App'x A; Pls.' Jan. 22 Letter App'x A.)  In our January 30 letter, after investigating which individuals were the chairs of the Americas Diversity Committee ("ADC") before 2012, Defendants

---

[3]      *See also Burns* v. *Bank of Am.*, 2007 WL 1589437, at *6 (S.D.N.Y. June 4, 2007) (Francis, J.) (denying motion to compel executive's deposition); *Guan Ming Lin* v. *Benihana Nat'l Corp.*, 2010 WL 4007282, at *2 (S.D.N.Y. Oct. 5, 2010) (same, citing likelihood of harassment as a basis for the denial) (Francis, J.).

Melissa L. Stewart, Esq.                                                            -4-
Michael C. Danna, Esq.

agreed to Peter Kraus and David Heller for the time periods when they served as ADC
Chairs. Plaintiffs, however, now demand that Defendants collect, load, process, and review
four additional years (2003, 2005–2007) of data for the time when Mr. Heller served as a
member of the Securities Compensation Committee (Pls.' Feb. 6 Letter App'x A), despite
the fact that the e-mails of other members of this committee were previously searched for
some of these years, and Goldman Sachs previously searched Mr. Heller's e-mails from
2008 to 2011. Furthermore, despite the clear agreement for a pre-2012 diversity-leader
(and the fact that Defendants already searched Mr. Kraus' e-mails in class certification
discovery for the years he was IMD Division Head (2003–2007)), Plaintiffs have now
demanded that Defendants collect, load, process, and review *ten additional years* of data
for Mr. Kraus (from 2008 to April 30, 2018). In Mr. Kraus' case, this demand is irrelevant
because he left the Firm in 2008, but it serves to highlight how far afield from the parties'
agreement Plaintiffs' new date range demands are. Plaintiffs' date range demands would
add at least ten years of additional ESI beyond the parties' prior agreement for numerous
other custodians, as set forth in Appendix A.

         In fact, by demanding that Defendants collect and review ESI for every year
from 2003 to 2019 during which any custodian held what Plaintiffs claim is a potentially
relevant role, Plaintiffs' proposal adds *over 160 additional years* of ESI. Courts in this
Circuit routinely deny such massive requests based on "the burden or expense of the
proposed discovery." Fed. R. Civ. P. 26(b)(1); *see, e.g.*, *In re Morgan Stanley Mortg. Pass-
Through Certificates Litig.*, 2013 WL 4838796, at *3 (S.D.N.Y. Sept. 11, 2013) (Netburn,
J.) (narrowing plaintiffs' proposed date ranges to 3.5 years because of "the extraordinary
scope of Search B Terms"); *Blodgett* v. *Siemens Indus., Inc.*, 2016 WL 4203490, at *3
(E.D.N.Y. Aug. 9, 2016) (Tomlinson, J.) (denying plaintiffs' request that defendant
"undertake an additional search for the proposed three-month period . . . in light of the ESI
Defendant has previously produced in this case").[4] In the spirit of compromise, however,
Defendants have offered to modify our date range proposal to include additional date
ranges for certain new custodial roles Plaintiffs have requested. For example, Defendants
will agree to search more than one additional year of ESI for Genevieve Felix to include
the time she was Co-Head of Americas Global Leadership and Diversity in 2012 and 2013.
Defendants also agree to search two additional years of ESI for Caroline Heller to include
the time she served on the Securities Compensation Committee and Securities Executive

---

[4]      Plaintiffs' assertion that "Goldman objects to many of the additional roles and date
ranges . . . not on relevance grounds" (Pls.' Feb. 11 Letter at 2) is incorrect. As an example,
during the February 8 meet-and-confer call, Defendants objected to adding Tami Rosen's
role working in human resources for the Operations Division, because this action is limited
to three "revenue-generating divisions: Investment Banking, Investment Management, and
Securities." (ECF No. 578 at 4.) Ms. Rosen's role working with the Operations Division
is irrelevant.

Melissa L. Stewart, Esq.                                                                    -5-
Michael C. Danna, Esq.

Committee.  Our proposal, which also agrees to expand searches for certain additional custodians, is set forth in full in Appendix A hereto.[5]

### Pre-2012 Discovery

       Plaintiffs not only seek to add an enormous volume of ESI based on previously unrequested additional roles, but they also seek to redo discovery covering the same time period as class certification discovery.  During class certification discovery, Defendants produced over 375,000 pages of documents from 66 custodians running from 2003 through December 31, 2011.  These custodians covered the same roles as the merits custodians—including Global Leadership and Diversity, HCM, Talent Assessment, Firmwide Compensation, Division Heads, and Women's Networks—and even included many of the exact same custodians, such as Edith Cooper, David Landman, and Tim O'Neill.  Plaintiffs nonetheless seek ESI from 2003 to 2012 for numerous additional custodians who served in the same roles already covered by class certification discovery, such as Christina Drews (Divisional Compensation Committee), Edward Eisler (Division Head), and Sharleen Gutierrez (Global Leadership and Diversity).  Plaintiffs' request for years of additional ESI, when they have already received ESI for the same roles during the same time period, is plainly "unreasonably cumulative [and] duplicative."  Fed. R. Civ. P. 26(b)(2)(C); *see also Assured Guar. Mun. Corp.* v. *UBS Real Estate Sec. Inc.*, 2013 WL 1195545, at *3–4 (S.D.N.Y. March 25, 2013) (Francis, J.) (denying motion to compel because party "has not demonstrated why [additional custodians] would be likely to have non-cumulative relevant documents," and "[t]here is no good reason here to believe that these two members of the Credit Committee had custody of relevant documents that other non-lawyer custodians did not possess").

