# EXHIBIT 3



Advocates for Workplace Fairness

February 22, 2019

__Via Email__
Barbara B. Brown
Carson H. Sullivan
**Paul Hastings LLP**
875 15th Street, NW
Washington, DC 20005

Robert J. Giuffra, Jr.
Theodore O. Rogers, Jr.
Ann-Elizabeth Ostrager
Joshua S. Levy
**Sullivan & Cromwell LLP**
125 Broad Street
New York, NY 10004

Re:     *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Counsel:

Thank you for your February 15, 2019 custodian date range proposal and for the additional information you provided on our February 19, 2019 call. We are pleased that we have made progress to date. After reviewing Goldman's February 15 revised proposals, Plaintiffs now agree with the date range proposals for 46 custodians. This reflects a significant increase in the number of custodian date ranges Plaintiffs agreed to in our February 6 letter (13). In addition, as indicated throughout Plaintiffs' responses in Appendix A below, Plaintiffs' new positions are the result of substantial compromises on date ranges for a large number of additional custodians. Moreover, as indicated in Appendix A, where we do not currently agree with Goldman's proposal, we are open to considering further compromise, and expect that Goldman will do the same. We look forward to your response, and to reaching agreement on these few remaining issues in short order.

## I.      Pre-2012 ESI

### A.      Collection of New Pre-2012 Data

In your February 15 letter, you state that Goldman continues to refuse to export any pre-2012 custodial data for the agreed custodians. This position is unsupportable, and we urge you to abandon it.

February 22, 2019
Page 2 of 4

Plaintiffs are entitled to discovery for the entire liability period of this case. Judge Torres certified a class covering the period of July 7, 2002 through the resolution of this action for "employees working in New York City" and from September 10, 2014 through the resolution of this action for all other employees meeting the class definition in the United States. ECF No. 578 at 4. We are preparing now for a class merits trial. Of course, prior certification discovery naturally overlaps with merits discovery to some extent, but merits discovery is more expansive than certification discovery.[1] Although we are happy to meet and confer to achieve efficiencies from the previously produced discovery, nothing in the Court's orders temporally limits merits discovery to post-2012, and such a limit is not appropriate.[2]

While we disagree with your position, in an effort to compromise, Plaintiffs have identified very specific roles, in specific time periods, that were not covered by prior custodial searches, as reflected in Appendix A.[3] Where there is some coverage or overlap of roles for prior custodial searches, Plaintiffs have indicated where we are willing to compromise and limit the date ranges for new custodial collection. Plaintiffs' revised proposal is carefully tailored to address Goldman's objection to collecting and reviewing custodial data for roles it believes were already covered, and reflects significant compromise. We urge you to accept it.

## B.   New Searches on Previously Collected Pre-2012 Data

As we have explained on several occasions,[4] Goldman should also apply new and modified merits discovery search terms on the previously-collected custodial data for at least the

---

[1]   Even if it were true that merits discovery is more limited than pre-certification discovery, certification continues to be at issue in this case, given Defendants' stated intention to move for decertification of the Class. Thus, even discovery related to class certification alone remains relevant now.

[2]   You state in your letter that "Defendants produced over 375,000 pages of documents from 66 custodians." Feb. 15, 2019 Ltr. at 5. We do not believe that this is correct. Based on our review of Defendants' pre-certification productions, Defendants produced 100,799 total documents (amounting to 373,518 pages), 75,041 (or 233,517 pages) of which were produced as ESI from pre-certification custodial searches. If you believe that this is inaccurate, please let us know.

[3]   We continue to strongly disagree with your mischaracterization of the parties' prior negotiations with respect to custodial roles. We fully set out the parties' negotiations in our February 11 letter. As we described, Plaintiffs have been clear throughout this negotiation that many custodians hold multiple roles spanning various different categories. Your February 15 letter concedes this point by noting that Plaintiffs' initial attempt to help Goldman more efficiently review the proposed custodians by using broad category labels included custodians in "one or more" categories. Feb. 15, 2019 Ltr. at 2. Moreover, as we more fully described in our February 11 letter, Goldman's own custodian proposals included roles spanning different categories. If Goldman intends to stand on its position that it will not search for relevant documents during periods when custodians were in roles that Goldman believes are relevant, the parties will be at impasse.

[4]   In particular, we explained our position in our February 11 letter, February 19 email, and on our February 19 call.

February 22, 2019
Page 3 of 4

limited subset of custodians whom the parties agreed to search for merits discovery.  This approach reflects the parties' agreement that these individuals are the most likely to have information relevant to merits discovery.

We are open to considering a compromise for these searches based on Goldman's objections, but we cannot do so blindly.

