USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H. CHRISTINA CHEN-OSTER, et al.,           :
                                            :        10-CV-6950 (AT) (RWL)
                    Plaintiffs,             :
                                            :        **ORDER**
        - against -                         :
                                            :
GOLDMAN, SACHS & CO., et al.,               :
                                            :
                    Defendants.             :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiffs' motion for reconsideration of this Court's November 5, 2020 Order (Dkt. 1100) (the "Order"). The Order denied Plaintiffs' request for additional document discovery of "boys-club" evidence from three senior Goldman leaders (the "Executives"), each of whom at one time sat on Goldman's firmwide Management Committee. The Court denied Plaintiffs' request because, among other reasons, Plaintiffs had not come forward with sufficient evidence to demonstrate that the individuals made decisions with respect to the three specific employment processes that are the subject of class certification (quartiling, 360 reviews, and cross-ruffing), let alone in the context of considering their application and effect on gender disparity. The Court left open the door, however, if sufficient evidence emerged from the depositions of two of three of the Goldman Executives that would support a different outcome.

In moving for reconsideration, Plaintiffs do not come forward with any "controlling decisions or data that the Court overlooked." *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Instead, Plaintiffs argue that the premise of the Order – lack of nexus – is contradicted by the Court's earlier directive permitting

1

Plaintiffs to depose two of the three Executives. There is no contradiction. In allowing the depositions, the Court acknowledged that the Executives had "potentially" relevant knowledge and that Plaintiffs should have the opportunity to find out if the Executives played any role with respect to the three processes. (*See* Transcript of Conference, Oct. 20, 2020.) The Court did not conclude that the Executives in fact had such knowledge.

In their reply, Plaintiffs cite to recent deposition testimony of Lloyd Blankfein, one of the Executives. The testimony demonstrates Mr. Blankfein's significant involvement in leading Goldman's overall diversity efforts, but not directly with the three processes at issue here. The testimony also shows that Mr. Blankfein was aware of certain quartiling statistics showing potential gender disparities, but not in a way that addresses whether the quartiling process itself had any effect on gender disparity. In short, the testimony does not sufficiently connect Mr. Blankfein to the three processes at issue and their effect on gender diversity sufficient to warrant further production of "boys-club" evidence.

Plaintiffs also point to two documents that were presented to or reflect information provided to Mr. Blankfein as a member of Goldman's firmwide board of directors. One of the documents, a diversity task force report, contains a statement that failure of formal processes disproportionately affects women and recommends changes to processes of career development, performance management, promotions/advancement, and compensation. The task force report does not, however, sufficiently draw a connection between Mr. Blankfein and the three specific processes at issue here (again, quartiling, 360 reviews, and cross-ruffing) that would justify further production of "boys-club" evidence.

The other document appears to be the minutes of a board presentation about a 2015 "people survey." Among other things, the board discussion addressed Goldman's progress, or lack thereof, with respect to diversity and contains some information about evaluation, promotion, and retention of women compared to men. The minutes further indicate that Goldman's board "will be holding Messrs. Blankfein and Cohn [another Executive] accountable for improving the firm's diversity." Again, however, the minutes do not draw a direct connection to any of the three processes at issue sufficient to justify further production of "boys-club" evidence.

The Court fully agrees with Plaintiffs that "it is more important to get the issue right than it is to reject [a] motion for reconsideration as a mere 'second bite' at the proverbial apple." *In re General Motors LLC Ignition Switch Litigation*, No. 14-MC-2543, 2017 WL 3443623, at *3 (S.D.N.Y. Aug. 9, 2017). In this instance, however, the Court got it right.

This order also resolves Plaintiffs' motion to strike Goldman's sur-reply in opposition to Plaintiffs' motion for reconsideration of the Order. (Dkt. 1120.) The motion to strike is DENIED. Goldman requested the Court accept the sur-reply rather than presume it would do so.[1] Substantively, the sur-reply primarily provides additional testimony from Mr. Blankfein, thereby providing additional context for the excerpts of his testimony submitted by Plaintiffs. In any event, the sur-reply did not alter the Court's decision; in other words, the Court reached the same result before and without consideration of the sur-reply.

---

[1] That said, the more appropriate procedure for seeking permission to file a sur-reply would be to put the request in a cover letter separate from any proposed filing. Moreover, Goldman is cautioned that it is not being granted open season on filing sur-replies and should be circumspect about its compulsion to always have the last word.

3

Plaintiffs' motion for reconsideration of the Court's November 5, 2020 Order is DENIED.  The Clerk of Court is respectfully requested to terminate the motions at Dkt. 1100 and 1120.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 27, 2020
       New York, New York

Copies transmitted this date to all counsel of record.