# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

December 3, 2020

<u>Via ECF</u>

The Honorable Robert W. Lehrburger,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
       New York, New York 10007-1312.

     Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
          <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Lehrburger:

        On behalf of Defendants, and in accordance with Rule III.G of the Court's Individual Practices in Civil Cases, I request that the Court permit redaction of one line of personally identifying information consisting of an employee's individual telephone and facsimile numbers listed in Exhibit 4 (ECF No. 1111-4) to Plaintiffs' November 19, 2020 letter regarding Goldman Sachs's 2017 compensation analysis ("Letter"; ECF No. 1111). The parties conferred on November 30 and December 2, 2020. Plaintiffs agreed to Defendants' request to redact personally identifying information. Plaintiffs also agreed to re-file without redaction an excerpted version of the deposition transcript appended as Exhibit 2 to Plaintiffs' Letter (ECF No. 1111-2) limited to the portions of the transcript cited in their Letter and the pages immediately preceding and following each cited page.

        As a threshold matter, the Court has held repeatedly that the personally identifying information of Goldman Sachs employees should be redacted in public filings. (*See*, *e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1106.) Defendants request that the Court continue to permit such redaction consistent with its prior Orders.

        In any event, there is no presumed right of access to information filed concerning discovery issues. The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process,'" *id.*, such as "pleadings in civil litigation []other than discovery motions and accompanying exhibits." *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with

The Honorable Robert W. Lehrburger                                                                                          -2-

discovery-related disputes are not judicial documents"); *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Here, because the parties filed documents and information in connection with a discovery-related dispute regarding Goldman Sachs's 2017 compensation analysis, they are not judicial documents entitled to a presumption of public access.

    To the extent the presumption of access applies at all, it would be weak because Plaintiffs' request for additional discovery has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents' role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom. Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

    The employee telephone and facsimile numbers in Exhibit 4 to Plaintiffs' Letter are exactly the kind of personally identifying information courts in this District routinely permit to be redacted. *See Mark* v. *Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (Nathan, J.) (granting request to redact telephone numbers because the "privacy interests in individuals' personal information" outweigh the "presumption of access"); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (Marrero, J.) (permitting redaction of "sensitive personal information of current and former employees," including "telephone numbers").

    For the foregoing reasons, Defendants respectfully ask the Court to permit redaction of certain personally identifying information listed in Exhibit 4 to Plaintiffs' Letter.

                Respectfully,

                */s/ Ann-Elizabeth Ostrager*

                Ann-Elizabeth Ostrager
                of Sullivan & Cromwell LLP

cc:  All parties of record (by ECF)