# Exhibit 13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHERINE MOUSSOURIS, et al., | CASE NO. C15-1483JLR |
| Plaintiffs, | ORDER |
| v. | **PRELIMINARILY FILED UNDER SEAL** |
| MICROSOFT CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Special Master Michelle Peterson's report and recommendation on Plaintiffs Katherine Moussouris, Holly Muenchow, and Dana Piermarini's (collectively, "Plaintiffs") motion to compel. (R&R (Dkt. # 196) (preliminarily sealed); Mot. (Dkt. ## 145 (sealed), 147 (redacted)); *see also* 5/2/17 Order (Dkt. # 191) (appointing Ms. Peterson as Special Master).) Plaintiffs object to one portion of Ms. Peterson's recommendation. (Obj. (Dkt. ## 205 (redacted), 207 (sealed)).) Defendant Microsoft Corporation does not object to any of Ms. Peterson's recommendations (*see*

ORDER - 1

Dkt.), but Microsoft opposes Plaintiffs' objection (Resp. to Obj. (Dkt. ## 213 (redacted), 214 (sealed))). The court has reviewed de novo Plaintiffs' objection to Ms. Peterson's report and recommendation, all of the parties' submissions related to the report and recommendation and Plaintiffs' objection, the relevant portions of the record, and the applicable law. Being fully advised, the court REJECTS Plaintiffs' objection, ADOPTS the report and recommendation in full, and GRANTS in part and DENIES in part Plaintiffs' motion to compel. The court also GRANTS the pending motions to seal and Microsoft's request to redact portions of the report and recommendation. Finally, the court DIRECTS the Clerk to file this order preliminarily under seal and ORDERS the parties to meet and confer and submit additional materials as detailed herein.

## II. BACKGROUND

On March 24, 2017, Plaintiffs moved to compel production of three categories of documents that Microsoft logged as privileged and/or attorney work product. (*See generally* Mot.) On May 2, 2017, the court appointed Ms. Peterson to "assist with Plaintiffs' motion to compel . . . and other matters as the court may assign after notice to the parties." (5/2/17 Order ¶ 1.) In her role as Special Master, Ms. Peterson "may issue reports and recommendations but not orders." (*Id.* ¶ 6.) The parties may object to findings of fact and conclusions of law, and the court reviews any objections de novo. (*Id.* ¶ 9(c).)

Plaintiffs challenge certain conclusions regarding the documents underlying Microsoft's April 2016 Equal Pay Study. (Obj. at 2-7.) Arjuna Capital, one of Microsoft's institutional shareholders, initiated the Equal Pay Study by requesting that

1  Microsoft provide greater transparency regarding gender pay equity.  (Pannoni Decl.

2  (Dkt. ## 155 (redacted), 173 (sealed)) ¶ 3.)  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

3  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  (*Id.*)

4  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

5  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

6  ▆▆▆▆▆  (*Id.*)  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

7  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  (*Id.*

8  ¶¶ 3, 5, 8.)

9       Once Microsoft decided to respond in some fashion to Arjuna Capital's request,

10  Microsoft personnel pulled relevant data, and Welch Consulting, which Mr. Meade hired

11  on Microsoft's behalf, ran various regression analyses.  (*Id.* ¶¶ 4, 7-9.)  ▆▆▆▆▆▆

12  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

13  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  (*Id.* ¶ 8.)

14       Ms. Peterson concludes that "[c]ommunications relating to the details of the final

15  [Equal Pay Study], its results, and the Arjuna Capital proposal involve advice as to

16  business decisions and not legal guidance."  (R&R at 14.)  She also recommends

17  precluding Microsoft from claiming privilege as to the data and method Microsoft used in

18  performing the Equal Pay Study.  (*Id.* at 17.)  However, she recommends granting

19  Plaintiffs' motion to compel only as to the data and methodologies that underlie the final

20  Equal Pay Study, as published on Microsoft's blog.  (*Id.*)  ▆▆▆▆▆▆▆▆▆▆▆

21  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

22  ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  (*Id.*)

ORDER - 3

1  Plaintiffs object to the latter recommendation and argue that the relief Ms.
2  Peterson recommends is incomplete in light of Microsoft's waiver of privilege. (*See*
3  *generally* Obj.) Plaintiffs seek an order directing Microsoft to disclose all
4  communications related to the Equal Pay Study, including those Microsoft opted not to
5  utilize in the final, published version. (*Id.*) Plaintiffs' objection is now before the court.

