# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/6/2021___

BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 17, 2020

Via ECF

The Honorable Analisa Torres,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

      Re: *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
          No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

      On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I request that the Court (1) maintain under seal Exhibit 9 (ECF No. 1141-9), a confidential draft presentation to the Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP"), to Plaintiffs' December 14, 2020 objections ("Objections"; ECF No. 1141) and permit redaction of a quotation from that document in Plaintiffs' Objections, and (2) permit redaction of sensitive personally identifying information listed in two exhibits to the Objections (ECF Nos. 1141-27, 1141-31), including the names of individual promotion candidates and a current employee's individual telephone number. The parties conferred on December 14 and 17, 2020. Plaintiffs do not oppose Defendants' requests.

      As a threshold matter, Judge Lehrburger has already held that the exact same documents and information at issue should remain sealed or redacted. (ECF No. 1106.) In addition, this Court and Judge Lehrburger have held repeatedly that OFCCP-related regulatory materials should remain sealed in public filings. (ECF Nos. 947, 1078, 1092.) This Court and Judge Lehrburger have also held many times that sensitive personally identifying information of Goldman Sachs employees should be redacted in public filings. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092.) Defendants request that the Court continue to permit such redaction and sealing consistent with its and Judge Lehrburger's prior Orders.

      In any event, there is no presumed right of access to information filed concerning discovery issues. The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Rather, "'the item filed must be relevant to the performance of the judicial function and

The Honorable Analisa Torres                                                                                                              -2-

useful in the judicial process,'" *id.*, such as "pleadings in civil litigation []other than discovery motions and accompanying exhibits." *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"); *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Here, because Plaintiffs filed the documents and information in connection with Plaintiffs' request for additional document discovery, they are not judicial documents entitled to a presumption of public access.

To the extent the presumption of access applies at all, it would be weak because Plaintiffs' request for additional discovery has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents' role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom*. *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

*First*, Goldman Sachs's draft of a confidential regulatory presentation to the OFCCP should remain sealed. Under Second Circuit precedent, "in applying the balancing test," the Court "should give added weight" to the risk that "requiring disclosure will have a potential chilling effect" on desirable behaviors. *In re N.Y. Times*, 828 F.2d 110, 114 (2d Cir. 1987). Exhibit 9 to Plaintiffs' Objections is a draft confidential regulatory presentation to the OFCCP regarding Goldman Sachs's diversity efforts. Disclosure of regulatory-related materials—including confidential presentations by employers to the OFCCP—risks chilling future regulatory communications. *See United States* v. *Nixon*, 418 U.S. 683, 705 (1974) ("[T]hose who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process."). Each page of the draft presentation is stamped "Confidential Conciliation Materials – Not Admissible Pursuant to Federal Rule of Evidence 408," and the presentation includes a slide stating that the information contained therein "is proprietary and confidential, and not subject to disclosure under [the Freedom of Information Act]," and that "Goldman Sachs does not authorize release or disclosure" of the presentation. Where, as here, "submissions to regulatory agencies that are not publicly available" have been produced in discovery, courts "find[] that these documents should remain under seal." *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 2017 WL 4399198, at *3 (N.D. Fla. Sept. 29, 2017). To hold otherwise "would have a chilling effect" on employers' "obligation to conduct frank, open, and honest conversations" with their regulators. *Id*.

*Second*, certain sensitive personally identifying information of individual employees in the exhibits to the Objections, such as the names of individual employee promotion candidates and a current employee's individual telephone number, should be

The Honorable Analisa Torres                                                                                      -3-

redacted. Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050 (internal quotation marks and alterations omitted); *see In re N.Y. Times*, 828 F.2d at 116 (privacy interests "should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted"). Here, the privacy interests of the Goldman Sachs employees listed in Exhibits 27 and 31 to Plaintiffs' Objections counsel in favor of continued redaction of their sensitive personally identifying information. *See United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities.").

For the foregoing reasons, Defendants respectfully ask the Court to (1) maintain under seal Exhibit 9 to Plaintiffs' Objections, and permit redaction of a quotation from that exhibit in the Objections, and (2) permit redaction of certain sensitive personally identifying information listed in Exhibits 27 and 31 to Plaintiffs' Objections.

Respectfully,

/s/ *Ann-Elizabeth Ostrager*

Ann-Elizabeth Ostrager
of Sullivan & Cromwell LLP

cc:     All parties of record (by ECF)

GRANTED.

SO ORDERED.

Dated: January 6, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge