# Exhibit 2

| | |
|---|---|
| **From:** | Levy, Joshua S. |
| **Sent:** | Tuesday, November 17, 2020 11:58 AM |
| **To:** | Levin-Gesundheit, Michael; Ostrager, Ann-Elizabeth; Briggs, Samantha R.; Siddiky, Leila R.; Wolfe, William S.; Davidoff, Amanda Flug; zzExt-carsonsullivan; 'annayoon@paulhastings.com'; Cassady, Elizabeth A.; Giuffra Jr., Robert J. |
| **Cc:** | goldmansachs-attysonly@outtengolden.com; Shaver, Anne B. |
| **Subject:** | RE: [EXTERNAL] RE: Chen-Oster v. Goldman Sachs, Discovery Deficiency |

Michael,

Your request for additional discovery regarding a 2017 pay analysis four days before the close of fact discovery is irrelevant, privileged, and untimely.

Your email makes no attempt to justify the relevance of the requested documents and data.  This is unsurprising because, as both Judge Torres and Judge Lehrburger held, the Court did not certify a standalone compensation claim, so information regarding compensation is not, by itself, relevant.  To the extent any of the data underlying the 2017 analysis may be relevant, Defendants have already produced personnel data for associates and vice president in the three relevant divisions in the United States.  Any additional data used in the 2017 analysis for other titles, divisions, or geographic locations is not pertinent to this case.  Nor does your selective quotation from Defendants' February 21, 2012 letter render these documents responsive to your document request.  Defendants in fact stated that that they would produce studies "conducted by formal groups at the firm *such as diversity-related task forces or groups within HCM*," *not* analysis directed, supervised, and managed by counsel to provide legal advice to Goldman Sachs's Environmental, Social and Governance reporting, which is irrelevant to this action regarding three employment processes.

As I explained in my November 16 email, the 2017 pay analysis was directed, supervised, and managed by counsel for the purpose of providing legal advice, and is therefore privileged.  The fact that the final results of this analysis were disclosed publicly "provides 'no basis for inferring that [Goldman Sachs] did not intend that the drafts—which reflect its confidential requests for legal advice and were not distributed—to be confidential.'"  *Berkley Custom Ins. Managers* v. *York Risk Servs. Grp., Inc.*, 2020 WL 5439636, at *5 (S.D.N.Y. Sept. 10, 2020) (Liman, J.) (quoting *In re Grand Jury Subpoena*, 731 F.2d 1032, 1038 (2d Cir. 1984)).  "[I]n this Circuit, the publication of a non-confidential attorney-client communication does not create an inference that related communications or earlier drafts were similarly not intended to be confidential."  *Id.* (internal quotation marks omitted).  Nor did Defendants waive any privilege during the deposition of Erika Irish Brown, who testified that she was not involved in any pay analysis because "[a]ccording to what's written in the report it was in 2017," which "predates me" because "I wasn't even thinking about Goldman Sachs in 2017."  (Brown Dep. at 123:17–124:2.)

Your request for additional documents regarding a 2017 pay analysis four days before the close of fact discovery is untimely.  You do not dispute that you have been aware of this analysis for over two years.  Your assertion that documents regarding this analysis "have neither been produced nor logged" is wrong.  (*See, e.g.*, GS06066238 ("On pay, we have conducted an analysis that shows women at the firm on average make 99% of what men earn."); Defs.' Merits Privilege Log Entry No. 5159 ("Reflects request for and provision of legal advice regarding compensation policies.").)  The fact "that the 2017 study was conducted independently of Goldman's annual compensation review process" in no way excuses Plaintiffs' over two-year delay.

