# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 14, 2021

<u>Via ECF</u>

The Honorable Analisa Torres,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

        Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
              <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Torres:

        On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I respond to Plaintiffs' January 13, 2021 letter ("Letter"; ECF No. 1160) and request that the Court permit continued redaction of discovery materials consisting of certain highly sensitive (i) hearsay selectively culled from Defendants' internal personnel investigative files in Plaintiffs' January 13, 2021 unauthorized reply brief ("Reply"; ECF No. 1158-1), and (ii) deposition testimony quoted in Plaintiffs' Reply and appended as Exhibit D thereto (ECF No. 1158-5). These redactions protect the substantial privacy interests of individual former Goldman Sachs employees, and the public interest would not be served by the disclosure of this information. Plaintiffs' Letter fails to disclose that Judge Francis, Judge Lehrburger, and Your Honor have expressly ordered some or all of the *exact same material* to be filed under seal (ECF No. 1109), and provides no explanation for their opposition to Defendants' request.

        As a threshold matter, under Judge Francis's June 10, 2014 Order (ECF No. 242), all of Defendants' internal personnel investigative files—including the one at issue here—were ordered to be submitted under seal. Plaintiffs previously moved to unseal these materials (ECF No. 508), and this Court denied Plaintiffs' motion, recognizing that "the materials include sensitive content about identifiable non-parties" (June 29, 2017 Order at 1, ECF No. 510). Judge Lehrburger has likewise repeatedly permitted redaction of sensitive internal personnel investigative files, including the same material cited in Plaintiffs' Reply. (Dec. 27, 2018 Order, ECF No. 661; Nov. 16, 2020 Memo Endorsement, ECF No. 1109.) And this Court recently permitted redaction of similarly sensitive portions of other deposition testimony. (Oct. 23, 2020 Memo Endorsement, ECF No. 1092.) Defendants request that this Court continue to permit redaction and sealing consistent with its prior Orders.

        In any event, there is no presumed right of access to discovery materials, such as deposition excerpts and documents filed in connection with discovery disputes. The

The Honorable Analisa Torres                                                                                                            -2-

Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process,'" *id.*, such as "pleadings in civil litigation []other than discovery motions and accompanying exhibits." *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (emphasis added; internal quotation marks omitted); *see SEC* v. *TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001) ("deposition discovery material[s]" are "not judicial documents") (internal quotation marks omitted); *Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) (holding "that documents filed with the court in connection with discovery-related disputes are not judicial documents"); *Joy* v. *North*, 692 F.2d 880, 893 (2d Cir. 1982) ("Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public."). Here, because Plaintiffs filed references to documents and deposition excerpts in connection with their request for additional document discovery, the materials are not judicial documents entitled to a presumption of public access.

To the extent the presumption of access applies at all, it would be weak because Plaintiffs' request for additional discovery has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *Cty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom*. *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"); *see Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 311 F. Supp. 3d 653, 667 (S.D.N.Y. 2018) (Castel, J.) ("presumption of public access . . . is low" for "deposition testimony and related e-mails").

*First*, the internal personnel investigative material and deposition testimony excerpted in Plaintiffs' Reply consist of unfounded allegations of misconduct against individual former Goldman Sachs employees, which are highly inflammatory and raise significant privacy concerns. *See United States* v. *Silver*, 2016 WL 1572993, at *6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (third parties "have an interest in maintaining the privacy of their alleged sexual relationships, which can constitute embarrassing conduct and . . . are undoubtedly a sensitive subject") (internal quotation marks omitted); *Cohen* v. *Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (Castel, J.) (redacting "deposition transcripts" where deponents "are not parties to this litigation and their identities are irrelevant to the motion."). Indeed, even if they were not baseless, such "boy's club" allegations unconnected to the three certified firm processes are wholly irrelevant to this action. (Class Cert. Order at 47, ECF No. 578 (denying certification of "boy's club" claim).)  Accordingly, courts in this Circuit routinely permit such unsubstantiated, sensationalist accusations to remain sealed or redacted. *See Amodeo II*, 71 F.3d at 1051 (approving sealing where "[p]ortions of the Report are hearsay" and "there is a

The Honorable Analisa Torres                                                                        -3-

strong possibility that the report will contain material which is untrustworthy or simply incorrect") (internal quotation marks and alteration omitted); *see also In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) (Aaron, J.) ("[D]ocuments [that] contain false details . . . fall into the category of documents worth protecting [from public disclosure], namely 'records used to gratify spite or promote scandal and files that might serve as reservoirs of libelous statements for press consumption.'") (quoting *Amodeo I*, 44 F.3d at 146).

*Second*, disclosing the internal personnel investigative material and deposition testimony excerpted in Plaintiffs' Reply risks violating the privacy rights of those against whom the accusations were lodged, who would be afforded no meaningful opportunity to respond. *See Amodeo II*, 71 F.3d at 1051 ("a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein"). Courts in this Circuit "restrict[] the dissemination or disclosure of . . . deposition testimony or information contained in personnel files—information that could be used to embarrass, harass, or violate the privacy interests of third parties to this litigation." *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 4522778, at *6 (S.D.N.Y. July 24, 2015) (Furman, J.) (collecting cases). Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* at 1050 (internal quotation marks and alterations omitted); *see also Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'the privacy interests of innocent third parties' . . . establish a 'venerable common law exception to the presumption of access'") (quoting *Amodeo II*, 71 F.3d at 1050–51). And courts routinely decline to disclose information that would be used to "gratify private spite or promote public scandal." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978); *see*, *e.g.*, *Silver*, 2016 WL 1572993, at *7 ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."). Here, the privacy interests of the individual employees named in these materials justify continued redaction.

*Third*, there is a strong public policy militating against disclosure of material relating to internal employee investigative files, as both EEOC Enforcement Guidance and New York State law direct that employers are required to keep confidential all records relating to harassment complaints and investigations. *See* Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors, EEOC Notice No. 915.002 (June 18, 1999); N.Y. Lab. Law § 201-g(1).

For the foregoing reasons, Defendants respectfully ask the Court to permit continued redaction of (i) internal personnel investigative material quoted and referenced in Plaintiffs' Reply, and (ii) certain deposition testimony quoted in and appended to Plaintiffs' Reply. In the alternative, Defendants respectfully ask the Court to permit continued redaction of the personally identifying information, such as names and specific titles, of the individuals identified in the personnel investigative material and deposition testimony quoted and appended to Plaintiffs' Reply.

The Honorable Analisa Torres                                                                                         -4-

                                                    Respectfully submitted,

                                                    */s/ Ann-Elizabeth Ostrager*

                                                    Ann-Elizabeth Ostrager
                                                    of Sullivan & Cromwell LLP

cc:       All parties of record (by ECF)