**Lieff
Cabraser
Heimann &
Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

June 6, 2021

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA ECF**

The Hon. Analisa Torres
The Hon. Robert W. Lehrburger
  United States District Court for the Southern District of New York
  500 Pearl Street
  New York, NY 10007-1312

      Re:    *Chen-Oster, et al. v. Goldman, Sachs & Co.* No. 10-6950 (AT) (RWL)

Dear Judge Torres and Judge Lehrburger,

      We write on behalf of Plaintiffs and the Class in response to Goldman Sachs's June 4, 2021 letter motion regarding the upcoming briefing schedule for this matter.[1]  ECF No. 1175.

      According to the operative scheduling order, the parties will begin briefing *Daubert* motions on July 12, 2021, with motions on decertification and summary judgment to follow on July 22 and August 9, respectively.  ECF No. 1050.  Plaintiffs believe that briefing these motions to Judge Torres directly, rather than in duplicate fashion after briefing them first to Judge Lehrburger, is both required by the operative referral order and would best serve judicial efficiency and fairness.

      Per the existing referral order, all dispositive motions (including summary judgment) must be directed to Judge Torres.  ECF No. 240.  There is no reason in law or equity to revisit that assignment.  Because the Court's summary judgment rulings (and ultimate decisions at trial) will necessarily be informed by any *Daubert* rulings, the *Daubert* motions should likewise be directed to Judge Torres.  *Cf. Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

---

[1] Goldman Sachs did not meet and confer with Plaintiffs in advance of this filing, and has therefore never heard Plaintiffs' position on this topic.  Instead, in response to a question from Plaintiffs regarding the briefing venue, Goldman Sachs sent an email unilaterally declaring "impasse" at 8:07pm on Friday, June 4, 2021, ECF No. 1175-1 at 2, and filed its letter motion ten minutes later (at 8:17pm).  Nevertheless, Plaintiffs respond herein.

Judge Torres and Judge Lehrburger
June 6, 2021
Page 2

      Similarly, Goldman Sachs's anticipated motion to decertify the class will ask the Court to revisit Judge Torres's well-reasoned March 30, 2018 Order granting class certification. ECF No. 578. Such motion should be directed to Judge Torres directly for that review, as it is law of this case that a Magistrate Judge may not revisit the rulings of an Article III judge. *See* ECF No. 364 at 45 (Magistrate Judge Francis noting that "the law of the case doctrine dissuades me from revisiting the appropriateness of" Judge Sand's prior rulings).

      Presenting these motions to Judge Torres directly will also promote judicial efficiency, as it will streamline what otherwise would be multiple, labor-intensive and costly rounds of redundant briefing on the same issues before two Judges. During the nearly eleven years that this case has been pending, the parties have submitted multiple such objections to reports and recommendations by Magistrate Judges. Plaintiffs respectfully submit that maintaining the status quo—which would require the parties to brief decertification, summary judgment, and *Daubert* motions to Judge Torres—would avoid the unnecessary expense, delay, and strain on judicial resources of another round of pre-ruling objections, and would assist in bringing this case to a prompt resolution.

                                                Respectfully submitted,

                                                */s/ Kelly M. Dermody*
                                                Kelly M. Dermody

cc:      All parties, via ECF