# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 22, 2021

Via ECF

The Honorable Analisa Torres,
    United States District Court for the
        Southern District of New York,
            500 Pearl Street,
                New York, New York 10007-1312.

> Re:  *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
>      No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

On behalf of Defendants, I write to clarify certain inaccurate and misleading statements in Plaintiffs' June 21, 2021 letter (ECF No. 1180; "Pl. Ltr.").

*First*, more than a year ago, Plaintiffs committed to a briefing schedule that did not contemplate the exchange of pre-motion letters for any motion, much less the exchange of pre-motion Rule 56.1 statements for motions for summary judgment.  (*See* ECF Nos. 1046, 1048.) Judge Lehrburger so-ordered the parties' proposed briefing schedule (*see* ECF No. 1050), and Your Honor directed the parties to file the motions and accompanying briefs in this Court.  (*See* ECF No. 1177.)  Just weeks before the filing of the motions, Plaintiffs now backtrack from their agreement and seek to have the parties exchange pre-motion letters and pre-motion Rule 56.1 statements, so that this Court may "determine[] whether a motion from either party is warranted." (Pl. Ltr. at 1.)  But a pre-motion letter process cannot short-circuit Defendants' right to move for summary judgment.  *See Richardson Greenshields Secs., Inc.* v. *Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (district court "has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure").  If the Court directs the parties to exchange pre-motion letters and Rule 56.1 statements in advance of their summary judgment motions, Defendants propose that such letters be filed on August 9, 2021 to allow time for the parties to prepare and exchange their respective Rule 56.1 statements, and respectfully request a modest extension of the deadline for summary judgment motions, from August 9, 2021 to September 9, 2021, with Plaintiffs' opposition due November 10, 2021 and Defendants' reply due December 8, 2021.

*Second*, Plaintiffs presume that this Court is "well aware of the relevant issues and authorities" for Defendants' decertification motion (Pl. Ltr. at 2), even though Defendants have not yet filed their motion, and the Court's March 30, 2018 certification order did not have the benefit of the past three years of post-certification discovery calling into question the factual findings underlying that order.  (ECF Nos. 502, 511, 578.)  This Court has an affirmative duty to ensure "continued compliance with Rule 23's requirements."  *Amara* v. *CIGNA Corp.*, 775 F.3d

510, 520 (2d Cir. 2014). As a result, the Court will have to review its factual findings at class certification, made before merits discovery, including that class members "hold only one of two jobs," and that decision-making for the challenged processes was centralized. (ECF No. 578 at 27–28 & n.11.) It is blackletter law that the Court's grant of class certification was an "inherently tentative" ruling. *Rodriguez* v. *It's Just Lunch Int'l*, 2018 WL 3733944, at *2 (S.D.N.Y. Aug. 6, 2018) (Stein, J.) ("[A]ctual, not presumed, conformance with Rule 23 remains indispensable to the continued maintenance of a class action.") (citation and punctuation omitted)). For example, evidence developed in post-certification discovery establishes that class members hold myriad jobs, and that decision-making for the challenged processes is entirely decentralized. The Court will benefit if Defendants can properly present that record to the Court in their decertification motion.[1]

