# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

___

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

July 12, 2021

Via ECF

The Honorable Analisa Torres,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
       New York, New York 10007-1312.

        Re:   *Chen-Oster, et al*. v. *Goldman, Sachs & Co., et ano.*,
             No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

       On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I request that the Court permit limited redaction of certain materials listed in Appendix A hereto, which were filed in with connection Defendants' July 12, 2021 Omnibus Motion to Exclude the Testimony of Plaintiffs' Experts (the "*Daubert* Motion"; ECF No. 1187), specifically: (i) summaries and/or characterizations of Defendants' internal personnel investigative files; (ii) information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that same information; and (iii) sensitive personally identifying information, including for example current and former employee names, contact information, and named plaintiff compensation information. These redactions protect the substantial privacy interests of individual current and former employees, as well as Goldman Sachs' confidential business information, and the public interest would not be served by the disclosure of this information. The parties conferred between July 9–12, 2021, and Plaintiffs partially oppose certain of Defendants' redactions to sensitive personally identifying information.[1]

       As a threshold matter, both your Honor and Judge Lehrburger have previously permitted redaction of materials excerpted from Defendants' internal personnel investigative files and related deposition testimony. (ECF Nos. 1109, 1164.) The Court has also previously twice permitted materials filed in connection with the class certification briefing to remain sealed. (ECF Nos. 242, 510.) And the Court has also held many times that the sensitive personally identifying information of Goldman Sachs employees should be redacted in public filings. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156.) Defendants request that the Court continue to permit redaction and sealing consistent with its prior Orders.

___

[1] Plaintiffs objected to the redaction of certain employee names, as indicated by an asterisk (*) in Appendix A.

The Honorable Analisa Torres                                                                                             -2-

In any event, there is no presumed right of access to documents and information filed in connection with *Daubert* briefing. *See Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (Castel, J.) (granting redaction of *Daubert* motion where "the particulars [of the material to be redacted] did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored.") The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.*; *see Winfield* v. *City of New York*, 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017) (Parker, J.) ("There is good reason for excluding documents filed in connection with discovery matters from the definition of judicial documents" including "expert opinions" which "may never be admitted in trial."). Here, because the material sought to be redacted in Appendix A does not "go to the core" of Defendants' motion to exclude the testimony of Plaintiffs' experts, the materials are not judicial documents entitled to a presumption of public access.

To the extent the presumption of access applies at all, it would be weak because the narrow question of whether certain expert testimony is permissible has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *County of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom. Newsday LLC* v. *County of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"). Where, as here, materials sought to be redacted are "relevant only as background context, . . . . the presumption of public access is low," and even a "limited privacy interest . . . slightly outweighs the presumption of public access." *See TrueCar, Inc.*, 311 F. Supp., at 666–67 (granting redaction of *Daubert* motion).

*First*, the summaries and/or characterizations of Defendants' internal personnel investigative files listed in Appendix A merely aggregate or otherwise discuss unfounded allegations of misconduct against individual former Goldman Sachs employees, which are highly inflammatory and raise significant privacy concerns. *See United States* v. *Silver*, 2016 WL 1572993, at *6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (third parties "have an interest in maintaining the privacy of their alleged sexual relationships, which can constitute embarrassing conduct and . . . are undoubtedly a sensitive subject") (internal quotation marks omitted); *Cohen* v. *Gerson Lehrman Grp., Inc.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (Castel, J.) (permitting redaction where individuals "are not parties to this litigation and their identities are irrelevant to the motion."). Indeed, even if they were not baseless, such "boy's club" allegations unconnected to the three certified firm processes are wholly irrelevant to this action. (*See* Class Cert. Order at 47, ECF No. 578 (denying certification of "boy's club" claim).) Accordingly, courts in this Circuit routinely permit

The Honorable Analisa Torres                                                                                                          -3-

such unsubstantiated, sensationalist accusations to remain sealed or redacted. *See Amodeo II*, 71 F.3d at 1051 (approving sealing where "[p]ortions of the Report are hearsay" and "there is a strong possibility that the report will contain material which is untrustworthy or simply incorrect") (internal quotation marks and alteration omitted); *see also In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) (Aaron, J.) ("[D]ocuments [that] contain false details . . . fall into the category of documents worth protecting [from public disclosure], namely, 'records used to gratify spite or promote scandal and files that might serve as reservoirs of libelous statements for press consumption.'") (quoting *Amodeo I*, 44 F.3d at 146). Moreover, disclosing this material risks violating the privacy rights of those against whom the accusations were lodged, who would be afforded no meaningful opportunity to respond. *See Amodeo II*, 71 F.3d at 1051 ("a court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein."). Defendants request that these materials be permitted to remain redacted, consistent with the Court's prior Orders. (ECF Nos. 1109, 1164.)

*Second*, information that has been previously filed under seal or with redactions in connection with the class certification and other briefing, or which is similar to that same information, should remain sealed, consistent with the Court's prior Orders. On June 10, 2014, Judge Francis denied Plaintiffs' application to publicly file documents submitted in connection with the class certification briefing, ordering that all of Defendants' internal personnel investigative files should be submitted under seal. (ECF No. 242.) Plaintiffs later moved to unseal these class certification materials (ECF No. 508), and this Court again denied Plaintiffs' motion, recognizing that "the materials include sensitive content about identifiable non-parties." (June 29, 2017 Order at 1, ECF No. 510). The Court has also previously ruled that information regarding Goldman Sachs' framework for making compensation decisions should also remain sealed (ECF Nos. 770, 799, 835), because "[t]he interest in protecting 'business information that might harm a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (Kram, J.) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see, e.g.*, *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, C.J.) (permitting redaction of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation and citation omitted). There is no good reason why such material, or related material, should now be unsealed.

