# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

August 9, 2021

<u>Via ECF</u>

The Honorable Analisa Torres,
   United States District Court for the
     Southern District of New York,
       500 Pearl Street,
         New York, New York 10007-1312.

         Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
             <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Torres:

        On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I request that the Court permit limited redaction of certain materials listed in Appendix A hereto, which were filed in connection with Defendants' August 9, 2021 Motion for Summary Judgment (the "Summary Judgment Motion"; ECF No. 1239), specifically: (i) information which has previously been redacted or sealed in connection with class certification and other briefing, or information that is similar in kind; (ii) sensitive personally identifying information such as, for example, current and former employee names, contact information, and named plaintiff compensation information; and (iii) commercially sensitive business information including, for example, the consideration provided by Goldman Sachs in exchange for releases of claims. These redactions protect the substantial privacy interests of individual current and former employees, as well as Goldman Sachs's commercially sensitive business information, and the public interest would not be served by the disclosure of this information, which is unrelated to the issues in the Summary Judgment Motion. The parties conferred between August 5–6, 2021, and Plaintiffs partially oppose certain of Defendants' redactions.

        As a threshold matter, both Your Honor and Judge Lehrburger have three times permitted materials filed in connection with the class certification briefing to remain sealed. (ECF Nos. 242, 510, 1238.) The Court has also held many times that sensitive personally identifying information should be redacted in public filings. (*See, e.g.*, ECF Nos. 681, 747, 770, 814, 890, 933, 1078, 1092, 1156, 1238.) And the Court has previously ruled that Goldman Sachs's commercially sensitive business information should also remain sealed. (*E.g.*, ECF Nos. 770, 799, 814, 835, 1238.) Defendants request that the Court continue to permit redaction and sealing consistent with its prior Orders.

        In any event, there is no presumed right of access to documents and information filed in connection with summary judgment briefing, particularly where the

material at issue is not relevant to the Court's ruling on the motion. *See Collado* v. *City of New York*, 193 F. Supp. 3d 286, 291 (S.D.N.Y. 2016) (Batts, J.) (granting redaction of document filed in connection with defendants' motion for summary judgment where "the nonpublic information . . . that Defendants seek to file under seal or in redacted form is irrelevant to Defendants' Motion for Summary Judgment"); *see also Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (Castel, J.) (granting redaction where "the particulars [of the material to be redacted] did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored"). The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* Here, because the material sought to be redacted in Appendix A does not "go to the core" of the Summary Judgment Motion, the materials are not judicial documents entitled to a presumption of public access. *See Dependable Sales & Serv., Inc.*, 311 F. Supp. at 666.

To the extent the presumption of access applies at all, it would be weak because the material Defendants seek to redact has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *County of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines.") (internal quotation marks omitted), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom.*, *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"); *see also Collado*, 193 F. Supp. 3d at 291–92 (granting redaction of documents "irrelevant" to summary judgment motion and "plac[ing] scant weight in the presumption of public access that attaches to [those] documents as judicial documents"). Where, as here, materials sought to be redacted are "relevant only as background context, . . . . the presumption of public access is low," and even a "limited privacy interest . . . slightly outweighs the presumption of public access." *See Dependable Sales & Serv.*, 311 F. Supp. 3d at 666–67.

*First*, information that has been previously filed under seal or with redactions in connection with prior briefing, or information similar in kind, should remain sealed, consistent with the Court's prior Orders. On June 10, 2014, Judge Francis denied Plaintiffs' application to publicly file documents submitted in connection with the class certification briefing. (ECF No. 242.) Plaintiffs later moved to unseal these class certification materials (ECF No. 508), and this Court again denied Plaintiffs' motion, recognizing that "the materials include sensitive content about identifiable non-parties." (June 29, 2017 Order at 1, ECF No. 510.) The Court has also previously ruled that information regarding Goldman Sachs's framework for making compensation decisions should remain sealed (ECF Nos. 770, 799, 835, 1238) because "[t]he interest in protecting 'business information that might harm

The Honorable Analisa Torres                                                                                           -3-

a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008) (Kram, J.) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see, e.g.*, *Louis Vuitton Malletier S.A.* v. *Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (Preska, C.J.) (permitting redaction of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal quotation and citation omitted). There is no good reason why such material, or related material, should now be filed publicly.

