UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. CRISTINA CHEN-OSTER, LISA PARISI, SHANNA
ORLICH, ALLISON GAMBA, and MARY DE LUIS,

                      Plaintiffs,

        -against-

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/2021

10 Civ. 6950 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

       Plaintiffs appeal the Honorable Robert W. Lehrburger's March 26, 2020 order (the "March 2020 Order"), ECF No. 983, concluding that certain arbitration agreements are enforceable, ordering a remedy with respect to one category of agreements, and compelling arbitration. Pl. Mar. Obj., ECF No. 1005. Defendants also appeal that portion of the March 2020 Order which determines that one category of agreements warrants a remedy. Def. Mar. Obj., ECF No. 1004. Plaintiffs appeal Judge Lehrburger's August 24, 2020 order (the "August 2020 Order"), ECF No. 1068, concluding that certain white papers are privileged. Pl. Aug. Obj., ECF No. 1071. Plaintiffs appeal Judge Lehrburger's November 5, 2020 order (the "November 2020 Order"), ECF No. 1100, denying Plaintiffs' motion to compel additional document discovery of "boys-club" evidence. Pl. Nov. Obj., ECF No. 1141. Finally, Plaintiffs appeal Judge Lehrburger's December 3, 2020 order (the "December 2020 Order"), ECF No. 1133, denying Plaintiffs' request to compel a certain compensation analysis. Pl. Dec. Obj., ECF No. 1149.

**DISCUSSION**[1]

I.      Standard of Review

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks and citation omitted). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

Although unsettled, several courts within this circuit have deemed motions to compel arbitration non-dispositive. *Marcus v. Collins*, No. 16 Civ. 4221, 2016 WL 8201629, at *1 n.1 (S.D.N.Y. Dec. 30, 2016). Pretrial discovery rulings are also non-dispositive and reviewed under the highly deferential standard. *HotelsAB Green, LLC v. Reignwood Eur. Holdings SARL*, No. 17 Civ. 8776, 2019 WL 2236580, at *1 (S.D.N.Y. May 15, 2019).

Accordingly, the Court rejects Plaintiffs' request for *de novo* review of the March 2020 Order. Pl. Mar. Opp'n at 4, ECF No. 1019; Pl. Mar. Obj. at 6–7, ECF No. 1005.

II.     March 2020 Order

On March 26, 2020, Judge Lehrburger determined that Defendants did not waive their right to compel arbitration. March 2020 Order at 14–24. He also concluded that four categories of agreements containing arbitration clauses were enforceable, but that one of those

---

[1] The Court presumes the parties' familiarity with the factual and procedural history.

categories—the equity award agreements—were obtained in a "procedurally problematic" manner and thus required remedial action under Rule 23.  March 2020 Order at 2, 49.

A.  Plaintiffs' Objections

Plaintiffs object to the March 2020 Order on four grounds.  First, Plaintiffs argue that Defendants waived arbitration.  Pl. Mar. Obj. at 12–17.  Second, they contend that the three categories of agreements, aside from the equity award agreements, warrant Rule 23(d) relief.  *Id.* at 9–10.  Third, Plaintiffs argue that the equity award agreements are unconscionable.  *Id.* at 17–19.  Fourth, Plaintiffs contend that Judge Lehrburger's opt-out remedy with respect to the equity award agreements is inadequate.  *Id.* at 10–12.  The National Employment Lawyers Association/New York submitted an amicus brief in further support of Plaintiffs' stance.  ECF No. 1007-1.  The Court rejects all four objections.

Judge Lehrburger concluded that Defendants did not waive arbitration because they asserted their right to arbitrate "repeatedly during the litigation[,]" March 2020 Order at 13, 16–19, they timely moved to compel arbitration after class certification, which was the earliest they could move, *id.* at 20–21, and they did not cause unnecessary expense in waiting to move to compel, *id.* at 21–24.  Plaintiffs argue that Defendants waived arbitration because Defendants waited eight years to move to compel arbitration and because they failed to raise arbitration in opposition to Plaintiffs' motion to certify the class.  Pl. Mar. Obj. at 12–16.  Judge Lehrburger determined that "simply counting the years that have passed . . . does not end the [c]ourt's analysis."  March 2020 Order at 16.  Given the "circuitous path" of this action, Defendants sought arbitration "as soon as it was practicable and possible"—Defendants served arbitration demands on certain class members three weeks after the class opt-out deadline.  *Id.*; ECF No. 674 at 2.  Additionally, Judge Lehrburger found that Defendants "unambiguously telegraphed

[their] plans" to arbitrate 38 times from the beginning of this action until the submission of their motion to compel. March 2020 Order at 18.

