**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t 415.956.1000
f 415.956.1008

September 15, 2021

Anne B. Shaver
Partner
ashaver@lchb.com

**VIA ECF**

The Hon. Analisa Torres
United States District Court
    for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10-6950 (AT) (RWL)

Dear Judge Torres,

    Pursuant to Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I write on behalf of Plaintiffs and the Class to request that the Court permit the limited sealing of two exhibits filed in connection with Defendants' September 10, 2021 Opposition to Plaintiffs' Motion to Exclude Expert Testimony (ECF No. 1259): Exhibit 17 (the invoices of Dr. Caren Goldberg in connection with her expert work in this matter) and Exhibit 18 (the invoices of Ms. Sarah Butler in connection with her expert work in this matter).  The parties conferred about these documents on September 10, 2021.

    Both invoices were designated "Confidential" pursuant to the Protective Order that governs this matter (ECF No. 51), and both were therefore filed provisionally under seal.  There is no presumed right of access to either document, because their "particulars . . . did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored." *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018).  *See also id.* (permitting redaction to *Daubert* motion).  Additionally, continued sealing of these documents is necessary to protect:  Dr. Goldberg's personal contact information (including her home address, phone number, and email address); Ms. Butler's tax identification and financial account numbers; and both experts' private compensation information.  Indeed, the Second Circuit has held that such privacy interests "should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Finally, the public interest would not be served by the disclosure of this information because where, as here, materials sought to be redacted are "relevant only as background context . . . the presumption of public access is low," and even a "limited privacy interest in this evidence slightly outweighs the presumption of public access." *TrueCar, Inc.*, 311 F. Supp. at 666-67.

    Accordingly, Plaintiffs respectfully request that this Court permit the continued and narrow sealing of these two documents.

Hon. Analisa Torres
September 15, 2021
Page 2

                                Respectfully submitted,

                                */s/ Anne B. Shaver*

                                Anne B. Shaver

cc: All parties, via ECF

2302465.1