# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 27, 2021

Via ECF

The Honorable Analisa Torres,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

      Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
              No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

      On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I request that the Court permit limited redaction or sealing of certain materials listed in Appendix A hereto, which were filed in connection with Plaintiffs' September 24, 2021 Opposition to Defendants' Motion for Decertification (the "Decertification Opposition"; ECF No. 1269), specifically: (i) sensitive personally identifying information of non-public facing current and former employees, including names, contact information, and specific promotion candidates; and (ii) a confidential presentation to the Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP"). These redactions protect the substantial privacy interests of individual current and former employees, as well as confidential regulatory communications, which are unrelated to the issues in the Decertification Opposition. The parties conferred between September 24 and 27, 2021, and Plaintiffs only oppose Defendants' request to maintain Exhibit 5 to the Decertification Opposition under seal.

      As a threshold matter, both Your Honor and Judge Lehrburger have previously held many times that sensitive personally identifying information should be redacted in public filings. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238, 1255, 1266.) And the Court has held repeatedly that OFCCP-related regulatory materials should remain sealed in public filings. (ECF Nos. 947, 1078, 1092, 1156.) Defendants request that the Court continue to permit redaction and sealing consistent with its prior Orders.

      In any event, there is no presumed right of access to documents and information filed in connection with decertification briefing, particularly where the material at issue is not relevant to the Court's ruling on the motion. *See In re Allergan PLC Sec. Litig.*, 2020 WL 5796763, at *11 (S.D.N.Y. 2020) (McMahon, J.) (granting redaction of

The Honorable Analisa Torres -2-

exhibits where underlying information was "utterly unnecessary to a decision on a motion for class certification"); *see also Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (Castel, J.) (granting redaction where "the particulars [of the material to be redacted] did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored"). The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* Here, because the material sought to be redacted or sealed in Appendix A does not "go to the core" of the Decertification Opposition, the materials are not judicial documents entitled to a presumption of public access. *See Dependable Sales & Serv., Inc.*, 311 F. Supp. at 666.

To the extent the presumption of access applies at all, it would be weak because the material Defendants seek to redact has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett* v. *County of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines.") (internal quotation marks omitted), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom.*, *Newsday LLC* v. *Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"); *see also Ruiz* v. *Citibank, N.A.*, 93 F. Supp. 3d 279, 301 (S.D.N.Y. 2015) (Failla, J.), *abrogated on other grounds by Scott* v. *Chipotle Mexican Grill, Inc.*, 954 F.3d 502 (2d Cir. 2020) (finding on motions to certify New York Labor Law class action and decertify FLSA collective action that "[t]he parties' interest in preserving Plaintiffs' financial privacy and protecting the confidentiality of certain of Defendants' [internal materials] outweigh the public's interest in disclosure."). Where, as here, materials sought to be redacted or sealed are "relevant only as background context, . . . . the presumption of public access is low," and even a "limited privacy interest . . . slightly outweighs the presumption of public access." *See Dependable Sales & Serv.*, 311 F. Supp. 3d at 666–67.

*First*, certain sensitive personally identifying information of non-public facing current and former employees in the Decertification Opposition, such as current and former employee names, contact information, and promotion candidates, should be redacted. Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (internal quotation marks and alterations omitted); *see also Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'[T]he privacy interests of innocent third parties' . . . establish a 'venerable common law exception to the presumption of access'") (quoting *Amodeo II*, 71 F.3d at 1050–51); *Silver*, 2016 WL 1572993, at *7 ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."). Here, the privacy interests of the individuals identified in these materials and listed in Appendix A justify continued redaction, which the Court should grant consistent

The Honorable Analisa Torres                                                                                        -3-

with its prior Orders.  (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238, 1255, 1266.)

*Second*, Goldman Sachs's confidential regulatory presentation to the OFCCP should remain sealed.  Under Second Circuit precedent, "in applying the balancing test," the Court "should give added weight" to the risk that "requiring disclosure will have a potential chilling effect" on desirable behaviors.  *In re N.Y. Times*, 828 F.2d 110, 114 (2d Cir. 1987).  Exhibit 5 to the Decertification Opposition is a confidential regulatory presentation to the OFCCP regarding Goldman Sachs's diversity efforts.  Disclosure of regulatory-related materials—including confidential presentations by employers to the OFCCP—risks chilling future regulatory communications.  *See United States* v. *Nixon*, 418 U.S. 683, 705 (1974) ("[T]hose who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process.").  Each page of the presentation is stamped "Confidential Conciliation Materials – Not Admissible Pursuant to Federal Rule of Evidence 408," and the presentation includes a slide stating that the information contained therein "is proprietary and confidential, and not subject to disclosure under [the Freedom of Information Act]," and that "Goldman Sachs does not authorize release or disclosure" of the presentation.  Where, as here, "submissions to regulatory agencies that are not publicly available" have been produced in discovery, courts "find[] that these documents should remain under seal."  *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, 2017 WL 4399198, at *3 (N.D. Fla. Sept. 29, 2017).  To hold otherwise "would have a chilling effect" on employers' "obligation to conduct frank, open, and honest conversations" with their regulators.  *Id*.

For the foregoing reasons, Defendants respectfully ask the Court to permit continued redaction or sealing of the material identified in Appendix A, specifically, (i) sensitive personally identifying information; and (ii) confidential regulatory communications.

                                                           Respectfully submitted,

                                                           */s/ Ann-Elizabeth Ostrager*

                                                           Ann-Elizabeth Ostrager
                                                           of Sullivan & Cromwell LLP

cc:       All parties of record (by ECF)

**Appendix A: Proposed Redactions**

| Document | Citations | Reasons for Redaction |
|---|---|---|
| Decertification Opposition Exhibit 2 | -746, -749 | Category 1: Sensitive personally identifying information. |
| Decertification Opposition Exhibit 3 | -088 | Category 1: Sensitive personally identifying information. |
| Decertification Opposition Exhibit 5 | -442–61 | Category 2: Confidential regulatory communication. |
| Decertification Opposition Exhibit 6 | -233 | Category 1: Sensitive personally identifying information. |
| Decertification Opposition Exhibit 8 | -451, -453 | Category 1: Sensitive personally identifying information. |
| Decertification Opposition Exhibit 13 | -007–10 | Category 1: Sensitive personally identifying information. |