**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

March 3, 2022

Michael Levin-Gesundheit
Partner
mlevin@lchb.com

The Hon. Robert W. Lehrburger
United States District Court
    for the Southern District of New York

        RE:    *Chen-Oster, et al. v. Goldman Sachs & Co.*, No. 10 Civ. 6950

Your Honor:

    Plaintiffs submit this letter regarding the Court-ordered remedial relief for Equity Award Agreement recipient class members ("EEA Members"). Specifically, Plaintiffs make three narrowly tailored requests to address concerns numerous EEA Members have raised since Class Counsel emailed them on February 22, 2022, following the Court's February 18 order. ECF No. 1332.

### 1. Confidentiality of EEA Responders' Names

    In emails and phone calls, EEA Members have expressed concern about whether their arbitration selection will be made public and also who within Goldman Sachs will receive their names. Filed contemporaneously *in camera* are specific examples of these questions that EEA Members have posed in emails. *See* **Ex. A-1** to **A-3** (questions highlighted). *See also* ECF No. 1303 at ¶ 5 (authorizing *in camera* filings of counsel correspondence).

    EEA Members are understandably concerned that their arbitration selection could negatively impact their careers at Goldman Sachs or other financial services firms. To assuage these concerns, on February 25, Plaintiffs designated the names within the arbitration selection responder lists received from the notice administrator as CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO"), pursuant to the protective order entered at ECF No. 51. *See* **Ex. B** (2/25/22 Email from M. Levin-Gesundheit). This designation would prohibit Goldman Sachs from sharing the names on the responders' list with any non-counsel/non-legal employees of Goldman Sachs. In response, Goldman Sachs asserted that the "[t]he Protective Order does not apply," while stating that it "only shares information with non-legal employees on a need-to-know basis." *Id.* (2/28/22 Email from J. Singer). In the ensuing correspondence, Plaintiffs asked Goldman Sachs what those "need-to-know bas[e]s" are. Goldman Sachs could not identify any and confirmed that it has not shared the responder lists with any non-legal Goldman Sachs employees to date. However, Goldman Sachs insisted that it is not bound by Plaintiffs' AEO designation—and would not agree to be bound by it, despite Plaintiffs' request. Goldman Sachs asserted that it has the unilateral right to share the names with an undisclosed set of individuals in the future, who would agree to confidentiality but not be bound by a court order, based on "legitimate business need." *Id.* (3/2/22 Email from J. Singer). Goldman Sachs's response does

Judge Lehrburger
March 3, 2022
Page 2

not give EEA Members the reassurance they need; AEO protection does.

Given that Goldman Sachs has not identified any "legitimate business need," EEA Members' fears of retaliation, and the likelihood that such fears will stymie EEA Members' ability to freely make a choice, Plaintiffs respectfully request the Court issue an order prohibiting Goldman Sachs from sharing the EEA responders' names with Goldman Sachs personnel outside its Employment Law Group, absent specific Court permission.

### 2. Disseminating Answers to Frequently Asked Questions

In Class Member emails and phone calls, four questions have been consistently asked. Class Counsel believes that these questions are on the minds of many of the 693 EEA Members. Therefore, Plaintiffs seek the Court's permission to send an email, attached as **Exhibit C**, providing the following answers to these four questions. The answer to the second question includes language received from Goldman Sachs regarding its stated commitment not to retaliate.

> Q: If I make an arbitration selection, will my name become public?
>
> A: No, your decision is not public.
>
> Q: Will anyone at Goldman Sachs outside the legal department know what arbitration selection I make?
>
> A: No, under a court order, Goldman Sachs cannot share your name with any employees outside the in-house employment law department. Nor can your name be shared with other potential employers. Goldman Sachs, through its counsel, has committed that "your arbitration decision will have no bearing whatsoever upon your employment, and Goldman Sachs will not discriminate, retaliate, or treat you adversely based on your arbitration decision."
>
> Q: How many people have responded to this notice?[1]
>
> A: As of March 1, 155 individuals have responded. Of those, 153 have rejected arbitration, and 2 have accepted arbitration.[2]
>
> Q: How many class members are there in total?
>
> A: As of March 1, the total number of class members not subject to arbitration and who have rejected arbitration is approximately 1,620. This number may grow

---

[1] EEA Members are concerned about raising their hands and standing alone, particularly because a class liability trial has not yet occurred, and it is unclear how close this litigation is to resolution. *See* **Ex. A-2** to **A-4**.

[2] These figures and others within this set of FAQs would be updated to reflect the most current numbers as of the time of the email. The notice administrator provides reports on Tuesdays and Fridays, and Plaintiffs hope to disseminate the FAQs after receiving the Tuesday, March 8 report.

Judge Lehrburger
March 3, 2022
Page 3

based on responses to the arbitration selection form due by March 24.

Plaintiffs proposed posting these FAQs to the notice website, so that an email to EEA Members need not contain the FAQs themselves and could simply direct them there. Goldman Sachs did not agree. *See* **Ex. D**. Instead, it sought to exclude two questions that have been nearly universally asked both in emails and in phone calls regarding the number of responses and total class size. *See id.* (3/2/22 Email from J. Singer). Goldman Sachs also sought to insert a question that *no one* has asked and that the notice already clearly answers: *If I decide to accept arbitration, am I required to do anything? Id.* Answer: "**If** I wish to pursue claims, I must initiate an arbitration." ECF 1303 at 5 (emphasis added). As to the paramount issue of confidentiality, Goldman Sachs suggested confusing, vague language aimed at, in Plaintiffs' view, sowing fear—that is, that your decision would be shared with the Court (suggesting, incorrectly, that one's name could appear on the docket) and that Goldman Sachs may share your decision "with other [unspecified] employees at Goldman Sachs who require that information for [unspecified] legitimate business reasons." *Id.*

Plaintiffs have corresponded with Goldman Sachs about these issues and have not been able to reach agreement. The arbitration selection deadline of March 24 is less than three weeks away, and Goldman Sachs has *not* agreed to extend that date. Class Counsel believe that the correspondence proposed in **Exhibit C** is necessary to provide constitutionally protected legal advice to EEA Members who have not yet responded and who are, as the Court has recognized, still Class Counsel's clients. ECF No. 1026 at 4 n.2 ("[T]hey remain in the class for the time being . . . ."). *See also Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

### 3. Phone Calls to EEA Members

Pursuant to the Court's October 18, 2021, order on the arbitration selection notice, Plaintiffs also request permission to call EEA Members beginning on March 10 (two weeks before the deadline) to ensure that they are aware of their choice. ECF No. 1303 ¶ 5. Class Counsel notes that it previously received word that text messages from the notice administrator were, in some cases, blocked by carriers, and Class Counsel feels obligated to make every reasonable effort to ensure that EEA Members are able to make a knowing choice. Respectfully, in the last two weeks of the selection period, EEA Members should be allowed to receive calls from their Court-appointed attorneys.

Plaintiffs thank the Court for its attention to this matter.

Respectfully submitted,

Michael Levin-Gesundheit

2382087.1