**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

March 21, 2022

Michael Levin-Gesundheit
Partner
mlevin@lchb.com

The Hon. Robert W. Lehrburger
United States District Court
    for the Southern District of New York

    RE:    *Chen-Oster, et al. v. Goldman Sachs & Co.*, No. 10 Civ. 6950

Your Honor:

    I write on behalf of Plaintiffs and the Class regarding the status of the corrective notice program for 693 class members otherwise subject to arbitration, per their Equity Award Agreements. In light of the current arbitration selection deadline of Thursday, March 24, Plaintiffs respectfully request an expedited ruling.

    Through the most recent outreach by telephone to those who have not previously responded, Class Counsel have discovered that many class members were unfamiliar with the notice or its serious consequences for them, some had not received the notice at all, and many had questions about the status of the case, including dispositive motions. Despite all of these limitations, as of today, the notice provider has received responses from 239 of the 693 class members at issue, and 232 (or 33.5% of the total and 97% of respondents) had rejected arbitration and instead indicated that they prefer to remain in the class action. However, to date, 454 have not responded at all, although outreach to them is ongoing. Underscoring the importance of phone outreach, as of March 17, 117 class members had not received and opened the notice provider's email reminder, which had been sent three days earlier. As to calls, the length of conversation with an engaged class member typically lasts 25 to 30 minutes. Class Counsel are concerned that there is insufficient time between now and the arbitration selection deadline of March 24 to adequately respond to all class member inquiries.

    Meanwhile, as the Court is aware, Judge Torres denied Goldman Sachs's motion for decertification and substantially denied the parties' motions for summary judgment on Thursday, March 17. ECF No. 1337. Respectfully, Class Counsel believe that all class members who have not yet made their arbitration selection should be informed of the Court's recent decision and have the opportunity to ask their Court-appointed attorneys questions, should they wish to do so. The removal of any obstacle to a Phase I class liability trial should reasonably figure into any class member's calculus when considering the class action versus arbitration.

    Finally, class members have continued to express concern that someone within their management chain at Goldman Sachs could find out that they have chosen to maintain their class membership by rejecting arbitration—and that this would have a negative impact on their careers in financial services. Specifically, class members have expressed concern that the

Judge Lehrburger
March 21, 2022
Page 2

"legitimate need to know" language in the Court's order leaves room for mischief. ECF No. 1333 ¶ 1 ("Counsel for Goldman Sachs shall not share the names of who stay in or opts out of the Class with anyone outside the Legal department who does not have a legitimate need to know in order to effectuate an order from the Court in this lawsuit."). For this reason, Plaintiffs inquired of Goldman Sachs whether it would agree that (1) to date, the Court has not issued an order that would confer a "legitimate need to know" on "anyone outside the Legal department"; and (2) Goldman Sachs will inform Class Counsel if it determines that a future order of the Court confers a "legitimate need to know" the names of arbitration responders on non-legal employees of Goldman Sachs. Counsel for Goldman Sachs did not agree. *See* **Ex. A** (3/15/22 email from J. Singer).

In light of these developments, Plaintiffs make the following limited requests:

1. <u>Extension of Arbitration Selection Deadline by 15 days to April 8.</u> To allow class members the time necessary to consider the decision and ask questions of Class Counsel (if they wish), Plaintiffs request an extension of the arbitration selection period by just 15 days from Thursday, March 24 until Friday, April 8. Fifteen days is a short period in the context of a class action now in its twelfth year. The deadline extension would be communicated in the email proposed in ¶ 2 below.

2. <u>Notification of Ruling on Dispositive Motions.</u> Plaintiffs request permission to send a proposed email (attached as **Exhibit B**) to class members apprising them of the Court's recent rulings. The email is neutral in content and, as to the order, would read—in plain English—as follows: "On March 17, the Court denied Goldman Sachs's motion to decertify the class and substantially denied the parties' motions to end the case without a trial—meaning the case will now proceed to a liability trial on the claims that Goldman Sachs's promotion and performance evaluation polices harmed women as a class, as described in detail in the order available [here](#)." The hyperlink would direct class members to the full order hosted on the notice provider's website.

3. <u>Final Reminder Email.</u> In calls with Class Counsel, class members have requested reminders about the deadline. As is customary practice for important deadlines, Plaintiffs request permission to send a proposed email (attached as **Exhibit C**) on Thursday, April 7, with the subject line: "FINAL REMINDER: Friday, April 8 is last day to act to maintain class member status in the Goldman Sachs Gender Case."

4. <u>Confidentiality of Responder Names</u>. To address continued class member confidentiality concerns, Plaintiffs request that the Court confirm that it has not issued an order to date that would confer a "legitimate need to know" responders' names on "anyone outside the Legal department" of Goldman Sachs, and order Goldman Sachs to provide notice to Class Counsel seven days in advance of any planned disclosure if Goldman Sachs determines that a future order confers such a "legitimate need to know" on a non-Legal Department employee.

Judge Lehrburger
March 21, 2022
Page 3

* * *

Plaintiffs thank the Court for its continued attention to the arbitration selection process.

Respectfully submitted,

Michael Levin-Gesundheit

2383211