# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

---

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 22, 2022

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
  Southern District of New York,
    500 Pearl Street,
      New York, New York 10007-1312

        Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
              No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, I respond to Plaintiffs' March 21, 2022 letter (ECF No. 1338 ("Letter")). Without meeting and conferring with Defendants, Plaintiffs seek again to modify the Court-ordered notice process. This time, Plaintiffs ask the Court to extend the 45-day deadline, now scheduled to end March 24, 2022, by another 15 days, so that class counsel may send *two more e-mails* and make more phone calls to Equity Award recipients. These emails and phone calls would be on top of the two priority mail notices, four email notices (including individualized emails and "Q&As" sent directly by class counsel), two text messages, and phone calls from class counsel that Equity Award recipients already have received. Enough is enough. Beyond arguably being the most aggressive notice process in this Court's history, Plaintiffs' new proposed email paints a one-sided picture of their prospects in this litigation, including not advising class members of their individualized burden to establish liability *and* damages during Phase II proceedings to obtain any recovery. The Court should also reject Plaintiffs' renewed effort to prevent Goldman Sachs from sharing the names of Equity Award recipients with Firm personnel outside the Employment Law Group ("ELG") in order to comply with the Court's orders, a practice that this Court has already approved twice (including once with Plaintiffs' express agreement).

      *First*, in claiming that more time is needed because "454 [Equity Award recipients] have not responded at all" (Letter at 1), Plaintiffs ignore that the notice expressly contemplates that recipients *do not need to respond at all*. (*See* ECF No. 1303 at 4 ("*If you do nothing*, you will no longer be in the class and will have to initiate arbitration to pursue your claims") (emphasis added).) Recipients' choice not to respond affirmatively provides no basis on which to extend the notice period or send even more notices. To the contrary, extending the notice period and continuing to press recipients to respond affirmatively *after* expiration of the March 24 deadline smacks of harassment.

      *Second*, class counsel advances no facts in support of their claim that counsel learned in phone calls that "many" Equity Award recipients were "unfamiliar with the notice" or its "consequences." (Letter at 1.) And the whole point of the last request to make unsolicited

The Honorable Robert W. Lehrburger                                                                                                -2-

telephone calls was precisely for this same purpose.  (*See* ECF No. 1333 at 3.)  Presumably, when class counsel spoke with these notice recipients, they directed them appropriately.  Now, class counsel wants another communication to the same group of people, to tell them what they were just told.  Counsel's unsubstantiated request also ignores that Equity Award recipients have received nine separate communications over the past 6 ½ weeks and may simply not want to respond to class counsel's relentless campaign to keep them in this litigation.

*Third*, Plaintiffs sought and obtained approval to contact each recipient individually by email over one month ago (ECF Nos. 1328 at 2, 1332 at 1), and by telephone nearly two weeks ago, fully aware of the March 24, 2022 deadline for the notice period.  (ECF Nos. 1333 at 3, 1336 ¶ 4.)  Class counsel consists of two large law firms with numerous attorneys assigned to this matter who are more than capable of responding to "class member inquiries."  (Letter at 1.)

*Fourth*, the Court should not permit Plaintiffs to send an email to Equity Award recipients informing them of Judge Torres's March 17, 2022 Order.  (*See* Letter Ex. B at 1.)  In fact, *none* of the notices sent to date makes a single reference to the case status or any prior rulings.  That is because Plaintiffs insisted on striking all background and status information that Goldman Sachs suggested be included in the original notice to Equity Award recipients.  (*Compare* ECF No. 1299-1 (Plaintiffs' notice proposal), *with* ECF No. 1299-2 (Goldman Sachs's notice proposal).)  Having chosen that path, Plaintiffs cannot now reverse course.  Even worse, Plaintiffs' one-sided email announces that the "the case will now proceed to a liability trial" (Letter Ex. B at 1), without mentioning that the so-called "liability trial" will not determine Defendants' "liability" as to any particular class member.[1]  Plaintiffs' one-sided description of Judge Torres's Order would interfere with Equity Award recipients' ability "to make an informed and knowing choice" about whether to participate in the class action (ECF No. 1303 ¶ 1), and underscores the concerns, which this Court previously recognized, "for undue influence, fairness, and proprietary of communications" that arise when class counsel communicates directly with individual class members "about whether to participate in the class action" (ECF No. 1026 at 4).

*Finally*, the Court should reject Plaintiffs' effort to relitigate Goldman Sachs's ability to share "the names of who stays in or opts-out of the Class" outside of ELG on a need-to-know and confidential basis "in order to effectuate an order from the Court," which the Court has now twice approved.  (*See* ECF Nos. 1334-2 ¶ 15, 1336 ¶ 1.)  As Goldman Sachs has explained to Plaintiffs and as this Court has recognized, Plaintiffs previously agreed to these limited disclosures (*see* ECF No. 610-1 ¶ 15), and Goldman Sachs has shared class members' names on this limited basis for the past four years without a hint of any class member being subject to retaliation in any way (ECF No. 1334 at 3).  The order granting class certification, orders affirming class members' voluntary dismissals from the class, and this Court's arbitration order, among others, have changed

---

[1] A balanced communication to Equity Award recipients would make clear that even if Plaintiffs were to prevail at a Phase I trial, each class member must then come forward and participate in individual Phase II proceedings to establish liability *and* any entitlement to backpay damages, as Judge Torres repeatedly emphasized in her March 17, 2022 Order and as this Court and Judge Torres have ruled numerous times.  (*See* Mar. 17, 2022 Order (ECF No. 1337) at 20 ("[D]amages are beyond the scope of the Phase I trial."); *id.* at 40 ("At Phase II, the case will look at individuals and whether they suffered harm such that damages should be awarded to them.").)

The Honorable Robert W. Lehrburger                                                                -3-

class membership over time (*see, e.g.*, ECF Nos. 578, 879, 983, 1144, 1167), and current class membership is shared on occasion with a limited group of non-legal employees who have no managerial responsibilities for class members and are required to maintain confidentiality. For example, when Goldman Sachs enters into certain agreements that contain a release of claims, the non-legal employees who administer those agreements need to know whether the employee is in the class so that the class action is carved out of the release.

        The Court should deny Plaintiffs' requests.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.

cc:   All parties of record (by ECF)