UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

H. CRISTINA CHEN-OSTER, SHANNA : 
ORLICH, ALLISON GAMBA, and MARY DE :      10-cv-6950 (AT) (RWL)
LUIS, :

                              :

               Plaintiffs, :           **ORDER**

                              :

      - against - :

                              :

GOLDMAN, SACHS & CO. and THE : 
GOLDMAN SACHS GROUP, INC., :

                              :

           Defendants. :

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/18/2022

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      The Court previously implemented a procedure for providing notice to Equity Award members of their option to affirmatively opt out of arbitration and remain in the class – a procedure that had been implemented in other cases raising similar issues about mandatory arbitration clauses as in this case. *See Chen-Oster v. Goldman, Sachs & Co.*, 449 F. Supp.3d 216, 271-72 (S.D.N.Y. 2020). In response to class counsel's concerns about whether class members have received sufficient notice, the Court authorized, over Defendants' objections, several additional communications with Equity Award members. *See, e.g.*, Dkts. 1336, 1341. Now that the option period has concluded, class counsel asks the Court to flip the script, literally, by sending a new notice providing that Equity Award class members may opt out of arbitration and remain in the class by doing nothing. (Dkt. 1350.) The reason for that request is a concern that some Equity Award members are reluctant to opt out of arbitration and remain in the class for fear of retaliation by Defendants. The Court understands the concerns raised and accepts that some Equity

1

Award members may be reluctant to act.  But there is no evidence of any actual or threat of retaliation, and, as previously held on Defendants' motion to compel arbitration, the arbitration clauses are fully enforceable.  At the close of the option period, 349 of 693 Equity Award members had responded to the notice and opted out of arbitration, indicating that almost half of Equity Award members, fearful or not, had affirmatively opted out of arbitration in favor of remaining in the class.  The procedure proposed by class counsel potentially would sow confusion, as it reverses the procedure of which the Equity Award members have been notified several times and by multiple means.  Accordingly, class counsel's request at Dkt. 1350 is denied.

Dated:      April 18, 2022
            New York, New York

SO ORDERED.

_____

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Copies transmitted to all counsel of record.