# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 25, 2022

Via ECF

The Honorable Robert W. Lehrburger,
   United States District Court for the
     Southern District of New York,
      500 Pearl Street,
       New York, New York  10007-1312.

        Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
              No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

      On behalf of Defendants, I oppose class counsel's request (ECF No. 1364 ("Ltr.")) to make unsolicited and unsupervised calls to approximately 385 current and former Goldman Sachs professionals ("Excluded Class Members").  Class counsel's request is untimely, duplicative, and unwarranted, coming more than *two years* after these individuals were excluded from the class, and more than *three months* after they received the exact information class counsel now seeks to provide a second time:  notice that the statute of limitations for the claims asserted in the class action will begin to run again on July 1, 2022. (ECF No. 1317-1 at 2.)  Class counsel's request is all the more unusual because these individuals ceased to be their clients on March 26, 2020, when this Court ordered them to arbitration, as affirmed by Judge Torres on September 15, 2021.  (ECF Nos. 983, 1264 ("Arbitration Orders")).

      The Court-approved notice that was disseminated in February 2022 provided class counsel's contact information and invited Excluded Class Members to contact class counsel for "[f]urther information about this Notice, the Court's Order, or the class action lawsuit."  (ECF No. 1317-1 at 2.)  As is the case with all notices under Rule 23 related to class membership, presumably any Excluded Class Members who had questions or wanted assistance from class counsel have now followed up.  Others chose not to.  Given the history of the Arbitration Orders and notice to Excluded Class Members, there is no basis for class counsel's claim that individual calls are now needed to "ensure that these Excluded Class Members understand their options" (Ltr. at 1).  Class counsel could have conferred with their former clients in February 2019 after Defendants sent individual arbitration demands to each Excluded Class Member, and could have sought permission to contact their former clients in March 2020 after they were excluded from the class.  But class counsel instead elected to do nothing for almost two years, and then late last year requested that the Court order *only* written notice to this group (ECF No. 1305), with no mention of phone calls.  In January 2022, the Court approved precisely the notice that class counsel requested.  Nothing more is necessary or required.[1]

---

[1]   Courts have rejected similar requests to make cold calls as unwarranted and intrusive.  *See, e.g.*, *Brown* v. *Energy Servs. Grp. Int'l, Inc.*, 2021 WL 5889707, at *3 (E.D. Va. Dec. 13, 2021)

The Honorable Robert W. Lehrburger                                                                                                            -2-

        There is also no basis for class counsel's speculation that Excluded Class Members "may not" have received the notice. (Ltr. at 1.)  The parties agreed to "skip tracing" that would locate better contact information for Excluded Class Members whose mail or email initially "bounced" back without being received, and the notice administrator resolved a concern raised by class counsel that notices might go to spam before the e-mail notice was sent.  Class counsel should not be permitted to use Excluded Class Members' private contact information to subject those individuals to unwelcome phone calls, or for any purpose other than the limited one for which the parties agreed that this personal information would be produced:  to disseminate the Court-approved *written* notice.  Notably, the Excluded Class Members at issue are unlike Equity Award holders whom the Court held occupied a "distinct [status] from other class members" (ECF No. 1336) that warranted multiple communications because they had an affirmative right to opt in to the class action.  (*See* ECF No. 1341.)  Excluded Class Members do not face any choice here regarding the class action, only whether they want to bring an arbitration.  The Court should reject class counsel's eleventh hour request to reach out to Excluded Class Members yet again.

                                                                                           Respectfully,

                                                                    */s/ Robert J. Giuffra, Jr.*

                                                                    Robert J. Giuffra, Jr.

cc:      All parties of record (by ECF)

---

("direct telephone calling" was "unwarranted" for notices returned as undeliverable); *James* v. *Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 925 (D. Kan. 2021) (rejecting notice by telephone due to the "pain of ongoing and unwanted telephonic solicitations"); *Irvine* v. *Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) (same, because "direct calling of putative class members would be unduly intrusive and difficult to regulate").