## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

---

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

June 1, 2022

Via ECF

The Honorable Analisa Torres,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
            New York, New York  10007-1312.

> Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*
>       No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Torres:

   Goldman Sachs opposes Plaintiffs' Motion (ECF No. 1365) to publicize the names of two senior executives, only one of whom is currently with the Firm, who were subjects of hearsay internal complaints nearly ***twenty years ago***.  These complaints have nothing to do with the certified claims in this case involving three evaluation and promotion processes.  At best, these complaints relate to so-called "boys' club" allegations that the Court held were not suitable for class treatment.  In making this request, Plaintiffs reneged on their agreement with Goldman Sachs (made more than a year ago) ***not*** to publish these executives' names, but instead to make public only their corporate titles at the time of the complaints.  This agreement allowed disclosure of sufficient information to satisfy any public right of access to information in court filings.  The Court should deny Plaintiffs' request to publicize the names of two individuals who are not defendants on this action.  Such disclosure would serve only to sensationalize this case and infringe on the substantial privacy interests of third parties for no compelling reason.

**I.  Plaintiffs Previously Agreed to Redact the Exact Information that They Now Demand Be Published.**

   On June 29, 2017, this Court denied without prejudice Plaintiffs' request to unseal certain documents filed in connection with their motion for class certification, including the names of the two executives.  (ECF No. 510 at 1.)  The Court's Order rightly recognized that "[e]ven when the presumptive right of access applies, the Court must 'balance competing considerations against it'" and cautioned that "the materials include sensitive content about identifiable non-parties."  (*Id.* (quoting *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).)

   Following the March 30, 2018 class certification decision (ECF No. 578), the parties negotiated a stipulation governing the unsealing of the redacted material in the class certification briefing and exhibits.  The parties agreed to unseal the underlying complaint files and descriptions in the briefing, except for any names referenced in those complaints, including thenames of the complainants, the subjects of the complaints, and any other third parties.

The Honorable Analisa Torres                                                                                                              -2-

On November 2, 2020, Plaintiffs expressly agreed to "*redaction of the names of complainants and subjects of complaints*"—including the exact information that they now demand be unsealed. (Ex. A at 1 (emphasis added); *see* Ex. B at 2; Ex. C at 1.)[1] The parties memorialized this agreement in a draft stipulation, which Plaintiffs accepted on April 22, 2021: "*all names . . . shall be redacted*" from the "briefing," and "the names of the subjects of the complaints" replaced with information such as their corporate title at the time of the complaint. (Exs. D-1 at 2, D-2 at 2 (emphasis added); *see* Exs. E at 1, 5-1 at 2.) In accordance with the parties' stipulation, Goldman Sachs sent Plaintiffs proposed redactions to the class certification papers in May 2021.

On January 21, 2022, after sitting on those proposed redactions for more than eight months, Plaintiffs suddenly reneged on the agreement, seeking to disclose the names of two executives as they appear in the class certification briefing, who were named in hearsay complaints 17 to 19 years ago. (Ex. F at 1–2; Ex. F-1 at 2.)[2] Plaintiffs continue to agree that these same executives' names (along with the names of all subjects of other complaints and all other third parties) should remain under seal in the underlying complaint files.[3]

Despite Plaintiffs' about-face with respect to disclosure of the names of two executives, Goldman Sachs offered to consider additional or alternative text overlaying redactions beyond that already agreed upon. (Ex. G at 4.) More than six weeks later, rather than respond substantively, Plaintiffs declared an impasse and filed their Motion.

## II. Publicly Identifying the Names of Two Executives Named in Hearsay Internal Complaints Would Harm Their Substantial Privacy Interests.

Consistent with the parties' prior agreement, this Court should deny Plaintiffs' request to unseal the names of two third parties who will not have the opportunity to defend themselves against these unsworn, hearsay allegations contained in confidential internal complaint files. Under the First Amendment, judicial documents are not subject to an *unfettered* right of

---

[1]     Goldman Sachs requests leave to file Exhibits 1, 2 and 7 under seal, with redactions over (i) the names of the executives at issue in the Motion for the reasons stated in this letter; (ii) the names of complainants, which the parties agree should remain redacted; and (iii) descriptions of the complaints, which currently are filed under seal.

