| | |
|---|---|
| **OUTTEN & GOLDEN LLP**<br>Adam T. Klein<br>Cara E. Greene<br>Melissa Stewart<br>3 Park Avenue, 29th Floor<br>New York, New York 10016<br>Telephone: (212) 245-1000<br>Facsimile: (212) 977-4005 | **LIEFF CABRASER HEIMANN &<br>   BERNSTEIN, LLP**<br>Kelly M. Dermody, *admitted pro hac vice*<br>Anne B. Shaver, *admitted pro hac vice*<br>Lisa J. Cisneros, *admitted pro hac vice*<br>275 Battery Street, 30th Floor<br>San Francisco, CA  94111-3339<br>Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>**LIEFF CABRASER HEIMANN &<br>   BERNSTEIN, LLP**<br>Rachel Geman<br>250 Hudson Street, 8th Floor<br>New York, NY  10013-1413<br>Telephone: (212) 355-9500<br>Facsimile: (212) 355-9592 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| H. CRISTINA CHEN-OSTER and SHANNA ORLICH,<br><br>           Plaintiffs,<br><br>-against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>           Defendants. | No. 10 Civ. 6950 (AT) (JCF)<br><br><br>**DECLARATION OF ANNE B. SHAVER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

1160917.2

I, Anne B. Shaver, declare:

1. I am an attorney licensed to practice in California and admitted in this matter *pro hac vice*. I am an associate at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Counsel for the named Plaintiffs ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

2. Appended hereto as Appendix 1 is a Table of Contents, setting forth the contents of this Declaration for the Court's convenience.

**Exhibits – Corporate Documents**

3. All corporate documents are attached hereto as Exhibit A in numerical order by Bates Stamp Identification Number ("Bates number").

**Exhibits - Non-Corporate Documents**

4. Attached hereto as Exhibit B is a chart representing the 133 separate internal complaints concerning gender discrimination submitted by female Goldman Sachs employees in the Investment Banking, Investment Management, and Securities Divisions to Goldman Sachs' Employee Relations department between 2000 and 2011. This chart is based on the logs of internal complaints ("complaint logs") maintained by Goldman Sachs' Employee Relations department and produced to Plaintiffs. The format of these complaint logs renders them difficult to read, if not unusable: the font is too small to read unless electronically enlarged to 400%, and Defendants produced 118 separate complaint log files. For the convenience of the Court, Plaintiffs' counsel excerpted the essential information from the complaint logs (complainant name, division, year, and issue) and produced it in this single chart.

5. Plaintiffs' Memorandum of Points and Authorities in support of Motion for Class Certification contains citations to two complaint logs because these logs indicate how Employee Relations resolved the internal complaint, and these logs are the only source of that information produced by Defendants. These complaint logs bear Bates stamps GS0145358 – GS0145359 and GS0145360, and are part of Exhibit A, above, in numerical order by Bates number. (These logs also demonstrate the problems with the layout and usability of the complaint logs described above.)

6. For most, but not all, of the internal complaints listed in the complaint logs, Goldman Sachs also produced a related Employee Relations investigation file ("investigation file").[1] The investigation files contain handwritten notes made by Employee Relations' personnel during interviews with complainants and interviews with other employees connected to the complaint. Some investigation files also contain written correspondence between complainants and Employee Relations, and/or emails that evidence the events complained about. Plaintiffs' Memorandum of Points and Authorities in support of Motion for Class Certification contains citations to many investigation files, which are part of Exhibit A, above, in numerical order by Bates number. The files are sometimes lengthy, and Plaintiffs have attempted to cull the most relevant parts. For the Court's convenience, Plaintiffs' chart (Exhibit B, above) contains the Bates number of those parts of investigation files cited in Plaintiffs' Memorandum.

7. Attached hereto as Exhibit C is a chart representing litigation and Equal Employment Opportunity Commission ("EEOC") charges filed by female Goldman Sachs employees in the Investment Banking, Investment Management, and Securities Divisions between 2000 and 2011, alleging gender discrimination. This chart is based on the EEOC

---

[1] Goldman Sachs represented that Employee Relations did not have an investigation file for a handful of internal complaints listed in the complaint logs.

- 2 -

charges and litigation files that Defendants produced to Plaintiffs in the course of this litigation, as well as one supplemental EEOC charge of retaliation filed by ████████████ on February 18, 2014 (see Exhibit J, below).  Plaintiffs compiled this list for the Court's ease of reference.  Plaintiffs' Memorandum of Points and Authorities in support of Motion for Class Certification contains five citations to EEOC charges.  These EEOC charges bear Bates stamps GS0140030 – GS0140035, GS0140133 – GS0140138, GS0140165 – GS0140169, GS0140218 – GS0140224, and GS0140280 – GS0140287, and are part of Exhibit A, above, in numerical order by Bates number.

8.  Attached hereto as Exhibit D is a true and correct copy of an article entitled *What It was Like to Be a Woman at Goldman Sachs* (Marie Myung-Ok Lee, Atlantic Magazine, November 26, 2012).

9.  Attached hereto as Exhibit E is a true and correct copy of an article entitled *Former Trader Sues Goldman, Charging Firing was Illegal* (Patrick McGeehan, N.Y. Times, February 09, 2000).

10.  Attached hereto as Exhibit F is a true and correct copy of an article entitled *Goldman "Defender" Saw Harassment at Firm: "Deep Doodah"* (Mike Taylor, The N.Y. Observer, September 23, 2010).

11.  Attached hereto as Exhibit G is a true and correct copy of an article entitled *Goldman Managing Director to Be Arraigned on Rape Charges* (Bloomberg News, September 20, 2013).

