**OUTTEN & GOLDEN LLP**
Adam T. Klein
Cara E. Greene
Melissa Stewart
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

**LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP**
Kelly M. Dermody, *admitted pro hac vice*
Anne B. Shaver, *admitted pro hac vice*
Lisa J. Cisneros, *admitted pro hac vice*
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

**LIEFF CABRASER HEIMANN &
   BERNSTEIN, LLP**
Rachel Geman
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H. CRISTINA CHEN-OSTER and SHANNA ORLICH,<br><br>Plaintiffs,<br><br>-against-<br><br>GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,<br><br>Defendants. | No. 10 Civ. 6950 (AT) (JCF)<br><br><br>**DECLARATION OF ANNE B. SHAVER IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

1187808.1

I, Anne B. Shaver, declare:

1.      I am an attorney licensed to practice in California and admitted in this matter *pro hac vice*. I am an associate at the firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Co-Lead Counsel for the named Plaintiffs ("Plaintiffs"). I submit this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts set forth herein and could competently testify to them if called as a witness.

**Exhibits – Corporate Documents**

2.      All corporate documents are attached hereto as Exhibit A in numerical order by Bates Stamp Identification Number ("Bates number").

**Deposition Excerpts**

3.      Attached hereto as Exhibit B is a true and correct copy of excerpts from the deposition of Defendants' expert Dr. Michael Campion, December 30, 2013.

4.      Attached hereto as Exhibit C is a true and correct copy of excerpts from the deposition of Plaintiffs' expert Dr. Wayne Cascio, December 30, 2013.

5.      Attached hereto as Exhibit D is a true and correct copy of excerpts from the deposition of Defendants' expert Michael Curran, January 3, 2014.

6.      Attached hereto as Exhibit E is a true and correct copy of excerpts from the deposition of Plaintiffs' expert Dr. Henry S. Farber, November 19, 2013.

7.      Attached hereto as Exhibit F is a true and correct copy of excerpts from the deposition of Defendants' expert Dr. Michael Ward, January 6, 2014.

8.      Attached hereto as Exhibit G is a true and correct copy of excerpts from the deposition of Plaintiffs' expert Dr. David Yermack, February 25, 2014.

**Miscellaneous**

9. Of the 133 internal complaints of gender discrimination submitted to Goldman's Employee Relations department, 60 were made by non-Class Members. 73 were made by Class Members. The assertion in paragraph 12 of the Declaration of Aime Hendricks – that Plaintiffs counted five duplicate conversations with the same person – is incorrect. On Exhibit B to the Declaration of Anne Shaver in Support of Plaintiffs' Motion for Class Certification (Dkt. 248-10), Items 23 and 24 reflect two separate complaints by ███████ Items 57 and 58 reflect two separate complaints by ███████ Items 95 and 96 reflect two different complaints by ███████ Items 104 and 105 reflect two separate complaints by ███████ Items 126 and 127 reflect two separate complaints by ███████

10. Twenty-four of the internal complaints concerned the conduct of third parties such as clients or vendors. Five of these twenty-four complaints included the conduct of the Goldman manager in not adequately responding to the client or vendor harassment. *See* Exhibit A (GS0162330, 341-344; GS0240307; GS0167674; GS0167685; and GS0162160). Another two expressed concern that reporting the incident would jeopardize the woman's career at Goldman. *Id*. (GS0162374-375; GS0167715, 720). Another one shows that the complainant was not hired for a "client facing" role she had applied to within Goldman because she told her manager that she had been made uncomfortable at a client event. *Id*. (GS0167502-505).

11. On May 15, 2014, Rebecca Farber, counsel for Defendants, emailed Plaintiffs' counsel stating that, "[A] large portion of former employees in the putative class signed separation agreements that included releases of claims and thus would not be eligible to claim damages or obtain relief in connection with this litigation." Ms. Farber attached a list of such employees to the email. The list identified 732 individuals.

12. On October 15, 2013, the Court ordered Defendants to unredact, among other things, employee names and any contact information contained in the 133 internal complaints submitted to Employee Relations. Dkt. 196. Plaintiffs' counsel attempted to contact the employees for which contact information was available. Many of the women whom Plaintiffs' counsel spoke with had signed severance agreements that precluded them from making public statements regarding their employment with Goldman Sachs.

*    *    *

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in San Francisco, California on July 29, 2014.

*[signature: Anne B. Shaver]*

Anne B. Shaver