OUTTEN & GOLDEN LLP

Advocates for Workplace Fairness

November 17, 2022

**Via ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Robert W. Lehrburger
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres and Judge Lehrburger:

We represent Plaintiffs and the Class in the above-referenced action, and write regarding a potentially serious discovery violation. Specifically, Plaintiffs recently learned through press coverage about complaints made by women at Goldman Sachs that were never produced, but were requested and purportedly "all produced," in our case. In particular, Tuesday, Bloomberg and various other media outlets reported disturbing allegations by a female former partner at Goldman who complained internally through a "detailed account of senior executives making vulgar and dismissive comments about women," by a "roster of people . . . including Chief Executive Officer David Solomon." Ex. 1 (*Goldman Sachs Paid Over $12 Million to bury Partner's Claim of Sexist Culture*, Bloomberg (Nov. 15, 2022), https://www.bloomberg.com/news/features/2022-11-15/goldman-settled-sexist-workplace-complaint-for-over-12-million). This internal complaint purportedly "rattled" the "upper rungs of the firm," and resulted in a payment to the woman of over $12 million to maintain her silence about the issues. *Id.*

This female partner's complaint included the allegation that Mr. Solomon "once bragged to a gathering of male colleagues (including three other executives) that he was probably the only one present who received oral sex the night before[,]" and otherwise "sketch[ed] out an institutional problem" around gender equity, that provided "examples of pay disparities, aiming to show the firm awards smaller packages to women" and listed additional "incidents of dismissive remarks by other managers, such as former head of investment research Steven Strongin[.]" Ex. 1; *see also* Ex. 2 (*Goldman Sachs boss David Solomon 'bragged about getting oral sex': complaint*, New York Post (Nov. 15, 2022), https://nypost.com/2022/11/15/goldman-sachs-boss-david-solomon-bragged-about-getting-oral-sex-night-before-complaint/) (substantively same).

**New York** 685 3rd Ave 25th Floor, New York, NY 10017 T (212) 245-1000 F (646) 509-2060
**San Francisco** 1 California Street, 12th Floor, San Francisco, CA 94111 T (415) 322-1391 F (415) 638-8810
**Washington, DC** 1225 New York Ave NW, Suite 1200B, Washington DC 20005 T (202) 914-5097 F (202) 847-4410
outtengolden.com mail@outtengolden.com

Based on the allegations described, the undisclosed complaint (and related documents, including any investigation) was both highly relevant and discoverable. It directly supports Plaintiffs' disparate treatment pattern and practice showing as to Goldman's "'aware[ness] of the discriminatory impact of its employment practices and continue[d] . . . use' of the practices," and it should have been produced. ECF No. 578 (Mar. 30, 2018 Order) at 45 n.16. The attached articles also raise a strong likelihood that the complaint identified individuals (witnesses and decisionmakers) at the very highest levels of the company who clearly had power to influence decisions over promotion and pay. And, it identified incidents, based on reporting, that would establish both these individuals' manifest disrespect for and deep animus toward female employees, and their awareness of the discriminatory impact of Goldman's pay and promotion practices on women. This is information that a jury would be entitled to learn of and consider in their deliberations (and also would have been highly relevant to the question, litigated in the case, as to whether Mr. Solomon should sit for deposition, *see* ECF No. 1090).

Plaintiffs have consistently sought such information throughout this lawsuit, and Goldman has plainly been aware of its obligation to produce it. For example:

1. On October 15, 2013, in response to impasse over Plaintiffs' request for this information in pre-class certification discovery, the Court ordered that Goldman produce "all internal complaints that are 'conceivably related' to gender discrimination made by female employees in the four revenue-generating divisions, regardless of whether the complainant is a member of the putative class." ECF No. 196 (Oct. 15, 2013 Mem. & Order) at 25. The obligation to supplement was on-going. *See* Fed. R. Civ. P. 26(e).

