SULLIVAN & CROMWELL LLP

orrick

November 22, 2022

Via ECF

The Honorable Analisa Torres,
The Honorable Robert W. Lehrburger,
United States District Court for the Southern District of New York,
500 Pearl Street, New York, New York 10007-1312

Re: *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres and Judge Lehrburger:

On behalf of Defendants, we respond to Plaintiffs' November 17, 2022 letter (ECF No. 1381 ("Ltr")), which claims, on the basis of a *Bloomberg* article, that Goldman Sachs should have produced an internal complaint made by a former partner. Plaintiffs are wrong. Had Plaintiffs complied with this Court's rules and "first confer[red] in good faith" (Individual Practices in Civil Cases, § II.C. (Judge Torres); § II.D (Judge Lehrburger)), Goldman Sachs would have explained that this complaint was not made by an employee in any of the three revenue-producing divisions at issue, which are the only complaints that the Court ordered Goldman Sachs to produce.[1] And nothing in the recent press coverage or Plaintiffs' letter supports their renewed request to depose Goldman Sachs's CEO David Solomon. In short, Plaintiffs' letter violates the Court's Individual Practices, misstates this Court's prior rulings, misstates the facts, and is of a piece with their efforts to sensationalize this case and to improperly try it in the press, rather than before this Court and a jury.

***1. Goldman Sachs has fully complied with this Court's Order to produce complaints by female employees in the three revenue-generating divisions in this case.*** Plaintiffs suggest that this Court ordered Goldman Sachs to produce all gender discrimination complaints. That is simply not so. As Plaintiffs acknowledge, in 2013, the parties litigated over the scope of internal complaints to be produced in response to Plaintiffs' First Set of Requests for Production ("Pls.' First RFP") seeking all such complaints firmwide. (*See* Ex. A, RFP No. 29.) But Plaintiffs selectively quote Judge Francis's Order to suggest, incorrectly, that "all internal complaints" at Goldman Sachs were to be produced. (Ltr. at 2.) In fact, Judge Francis rejected Plaintiffs' overbroad request and specifically limited Goldman Sachs's production of complaint files to any female employee (whether or not a class member) who was in "the revenue-generating divisions" at issue in the case. (Oct. 15, 2013 Order (ECF No. 196) at 23.) Goldman Sachs has produced nearly 20 years of complaint files, all of which were limited to employees from the three revenue-producing divisions at issue in this action. And this Court has since expressly reaffirmed that Goldman Sachs has no obligation to produce complaint files outside those three revenue-producing divisions. (*See* Oct. 3, 2019 Tr. (ECF No. 875) at 80:15–18.) Because the complaint referred to in Plaintiffs' November 17, 2022 letter was not made by a female employee in one of the three revenue-producing divisions, Goldman Sachs was not obligated to produce it.

***2. Goldman Sachs never agreed to produce all complaints***. Plaintiffs also suggest that Goldman Sachs otherwise agreed to produce all internal complaints. This, too, is wrong. In

[1] Plaintiffs' failure to meet and confer on this issue is particularly glaring because the parties are currently meeting and conferring on other issues, including Plaintiffs' desire to delay the pre-trial deadlines set by the Court and to belatedly seek reconsideration of critical rulings in this case.

May 2018—shortly after Judge Torres rejected their "boys' club" class claim—Plaintiffs propounded their Ninth Set of RFPs seeking all "formal or informal complaint files" concerning certain male senior executives. (Pls.' Ltr. Ex. 3 at 6 ("RFP No. 4").) Goldman Sachs objected to this request because (i) these files were irrelevant and outside the scope of the class certification order, and (ii) all relevant complaint files—*i.e.*, raised by female employees in the three revenue-producing divisions—had been produced. (Ex. B (GS R&Os) at 10–11.)

At no point did Goldman Sachs waver from these objections or agree to produce complaints outside the three revenue-generating divisions. For example:

- At the October 3, 2019 conference concerning the universe of discoverable complaints, Goldman Sachs reiterated—and Judge Lehrburger agreed—that Goldman Sachs had no obligation to produce complaints outside the "three revenue producing divisions because that's what's at issue." (Oct. 3, 2019 Tr. (ECF No. 875) at 80:15–18.)
- On November 12, 2019, Goldman Sachs produced additional complaint files and specified that the production was made "consistent with the prior complaint production ordered by Judge Francis," *i.e.*, limited to the three revenue-producing divisions, as all other productions had been. (Ex. C (Nov. 12, 2019 Ltr.) at 1.)
- At a January 23, 2020 conference, in response to Plaintiffs' ongoing attempts to obtain discovery concerning certain senior male executives, Goldman Sachs emphasized that it had already produced "complaint files for the three divisions for 17 years" and "additional files for another two years if [the complaint] relate[d] to the three processes" that are the bases of Plaintiffs' claims. Judge Lehrburger granted Goldman Sachs's request to deny Plaintiffs' attempted "fishing expedition" for "stray comments having nothing to do with the three processes" and "individualized supposed bad acts" in order to "parade them before the jury." (Jan. 23, 2020 Tr. (ECF No. 969) at 55:20–56:3; 56:20–57:4; 70:3–16.)

