**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

November 23, 2022

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA CM/ECF**

The Honorable Analisa Torres
The Honorable Robert W. Lehrburger
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:   *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Torres and Judge Lehrburger:

We represent Plaintiffs and the Class in the above-referenced case, and submit this brief reply to Goldman Sachs' letter dated November 22, 2022, ECF No. 1382 ("Goldman's Ltr.").

Importantly, Goldman Sachs does not deny the substance of the *Bloomberg* and *New York Post* reports detailed in Plaintiffs' correspondence to the Court.  Because the complaint referenced therein describes serious allegations of gender animus by the most senior leaders in the company and otherwise "sketch[ed] out an institutional problem" around gender equity, including by providing "examples of pay disparities, aiming to show the firm awards smaller packages to women" and listing additional "incidents of dismissive remarks by other managers, such as former head of investment research Steven Strongin[,]" the complaint is relevant and must be produced.  *See* ECF No. 1381 ("Pls.' Ltr."), at 1 & Ex. 1.

Goldman Sachs' responsive letter also overlooks five crucial points:

First, Goldman Sachs' recitation of the discovery history is wrong.  There is no doubt that Plaintiffs were entitled to complaints involving those senior leaders who were able to make decisions affecting the three revenue divisions in the Class with respect to the challenged practices in this case.  *See* ECF No. 657 (Amend. Scheduling Order) ¶ 1 (ordering production of "supplemental 'boy's club' anecdotal evidence that is related to the practices and procedures

Hon. Analisa Torres and Hon. Robert W. Lehrburger
November 23, 2022
Page 3

that form the basis for the Phase 1 trial of the certified class disparate impact claims").[1] Goldman Sachs confuses its obligations by focusing on whether the *complainant* in question worked in a Class position in a Class division. But this is irrelevant because the salient question is whether the *men* she made her complaints against made decisions about the policies of those Class divisions, and they (undisputedly) did.

Second, the complaint referenced in media describes the same promotion and pay practices (among other elements of bias) challenged by Plaintiffs as being adverse to women. And again, Goldman Sachs never denied the summary of the complaint contained in the media reports. This complaint therefore reflects exactly the type of senior level "knowledge" evidence that the Court found discoverable. *See, e.g.*, ECF No. 657 (Amend. Scheduling Order) ¶ 1; ECF No. 578 (Mar. 30, 2018 Order) at 45 n.16.

Third, there is no doubt that Mr. Solomon was a senior leader with the ability to affect decisions involving the Class divisions. As detailed in Plaintiffs' letter, Mr. Solomon was one of the senior leaders identified *by name* in the parties' prior discovery briefing and the Court's prior discovery Orders. The complaint reported in the media should have been produced.

Fourth, the remedies requested by Plaintiffs—production of complaints that should already have been produced, and the deposition of a senior leader who should have been deposed if such evidence had been known—will not cause any delay and can be done before the end of 2022. Moreover, Goldman Sachs cannot plausibly claim burden over producing documents that it assuredly previously gathered for what is reported as a $12 million settlement of the complainant's claim.

Fifth, and finally, Goldman Sachs' suggestion that Plaintiffs somehow did something wrong with the press is baseless. In fact, Plaintiffs only learned about Goldman Sachs' discovery violations from *reading* the press ourselves, along with the rest of the public. The issue is one of Goldman Sachs' creation alone.[2]

---

[1] As to Judge Francis's October 15, 2013 Order, Goldman Sachs wrongly claims Plaintiffs misconstrued the Order while citing to the exact same language Plaintiffs' cited. *Compare* Pls.' Ltr. at 2 ¶ 1, *with* Goldman's Ltr. at 1 ¶ 1. As to Goldman Sachs' January 15, 2019 letter, Goldman Sachs' representation that it would produce documents it located clearly pertained to both categories of documents in the paragraph—including complaints. *See* Pls.' Ltr. Ex. 5, at 2. This letter also illustrates that Goldman Sachs understood that it had an obligation to produce complaints "outside of the three relevant Divisions against so-called 'male-culture carriers'" (*id.*)—Goldman Sachs just claimed it had not located any at the time (and has now). Goldman Sachs cannot credibly assert a different understanding now.

[2] Goldman Sachs is also incorrect to fault Plaintiffs for not meeting and conferring before filing their letter. Because discovery in this case has closed, this is by definition not an open discovery dispute subject to a meet and confer requirement. This case is proceeding to a trial in less than seven months. Time is of the essence, and the time to address Goldman Sachs' violation is now.

Hon. Analisa Torres and Hon. Robert W. Lehrburger
November 23, 2022
Page 3

  Accordingly, Plaintiffs respectfully request that the Court grant Plaintiffs' request for relief and order that Goldman Sachs: (1) produce *all* complaint files that have been requested in this case by December 1, 2022, including all involving the individuals listed on previous discovery (Tables 1 and 3 of Plaintiffs' May 25, 2018 Request for Production of Documents); (2) produce Mr. Solomon for a December deposition (or set an evidentiary hearing on this subject); (3) provide a signed declaration from an employee empowered to bind the company when production is complete, stating that no additional complaint documents exist; and (4) permit the re-opening of any depositions where it may be inferred that witnesses have knowledge of a late-produced complaint.

  Should the Court have any question as to the relevance of the (uncontested) factual allegations presented in the at-issue complaint, Plaintiffs respectfully request *in camera* review.

                Respectfully submitted,

Kelly M. Dermody              Adam Klein

cc: all counsel (via ECF)

2708453.3