```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA            :
ORLICH, ALLISON GAMBA, and MARY DE        :        10-CV-6950 (AT) (RWL)
LUIS,                                     :
                                          :
                                          :        ORDER
                                          :
                    Plaintiffs,           :
                                          :
        - against -                       :
                                          :
GOLDMAN, SACHS & CO. and THE              :
GOLDMAN SACHS GROUP, INC.,                :
                                          :
                    Defendants.           :
-------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order resolves Plaintiffs' letter motion at Dkt. 1381 seeking relief related to a complaint (the "Complaint") presented to Defendant Goldman Sachs & Co. ("Goldman") by a former female partner concerning conduct largely occurring in 2018-19 and which was the subject of news reports in November 2022.[1] In particular, Plaintiffs request that the Court issue an order compelling Goldman to (1) immediately produce the Complaint and all additional complaint files requested in the instant case; (2) provide a signed declaration when that production is complete and attest that no such additional documents exist; and (3) produce CEO David Solomon for a deposition. Plaintiffs also

---

[1] *See* Sridhar Natarajan and Max Abelson, *Goldman Sachs Paid Over $12 Million to Bury Partner's Claim of Sexist Culture*, Bloomberg (Nov. 15, 2022), https://www.bloomberg.com/news/features/2022-11-15/goldman-settled-sexist-workplace-complaint-for-over-12-million.

1

ask that Goldman be sanctioned for failing to turn over the Complaint and others not previously produced.

On November 30, 2022, the Court requested Goldman to submit the Complaint for in camera review. (Dkt. 1389.) Goldman did so, and the Court has reviewed the Complaint as well as the parties' letter briefs. (*See* Dkts. 1381, 1382, 1385.) Having given deliberate and thoughtful consideration to the matter, and in light of all prior proceedings and the limited scope of subject matter being addressed in this class action, the Court denies Plaintiffs' requested relief.

**Background**

Certain parameters define the boundaries of this case. Those parameters are the subject of multiple prior decisions of the Court. For instance, the certified class includes individuals from only three of Goldman's revenue generating divisions. The principal issues to be tried as a class are (1) the allegedly discriminatory impact of three processes – quartiling, 360 review, and cross-ruffing – on the evaluation, promotion, and compensation of female employees in certain positions within the three divisions, and (2) allegedly discriminatory treatment based on Goldman's knowledge of discriminatory impact caused by the three processes. Discriminatory treatment grounded in the so-called boys-club allegations – concerning individualized circumstances of discrimination and harassment based on sex – has been excluded from the defined class. The procedural posture of the case is also of note: discovery is complete, and pre-trial submissions are due on February 1, 2023.

**The Complaint**

The Court first addresses Plaintiffs' demand for documents and request for sanctions. Goldman represents that it already has produced all complaints that it was required to produce or otherwise agreed to produce. (Dkt. 1383 at 1.) Plaintiffs' contention that Goldman has not done so is based on the fact that Goldman did not produce the Complaint. The Complaint, however, was not made by an employee from any of the three divisions at issue and does not mention any of the three processes at issue. Rather, the Complaint focuses on the conduct of one individual, his treatment of two particular women, and Goldman's response. To be sure, the Complaint is rife with allegations about repugnant "Bros' Club" behavior and Goldman's tolerance of it. Had the class been approved with respect to boys-club conduct, the Complaint no doubt would be relevant. But that is not the case at hand.

The Complaint does include a handful of sweeping general allegations of institutional gender bias, systematic discrimination, and "unvalidated" company-wide policies and practices governing compensation and promotion. Those assertions, however, are highly conclusory, and untethered to what is at issue here. The allegations of substance, and the policies and practices complained of, do not describe or reference any of the three processes at issue here.

The Court does not agree with Plaintiffs' statement that Goldman agreed to produce complaints by persons outside of the three divisions at issue. In support of its contention, Plaintiffs refer, among others, to a January 15, 2019 letter from Goldman concerning document production. In that letter, which pre-dates the Complaint, Goldman represented as follows:

> Specifically, in response to Request No. 4, we have not located any complaints by anyone outside of the three relevant Divisions against so-called "male culture carriers," and will update the response to the Request for Production accordingly. Defendants also have not located any updated policy documents responsive to Request No. 9, and continue to confirm whether any additional responsive documents exist. To the extent Defendants locate any such documents, we will produce them. As to Request No. 15, Defendants confirm that they have produced all responsive organizational charts.

