```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA
ORLICH, ALLISON GAMBA, and MARY DE
LUIS,

                   Plaintiffs,

                - against -

GOLDMAN, SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

                   Defendants.
-------------------------------------------------------------X

10-CV-6950 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves Plaintiffs' request at Dkt. 1394 to obtain supplemental promotion data from Defendants through December 31, 2021.  The parties' arguments are set forth at Dkts. 1394, 1395, and 1398.  With respect to promotion, Judge Torres certified a claim on behalf of relevant class members "through the resolution of this action."  (Dkt. 1374 at 9.)  Defendants have produced personnel data relevant to the promotion claim through only December 31, 2018.  Trial of Phase I is scheduled to begin on June 6, 2022.  Plaintiffs propose two alternatives for resolving the information gap: either (1) require Defendants to produce updated personnel data through December 31, 2021; permit each side to supplement expert reports solely on the promotion claim by no more than five pages each; and make any expert who supplements their report available for a deposition of no more than one hour; or (2) require the parties to use the existing data and expert record for purposes of Phase I, and if Plaintiffs prevail, order Defendants to produce updated data, and, prior to Phase II, allow expert supplementation and limited

discovery of expert estimates of promotion-related damages. Defendants oppose any supplementation, argue that Plaintiffs have not shown good cause to reopen discovery, point to a number of burdens and difficulties posed by requiring Defendants to supplement their data, and contend that the current problem is one of Plaintiffs' own making. Both parties cite each other's prior representations in this case as undermining their current positions.

Having considered all of the parties' arguments and the prior proceedings in this case, the Court finds that the relief requested by Plaintiffs is warranted. The Court has ruled that Plaintiffs' claims for promotion-related damages extend through resolution of the action. Consistent with the directive, Plaintiffs are entitled to the data to fill the gap since Defendants' last data production, and Plaintiffs have not waived their right to obtain that data. Accordingly, Defendants must produce the data and allow expert supplementation (by both parties). The Court agrees with Plaintiffs that their proposed alternative relief best accommodates any concerns about scheduling, Defendants' changes in data management, and similar issues. Accordingly, the Court orders that the parties proceed pursuant to Plaintiffs' alternative proposal requiring the parties to use the existing record for the Phase I trial, with supplementation to follow if and only if Plaintiffs prevail at Phase I.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:    January 5, 2023
          New York, New York

Copies transmitted to all counsel of record.