```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
H. CRISTINA CHEN-OSTER, LISA PARISI, SHANNA
ORLICH, ALLISON GAMBA, and MARY DE LUIS,

                        Plaintiffs,

            -against-                                     10 Civ. 6950 (AT)

GOLDMAN, SACHS & CO. and THE GOLDMAN                      **ORDER**
SACHS GROUP, INC.,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/31/2023_

ANALISA TORRES, District Judge:

The Court has reviewed the parties' letter dated January 27, 2023. ECF No. 1402; *see also* ECF No. 1403 (letter with exhibit).[1]  Accordingly:

1. In this case, Plaintiffs allege gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* ECF No. 1402 at 1. The parties "agree [that] the jury will decide both of Plaintiffs' disparate treatment claims and Plaintiffs' . . . NYCHRL[] disparate impact claim." *Id.* (emphasis omitted). The parties disagree, however, on "who will decide Plaintiffs' Title VII disparate impact claim." *Id.* (emphasis omitted). Plaintiff argues that "Congress directed the Court to decide Title VII disparate impact claims." *Id.* at 5; *see also id.* at 2. Defendants contend "that the jury decide all of the relevant legal issues in the Phase I[2] trial" because "here, all of the issues relevant to Plaintiffs' Title VII disparate impact claim are subsumed by Plaintiffs' other claims, and the jury's verdict on those issues (and claims) will be binding on the Court for purposes of Plaintiffs' Title VII disparate impact claim pursuant to the Seventh Amendment [of the U.S. Constitution]." *Id.* at 6, 6 n.3. Defendants misread the record, *id.* at 6–7, cite inapposite authority, *id.* at 5–9, and do not point to any cases where a jury has decided a plaintiff's disparate impact claims under Title VII. *See also* ECF Nos. 578 at 41, 45–47; 1337 at 4–5; 1374 at 3; *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 157–58, 170 (2d Cir. 2001), *abrogated on different grounds*, *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128 (2d Cir. 2015); *Legg v. Ulster Cnty*, 832 F. App'x 727, 729, 731 (2d Cir. 2020); *Velez v. Novartis Corp.*, No. 04 Civ. 9194 (S.D.N.Y Mar. 31, 2010) (McMahon, J.) at ECF No. 280. Plaintiffs' disparate impact claim under Title VII shall be tried by the Court. The jury will decide Plaintiffs' disparate treatment claims under Title VII and

---

[1] On January 19 and 30, 2023, the Court stated it would address some of the parties' requests in separate orders. ECF Nos. 1401, 1404. This order resolves those requests.

[2] This action shall proceed in two phases: a liability phase (Phase I), and a remedial phase (Phase II). *See, e.g.*, ECF No. 767 at 1–2; ECF No. 1337 at 13 n.9.

    the NYCHRL, and Plaintiffs' disparate impact claim under the NYCHRL. The Court shall not rule on Plaintiffs' disparate impact claim under Title VII until the jury makes its findings on Plaintiffs' disparate treatment claim under Title VII.

2. "[B]ecause the parties agree the Phase I jury will hear *all* the evidence, including testimony from all trial witnesses," the parties are not required to submit witness affidavits as part of their pretrial submissions. ECF No. 1402 at 9; *see also* ECF No. 1400 at 2.

3. The parties may submit proposed findings of fact and conclusions of law one week after the jury has rendered its verdict in this case. ECF No. 1402 at 9.

4. The parties' deadline to submit motions *in limine*, any pretrial memoranda of law, and all required pretrial filings, including the parties' proposed joint pretrial order, requests to charge, verdict form, and voir dire questions, is February 1, 2023. ECF No. 1380. The parties' deadline to submit oppositions to motions *in limine* and any pretrial memoranda of law is February 22, 2023. ECF No. 1401. Contrary to the assertions in the parties' letters, the Court has not ordered the parties to submit "objections to jury charges and proposed voir dire questions," ECF No. 1400 at 1, or "oppositions to . . . jury instructions, verdict forms, and voir dire questions," ECF No. 1402 at 9. Should the Court need further briefing from the parties, it shall order additional briefing. In addition, by **February 23, 2023**, the parties shall provide "hard copies of only the exhibits and transcripts to which there are objections." ECF No. 1402 at 9–10. By **May 2, 2023**, the parties shall "provide the full set of exhibits and transcripts." *Id.* at 10.

SO ORDERED.

Dated: January 31, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge