UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
H. CRISTINA CHEN-OSTER, SHANNA
ORLICH, ALLISON GAMBA and MARY
DE LUIS,

              Plaintiffs,

     v.

GOLDMAN SACHS & CO. and THE
GOLDMAN SACHS GROUP, INC.,

              Defendants.
------------------------------------------------------ x

10 Civ. 6950 (AT) (RWL)

**NOTICE OF MOTION**

**DEFENDANTS' NOTICE OF OMNIBUS
MOTION *IN LIMINE* REGARDING EVIDENTIARY ISSUES**

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law dated February 1, 2023, the Declaration of Robert J. Giuffra, Jr., and supporting documents filed therewith, and in accordance with the schedule adopted by the Court by Order dated October 11, 2022 (ECF No. 1380), the undersigned counsel for Defendants Goldman Sachs & Co. and The Goldman Sachs Group, Inc. move this Court to rule that, with respect to this trial:

1. Evidence or testimony about individualized experiences, including those of the Named Plaintiffs, with the Evaluation Processes is excluded.

2. Plaintiffs may not argue that their statistics about discriminatory impact alone support an inference of discriminatory intent.

3. The only admissible evidence of discriminatory intent is the intent of the senior decisionmakers who implemented or maintained the Evaluation Processes throughout the class period, whom Plaintiffs must promptly identify.

4. Plaintiffs may not call Goldman Sachs's current CEO, David Solomon, as a witness at

-2-

trial.

5. All evidence of a supposed "boy's club culture," including evidence of a "climate" or "culture of bias," or that individuals allegedly used "gender stereotypes," is excluded.

6. Argument or evidence of Goldman Sachs's prior litigation, settlements, or alleged "bad acts" is excluded.

7. Goldman Sachs will not "open the door" to "culture" evidence by exercising its right to rebut evidence of supposed discriminatory intent held by senior decisionmakers who implemented or maintained the Evaluation Processes.

8. Argument or evidence concerning damages or other remedies, including backpay, punitive damages, and classwide injunctive and declaratory relief, is excluded.

Dated: New York, New York
February 1, 2023

| | |
|---|---|
| Lynne C. Hermle (admitted *pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Office: (650) 614-7400<br>Fax: (650) 614-7401<br><br>Erin M. Connell (admitted *pro hac vice*)<br>Kathryn G. Mantoan (admitted *pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA  94105<br>Office: (415) 773-5700<br>Fax: (415) 773-5759<br><br>Marc Shapiro<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019<br>Office: (212) 506-5000<br>Fax: (212) 506-5151 | */s/ Robert J. Giuffra, Jr.*<br>Robert J. Giuffra, Jr.<br>Sharon L. Nelles<br>Ann-Elizabeth Ostrager<br>Hilary M. Williams<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, New York  10004<br>(212) 558-4000<br><br>Amanda Flug Davidoff<br>Jeffrey B. Wall (admitted *pro hac vice*)<br>SULLIVAN & CROMWELL LLP<br>1700 New York Avenue, N.W., Suite 700<br>Washington, D.C.  20006<br>(202) 956-7500 |

*Attorneys for Defendants*
*Goldman, Sachs & Co. and*
*The Goldman Sachs Group, Inc.*