**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

February 16, 2023

Anne B. Shaver
Partner
ashaver@lchb.com

The Hon. Robert W. Lehrburger
United States District Court
    for the Southern District of New York

      RE:    *Chen-Oster, et al. v. Goldman Sachs & Co.*, No. 10 Civ. 6950

Your Honor:

      Plaintiffs respectfully seek the Court's assistance in enforcing its January 5, 2023, Order, ECF No. 1399, which resolved the Parties' dispute about gaps in Goldman Sachs's data production in advance of the Phase I trial this June. As the Court is aware, Goldman Sachs has produced HR personnel data, covering women and their male colleagues, through only December 31, 2018, yet the certified promotion claim covers "female Vice Presidents . . . through *the resolution of this action*." ECF No. 1374 at 9 (emphasis added).

      To address this issue, Plaintiffs proposed that Goldman Sachs supplement its personnel data productions to allow the Parties' experts to supplement their analyses of the promotion claim through the present. As a less burdensome alternative, Plaintiffs proposed that they be allowed to rely on existing expert analyses for the Phase I trial, with Goldman Sachs ordered to produce updated HR personnel data in advance of Phase II proceedings should Plaintiffs prevail at the Phase I trial.

      The Court adopted Plaintiffs' alternative proposal. *See* ECF No. 1399 at 2 ("[T]he Court orders that the parties proceed pursuant to Plaintiffs' alternative proposal . . . ."). Goldman Sachs would not be required to produce updated HR data reflecting, among other things, compensation and performance review scores for men and women in class positions after December 31, 2018. But Plaintiffs' proposal did not wholly dispense with Goldman Sachs's obligations to provide information to Plaintiffs. This is because even if a statistical analysis of promotions occurring in recent years is deferred, Plaintiffs still need an updated class list that identifies all promotions Class Members—*i.e.*, women employed at the Vice President title after December 31, 2018. This requirement was reflected in Exhibit A to Plaintiffs' request to the Court and read as follows:

> By January 15, 2023, Goldman Sachs will produce an updated class list to Plaintiffs, which will include every female to hold the title of Vice President in the Securities, Investment Banking, or Investment Management Divisions . . . through November 30, 2022.

ECF No. 1394-1 at 4, ¶ 2. Goldman Sachs has refused to provide this information, despite the Court's order, taking the position that it is need not do so because the Court did not specifically discuss this issue in its order.

Judge Lehrburger
February 16, 2023
Page 2

      Plaintiffs believe the Court's order, which addressed the specific proposal Plaintiffs had submitted, was clear. To the extent the Court finds any ambiguity in its order, Plaintiffs explain herein why the updated promotions class list is necessary at this time.

      First, an updated promotions class list is needed to ensure that the notice to be sent to former Class Members excluded by way of the Court's 2022 summary judgment order is accurate. The summary judgment order narrowed the certified class for Associate members of the performance class, but not for Vice President members of the promotions class. The parties have met and conferred and identified those Associates who are no longer Class Members in light of the Court's rulings. Plaintiffs, however, need to know which of those Associates were elevated to Vice President after 2018 because those individuals would *not* be excluded from the case. Specifically, these otherwise excluded former Associates are still Class Members with respect to the certified claim regarding promotion from Vice President to Managing Director. The parties cannot send out a notice of exclusion to the correct individuals without the updated promotions class list.

      Second, Class Counsel receive inquiries from Goldman Sachs women seeking confirmation of class membership—particularly now because of the upcoming trial. As explained above, female Vice Presidents in the Securities, Investment Banking, or Investment Management Divisions employed through the present are Class Members, because the claim relating to promotion from Vice President to Managing Director is certified through the present. The current class list, however, runs through 2018, which can make it difficult to advise some women. For example, an individual laterally hired at the Vice President level in 2019 could be a Class Member, despite not appearing on the 2018 class list. Similarly, a woman employed at Goldman Sachs in 2018 in a non-class role could have become a class member by transferring into an appropriate Vice President position in a later year—for example, by transferring from overseas to a United States-based position. Plaintiffs are entitled to the basic facts that an updated promotions class list provides.

      Finally, producing the list should not be burdensome. Full HR personnel data for men and women in class positions is *not* at issue. Instead, Plaintiffs simply seek (and believe the Court ordered Goldman Sachs produce) uncontroversial fields identifying Class Members by name, job title, employee ID number and employment dates, along with contact information (phone and email), all consistent with the prior class list that Goldman provided to Class Counsel in 2018.

      For these reasons, Plaintiffs respectfully request that the Court reaffirm its January 5, 2023, ruling and order Goldman Sachs to produce an updated promotions class list that includes all Vice President Class Members within seven days.

                                Respectfully submitted,

                                  Anne B. Shaver