# SULLIVAN & CROMWELL LLP



February 22, 2023

<u>Via ECF</u>

The Honorable Robert W. Lehrburger,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

        Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
             <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Lehrburger:

      On behalf of Defendants, we respond to Plaintiffs' February 17, 2023 letter (ECF No. 1415) ("Ltr"). This issue has been decided by the Court's January 5, 2023, order (ECF No. 1399) ("Order") and Plaintiffs' request should be denied.

      On December 19, 2022, Plaintiffs requested that this Court order Goldman Sachs to produce post-2018, promotions-related personnel data prior to the Phase I trial. (ECF No. 1394.) Alternatively, Plaintiffs proposed that the parties use the already-produced personnel data during the Phase I trial and "hold the supplemental data production until Phase II (if Plaintiffs succeed at Phase I)." (*Id*. at 3.) Plaintiffs specifically proposed this alternative approach because it "*would avoid the need for supplementation at this time*." (*Id.* at 1 (emphasis added).) Indeed, in describing their proposal in response to Goldman Sachs's concerns about the pending pre-trial deadlines, the upcoming trial date, and the burdens of production, Plaintiffs responded that all of Goldman Sachs's concerns "would be completely eliminated" by Plaintiffs' proposal, "which defers the data supplementation until after Phase I, and only if Plaintiffs are successful at Phase I." (ECF No. 1398 at 4.)

      The Court correctly understood Plaintiffs' alternative approach as "requir[ing] the parties to use the existing data and expert record for purposes of Phase I, and if Plaintiffs prevail, order Defendants to produce updated data…." (Order at 1.) The Court adopted this approach due to "concerns about scheduling, Defendants' changes in data management, and similar issues." (*Id.* at 2.) "Accordingly, the Court order[ed] that the parties proceed pursuant to Plaintiffs' alternative proposal requiring the parties to use the existing record for the Phase I trial, with supplementation to follow if and only if Plaintiffs prevail at Phase I." (*Id.*) `

      Plaintiffs now point to language nestled in Exhibit A attached to their December 19, 2022 Letter Motion in claiming entitlement to updated class list information prior to Phase I. (ECF No. 1394-1, Ex. A.) But the Court did not adopt the Proposed Order included in Exhibit A, nor did it order conformity with Exhibit A. In fact, the Court's Order says nothing at all about Exhibit A. There is thus no basis for compliance with Exhibit A.

Hon. Robert W. Lehrburger
February 22, 2023
Page 2

   In any event, Plaintiffs' reasons for an updated promotions class list do not warrant the relief they seek.

   First, Plaintiffs argue "an updated promotions class list is needed to ensure that the notice to be sent to former Class Members excluded by way of the Court's 2022 summary judgment order is accurate." Ltr. at 2. But Plaintiffs do not need a completely new list to identify who remains in the class following the Court's summary judgment order. As Plaintiffs note, the parties have identified the Associates who are no longer members of the 360 and quartiling classes following the Court's rulings. Specifically, using a spreadsheet titled "Class Exclusions November 22 2022 (2706466v1).xlsx," the Parties agreed as follows:

- Sheet 1: The 101 class members on this worksheet should be excluded from the 360 and quartiling classes because they were never an Associate prior to 2016.

- Sheet 2: The 33 class members on this worksheet should be excluded from the 360 and quartiling classes because they only received a performance review in an out-of-class position.

   Plaintiffs argue these individuals cannot be told they have been excluded from the 360 review and quartiling class without simultaneously being apprised of their status in the promotions class. But one has nothing to do with the other. As these women have been excluded from the former classes, they can be so told. Whether they may be in the promotions class, or have a promotions claim, will be resolved after Phase I, consistent with the Order, in which case they will be sent notice and an opportunity to pursue any such claim in individualized proceedings. If Plaintiffs are insistent that notice to these class members reference the promotions claim, Goldman Sachs is also willing to confirm which of these 134 women were promoted to Vice President after the last data production, in roles that are consistent with the definition of the promotions class (as discussed further below) and can provide that list to Plaintiffs' counsel so that an appropriate notice may be sent.

   Second, Plaintiffs' counsel claim that unidentified individuals have approached them to inquire as to their status as class members. Ltr. 2. Plaintiffs offer only speculative examples. But the very point of Plaintiffs' alternative proposal was to delay the data supplementation until after Phase I because otherwise the parties would need to ascertain additional potential class members, provide notice and the opportunity to opt-out (which must adhere to court-approved language), and resolve questions of class membership all prior to the June 7, 2023, trial date. Without those steps, the only permissible answer is that their status as class members will be resolved after Phase I.[1]

   Finally, as Goldman Sachs previously explained (*see* ECF No. 1395 at 3), Plaintiffs' request is overly burdensome. Contrary to Plaintiffs' suggestion, producing this information is not a ministerial act that can be accomplished within hours. It is far more complicated. And it was precisely these "concerns about scheduling, Defendants' changes in data management, and similar issues" that led to the Court's Order. (ECF No. 1399 at 2.) These concerns are even more

---

[1] Of course, any communications by Plaintiffs' counsel must be accurate and not misleading, consistent with the policies embodied in Rule 23(d).

Hon. Robert W. Lehrburger
February 22, 2023
Page 3

valid now than on January 5, 2023, as the parties continue to prepare for and approach the trial date.

      The Order requires Goldman Sachs to produce supplemental data "if and only if Plaintiffs prevail at Phase I," Plaintiffs do not need this information now, and updating the class list will be unduly burdensome and prejudicial to trial preparation.

      Respectfully,

*/s/ Robert J. Giuffra, Jr.*             */s/ Lynne C. Hermle*

Robert J. Giuffra, Jr.            Lynne C. Hermle
Sullivan & Cromwell LLP        Orrick, Herrington & Sutcliffe LLP

cc:      All parties of record (by ECF)