# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis,

    Plaintiffs,

v.

Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc.,

    Defendants.

10 Civ. 6950 (AT) (RWL)

**AMENDED APPENDIX A TO JOINT PRETRIAL ORDER: PLAINTIFFS' DEPOSITION DESINGATIONS, DEFENDANTS' COUNTER- AND CROSS-DESIGNATIONS AND OBJECTIONS, PLAINITFFS' OBJECTIONS, AND DEFENDANTS' RESPONSES**

Adam T. Klein
Cara E. Greene
Christopher M. McNerney
Michael C. Danna
Sabine Jean
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.:    (212) 245-1000
Fax:    (646) 509-2060

Kelly M. Dermody
Anne B. Shaver
Brendan P. Glackin
Michelle Lamy
Michael Levin-Gesundheit
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, Suite 2900
San Francisco, CA 94111
Tel.: (415) 956-1000
Fax: (415) 956-1008

Lynne C. Hermle (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA  94025
Office: (650) 614-7400
Fax: (650) 614-7401

Erin M. Connell (admitted *pro hac vice*)
Kathryn G. Mantoan (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
405 Howard Street
San Francisco, CA  94105
Office: (415) 773-5700
Fax: (415) 773-5759

Marc Shapiro
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
Office: (212) 506-5000
Fax: (212) 506-5151

Rachel J. Geman
Jessica A. Moldovan
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013
Tel.: (212) 355-9500
Fax: (212) 355-9592

*Attorneys for Plaintiffs and the
Classes*

Robert J. Giuffra, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Office: (212) 558-4000
Fax: (212) 558-3588

Amanda Flug Davidoff
Jeffrey B. Wall (admitted *pro hac vice*)
**SULLIVAN & CROMWELL LLP**
1700 New York Avenue, N.W., Suite 700
Washington, D.C.  20006
Office: (202) 956-7500
Fax: (202) 956-7500

*Attorneys for Defendant*

February 23, 2023

# AMENDED APPENDIX A

## I.     Plaintiffs' Deposition Designations

### Gargi Banerjee (Mar. 4, 2013)

| | |
|---|---|
| 11:8-12:1 | 100:14-100:21 |
| 24:20-26:24 | 107:24-108:25 |
| 40:6-40:8 | 112:7-112:17 |
| 40:11-40:23 | 113:15-113:21 |
| 41:1-41:9 | 113:24-114:9 |
| 41:13-42:5 | 114:12-114:14 |
| 42:10-42:12 | 114:17-114:19 |
| 44:25-45:2 | 190:20-191:9 |
| 45:5-45:12 | 195:2-195:13 |
| 45:15-45:23 | 195:16-195:20 |
| 54:5-54:14 | 218:14-219:23 |
| 55:5-55:25 | 225:19-226:4 |
| 89:18-90:24 | 227:12-227:14 |
| 91:1-91:5 | 227:17-227:19 |
| 91:7-91:12 | 264:25-266:7 |
| 91:14-91:19 | 266:9-266:9 |
| 91:21-91:23 | 270:9-270:15 |
| 91:25-91:25 | 270:18-270:21 |
| 93:18-93:20 | 271:2-271:6 |
| 93:22-94:4 | 271:10-271:21 |
| 94:6-94:11 | 271:24-271:25 |
| 94:13-94:14 | |

### Sally Boyle (June 14, 2012)

| | |
|---|---|
| 8:10-8:14 | 128:11-128:16 |
| 18:19-19:13 | 137:15-137:21 |
| 21:13-22:7 | 137:24-138:3 |
| 66:22-67:23 | 146:17-146:19 |
| 81:8-81:10 | 146:22-147:1 |
| 81:13-82:6 | 148:18-148:22 |
| 82:8-82:12 | 157:18-157:23 |
| 91:10-91:16 | |

### Caroline Heller-Sberloti (July 10, 2013)

| | |
|---|---|
| 39:20-39:24 | 211:19-211:22 |
| 77:23-79:15 | 211:24-212:21 |
| 90:11-91:18 | 213:5-213:20 |
| 92:1-92:8 | 215:25-216:5 |
| 142:14-145:16 | 218:8-219:1 |
| 202:10-202:20 | 219:3-219:12 |
| 204:9-204:14 | 221:13-221:22 |
| 205:18-205:23 | 224:25-225:10 |
| 207:1-207:10 | 226:10-227:20 |

1

| | |
|---|---|
| 208:3-208:15 | 229:1-229:5 |
| 210:21-211:5 | 229:8-230:12 |

**Caroline Heller-Sberloti (July 11, 2013)**

| | |
|---|---|
| 264:19-264:24 | 269:25-270:4 |
| 265:1-265:10 | 271:7-271:21 |
| 266:14-266:23 | 363:17-364:3 |

**Aimee Hendricks (Sept. 13, 2012)**

| | |
|---|---|
| 69:23-70:6 | 259:15-261:16 |
| 177:8-179:21 | 261:19-263:14 |
| 179:24-179:25 | 263:19-264:21 |
| 229:7-230:13 | 266:16-267:6 |
| 230:18-231:1 | 267:9-267:18 |
| 254:6-254:9 | 267:21-269:16 |
| 254:11-255:3 | 269:20--270:10 |
| 255:7-256:9 | 299:2-299:3 |
| 256:15-257:1 | 299:6-300:16 |
| 257:9-258:20 | 300:19-302:3 |
| 259:3-259:12 | 302:7-302:7 |

**Jessica Kung (July 31, 2013)**

| |
|---|
| 123:15-124:13 |

**Jessica Kung (Aug. 1, 2013)**

| | |
|---|---|
| 278:16-279:12 | 414:9-415:10 |
| 302:16-303:2 | 415:23-416:8 |
| 316:2-316:10 | 419:5-419:24 |
| 316:19-317:6 | 429:5-429:20 |
| 321:16-321:19 | 434:15-435:5 |
| 321:23-322:1 | 437:4-437:6 |
| 322:4-322:11 | 437:8-437:12 |
| 322:24-323:3 | 437:15-438:1 |
| 323:5-323:9 | 439:9-439:14 |
| 398:22-399:5 | 448:8-450:7 |
| 399:25-400:21 | 452:6-453:6 |
| 402:5-402:19 | 454:7-454:16 |
| 402:23-403:2 | 454:22-455:2 |

**David Landman (Sept. 5, 2013)**

| | |
|---|---|
| 6:6-6:24 | 109:15-110:3 |
| 7:8-8:14 | 117:16-118:17 |
| 9:3-9:10 | 136:13-137:8 |
| 9:12-9:14 | 137:11-137:14 |
| 9:19-9:21 | 137:19-138:15 |
| 10:14-12:9 | 141:3-11 |

| | |
|---|---|
| 14:24-15:17 | 162:14-163:6 |
| 15:22-15:25 | 190:13-191:4 |
| 17:8-17:16 | 196:3-19 |
| 34:22-35:1 | 200:25-202:16 |
| 38:17-38:19 | 207:12-208:2 |
| 58:3-58:14 | 208:6-208:17 |
| 58:20-59:7 | 210:20-211:3 |
| 59:17-61:5 | 211:9-211:15 |
| 61:13-61:22 | 216:9-217:24 |
| 62:12-62:13 | 218:2-218:18 |
| 62:16-63:23 | 218:20-218:25 |
| 89:13-89:22 | 220:14-221:7 |
| 99:12-100:1 | 226:12-227:13 |
| 101:14-101:18 | 227:16-228:6 |
| 101:21-102:8 | |

