# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

H. CRISTINA CHEN-OSTER; SHANNA
ORLICH; ALLISON GAMBA; AND MARY DE
LUIS,

                      Plaintiffs,

v.

GOLDMAN, SACHS & CO. and THE GOLDMAN
SACHS GROUP, INC.,

                      Defendants.

: : : : : : : : : : : : : : : : :

10 Civ. 6950 (AT) (RWL)

-------------------------------------------------------------- x

## SECOND AMENDED INITIAL DISCLOSURES OF DEFENDANTS GOLDMAN SACHS & CO. LLC AND THE GOLDMAN SACHS GROUP, INC.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants

Goldman Sachs & Co. LLC[1] and The Goldman Sachs Group, Inc. (collectively, "Defendants,"

"Goldman Sachs," or the "Firm") provide the following amended initial disclosures.  Goldman

Sachs makes these disclosures based on information reasonably available to Goldman Sachs as of

this date, recognizing that its investigation into the facts of this case is continuing.  By making the

following disclosures, Goldman Sachs does not represent that it is identifying every document,

tangible thing, or witness relevant to this lawsuit.  Goldman Sachs reserves the right to supplement,

change, or amend these disclosures.  Further, Goldman Sachs reserves the right to call any witness,

---

[1]     On April 28, 2017, Defendant Goldman, Sachs & Co. was converted into a limited liability company named Goldman Sachs & Co. LLC.

including expert witnesses, or to present any exhibit or item at trial not listed herein but determined through further discovery or investigation to be relevant to the subject matter of this action.

In addition, Goldman Sachs does not waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection. Goldman Sachs' initial disclosures are also made without waiving: (1) the right to object on any grounds, including but not limited to competency, privilege, relevancy, materiality, or hearsay, to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (2) the right to object to the use of any such information, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above qualifications.

## I.   IDENTIFICATION OF INDIVIDUALS (FED. R. CIV. P. 26(a)(1)(A)(i))

Goldman Sachs identifies the following individuals likely to have discoverable information that Goldman Sachs may use to support its claims or defenses. Goldman Sachs reserves the right to supplement this disclosure as the case progresses.

1.   Named Plaintiffs H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis are expected to have knowledge regarding the allegations in their Second Amended Class Action Complaint, Supplemental Complaint, and the circumstances of their employment. Plaintiffs have knowledge of their addresses and telephone numbers.

2.     Present and former Associates and Vice Presidents in revenue-generating positions in the Securities, Investment Banking, and Investment Management Divisions[2] (the "three revenue divisions") may have information about their own duties, responsibilities, training, hiring, evaluations, compensation, and promotions.

3.     Angela Abramian-Katz is currently employed as a Vice President within Goldman Sachs' Human Capital Management Division and is the Head Talent Advisor for the Securities Division.  Ms. Abramian-Katz may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Abramian-Katz's business address is 200 West Street, New York, NY  10282, and she may be reached through counsel for Goldman Sachs.

4.     Michael Becker is currently employed as a Vice President within Goldman Sachs' Technology Division.  Mr. Becker may have information regarding Goldman Sachs' directory data management, identity management, and directory services systems and the extraction of data from those systems to identify current or former employees who received document retention notices describing this action.  Mr. Becker's business address is 2001 Ross Avenue, Suite 2800, Dallas, Texas  75201, and he may be reached through counsel for Goldman Sachs.

---

[2]     The Investment Management Divisions is now the Consumer and Investment Management Division.

5.    Kerryann Benjamin is currently employed as a Vice President within Goldman Sachs' Human Capital Management Division.  Ms. Benjamin may have information regarding the Firm's learning and engagement programs and its diversity training, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Benjamin's business address is 200 West Street, New York, NY  10282, and she may be reached through counsel for Goldman Sachs.

6.    Avanish Bhavsar is a Managing Director within Goldman Sachs' Securities Division and may have information regarding the employment and performance of Plaintiff Chen-Oster, and the Firm's employment processes and promotion efforts insofar as they apply to the Securities Division.  Mr. Bhavsar's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

7.    Tom Brasco is a Managing Director within Goldman Sachs' Investment Management Division.  Mr. Brasco may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Mr. Brasco's business address is 200 West Street, New York, NY  10282, and he may be reached through counsel for Goldman Sachs.

