# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

---

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

February 27, 2023

Via ECF

The Honorable Analisa Torres,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

      Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
             No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

      On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, I request that the Court permit limited redaction of Plaintiffs' Exhibit 871 and sealing of Plaintiffs' Exhibit 583, which were filed in connection with Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions *in Limine* (ECF No. 1419, "Opposition").  These documents, which consist of unsubstantiated employee complaints, contain (i) information which has previously been redacted or sealed, or information that is similar in kind; and (ii) sensitive personally identifying information such as current and former employee names and employment history.  There is minimal public interest in access to this information, certain of which is inflammatory and prejudicial, as it is being submitted in connection with a non-dispositive motion and is irrelevant to the Phase I issues.  Any interest is far outweighed by the substantial privacy interests of individual current and former employees.  Plaintiffs oppose Defendants' request.

      Exhibit 871 is easily resolved, as it has previously been filed and addressed.  (ECF Nos. 1371, 1372, 1376–10.)  Goldman Sachs proposes refiling Exhibit 871 in conformity with the previously-approved redactions.  The same reasoning employed there and elsewhere in ruling on sealing determinations also warrants sealing Exhibit 583 (and redacting portions of Exhibit 871 to the extent the Court were to reconsider the previously-approved redactions).

      *First*, the proposed material is irrelevant to the Phase I claims and therefore does not implicate the public right of access.  There is no presumed right of access to discovery materials

The Honorable Analisa Torres                                                                                          -2-

where the material at issue is not relevant to any claims in the case.  *Collado* v. *City of New York*, 193 F. Supp. 3d 286, 291–92 (S.D.N.Y. 2016) (Batts, J.) (allowing redaction of document filed in connection with defendants' motion for summary judgment where "the nonpublic information . . . that Defendants seek to file under seal or in redacted form is irrelevant to Defendants' Motion for Summary Judgment"); *see also Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (Castel, J.) (allowing redaction where "the particulars [of the material to be redacted] did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored").  The Second Circuit has held repeatedly that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."  *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).  Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process."  *Id.*  Here, because the material sought to be redacted does not "go to the core" of Plaintiffs' Opposition, the materials are not judicial documents entitled to a presumption of public access.  *See Dependable Sales & Serv.*, 311 F. Supp. at 666.

      *Second*, even if the presumption of access applies, the minimal public interest is outweighed by "balanc[ing] competing considerations against" disclosure.  *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"); *see also Dorsett* v. *Cnty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom.*, *Newsday LLC* v. *Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).

      ***Non-Dispositive Motion.***  "[T]he presumption of public access is lower for materials submitted on a motion *in limine*[.]"  *Hanks* v. *Voya Ret. Ins. & Annuity Co.*, 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021) (Castel, J.); *see also Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("[T]he presumption of public access in filings submitted in connection with . . . motions *in limine* is generally somewhat lower[.]").  Because Exhibits 583 and 871 are being offered in support of Plaintiffs' Opposition to Goldman Sachs's motion *in limine*, the presumption of public interest is weak.

      ***Relevance.***  Exhibits 583 and 871 are irrelevant to the underlying claims being tried at Phase I.  The unsubstantiated, hearsay complaints of purported workplace discrimination are "relevant only as background context" in understanding the parties' competing position on a motion *in limine*.  *Dependable Sales & Serv.*, 311 F. Supp. at 666; *see also Collado*, 193 F. Supp. 3d at 291–92 (granting redaction of documents "irrelevant" to summary judgment motion and "plac[ing] scant weight in the presumption of public access that attaches to [those] documents as judicial documents").

      ***Privacy Interests.***  Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Amodeo II*, 71 F.3d

at 1050–51 (internal quotation marks, citations, and alterations omitted); *see also Mirlis* v. *Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'[T]he privacy interests of innocent third parties . . . establish a 'venerable common law exception to the presumption of access.'") (quoting *Amodeo II*, 71 F.3d at 1050–51). Here, the privacy interests of the third parties identified in the materials listed in Appendix A justify continued protection, which the Court should grant consistent with its prior Orders. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238.).

\* \* \*

The parties and the Court, have already undertaken the sort of balancing at issue here. On October 27, 2021, this Court granted Defendants' requests to redact sensitive personally identifying information in documents publicly filed in connection with Defendants' motion for decertification. (ECF No. 1308.) Similarly, on June 10, 2014, Judge Francis denied Plaintiffs' application to file publicly documents submitted in connection with the class certification briefing. (ECF No. 242.) Plaintiffs later moved to unseal these class certification materials (ECF No. 508), and this Court again denied Plaintiffs' motion, recognizing that "the materials include sensitive content about identifiable non-parties[.]" (June 29, 2017 Order at 1, ECF No. 510.). Consistent with these rulings and the parties' stipulated agreement concerning class certification materials, Plaintiffs filed Plaintiffs' Exhibit 871 with redactions on September 22, 2022. (ECF No. 1376–10.) Such material should be refiled in conformity with the prior submission. *See Falberg on behalf of Goldman Sachs 401(k) Plan* v. *Goldman Sachs Grp.*, 2022 WL 601967, at \*2 (S.D.N.Y. Mar. 1, 2022) (Ramos, J.) (granting motion to file documents under seal that were previously filed under seal).