       Worse, Plaintiffs also demand that Defendants *re-run* searches for "pre-certification custodial data."  (Pls.' Feb. 11 Letter at 1–2; *see also* Pls.' Feb. 6 Letter at 2.)  Plaintiffs thus seek to obtain another round of discovery covering the same time period as prior class certification discovery on top of full merits discovery.  Plaintiffs offer no basis for this extraordinary request.  As we explained on the February 8 meet-and-confer call, under Judge Lehrburger's December 21, 2018 Order (ECF No. 657 at 1), merits discovery must be "related to the practices and procedures" Plaintiffs challenge, so any search terms must be *narrower* than those run at the class certification stage.  Running merits search terms across pre-certification ESI will therefore be an unproductive exercise that forces Defendants to incur significant unnecessary vendor costs.  To the extent Plaintiffs' "modified terms" return any non-duplicative hits at all, Defendants will incur the considerable burden of conducting attorney review of these documents.  This discovery

---

[5]     During the February 8 meet-and-confer call, Defendants explained that there were minor discrepancies in the start and end dates for which data was previously collected, searched, and produced.  Appendix A also reflects corrected dates.

Melissa L. Stewart, Esq.                                                                    -6-
Michael C. Danna, Esq.

sideshow is a paradigmatic example of "the burden or expense of the proposed discovery
outweigh[ing] its likely benefit." Fed. R. Civ. P. 26(b)(1).

**Additional Date Range Topics**

At Plaintiffs' request (*see* Feb. 11 Letter at 2), Defendants confirm our
responses to Plaintiffs' questions during the February 8 meet-and-confer call in writing.
*First*, Defendants previously collected ESI for Toni Infante and Alex Lowen "through Sept.
1, 2011 (Infante) and Oct. 26, 2011 (Lowen)." (Pls.' Feb. 6 Letter at 1.) Defendants
confirm that September 1, 2011 is the last date Ms. Infante worked as Global Talent
Advisor for the Investment Management Division, and that October 26, 2011 is the date
Mr. Lowen left Goldman Sachs, so no additional collection is needed. *Second*, as to
custodians whose date ranges run to the "present," Defendants will use the cutoff dates
listed in Appendix A for custodians whose ESI we have already collected, and February 1,
2019 for the remaining custodians. (*See* Pls.' Feb. 11 Letter at 2.) *Third*, Appendix A
contains dates certain custodians served on a Divisional Executive Committee, and we will
update the relevant interrogatory response accordingly. (*Id.*)

We look forward to your response and to further meet-and-confer
discussions in order to reach agreement on reasonable date ranges and search terms.

Sincerely,

*/s/ Ann-Elizabeth Ostrager*
Ann-Elizabeth Ostrager

cc:    GoldmanSachs-Attysonly@outtengolden.com (via e-mail)
       Carson Sullivan, Esq. (Paul Hastings LLP) (via e-mail)

**APPENDIX A**

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 1 | "Goldman Sachs Women's Network" | E-mail Account [New custodian] | 1/15/2005 – Present | | 1/15/2005 – present | 1/15/2005 – Present | Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 2 | "IBD/MBD Women's Network" | E-mail Account [New custodian] | 4/9/2012 – Present | | 4/9/2012 – present | 4/9/2012 – Present | Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 3 | "IMDWomen's Network" | E-mail Account [New custodian] | 3/14/2008 – Present | | 3/14/2008 – present | 3/14/2008 – Present | Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 4 | "Securities Division Women's Network Americas" | E-mail Account [New custodian] | 3/1/2005 – Present | | 3/1/2005 – present | 3/1/2005 – Present | Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 5 | Abramian-Katz, Angela | HCM (Generalist, Securities) [Previously searched 1/1/2008-12/31/2011] | 1/7/2013 – Present | DHH | 1/1/2008 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 – present | 1/1/2012 –2/1/2019 | Defendants will not agree to search Angela Abramian-Katz's previously searched pre-2012 data again with "new/modified terms in addition to prior search."[1] Defendants have modified the proposed date range to correct the date since the last search, and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. |
| 6 | Banerjee, Gargi | HCM (Generalist, IBD) [New custodian] | 1/1/2013 – 12/31/2014 | IBD compensation committee | 2010 - 9/2015 | 1/1/2013 – 12/31/2015 | Defendants will agree to search three years of data for the time that Gargi Banerjee was an HCM Generalist for IBD, and Defendants have modified the proposed date range to correct the date she left this role. Defendants will not agree to collect, load, process, and review three additional years of her data from 2010-2012 when she was a member of the IBD Compensation Committee. |

A-1

[1] As discussed in the attached cover letter, Defendants take this position as to all of the custodians below whose data was previously searched, but will not repeat this statement in each of the entries in this chart.