First, we do not understand Goldman's claim that this discovery is "duplicative" and "cumulative."  The vendor's tool will allow you to avoid duplication in three easy steps, by: (1) running the terms that Plaintiffs marked as "modified" or "new" in our January 7 and January 29 search term proposals against the previously collected data;[5] (2) segregating out any previously-reviewed documents; and (3) reviewing only the new hits.

Second, we also do not understand Goldman's burden objections:

 a) You contend that this proposal will incur substantial vendor costs.  We ask that you provide us with your vendor's estimate for the cost of the proposed process (described above), so that we can confer in a good faith effort to make a proportional request.  *See Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 293, 2016 WL 3906712, at \*3 (S.D.N.Y. July 14, 2016) ("[T]he party resisting discovery has the burden of showing undue burden or expense."); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("Once relevance has been shown, it is up to the responding party to justify curtailing discovery.") (quoting *Trilegiant Corp. v. Sitel Corp.*, 275 F.R.D. 428, 431 (S.D.N.Y. 2011)).

 b) You claim that the review time will be costly.  We ask that you provide us with information about the number of new hits for each of the "new" and "modified" search terms (after previously reviewed documents are segregated out, at step 2), so that we can understand the burden and attempt to negotiate to make a proportional request.

In sum, we remain open to approaches designed to reduce Goldman's purported burden and any cumulativeness, such as a proposal from Goldman to initially review a sample of the non-reviewed documents that are responsive to Plaintiffs' "new" and "modified" search terms. However, we simply cannot agree to Goldman's flat refusal to search for relevant, responsive documents that it did not previously review.

## II.     Custodial Date Range Corrections and Proposed "Present" Cut-Off Dates

We appreciate Goldman's corrections of numerous custodian date ranges based on the last date of previous searches and new information regarding custodian roles, and Goldman's

---

[5]     In a further effort to avoid duplication, we are not asking you to run the terms we marked as "Drop," "Maintain," or "Narrow" in our January 7 and January 29 search term proposals; only the ones marked as "New" or "Modify."

February 22, 2019
Page 4 of 4

proposals with respect to cut-off dates for roles continuing through the "present."  As indicated in Appendix A, we will accept Goldman's proposals for "present" cut-off dates using dates of collection.

Very Truly Yours,

Melissa L. Stewart

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls. 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls. 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 1 | "Goldman Sachs Women's Network" | Email Account | 1/15/2005 – present | | 1/15/2005 – present | 1/15/2005 – present | Agree | 1/15/2005 – present | Plaintiffs agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 2 | "IBD/MBD Women's Network" | Email Account | 4/9/2012 – present | | 4/9/2012 – present | 4/9/2012 – present | Agree | 4/9/2012 – present | Plaintiffs agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection |
| 3 | "IMDWomen's Network" | Email Account | 3/14/2008 – present | | 3/14/2008 – present | 3/14/2008 – present | Agree | 3/14/2008 – present | Plaintiffs agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 4 | "Securities Division Women's Network Americas" | Email Account | 3/1/2005 – present | | 3/1/2005 – present | 3/1/2005 – present | Agree | 3/1/2005 – present | Plaintiffs agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 5 | Abramian-Katz, Angela | HCM (Generalist, Securities) | 1/7/2013 – present | DHH | 1/1/2008 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – 2/1/2019 | Agree | 1/1/2012 – 2/1/2019 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 6 | Banerjee, Gargi | HCM (Generalist, IBD) | 1/1/2013 – 12/31/2014 | IBD compensation committee | 2010 – 9/2015 | 1/1/2012 – 2/1/2019 | Agree | 1/1/2012 – 2/1/2019 | Plaintiffs believe that Banerjee's role on the IBD Compensation Committee from 2010-2011 indicates she is likely to have discoverable information for that time period. However, as a compromise, because another custodian offers coverage for this same period on the IBD Compensation Committee, Plaintiffs will agree to Goldman's date range proposal. |
| 7 | Bash-Polley, Stacy | Executive Committee (Securities) | 3/12/2012 – present | Cross-Ruffing Securities Team; Cross-Ruffing IBD Team; Member of Americas Diversity Committee | 2005 – 2006; 2008; 3/12/2012 – present | 3/12/2012 – 2/1/2019 | Modify | 2005 – 2006; 2008; 3/12/2012 – 2/1/2019 | Plaintiffs believe that Bash-Polley's role on the Securities Cross-Ruffing Team in 2005-2006 and 2008 indicates she is likely to have discoverable information for that time period. Because no other custodian was in this role during these years, Plaintiffs believe these years must be included in Goldman's custodial data export. |

Note: Green highlighting reflects where Plaintiffs agree.