6 ### III. ANALYSIS

7 **A. Plaintiffs' Objection**

8  As a threshold matter, Microsoft argues that it could not waive privilege through
9  disclosure because none of the disclosed information was privileged. (*See* Resp. to Obj.
10 at 5-7.) This argument is inconsistent with Microsoft's prior position. (*See* Supp. Mot. to
11 Quash (Dkt. # 88) at 5 n.5; 3/24/17 Shaver Decl. (Dkt. ## 146 (sealed), 148 (redacted))
12 ¶ 26, Ex. C; *see also* R&R at 16 (noting that this argument is "seemingly contradictory to
13 Microsoft's early arguments regarding its pay data").) Moreover, Ms. Peterson rejected
14 this argument in the report and recommendation (R&R at 16-17), and Microsoft did not
15 object to that conclusion (*see* Dkt.). Accordingly, the court declines to reconsider Ms.
16 Peterson's conclusions that the pay data underlying the Equal Pay Study is privileged.
17 (R&R at 16; *see* 5/2/17 Order ¶ 9(c) (providing for de novo review only of findings and
18 conclusions to which the parties object).)
19  The parties' dispute therefore hinges on the scope of Microsoft's waiver of
20 privilege. Microsoft supports the limited waiver that Ms. Peterson recommends. (Resp.
21 to Obj. at 7-12).) Plaintiffs advocate a broader waiver that covers "the full complement
22 //

ORDER - 4

of Equal Pay Study analyses." (Obj. at 7.) The court reviews this issue de novo. (5/2/17 Order ¶ 9(c).)

"[T]he disclosure of information resulting in the waiver of the attorney-client privilege constitutes waiver 'only as to communications about the matter actually disclosed.'" *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (quoting *Weil v. Inv./Indicators, Research & Mgmt.*, 647 F.2d 18, 25 (9th Cir. 1981)). The "principal purpose" of the express waiver doctrine "is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340-41 (9th Cir. 1996). Contrary to both parties' arguments, "the matter actually disclosed" is neither self-defining nor dispositive on the waiver's scope. Rather, considerations of fairness govern how expansively to define "the matter actually disclosed" for purposes of ascertaining the scope of express waiver. *See id.*; *IGT v. All. Gaming Corp.*, No. 2:04-cv-1676-RCJ-RJJ, 2007 WL 2429147, at *3 (D. Nev. Aug. 20, 2007); (*see also* R&R at 17 ("Fundamental fairness suggests that Microsoft should not be allowed to publicly tout its favorable diversity data, including providing statistics on its success, and then claim the data and resulting method to reach its statistics are privileged.").)

Here, fundamental fairness warrants the more limited approach that Ms. Peterson recommends and for which Microsoft advocates. Microsoft represents that it has produced the relevant raw data (*see* Resp. to Obj. at 4 n.2), and Plaintiffs do not dispute

ORDER - 5

that representation (*see generally* Reply re Obj. (Dkt. ## 216 (sealed), 218 (redacted)). Plaintiffs can analyze that data in any manner they see fit. *See United States v. Cote*, 456 F.2d 142, 145 (8th Cir. 1972) (holding that the "disclosure effectively waived the privilege not only to the transmitted data but also as to the details underlying that information"). Furthermore, Plaintiffs put the Equal Pay Study at issue, whereas Microsoft has disavowed any intent to use the study in this case. (*See, e.g.*, Resp. to Obj. at 10.) Microsoft's extrajudicial disclosure of selected information "create[s] no risk of *legal* prejudice" because Microsoft has affirmatively indicated that it does not intend to use the Equal Pay Study to its benefit in this litigation. *In re von Bulow*, 828 F.2d 94, 103 (2d Cir. 1987).[1]

Plaintiffs resist this conclusion by raising Microsoft's "affirmative defense to punitive damages that [Microsoft] 'acted without malice and with a good faith belief in the propriety of its conduct.'" (Reply re Obj. at 4 n.3 (quoting Ans. (Dkt. # 61) at 19 ¶ 17).) This argument implicates implicit—as opposed to express—waiver of privilege. *See Chevron*, 974 F.2d at 1162 ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.").

---

[1] *See also Dukes v. Wal-Mart Stores, Inc.*, No. 01-cv-2252 CRB (JSC), 2013 WL 1282892, at *9 (N.D. Cal. Mar. 26, 2013) (quoting *In re von Bulow*, 828 F.2d at 103) ("As long as the initial disclosures of privileged communications 'are and remain extrajudicial, there is no legal prejudice that warrants a broad court-imposed subject matter waiver.'"); *Wi-LAN, Inc. v. LG Elecs., Inc.*, No. C 10-80254 JF (PSG), 2013 WL 685339, at *3-4 (N.D. Cal. Feb. 25, 2013) (limiting the waiver arising from an extrajudicially disclosed letter that the authoring party had not used and disclaimed the intent to use in the underlying litigation); *cf. Tennenbaum*, 77 F.3d at 340-41 (reasoning that the "principal purpose" of the attorney-client privilege waiver doctrine "is to protect against the unfairness that would result from a privilege[-]holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable").