Regards,
Josh

Joshua S. Levy

1

Sullivan & Cromwell LLP
T: (212) 558-4307
C: (516) 680-5751

---

**From:** Levin-Gesundheit, Michael <mlevin@lchb.com>
**Sent:** Monday, November 16, 2020 8:22 PM
**To:** Levy, Joshua S. <LevyJo@sullcrom.com>; Ostrager, Ann-Elizabeth <ostragerae@sullcrom.com>; Briggs, Samantha R. <briggss@sullcrom.com>; Siddiky, Leila R. <Siddikyl@sullcrom.com>; Wolfe, William S. <wolfew@sullcrom.com>; Davidoff, Amanda Flug <davidoffa@sullcrom.com>; zzExt-carsonsullivan <carsonsullivan@paulhastings.com>; 'annayoon@paulhastings.com' <annayoon@paulhastings.com>; Cassady, Elizabeth A. <cassadye@sullcrom.com>; Giuffra Jr., Robert J. <giuffrar@sullcrom.com>
**Cc:** goldmansachs-attysonly@outtengolden.com; Shaver, Anne B. <ashaver@lchb.com>
**Subject:** RE: [EXTERNAL] RE: Chen-Oster v. Goldman Sachs, Discovery Deficiency

Josh,

The 2017 pay equity analysis at issue is exactly the type of analysis Goldman represented it would collect. It is a "stud[y] concerning gender and . . . compensation," "pertain[ing] to the [] revenue divisions and w[as] conducted by formal groups." February 21, 2012 Letter from Barbara Brown, at 3. This is not an example of what Goldman did not agree to collect: documents from "informal groups around the firm hav[ing] looked at their own data or circumstances." *Id.* Instead, Goldman conducted a formal study covering vice presidents and associates in the pertinent divisions, and while the study covers more than just class member positions, its breadth does not make it unresponsive to Request No. 11.

Plaintiffs do not seek "additional document discovery," and Plaintiffs' inquiry is not untimely. November 16, 2020 Email from Joshua Levy. The documents at issue are responsive to a discovery request about which the parties have already met and conferred. Goldman agreed to collect the documents, but those documents have neither been produced nor logged. The discovery period is open, and we wrote to you identifying the deficiency the same day that we learned, from Chief Diversity Officer Erika Irish Brown's deposition testimony, that the 2017 study was conducted independently of Goldman's annual compensation review process. We note that you did not raise a claim of privilege during Ms. Irish Brown's deposition, and to the extent the 2017 analysis *could* be privileged, the privilege was waived by public disclosure of the results in an effort to generate goodwill for the firm.

Please confirm by 12 noon E.T. tomorrow (Tuesday, November 17) whether Goldman will produce underlying data files and any reports, presentations, memoranda, or other documents summarizing or describing the 2017 gender pay equity analysis at issue.

Thank you,
Michael

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Michael Levin-Gesundheit**
Attorney at Law
mlevin@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com [lieffcabraser.com]

---

**From:** Levy, Joshua S. [mailto:LevyJo@sullcrom.com]
**Sent:** Monday, November 16, 2020 1:58 PM
**To:** Levin-Gesundheit, Michael; Ostrager, Ann-Elizabeth; Briggs, Samantha R.; Siddiky, Leila R.; Wolfe, William S.; Davidoff, Amanda Flug; zzExt-carsonsullivan; 'annayoon@paulhastings.com'; Cassady, Elizabeth A.; Giuffra Jr., Robert J.

2

**Cc:** goldmansachs-attysonly@outtengolden.com; Shaver, Anne B.
**Subject:** [EXTERNAL] RE: Chen-Oster v. Goldman Sachs, Discovery Deficiency

Michael,

There is no "deficiency" in Defendants' document productions. Defendants have already produced personnel data for associates and vice president in the three relevant divisions. The pay analysis Plaintiffs reference is not relevant to this case. It was a broad analysis that included employees outside the U.S. in all divisions and job titles and thus has no bearing on the population or claims at issue in this litigation, which are limited to associates and vice presidents in revenue-producing roles, in three specific divisions, and do not include a standalone compensation claim. Nor is this analysis responsive to Request No. 11 to Plaintiffs' First Set of Requests for Production, which the parties agreed to narrow to analyses pertaining to Associates and Vice Presidents in revenue-producing positions in the relevant divisions performed by "formal groups at the firm such as diversity-related task forces or groups within HCM." (Defs.' Feb. 21, 2012 Ltr. at 3.) Moreover, the pay analysis Plaintiffs' reference was directed, supervised, and managed by counsel for the purpose of providing legal advice, and is therefore privileged.