*Third*, in opposing Goldman Sachs's reasonable request for an extension of page limits for its summary judgment motion, Plaintiffs try to distinguish the many cases Goldman Sachs cited where courts routinely granted page extensions on the basis that those cases involved "complexities . . . that do not apply here." (Pl. Ltr. at 3; *see* ECF No. 1178 at 2.) But this action, which is indisputably complex, involves thousands of class members over a class period reaching back to 2002, and has generated a discovery record of over a million pages of documents, dozens of depositions, and reports and rebuttals from 10 experts. Defendants intend to present evidence showing that Plaintiffs cannot establish their class-wide discrimination claims, including documents and testimony indisputably establishing that Plaintiffs have failed to establish a class-wide impact caused by the challenged processes, and failed to prove that Goldman Sachs intentionally discriminated against its female professionals in evaluations and promotions over the past almost 20 years. Plaintiffs' suggestion that "the Rule 56.1 statement of facts that will accompany any motion" (Pl. Ltr. at 3) supports limiting Defendants to just 35 pages of briefing on their summary judgment motion ignores that Rule 56.1 statements cannot include any argument. *See, e.g.*, *Hengjin Sun* v. *China 1221, Inc.*, 2015 WL 5542919, at *3 (S.D.N.Y. Aug. 12, 2015) (Sullivan, J.) (finding plaintiffs failed "to comply with Local Civil Rule 56.1 and Federal Rule of Civil Procedure 56," including by "improperly assert[ing] legal arguments in many of their counterstatements," and holding that "those counterstatements must be disregarded"). Moreover, the parties' summary judgment motions will ease the burden on the Court, either by eliminating the need for trial, or significantly narrowing the issues to be tried.

*Fourth*, Plaintiffs' only justifications for opposing Defendants' reasonable request to file *Daubert* motions for up to four experts totaling 70 pages is their speculation that this approach will somehow "facilitate[] inefficient repetition of legal standards," and that Defendants' *Daubert* briefs may "possibly" include "substance that belongs in . . . other briefs . . . ." (Pl. Ltr. at 2.) Defendants intend to state the applicable legal standard in just one *Daubert* brief and incorporate its explication of those standards by reference in the others and have no intention of raising irrelevant "substance." Plaintiffs claim that "35 pages is more than enough space for each

---

[1] Plaintiffs cite to a single, completely irrelevant out-of-Circuit case where the court entered the parties' stipulated case management schedule that did not even include any requests to enlarge page limits for the (incorrect) notion that "courts expect that [decertification motions] will be briefed within default limits." (Pl. Ltr. at 2, citing *Rai* v. *Santa Clara Valley Transp. Auth.*, 2015 WL 13448013, at *2 (N.D. Cal. Aug. 25, 2015)).

The Honorable Analisa Torres                                                                                           -3-

party to present their *Daubert* arguments" (*id*.), even though Plaintiffs avoid any mention of whether they intend to file one *Daubert* motion, multiple motions, or no motions at all. The Court will benefit if Defendants can present the multiple critical failings of Plaintiffs' experts. For example, for Dr. Farber, plaintiffs' statistician, who failed to follow basic standards of statistics or to address key issues in this case, Defendants must clearly explain his opinions and methods, and the standards governing regression analyses. The same is true for Plaintiffs' experts Ms. Butler, Dr. Goldberg, and Dr. Yermack, who similarly employ unscientific and unreliable methods in reaching their opinions.

Defendants submit that this briefing will be most efficient in separate briefs devoted to each of Plaintiffs' four experts. Defendants thus respectfully request (i) confirmation that the parties do not need to file pre-motion letters or exchange pre-motion Rule 56.1 statements in connection with their respective motions for summary judgment; (ii) that if the Court revises the schedule and directs a pre-motion letter process, that such letters be filed on August 9, 2021, with a corresponding short extension of the briefing schedule, with opening briefs due September 9, 2021, with Plaintiffs' opposition due November 10, 2021 and Defendants' reply due December 8, 2021; and (iii) grant Defendants' proposed page limits of 60 pages for opening and opposition briefs, and 30 pages for reply briefs for decertification and summary judgment motions, and the following page limits for the *Daubert* motions:

(1)  motion to exclude the testimony of Sarah Butler: up to 10 pages for opening and opposition briefs; 5 pages for reply;

(2)  motion to exclude the testimony of Caren Goldberg: up to 15 pages for opening and opposition briefs; 7.5 pages for reply;

(3)  motion to exclude the testimony of David Yermack: up to 15 pages for opening and opposition briefs; 7.5 pages for reply;

(4)  motion to exclude the testimony of Henry S. Farber: up to 30 pages for opening and opposition briefs; 15 pages for reply.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Sullivan & Cromwell LLP

cc:     All parties of record (by ECF)