*Third*, certain sensitive personally identifying information in the *Daubert* Motion, such as current and former employee names, contact information, and named plaintiff compensation information, should be redacted. Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (internal quotation marks and alterations omitted); *see also Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'the privacy interests of innocent third parties' . . . establish a 'venerable common law exception to the presumption of access'") (quoting *Amodeo II*, 71 F.3d at 1050–51); *Silver*, 2016 WL 1572993, at *7 ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."). Here, the privacy interests of the individual employees identified in these materials and listed in

The Honorable Analisa Torres                                                                                         -4-

Appendix A justify continued redaction, which the Court should grant consistent with its prior Orders. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156.)

    For the foregoing reasons, Defendants respectfully ask the Court to permit continued redaction of the material identified in Appendix A, specifically, (i) summaries and/or characterizations of Defendants' internal personnel investigative files; (ii) information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that same information; and (iii) sensitive personally identifying information of current and former Goldman Sachs employees.

                      Respectfully submitted,

                      */s/ Ann-Elizabeth Ostrager*

                      Ann-Elizabeth Ostrager
                      of Sullivan & Cromwell LLP

cc:  All parties of record (by ECF)

**Appendix: Proposed Redactions**[1]

| Document | Citation | Reason for Redaction |
|---|---|---|
| Exhibit 2: Expert Report of Henry S. Farber, dated January 15, 2021 | Footnote 15 | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 3: Expert Report of Caren Goldberg, Ph.D., dated January 15, 2021, as revised February 4, 2021 | Paragraph 23 | **Category 3**: Sensitive personally identifying information. |
| | Paragraph 41<br><br>Appendix 4A, Appendix 4B | **Category 1**: Summaries and/or characterizations of Defendants' internal personnel investigative files. |
| Exhibit 5: Expert Report of Brian Dunn, dated January 15, 2021 | Paragraphs 44, 56<br><br>Appendix C | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 6: Expert Report of David L. Yermack, dated March 19, 2021 | Paragraphs 24A, 45 | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 7: Expert Report of Kathryn Shaw, Ph.D., dated March 19, 2021, as revised March 24, 2021 | Page 192<br><br>Paragraphs 33, 41, 182, 207-208<br><br>Footnotes 37, 40<br><br>Exhibits 3, 20, 23 | **Category 3**: Sensitive personally identifying information. |

---

[1] An asterisk (*) indicates that Plaintiffs have objected to the associated redaction.

| | | |
|---|---|---|
| | Paragraphs 56, 76, 131, 132, 135, 281–83<br><br>Footnotes 19, 38, 39, 54–55, 69, 179, 180, 182, 185, 188, 190, 192, 194–196, 198–200 | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 8: Rebuttal Expert Report of Margaret S. Stockdale, dated March 19, 2021 | Paragraphs 170, Figure 1 n.8;* 176, Figure 2<br><br>Footnotes 53,* 88,* 103,* 157,* 164,* 181,* 189,* 190,* 194,* 199,* 202,* 205,* 210,* 231,* 234,* 242,* 244,* 263,* 264,* 271,* 313,* 327,* 332,* 334,* 371,* 377,* 391–4,* 429,* 468,* 470,* 477,* 478,* 482,* 484,* 523,* 525,* 645,* 657* | **Category 3**: Sensitive personally identifying information. |
| | Paragraphs 178, 180–82, 184 & nn. 361, 363 | **Category 1**: Summaries and/or characterizations of Defendants' internal personnel investigative files. |
| | Paragraph 227 | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |

| | | |
|---|---|---|
| Exhibit 10: Rebuttal Report of Henry Farber, dated April 19, 2021, as corrected May 11, 2021 | Paragraphs 91, 92<br><br>Footnote 88 | **Category 3**: Sensitive personally identifying information. |
| | Paragraph 59<br><br>Footnotes 47, 48 | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 11 Reply Report of Caren Goldberg, Ph.D., dated April 19, 2021 | Paragraph 46 | **Category 3**: Sensitive personally identifying information. |
| | Paragraphs 52–57<br><br>Footnote 28 | **Category 1**: Summaries and/or characterizations of Defendants' internal personnel investigative files. |
| Exhibit 12: Expert Report of Brian Dunn, dated April 19, 2021, as corrected May 25, 2021 | Paragraphs 28, 30, 31, 32<br><br>Appendix D | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 18: Deposition of Henry Farber, May 18, 2021 | 220:6–11, 18–22 | **Category 2**: Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 21: Memorandum re "Career Development Reviews (CDRs) for IMD," dated December 16, 2004 (GS0267632) | –7632, –7634 | **Category 3**: Sensitive personally identifying information. |
| Exhibit 22: Submission for 2007 Catalyst Award, The Goldman Sachs Group, Inc.: "Securing Talent and | –1483 | **Category 3**: Sensitive personally identifying information. |

| | | |
|---|---|---|
| Excellence in the Pipeline: The Senior Women's Initiative" (GS0901452) | | |
| Exhibit 23: Diversity Roadmap 2011: Process Overview and Best Practices (GS0941982) | –1982 | **Category 3**: Sensitive personally identifying information. |
| Exhibit 25: Performance Quartiling Overview: October 2011 (GS0109443) | –9448 | **Category 3**: Sensitive personally identifying information. |
| Exhibit 26: 2013 MD Selection: Cross-Ruffing Best Practices (GS0375294) | –5313 | **Category 3**: Sensitive personally identifying information. |