*Second*, certain sensitive personally identifying information in the Summary Judgment Motion, such as current and former employee names, contact information, and named plaintiff compensation information, should be redacted. Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (internal quotation marks and alterations omitted); *see also Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'[T]he privacy interests of innocent third parties' . . . establish a 'venerable common law exception to the presumption of access'") (quoting *Amodeo II*, 71 F.3d at 1050–51); *Silver*, 2016 WL 1572993, at *7 ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."); *Mark* v. *Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (Nathan, J.) (granting redaction of documents filed in connection with summary judgment motion to protect "privacy interests in individuals' personal information" such as "documents containing email addresses, telephone numbers, and individuals' names"). Here, the privacy interests of the individuals identified in these materials and listed in Appendix A justify continued redaction, which the Court should grant consistent with its prior Orders. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238.)

*Third*, descriptions of Goldman Sachs's commercially sensitive business information should remain redacted including, for example, the consideration provided by Goldman Sachs in exchange for releases of claims. "The interest in protecting 'business information that might harm a litigant's competitive standing' has . . . been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Standard Inv. Chartered, Inc.*, 2008 WL 199537, at *8 (quoting *Nixon*, 435 U.S. at 598). Here, the settlement agreements submitted which contain general releases of certain class members' claims, including those at issue in this case, contain detailed information about the consideration paid to employees who are now class members in exchange for their releases of claims. Disclosure of these confidential and private commercial arrangements could hamper Goldman Sachs's ability to manage separations and settlements in the future, and further would disclose to competitors details of Goldman Sachs's approach to these highly sensitive arrangements. The Court has recognized Goldman Sachs's important interests in ordering this category of information to be maintained under seal. (*See* ECF Nos. 681, 814.) Other courts have similarly recognized the sensitivity of separation and settlement agreements and have maintained them under seal. *See, e.g.*, *Cancro* v. *Credit Agricole Indosuez Severance Pay Program*, 2009 WL 8573475, at *5–6 (S.D.N.Y. Apr. 15, 2009) (Sullivan, J.) (on motion for summary judgment, permitting party to file separation agreements marked confidential under seal); *see also Playtex Prods., LLC* v. *Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (Sullivan, J.) (granting redaction of

The Honorable Analisa Torres                                                                                                -4-

documents filed in connection with summary judgment motion of commercially sensitive "highly proprietary material" because "Plaintiffs would be competitively harmed if they were revealed"); *Gelb* v. *Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035–36 (S.D.N.Y. 1993) (McKenna, J.) (granting motion to seal based on "defendants' assertion that its competitors who do not have this information could use it to do competitive injury to defendants" even though exhibits sought to be sealed "are not 'trade secrets' in the traditional sense").

    For the foregoing reasons, Defendants respectfully ask the Court to permit continued redaction of the material identified in Appendix A, specifically, (i) information which has previously been redacted or sealed in connection with prior briefing, and information that is similar in kind; (ii) sensitive personally identifying information; and (iii) commercially sensitive business information.

                            Respectfully submitted,

                            */s/ Ann-Elizabeth Ostrager*

                            Ann-Elizabeth Ostrager
                            of Sullivan & Cromwell LLP

cc:  All parties of record (by ECF)