Plaintiffs' contention that "courts consistently hold that a defendant waives the right to arbitrate if it fails to raise any intent to compel arbitration *concurrently with class certification*" mischaracterizes the law. Pl. Mar. Obj. at 13 (emphasis in original). Courts have consistently concluded that a defendant waives the right to arbitrate if it fails to raise any intent to compel arbitration *up to and including the class certification stage. In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 790 F.3d 1112, 1119 (10th Cir. 2015) ("It is also undisputed that [the defendant] could have asserted its right to arbitrate against [a named plaintiff] at any time during the course of the litigation, and that it could have asserted its right to arbitrate against the absent class members as a possible defense against class certification."); *In re Citigroup, Inc.*, 376 F.3d 23, 27 (1st Cir. 2004) ("[T]he delay of more than three years after the filing of the complaint and of 18 months after class certification were sufficient to waive Travelers's right to arbitrate[.]"). Judge Lehrburger also noted that, because Defendants only sought to arbitrate the claims of half the class, the parties would have engaged in most of the same discovery and motion practice even if Defendants had moved earlier. March 2020 Order at 23; *see Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997) ("[P]rejudice as defined by our cases refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue."). Accordingly, the Court finds no clear error in Judge Lehrburger's conclusion that Defendants did not waive arbitration.

Judge Lehrburger determined that three categories of agreements did not warrant Rule 23(d) relief because they "were not coercive, deceptive, or otherwise abusive—or susceptible to

coercion, deception or other abuse." March 2020 Order at 69. Plaintiffs argue that, because the

agreements omitted information about this action, the agreements are improper. Pl. Mar. Obj. at

9–10; *see generally* ECF No. 1007-1 at 8–12. Judge Lehrburger agreed that Defendants'

"omission of any information about the pending class action" weighed in Plaintiffs' favor.

March 2020 Order at 80. However, after carefully evaluating numerous courts' treatment of

post-filing waivers of arbitration, *id.* at 52–69, Judge Lehrburger concluded that courts consider

"the totality of the circumstances" and that several other factors leaned in favor of Defendants.

*Id.* at 79–80 ("There is no evidence of deceptive conduct, no evidence of coercion, no evidence

of targeting putative [c]lass [m]embers, no evidence of imposing arbitration without agreement

or without additional consideration. To the contrary, Plaintiffs, who are well-educated and

experienced professionals, received substantial rewards through promotion, compensation or

severance pay, and entered into agreements based on standard forms that Goldman had been

using long before the lawsuit was filed and which were extended to both men and women.").

The Court, therefore, finds no clear error in Judge Lehrburger's denial of Rule 23 relief.

Judge Lehrburger declined to deem the equity award agreements substantively

unconscionable because Defendants did not target putative class members, March 2020 Order at

45–46, Defendants' inclusion of a class action waiver did not render the agreement

unconscionable, *id.* at 46–47, and the arbitration clause covered the claims at issue in this action,

*id.* at 47–48. Plaintiffs argue that the equity award agreements are substantively unconscionable

because they are overbroad. Pl. Mar. Obj. at 18–19. In support of this argument, Plaintiffs cite

no caselaw suggesting that such an agreement is "so grossly unreasonable or unconscionable in

light of the mores and business practices of the time and place as to be unenforceable." *Id.* at

18–20 (citation omitted).  The Court, therefore, finds no clear error in Judge Lehrburger's

determination that the equity award agreements are not substantively unconscionable.