[2]     Plaintiffs say that the parties have agreed on the remaining redactions to the class certification briefing (contained in Exhibits 2 and 3 to their Motion), including on unsealing the descriptions of the underlying complaint files in the briefs, but they are referring to the very agreement that Plaintiffs abandoned. That said, Goldman Sachs does not oppose unsealing of the information in Exhibits 2 and 3 to the Motion, except for (i) the names and personally identifying information of the two executives referenced in Plaintiffs' Motion, and (ii) the information highlighted in red in those exhibits, which Plaintiffs acknowledge should remain under seal. Goldman Sachs respectfully requests that the Court order that unsealing of the materials occur not less than one week after the date of the Court's order on the Motion.

[3]     Plaintiffs are wrong in claiming that information in the underlying complaint files is held to a different standard than the class certification briefing. (Mot. at 3 n.5.) In fact, their own authority applied the same standard to briefing, declarations, expert reports, deposition transcripts, and discovery responses. *Royal Park Invs. SA/NV* v. *Wells Fargo Bank, N.A.*, 2018 WL 739580, at *18–19 (S.D.N.Y. Jan. 10, 2018) (Netburn, J.).

access; rather, sealing is appropriate if "sealing is necessary to preserve higher values," and the proposed resolution is "narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124.

"In balancing the qualified right of public access against privacy interests, the Court must consider the sensitivity of the information and the subject, the reliability of the information, and whether there is a fair opportunity for the subject to respond to any accusations contained therein." *United States* v. *Silver*, 2016 WL 1572993, at *6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.); *see United States* v. *Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (approving sealing where "[p]ortions of the [r]eport are hearsay . . . and . . . [t]here is a strong possibility that the report will contain material which is untrustworthy or simply incorrect"). The privacy rights of third parties, including current and former employees, should be protected where unsealing risks exposing identifying personal information concerning a potentially "sensitive subject." *Silver*, 2016 WL 1572993, at *6. In *Silver*, for example, Judge Caproni kept under seal the names of third parties who were alleged to be implicated in "embarrassing conduct," but "did not have an opportunity to respond officially to the assertions in the" papers naming them. *Id.* Indeed, courts in this District routinely permit redactions of third-parties' names for privacy reasons. *See*, *e.g.*, *United States* v. *Pasqua*, 2020 WL 7338082, at *2 (S.D.N.Y. Dec. 12, 2020) (Román, J.) ("[T]he Court notes that the vast majority of third-party related redactions proposed in the sealed documents . . . concern innocent third parties, which fall squarely within the type of information properly redacted.").[4]

Given the Court's rejection of the certification of Plaintiffs' "boy's club" claim (ECF No. 578 at 49), the identities of the two executives' named in unsworn, inadmissible complaint files are irrelevant to Plaintiffs' statistics-based certified claims based on evaluation and promotion processes. Plaintiffs assert, more than *four years* after the Court's class certification decision and nearly *twenty months* after agreeing to redaction of these individuals' identities, that "the class is entitled to know the full scope of the information the Court considered in making its boy's club determination." (Mot. at 3.) Plaintiffs recognize in their Motion that "the Court cited some of the very same pages at issue" in its class certification decision (*id.*), but gloss over that the Court carefully chose *not* to identify these individuals (*see* ECF No. 578 at 32–34).

Plaintiffs do not provide any reason why disclosure of these third-party executives' corporate titles instead of their names would not sufficiently satisfy any need for public access (there is none), without sacrificing their legitimate privacy interests. *See Lohnn* v. *Int'l Bus. Machs. Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (Liman, J.) (permitting redactions to the names and identifying titles of executives filed in connection with summary judgment briefing, where the information was "not necessary for the public to understand the issues in the litigation"); *Cohen* v. *Gerson Lehrman Grp.*, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (Castel, J.) (allowing redaction where individuals "are not parties to this litigation and their identities are irrelevant to the motion"). To publicize one-sided hearsay complaints about two

---

[4] *See also Iacovacci* v. *Brevet Holdings, LLC.*, 2022 WL 101907, at *1 (S.D.N.Y. Jan. 11, 2022) (Vyskocil, J.) (maintaining redactions over "personally identifiable information" of non-party employee because the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation"); *Statoil (Nigeria) Ltd.* v. *Nigerian Nat'l Petroleum Corp.*, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (Berman, J.) ("Petitioners' request to redact the identity of a third-party contractor mentioned in [two exhibits] is granted."); *Dodona I, LLC* v. *Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (Marrero, J.) ("limited redactions" of "sensitive personal information of current and former employees of the parties and the affected third-parties" "overcome[] the presumption of public disclosure . . . .").