12.  Attached hereto as Exhibit H is a true and correct copy of an article entitled *Goldman Sachs: When business and strip clubs mix* (Tracy Clark-Flory, Salon.com, September 16, 2010).

13. Attached hereto as Exhibit I is a true and correct copy of an article entitled *How To Party Like a Goldman Trader* (Daily Mail, October 18, 2012).

14. Attached hereto as Exhibit J is a true and correct copy of the Supplemental EEOC Charge filed by ███████████ on February 18, 2014, bearing bates number P015009-P015012.

**Exhibits - Depositions**

15. Attached hereto as Exhibit K is a true and correct copy of transcript excerpts from the deposition of Goldman Sachs' Rule 30(b)(6) witness on firmwide corporate organization, **Sally Boyle**, dated June 14, 2012.

16. Attached hereto as Exhibit L is a true and correct copy of transcript excerpts from the deposition of named Plaintiff **Cristina Chen-Oster**, dated December 8 and 9, 2011.

17. Attached hereto as Exhibit M is a true and correct copy of transcript excerpts from the deposition of Goldman Sachs' Rule 30(b)(6) witness for the Securities Division, **Caroline Heller-Sberloti**, dated July 10 and 11, 2013.

18. Attached hereto as Exhibit N is a true and correct copy of transcript excerpts from the deposition of Goldman Sachs' Rule 30(b)(6) witness for the Investment Management Division, **Jessica Kung**, dated July 31, 2013 and August 1, 2013.

19. Attached hereto as Exhibit O is a true and correct copy of transcript excerpts from the deposition of Goldman Sachs' Rule 30(b)(6) witness on the 360 Review Process and the Forced Ranking process, **David Landman**, dated September 5, 2013 and October 10, 2013.

20. Attached hereto as Exhibit P is a true and correct copy of transcript excerpts from the deposition of Goldman Sachs' Rule 30(b)(6) witness for the Investment Banking Division, **Bruce Larson**, dated June 12, 2013.

21. Attached hereto as Exhibit Q is a true and correct copy of transcript excerpts from the deposition of Goldman Sachs' Rule 30(b)(6) witness on firmwide compensation, **Scott Mehling**, dated May 20, 2013.

**Miscellaneous**

22. Based on Goldman Sachs' personnel data produced to Plaintiffs' counsel, from 2002 to 2011, women comprised approximately 27% of Associates and 21% of Vice Presidents in the Class divisions.

23. There have been at least seventy-five reported incidents of sexual assault and harassment in the three Class divisions. There are sixty-six such incidents alleged in the internal complaints compiled in the chart attached as Exhibit B, above. (Sixty-one such complaints in total, with five complaints containing two unique allegations of sexual harassment.) There is one EEOC charge alleging sexual harassment that is not duplicative of an internal complaint. Finally, there are eight alleged incidents of sexual harassment and/or assault in the news articles attached as Exhibits E to J, above. The total is thus seventy-five.

24. Goldman Sachs produced manager training data to Plaintiffs' counsel. The data show that each year between one-half and three-quarters of managers attended no diversity training at all between 2002 and 2007.

25. The manager training data contained the names of courses offered in a category titled "Diversity & Inclusion." These included a 2010 presentation called "Kick-off to the World Cup: Building the Future of U.S. Soccer", a 2010 film screening of "Team Everest: A Himalayan Journey", and a 2011 presentation called "Diversity in the Business of Sports."

26. Goldman Sachs produced human resources data to Plaintiffs' counsel. The data show that the rate of promotions of female Vice Presidents increased in the year 2010, after the litigation was underway.

27. Each year during the Class period, Goldman's firm-wide Employment Law Group ("ELG") conducted a secret, privileged review process of employee compensation and manager forced rankings. However, Goldman Sachs has asserted attorney-client privilege with respect to this entire process, so the details remain hidden from Plaintiffs. *See* Dkt. 183.

*   *   *

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Francisco, California on May 19, 2014.

*/s/ Anne B. Shaver*
Anne B. Shaver

**APPENDIX ONE**

| Exhibit Number | Type of Exhibit |
|---|---|
| Exhibit A | Corporate Documents |
| Exhibits B to J | Non Corporate Documents |
| - Exhibit B | Chart of 133 Internal Complaints |
| - Exhibit C | Chart of EEOC Charges and Litigation |
| - Exhibit D | *What It was Like to Be a Woman at Goldman Sachs* (Marie Myung-Ok Lee, Atlantic Magazine, November 26, 2012) |
| - Exhibit E | *Former Trader Sues Goldman, Charging Firing was Illegal* (Patrick McGeehan, N.Y. Times, February 09, 2000) |
| - Exhibit F | *Goldman "Defender" Saw Harassment at Firm: "Deep Doodah"* (Mike Taylor, The N.Y. Observer, September 23, 2010) |
| - Exhibit G | *Goldman Managing Director to Be Arraigned on Rape Charges* (Bloomberg News, September 20, 2013) |
| - Exhibit H | *Goldman Sachs: When business and strip clubs mix* (Tracy Clark-Flory, Salon.com, September 16, 2010). |
| - Exhibit I | *How To Party Like a Goldman Trader* (Daily Mail, October 18, 2012) |
| - Exhibit J | Supplemental EEOC Charge filed by ▇▇▇ on February 18, 2014 |
| Exhibit K to Q | Deposition Transcripts |
| - Exhibit K | Boyle, Sally |
| - Exhibit L | Chen-Oster, Cristina |
| - Exhibit M | Heller-Sberlati, Caroline |
| - Exhibit N | Kung, Jessica |
| - Exhibit O | Landman, David |
| - Exhibit P | Larson, Bruce |

- 7 -

1160917.2

| - Exhibit Q | Mehling, Scott |
|---|---|

1160917.2