2. On May 25, 2018, Plaintiffs served a *supplemental* request to ensure that complaints against decisionmakers were all produced, seeking:

> DOCUMENTS reflecting any formal OR informal complaints against AND/OR discipline of the EMPLOYEES listed below in Tables 1 AND 3, including, but not limited to, communications, investigative documents, performance improvement plans, AND/OR any disciplinary OR remedial measures.

*See* Ex. 3. Table 1 included Mr. Solomon, as well as certain other senior male executives at Goldman ("male culture carriers").

3. On November 27, 2018, as a result of conferrals between the parties, Goldman stated in writing to Plaintiffs' counsel that it would produce all "internal complaint files and related documents concerning decisions about evaluation, compensation or promotion." Ex. 4 (J. Levy Nov. 27, 2018 Ltr.) at 1.

4. On January 15, 2019, Goldman informed Plaintiffs' counsel that it had not identified additional relevant information and had "not located any complaints by anyone outside of the three relevant Divisions against so-called 'male culture carriers.'" Ex. 5 (A. Ostrager Jan.

15, 2019 Ltr.) at 2. Goldman further promised, however, "[t]o the extent Defendants locate any such documents, we will produce them." *Id.*

Despite the Court's 2013 Order, and Goldman's obligations and representations to Plaintiffs, Goldman never produced this complaint (or anything else). This is especially troubling because the alleged conduct largely occurred in 2018-19, and *merits discovery lasted through November 20, 2020*. *See* ECF No. 1050 (July 30, 2020 Ltr. Endorsement) at 3.

Plaintiffs have been severely prejudiced by Goldman's discovery noncompliance, which impacted their ability to seek further probative information, including from the Court and when cross-examining fact witnesses at depositions. *See, e.g.*, ECF No. 987 (Apr. 2, 2020 Order) ¶ 1 (explaining "Court would entertain an application for discovery of potential 'boys' club' evidence from Goldman personnel if Plaintiffs came forward with evidence that those individuals had knowledge of disparate impact caused by the challenged processes and were involved in, or had the ability to influence, the adoption or modification of those processes."); ECF No. 1100 (Nov. 5, 2020 Order) at 2-3 (denying Plaintiffs' request for "targeted boys-club discovery from thirteen members [of Goldman's firmwide Management Committee]" because of lack of evidence tying individuals to processes).

For example, while the Court allowed depositions of two Management Committee members, Lloyd Blankfein and Gary Cohn, it denied Plaintiffs' motion to compel the deposition of Mr. Solomon, unless Plaintiffs could make a specific showing of need. *See* ECF No. 1090 (Oct. 20, 2022 Order) ¶¶ 1-2; *see also* Ex. 6 (Oct. 10, 2020 Hr'g Tr.) at 40:7-15, 42:2-7. Due to Goldman's withholding of this evidence, Plaintiffs were unaware of, and thus denied, information that would potentially have established the factual predicate to also depose Mr. Solomon and other potential bad actors and witnesses. *See, e.g.*, ECF No. 1100 (Nov. 5, 2020 Order) at 3 ("The Court recently granted Plaintiffs' request to depose two of the [Management Committee] members at issue on the current request (Lloyd Blankfein and Gary Cohn). If evidence emerges from those depositions that would support a different outcome [allowing further discovery], Plaintiffs may bring it to the Court's attention."); *see also* ECF No. 1090.

Accordingly, a discovery sanction is warranted. Plaintiffs respectfully request that the Court order the immediate production of *all* complaint files that have been requested in this case by December 1, 2022, including all involving the individuals listed on previous discovery (Tables 1, 3) above, and order that Goldman produce Mr. Solomon for a December deposition (or set an evidentiary hearing on this subject). Plaintiffs also request that the Court order Goldman to provide a signed declaration from an employee empowered to bind the company. when that production is complete, that no such additional documents exist. To the extent further depositions are required of witnesses previously deposed, Plaintiffs request that such depositions now be held open for that purpose.

Respectfully submitted,

Adam T. Klein
**OUTTEN & GOLDEN LLP**

Kelly M. Dermody (*pro hac vice)*
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

cc: All parties of record (by ECF)