To try to create ambiguity where there is none, and without regard to the Court's rulings, Plaintiffs misleadingly cite to two letters from Goldman Sachs. *First*, Plaintiffs point to a November 27, 2018 letter in which Goldman Sachs proposed to produce "internal complaint files and related documents concerning decisions about evaluation, compensation or promotion." (Pls.' Ltr. Ex. 4 at 1.) As the case history makes clear, Goldman Sachs never offered to produce complaint files beyond the three revenue-producing divisions. Nor did Plaintiffs interpret the letter in that way. In fact, in response to that letter, Plaintiffs moved to compel production of *all* complaint files, which would have been unnecessary if Goldman Sachs had just capitulated to an expanded scope of production that it had previously resisted and litigated. Judge Lehrburger then agreed with Goldman Sachs and ordered the production only of certain anecdotal evidence related to the specific employment processes in the case. (Dec. 21, 2018 Order (ECF No. 657) at 1). All documents that Goldman produced in response to Judge Lehrburger's December 21 order were limited to the three revenue-producing divisions, with no objection from Plaintiffs.

*Second*, Plaintiffs point to a January 15, 2019 letter memorializing a meet and confer in which Goldman Sachs represented that it was not aware of any complaints against certain senior personnel made by employees outside the three revenue-producing divisions—a statement that was true at the time (the complaint that is the subject of Plaintiffs' letter was raised nine months later). Plaintiffs further claim that Goldman "promised" to produce any such complaints should they be located. (*See* Pls. Ltr. Ex. 5 at 1–2.) That is wrong. The letter clearly states that Goldman promised only to produce "*policy documents responsive to Request No. 9*" should any be found. (*Id*. at 2 (emphasis added) ("Defendants also have not located any updated policy documents

responsive to Request No. 9, and continue to confirm whether any additional responsive documents exist. To the extent Defendants locate any such documents, we will produce them.").)

***3. There is no basis to grant Plaintiffs' requested relief.*** *First*, Plaintiffs ask to reopen fact discovery two years after it closed without any showing of good cause. Plaintiffs have not shown, *inter alia*, how a complaint that is outside the established scope of discovery would lead to relevant evidence, nor have they explained why this Court should allow further discovery when trial is less than seven months away, with pre-trial submissions due on February 1, 2023. The Court's pre-trial schedule will be upended if fact discovery is re-opened now. *See City of Almaty, Kazakhstan* v. *Ablyazov*, 2019 WL 3281326, at *8 (S.D.N.Y. July 3, 2019) (Parker, J.) (in considering reopening of discovery, factors include "whether trial is imminent"; "whether the request is opposed"; and "the likelihood that the discovery will lead to relevant evidence.").

*Second*, Plaintiffs seek to depose Mr. Solomon or to have a hearing on their request, but nothing in the *Bloomberg* story impacts Judge Lehrburger's correct decision in April 2020 not to order his deposition. This Court ruled that to obtain such an apex deposition, Plaintiffs needed to "c[o]me forward with evidence that [senior executives] had knowledge of disparate impact caused by the challenged processes and were involved in, or had the ability to influence, the adoption or modification of those processes." (Apr. 2, 2020 Order (ECF No. 987) ¶ 1; *see also* Nov. 5, 2020 Order (ECF No. 1100) at 2–3 (same).) Plaintiffs have not shown that Mr. Solomon has unique knowledge of any such disparate impact, much less that he had any role in the "adopting or modifying" the processes. Their request to depose him should be denied.

*Third*, there is plainly no basis to impose the "drastic remedy" of discovery sanctions, which are limited to "'those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure.'" *Pollack* v. *Safway Steel Prods., Inc.*, 2007 WL 998979, at *4 (S.D.N.Y. Mar. 30, 2007) (Conner, J.) (citation omitted). Here, there was no violation of Goldman Sachs's discovery obligations, let alone a bad faith violation.

Regrettably, it appears that Plaintiffs' application is part of their campaign to generate negative press about Goldman Sachs. Had Plaintiffs acted in good faith, they would have met and conferred with Goldman Sachs, as required by the Court's rules. Instead, Plaintiffs rushed to file their letter and further sensationalize the case—a pattern consistent with their recent engagement with the press. For example, after the Court granted Plaintiffs' motion to unseal complaint files, class counsel's publicist issued a lengthy press release that included quotes from the Named Plaintiffs and class counsel and that was full of inflammatory rhetoric. (*See* Ex. D.) Subsequent press articles speculated about the identities of the subjects of unsealed complaints, naming two senior executives whose identities this Court had sealed. (June 9, 2022 Order (ECF No. 1371) at 1.)[2] If Plaintiffs continue to try their case in the press, rather than before this Court and an untainted jury, Goldman Sachs will seek the Court's assistance.

---

[2] Ariel Zilber, *Women at Goldman Sachs Were Assaulted, Harassed by Male Bosses for Years: Lawsuit*, N.Y. Post (Sept. 22, 2022), https://tinyurl.com/2brd3m6u; Steve Mollman, *Women employees at Goldman Sachs Allege 75 Incidents of Misconduct Including Rape and Sexual Assault in Newly-Unsealed Lawsuit*, Fortune (Sept. 23, 2022), https://tinyurl.com/2p94djte; *Goldman Sachs: Sexual Assault Claims Revealed in Pay Bias Suit*, BBC (Sept. 23, 2022), https://tinyurl.com/58wxabpe; Max Abelson & Sridhar Natarajan, *In Wall Street's Biggest Gender Suit, Goldman Fought to Keep Two Prominent Names Secret*, BLOOMBERG (Oct. 6, 2022, 9:26 AM), https://tinyurl.com/3nr79ahp.

Respectfully,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Sullivan & Cromwell LLP

*/s/ Lynne C. Hermle*

Lynne C. Hermle
Orrick, Herrington & Sutcliffe LLP

cc: All parties of record (by ECF)