(Dkt. 1381-5 at 2.) According to Plaintiffs, the portion of the letter in which Goldman states that "[t]o the extent Defendants locate any such documents, we will produce them" applies not only to policy documents but also to complaints outside the three relevant divisions. That misreads the letter. The letter represents – with respect to Request No. 4 – that Goldman would update its response to document requests to reflect that no complaints outside the three divisions had been located. In contrast, the "we will produce" commitment follows only the statement about not having located updated policy documents responsive to Request No. 9. Multiple other correspondences cited by Goldman shows that it consistently objected to producing complaints outside the three relevant divisions. (*See* Dkt. 1383 at 2.)

In short, Goldman did not agree and was not obligated to produce the Complaint; there is no need for Goldman to provide a declaration attesting to completeness of its production of complaints; and there is no basis for sanctions.

**David Solomon**

The Court now turns to addressing the issue of whether David Solomon should be compelled to appear for deposition. When discovery was still open in 2020, Plaintiffs sought the deposition of Mr. Solomon, along with two other apex personnel, Lloyd Blankfein (Senior Chairman and former CEO) and Gary Cohn (former President and

COO).  The Court ordered that both Mr. Blankfein and Mr. Cohn be made available to be deposed but did not require Mr. Solomon, or other senior managing executives, to be deposed unless Plaintiffs came forward with evidence that they "had knowledge of disparate impact caused by the challenged processes *and* were involved in, or had the ability to influence, the adoption or modification of those processes."  (Dkt. 987 ¶ 1 (emphasis added); Dkt. 1090.)

Plaintiffs are presumably correct that Mr. Solomon was and remains "a senior leader with the ability to affect decisions involving the [three class] divisions" and that he had the ability to influence the adoption or modification of the relevant processes.  (Dkt. 1385 at 2.)  But that is only part of the necessary predicate.  Plaintiffs still have not come forward with any evidence to show that Mr. Solomon had knowledge of disparate impact caused by or otherwise linked to the challenged processes.

As this Court previously found with respect to Plaintiffs' motions seeking additional boys-club evidence from upper-level management to demonstrate discriminatory animus, "there must be evidence of nexus regarding the particular individual or group's role in approving, revising, implementing, or ignoring disparities linked to the three processes; otherwise, proof of their animus is tangential at best to the specific issues being tried in Phase I of this action."  (Dkt. 1100 at 3; *see also* Dkt. 1129 (order denying reconsideration); Dkt. 1264 at 9-11 (Judge Torres' decision and order overruling Plaintiffs' objections and agreeing that the requisite nexus was not present).)

The Complaint does not demonstrate the nexus to warrant the deposition of Mr. Solomon.  Nowhere does it connect Mr. Solomon with knowledge of disparity linked to the three at-issue processes, which, as noted above, are nowhere mentioned in the

5

Complaint.  The Complaint does, however, contain a few allegations specifically about Mr. Solomon, including (1) his alleged notorious reference during a meeting to being in the unique position of having had a certain type of sexual gratification the night before, (2) hearsay questioning the genuineness of his belief in gender diversity, and (3) his involvement in the promotion of men into leadership roles.  But there is nothing that implicates the three processes at issue.

Finally, given the closure of both fact and expert discovery and the impending pre-trial filing deadline, re-opening discovery at this juncture is ill-advised.  Plaintiffs suggest that their demands would not delay proceedings.  Their requested relief, however, indicates the opposite as it broadly seeks "re-opening of *any* deposition where it may be inferred that witnesses have knowledge of a late-produced complaint."  (Dkt. 1385 at 3 (emphasis added).)

Make no mistake, the discriminatory conduct alleged both in this lawsuit and in the Complaint is reprehensible.  In deciding the discovery issue at hand, however, the Court must be guided by the limited scope of the class actually certified and by legal principles limiting discovery from apex personnel.

For the foregoing reasons, Plaintiffs' motion to compel the additional discovery sought and for sanctions is DENIED.  The Clerk of Court is respectfully requested to terminate the motion at Dkt. 1381.

                      SO ORDERED.

                      _____
                      ROBERT W. LEHRBURGER
                      UNITED STATES MAGISTRATE JUDGE

Dated:   December 12, 2022
         New York, New York

Copies transmitted to all counsel of record.