**David Landman (Oct. 10, 2013)**

| | |
|---|---|
| 7:22-8:4 | 49:12-49:21 |
| 8:7-8:15 | 57:17-58:2 |
| 9:12-10:21 | 59:13-60:4 |
| 11:13-13:5 | 60:6-60:20 |
| 13:14-14:5 | 67:17-67:25 |
| 19:2-19:7 | 68:9-68:12 |
| 19:11-19:15 | 68:16-68:20 |
| 20:20-22:2 | 71:20-71:21 |
| 22:22-22:24 | 72:3-72:21 |
| 23:5-23:13 | 73:4-73:9 |
| 24:3-24:11 | 75:20-75:22 |
| 26:25-27:7 | 75:25-77:10 |
| 28:10-28:12 | 80:3-80:22 |
| 28:14-28:17 | 80:25-81:18 |
| 29:3-30:17 | 81:21-82:14 |
| 32:5-8 | 84:7-84:14 |
| 32:17-34:14 | 84:22-85:3 |
| 37:12-38:24 | 96:4-96:15 |
| 39:3-39:13 | 96:18-96:21 |
| 47:3-47:6 | 143:7-145:1 |
| 47:9-47:15 | 145:6-145:19 |
| 48:20-49:6 | |

**David Landman (April 03, 2018)**

| | |
|---|---|
| 15:19-15:24 | 158:15-159:6 |
| 16:11-21 | 162:20-163:2 |
| 27:12-27:14 | 167:6-167:21 |
| 27:16-28:1 | 186:20-186:25 |
| 28:4-28:12 | 189:11-190:14 |

| | |
|---|---|
| 28:16-29:18 | 194:16-194:18 |
| 29:21-30:1 | 195:3-195:13 |
| 30:4-30:14 | 195:17-195:24 |
| 69:1-70:11 | 196:1-196:21 |
| 70:13-70:19 | 197:1-197:25 |
| 70:21-71:2 | 198:5-198:10 |
| 89:14-89:15 | 198:13-198:20 |
| 89:17-89:22 | 198:24-199:4 |
| 89:24-90:6 | 199:7-199:11 |
| 90:9-90:11 | 201:11-201:13 |
| 90:13-90:19 | 201:16-201:25 |
| 94:19-94:20 | 202:2-202:3 |
| 94:22-95:12 | 212:21-213:7 |
| 95:14-96:5 | 213:10-213:13 |
| 96:7-97:1 | 213:16-215:10 |
| 98:4-98:6 | 219:23-220:5 |
| 98:8-99:9 | 227:7-227:21 |
| 99:12-99:22 | 227:23-228:9 |
| 102:5-102:12 | 228:12-228:25 |
| 102:15-104:7 | 231:11-231:23 |
| 106:13-107:15 | 264:22-265:3 |
| 107:19-108:20 | 265:5-265:15 |
| 108:23-109:2 | 265:17-266:3 |
| 117:21-118:11 | 266:6-266:7 |
| 118:14-119:9 | 266:12-266:25 |
| 119:12-119:18 | 267:2-267:8 |
| 123:9-123:20 | 267:10-267:18 |
| 123:23-124:21 | 267:21-267:22 |
| 124:24-126:8 | 267:25-268:2 |
| 134:1-134:20 | 296:2-298:4 |
| 139:12-139:22 | |

**Bruce Larson (June 12, 2013)**

| | |
|---|---|
| 50:9-50:11 | 232:8-232:18 |
| 50:14-51:16 | 232:21-233:11 |
| 102:11-102:12 | 241:1-241:12 |
| 102:14-102:23 | 241:13-241:20 |
| 107:15-107:21 | 242:5-242:23 |
| 172:5-172:11 | 242:20-244:11 |
| 175:8-175:11 | 245:25-246:13 |
| 176:1-176:25 | 246:20-247:5 |
| 187:9-187:19 | 247:24-248:11 |
| 199:17-200:17 | 248:14-24 |
| 226:21-227:21 | 249:20-250:11 |
| 228:18-229:5 | 291:1-291:14 |
| 232:6-232:6 | |

4

**Rodney Miller (June 20, 2012)**

| | |
|---|---|
| 45:1-45:9 | 108:14-108:18 |
| 45:12-46:5 | 108:21-109:2 |
| 46:17-46:22 | 109:4-109:10 |
| 46:24-47:14 | 170:13-170:17 |

## II.   **Defendant's Counter and Cross-Designations and Objections to Plaintiffs' Deposition Designations**

Pursuant to the Court's October 11, 2022, Order (ECF No. 1380) and Section V(B)(ix) of the Court's Individual Practices in Civil Cases, Goldman Sachs reserves all rights to supplement, revise, and/or otherwise amend its objections and counter- and cross-designations to Plaintiffs' proposed designations, including without limitation, following any changes made to Plaintiffs' proposed designations, witness and/or exhibit lists; Plaintiffs' identification of the decision-makers whose intent they claim is relevant to their disparate treatment claim; and the Court's pretrial rulings on the parties' motions *in limine*, all of which supplementation, revision, and/or amendment will be subject to the Court's January 1, 2023, Order permitting supplementation "up to two weeks after the Court has ruled on the parties' motions *in limine* and the parties have completed [any] depositions," and in any event, no later than May 2, 2023 (ECF No. 1401 at 1–2). Goldman Sachs objects to any designated deposition testimony, including, but not limited to that of Aimee Hendricks, to the extent it is being offered to address individualized or irrelevant issues, such as evidence of a culture of alleged gender bias, or otherwise is irrelevant to the Evaluation Processes.

**Defendant's Counter- and Cross-Designations:**

**Gargi Banerjee (Mar. 4, 2013)**

| | |
|---|---|
| 40:9-10 | 195:14-15 |
| 40:24-25 | 227:15-16 |
| 41:10-12 | 270:16-17 |
| 42:6-9 | 270:22-25 |
| 113:22-23 | 271:1 |
| 114:10-11 | 271:7-9 |
| 114:15-16 | 271:22-23 |

**Sally Boyle (June 14, 2012)**

| | |
|---|---|
| 24:25-25:3 | 83:15 |
| 25:10-25:15 | 84:24-85:8 |
| 82:13-17 | 86:8-12 |
| 82:24-83:1 | 86:14-19 |
| 83:8-10 | 127:9-128:13 |
| 83:15 | |

**Caroline Heller-Sberloti (July 10, 2013)**

| | |
|---|---|
| 77:5-22 | 208:16-24 |
| 88:11-89:3 | 211:14-18 |
| 89:21-90:7 | 212:22-213:1 |
| 92:9-23 | 213:3-4 |
| 202:17-20 | 216:6-15 |
| 203:10-204:8 | 229:6-7 |
| 204:15-205:12 | 230:13-21 |
| 207:11-19 | |

**Caroline Heller-Sberloti (July 11, 2013)**

| | |
|---|---|
| 271:22-272:13 | 364:4-12 |
| 363:17-20 | |

**Aimee Hendricks (Sept. 13, 2012)**

| | |
|---|---|
| 231:21-232:19 | 263:15-18 |
| 253:7-18 | 267:7-8 |
| 254:10 | 267:19-20 |
| 255:4-6 | 269:17-19 |
| 256:10-14 | 299:4-5 |
| 257:2-8 | 302:4-6 |
| 258:21-259:2 | 302:8-11 |
| 259:13-14 | |
| 261:17-18 | |

**Jessica Kung (July 31, 2013)**

| | |
|---|---|
| 124:21-125:1 | 125:17-126:10 |
| 125:4-15 | 126:13-24 |

**Jessica Kung (Aug. 1, 2013)**

| | |
|---|---|
| 321:20 | |
| 322:2-3 | 436:24-437:3 |
| 322:12-23 | 437:7 |
| 323:4 | 437:13-14 |
| 399:6-24 | 450:8-19 |
| 401:12-402:4 | 453:7-454:6 |
| 403:12-404:1 | 454:17-21 |
| 416:9-417:5 | |