8.    Erika Irish Brown is the Global Chief Diversity Officer for Goldman Sachs.  Ms. Brown may have information regarding the Firm's diversity programs and its diversity training, recruiting, retention, and promotion efforts, insofar as they apply to the three revenue

divisions. Ms. Brown's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

9. <u>Jacqueline Cassidy</u> is a Managing Director within Goldman Sachs' Securities Division. Ms. Cassidy may have information about Division and Business Unit structure and compensation, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Cassidy's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

10. <u>Alex Chi</u> is a Managing Director within Goldman Sachs' Investment Banking Division. Mr. Chi may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Chi's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

11. <u>Darren Cohen</u> is a Managing Director within Goldman Sachs' Securities Division. Mr. Cohen may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that

discrimination was Goldman Sachs' standard operating procedure.  Mr. Cohen's business address is 200 West Street, New York, NY  10282, and he may be reached through counsel for Goldman Sachs.

12.     Edith Cooper was employed by Goldman Sachs as the former Global Head of Goldman Sachs' Human Capital Management Division.  Ms. Cooper may have information regarding the Firm's diversity programs and its diversity training, recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions.  Ms. Cooper is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

13.     Kathleen (Katie) Cupertino is a Vice President within Goldman Sachs' Human Capital Management Division and is a senior Talent Advisor for the Investment Management Division.  Ms. Cupertino may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Cupertino's business address is 200 West Street, New York, NY  10282, and she may be reached through counsel for Goldman Sachs.

14.     Kevin Daniewicz is a Vice President within Goldman Sachs' Human Capital Management Division and is a senior Talent Advisor for the Investment Banking Division.  Mr. Daniewicz may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek

to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Daniewicz's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

15. <u>Mark Dehnert</u> is currently employed by Goldman Sachs as an Advisory Director and may have information regarding the employment and performance of Plaintiff Gamba. Mr. Dehnert's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

16. <u>Eric Dias</u> is currently employed as a Vice President within Goldman Sachs' Human Capital Management Division. Mr. Dias may have information regarding Goldman Sachs' processes and practices related to the acceptance of terms and conditions applicable to equity-based awards by Goldman Sachs employees, the delivery of such awards, and the manner in which such records of acceptance are stored and used by Goldman Sachs. Mr. Dias' business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

17. <u>Joseph Femenia</u> may have information regarding the employment and performance of Plaintiff Orlich. Mr. Femenia is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

18. <u>Eileen Fields</u> is currently employed by Goldman Sachs in the Employee Relations Department and may have information regarding the employment and performance of Plaintiff Chen-Oster. Ms. Fields' business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

19. <u>Thomas Fruge</u> may have information regarding the employment and performance of Plaintiff De Luis. Mr. Fruge is a former employee of Goldman Sachs and should only be reached through counsel for Goldman Sachs.

20. <u>Nick Giovanni</u> is a Managing Director within Goldman Sachs' Investment Banking Division. Mr. Giovanni may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Giovanni's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

21. <u>Josh Glassman</u> is a Managing Director within Goldman Sachs' Securities Division. Mr. Glassman may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Glassman's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

22. <u>Justin Gmelich</u> may have information regarding the employment and performance of Plaintiff Orlich. Mr. Gmelich is a former employee of Goldman Sachs and should only be reached through counsel for Goldman Sachs.

23.     <u>Cyril Goddeeris</u> is a Managing Director within Goldman Sachs' Securities Division.  Mr. Goddeeris may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Mr. Goddeeris's business address is 200 West Street, New York, NY  10282, and he may be reached through counsel for Goldman Sachs.

24.     <u>Allison Grover</u> may have information regarding the employment and performance of Plaintiff Orlich.  Ms. Grover is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

25.     <u>Caroline Heller</u> is a Managing Director within Goldman Sachs' Human Capital Management Division and is the Head of Talent Management.  Ms. Heller may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Heller's business address is 200 West Street, New York, NY  10282, and she may be reached through counsel for Goldman Sachs.