The same logic applies to Exhibit 583. The summaries of EEOC charges and lawsuits contained there merely aggregate or otherwise discuss unfounded allegations of misconduct against individual former Goldman Sachs employees, which are highly inflammatory and raise significant privacy concerns. *See United States* v. *Silver*, 2016 WL 1572993, at \*6 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) (third parties "have an interest in maintaining the privacy of their alleged sexual relationships, which can constitute embarrassing conduct and . . . are undoubtedly a sensitive subject") (internal quotation marks omitted); *Cohen* v. *Gerson Lehrman Grp.*, 2011 WL 4336679, at \*2 (S.D.N.Y. Sept. 15, 2011) (Castel, J.) (permitting redaction where individuals "are not parties to this litigation and their identities are irrelevant to the motion"); *In re Search of Fair Fin.*, 692 F.3d 424, 432 (6th Cir. 2012) (affirming order sealing search warrants in part because "access to the documents might reveal the names of innocent people who never become involved in an ensuing criminal prosecution, causing them embarrassment or censure").

Even if they were not baseless, such allegations are irrelevant to this action. (*See* Cert. Order at 47, ECF No. 578 (denying certification of disparate treatment claim based on "anecdotal evidence" of Goldman Sachs's "culture"); Order at 3 (ECF No. 888) ("Phase 1 will not include . . . any . . . claims or anecdotes" except "those specifically related to the application of the three processes . . . .").) Accordingly, courts in this Circuit routinely permit such unsubstantiated, sensationalist accusations to remain sealed or redacted. *See Amodeo II*, 71 F.3d at 1052 (approving sealing where "[p]ortions of the Report are hearsay" and "there is a strong possibility that the

The Honorable Analisa Torres                                                                                                              -4-

report will contain material which is untrustworthy or simply incorrect") (internal quotation marks, citation, and alteration omitted); *In re Pishevar*, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020) (Aaron, J.) ("[D]ocuments [that] contain false details . . . fall into the category of documents worth protecting [from public disclosure], namely, 'records used to gratify spite or promote scandal and files that might serve as reservoirs of libelous statements for press consumption.'") (quoting *Amodeo I*, 44 F.3d at 146).

    Moreover, publicly disclosing this material risks violating the privacy rights of those against whom the accusations were lodged, who would be afforded no meaningful opportunity to respond.  *See Amodeo II*, 71 F.3d at 1051 ("[A] court may consider whether the nature of the materials is such that there is a fair opportunity for the subject to respond to any accusations contained therein."); *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 2022 WL 15033005, at *1 (S.D.N.Y. Oct. 25, 2022) (Schofield, J.) (holding that "[f]iling the documents with redactions is necessary to prevent unauthorized dissemination of personal information" on motion *in limine*); *Whittaker* v. *MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (Torres, J.) (permitting redactions to obscure identities of investors because the information "implicate[s] the privacy interests of innocent third parties"); *Valassis Commc'ns, Inc.* v. *News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) (Castel, J.) (granting motion to redact or seal exhibits to a motion *in limine* showing compensation data of individually identifiable employees).

    There is no basis to depart from the Court's Order permitting Exhibit 871 to remain under seal.  (ECF No. 1371.)  By contrast to Exhibit 871, which was initially filed in connection with the class certification briefing and subject to the parties' stipulation, Plaintiffs' Exhibit 583 has never been filed in this case, and has no relevance to Plaintiffs' certified claims.  On the contrary, as detailed in Goldman Sachs's Omnibus Motion *in Limine* (ECF No. 1411), which seeks to exclude the very same information Plaintiffs now seek to publicize, such information concerning unsubstantiated, individualized internal complaints has no bearing on Plaintiffs' certified claims, but is inflammatory and highly prejudicial to Goldman Sachs  (*id.* at 20–24).  Goldman Sachs would be prejudiced if Plaintiffs were permitted to sensationalize the same information Goldman Sachs seeks to exclude merely by opposing Goldman Sachs's motion *in limine*.

    For the foregoing reasons, Defendants respectfully ask the Court to permit continued redaction of Exhibit 871 consistent with the Court's June 9, 2022 Order and to order that Exhibit 583 remain under seal.

                        Respectfully submitted,

                         */s/ Ann-Elizabeth Ostrager*

                         Ann-Elizabeth Ostrager
                         of Sullivan & Cromwell LLP

cc:  All parties of record (by ECF)