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 7 | Bash-Polley, Stacy | Executive Committee (Securities) [New custodian] | 3/12/2012 – Present | Cross-Ruffing Securities Team; Cross-Ruffing IBD Team; Member of Americas Diversity Committee | 2005-2006, 2008, 3/12/2012 – present | 3/12/2012 – 2/1/2019 | Defendants have agreed to search seven years of data for the time Stacy Bash-Polley has been a member of the Securities Executive Committee. Defendants will not agree to collect, load, process, and review four additional years of data from 2005-2006 and 2008 when she was on a cross-ruffing team and from 2011 when she was a member of the Americas Diversity Committee ("ADC"). However, she also was a member of the ADC from 2012 to 2015, and that time period will be covered because it overlaps with the time she has been a member of the Securities Executive Committee. |
| 8 | Bhavsar, Avanish | Executive Committee (Securities); MD Cross-Ruffer Team (Equities – 2013) [New custodian] | 2013; [dates served on Divisional Executive Committee] | Co-Head of FICC | 2013, dates on Divisional Executive Committee; dates as Co-Head of FICC | 2013; 5/23/2017 – 2/1/2019 | Avanish Bhavsar has been a member of the Securities Executive Committee from 5/23/2017 to present, and Defendants have modified the proposed date ranges accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. Avanish Bhavsar has never been Co-Head of FICC. |
| 9 | Brown, Erika Irish | Chief Diversity Officer [New custodian] | 7/1/2018 – Present | | 7/1/2018 – present | 7/1/2018 – 2/1/2019 | Defendants have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. |
| 10 | Carlotti, Val | HCM (Global Talent Advisor ("TA") for IBD) [New custodian] | 9/1/2015 – 10/31/2017 | Cross-Ruffing Securities Team | 2005, 9/1/2015 – 10/31/2017 | 9/1/2015 – 10/31/2017 | Defendants have agreed to search two years of data for the time Val Carlotti was the Global TA for IBD. Defendants will not agree to collect, load, process, and review another year of data from 2005 when Val Carlotti was on the Securities cross-ruffing team. |
| 11 | Cohn, Gary | Senior Firm Leader [Previously searched 6/1/2003-2/29/2008] | 1/1/2012 – 1/27/2017 (reported end date) | Division Head of Securities; Securities Compensation Committee; Executive Office | 2003 – 2/2008 (run new/modified terms in addition to prior search), 3/2008 - [date of departure] | 1/1/2012 – 1/27/2017 (reported end date) | Defendants have agreed to search five additional years of Gary Cohn's data from 1/1/2012 until his departure from the Firm. Defendants will not agree to collect, load, process, and review another four years of data from 2008-2012. His data were already searched through 2/2008 and this covers the years he was a member of the Securities Compensation Committee (2003) and a Securities Division Head (2003-2006). |

A-2

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 12 | Cooper, Edith | HCM (Head of HCM) [Previously searched 3/1/2008-12/31/2011] | 1/7/2012 (date after last collection) – 12/31/2017 | Cross-Ruffing IBD Team; Cross-Ruffing IMD Team; Executive Office | 2004 – 2005, 3/2008 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 – 12/31/2017 | 1/1/2012 – 12/31/2017 | Defendants have agreed to search six additional years of Edith Cooper's data from 1/1/2012 until her departure from the Firm, and have modified the proposed date range to correct the date since the last search.  Defendants will not agree to collect, load, process, and review two additional years of data from 2004-2005 when Edith Cooper was on a cross-ruffing team. |
| 13 | Dayner, Mark | Gamba Manager [New custodian] | 8/1/2011 (approx. one month before he became Gamba's manager) – 9/22/2014 (one month after her termination) | | 8/1/2011 – 9/22/2014 | 8/1/2011 (approx. one month before he became Gamba's manager) – 9/22/2014 (one month after her termination) | |
| 14 | Dees, Dan | Compensation Committee (IBD – 2010-2017); Executive Committee (IBD); MD Cross-Ruffer Team (IMD – 2013) [New custodian] | 1/1/2012 – 2017; [dates served on Divisional Executive Committee] | Management Committee | 2010 – 2017, dates on Divisional Executive Committee | 1/1/2012 – 2/1/2019 | Defendants have agreed to search seven years of data for the time Dan Dees was a member of the IBD Compensation Committee, IBD Executive Committee, and IMD cross-ruffing team, and Defendants have determined that he has been a member of the IBD Executive Committee from 3/2013 to present.  Defendants have modified the proposed date range accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  The proposed date range covers the time that Dan Dees has been a member of the Management Committee (12/2017 to present).  Defendants will not agree to collect, load, process, and review two additional years of data from 2010-2011. |
| 15 | DivisionalReviews@ny.email.gs.com | E-mail Account [Previously searched 6/1/2003-12/31/2011] | 11/23/2012 – Present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 – present | 1/1/2012 – Present | Defendants have modified the proposed date range to correct the date since the last search.  Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 16 | Drews, Christina | Compensation Committee (IBD – 2013–2017); Executive Committee (IBD) [New custodian] | 2013 – 2017; [dates served on Divisional Executive Committee] | Global Chief Administrative Officer, IBD | 2002 - 2017 | 1/1/2013 – 7/31/2018 | Defendants have agreed to search nearly six years of Christina Drews' data from 2013 until 7/31/2018, for the time she was a member of the IBD Compensation Committee and the IBD Executive Committee, and Defendants have determined that she was on the IBD Executive Committee from 2014 to 7/2018. Defendants have modified the proposed date range accordingly.  The proposed date range covers nearly five years of the time that she served as Global Chief Administrative Officer, IBD (2014-10/2018). Defendants will not agree to collect, load, process, and review eleven additional years of data from 2002-2013.[2] |
| 17 | Eisler, Edward | Division Head (Securities – 2008-2012) [New custodian] | 1/1/2012 – 12/31/2012 | Securities Compensation Committee; Securities Division Head | 2003 - 12/31/2012 | 1/1/2012 – 12/31/2012 | Defendants have agreed to search Edward Eisler's data for the time he was a Securities Division Head after 2012.  Defendants will not agree to collect, load, process, and review nine additional years of data for the time he was a member of the Securities Compensation Committee (2003, 2005-2011) and a Securities Division Head prior to 2012. |
| 18 | Felix, Genevieve | Co-head of Americas – GLD [Previously searched 1/1/2004-7/30/2010, 6/1/2011-12/31/2011] | 1/7/2012 (date after last collection) – 2/28/2013 | IMD Diversity Manager/Head | 1/1/2004 – 8/1/2010 (run new/modified terms in addition to prior search), 6/2011 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - 2/28/2013 | 1/1/2012 – 2/28/2013 | Defendants have agreed to search more than one additional year of Genevieve Felix's data for the time she was Co-head of Americas GLD in 2012 and 2013, and have modified the proposed date range to correct the date since the last search. |
| 19 | FirmwidePerformanceR@ny.email.gs.com | E-mail Account [Previously searched 6/1/2003-12/31/2011] | 12/20/2012 – Present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 – present | 1/1/2012 – Present | Defendants have modified the proposed date range to correct the date since the last search.  Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |

A-4

[2] As Defendants have explained in correspondence and discussions dating back to early 2011, the Firm's central journaling system dates back to only 2003 and thus even during the previous round of discovery, the earliest collection date for e-mails was June 2003.