Appendix A 2 of 17

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 8 | Bhavsar, Avanish | Executive Committee (Securities); MD Cross-Ruffer Team (Equities – 2013) | 2013; [dates served on Divisional Executive Committee] | Co-Head of FICC | 2013; dates on Divisional Executive Committee; dates as Co-Head of FICC | 2013; 5/23/2017 – 2/1/2019 | Agree | 2013; 5/23/2017 – 2/1/2019 | |
| 9 | Brown, Erika Irish | Chief Diversity Officer | 7/1/2018 – present | | 7/1/2018 – present | 7/1/2018 – 2/1/2019 | Agree | 7/1/2018 – 2/1/2019 | |
| 10 | Carlotti, Val | HCM (Global Talent Advisor ("TA") for IBD) | 9/1/2015 – 10/31/2017 | Cross-Ruffing Securities Team | 2005; 9/1/2015 – 10/31/2017 | 9/1/2015 – 10/31/2017 | Modify | 2005; 9/1/2015 – 10/31/2017 | Plaintiffs believe that Carlotti's role on the Securities Cross-Ruffing Team in 2005 indicates she is likely to have discoverable information for that time period. Because no other custodian was in this role during this year, Plaintiffs believe this year must be included in Goldman's custodial data export. However, if Goldman agrees to include this year for Stacey Bash-Polley, Plaintiffs will agree to Goldman's date range proposal for Carlotti. |
| 11 | Cohn, Gary | Senior Firm Leader | 1/1/2012 (date after last collection) – Departure | Division Head of Securities; Securities Compensation Committee; Executive Office | 2003 – 2/2008 (run new/modified terms in addition to prior search); 3/2008 – [date of departure] | 1/1/2012 – 1/27/2017 | Modify | 3/2008 – 1/27/2017 | Plaintiffs believe that Cohn's role as a senior firm leader from 2008-2011 indicates he is likely to have discoverable information for that time period. However, as a *significant* compromise, because other custodians in senior positions provide some coverage for this period, Plaintiffs will agree to Goldman's date range proposal if Goldman will agree to include Cohn's name in a search term included in Plaintiffs' forthcoming search term proposal. Plaintiffs propose this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 12 | Cooper, Edith | HCM (Head of HCM) | 1/7/2012 (date after last collection) – 12/31/2017 | Cross-Ruffing IBD Team; Cross-Ruffing IMD Team; Executive Office | 2004 – 2005; 3/2008 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – 12/31/2017 | 1/1/2012 – 12/31/2017 | Modify | 2004 – 2005; 1/1/2012 – 12/31/2017 | Plaintiffs believe that Cooper's role on the IMD Cross-Ruffing Team in 2005 and the IBD Cross-Ruffing Team in 2004 indicates she is likely to have discoverable information for that time period. Because no other custodian was in these roles during these years, Plaintiffs believe these years must be included in Goldman's new custodial data export. Plaintiffs propose this date range for the collection of new custodial data only, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 13 | Dehnert, Mark | Gamba Manager | 8/1/2011 (approx. one month before he became Gamba's manager) – 9/22/2014 (one month after her termination) | | 8/1/2011 – 9/22/2014 | 8/1/2011 – 9/22/2014 | Agree | 8/1/2011 – 9/22/2014 | |
| 14 | Dees, Dan | Compensation Committee (IBD – 2010-2017); Executive Committee (IBD); MD Cross-Ruffer Team (IMD – 2013) | 1/1/2012 – 2017; [dates served on Divisional Executive Committee] | Management Committee | 2010 – 2017; dates on Divisional Executive Committee | 1/1/2012 – 2/1/2019 | Agree | 1/1/2012 – 2/1/2019 | Plaintiffs believe that Dees' role on the IBD Compensation Committee from 2010-2011 indicates he is likely to have discoverable information for that time period. However, as a compromise, because another custodian offers coverage for this same period on the IBD Compensation Committee, Plaintiffs will agree to Goldman's date range proposal. |