1  Again, Microsoft disclosed the underlying raw data to Plaintiffs and will not use the
2  positive results of the Equal Pay Study as a sword in support of its affirmative defense.
3  (*See* Resp. to Obj. at 10.) The court therefore rejects the contention that it is inequitable
4  to shield disclosure of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Cf. Chevron*, 974 F.2d at 1162-63 ("The
6  privilege which protects attorney-client communications may not be used both as a sword
7  and a shield."). In other words, the scope of any implicit waiver does not extend to the
8  materials Plaintiffs seek in their objection to the report and recommendation.
9  Because Plaintiffs have the ability to manipulate the underlying data and there is
10 no suggestion that Microsoft has selectively disclosed privileged information to benefit
11 its litigation position, the court concludes that the limited waiver approach Ms. Peterson
12 recommends is most equitable.[2] (*See* R&R at 17.) The court therefore overrules
13 Plaintiffs' objection and adopts in full the report and recommendation.
14 //
15 //
16 //
17 //
18 //

---

19 [2] Plaintiffs also argue that the temporal delineation Ms. Peterson recommends is
   impossible to draw. (Obj. at 5-7.) The court rejects this argument because Ms. Peterson's
20 recommendation does not hinge on the temporal distinctions Plaintiffs posit. (*See* R&R at 17
   ("The special master recommends that the court find a waiver as to the methodology that
21 Microsoft eventually settled upon, the results of which were published on its website. ▇▇▇▇
   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

ORDER - 7

**B.   Sealing Issues**

1. <u>Merits</u>

The court now turns to several outstanding issues pertaining to sealing.[3]  Although Plaintiffs filed some of the motions, Microsoft is the proponent of sealing in each instance.  *See* Local Rules W.D. Wash. LCR 5(g).  Ms. Peterson issued a recommendation on the motions to seal that had been filed as of June 12, 2017—the date she filed the report and recommendation.  (*See* R&R at 42-47.)  Because all of the subject materials are filed in conjunction with a discovery motion and only tangentially related to the merits of the case, Microsoft must demonstrate "good cause" to seal the materials at issue.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016); (*accord* R&R at 42.)

Neither party objects to Ms. Peterson's recommendation that the court sign Microsoft's proposed orders granting the first three motions to seal.  (3/24/17 MTS; 4/10/17 MTS; 4/14/17 MTS.)  The court's review of the first three motions and Ms. Peterson's analysis confirms that good cause exists to seal the subject materials.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  The court therefore adopts Ms. Peterson's recommendation and grants those motions, as

//

---

[3] (*See* 3/24/17 MTS (Dkt. # 144); 4/10/17 MTS (Dkt. # 150); 4/14/17 MTS (Dkt. # 181); 6/22/17 MTS (Dkt. # 199); 7/6/17 MTS (Dkt. # 204); 7/12/17 MTS (Dkt. # 212); 7/14/17 MTS (Dkt. # 215); *see also* R&R at 1, 48 (filing the report and recommendation preliminarily under seal and directing the parties to file statements regarding redaction); Joint Stmt. (Dkt. ## 200 (sealed), 201 (redacted)) (setting out the parties' respective positions on what portions, if any, of the report and recommendation should be sealed).)

narrowed in the proposed orders Microsoft presents in support thereof (Dkt. ## 150-1, 177-1, 192-1).

The court also grants Microsoft's requested redactions to the report and recommendation. (Joint Stmt. at 1-3.) The portions of the report and recommendation that Microsoft seeks to redact pertain to Microsoft's motivations, purposes, and strategic determinations in consultation with counsel. (*Compare* Prop. Redacted R&R (Dkt. # 201-1), *with* R&R.) As Ms. Peterson concluded (R&R at 44-45), communications of this sort are privileged and good cause therefore exists to retain the seal on the documents, *see Kamakana*, 447 F.3d at 1178-79, and Plaintiffs did not object to this recommendation (*see generally* Obj.). The court rejects the characterizations that Plaintiffs articulate for the first time here—namely, that the information Microsoft seeks to redact is an overview, constitutes legal determinations, and, in some instances, already exists in the public record.[4] (*See* Joint Stmt. at 3-5.) Microsoft also moves to seal portions of the joint statement itself because the statement contains the same type of information (6/22/17 MTS), and the court grants that motion for the same reasons it grants the requested redactions to the report and recommendation.