Finally, Plaintiffs' request for additional document discovery one week before the close of fact discovery comes too late. As the link included in your email shows, the fact that Goldman Sachs conducted a pay analysis in 2017 has been public for over two years. Plaintiffs cannot wait until the final week of fact discovery to raise issues they could have raised years earlier.

Regards,
Josh

Joshua S. Levy
Sullivan & Cromwell LLP
T: (212) 558-4307
C: (516) 680-5751

---

**From:** Levin-Gesundheit, Michael <mlevin@lchb.com>
**Sent:** Friday, November 13, 2020 9:08 PM
**To:** Ostrager, Ann-Elizabeth <ostragerae@sullcrom.com>; Briggs, Samantha R. <briggss@sullcrom.com>; Siddiky, Leila R. <Siddikyl@sullcrom.com>; Levy, Joshua S. <LevyJo@sullcrom.com>; Wolfe, William S. <wolfew@sullcrom.com>; Davidoff, Amanda Flug <davidoffa@sullcrom.com>; zzExt-carsonsullivan <carsonsullivan@paulhastings.com>; 'annayoon@paulhastings.com' <annayoon@paulhastings.com>; Cassady, Elizabeth A. <cassadye@sullcrom.com>; Giuffra Jr., Robert J. <giuffrar@sullcrom.com>
**Cc:** goldmansachs-attysonly@outtengolden.com; Shaver, Anne B. <ashaver@lchb.com>
**Subject:** [EXTERNAL] Chen-Oster v. Goldman Sachs, Discovery Deficiency

Counsel:

I write regarding a deficiency in Goldman's production, which became apparent during the course of Erika Irish Brown's testimony today. Ms. Irish Brown testified that the following public statement is a summary of the results of a 2017 gender pay equity analysis: "We have conducted an analysis that shows women at the firm on average make 99 percent of what men earn." Goldman Sachs, Purpose & Progress: 2017 Environmental, Social and Governance Report at 24, *available at* https://www.goldmansachs.com/citizenship/sustainability-reporting/esg-content/esg-report-2017.pdf.

Goldman has not produced any materials regarding this publicly disclosed 2017 gender pay equity analysis. Such materials are responsive to Plaintiff's First Set of Requests for Production, Request No. 11, which seeks: "All DOCUMENTS OR CORRESPONDENCE RELATED to all gender-related statistical audits, analyses, STUDIES OR reports regarding compensation . . . for Associates [and] Vice Presidents . . . that DEFENDANTS have performed, including but not limited to the underlying data for such audits, analyses, STUDIES OR reports."

In light of the upcoming close of fact discovery, please confirm as soon as possible, and no later than by 5 p.m. ET on Monday, November 16, whether Goldman will produce the underlying data files and any reports, presentations, memoranda, or other documents summarizing or describing the 2017 gender pay equity analysis at issue.

Thank you,
Michael

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

**Michael Levin-Gesundheit**
Attorney at Law
mlevin@lchb.com
t 415.956.1000
f 415.956.1008

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
www.lieffcabraser.com [lieffcabraser.com]

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.

**\*\*This is an external message from:** mlevin@lchb.com **\*\***

This e-mail is sent by a law firm and contains information that may be privileged and confidential. If you are not the intended recipient, please delete the e-mail and notify us immediately.

This message is intended for the named recipients only. It may contain information protected by the attorney-client or work-product privilege. If you have received this email in error, please notify the sender immediately by replying to this email. Please do not disclose this message to anyone and delete the message and any attachments. Thank you.