**Appendix A: Proposed Redactions**

| Document | Citations | Reasons for Redaction |
|---|---|---|
| Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment | Pages ii, 40 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Defendants' Local Civil Rule 56.1 Statement of Material Facts as to Which There is No Genuine Issue to Be Tried | Paragraphs 70–71 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| | Paragraphs 73–74 | **Category 2:** Sensitive personally identifying information. |
| Declaration of Robert J. Giuffra, Jr., dated August 9, 2021 | Paragraph 2 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| | Pages 4–5 | **Category 2:** Sensitive personally identifying information. |
| Appendix A | Page 1 | **Category 1:** Information which has previously been redacted or sealed in |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| | | connection with class certification and other briefing, or which is similar to that information. |
| | Pages 1–3 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 2: 2003 MD Selection Cross-ruffing "Best Practices" Workshop, Wednesday, September 3, 2003 (GS0183468) | -481 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 4: 2004 MD Selection Cross-ruffing "Best Practices" Workshop, Thursday, September 9, 2004 (GS0124269) | -271 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 6: 2005 MD Selection Cross-ruffing "Best Practices" Workshop, Thursday, September 8, 2005 (GS0180019) | -022 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 7: 2006 Partner and MD Selection Cross-ruffing "Best Practices" Workshop, Tuesday, July 25, 2006 (GS0109299) | -301 | **Category 2:** Sensitive personally identifying information. |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| Exhibit 9:  2008 Partner and MD Selection Cross-ruffing Best Practices (GS0189692) | -703 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 10:  Performance Quartiling and "At Risk" Flagging: Process Overviews, September 2008 (GS0109390) | -398–99 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 13:  2009 MD Selection Cross-ruffing Best Practices (GS0153827) | -845 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 16:  2011 MD Selection Cross-Ruffing Best Practices (GS0291656) | -676 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 18:  2012 Partner and MD Selection Cross-Ruffing Best Practices (GS0733197) | -208, -214 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 19:  2013 MD Selection Cross-Ruffing Best Practices (GS0375294) | -306, -313 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 20:  2015 MD Selection Cross-Ruffing Best Practices (GS0375741) | -746, -749 | **Category 2:** Sensitive personally identifying information. |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| Exhibit 25: Transcript of the August 3, 2018 Deposition of Mary De Luis | 29:7–8, 29:11–19, 29:24–25, 30:2–25, 31:2–3, 31:6–7, 31:14–25, 32:2, 32:5–20, 32:22–24, 33:11–15, 42:16–20, 168:6–8, 170:2–21, 180:2–4, 358:13–17 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| | 11:12–14, 11:19–21, 11:23–24, 12:7–8, 14:21, 18:23–24, 19:6–7, 19:10–11, 19:15, 19:21, 20:16, 21:4–5, 21:7, 24:3–5, 28:21, 31:6–7, 32:22–24, 34:2–3, 39:15, 39:17–18, 50:6, 50:9, 50:20, 51:5, 51:7–8, 56:15, 57:2–4, 57:15, 58:14–15, 58:17, 58:25, 59:11, 61:20, 65:3, 66:12–13, 66:22, 67:9, 67:12, 67:16, 68:13, 69:22, 71:18, 72:21, 73:21–22, 73:24, 74:16–17, 74:19–20, 74:22, 75:3, 85:14, 86:22, 86:24, 87:12, 101:10–11, 102:7–8, 102:11, 102:25, 119:18–19, 119:23, 120:21–23, 139:23–24, 140:2, 140:9, 140:12, 142:10, 143:6–7, 144:5, 144:9, 144:15, 144:20, 146:5, 146:10, 146:17–18, 147:2–3, 148:4, 148:19, 149:14, 151:24–25, 154:6–7, 154:14, 156:14, 157:17, 158:22, 158:25, 159:2, 172:13–14, 172:17, 173:18, 175:7, 177:13–17, 181:13, 188:6, 188:9–10, 189:4, 189:6–7, 189:9, 189:18–19, 189:21, 189:23, 190:25, 192:4, 193:10, 195:13, 203:13–15, 203:18–20, 209:4–5, 213:16–17, 217:2–3, 217:25, 221:8, 221:13, 228:16, 228:22, 229:8, 229:16, 230:5, 237:6–7, 246:12, 246:15, 246:21, 248:16, 248:18, 264:24, 265:3, 266:12–15, 269:4–6, 277:16–20, 279:14, 280:10, 281:12, 281:16, 282:3, 282:10, 282:16, 283:9, 283:15, 284:17, 286:15, 286:17–18, 286:20, 286:23, 288:6, 289:10, 289:12, 289:18, 297:10–11, 299:4, 299:7, 299:23, 299:25, 301:25, 310:13–312:8, 312:16–313:5, 332:6, 335:18, 337:11–14, 338:23–24, 344:10–11, 344:17, 348:17, 352:23, 353:6, 353:18 | **Category 2:** Sensitive personally identifying information. |
| | 249:4–250:21, 251:8–252:7, 252:13–25, 253:5–7, 255:13–16, 363:16–19, 364:23–365:4 | **Category 3:** Commercially sensitive business information. |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| Exhibit 26: Transcript of the July 10, 2013 Deposition of Caroline Heller Sberlati | Pages 4–18, 30–32, 50–55, 59–77, 82–104, 109–126, 131–157, 162–202, 223–226, 236–239, 243–256 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 27: Transcript of the July 11, 2013 Deposition of Caroline Heller Sberlati | Pages 270–286, 288–319, 325–397 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 28: Transcript of the August 1, 2013 Deposition of Jessica Kung | Pages 265–276, 285–288, 298–303, 309–312, 316–318, 328–396, 402–428, 444–446, 456–467 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 29: Transcript of the September 5, 2013 Deposition of David Landman | Pages 4–143, 148–236 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| Exhibit 30: Transcript of the June 12, 2013 Deposition of Bruce Larson | Pages 4–58, 72–78, 87–111, 116–140, 145–160, 192–225, 235–238, 253–313 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 33: Expert Report of Wayne F. Cascio, Ph.D., dated January 15, 2021 and accompanying March 24, 2021 Errata | Page 25 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 39: Expert Report of Brian Dunn, dated January 15, 2021 | Paragraphs 44, 56<br>Appendix C | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 41: Expert Report of Henry S. Farber, dated February 17, 2014 | Paragraph 52<br>Tables 4–5, 18–19 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 42: Expert Report of Henry S. Farber, dated January 15, 2021 | Footnote 15 | **Category 1:** Information which has previously been redacted or sealed in connection with class |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| | | certification and other briefing, or which is similar to that information. |
| Exhibit 43: Rebuttal Report of Henry Farber, dated April 19, 2021, as corrected May 11, 2021 | Paragraphs 91, 92<br>Footnote 88 | **Category 2:** Sensitive personally identifying information. |
| | Paragraph 59<br>Footnotes 47, 48 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 44: Transcript of the May 18, 2021 Deposition of Henry Farber, Ph.D. | 103:23–25, 104:12, 124:12 | **Category 2:** Sensitive personally identifying information. |
| | 218:4–5, 219:24–220:2, 220:6–13, 220:18–22, 335:19–336:9 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 45: Expert Report of Katherine Shaw, Ph.D., dated March 19, 2021, as revised March 24, 2021 | Page 192<br>Paragraphs 33, 41, 182, 207–208<br>Footnotes 47, 40<br>Exhibits 3, 20, 23 | **Category 2:** Sensitive personally identifying information. |
| Exhibit 46: Expert Report of David L. Yermack, dated March 19, 2021 | Paragraphs 24A, 45 | **Category 1:** Information which has previously been redacted or sealed in connection with class |

| Document | Citations | Reasons for Redaction |
|---|---|---|
| | | certification and other briefing, or which is similar to that information. |
| Exhibit 48:  Declaration of Kathleen Cupertino filed with Defendants' Motion to Compel Arbitration, dated April 11, 2019 | Paragraphs 3, 5, 6, 8, 9, 10, 11, 12, 13 | **Category 1:** Information which has previously been redacted or sealed in connection with class certification and other briefing, or which is similar to that information. |
| Exhibit 50:  Release Agreement (GS0391288) | -288–89 | **Category 2:** Sensitive personally identifying information. |
| | -288 | **Category 3:** Commercially sensitive business information. |
| Exhibit 51:  Settlement Agreement and Release (GS0390923) | -923–32 | **Category 2:** Sensitive personally identifying information. |
| | -923–25, -928 | **Category 3:** Commercially sensitive business information. |
| Exhibit 52:  General Release (GS0391110) | -110–18 | **Category 2:** Sensitive personally identifying information. |
| | -110–11 | **Category 3:** Commercially sensitive business information. |