Because Judge Lehrburger found the equity award agreements to be procedurally

unconscionable, he ordered that impacted class members receive a notice that they may opt-out

of arbitration and remain in this action.  March 2020 Order at 83–84.  Plaintiffs argue that the

arbitration clauses should have been invalidated instead, citing cases invalidating post-filing

arbitration clauses.  Pl. Mar. Obj. at 10–12.  However, Judge Lehrburger distinguished the facts

in those cases from the facts here.  March 2020 Order at 80–82 ("Like the other three types of

agreements, there is no basis for finding that the [e]quity [a]ward [a]greements were secured

through coercion, targeting, or unilateral imposition.  The [e]quity [a]ward [a]greements were

desirable and lucrative.  Nearly one-third of Goldman's global workforce received them, the vast

majority of whom were not putative [c]lass [m]embers.").  After reviewing remedies ordered by

other courts, Judge Lehrburger crafted a remedy that allows affected class members to choose

whether to proceed to arbitration.  March 2020 Order at 83–85.  The Court finds no clear error in

Judge Lehrburger's reasoning.

Accordingly, Plaintiffs have not established that the factual findings and legal

conclusions in the March 2020 Order are clearly erroneous or contrary to law.

B.  Defendants' Objections

Defendants object to the March 2020 Order on two grounds.  First, Defendants argue that

Judge Lehrburger improperly concluded that equity award agreements were obtained in a

"procedurally problematic" manner.  Def. Mar. Obj. at 6–9.  Second, they contend that, because

the equity award agreements are enforceable, Judge Lehrburger erred in granting class members

the right to opt-out of the class.  *Id.* at 10–14.  The Court rejects both arguments.

Judge Lehrburger determined that the equity award agreements "were procured in a

confusing and potentially misleading fashion" because they were obtained using a new electronic

procedure that did not make the expanded scope of the mandatory arbitration provision clear.

March 2020 Order at 37–38, 43–44, 82.  Defendants argue that New York law only requires that

the parties be given an opportunity to review the terms of a contract, not that the parties be

alerted to particular terms.  Def. Mar. Obj. at 7, 8–9.  However, Judge Lehrburger noted that

Defendants' conduct in obscuring the terms of the arbitration agreement was misleading.  March

2020 Order at 42–44; *see Mallh v. Showtime Networks Inc.*, No. 17 Civ. 6549, 2017 WL

5157247, at *5 (S.D.N.Y. Nov. 7, 2017) ("[N]otice of the arbitration clause and class action

waiver was reasonably conspicuous.").  Accordingly, the Court finds no clear error in Judge

Lehrburger's conclusion.

Although this obfuscation did not make the agreements unconscionable under contract

law, for the purposes of Rule 23, Judge Lehrburger found them unenforceable.  March 2020

Order at 82–83; *O'Connor v. Uber Techs., Inc.*, No. 13 Civ. 3826, 2013 WL 6407583, at *2–3

(N.D. Cal. Dec. 6, 2013) (declining to rule on whether an arbitration provision was

unconscionable under contract law, but deciding whether relief was warranted under Rule 23(d)).

In reaching this conclusion, Judge Lehrburger carefully evaluated caselaw from a variety of

districts and circuits.  March 2020 Order at 52–69.  Defendants are incorrect that the Federal

Arbitration Act conflicts and overrides the provisions of Rule 23(d).  *See O'Conner v. Agilant

Sols., Inc.*, 444 F. Supp. 3d 593, 603–04 (S.D.N.Y. 2020) (invalidating post-filing arbitration

agreements under Rule 23(d)); *Uber Techs., Inc.*, 2013 WL 6407583 at *3 ("Uber's argument

that Plaintiffs' requested relief somehow pits the Federal Arbitration Act . . . against Rule 23(d), wherein the latter should yield, is meritless."). Similarly, Defendants' attempts to cabin the Court's authority under Rule 23(d) are unavailing. March 2020 Order at 68–69; *Cty. of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1304 (2d Cir. 1990) ("The purpose of Rule 23(d) is to provide the district court with the means for facilitating 'the fair and efficient conduct of the action.' The command of Rule 1 of the Federal Rules of Civil Procedure leads us to construe the text of Rule 23(d) liberally to accomplish this end." (citations omitted)). In support of their argument that Judge Lehrburger's decision contravenes the Rules Enabling Act, Defendants rely on arguments that Judge Lehrburger already considered. *Compare* March 2020 Order at 85–87 *with* Def. Mar. Obj. at 12–14; *see also In re Currency Conversion Fee Antitrust Litig.*, 361 F. Supp. 2d 237, 255 (S.D.N.Y. 2005) ("[T[hey argue that the Rules Enabling Act, 28 U.S.C. § 2072, limits this Court's authority to restrict enforcement of the arbitration clauses. This Court disagrees."). Thus, the Court finds no clear error in Judge Lehrburger's reasoning.

Defendants, therefore, have not established that the factual findings and legal conclusions in the March 2020 Order are clearly erroneous or contrary to law.

Accordingly, the March 2020 Order is AFFIRMED.

III.    August 2020 Order

Plaintiffs argue that the August 2020 Order incorrectly upholds Defendants' claim of attorney-client privilege over diversity committee white papers. Pl. Aug. Obj. at 1. Documents prepared by non-attorneys may be privileged "if they were made 'at the direction of counsel, to gather information to aid counsel in providing legal services.'" *Voelker v. Deutsche Bank AG*, No. 11 Civ. 6362, 2014 WL 4473351, at *1 (S.D.N.Y. Sept. 11, 2014) (citation omitted). Judge Lehrburger thoroughly reviewed one of the documents at issue, other versions of it, and

privileged memoranda requesting the preparation of these documents.  ECF No. 913; ECF No. 1055 at 6:23–17:11.  This Court has also reviewed the documents *in camera*.  "Nothing in the record suggests that the [discovery order] was clearly erroneous or contrary to law, or that the substantial deference due to the resolution of discovery disputes by a [m]agistrate [j]udge should not be accorded in the instant matter."  *TVT Records v. Island Def Jam Music Grp.*, 376 F. Supp. 2d 471, 472 (S.D.N.Y. 2005).  This Court finds no clear error and will not disturb Judge Lehrburger's assessment that the context that gave rise to the white papers justifies keeping them privileged.  ECF No. 1055 at 34:11–15; August 2020 Order.

Accordingly, the August 2020 Order is AFFIRMED.

IV.     November 2020 Order

On November 5, 2020, Judge Lehrburger denied Plaintiffs' motion to compel the production of "boys-club" documents from senior executives because Plaintiffs failed to establish a direct link between those executives and the three processes at issue.  November 2020 Order at 2–3.  Judge Lehrburger noted that he recently granted Plaintiffs leave to depose two of the senior executives, and, if new evidence emerges from those depositions, that Plaintiffs may alert him.  *Id.* at 3.  With those depositions still outstanding, Plaintiffs moved for reconsideration of the November 2020 Order with respect to three senior executives.  ECF No. 1104 at 1.  On November 27, 2020, Judge Lehrburger found that Plaintiffs still had not presented sufficient evidence to suggest that the three executives made decisions with respect to the specific employment processes at issue.  ECF No. 1129 at 1.  In their objections, Plaintiffs argue that the

November 2020 Order erred in preventing them from conducting further discovery with respect to the senior executives.  Pl. Nov. Obj. at 1.

Plaintiffs rely on *Lenzi v. Systemax, Inc.*, 944 F.3d 97 (2d Cir. 2019), an individual gender-based pay discrimination case.  In *Lenzi*, the Second Circuit reaffirmed the application of a four-part test used in another individual discrimination case to assess the probative value of "stray remarks" that might suggest discriminatory intent.  *Id.* at 111–12 (citing *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) ("The district courts in this circuit have developed a standardized approach for applying these concepts to individual cases")).  Because *Lenzi* was an individual action involving individualized evidence, Judge Lehrburger determined such an approach would be inappropriate in this class action and that Plaintiffs would have to show that senior leaders were "responsible for approving, revising, or implementing the allegedly discriminatory policies at issue" in order to obtain further discovery.  Nov. 2020 Order at 2; ECF No. 969 at 68:4–71:12.  The Court finds no clear error in Judge Lehrburger's interpretation of *Lenzi*.

Plaintiffs argue that Judge Lehrburger erred in finding that they had failed to establish a nexus between the senior leaders and the three policies at issue.  Pl. Nov. Obj. at 12–13.  Because the senior leaders were "apprised of disparities linked to the three processes[,]" "consulted whenever [Defendants] considered making changes to [two of the processes,]" and involved at the end of the promotion process, Plaintiffs contend that they made such a showing.  *Id.*; ECF No. 1142-23 at 4.  Judge Lehrburger determined that Plaintiffs' evidence demonstrated that the senior leaders "indisputably were involved in [Defendants'] diversity initiatives at a general level[,]" but that it did not establish that the senior leaders "made decisions with respect

10

to the three processes at issue." Nov. 2020 Order at 3.  The Court agrees.  Plaintiffs have not

shown that the senior executives directly controlled the three contested processes.

Accordingly, the November 2020 Order is AFFIRMED.[2]

V.        December 2020 Order

Plaintiffs argue that the December 2020 Order incorrectly upholds Defendants' claim of

attorney-client privilege over a data file underlying an equal pay study.  Pl. Dec. Obj. at 1–2.

Defendants represent that the data was collected under the direction and supervision of outside

counsel, for the purposes of providing legal advice.  ECF No. 1123-1 ¶¶ 5–9.  Based, in part, on

this representation, Judge Lehrburger determined that the analysis Plaintiffs requested was

privileged.  December 2020 Order; *Voelker*, 2014 WL 4473351, at *1 (S.D.N.Y. Sept. 11, 2014)

(citation omitted).

Plaintiffs' argument that Defendants' public disclosure of the ultimate finding of the

study waives privilege for the underlying data is unavailing.  Pl. Dec. Obj. at 12–13.  "In this

Circuit, the publication of a non-confidential attorney-client communication does not create an

inference that related communications or earlier drafts were similarly not intended to be

confidential." *Berkley Custom Ins. Managers v. York Risk Servs. Grp., Inc.*, No. 18 Civ. 9297,

2020 WL 5439636, at *5 (S.D.N.Y. Sept. 10, 2020) (alteration omitted) (quoting *Favors v.

Cuomo*, 285 F.R.D. 187, 198 (E.D.N.Y. 2008)); *In re Gen. Motors LLC Ignition Switch Litig.*, 80

F. Supp. 3d 521, 529 (S.D.N.Y. 2015) ("[T]he fact that certain *information* in [otherwise

protected] documents might ultimately be disclosed or that certain *information* might later be

disclosed to others does not, by itself, create the factual inference that the *communications* were

---

[2] Plaintiffs represent that the November 2020 Order denies their request to amend the trial plan.  Pl. Nov. Obj. at 1.
The Court does not interpret the November 2020 Order as denying such a request.  To the extent that Plaintiffs
object to Judge Lehrburger's November 25, 2019 order outlining the trial plan, ECF No. 888 ¶ 8, that objection is
untimely.  Fed. R. Civ. P. 72(a).

not intended to be confidential at the time they were made." (emphasis and alteration in original) (quotation marks and citation omitted)).

The Court rejects the contention that Defendants have not shown that the study materials were created for a legal purpose.  Pl. Dec. Obj. at 8–12.  Defendants' outside counsel attested to directing and supervising data collection for the purposes of providing legal advice.  ECF No. 1123-1 ¶¶ 5–9.  Under these circumstances, the data is protected by the attorney-client privilege. *See Voelker*, 2014 WL 4473351, at *2 ("The [analyses] were not prepared with input from business personnel in the ordinary course of business but, instead, were created at the direction of counsel in order to facilitate the provision of legal advice[.]").

"Nothing in the record suggests that the [discovery order] was clearly erroneous or contrary to law, or that the substantial deference due to the resolution of discovery disputes by a [m]agistrate [j]udge should not be accorded in the instant matter."  *TVT Records*, 376 F. Supp. 2d at 472.  This Court finds no clear error and will not disturb Judge Lehrburger's assessment that Defendants have established that the data is privileged.

Accordingly, the December 2020 Order is AFFIRMED.

## CONCLUSION

For the reasons stated above, the parties' objections to Judge Lehrburger's March, August, November, and December 2020 Orders are OVERRULED.

SO ORDERED.

Dated: September 15, 2021
        New York, New York

_____
ANALISA TORRES
United States District Judge

12