The Honorable Analisa Torres                                                                                        -4-

third-party executives, from confidential complaints lodged nearly **two decades ago** without those individuals having any recourse to rebut those complaints, would be highly unfair and prejudicial—not only to the executives, but also to the complainants themselves, who may be identified based on the executives' identities coupled with the substance of the complaints. Goldman Sachs's proposal, by contrast—to which Plaintiffs previously agreed—appropriately balances the public's right to access and the privacy rights of the individuals involved.

None of the cases Plaintiffs cite—which predate or rely on authority predating the parties' agreement on redactions[5]—supports their extreme position. *Dickerson* v. *Novartis Corp.* has nothing to do with publicly disclosing the names of third parties. And there, unlike here, the parties sought to seal documents that were "important for the public and potential class members to understand the basis for the [parties'] settlement," such as declarations "that pertain[ed] directly to the damages allegedly suffered by each of the classes," and the "allocat[ion of] the proposed settlement fund among the classes." 2016 WL 9560056, at *3 (S.D.N.Y. Apr. 11, 2016) (Woods, J.). The court held that disclosure was required because the documents would inform prospective class members' decisions "to opt out or object to the proposed settlement" or to "broadly release claims." *Id.* at *2–3. Plaintiffs here do not claim (nor could they) that the *two names* they seek to disclose could be material to a class member's decision to participate in the class action.[6]

Plaintiffs are similarly wrong in relying on *Bronx Conservatory* and *Lytle* v. *JPMorgan Chase*, 810 F. Supp. 2d 616 (S.D.N.Y. 2011) (Cott, J.). *First*, the information at issue was central to a party's claims in both cases. In *Bronx Conservatory*, the plaintiff sought to seal *all* references to a counterclaim for sexual harassment—including the nature of the counterclaim itself. 2021 WL 2850632, at *1. And in *Lytle*, the defendant sought to seal the names of current and former employees whose conduct formed the basis of the complaint's allegations. 180 F. Supp. 2d at 624. Here, by contrast, the names of the subjects of the complaints do not "lie at [the] 'very heart'" of the certified claims (or anywhere close), which pertain only to Goldman Sachs's 360 review, manager quartiling, and promotion processes. *Bronx Conservatory*, 2021 WL 2850632, at *2. *Second*, the names at issue in those cases were already publicly available because they were *in the pleadings*. *Id.* at *3 n.2 (alleged harasser was "identified by name in the counterclaim"); *Lytle*, 810 F. Supp. 2d at 626 (names of third parties were "already in the public record"). That is not true in this case, where unsealing would, for the first time, disclose the names of the subjects of these decades-old hearsay complaints.

The Court should reject Plaintiffs' attempt to disclose the names of the two executives named in hearsay complaints from long ago. The public's interest in disclosure, if any, will be fully satisfied by disclosing the executives' titles at the time of the complaints, without inflicting substantial and unnecessary reputational harm on them.

---

[5]  Indeed, *every case* cited by *Bronx Conservatory of Music, Inc.* v. *Kwoka*, 2021 WL 2850632 (S.D.N.Y. July 8, 2021) (Moses, J.)—the only case cited by Plaintiffs decided after the parties' agreements—predates the parties' agreement.

[6]  *Shane Group* v. *Blue Cross Blue Shield of Michigan* is inapposite for the same reason: the district court had improperly permitted sealing of "most of the court filings and exhibits that underlay the proposed settlement," including the expert report that was "the keystone of the settlement agreement," impairing class members' ability to assess the fairness of the settlement. 825 F.3d 299, 304, 306 (6th Cir. 2016).

The Honorable Analisa Torres                                                                          -5-

                                                     Respectfully,

                                                     */s/ Robert J. Giuffra, Jr.*

                                                       Robert J. Giuffra, Jr.
                                                       of Sullivan & Cromwell LLP

cc:      Counsel of record (via ECF)