**David Landman (Sept. 5, 2013)**

| | |
|---|---|
| 8:15-23 | 58:15-19 |
| 9:11 | 62:14-15 |
| 9:15-18 | 95:24-96:6 |
| 15:18-21 | 100:2-101:13 |
| 35:2-7 | 101:19-20 |
| 57:15-58:2 | 102:9-17 |

133:6-23
137:9-10
137:15-17
208:3-5
210:9-19
211:4-8

217:25-218:1
218:19
227:14-15
228:7-229:10

**David Landman (Oct. 10, 2013)**

10:22-11:4
13:6-14
19:8-10
22:25-23:3
24:12-25:14
27:14-28:9
28:13
28:18-29:2
30:18-24
34:15-35:13
38:25-39:2
40:13-22
47:7-8
47:16-48:2
48:3-19
49:7-11

60:5
64:21-65:11
68:1-68:8
68:14-15
71:22-73:2
72:22-73:3
74:23-75:3
80:23-24
81:19-20
83:4-84:6
84:15-21
95:16-96:3
96:16-17
114:11-22

**David Landman (Apr. 3, 2018)**

26:17-19
27:15
28:2-28:3
28:13-15
88:17-89:13
94:21
95:13
98:7
102:13-14
104:8-19
107:16-18
108:21-22
115:23-116:10
118:12-13
119:10-11
123:21-22
124:22-23
139:23-140:20
167:22-168:3
188:18-189:10

194:19
195:14-15
196:22-25
198:1-4
198:11-12
198:21-23
199:5-6
200:21-201:10
201:14-15
202:1
213:8-9
213:14-15
226:15-25
227:22
241:15-242:3
243:1-245:22
266:4-5
267:1
267:9
267:19-20

7

267:23-24                                          298:5-23
268:5

**Bruce Larson (June 12, 2013)**
    50:12-13                              232:19-20
    101:22–102:10                         233:12-17
    102:24-103:16                         236:6-237:25
    172:1-4                               240:10-21
    174:4-8                               247:6-15
    174:10-175:7                          248:12-13
    175:12-25                             248:25-249:4
    177:1-179:2                           250:12-251:3
    187:20-188:8                          291:15-21
    199:3-16                              306:9-306:21
    229:6-21

**Rodney Miller (June 20, 2012)**
    45:1-5                                109:3
    45:10-11                              170:21-24
    108:19-20

## III.   Defendant's Objections to Plaintiffs' Deposition Designations:

### Gargi Banerjee (Mar. 4, 2013)

| Designated Testimony | Objection |
|---|---|
| 11:8-12:1 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the question posed or the preceding questions, which contextualize the answer.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 40:6-40:8 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about the transfer process within investment banking, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) |

| | |
|---|---|
| | - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 40:11-40:23 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about the transfer process within investment banking, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Vague and ambiguous. |
| 41:1-41:9 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about the transfer process within investment banking, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Vague and ambiguous. |
| 41:13-42:5 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about the transfer process within investment banking, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 42:10-42:12 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about the transfer process |

| | |
|---|---|
| | within investment banking, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 45:15-45:23 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the question posed or the preceding questions, which contextualize the answer. |
| 113:15-113:21 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the operating committee for the investment banking division's discussions about promotions is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 113:24-114:9 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the operating committee for the investment banking division's role in the promotion process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 114:12-114:14 | *Meyer Corp. U.S. v. Alfay Designs, Inc.,* 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the operating committee for the investment banking division's role in the promotion process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Lack of foundation. |
| 114:17-114:19 | *Meyer Corp. U.S. v. Alfay Designs, Inc.,* 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the operating |

| | committee for the investment banking division's role in the promotion process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
|---|---|
| 195:2-195:13 | Vague and ambiguous. |
| 227:12-227:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the first part of the answer, which is needed for context.<br><br>Vague and ambiguous. |
| 270:9-270:15 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the investment banking division's evaluation process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 270:18-270:21 | *Meyer Corp. U.S. v. Alfay Designs, Inc.,* 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the investment banking division's evaluation process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative<br><br>Vague and ambiguous. |
| 271:2-271:6 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the investment banking division's evaluation process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Vague and ambiguous. |
| 271:10-271:21 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the investment banking division's evaluation process is |

11

| | outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
|---|---|
| 271:24-271:25 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony regarding the investment banking division's evaluation process is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |

### Sally Boyle (June 14, 2012)

| Designated Testimony | Objection |
|---|---|
| 128:14-128:16 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the question posed or the preceding questions, which contextualizes the answer. |
| 137:15-137:21 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other relevant testimony on the subject matter necessary to contextualize the answer. |
| 157:21-157:23 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the question posed, which contextualizes the answer. |

**Caroline Heller-Sberloti (July 10, 2013)**

| Designated Testimony | Objection |
|---|---|
| 77:23-79:15 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer.<br><br>Fed. R. Evid. 401-402 (relevance) - Testimony about inputs to Goldman Sachs's compensation-setting process is irrelevant. Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 403 (prejudice) - Testimony about processes other than the certified claims would be prejudicial and confusing to the jury |
| 90:11-91:18 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other relevant testimony on the subject matter necessary to contextualize the answer. |
| 142:14-145:16 | Fed. R. Evid. 401-402 (relevance) - Testimony about inputs to Goldman Sachs's compensation-setting process is irrelevant. Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 403 (prejudice) - Testimony about processes other than the certified claims would be prejudicial and confusing to the jury. |

| | |
|---|---|
| 202:10-202:16 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the full answer.<br><br>Fed. R. Evid. 401-402 (relevance) - Testimony about the women's network in Securities is not admissible to the extent it is being offered as evidence of a claim of gender bias.<br><br>Fed. R. Evid. 401-402 (relevance) - Testimony about whether the Securities women's network had any projects or activities relating to female compensation is irrelevant. Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 403 (prejudice) - Testimony about processes other than the certified claims would be prejudicial and confusing to the jury. |
| 204:9-204:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer, or the answers that immediately follow, which provide additional context. |
| 207:1-207:10 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer, or the answers that immediately follow, which provide additional context. |
| 208:3-208:15 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to document. |
| 211:19-211:22 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer. |

| | |
|---|---|
| 213:5-213:20 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer. |
| 229:1-229:5 | Misstates prior testimony. |
| 229:8-230:12 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the following questions and answers, which provide additional context to the answers provided in the designated testimony. |

**Caroline Heller-Sberloti (July 11, 2013)**

| Designated Testimony | Objection |
|---|---|
| 265:1-265:10 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the question posed, which contextualizes the answer. |
| 266:14-266:23 | Fed. R. Evid. 401-402 (relevance) - Testimony is irrelevant to the extent it is being relied upon with respect to Goldman Sachs's 360 review process from 2000 to 2004, and the quartiling process from 2000 to 2002, which is outside of the relevant class period. |
| 271:7-271:21 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the following questions and answers, which provide additional context to the answers provided in the designated testimony. |
| 363:21-364:3 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the question posed, which contextualizes the answer. |

15

**Aimee Hendricks (Sept. 13, 2012)**

| Designated Testimony | Objection |
|---|---|
| 177:8-179:21 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about tracking EEO complaints within securities, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the witness's testimony regarding information on EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| 179:24-179:25 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about tracking EEO complaints within securities, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the witness's testimony regarding information on EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| 229:7-230:13 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about affirmative action plan discussions within securities, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the witness's testimony regarding affirmative action plan discussions is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| 230:18-231:1 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about affirmative action plan discussions within securities, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is |

| | |
|---|---|
| | prejudicial. Any potential probative value of the witness's testimony regarding affirmative action plan discussions is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| 254:6-254:9 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer.<br><br>Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed, witness is just reading from a chart.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |
| 254:11-255:3 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I; also not relevant because the employee is not class-relevant. |

| | |
|---|---|
| | Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| | Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed, witness is just reading from a chart. |
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| | Objections to underlying exhibit – Best Evidence Rule. |
| 255:7-256:9 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I. |
| | Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| | Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed; witness is just reading from a chart. |
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated |

| | |
|---|---|
| | to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |
| 256:15-257:1 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed; witness is just reading from a chart.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |
| 257:9-258:20 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from EEO complaints is substantially |

| | |
|---|---|
| | outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed; witness is just reading from a chart.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |
| 259:3-259:12 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed; witness is just reading from a chart.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |

| | |
|---|---|
| 259:15-261:16 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from EEO complaints is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed; witness is just reading from a chart.<br><br>Fed. R. Evid. 802 (hearsay) - Offering concerns (statements) raised by female employee to Employee Relations in complaint file for the truth of the matter asserted.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |
| 261:19-263:14 | Fed. R. Evid. 401-402 (relevance) - this witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from an EEO complaint is substantially |

| | |
|---|---|
| | outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed, she is just reading from a chart.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to document referenced – Best Evidence Rule. |
| 263:19-264:21 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information on corrective actions resulting from an EEO complaint is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness was not personally involved in the complaints discussed; she is just reading from a chart.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Objections to underlying exhibit – Best Evidence Rule. |

| 266:16-267:6 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about concerns of retaliation that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I. |
| --- | --- |
| | Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding concerns expressed about retaliation is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| | Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding concerns expressed about retaliation, and calls for speculation. |
| | Fed. R. Evid. 802 (hearsay) - This testimony includes reference of what the witness has "heard" employees say regarding concerns about retaliation. |
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 267:9-267:18 | Fed. R. Evid. 401, 402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I. |
| | Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding concerns expressed about retaliation is substantially outweighed |

| | |
|---|---|
| | by the danger of unfair prejudice and misleading the jury. |
| | Fed. R. Evid. 602 (need for personal knowledge) - This testimony requires speculation on the part of the witness as she speaks on behalf of "we" in multiple places throughout, not just on her own behalf. |
| | Fed. R. Evid. 802 (hearsay) - This testimony includes a request for witness to share what she has "heard" people say about being fearful to come forward because of retaliation concerns. |
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 267:21-269:16 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I. |
| | Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding concerns expressed about retaliation is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| | Fed. R. Evid. 602 (need for personal knowledge) - this testimony requires speculation on the part of the witness as she speaks on behalf of "we" in multiple places throughout, not just on her own behalf. |
| | Fed. R. Evid. 802 (hearsay) - This testimony includes witness stating what she has "heard" people say about being fearful to come forward because of retaliation concerns. |

24

| | |
|---|---|
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 269:20--270:10 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about corrective actions that may have resulted from a woman raising an EEO complaint, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding concerns expressed about retaliation is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - The witness is testifying to the experience of one of her colleagues.<br><br>Fed. R. Evid. 802 (hearsay) - This witness is testifying to the experience of "one of her colleagues" and concerns being raised.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 299:2-299:3 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about complaints of managers frequenting strip clubs, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding strip club visits by Goldman Sachs's employees is substantially |

| | |
|---|---|
| | outweighed by the danger of unfair prejudice and misleading the jury.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 299:6-300:16 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about complaints of managers frequenting strip clubs, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding strip club visits by Goldman Sachs's employees, and complaints related to those visits, is substantially outweighed by the danger of unfair prejudice and misleading the jury.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 300:19-302:3 | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about complaints of managers frequenting strip clubs, which is not relevant to Phase I.<br><br>Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding strip club visits by Goldman Sachs's employees, and complaints related to those visits, is substantially outweighed by the danger of unfair prejudice and misleading the jury. |

| | |
|---|---|
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 302:7-302:7 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the questions posed after the testimony, which contextualize the answer. |
| | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about complaints of managers frequenting strip clubs, which is not relevant to Phase I. |
| | Fed. R. Evid. 403 (prejudice) - Even if this evidence is relevant, its inclusion is prejudicial. Any potential probative value of the information regarding strip club visits by Goldman Sachs's employees, and complaints related to those visits, is substantially outweighed by the danger of unfair prejudice and misleading the jury. |
| | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |

**Jessica Kung (July 31, 2013)**

| Designated Testimony | Objection |
|---|---|
| 123:15-124:13 | Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20. |

| | |
|---|---|
| | Fed. R. Evid. 401-402 (relevance) - Testimony is irrelevant to the extent it is being offered about compensation unrelated to how the Evaluation Processes impact compensation.<br><br>Fed. R. Evid. 403 (prejudice) - Testimony is about processes other than the certified claims would be prejudicial and confusing to the jury. |
| 278:16-279:12 | Fed. R. Evid. 401-402 (relevance) - Testimony is irrelevant to the extent it is being relied upon with respect to Goldman Sachs's 360 review process from 2002 to 2004, which is outside of the relevant class period.<br><br>Assumes facts not in evidence.<br><br>Vague and ambiguous. |

**Jessica Kung (Aug. 1, 2013)**

| Designated Testimony | Objection |
|---|---|
| 302:16-303:2 | Vague and ambiguous. |
| 321:16-321:19 | Vague and ambiguous. |
| 322:4-322:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject matter, which is necessary to contextualize the answer.<br><br>Vague and hypothetical. |
| 323:5-323:9 | Vague and ambiguous. |
| 399:25-400:21 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide the entire context for the answer. |

| | |
|---|---|
| 402:5-402:19 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide the entire context for the answer. |
| 402:23-403:2 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide the entire context for the answer. |
| 415:23-416:8 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide the entire context for the answer. |
| 437:4-437:6 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualize the answer.<br><br>Vague as to the use of phrase "the firm." |
| 437:8-437:12 | Vague as to the use of phrase "the firm." |
| 448:8-450:7 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the following questions and answers, which contextualizes and clarifies the testimony. |
| 454:7-454:16 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the preceding questions, which contextualizes the answer.<br><br>Assumes facts not in evidence. |

**David Landman (Sept. 5, 2013)**

| Designated Testimony | Objection |
|---|---|
| 7:8-8:14 | Fed. R. Evid. 106 (completeness) - designated testimony does not provide entire context to document. |

| 9:12-14 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding the Firmwide Review System from a technological perspective and calls for speculation.<br><br>Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |
|---|---|
| 9:19-9:21 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding Firmwide Review System from a technological perspective and calls for speculation. |
| 10:14-12:9 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding Firmwide Review System and associated trainings and calls for speculation. |

| 14:24-15:17 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding web-based trainings, and calls for speculation re: training in different divisions, |
| --- | --- |
| 15:22-15:25 | Fed. R. Evid. 602 (need for personal knowledge) - designated testimony calls for speculation regarding training in different divisions. |
| 17:8-17:16 | Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding the objective of 360 review at Goldman Sachs and calls for speculation. |
| 34:22-35:1 | Fed. R. Evid. 106 (completeness) - designated testimony does not provide entire scope of answer.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge regarding review categories variability amongst divisions. |
| 38:17-38:19 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge and calls for speculation. |

| | |
|---|---|
| 58:3-58:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire scope of answer.<br><br>Fed. R. Evid. 401-402 (relevance) - Witness does not work within compensation space.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation establishing witness's personal knowledge and calls for speculation. |
| 58:20-59:7 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony calls for speculation regarding feedback helping to inform managers relating to individual performance. |
| 59:17-61:5 | Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation regarding witness's knowledge of the 360 review process. |
| 61:13-61:22 | Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation regarding witness's knowledge of the 360 review process. |
| 62:12-62:13 | Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not lay the foundation regarding: witness's knowledge of the 360 review process.<br><br>Asked and answered. |
| 62:16-63:23 | Fed. R. Evid. 602 (need for personal knowledge) - Designated testimony does not |

32

| | lay the foundation regarding witness's knowledge of the 360 review process. |
|---|---|
| 89:13-89:22 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 99:12-100:1 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to document.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 101:14-101:18 | Vague and ambiguous. |
| 101:21-102:8 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to document. |
| 109:15-110:3 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to document.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 117:16-118:17 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation regarding accurate portrayal of the performance review timeline. |
| 136:13-137:8 | Assumes facts not in evidence. |
| 137:11-137:14 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Lacking foundation and calls for speculation. |
| 137:19-138:15 | Fed. R. Evid. 602 (need for personal knowledge) - lacking foundation and calls for speculation. |

| | |
|---|---|
| 162:14-163:6 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to document. |
| 190:13-191:4 | Fed. R. Evid. 602 (need for personal knowledge) - Lacking foundation. |
| 200:25-202:16 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to document.<br><br>Fed. R. Evid. 801 (hearsay) - Testimony includes statements regarding "discussions" about inflation and compression of review scores within Human Capital Management. |
| 207:12-208:2 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge). |
| 208:6-208:17 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 210:20-211:3 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge). |

| | |
|---|---|
| | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |
| 211:9-211:15 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge). |
| 216:9-217:24 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation.<br><br>Asked and answered. |
| 218:2-218:18 | Asked and answered. |
| 218:20-218:25 | Fed. R. Evid. 403 - Cumulative evidence. |
| 220:14-221:7 | Fed. R. Evid. 403 - Cumulative evidence. |
| 226:12-227:13 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation.<br><br>Assumes facts not in evidence.<br><br>Asked and answered. |
| 227:16-228:6 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |

**David Landman (Oct. 10, 2013)**

| Designated Testimony | Objection |
|---|---|
| 8:7-8:15 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 9:12-10:21 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 11:13-13:5 | Fed. R. Evid. 403 (prejudice) - Objection to use of the term "forced distribution" as prejudicial.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 13:14-14:5 | Fed. R. Evid. 602 (need for personal knowledge). |
| 19:2-19:7 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |
| 19:11-19:15 | Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding personal knowledge. |
| 20:20-22:2 | Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding personal knowledge |
| 22:22-22:24 | Fed. R. 401-402 (relevance) - Witness asked about termination, which is not relevant to Plaintiffs' claims in Phase I of trial.<br><br>Fed. R. Evid. 403 (prejudice) - Confusing the issues/misleading the jury. |
| 23:5-23:13 | Fed. R. 401-402 (relevance) - Witness asked about termination, which is not relevant to Plaintiffs' claims in Phase I of trial. |
| 24:3-24:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |

| | |
|---|---|
| 26:25-27:7 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding personal knowledge.<br><br>Vague and ambiguous. |
| 28:10-28:12 | Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding personal knowledge.<br><br>Asked and answered. |
| 29:3-30:17 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding personal knowledge. |
| 32:17-34:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |
| 37:12-38:24 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |
| 39:3-39:13 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Assumes facts not in evidence. |
| 47:3-47:6 | Fed. R. Evid. 403 - Cumulative evidence.<br><br>Asked and answered. |
| 47:9-47:15 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |

| | |
|---|---|
| 48:20-49:6 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 403 - Cumulative evidence. |
| 49:12-49:21 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 403 - Cumulative evidence.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 68:9-68:12 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony. |
| 71:20-71:21 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 502 (privilege) - Object to the extent witness was asked by counsel to provide data to them.<br><br>Fed. R. 602 (need for personal knowledge). |
| 72:3-72:21 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. 602 (need for personal knowledge).<br><br>Mischaracterizes testimony.<br><br>Vague and ambiguous. |

| 73:4-73:9 | Vague and ambiguous |
|-----------|---------------------|
| 80:3-80:22 | Fed. R. Evid. 401-402 - Testimony about quartile distributions irrelevant to the extent not related to gender.<br><br>Fed. R. Evid. 403 - Testimony about unrelated quartile distributions confusing/misleading to the jury.<br><br>Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Asked and answered. |
| 80:25-81:18 | Fed. R. Evid. 401-402 - Testimony about quartile distributions is irrelevant to the extent not related to gender.<br><br>Fed. R. Evid 403 - Testimony about unrelated quartile distributions confusing/misleading to the jury.<br><br>Fed. R. Evid. 403  - Cumulative evidence.<br><br>Asked and answered. |
| 81:21-82:14 | Fed. R. Evid. 401-402 - Testimony about quartile distributions is irrelevant to the extent not related to gender.<br><br>Fed. R. Evid. 403 - Testimony about quartile distributions is confusing/misleading to the jury.<br><br>Fed. R. Evid. 403 - Cumulative evidence. |
| 84:7-84:14 | Fed. R. Evid. 403 - Testimony about quartile distributions is confusing/misleading to the jury.<br><br>Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal |

| | |
|---|---|
| | knowledge) - Information is outside scope of relevant class period. |
| 84:22-85:3 | Fed. R. Evid. 403 - Testimony about quartile distributions confusing/misleading to the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge ) - Information is outside scope of relevant class period. |
| 96:4-96:15 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Mischaracterizes the testimony. |
| 96:18-96:21 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 143:7-144:10 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 145:8-145:19 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation .<br><br>Asked and answered. |

**David Landman (Apr. 3, 2018)**

| Designated Testimony | Objection |
|---|---|
| 27:12-27:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Vague and ambiguous.<br><br>Mischaracterizes the testimony. |
| 27:16-28:1 | Mischaracterizes the testimony |
| 28:4-28:12 | Asking witness to render legal conclusion. |
| 28:16-29:18 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to validation of post-2015 360 review scores, which is not relevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| 29:21-30:1 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to validation of post-2015 360 review scores, which is not relevant to the certified class.<br><br>Fed. R. 403 - - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| 69:1-70:11 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to an impact analysis of post-2015 360 review scores, which is not relevant to the certified class. |
| 70:13-70:19 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates post-2015 360 review scores, which is not relevant to the certified class. |
| 70:21-71:2 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates post-2015 |

| | |
|---|---|
| | 360 review scores, which is not relevant to the certified class. |
| 89:14-89:15 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Vague and ambiguous. |
| 94:19-94:20 | Fed. R. Evid. 403 (prejudice) - Objection to use of the term "forced ranking" as prejudicial. |
| 95:14-96:5 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to an impact analysis of post-2015 360 review scores, as post-2015 360 review scores are not relevant to the certified class.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 96:7-97:1 | Fed. R. Evid. 401 - 402 (relevance) - Irrelevant to the extent that testimony relates to an impact analysis of post-2015 360 review scores, as post-2015 360 review scores are not relevant to the certified class.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 98:4-98:6 | Vague and ambiguous. |
| 99:12-99:22 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to an impact analysis of post-2015 360 review scores and quartiles, which is not relevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |

| 102:5-102:12 | |
|---|---|
| | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to an impact analysis of post-2015 360 review scores and quartiles, which is not relevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury.<br><br>Objection to form.<br><br>Vague and ambiguous. |
| 102:15-104:7 | |
| | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Witness asked about comments made by another witness that this witness lacked knowledge of.<br><br>Vague and ambiguous. |
| 106:13-107:15 | |
| | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class.<br><br>Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury.<br><br>Document speaks for itself. |
| 107:19-108:20 | |
| | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class. |

| | |
|---|---|
| | Asked and answered. |
| 108:14-109:2 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class. |
| | Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| 117:21-118:11 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class. |
| | Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| | Objection as to characterization of 360 review scores. |
| 118:14-119:9 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class. |
| | Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| | Asked and answered. |
| 119:12-119:18 | Fed. R. Evid. 401-402 (relevance) - irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class. |
| | Fed. R. Evid. 403 - - Inclusion of testimony |

44

| | |
|---|---|
| | about post-2015 360 review scores would confuse/mislead the jury. |
| 123:9-123:20 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 – - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation regarding purpose of 360 review process pre-2016.<br><br>Asked and answered. |
| 123:23-124:21 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 – Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury.<br>Fed. R. Evid 801 (hearsay) - Plaintiff's attorney improperly quotes from exhibit.<br><br>Assumes facts not in evidence.<br><br>Asked and answered. |
| 124:24-126:8 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury.<br><br>Fed. R. Evid. 801 (hearsay) - Comments on "one of the things we heard from employees." |

| | |
|---|---|
| 134:1-134:20 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| 139:12-139:22 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would confuse/mislead the jury. |
| 158:15-159:6 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would mislead/confuse the jury.<br><br>Assumes facts not in evidence. |
| 162:20-163:2 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that post-2015 scores for 360 reviews and quartiles are irrelevant to the certified class.<br><br>Fed. R. Evid. 403 - Inclusion of testimony about post-2015 360 review scores would mislead/confuse the jury.<br><br>Assumes facts not in evidence. |

| | |
|---|---|
| 167:6-167:21 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire scope of answer.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 189:11-190:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire context to testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding knowledge of Goldman Sachs's elaborating on the definition of "potential" and calls for speculation. |
| 194:16-194:18 | Fed. R. Evid. 502 (privilege) - Object to the extent relates to privilege ("as to what he consulted with counsel on, that is privileged").<br><br>Assumes facts not in evidence. |
| 195:3-195:13 | Assumes facts not in evidence.<br><br>Asked and answered. |
| 195:17-195:24 | Assumes facts not in evidence. |
| 196:1-196:21 | Assumes facts not in evidence.<br><br>Object to the form. |
| 197:1-197:25 | Assumes facts not in evidence.<br><br>Asked and answered. |
| 198:5-198:10 | Assumes facts not in evidence.<br><br>Asked and answered.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 198:13-198:20 | Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation.<br><br>Assumes facts not in evidence.<br><br>Asked and answered. |
| 198:24-199:4 | Mischaracterizes the testimony. |

| | |
|---|---|
| 199:7-199:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not provide entire scope of testimony.<br><br>Fed. R. Evid. 602 (need for personal knowledge) - Calls for speculation. |
| 201:11-201:13 | Asked and answered. |
| 201:16-201:25 | Asked and answered. |
| 202:2-202:3 | Asked and answered. |
| 212:21-213:7 | Asked and answered. |
| 213:10-213:13 | Asked and answered. |
| 227:7-227:21 | Vague and ambiguous. |
| 228:12-228:25 | Fed. R. Evid. 602 (need for personal knowledge) - Speculation regarding managers ensuring two Vice Presidents are not rated differently on same set of behavior. |
| 231:11-231:23 | Fed. R. Evid. 401-402 (relevance) - Irrelevant to the extent that testimony relates to an impact analysis of post-2015 360 review scores is not relevant to the certified class.<br><br>Fed. R. Evid. 403- Inclusion of testimony about post-2015 360 review scores would mislead/confuse the jury.<br><br>Assumes facts not in evidence. |
| 265:5-265:15 | Fed. R. Evid. 602 (need for personal knowledge) - Lack of foundation regarding company's position. |
| 265:17-266:3 | Asked and answered. |
| 266:12-266:25 | Fed. R. Evid. 602 (need for personal knowledge).<br><br>Asked and answered. |

| 267:2-267:8 | Fed. R. Evid. 602 (need for personal knowledge). |
| | Mischaracterizes testimony. |
| | Asked and answer. |
| 267:10-267:18 | Mischaracterizes testimony. |
| | Asked and answer. |
| 267:21-267:22 | Mischaracterizes testimony. |
| | Asked and answer. |
| | Vague and ambiguous. |
| 267:25-268:2 | Mischaracterizes testimony. |
| | Vague and ambiguous. |
| 296:2-298:4 | Fed. R. Evid. 106 (completeness) - Designated testimony does not capture scope of answer. |

**Bruce Larson (June 12, 2013)**

| Designated Testimony | Objection |
| --- | --- |
| 50:9-50:11 | Assumes facts not in evidence. |
| 50:14-51:16 | Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20. |
| | Fed. R. Evid. 401-402 (relevance) - This witness is testifying about compensation instructions and processes, which is not relevant to Phase I. |
| | Assumes facts not in evidence. |
| 102:11-102:12 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the |

| | questions posed prior to and after the testimony, which contextualizes the answers. |
|---|---|
| 102:14-102:23 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the questions posed prior to the testimony, which contextualizes the answers. |
| 172:5-172:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer. |
| 175:8-175:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer. |
| 187:9-187:19 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the questions posed prior to the testimony which contextualizes the answer. |
| 199:17-200:17 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include the questions posed prior to the testimony which contextualizes the answer. |
| 228:18-229:5 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer. |
| 232:6-232:6 | Vague and ambiguous. |
| 232:8-232:18 | Question misstates prior testimony. |
| 232:21-233:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer. |
| 241:1-241:12 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other |

| | testimony on the subject necessary to contextualize the answer. |
|---|---|
| 246:20-247:5 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer. |
| 247:24-248:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer.<br><br>Mischaracterizes the testimony. |
| 248:14-24 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer.<br><br>Mischaracterizes the testimony. |
| 249:20-250:11 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer. |
| 291:1-291:14 | Fed. R. Evid. 106 (completeness) - Designated testimony does not include other testimony on the subject necessary to contextualize the answer.<br><br>Vague and ambiguous. |

**Rodney Miller (June 20, 2012)**

| Designated Testimony | Objection |
|---|---|
| 45:6-45:9 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |

| | |
|---|---|
| 45:12-46:5 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 46:17-46:22 | Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 401-402 (excludes irrelevant evidence) - This witness is testifying about compensation instructions and processes, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 46:24-47:14 | Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 401-402 (excludes irrelevant evidence) - Included testimony about compensation instructions and processes, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative. |
| 108:14-108:18 | Discussion of compensation untethered to the challenged processes is inadmissible in |

| | |
|---|---|
| | Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 401-402 (excludes irrelevant evidence) - Included testimony about compensation instructions and processes, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge).<br><br>Speculation without foundation. |
| 108:21-109:2 | Discussion of compensation untethered to the challenged processes is inadmissible in Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 401-402 (excludes irrelevant evidence) - Included testimony about compensation instructions and processes, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge).<br><br>Speculation without foundation. |
| 109:4-109:10 | Discussion of compensation untethered to the challenged processes is inadmissible in |

| | |
|---|---|
| | Phase I. *See* June 25, 2019 Order (ECF No. 767) at 1-2; Oct. 7, 2019 Order (ECF No. 873) at 5-6; Mar. 17, 2022 Opinion (ECF No. 1337) at 19-20.<br><br>Fed. R. Evid. 401-402 (excludes irrelevant evidence) - Included testimony about compensation instructions and processes, which is not relevant to Phase I.<br><br>*Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge).<br><br>Speculation without foundation. |
| 170:13-170:17 | *Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (S.D.N.Y. Aug. 13, 2012) - This testimony is outside the scope of the topics for which this witness was designated to testify as a 30(b)(6) corporate representative.<br><br>Fed. R. Evid. 602 (need for personal knowledge).<br><br>Speculation without foundation. |

## IV.   Plaintiffs' Objections to Defendant's Counter- and Cross-Designations:

Of Defendant's 242 counter and cross deposition designations, only 6 are unobjectionable. The remainder are all either inadmissible hearsay or improper designation of objections in the transcript, as described below.

### Hearsay Objection:

Plaintiffs designated certain portions of Defendant's Fed. R. Civ. P. Rule 30(b)(6) deponents' testimony, pursuant to Fed. R. Civ. P 32(a)(3). This testimony is admissible, because as an opposing party's statement, it is not considered hearsay. *See* Fed. R. Evid. 801(d)(2). In contrast, Defendant's designations are classic hearsay because they are out-of-court statements

being offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Thus, Defendant's counter and cross designations should be struck. As one court explained in striking a defendant's cross-designations:

> [Defendant's] prior testimony, when offered by himself, is hearsay testimony for which there is no exception. Fed. R. Evid. 801(c). The rule provides: "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Plainly, when Defendant offers his prior testimony, he is not testifying. There is no question that the testimony is offered for the truth. . . . [Defendant] is certainly entitled to tell his story . . . However, the hearsay rules prevent him from doing so through a paper record that insulates him from cross examination.

*United States v. Rodriguez*, No. SACR 05-00107 JVS, 2011 U.S. Dist. LEXIS 166284, at *1-2 (C.D. Cal. Apr. 13, 2011).

Further, Fed. R. Evid. Rule 106 does not create a means by which Defendant can designate deposition testimony that is otherwise inadmissible hearsay. As the *Rodriguez* court explained, "Rule 106 of the Federal Rules of Evidence does not provide a vehicle to avoid the hearsay exclusionary rule . . . . the proffered supplemental material must itself be admissible . . . 'Rule 106 does not compel admission of otherwise inadmissible hearsay evidence.'" *Id.* (citing *United States v. Sine*, 493 F.3d 1021, 1037 & n.17 (9th Cir. 2007); accord *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996)). The Second Circuit also has noted that Rule 106 "does not compel admission of otherwise inadmissible hearsay evidence." *Phx. Assocs. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995) (citing *United States Football League v. National Football League*, 842 F.2d 1335, 1375-76 (2d Cir. 1988).

Plaintiffs' objections to Defendant's counter and cross designations on the basis of Hearsay are noted below as (Hearsay).

### *Objection to Designation of Objections:*

In addition to improperly designating hearsay statements, Defendant improperly designate the defending attorney's record objections. At deposition objections to form are made so that there is an opportunity at that time to cure the objection; all other objections are preserved. The purpose of record objections is to note them for the court's consideration in advance of its use at trial. Should Defendant wish to maintain those objections or raise additional objections, the proper method to do so is by noting such objections in the Joint Pre-trial Order. *See* Hon. Annalise Torres's Individual Practices in Civil Cases, Sect. V.B.ix.

Further, Fed. R. Evid. Rule 106 does not require that deposition objections be read into the record in order to have a complete record – objections are for the court's consideration, not the jury's, and are not themselves evidence. The objections are not relevant, as they do not have any tendency to make a fact more or less probable than it would be without the evidence, and they should be excluded on that ground. Fed. R. Evid. Rule 401. Further, even if the objections had probative value (which they do not), any probative value would be outweighed by the danger

of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time, and thus should also be excluded under Fed. R. Evid. Rule 403.

Plaintiffs' objections to Defendant's counter and cross designations of record objections are noted below as (Objection).

**Gargi Banerjee (Mar. 4, 2013)**

| | |
|---|---|
| 114:10-11 (Objection) | 271:7-9 (Objection) |
| 114:15-16 (Objection) | 113:22-23 (Objections) |
| 40:9-10 (Hearsay, Objection) | 195:14-15 (Objection) |
| 40:24-25(Hearsay, Objection) | 227:15-16 (Objection) |
| 41:10-12 (Hearsay, Objection) | 270:16-17(Objection) |
| 42:6-9 (Hearsay, Objection) | 270:20-25(Objection) |
| 271:1 (Objection) | 271:22-23 (Objection) |

**Sally Boyle (June 14, 2012)**

| | |
|---|---|
| 24:25-25:3 (Hearsay) | 83:15 (Hearsay) |
| 25:10-25:15 (Hearsay) | 84:24-85:8 (Hearsay) |
| 82:13-17 (Hearsay) | 86:8-12 (Hearsay) |
| 82:24-83:1 (Hearsay) | 86:14-19 (Hearsay) |
| 83:8-10 (Hearsay) | 127:9-128:13 (Hearsay) |

**Caroline Heller-Sberloti (July 10, 2013)**

| | |
|---|---|
| 77:5-22 (Hearsay) | 208:16-24 (Hearsay) |
| 88:11-89:3 (Hearsay) | 211:14-18 (Hearsay) |
| 89:21-90:7 (Hearsay) | 212:22-213:1 (Hearsay) |
| 92:9-23 (Hearsay) | 213:3-4 (Hearsay) |
| 202:17-20 (Hearsay) | 216:6-15 (Hearsay) |
| 203:10-204:8 (Hearsay) | 229:6-7 (Objection) |
| 204:15-205:12 (Hearsay) | 230:13-21 (Hearsay) |
| 207:11-19 (Hearsay) | |

**Caroline Heller-Sberloti (July 11, 2013)**

| | |
|---|---|
| 271:22-272:13(Hearsay) | 364:4-12 (Hearsay) |

**Aimee Hendricks (Sept. 13, 2012)**

| | |
|---|---|
| 261:17-18 (Objection) | |
| 231:21-232:19(Hearsay) | 263:15-18 (Objection) |
| 253:7-18 (Hearsay) | 267:7-8 (Objection) |
| 254:10 (Objection) | 267:19-20 (Objection) |
| 255:4-6 (Objection) | 269:17-19 (Objection) |
| 256:10-14 (Objection) | 299:4-5 (Objection) |
| 257:2-8 (Objection) | 302:4-6 (Objection) |
| 258:21-259:2 (Objection) | |
| 259:13-14 (Objection) | |

**Jessica Kung (July 31, 2013)**

| | |
|---|---|
| 124:21-125:1 (Hearsay) | 125:17-126:10 (Hearsay) |
| 125:4-15 (Hearsay) | 126:13-126:24 (Hearsay) |

**Jessica Kung (Aug. 1, 2013)**

| | |
|---|---|
| 321:20 (Objection) | 416:9-417:5 (Hearsay) |
| 322:2-3 (Objection) | 436:24-437:3 (Hearsay) |
| 322:12-23 (Hearsay) | 437:7 (Hearsay) |
| 323:4 (Objection) | 437:13-14 (Hearsay) |
| 399:6-24 (Hearsay) | 450:8-19 (Hearsay) |
| 401:12-402:4 (Hearsay) | 453:7-454:6 (Hearsay) |
| 403:12-404:1 (Hearsay) | 454:17-21 (Hearsay) |

**David Landman (Sept. 5, 2013)**

| | |
|---|---|
| 8:15-23 (Hearsay) | 101:19-20 (Objection) |
| 9:11 (Objection) | 102:9-17 (Hearsay) |
| 9:15-18 (Objection) | 117:16-22 (Hearsay) |
| 15:18-21 (Objection) | 133:6-23 (Hearsay) |
| 35:2-7 (Hearsay) | 137:9-10 (Objection) |
| 57:15-58:2 (Hearsay) | 137:15-17 (Objection) |
| 58:15-19 (Hearsay) | 208:3-5 (Objection) |
| 62:14-15 (Objection) | 210:9-19 (Hearsay) |
| 218:19 (Objection) | 211:4-8 (Objection |
| 95:24-96:6 (Hearsay) | 217:25-218:1 (Objection) |
| 100:2-101:13 (Hearsay) | 228:7-229:10 (Hearsay) |

**David Landman (Oct. 10, 2013)**

| | |
|---|---|
| 10:22-11:4 (Hearsay) | 48:3-19 (Hearsay) |
| 13:6-14 (Objection) | 49:7-11 (Hearsay) |
| 19:8-10 (Hearsay) | 60:5 (Objection) |
| 22:25-23:3 (Objection) | 64:21-65:11 (Hearsay) |
| 24:12-25:14 (Hearsay) | 68:14-15 (Objection) |
| 27:14-28:9 (Hearsay) | 71:22-73:2 (Objection) |
| 28:13 (Objection) | 72:22-73:3 (Objection) |
| 28:18-29:2 (Hearsay) | 74:23-75:3 (Hearsay) |
| 30:18-24 (Hearsay) | 80:23-24 (Objection) |
| 34:15-35:13 (Hearsay) | 81:19-20 (Objection) |
| 84:15-21 (Objection) | 83:4-84:6 (Hearsay) |
| 38:25-39:2 (Objection) | 95:16-96:3 (Hearsay) |
| 40:13-22 (Hearsay) | 96:16-17 (Objection) |
| 47:7-8 (Objection) | 114:11-22 (Hearsay) |
| 47:16-48:2 (Hearsay) | |

### David Landman (Apr. 3, 2018)

| | |
|---|---|
| 26:17-19 (Objection) | 139:23-140:20 (Hearsay) |
| 27:15 (Objection) | 167:22-189:10 (Objection) |
| 28:2-28:3 (Objection) | 188:18-189:10(Hearsay) |
| 28:13-15 (Objection) | 194:19 (Objection) |
| 88:17-89:13 (Hearsay) | 195:14-15 (Objection) |
| 94:21 (Objection) | 202:1 (Objection) |
| 95:13 (Objection) | 213:8-9 (Objection) |
| 98:7 (Objection) | 213:14-15 (Objection) |
| 102:13-14 (Objection) | 226:15-25 (Hearsay) |
| 104:8-19 (Hearsay) | 227:22 (Objection) |
| 107:16-18 (Objection) | 266:4-5 (Objection) |
| 108:21-22 (Objection) | 267:1 (Objection) |
| 115:23-116:10(Hearsay) | 267:9 (Objection) |
| 118:12-13 (Objection) | 267:23-24 (Objection) |
| 119:10-11 (Objection) | 268:5 (Objection) |
| 123:21-22 (Objection) | 298:5-23 (Hearsay) |
| 124:22-23 (Objection) | |

### Bruce Larson (June 12, 2013)

| | |
|---|---|
| 50:12-13 (Objection) | 232:19-20 (Objection) |
| 101:22–102:10 (Hearsay) | 233:12-17 (Hearsay) |
| 102:24-103:16(Hearsay) | 236:6-237:25 (Hearsay) |
| 172:1-4 (Hearsay) | 240:10-21 (Hearsay) |
| 174:4-8 (Hearsay) | 248:12-13 (Hearsay) |
| 174:10-175:7 (Hearsay) | 247:6-15 (Hearsay) |
| 175:12 -25 (Hearsay) | 248:25-249:4 (Hearsay) |
| 177:1-179:2 (Hearsay) | 250:12-251:3 (Hearsay) |
| 187:20-188:8 (Hearsay) | 291:15-21 (Hearsay |
| 199:3-16 (Hearsay) | 306:9-306:21 (Hearsay) |
| 229:6-21 (Hearsay) | |

### Rodney Miller (June 20, 2012)

| | |
|---|---|
| 45:1-5 (Hearsay) | 109:3-3 (Objection) |
| 45:10-11 (Objection) | 170:21-24 (Objection) |
| 108:19-20 (Objection) | |

## V.   Defendant's Response to Plaintiffs' Objections to Defendant's Counter- and Cross-Designations

***Hearsay:***

Plaintiffs argue that Goldman Sachs's counter- and cross-designations constitute hearsay and are thus inadmissible.  Under Federal Rule of Evidence 106 ("Rule 106") and Second Circuit law, Goldman Sachs properly counter- and cross-designated limited portions of the testimony to provide necessary context to Plaintiffs' designations "to ensure a fair and impartial

58

understanding of the admitted portion." *In re Reserve Fund Sec. and Derivative Litig.*, No. 09-4346, 2012 WL 12354234, at *4 (S.D.N.Y. Oct. 3, 2012) (noting that, in the Second Circuit, counter-designations are admissible under Rule 106 "to ensure a fair and impartial understanding of the admitted portion"); *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) ("though a statement may be hearsay, an 'omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure the fair and impartial understanding of the admitted portion.'") (quoting *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987)); *Lopez v. Ramirez*, No. 11-474, 2019 WL 3779277, at *14 (S.D.N.Y. Aug. 12, 2019) (same).  Because Goldman Sachs's limited counter- and cross-designations are appropriately tailored and necessary to avoid misleading the jury, the Court should overrule Plaintiffs' objections.

**Counter-Designated Objections:**

Goldman Sachs has properly counter-designated objections contained in the deposition transcripts to preserve those objections, as well as noted those objections in the Joint Pre-Trial Order.  Goldman Sachs's counter-designations should be admitted, and Plaintiffs' objections to Goldman Sachs's counter-designation of objections should be overruled.

## VI.   Plaintiffs' Reply

Section V, which is Goldman Sachs's purported "response" to Plaintiffs' objections, is not permitted under the Court's rules, improper, and should be stricken from the submission.

By:   */s/ Adam T. Klein*
    Adam T. Klein
    Cara E. Greene
    Christopher M. McNerney
    Michael C. Danna
    Sabine Jean
    **OUTTEN & GOLDEN LLP**
    685 Third Avenue, 25th Floor
    New York, NY 10017
    atk@outtengolden.com
    Tel.:   (212) 245-1000
    Fax:   (646) 509-2060

    */s/ Kelly M. Dermody*
    Kelly M. Dermody
    Anne B. Shaver
    Brendan P. Glackin
    Michelle Lamy
    Michael Levin-Gesundheit
    **LIEFF CABRASER HEIMANN &**
    **BERNSTEIN, LLP**
    275 Battery Street, Suite 2900
    San Francisco, CA 94111
    kdermody@lchb.com
    Tel.: (415) 956-1000
    Fax: (415) 956-1008

    Rachel J. Geman
    Jessica A. Moldovan
    **LIEFF CABRASER HEIMANN &**
    **BERNSTEIN, LLP**
    250 Hudson Street, 8th Floor
    New York, NY 10013
    Tel.: (212) 355-9500
    Fax: (212) 355-9592

    *Attorneys for Plaintiffs and the*
    *Classes*

By:  *Lynne C. Hermle*
Lynne C. Hermle (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE**
**LLP**
1000 Marsh Road
Menlo Park, CA 94025
lchermle@orrick.com
Office: (650) 614-7400
Fax: (650) 614-7401

Erin M. Connell (admitted *pro hac vice*)
Kathryn G. Mantoan (admitted *pro hac vice*)
**ORRICK, HERRINGTON & SUTCLIFFE**
**LLP**
405 Howard Street
San Francisco, CA 94105
Office: (415) 773-5700
Fax: (415) 773-5759

Marc Shapiro
**ORRICK, HERRINGTON & SUTCLIFFE**
**LLP**
51 West 52nd Street
New York, NY 10019
Office: (212) 506-5000
Fax: (212) 506-5151

Robert J. Giuffra, Jr.
Sharon L. Nelles
Ann-Elizabeth Ostrager
Hilary M. Williams
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Office: (212) 558-4000
Fax: (212) 558-3588

Amanda Flug Davidoff
Jeffrey B. Wall (admitted *pro hac vice*)
**SULLIVAN & CROMWELL LLP**
1700 New York Avenue, N.W., Suite 700
Washington, D.C. 20006
Office: (202) 956-7500
Fax: (202) 956-7500

*Attorneys for Defendant*

60