26.     <u>Aime Hendricks</u> is a Managing Director within Goldman Sachs' Human Capital Management Division and is the Americas Head of the Employee Relations Department for Goldman Sachs.  Ms. Hendricks may have information relevant to Goldman Sachs' Employee Relations policies and procedures and regarding the Firm's diversity programs and its diversity

training, recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Hendricks may also have information regarding the employment and performance of Plaintiff De Luis. Ms. Hendricks' business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

27. Megan Hogan is currently employed as a Vice President within Goldman Sachs' Human Capital Management Division and is the Global Head of Diversity Recruiting. Ms. Hogan may have information regarding the Firm's diversity programs and its diversity recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Hogan's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

28. Dane Holmes is a Managing Director within Goldman Sachs' Human Capital Management Division and is the Global Head of Goldman Sachs' Human Capital Management Division. Mr. Holmes may have information regarding the Firm's diversity programs and its diversity training, recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Holmes' business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

29. Paul Huchro may have information regarding the employment and performance of Plaintiff Orlich. Mr. Huchro is a former employee of Goldman Sachs and should only be reached through counsel for Goldman Sachs.

30.    Andrew Kaiser is a Managing Director within Goldman Sachs' Securities Division and may have information regarding the employment and performance of Plaintiff De Luis and the Firm's employment processes insofar as they relate to the Firm's Investment Management Division. Mr. Kaiser's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

31.    Neil Kaufman formerly worked in the Employee Relations Department at Goldman Sachs. He may have information regarding the employment and performance of Plaintiff Gamba. Mr. Kaufman's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

32.    Joanna Kozlowski is a Vice President within Goldman Sachs' Human Capital Management Division and is the Head Talent Advisor for the Investment Banking Division. Ms. Kozlowski may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Kozlowski's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

33.    Jennifer Krevitt is a Managing Director within Goldman Sachs' Human Capital Management Division and is the Head Talent Advisor for the Investment Management Division. Ms. Kozlowski may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as

they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Krevitt's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

34. <u>Jessica Kung</u> is a Vice President within Goldman Sachs' Human Capital Management Division and is a senior Talent Advisor for the Investment Management Division. Ms. Kung may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Kung's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

35. <u>Dennis Lafferty</u> may have information regarding the employment and performance of Plaintiff Orlich. Mr. Lafferty is a former employee of Goldman Sachs and should only be reached through counsel for Goldman Sachs.

36. <u>David Landman</u> is a Managing Director within Goldman Sachs' Human Capital Management Division and is the Global Head of Talent Assessment for Goldman Sachs. Mr. Landman may have information about processes and practices related to performance assessment and promotions, insofar as they apply to the three revenue divisions. Mr. Landman's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

37.     John Lauto may have information regarding the employment and performance of Plaintiff Gamba.  Mr. Lauto is a former employee of Goldman Sachs and should only be reached through counsel for Goldman Sachs.

38.     Deborah Leone is currently employed by Goldman Sachs as an Advisory Director.  Ms. Leone may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Leone's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

39.     John Levene is a Managing Director within Goldman Sachs' Securities Division.  Mr. Levene may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Mr. Levene's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

40.     Steve Lindia was employed by Goldman Sachs as a Vice President in the Firm's Talent Assessment Group.  Mr. Lindia may have information about processes and practices related to performance assessment and promotions, insofar as they apply to the three revenue

divisions. Mr. Lindia is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

41.     Lynn Magnus is a Managing Director within Goldman Sachs' Investment Banking Division. Ms. Magnus may have information about Division and Business Unit structure and compensation, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Magnus' business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

42.     Brian Margulies is a Managing Director within Goldman Sachs' Investment Management Division. Mr. Margulies may have information about Division and Business Unit structure and compensation. Mr. Margulies' business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

43.     Brendan McGovern is a Managing Director within Goldman Sachs' Investment Management Division. Mr. McGovern may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. McGovern's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

44.     <u>Scott Mehling</u> is a Managing Director within Goldman Sachs' Human Capital Management Division and is the Global Head of Firmwide Compensation for Goldman Sachs.  Mr. Mehling may have information regarding compensation, promotion, training, talent management, and performance assessment practices, insofar as they apply to the three revenue divisions.  Mr. Mehling's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

45.     <u>Ricardo Mora</u> is a Managing Director within Goldman Sachs' Securities Division.  Mr. Mora may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Mr. Mora's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

46.     <u>Sharmin Mossavar-Rahmani</u> is a Managing Director within Goldman Sachs' Investment Management Division.  Ms. Mossavar-Rahmani may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Mossavar-Rahmani's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

47.     Ezra Nahum is a Managing Director within Goldman Sachs' Securities Division.  Mr. Nahum may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Securities Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Securities Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Mr. Nahum's business address is 200 West Street, New York, NY  10282, and he may be reached through counsel for Goldman Sachs.

48.     Jeff Nedelman is a Managing Director in the Securities Division and may have information regarding the employment and performance of Plaintiff Chen-Oster.  Mr. Nedelman's business address is 200 West Street, New York, NY  10282, and he may be reached through counsel for Goldman Sachs.

49.     Sylvia Owens may have information regarding the employment and performance of Plaintiff Chen-Oster.  Ms. Owens is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

50.     Michael Price may have information regarding the employment and performance of Plaintiff Chen-Oster.  Mr. Price is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

51.     Peter Craig Russell is a Managing Director within Goldman Sachs' Investment Management Division.  Mr. Russell may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division as well as information that

may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Russell's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

52.     John Rustum may have information regarding the employment and performance of Plaintiff Chen-Oster. Mr. Rustum is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

53.     Michael Ryan may have information regarding the employment and performance of Plaintiff Chen-Oster. Mr. Ryan is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

54.     Luke Sarsfield is a Managing Director within Goldman Sachs' Investment Management Division and previously within the Investment Banking Division. Mr. Sarsfield may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Management Division and Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Management Division and Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Sarsfield's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

55.     Susan Jane Scher is a Managing Director within Goldman Sachs' Investment Banking Division. Ms. Scher may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are

discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Scher's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

56. <u>Justin Slatky</u> may have information regarding the employment and performance of Plaintiff Orlich. Mr. Slatky is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

57. <u>Marshall Smith</u> is a Managing Director within Goldman Sachs' Investment Banking Division. Mr. Smith may have information about Division and Business Unit structure, the different roles and responsibilities of Associates and Vice Presidents in the Investment Banking Division, the review and promotion processes Plaintiffs claim are discriminatory as they apply to the Investment Banking Division as well as information that may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Mr. Smith's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

58. <u>David Sweezey</u> is currently employed by Goldman Sachs as a Vice President in the Investment Management Division and may have information regarding the employment and performance of Plaintiff De Luis. Mr. Sweezey's business address is 100 Crescent Court, Suite 100, Dallas, Texas 75201, and he may be reached through counsel for Goldman Sachs.

59. <u>Martin Teevan</u> may have information regarding the employment and performance of Plaintiff Orlich. Mr. Teevan is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

60. <u>Thomas Tormey</u> is a Managing Director within Goldman Sachs' Securities Division and may have information regarding the employment and performance of Plaintiff Orlich. Mr. Tormey's business address is 200 West Street, New York, NY 10282, and he may be reached through counsel for Goldman Sachs.

61. <u>Vicki Tung</u> is currently employed as a Vice President within Goldman Sachs' Human Capital Management Division and the Global Head of Campus Recruiting. Ms. Tung may have information regarding the Firm's diversity programs and its diversity recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Tung's business address is 200 West Street, New York, NY 10282, and she may be reached through counsel for Goldman Sachs.

62. <u>Anilu Vazquez-Ubarri</u> was the former Global Chief Diversity Officer for Goldman Sachs and the former head of the Office of Global Leadership and Diversity for Goldman Sachs. Ms. Vazquez-Ubarri may have information regarding the Firm's diversity programs and its diversity training, recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure. Ms. Vazquez-Ubarri is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

63. <u>Thomas Wagner</u> may have information regarding the employment and performance of Plaintiff Orlich. Mr. Wagner is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

64.     <u>Gregg Weinstein</u> may have information regarding the employment and performance of Plaintiff Chen-Oster.  Mr. Weinstein is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

65.     <u>Howard Wietschner</u> may have information regarding the employment and performance of Plaintiff Chen-Oster.  Mr. Wietschner is a former employee of Goldman Sachs and should only be contacted through counsel for Goldman Sachs.

66.     <u>Joseph Yanagisawa</u> is currently employed as a Vice President and is the Global Technology Forensics Officer for Goldman Sachs' Technology Division.  Mr. Yanagisawa may have information regarding Goldman Sachs' central retention system for electronic communications and the process followed to identify current and former employees who received document retention notices describing this action.  Mr. Yanagisawa's business address is 200 West Street, New York, NY  10282, and he may be reached through counsel for Goldman Sachs.

67.     <u>Laura Young</u> is currently employed as a Vice President within Goldman Sachs' Human Capital Management Division and is the Head of Wellness.  Ms. Young may have information regarding Goldman Sachs' wellness and benefit programs, insofar as they apply to the three revenue divisions, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.  Ms. Young's business address is 200 West Street, New York, NY  10282, and she may be reached through counsel for Goldman Sachs

68.     <u>Any individuals who have opted out of the class action certified by Judge Analisa Torres on March 30, 2018</u>.  These individuals may have information related to the practices Plaintiffs claim are discriminatory in any Phase One trial, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.

69. <u>Any individuals who have submitted declarations or testimony on behalf of Goldman Sachs in connection with class certification or other briefing in this case</u>. These individuals may have information related to the practices Plaintiffs claim are discriminatory in any Phase One trial, and may rebut any inference plaintiffs seek to raise that discrimination was Goldman Sachs' standard operating procedure.

70. <u>Any individuals deposed by Goldman Sachs or Plaintiffs, including individuals who have been designated as witnesses by Goldman Sachs pursuant to Federal Rule of Civil Procedure 30(b)(6)</u>. These individuals have information related to the information and/or topics about which they were questioned during their depositions.

71. <u>Any individuals identified by Plaintiffs as possibly having information relevant to this litigation, and any person who may have information rebutting such information</u>.

## II.  <u>IDENTIFICATION OF DOCUMENTS (FED. R. CIV. P. 26(a)(1)(A)(ii))</u>

Pursuant to Federal Rule of Civil Procedure 26(a)(l)(A)(ii), and based upon presently available information, the following categories of documents in Goldman Sachs' possession, custody, or control may be used to support Goldman Sachs' claims or defenses. Goldman Sachs expressly reserves the right to identify and use documents from additional categories if, in the course of discovery and investigation relating to this case, Goldman Sachs learns that such additional categories contain relevant documents or if they are requested by any party in discovery.

A. Documents related to named plaintiffs' employment with Goldman Sachs, including personnel file documents and reviews of performance.

B. Correspondence, notes, and other documents relating to named plaintiffs' employment at Goldman Sachs, including those regarding named plaintiffs' performance, compensation, and termination or resignation.

C.    Certain e-mails and electronic records of or relating to named plaintiffs.

D.    Policy, procedure, and practice documents of Goldman Sachs including pay and promotion guidelines, relating to Associates and Vice Presidents in the three revenue divisions.

E.    Relevant records, including from databases such as PeopleSoft, CRS, and FRS, and records of individual or team production numbers relating to Associates and Vice Presidents in the three revenue divisions of Goldman Sachs.

F.    Pay and benefit records for Associates and Vice Presidents in the three revenue divisions of Goldman Sachs.

G.    Documents relating to Goldman Sachs' diversity programs and its diversity training, recruiting, retention, and promotion efforts, insofar as they apply to the three revenue divisions.

H.    Documents relating to certain Class Members' agreement to release and/or arbitrate employment-related claims with Goldman Sachs.

I.    Documents relating to document retention notices distributed by Goldman Sachs to named plaintiffs, Class Members, and third parties regarding this action.

J.    Documents produced by Goldman Sachs in response to any discovery requests propounded by Plaintiffs or subpoenas in this litigation.

K.    Goldman Sachs also believes that named plaintiffs and Class Members and third parties may have documents that support Goldman Sachs' claims and defenses.

Other than the documents referred to in subparagraphs J and K above, these documents are contained in files of Goldman Sachs at various locations.  Goldman Sachs reserves the right to use or rely upon any document to which reference is made by Plaintiffs in their Rule 26 disclosures or otherwise made available in discovery in connection with this case.

In addition to the documents identified above, Goldman Sachs also identifies all copies and categories of documents which may be identified by named plaintiffs in their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

## III.   COMPUTATION OF DAMAGES (FED. R. CIV. P. 26(a)(1)(A)(iii))

Goldman Sachs maintains that neither named plaintiffs nor Class Members have incurred any damages, much less any damages for which Goldman Sachs can be held liable. Goldman Sachs has not currently determined that it has any claim for damages against named plaintiffs or Class Members. However, Goldman Sachs will seek to hold named plaintiffs and any future plaintiffs and Class Members responsible for its costs, attorneys' fees, and expenses incurred in defending against this action, to the fullest extent permitted by law.

## IV.   INSURANCE AGREEMENTS (FED. R. CIV. P. 26(a)(1)(A)(iv))

Goldman Sachs is not aware of any insurance policy responsive to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure.

Dated:  New York, New York
    November 4, 2019


                                                    */s/ Amanda Flug Davidoff*

Barbara B. Brown (*admitted pro hac vice*)        Robert J. Giuffra, Jr.
Carson H. Sullivan (*admitted pro hac vice*)      Sharon L. Nelles
PAUL HASTINGS LLP                                 Ann-Elizabeth Ostrager
875 15th Street, NW                               Hilary M. Williams
Washington, DC  20005                             Joshua S. Levy
Telephone: (202) 551-1700                         Hannah Lonky
                                                  SULLIVAN & CROMWELL LLP
Patrick W. Shea                                   125 Broad Street
PAUL HASTINGS LLP                                 New York, New York  10004
200 Park Avenue                                   Telephone: (212) 558-4000
New York, New York  10166                         Facsimile: (212) 558-3588
Telephone: (212) 318-6405
                                                  Amanda Flug Davidoff
                                                  Elizabeth A. Cassady
                                                  SULLIVAN & CROMWELL LLP

1700 New York Avenue, N.W., Suite 700
Washington, District of Columbia  20006-5215
Telephone: (202) 956-7500

*Attorneys for Defendants*
*Goldman, Sachs & Co. LLC and*
*The Goldman Sachs Group, Inc.*

```
----------------------------------------------------  x
H. CRISTINA CHEN-OSTER; SHANNA          :
ORLICH; ALLISON GAMBA; and              :
MARY DE LUIS,                           :
                                        :
                            Plaintiffs, :          10 Civ. 6950 (AT) (RWL)
                                        :
              v.                        :          CERTIFICATE OF SERVICE
                                        :
GOLDMAN, SACHS & CO. and THE            :
GOLDMAN SACHS GROUP, INC.,              :
                                        :
                            Defendants. :
----------------------------------------------------  x
```

I hereby certify that on November 4, 2019, I caused to be served a true and correct

copy of the foregoing **Second Amended Initial Disclosures of Defendants Goldman Sachs &**

**Co. LLC and The Goldman Sachs Group, Inc.** on Counsel for Plaintiffs, at the e-mail

addresses designated by said attorneys for that purpose:

Adam T. Klein (atk@outtengolden.com)
Cara E. Greene (ceg@outtengolden.com)
Michael C. Danna (mdanna@outtengolden.com)
Sabine Jean (sjean@outtengolden.com)
Carmelyn P. Malalis (cpm@outtengolden.com)
Christopher McNerney (cmcnerney@outtengolden.com)
Ossai Miazad (om@outtengolden.com)
Melissa L. Stewart (mstewart@outtengolden.com)
Daniel S. Stromberg (*admitted pro hac vice*) (dstromberg@outtengolden.com)
Justin M. Swartz (jms@outtengolden.com)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017

Paul W. Mollica (pmollica@outtengolden.com)
OUTTEN & GOLDEN LLP
161 North Clark Street, Suite 4700
Chicago, Illinois 60601

Kelly M. Dermody (*admitted pro hac vice*) (kdermody@lchb.com)
Anne B. Shaver (*admitted pro hac vice*) (ashaver@lchb.com)
Michael Levin-Gesundheit (*admitted pro hac vice*) (mlevin-gesundheit@lchb.com)

Michelle A. Lamy (*admitted pro hac vice*) (mlamy@lchb.com)
Tiseme G. Zegeye (tzegeye@lchb.com)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339

Rachel Geman (rgeman@lchb.com)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413

Dated: New York, New York
November 4, 2019

/s/ Amanda Flug Davidoff

| | |
|---|---|
| Barbara B. Brown (*admitted pro hac vice*) | Robert J. Giuffra, Jr. |
| Carson H. Sullivan (*admitted pro hac vice*) | Sharon L. Nelles |
| PAUL HASTINGS LLP | Ann-Elizabeth Ostrager |
| 875 15th Street, NW | Hilary M. Williams |
| Washington, DC 20005 | Joshua S. Levy |
| Telephone: (202) 551-1700 | Hannah Lonky |
| | SULLIVAN & CROMWELL LLP |
| Patrick W. Shea | 125 Broad Street |
| PAUL HASTINGS LLP | New York, New York 10004 |
| 200 Park Avenue | Telephone: (212) 558-4000 |
| New York, New York 10166 | Facsimile: (212) 558-3588 |
| Telephone: (212) 318-6405 | |

Amanda Flug Davidoff
Elizabeth A. Cassady
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W. Suite 700
Washington, District of Columbia 20006-5215
Telephone: (202) 956-7500

*Attorneys for Defendants*
*Goldman, Sachs & Co. LLC and*
*The Goldman Sachs Group, Inc.*