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 20 | Fox, Linda | HCM (Global TA for Securities) [Previously searched 6/1/2003-12/31/2011] | 1/6/2013 (date after last collection) – 7/31/2014 | Employee Relations Specialist; Securities Compensation Committee | 6/2003 – 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - 7/31/2014 | 1/1/2012 – 7/31/2014 | Defendants have agreed to search nearly three additional years of Linda Fox's data for the time she was the Global TA for Securities in 2012-2014, and have modified the proposed date range to correct the date since the last search. The year she was a member of the Securities Compensation Committee (2011) was already searched in class certification discovery. |
| 21 | Fruge, Thomas | De Luis Manager [New custodian] | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination) | | 3/1/2012 - 6/13/2016 | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination) | |
| 22 | Gutierrez, Sharleen | Co-head of Americas GLD [New custodian] | 12/1/2012 – 1/31/2013 | | 10/2011 - 1/31/2013 | 10/1/2011 – 1/31/2013 | Defendants are willing to add three additional months prior to 2012 to cover the time Sharleen Gutierrez was Co-Head of Americas GLD and have modified the proposed date range accordingly. |
| 23 | HCMforIMBD@ny.emai.gs.com | E-mail Account [Previously searched 6/1/2003-12/31/2011] | 1/5/2013 – Present | | 6/1/2003 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - Present | 1/1/2012 – Present | Defendants have modified the proposed date range to correct the date since the last search. Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 24 | Heller, Caroline | HCM (Global TA for Securities); Executive Committee (Securities); Compensation Committee (Securities – 2012-2017) [New custodian] | 8/1/2014 – Present; [dates served on Divisional Executive Committee] | | 2012 – present, dates served on Divisional Executive Committee | 1/1/2012 – 12/1/2018 (date of e-mail extraction) | Defendants have determined that Caroline Heller has been a member of the Securities Executive Committee from 6/30/2014 to present. Defendants have also modified her date range to reflect the time she was a member of the Securities Compensation Committee from 2012 to present. |

A-5

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 25 | Heller, David | ADC Chair (2008-2011)<br><br>[Previously searched 2/1/2008-12/31/2011] | 3/18/2011 – 12/31/2011 | Securities Compensation Committee | 2003, 2005 - 2011 | 3/18/2011 – 12/31/2011 | Defendants have determined that David Heller was the ADC chair from 2008-2011.  All but one month of this time was previously searched in class certification discovery.  The one month that was not previously searched (1/2008) will be added and searched, and because Defendants agreed to David Heller as a custodian specifically for his role as ADC Chair, Defendants will agree to run new and agreed-upon search terms (which are currently being negotiated) for the years he was the ADC chair (2008-2011).  The previously searched years of 2008-2011 also cover the years he was a member of the Securities Compensation Committee.  Defendants will not agree to collect, load, process, and review an additional four years of data for the additional time he was a member of the Securities Compensation Committee (2003, 2005-2007). |
| 26 | Hendricks, Aime | HCM (Americas Head of ER)<br><br>[New custodian] | 1/1/2012 – Present | | 9/2011 - present | 9/1/2011 – 1/26/2019 (date of e-mail extraction) | Defendants have agreed to search seven years of Aime Hendricks' data for the time she was Americas Head of ER.  Defendants are nevertheless willing to collect, load, process, and review an additional four months of data for Aime Hendricks prior to 2012 to cover the time that she held this role.  Defendants have modified the proposed date range accordingly. |
| 27 | Holmes, Dane | HCM (Head of HCM)<br><br>[New custodian] | 1/1/2018 – Present | Executive Office | 2017 - present | 1/1/2018 – 2/1/2019 | Defendants have agreed to search Dane Holmes' data for the time he has been the Head of HCM.  Defendants will not agree to collect, load, process, and review an additional year of data for 2017, when Mr. Holmes was not in HCM and instead was the Head of Investor Relations (which is housed in the Executive Office Division).  Defendants have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. |
| 28 | Hunt, Edie | GLD (Advisory Director; Chief Diversity Director)<br><br>[Previously searched 6/1/2003-12/31/2011] | 1/1/2012 – 12/31/2013 | Senior HCM Roles, Cross-Ruffing IBD Team | 2003 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 – 12/31/2013 | 1/1/2012 – 12/31/2013 | Defendants have agreed to search two additional years of Edie Hunt's data for the time she was Chief Diversity Director of GLD.  Edie Hunt's e-mails were already searched from 2003-12/31/2011, and this covers the time she was a member of the IBD cross-ruffing team in 2003. |

A-6

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 29 | IBD_Compensation_Team@ny.ibd.email.gs.com | E-mail Account [Previously searched 6/1/2003-12/31/2011] | 12/1/2011 – Present | | 6/1/2003 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - present | 1/1/2012 – Present | Defendants have modified the proposed date range to correct the date since the last search. Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 30 | Kaiser, Andrew | De Luis Manager; Executive Committee (IMD) [New custodian] | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination) | IMD Executive Committee | 3/1/2012 - 6/13/2016, dates served on Divisional Executive Committee | 3/1/2012 – 6/13/2016; 9/1/2017 – 2/1/2019 | Defendants have determined that Andrew Kaiser has been a member of the IMD Executive Committee from 9/2017 to present. Defendants have modified the proposed date range accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. |
| 31 | Kojima, Christopher | Executive Committee (IMD); MD Cross-Ruffer Team (FICC – 2013) [New custodian] | 2013; [dates served on Divisional Executive Committee] | Americas Diversity Committee; IMD Executive Committee; Cross-Ruffing IMD Team | 2006, 2012-2016, dates served on Divisional Executive Committee | 2013; 9/1/2017 – 2/1/2019 | Defendants have agreed to search nearly three years of Christopher Kojima's data for the time he was a member of the IMD Executive Committee (9/2017 to present) and a cross-ruffing team (2013). Defendants have modified the proposed date range accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. Defendants will not agree to collect, load, process, and review ten additional years of data for the time when he was a member of the IMD cross-ruffing team in 2006 and the ADC in 2007–2012 and 2014-2016. |
| 32 | Kozlowski, Joanna | HCM (Global TA for IBD) [New custodian] | 10/1/2017 – Present | IBD Executive Committee | 10/1/2017 - present | 10/1/2017 – 1/25/2019 (date of e-mail extraction) | Defendants have agreed to search Joanna Kozlowski's data for the entire time she has been Global TA for IBD, and Defendants have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. The proposed date range also covers the time Joanna Kozlowski has been a member of the IBD Executive Committee (which Defendants have determined to be 1/2018 to present). |

A-7

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 33 | Kraus, Peter | ADC Chair (2007) [Previously searched 6/1/2003-12/31/2007] | Previously collected 2003 – 4/30/2008 | IMD Division Head | 2003 – 2007 (run new/modified terms in addition to prior search), 1/1/2008 - 4/30/2018 | 2007 | Defendants have determined that Peter Kraus was the ADC chair in 2007.  His e-mails for this year were previously searched in class certification discovery, as were his e-mails for the years he was IMD Division Head (2003-2007).  Because Defendants agreed to Peter Kraus as a custodian specifically for his role as ADC Chair, Defendants will agree to run new and agreed-upon search terms (which are currently being negotiated) for the year he was the ADC chair (2007).  Furthermore, he left the Firm in 2008, so Plaintiffs' suggestion otherwise is incorrect and no additional collection is needed. |
| 34 | Krevitt, Jennifer | HCM (Global TA for IMD) [New custodian] | 7/1/2013 – Present | IMD Compensation Committee | 1/1/2013 – present | 7/1/2013 – 2/1/2019 | Defendants have agreed to search more than five years of Jennifer Krevitt's data for the time she has been Global TA for IMD, and Defendants have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  Defendants have determined that Jennifer Krevitt has been a member of the IMD Compensation Committee since 2013 to present, and that time will be covered because it overlaps with the time she has been Global TA for IMD. |
| 35 | Kung, Jessica | HCM (Senior HR Business Partner, IMD) [New custodian] | 1/1/2012 – Present | Senior HR Business Partner for the Investment Management Division; Global Head of Recruiting for the Investment Management Division | 2007 - present | 1/1/2012 – 2/1/2019 | Defendants have agreed to search seven years of Jessica Kung's data for the time she has been Senior HR Business Partner, IMD, and Defendants have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  The proposed date range covers the time she served as Global Head of Recruiting for IMD from January 2015 to June 2015.  Defendants will not agree to collect, load, process, and review five additional years of data from 2007-2011. |
| 36 | Landman, David | HCM (Head of Talent Assessment) [Previously searched 9/3/2011-12/31/2011] | 1/7/2013 (date after last collection) – Present | | 12/1/2008 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - present | 1/1/2012 – 12/1/2018 (date of e-mail extraction) | Defendants have modified the proposed date range to correct the date since the last search, and have proposed a cut-off date for data collection as discussed during our meet-and-confer call. |

A–8

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 37 | Lane, Eric | Division Head (IMD – 2012-Present) [New custodian] | 1/1/2012 – Present | Executive Office, IMD Compensation Committee, IMD Executive Committee, Cross-Ruffing IMD Team, COO of IMD | 2010 - present, dates served on Divisional Executive Committee | 1/1/2012 – 1/25/2019 (date of e-mail extraction) | Defendants have agreed to search seven years of Eric Lane's data for the time he has been an IMD Division Head.  The proposed date range covers the years he was a member of the IMD Compensation Committee (2010-2017), and the years he has been a member of the IMD Executive Committee (2017 to present).  Defendants will not agree to collect, load, process, and review four additional years of data for the time Eric Lane was a member of the IMD cross-ruffing team in 2004 or held other roles in IMD from 2009-12/2011. |
| 38 | Larson, Bruce | HCM (Global TA for IBD) [Previously searched 6/1/2003-12/31/2011] | 1/6/2013 (date after last collection) – 1/31/2013 | | 2003 - 12/31/2011 (run/modified terms in addition to prior search), 1/1/2012 - 1/31/2013 | 1/1/2012 – 1/31/2013 | Defendants have modified the proposed date range to correct the date since the last search. |
| 39 | Lauto, John | Gamba Manager [New custodian] | 7/1/2003 (approx. one month before he became Gamba's manager) – 9/30/2011 (approx. one month after he was Gamba's manager) | Cross-Ruffing Securities Team | 7/1/2003 - 9/30/2011 | 7/1/2003 (approx. one month before he became Gamba's manager) – 9/30/2011 (approx. one month after he was Gamba's manager) | |
| 40 | Lemkau, Gregg | Division Head (IBD – 5/1/2017-Present) [New custodian] | 5/1/2017 – Present | IBD Compensation Committee, IBD Executive Committee, Cross-Ruffing IBD Team, COO IBD, Senior IBD roles | 2004, 2010 - present, dates served on Divisional Executive Committee | 5/1/2017 – 2/1/2019 | Defendants have agreed to search nearly two years of Gregg Lemkau's data for the time he has been an IBD Division Head (5/1/2017 to present), and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  The proposed date range covers the time that he was a member of the IBD Compensation Committee in 2017, and nearly two years of the time that he was a member of the IBD Executive Committee.  Defendants will not agree to collect, load, process, and review nine additional years of data for the time Gregg Lemkau was a member of the IBD cross-ruffing team (2004), COO of IMD (2009-12/2011), a member of the IBD Compensation Committee (2010-2014, 2016), or a member of the IBD Executive Committee (2013-2016). |

A-9

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 41 | MDSelection@ny.email gs.com | E-mail Account  [Previously searched 6/1/2003-12/31/2011] | 12/18/2012 – Present | | 6/1/2003 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - present | 1/1/2012 – Present | Defendants have modified the proposed date range to correct the date since the last search.  Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 42 | Mehling, Scott | HCM (Global Head of Firmwide Compensation)  [Previously searched 10/26/2011-12/31/2011] | 1/7/2013 (date after last collection) – Present | | 10/26/2011 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - present | 1/1/2012 – 1/25/2019 (date of e-mail extraction) | Defendants have modified the proposed date range to correct the date since the last search and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. |
| 43 | Nachmann, Marc | Division Head (IBD – Current)  [New custodian] | 5/1/2017 – Present | IBD Compensation Committee, IBD Executive Committee, Cross-Ruffing IBD Team | 2010 - present, dates served on Divisional Executive Committee | 5/1/2017 – 2/1/2019 | Defendants have agreed to search nearly two years of Marc Nachmann's data for the time he has been an IBD Division Head (5/1/2017 to present), and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  The proposed date range covers the time that he was a member of the IBD Compensation Committee in 2017, and nearly two years of the time that he was a member of the IBD Executive Committee.  Defendants will not agree to collect, load, process, and review additional years of data for the time Marc Nachmann was a member of the IBD cross-ruffing team (2013), IBD Compensation Committee (2010-2017), and IBD Executive Committee (2013-2016). |

A-10

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 44 | Nedelman, Jeff | Compensation Committee (Equities – 2016-2017); Executive Committee (Securities – Equities); MD Cross-Ruffer Team (IMD – 2012)  [Previously searched 1/1/2005-3/31/2005] | 2012; 2016 – 2017; [dates served on Divisional Executive Committee] | Cross-Ruffing Securities Team | 2004, 1/1/2005 - 3/31/2005 (run new/modified terms in addition to prior search), 4/1/2005 - present, dates served on Divisional Executive Committee | 2012; 1/1/2016 – 2/1/2019 | Defendants have agreed to search four additional years of Jeff Nedelman's data for the time he was a member of the Equities Compensation Committee, Securities Executive Committee, and IMD cross-ruffing team.  Defendants have determined that Jeff Nedelman has been a member of the Securities Executive Committee from 10/3/2016 to present.  Defendants have modified the proposed date range accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  Defendants will not agree to collect, load, process, and review eleven additional years of data for the time he was a member of the Securities cross-ruffing team in 2004 and for 4/1/2005-2011 and 2013-2015.  Defendants also do not understand why Plaintiffs are proposing to search his data from 4/1/2005-2011 and 2013-2015. |
| 45 | O'Neill, Tim | Division Head (IMD – Current); ADC Co-chair (2017-Present)  [Previously searched 1/1/2008-12/31/2009] | 1/1/2012 – Present | IMD Compensation Committee, IMD Executive Committee, Global Co-Head of Asset Management Division | 2008 - 2009 (run new/modified terms in addition to prior search), 2010 - present | 1/1/2012 – 12/1/2018 (date of e-mail extraction) | Defendants have agreed to search seven additional years of Tim O'Neill's data for the time he has been IMD Division Head and ADC Co-chair, and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  Defendants will not agree to collect, load, process, and review two additional years of data from 2010-2011 when he was in various roles but not the Division Head.  The date range proposed by Defendants covers much of the time period that Tim O'Neill held these additional roles. |
| 46 | Reviews98@ny.ibd.email.gs.com | E-mail Account  [Previously searched 6/1/2003-12/31/2011] | 1/6/2013 – Present | | 6/1/2003 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - present | 1/1/2012 – Present | Defendants have modified the proposed date range to correct the date since the last search.  Defendants are determining the exact date through which data for this e-mail account has been collected and will propose a cut-off date as discussed during our February 8 meet-and-confer call. |
| 47 | Rosen, Tami | HCM (Global TA for IMD)  [Previously searched 11/1/2011-12/31/2011] | 1/7/2013 (date after last collection) – 7/31/2013 | IMD Compensation Committee, Global HR Co-Head for the Federation Divisions | 11/1/2011 - 12/31/2011 (run new/modified terms in addition to prior search), 1/1/2012 - 7/31/2013 | 1/1/2012 – 7/31/2013 | Defendants have agreed to search almost two additional years of Tami Rosen's data, from 1/1/2012-7/31/2013, to cover the remaining time Tami Rosen served in her role as Global TA for IMD since the last search, and have modified the proposed date range to correct the date since the last search.  The proposed date range covers the time she was a member of the IMD Compensation Committee in 2012.  Defendants have already searched her e-mails from late 2011, which covers the time when the IMD Compensation Committee was active that year. |

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 48 | Russo, Paul | Compensation Committee (Equities – 2012-2017); Executive Committee (Securities) [New custodian] | 2012 – Present | | 2012 - present, dates served on Divisional Executive Committee | 1/1/2012 – 2/1/2019 | Defendants have determined that Paul Russo has been a member of the Securities Executive Committee from March 2012 to present, which is covered by Defendants' initial date range proposal. Defendants have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. |
| 49 | Salame, Pablo | Division Head (Securities – 2012-2018); ADC Co-chair (2012-2015) [New custodian] | 1/1/2012 – 6/30/2018 | Executive Office, Securities Compensation Committee | 2005 - 6/30/2018 | 1/1/2012 – 6/30/2018 | Defendants have agreed to search more than six years of Pablo Salame's data for the time he was Securities Division Head and ADC Co-chair. The proposed date range covers the time he was in the Executive Office (2012-2015) and a member of the Securities Compensation Committee (2012-2017). Defendants will not agree to collect, load process, and review seven additional years of data for the other years he was a member of the Securities Compensation Committee (2005-2011). |
| 50 | Savarese, Jason | Executive Committee (Securities); Compensation Committee (Securities – 2010-2011, 2015-2017; FICC – 2017) [New custodian] | 2015 – 2017; [dates served on Divisional Executive Committee] | Co-Chief Operating Officer and Co- Chief Risk Officer, Securities Division | 2010-2011, 2015-2017, dates served on Executive Committee | 1/1/2012 – 2/1/2019 | Defendants have agreed to search seven years of Jason Savarese's data for the time he was a member of the Securities Compensation Committee (2015-2017) and a member of the Securities Executive Committee after 2012. Defendants have determined that Jason Savarese has been a member of the Securities Executive Committee from 10/12/2011 to present, and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. The proposed date range covers the time he has been Co-Chief Operating Officer and Co-Chief Risk Officer of the Securities Division, which Defendants have determined to be 10/2015 to present, and 1/2017 to present, respectively. Defendants are not willing to collect, load, process, and review two additional years of data from 2010-2011 when he was a member of the Securities Compensation Committee. |

A-12

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 51 | Scher, Susie | Compensation Committee (IBD – 2015-2017); Executive Committee (IBD); MD Cross-Ruffer Team (Equities – 2017)  [New custodian] | 2015 – 2017; [dates served on Divisional Executive Committee] | Americas Diversity Committee | 2015 - present, dates served on Divisional Executive Committee | 1/1/2015 – 2/1/2019 | Defendants have agreed to search four years of Susie Scher's data for the time she was a member of the IBD Compensation Committee (2015-2017), IBD Executive Committee (2/2017 to present), and a cross-ruffing team (2017).  Defendants have determined that Susie Scher has been a member of the IBD Executive Committee from February 2017 to present.  Defendants have modified the proposed date range accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  The proposed date range covers the time Susie Scher has been a member of the ADC from 2015 to present. |
| 52 | Scherrer, Clare | Compensation Committee (IBD – 2011-2017); Executive Committee (IBD)  [Previously searched 4/1/2006- 6/30/2008] | 2012 – 2017; [dates served on Divisional Executive Committee] | Women's Network Head, Co-Head of Industrials Business Unit in IBD, Cross-Ruffing IBD Team | 2004, 4/2006 - 6/2008 (run new/modified terms in addition to prior search), 2008, 2011 – 2017, dates served on Divisional Executive Committee | 1/1/2012 – 2/1/2019 | Defendants have agreed to search seven additional years of Clare Scherrer's data for the time she was a member of the IBD Compensation Committee (2012-2017) and IBD Executive Committee.  Defendants have determined that Clare Scherrer has been a member of the IBD Executive Committee from February 2017 to present, and have modified the proposed date range accordingly and have proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  Defendants will not agree to collect, load, process, and review three additional years of data for the time Clare Scherrer was a member of the IBD cross-ruffing team in 2004, Women's Network Head (2006-2008), or Co-Head of Industrials. |
| 53 | Schwartz, Harvey | Division Head (Securities – 2008-2014)  [New custodian] | 1/1/2012 – 2014 | Securities Compensation Committee, Executive Office, Co-Chief Operating Officer, Chief Financial Officer | 2008 - present | 1/1/2012 – 2014 | Defendants have agreed to search three years of Harvey Schwartz's data for the time since 1/1/2012 that he was Securities Division Head.  The proposed date range also covers two years he served as Chief Financial Officer (2013-2014) and one year he was a member of the Securities Compensation Committee (2012).  Defendants will not agree to collect, load, process, and review nearly eight additional years of data from 2008-2011 (when he was a Division Head, but another Division Head's e-mails were already searched for that time period) and 2015-2018 after he ceased being the Securities Division Head.  Furthermore, he left the Firm in April 2018, so Plaintiffs' suggestion otherwise is incorrect. |

A-13

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 54 | Solomon, David | Division Head (IBD – July 2006–2017) [Previously searched 7/1/2006- 12/31/2011] | 1/6/2012 (date after last collection) – 2017 | Executive Office, Securities Compensation Committee, IBD Compensation Committee, Cross-Ruffing IBD Team, Chairman & Chief Executive Officer, President and Chief or Co-Chief Operating Officer | 2003, 7/2006 - 2011 (run new/modified terms in addition to prior search), 1/1/2012 - present | 1/1/2012 – 12/31/2017 | Defendants have agreed to search six additional years of David Solomon's data for the time he was IBD Division Head (2012-2017), and have modified the proposed date range to correct the date since the last search. The proposed date range covers five years that he was a member of the IBD Compensation Committee (2012-2016) and two years he served in the Executive Office (2012, 2017), two of the roles Plaintiffs seek to add. Defendants will not agree to collect, load, process, and review two additional years of data for when he was a member of the Securities Compensation Committee in 2003, and from 2018 to present when he was not a Division Head. |
| 55 | Swezzey, David | De Luis Manager [New custodian] | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination] | | 3/1/2012 - 6/13/2016 | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination) | |
| 56 | Taylor, Megan | Executive Committee (IMD) [New custodian] | [dates served on Divisional Executive Committee] | Cross-Ruffing IMD Team, Chief Operating Officer of the Private Wealth Management | 2009, dates on Divisional Executive Committee, dates as COO of PWM | 9/1/2017 – 2/1/2019 | Defendants have agreed to search Megan Taylor's data for the time she was a member of the IMD Executive Committee. Defendants have determined that she has been a member of this Committee from September 2017 to present. Defendants have proposed a date range accordingly as well as a cut-off date for data collection, as discussed during our February 8 meet-and-confer call. The proposed date range covers nearly two years of the time she has been Chief Operation Officer of Private Wealth Management ("COO of PWM"). Defendants will not agree to collect, load, process, and review nine additional years of data from when she started in her role as COO of PWM in 2008, and was a member of the IMD cross-ruffing team in 2009. |

A-14

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 57 | Varadhan, Ashok | Division Head (Securities – 2014-2017) [New custodian] | 2014 – 2017 | Securities Compensation Committee, Securities Executive Committee, Cross-Ruffing IBD Team | 2009 - 2017, dates served on Divisional Executive Committee | 2014 – 2017 | Defendants have agreed to search four years of Ashok Varadhan's data for the time he served as Securities Division Head. The proposed date range covers the time he was a member of the Securities Executive Committee (8/24/2015 to present) and Securities Compensation Committee (2014-2017). Defendants will not agree to collect, load, process, and review five additional years of data for the time Ashok Varadhan was a member of the IBD cross-ruffing team in 2009 and Securities Compensation Committee from 2009-2013. |
| 58 | Vazquez-Ubarri, Anilu | Head of GLD; Chief Diversity Officer [New custodian] | 1/1/2013 – 6/30/2018 | | 1/1/2013 - 6/30/2018 | 1/1/2013 – 6/30/2018 | |
| 59 | Waldron, John | Division Head (IBD – 2015-9/30/2018) [New custodian] | 2015 – Present | IBD Compensation Committee, IBD Executive Committee | 2010 - present, dates served on Divisional Executive Committee | 1/1/2015 – 9/30/2018 | Defendants have agreed to search nearly four years of John Waldron's data for the time he was IBD Division Head. The proposed date range covers three years he was a member of the IBD Compensation Committee (2015-2017) and nearly four years he was a member of the IBD Executive Committee (2015-9/30/2018). Defendants will not agree to collect, load, process, and review five additional years of data for the other years John Waldron was a member of the IBD Compensation Committee (2010-2014) and the IBD Executive Committee (2013-2014). |
| 60 | Weinberg, John | Division Head (IBD – 2003-2014) [Previously searched 6/1/2003-12/31/2004] | 1/1/2012 – 2014 | Executive Office, IBD Compensation Committee | 2003 - 2004 (run new/modified terms in addition to prior search), 2005 - 2014 | 1/1/2012 – 2014 | Defendants have agreed to search three years of John Weinberg's data for the time he was a Division Head (2012-2014). The proposed date range covers three years he was a member of the IBD Compensation Committee (2012-2014). Defendants will not agree to collect, load, process, and review seven additional years of data for the time John Weinberg was Division Head (2005-2011), a member of the IBD Compensation Committee (2010-2011), or in the Executive Office (2009-2011). |

A-15

| No. | Custodian | Description | Defendants' 1/30/2019 Proposed Date Range(s) | Plaintiffs' 2/6/2019 Proposed Additional Position(s) | Plaintiffs' 2/6/2019 Proposed Date Range(s) | Defendants' Revised Proposed Date Range(s) | Defendants' Response |
|---|---|---|---|---|---|---|---|
| 61 | Willian, John | Compensation Committee (FICC – 2016-2017; Equities – 2014-2015); Executive Committee (Securities) [New custodian] | 2014 – 2015; 2016 –2017; [dates served on Divisional Executive Committee] | Cross Ruffing Securities Team, Head of Global Fixed Income Sales | 2003, 2005 - present | 9/1/2013 – 12/31/2018 | Defendants have agreed to search more than five years of John Willian's data for the time he was a member of the Securities Compensation Committee and Executive Committee.  Defendants have determined that he was a member of the Securities Executive Committee from 9/2013-12/31/2018, and have modified the proposed date range accordingly.  Defendants will not agree to collect, load, process, and review nearly ten additional years of data for the time John Willian served on a cross-ruffing team (2003) or as Head of Global Fixed Income Sales. |
| 62 | York, Tucker | Executive Committee (IMD) [New custodian] | [dates served on Divisional Executive Committee] | Global Head of PWM, Senior roles | 2003 - present | 9/1/2017 – 2/1/2019 | Defendants have agreed to search more than a year of Tucker York's data for the time he has been a member of the IMD Executive Committee, and have determined that he has been a member of the Committee from September 2017 to present.  Defendants have modified the proposed date range accordingly and proposed a cut-off date for data collection, as discussed during our February 8 meet-and-confer call.  Defendants will not agree to collect, load, process, and review nearly fifteen additional years of data for the time Tucker York was Global Head of PWM or in other unspecified "senior roles." |