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 15 | DivisionalReview@my.email.gs.co | Email Account | 11/23/2012 – present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – present | Agree | 1/1/2012 – present | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. Plaintiffs also agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 16 | Drews, Christina | Compensation Committee (IBD – 2013-2017); Executive Committee (IBD) | 2013 – 2017; [dates served on Divisional Executive Committee] | Global Chief Administrative Officer; IBD | 2002 – 2017 | 1/1/2013 – 7/31/2018 | Agree | 1/1/2013 – 7/31/2018 | Plaintiffs believe that Drews' role in IBD from 2002-2012 indicates she is likely to have discoverable information for that time period. However, as a compromise, Plaintiffs will agree to Goldman's date range proposal. |
| 17 | Eisler, Edward | Division Head (Securities – 2008-2012) | 1/1/2012 – 12/31/2012 | Securities Compensation Committee Securities Division Head | 2003 – 12/31/2012 | 1/1/2012 – 12/31/2012 | Modify | 2004 – 2007, 1/1/2012 – 12/31/2012 | Plaintiffs believe that Eisler's role on the Securities Compensation Committee from 2003-2011 indicates he is likely to have discoverable information for that time period. Because no other custodian was in that role during the period of 2004-2007, while the years 2003 and 2008-2011 are covered by other custodians, Plaintiffs are willing to compromise on a more limited time period for this custodian, but believe the years 2004-2007 must be included in Goldman's new custodial data export. |
| 18 | Felix, Genevieve | Co-head of Americas GLD | 1/7/2012 (date after last collection) – 2/28/2013 | IMD Diversity Manager/Head | 1/1/2004 – 8/1/2010 (run new/modified terms in addition to prior search); 6/2011 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – 2/28/2013 | 1/1/2012 – 2/28/2013 | Agree | 1/1/2012 – 2/28/2013 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 19 | FirmwidePerformanceR@ny.email.gs.com | Email Account | 12/20/2012 – present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – present | Agree | 1/1/2012 – present | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. Plaintiffs also agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 20 | Fox, Linda | HCM (Global TA for Securities) | 1/6/2013 (date after last collection) – 7/31/2014 | Employee Relations Specialist; Securities Compensation Committee | 6/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – 7/31/2014 | 1/1/2012 – 7/31/2014 | Agree | 1/1/2012 – 7/31/2014 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 21 | Frugg, Thomas | De Luis Manager | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination] | | 3/1/2012 – 6/13/2016 | 3/1/2012 – 6/13/2016 | Agree | 3/1/2012 – 6/13/2016 | |
| 22 | Gutierrez, Sharleen | Co-head of Americas GLD | 12/1/2012 – 1/31/2013 | | 10/2011 – 1/31/2013 | 10/1/2011 – 1/31/2013 | Agree | 10/1/2011 – 1/31/2013 | |
| 23 | HCMforIMBD@ny.email.gs.com | Email Account | 1/5/2013 – present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – present | Agree | 1/1/2012 – present | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. Plaintiffs also agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 24 | Heller, Caroline | HCM (Global TA for Securities); Executive Committee (Securities); Compensation Committee (Securities – 2012-2017) | 8/1/2014 – present; [dates served on Divisional Executive Committee] | | 2012 – present; dates served on Divisional Executive Committee | 1/1/2012 – 12/1/2018 | Agree | 1/1/2012 – 12/1/2018 | |

Note: Green highlighting reflects where Plaintiffs agree.

Appendix A 6 of 17

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 25 | Heller, David | ADC Chair (2008-2011) [previously searched 2/1/2008 – 12/31/2011] | 3/18/2011 – 12/31/2011 (previously collected 6/12/2007 – 3/17/2011) | Securities Compensation Committee | 2003; 2005 – 2011 | 3/18/2011 – 12/31/2011 | Modify | 2005 – 6/11/2007; 3/18/2011 – 12/31/2011 | Plaintiffs believe that Heller's role on the Securities Compensation Committee in 2005-2007 indicates he is likely to have discoverable information for that time period. Because no other custodian was in this role during these years, Plaintiffs believe these years must be included in Goldman's custodial data export. However, if Goldman agrees to include the years 2004-2007 for Edward Eisler, Plaintiffs will agree to Goldman's date range proposal for Heller. Plaintiffs agree with Goldman's proposal to search previously-collected but not searched data from 1/2008. While Plaintiffs also agree with Goldman's proposal to search previously-collected data from 2008-2011, Plaintiffs do not agree with Goldman's position as to searches of other previously-collected data. |
| 26 | Hendricks, Aime | HCM (Americas Head of ER) | 1/1/2012 – present | | 9/2011 – present | 9/1/2011 – 1/26/2019 | Agree | 9/1/2011 – 1/26/2019 | |
| 27 | Holmes, Dane | HCM (Head of HCM) | 1/1/2018 – present | Executive Office | 2017 – present | 1/1/2018 – 2/1/2019 | Agree | 1/1/2018 – 2/1/2019 | |
| 28 | Hunt, Edie | GLD (Advisory Director; Chief Diversity Director) | 1/1/2012 – 12/31/2013 | Senior HCM Roles; Cross-Ruffing IBD Team | 2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – 12/31/2013 | 1/1/2012 – 12/31/2013 | Agree | 1/1/2012 – 12/31/2013 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 29 | IBD_Compensation_Team@ny.ibd. email.com | Email Account | 12/1/2011 – present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – present | Agree | 1/1/2012 – present | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. Plaintiffs also agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 30 | Kaiser, Andrew | De Luis Manager; Executive Committee (IMD) | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination) | IMD Executive Committee | 3/1/2012 – 6/13/2016; dates served on Divisional Executive Committee | 3/1/2012 – 6/13/2016; 9/1/2017 – 2/1/2019 | Agree | 3/1/2012 – 6/13/2016; 9/1/2017 – 2/1/2019 | |
| 31 | Kojima, Christopher | Executive Committee (IMD); MD Cross-Ruffer Team (FICC – 2013) | 2013; [dates served on Divisional Executive Committee] | Americas Diversity Committee; IMD Executive Committee; Cross-Ruffing IMD Team | 2006; 2012-2016; dates served on Divisional Executive Committee | 2013; 9/1/2017 – 2/1/2019 | Modify | 2006; 2013; 9/1/2017 – 2/1/2019 | Plaintiffs believe that Kojima's role on the IMD Cross-Ruffing Team in 2006, the Securities Cross-Ruffing Team in 2013, and the ADC from 2007-2016 indicates that he is likely to have discoverable information for that time period. Because no other custodian was in these roles during 2006 and 2013, Plaintiffs believe these years must be included in Goldman's custodial data export. As a compromise, because other years are covered by other members or chairs of the ADC, Plaintiffs are willing to limit the number of years of Kojima's collection. |
| 32 | Kozlowski, Joanna | HCM (Global TA for IBD) | 10/1/2017 – present | IBD Executive Committee | 10/1/2017 – present | 10/1/2017 – 1/25/2019 | Agree | 10/1/2017 – 1/25/2019 | |
| 33 | Kraus, Peter | ADC Chair (2007) | Previously collected 2003 – 4/30/2008 | IMD Division Head | 2003 – 2007 (run new/modified terms in addition to prior search); 1/1/2008 – 4/30/2018 | 2007 | Agree | 1/1/2007 – 12/31/2007 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 34 | Krevitt, Jennifer | HCM (Global TA for IMD) | 7/1/2013 – present | IMD Compensation Committee | 1/1/2013 – present | 7/1/2013 – 2/1/2019 | Agree | 7/1/2013 – 2/1/2019 | |
| 35 | Kung, Jessica | HCM (Senior HR Business Partner, IMD) | 1/1/2012 – present | Senior HR Business Partner for the Investment Management Division Global Head of Recruiting for the Investment Mangement Division | 2007 – present | 1/1/2012 – 2/1/2019 | Agree | 1/1/2012 – 2/1/2019 | Plaintiffs believe that Kung's role in HCM 2007-2011 indicates she is likely to have discoverable information for that time period. However, as a compromise, Plaintiffs will agree to Goldman's date range proposal. |
| 36 | Landman, David | HCM (Head of Talent Assessment) | 1/7/2013 (date after last collection) – present | | 12/1/2008 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – 12/1/2018 | Agree | 1/1/2012 – 12/1/2018 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 37 | Lane, Eric | Division Head (IMD – 2012-Present) | 1/1/2012 – present | Executive Office; IMD Compensation Committee; IMD Executive Committee; Cross-Ruffing IMD Team; COO of IMD | 2010 – present; dates served on Divisional Executive Committee | 1/1/2012 – 1/25/2019 | Agree | 1/1/2012 – 1/25/2019 | |
| 38 | Larson, Bruce | HCM (Global TA for IBD) | 1/6/2013 (date after last collection) – 1/31/2013 | | 2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – 1/31/2013 | 1/1/2012 – 1/31/2013 | Agree | 1/1/2012 – 1/31/2013 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 39 | Lauto, John | Gamba Manager | 7/1/2003 (approx. one month before he became Gamba's manager) – 9/30/2011 (approx. one month after he was Gamba's manager) | Cross-Ruffing Securities Team | 7/1/2003 – 9/30/2011 | 7/1/2003 – 9/30/2011 | Agree | 7/1/2003 – 9/30/2011 | |
| 40 | Lemkau, Gregg | Division Head (IBD – 5/1/2017-Present) | 5/1/2017 – present | IBD Compensation Committee; IBD Executive Committee; Cross-Ruffing IBD Team; COO IBD; Senior IBD roles | 2004; 2010 – present; dates served on Divisional Executive Committee | 5/1/2017 – 2/1/2019 | Modify | 2004; 5/1/2017 – 2/1/2019 | Plaintiffs believe that Lemkau's role on the IBD Cross-Ruffing Team in 2004 and the IBD Compensation Committee from 2010-2017 indicates that he is likely to have discoverable information for that time period. However, as a compromise, because membership on the IBD Compensation Committee during these years is covered by other custodians, Plaintiffs will agree to limit their date range proposal. Because no other custodian held this cross-ruffing role in 2004, Plaintiffs believe it must be included in Goldman's custodial export. If Goldman will agree to collect data for Edith Cooper in 2004, Plaintiffs can agree to limit their date range proposal here this year will be covered by other custodians. |
| 41 | MDSelection@ny.email.gs.com | Email Account | 12/18/2012 – present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – present | Agree | 1/1/2012 – present | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. Plaintiffs also agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |

Appendix A 10 of 17

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 42 | Mehling, Scott | HCM (Global Head of Firmwide Compensation) | 1/7/2013 (date after last collection) – present | | 10/26/2011 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – 1/25/2019 | Agree | 1/1/2012 – 1/25/2019 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 43 | Nachmann, Marc | Division Head (IBD – Current) | 5/1/2017 – present | IBD Compensation Committee; IBD Executive Committee; Cross-Ruffing IBD Team | 2010 – present; dates served on Divisional Executive Committee | 5/1/2017 – 2/1/2019 | Modify | 2013; 5/1/2017 – 2/1/2019 | Plaintiffs believe that Nachmann's role on the IBD Cross-Ruffing Team in 2013 and the IBD Compensation Committee from 2010-2017 indicates that he is likely to have discoverable information for that time period. However, as a compromise, because membership on the IBD Compensation Committee during these years is covered by other custodians, Plaintiffs will agree to limit their date range proposal. Because no other custodian held this cross-ruffing role in 2013, Plaintiffs believe it must be included in Goldman's custodial expert. |
| 44 | Nedelman, Jeff | Compensation Committee (Equities – 2016-2017); Executive Committee (Securities – Equities); MD Cross-Ruffer Team (IMD – 2012) | 2012; 2016 – 2017; [dates served on Divisional Executive Committee] | Cross-Ruffing Securities Team | 2004; 1/1/2005 – 3/31/2005 (run new/modified terms in addition to prior search); 4/1/2005 – present; dates served on Divisional Executive Committee | 2012; 1/1/2016 – 2/1/2019 | Modify | 2004; 2012; 1/1/2016 – 2/1/2019 | Plaintiffs believe that Nedelman's role on the Securities Cross-Ruffing Team in 2004 indicates that he is likely to have discoverable information for this time period. As a compromise, Plaintiffs are willing to agree to limit the remainder of data collection for this custodian if Goldman will agree to collect 2004. Plaintiffs propose this date range for the collection of new custodial data only, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |

Appendix A 11 of 17

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 45 | O'Neill, Tim | Division Head (IMD – Current); ADC Co-chair (2017- Present) | 1/1/2012 – present | IMD Compensation Committee; IMD Executive Committee; Global Co-Head of Asset Management Division | 2008 – 2009 (run new/modified terms in addition to prior search); 2010 – present | 1/1/2012 – 12/1/2018 | Agree | 1/1/2012 – 12/1/2018 | Plaintiffs believe that O'Neill's role on the IMD Compensation Committee from 2010-2011 indicates that he is likely to have discoverable information for that time period. However, as a compromise, because membership on the IMD Compensation Committee during these years is covered by other custodians, Plaintiffs will agree to limit their date range proposal. Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 46 | Reviews98@ny.ibd.email.gs.com Email Account | Email Account | 1/6/2013 – present | | 6/1/2003 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – present | Agree | 1/1/2012 – present | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. Plaintiffs also agree with this date range subject to reaching agreement on Goldman's proposed cut-off date for collection. |
| 47 | Rosen, Tami | HCM (Global TA for IMD) | 1/7/2013 (date after last collection) – 7/31/2013 | IMD Compensation Committee; Global HR Co-Head for the Federation Divisions | 11/1/2011 – 12/31/2011 (run new/modified terms in addition to prior search); 1/1/2012 – 7/31/2013 | 1/1/2012 – 7/31/2013 | Agree | 1/1/2012 – 7/31/2013 | Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 48 | Russo, Paul | Compensation Committee (Equities – 2012-2017); Executive Committee (Securities) | 2012 – present | | 2012 – present; dates served on Divisional Executive Committee | 1/1/2012 – 2/1/2019 | Agree | 1/1/2012 – 2/1/2019 | |

Note: Green highlighting reflects where Plaintiffs agree.

Appendix A 12 of 17

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 49 | Salame, Pablo | Division Head (Securities – 2012-2018); ADC Co-chair (2012-2015) | 1/1/2012 – 6/30/2018 | Executive Office; Securities Compensation Committee | 2005 – 6/30/2018 | 1/1/2012 – 6/30/2018 | Modify | 2004 – 2007, 1/1/2012 – 6/30/2018 | Plaintiffs believe that Salame's role on the Securities Compensation Committee from 2005-2011 indicates he is likely to have discoverable information for that time period. Because no other custodian was in that role during the period of 2004-2007, while the years 2003 and 2008-2011 are covered by other custodians, Plaintiffs are willing to compromise on a more limited time period for this custodian, but believe the years 2004-2007 must be included in Goldman's new custodial data export. If Goldman will agree to collect this data for Edward Eisler, Plaintiffs will consider agreeing to limit the date range for this custodian. |
| 50 | Savarese, Jason | Executive Committee (Securities); Compensation Committee (Securities –2010-2011, 2015-2017; FICC – 2017) | 2015 – 2017; [dates served on Divisional Executive Committee] | Co-Chief Operating Officer and Co-Chief Risk Officer; Securities Division | 2010-2011; 2015-2017; dates served on Executive Committee | 1/1/2012 – 2/1/2019 | Agree | 1/1/2012 – 2/1/2019 | Plaintiffs believe that Savarese's role on the Securities Compensation Committee from 2010-2011 indicates he is likely to have discoverable information for that time period. However, as a compromise, because committee membership in these years is covered by other custodians, Plaintiffs are willing to agree to Goldman's more limited date range proposal. |
| 51 | Scher, Susie | Compensation Committee (IBD – 2015-2017); Executive Committee (IBD); MD Cross-Ruffer Team (Equities – 2017) | 2015 – 2017; [dates served on Divisional Executive Committee] | Americas Diversity Committee | 2015 – present; dates served on Divisional Executive Committee | 1/1/2015 – 2/1/2019 | Agree | 1/1/2015 – 2/1/2019 | |

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 52 | Scherrer, Clare | Compensation Committee (IBD – 2011-2017); Executive Committee (IBD) | 2012 – 2017; [dates served on Divisional Executive Committee] | Women's Network Head; Co-Head of Industrials Business Unit in IBD; Cross-Ruffing IBD Team | 2004; 4/2006 – 6/2008 (run new/modified terms in addition to prior search); 2008; 2011 – 2017; dates served on Divisional Executive Committee | 1/1/2012 – 2/1/2019 | Modify | 2004; 7/1/2008 – 12/31/2008; 1/1/2012 – 2/1/2019 | Plaintiffs believe that Scherrer's role on the IBD Cross-Ruffing Team in 2004 and 2008 and the IBD Compensation Committee in 2011 indicates she is likely to have discoverable information in those years. As a compromise, because committee membership in 2011 is covered by other custodians, Plaintiffs are willing to limit their date range proposal. However, because these years on the IBD Cross-Ruffing Team are not covered by other custodians, Plaintiffs believe custodial data must be collected for those years. Plaintiffs propose this date range for the collection of new custodial data only, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 53 | Schwartz, Harvey | Division Head (Securities – 2008-2014) | 1/1/2012 – 2014 | Securities Compensation Committee; Executive Office; Co-Chief Operating Officer; Chief Financial Officer | 2008 – present | 1/1/2012 – 2014 | Agree | 1/1/2012 – 12/31/2014 | Plaintiffs believe that Schwartz's role as a Securities Division Head and on the Securities Compensation Committee in 2008-2011 indicates he is likely to have discoverable information in those years. However, as a compromise, because these roles are covered by other custodians in those years, Plaintiffs are willing to agree to Goldman's more limited date range proposal. |

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 54 | Solomon, David | Division Head (IBD – July 2006-2017) | 1/6/2012 (date after last collection) – 2017 | Executive Office; Securities Compensation Committee; IBD Compensation Committee; Cross-Ruffing IBD Team; Chairman & Chief Executive Officer; President and Chief or Co-Chief Operating Officer | 2003; 7/2006 – 2011 (run new/modified terms in addition to prior search); 1/1/2012 – present | 1/1/2012 – 12/31/2017 | Agree | 1/1/2012 – 12/31/2017 | Plaintiffs believe that Solomon's role on the Securities Compensation Committee in 2003 indicates he is likely to have discoverable information during that time. However, as a compromise, because committee membership in this time period is covered by another custodian, Plaintiffs will agree to Goldman's more limited date range proposal. Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 55 | Sweezey, David | De Luis Manager | 3/1/2012 (when De Luis first reached out regarding a possible transfer to Texas) – 6/13/2016 (one month after her termination] | | 3/1/2012 – 6/13/2016 | 3/1/2012 – 6/13/2016 | Agree | 3/1/2012 – 6/13/2016 | |
| 56 | Taylor, Megan | Executive Committee (IMD) | [dates served on Divisional Executive Committee] | Cross-Ruffing IMD Team; Chief Operating Officer of the Private Wealth Management | 2009; dates on Divisional Executive Committee; dates as COO of PWM | 9/1/2017 – 2/1/2019 | Modify | 2009; 9/1/2017 – 2/1/2019 | Plaintiffs believe that Taylor's role on the IMD Cross-Ruffing Team in 2009 indicates she is likely to have discoverable information in that year. Because no other custodian was in this role during this time, Plaintiffs believe custodial data must be collected for this year. |

Note: Green highlighting reflects where Plaintiffs agree.

Appendix A 15 of 17

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 57 | Varadhan, Ashok | Division Head (Securities – 2014-2017) | 2014 – 2017 | Securities Compensation Committee; Securities Executive Committee; Cross-Ruffing IBD Team | 2009 – 2017; dates served on Divisional Executive Committee | 2014 – 2017 | Modify | 2009; 2014 – 2017 | Plaintiffs believe that Varadhan's roles on the IBD Cross-Ruffing Team in 2009 and on the Securities compensation Committee in 2009-2013 indicate he is likely to have discoverable information in those years. As a compromise, because membership on the Securities Compensation Committee is covered by other custodians in those years, Plaintiffs are willing to limit their date range proposal. However, because no other custodian was in the IBD Cross-Ruffer role in 2009, Plaintiffs believe custodial data must be collected for this year. |
| 58 | Vazquez-Ubarri, Anilu | Head of GLD; Chief Diversity Officer | 1/1/2013 – 6/30/2018 | | 1/1/2013 – 6/30/2018 | 1/1/2013 – 6/30/2018 | Agree | 1/1/2013 – 6/30/2018 | |
| 59 | Waldron, John | Division Head (IBD – 2015- Present) | 2015 – present | IBD Compensation Committee; IBD Executive Committee | 2010 – present; dates served on Divisional Executive Committee | 1/1/2015 – 9/30/2018 | Agree | 1/1/2015 – 9/30/2018 | Plaintiffs believe that Waldron's roles on the IBD Compensation Committee in 2010-2014 and the IBD Executive Committee in 2013-2014 indicate he is likely to have discoverable information in those years. As a compromise, because membership on the IBD Compensation Committee and the IBD Executive Committee is covered by other custodians in those years, Plaintiffs will agree to limit their date range proposal. |

Appendix A 16 of 17

Note: Green highlighting reflects where Plaintiffs agree.

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 60 | Weinberg, John | Division Head (IBD – 2005–2014) | 1/1/2012 – 2014 | Executive Office; IBD Compensation Committee | 2003 – 2004 (run new/modified terms in addition to prior search); 2005 – 2014 | 1/1/2012 – 2014 | Agree | 1/1/2012 – 2014 | Plaintiffs believe that Weinberg's role as a Division Head from 2003-2011 indicate that he is likely to have discoverable information in those years. As a compromise, because this role is covered by other custodians in those years, Plaintiffs will agree to limit their date range proposal. Plaintiffs agree with this date range for the collection of new custodial data, subject to the parties' ongoing negotiation regarding searches of previously-collected custodial data. Plaintiffs do not agree with Goldman's position as to searches of previously-collected data. |
| 61 | Willian, John | Compensation Committee (FICC – 2016-2017; Equities – 2014-2015); Executive Committee (Securities) | 2014 – 2015; 2016 –2017; [dates served on Divisional Executive Committee] | Cross Ruffing Securities Team; Head of Global Fixed Income Sales | 2003; 2005 – present | 9/1/2013 – 12/31/2018 | Modify | 2003; 2005 – 12/31/2018 | Plaintiffs believe that Willian's senior leadership roles, including his role as a Securities Cross-Ruffer in 2003, indicate that he is likely to have discoverable information for the full period of 2003 and 2005 through the present. However, as a *significant* compromise, Plaintiffs are willing to consider agreeing to Goldman's more limited date range if Goldman will agree to include Willian's name in a search term included in Plaintiffs' forthcoming search term proposal. |
| 62 | York, Tucker | Executive Committee (IMD) | [dates served on Divisional Executive Committee] | Global Head of PWM; Senior roles | 2003 – present | 9/1/2017 – 12/31/2018 | Modify | 2003 – 12/31/2018 | Plaintiffs believe that York's senior leadership roles indicate that he is likely to have discoverable information for the full period of 2003 through the present. However, as a *significant* compromise, Plaintiffs are willing to consider agreeing to Goldman's more limited date range if Goldman will agree to include York's name in a search term included in Plaintiffs' forthcoming search term proposal. |

Note: Green highlighting reflects where Plaintiffs agree.

Appendix A 17 of 17

| No. | Custodian | Goldman's Description | Goldman's 1/30/2019 Proposed Date Ranges | Additional Position(s) | Pls.' 2/6/2019 Proposed Date Range(s) | Goldman's Revised 2/15/2019 Proposed Date Ranges | Pls.' Response | Pls.' 2/21/2019 Proposed Date Ranges For Collection of New Data Only | Notes |
|---|---|---|---|---|---|---|---|---|---|
| 63 | Infante, Toni | | n/a | DHH | 2003 – 9/1/2011 (run new/modified terms in addition to prior search); 9/2/2011 – date of departure | n/a | -- | -- | Plaintiffs do not agree with Goldman's position as to searches of this custodian's previously-collected data. |
| 64 | Lowen, Alex | | n/a | Firmwide Compensation | 2/1/2006 – 10/26/2011 (run new/modified terms in addition to prior search); 10/27/2011 – date of departure | n/a | -- | -- | Plaintiffs do not agree with Goldman's position as to searches of this custodian's previously-collected data. |