//

//

---

[4] The primary competing considerations in evaluating a motion to seal are the public's interest in access and the proponent's interest in sealing. *See Kamakana*, 447 F.3d at 1178-79. The court therefore agrees with Plaintiffs (*see* Joint Stmt. at 3) that notwithstanding Plaintiffs' previous failure to oppose Microsoft's motion to seal similar information, the court must evaluate the merits of Microsoft's motion to protect the public's interest in access, *see Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939JLR, 2013 WL 5674997, at *1-2 (W.D. Wash. Oct. 17, 2013). Nonetheless, the court's evaluation leads the court to reject Plaintiffs' characterization of the subject information and grant Microsoft's request to seal.

1    The remaining motions to seal address the briefing on Plaintiffs' objection to the

2 report and recommendation. (*See* 7/6/17 MTS; 7/12/17 MTS; 7/14/17 MTS.) These

3 motions address similar information to the materials the court addressed above, with one

4 exception: information pertaining to Microsoft's internal business operations. Microsoft

5 contends public disclosure of its internal business operations would disadvantage

6 Microsoft. (Resp. to 7/6/17 MTS (Dkt. # 209) at 2-4; Resp. to 7/14/17 MTS (Dkt. # 220)

7 at 2-4.) The court agrees that Microsoft has shown good cause to maintain the seal on

8 these "sources of business information that might harm [Microsoft]'s competitive

9 standing" if disclosed. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978).

10 Furthermore, apart from the business information, the material Microsoft seeks to seal in

11 conjunction with the briefing on Plaintiffs' objection to the report and recommendation is

12 of the same variety as the material the court analyzes above. (*See* Resp. to 7/6/17 MTS at

13 4-5; 7/12/17 MTS at 2-4; Resp. to 7/14/17 MTS at 4-5.) The court grants the motions to

14 seal that information for the reasons the court articulates above and Ms. Peterson

15 articulates in the report and recommendation. (*See* R&R at 42-46.)

16    2.   <u>Implementation</u>

17    The functional limitations of the Electronic Court Filing system preclude the court

18 from efficiently effectuating the relief it affords on the motions to seal. *See supra*

19 § III.B.1. Accordingly, the court orders the parties to meet and confer regarding the

20 extent to which this order requires supplementing the public record with redacted or

21 unsealed versions of documents. The court orders Microsoft to prepare those documents

22 and file them in the public record no later than August 7, 2017. By that date, Microsoft

ORDER - 10

1 must submit a statement (1) identifying each document implicated by the court's
2 sealing-related rulings, *see supra* § III.B.1.; (2) for documents that the appropriate
3 redacted or sealed version already exists in the public record, identifying that document
4 by docket number; and (3) for documents that are not currently in the public record, if
5 any, identifying that document and attaching that document with the appropriate
6 redactions.

7       Finally, this order cites evidence that has been redacted or filed under seal. The
8 court orders the parties to also meet and confer regarding which portions, if any, of this
9 order should be redacted. Counsel must then submit one joint statement or, if they cannot
10 agree on a joint statement, two competing statements indicating which portions of the
11 order they seek to have redacted. The statement or statements must attach a proposed
12 redacted order that incorporates the redactions requested in the corresponding statement.
13 Any such statement is due to the court no later than August 7, 2017. The court will
14 consider any requests to redact and then file the order on the docket with any necessary
15 redactions.

16 **C.    Class Certification Schedule**

17       Pursuant to its April 11, 2017, order, the court orders the parties to submit a
18 proposed class discovery and class certification schedule following this order. (*See*
19 4/11/17 Order (Dkt. # 176).) Rather than the three-day turnaround the court indicated in
20 the April 11, 2017, order (*id.* at 1), however, the court orders the parties to propose class
21 discovery and class certification deadlines no later than August 7, 2017.
22 //

ORDER - 11

## IV.  CONCLUSION

Based on the foregoing analysis, the court OVERRULES Plaintiffs' objection to the report and recommendation (Dkt. ## 205, 207), ADOPTS the report and recommendation (Dkt. # 196), and GRANTS in part and DENIES in part Plaintiffs' motion to compel (Dkt. ## 145, 147).  The court GRANTS the pending motions to seal (Dkt. ## 144, 150, 181, 199, 204, 212, 215) and GRANTS Microsoft's request to redact portions of the report and recommendation (Dkt. ## 200-01).  Finally, the court DIRECTS the Clerk to file this order preliminarily under seal and ORDERS the parties to meet and confer and submit additional materials as detailed above.

Dated this 27th day of July, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge