**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

March 1, 2023

Kelly M. Dermody
Partner
kdermody@lchb.com

**VIA CM/ECF**

The Honorable Analisa Torres
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10017

      RE:    *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Torres:

      In accordance with Your Honor's Individual Rule IV.A.ii, Plaintiffs submit this letter in response to Goldman Sachs's request to redact Exhibit 871 and to seal Exhibit 583, which were identified in Plaintiffs' opposition to Goldman Sachs's motions *in limine*. ECF No. 1427 (Def. Ltr.). Those Exhibits are charts created and produced by Goldman Sachs that identify, respectively, internal complaints of discrimination and EEOC charges of discrimination. Goldman Sachs's only argument for sealing the Exhibits is that each contains information the parties redacted in prior filings, and specifically, personally identifying information (i.e., names) of individuals who filed complaints (in Exhibit 871) and EEOC charges (in Exhibit 583).

      Plaintiffs do not oppose redaction of personally identifying information in either Exhibit, provided any redactions are consistent with the parties' prior and Court-approved stipulation regarding such redactions. Indeed, the parties have already taken great pains to protect the privacy interests of third parties through that stipulation, and the Court has already approved those efforts. ECF No. 1373 (Sealing Stip.). Goldman Sachs offers no justification to depart from those efforts now, and none exists. Accordingly, the Court should deny Goldman Sachs's request, and order that Exhibits 871 and 583 be filed consistent with that stipulation.[1]

    **I.**    **BACKGROUND**

      On June 10, 2022, the parties stipulated that documents submitted under seal in connection with class certification should be resubmitted without (or with substantially fewer) redactions. Specifically, the parties agreed that these documents should be re-filed with redactions only to "names, personal identifiers, and individual contact information," and with

---

[1] Goldman Sachs does not seek to redact or seal any of the other Exhibits identified in Plaintiffs' opposition—i.e., Exhibits 17, 43, 135, 164, 234, 328, 453, 523, 572, 729, 834, 839, 854, 855, 858—or any of the information currently redacted in Plaintiffs' opposition brief (ECF No. 1419). Accordingly, Plaintiffs will file these Exhibits and their opposition brief without redaction, following the Court's order on Goldman Sachs's request regarding Exhibits 871 and 573.

The Honorable Analisa Torres
March 1, 2023
Page 2

"the names of the subjects of the complaints [] replaced by the corporate title of the subject at the time of the complaint." Sealing Stip. at 2. Pursuant to this stipulation, Goldman Sachs prepared redacted copies of Plaintiffs' class certification materials—including both internal complaints of discrimination and EEOC charges of discrimination—which Plaintiffs then re-filed. *See* ECF No. 1376-10 (chart of internal complaints); ECF No. 1376-52 (chart of EEOC charges).

## II.   ARGUMENT

Goldman Sachs acknowledges that Exhibit 871 was itself previously filed with redactions *only* to personally identifying information, pursuant to the parties' prior stipulation. ECF No. 1376-10. Accordingly, "Goldman Sachs proposes refiling Exhibit 871 in conformity with the previously-approved redactions." Def. Ltr. at 1. Plaintiffs do not oppose this request.[2]

The parties' stipulation should also control any redactions to Exhibit 583. The Exhibit contains information that is similar (and in some cases identical) to information that was already filed in connection with the parties' class certification briefing and was redacted pursuant to the parties' stipulation. *Compare* ECF No. 1376-52 (chart of EEOC charges and lawsuits alleging gender discrimination) with Ex. 583 at GS0641105 (same). Goldman Sachs provides no reason to depart from the parties' stipulation for Exhibit 583. To the contrary, Goldman Sachs's own case authority counsels in favor of following the parties' prior redaction practices again now. *See Falberg v. Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (approving redactions "consistent in kind" with prior orders).

Even if the parties had not already agreed on redactions to documents nearly identical to Exhibit 583, wholesale sealing would not be warranted. Exhibit 583 is a judicial document, which carries a presumption of access "secured by two independent sources: the First Amendment and the common law." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). Once triggered, this presumption "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 167 (2d Cir. 2013). These findings differ under the common law and First Amendment frameworks: "the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Here, Goldman Sachs cannot meet its burden under either framework.

### A.   Exhibit 583 Is a Judicial Document, with a Strong Presumption of Access.

A judicial document is a "filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein*, 814 F.3d at 139 (citation omitted).

---

[2] Though Goldman Sachs suggests, in passing, the redaction of additional "portions of Exhibit 871 to the extent the Court were to reconsider the previously-approved redactions," *id.*, Goldman Sachs does not actually request this relief. Nor could it. The document was publicly filed pursuant to a stipulation, and Goldman Sachs cannot now remove it from the public record.

The Honorable Analisa Torres
March 1, 2023
Page 3

Documents "filed in relation to a motion" are generally considered judicial documents "to which a presumption of immediate public access attaches." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 412 (S.D.N.Y. 2014) (quoting *Lugosch*, 435 F.3d at 120, 126). Though Goldman Sachs claims (falsely) that the presumption is "weak" here because motions *in limine* are non-dispositive, the Second Circuit has specifically held that the presumption for documents "submitted in connection with, and relevant to . . . motions *in limine*" is "still substantial." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019). That substantial presumption applies to Exhibit 583.

Goldman Sachs's failed arguments regarding the Exhibit's relevance do not render it any less a judicial document with a strong presumption of public access. Rather, Goldman Sachs's repeated assertion that the Exhibit is "irrelevant to the Phase I issues" ignores the Court's prior ruling that complaints about the Challenged Practices are *precisely* the sort of anecdotal evidence that will be relevant and admissible at Phase I. *See* ECF No. 888 at 3 (holding that Phase I may include "'boys' club' claims or anecdotes" to the extent they are "related specifically to application of the three processes"). Exhibit 583 is exactly that: a spreadsheet produced by Goldman Sachs of EEOC charges and court complaints, including individuals in Class positions complaining of discrimination in the Challenged Practices. *See* ECF No. 1419 at 24 (quoting from document). Moreover, because it was compiled by Goldman Sachs, the Exhibit is also probative of Goldman Sachs's knowledge regarding disparities in the Challenged Practices, which is one of the ways Plaintiffs can prove disparate treatment. *See* ECF No. 1406 § I.A.2.a.[3]

Accordingly, Exhibit 583 may be sealed only if the Court makes the "rigorous findings" required by either the common law or First Amendment framework. Under either framework, however, only personally identifying information warrants sealing, and Goldman Sachs cannot meet its burden of demonstrating that any further information should be sealed.

### B. The Common Law Right of Public Access Is Substantial, and "Countervailing Factors" Warrant No Sealing Beyond Names.

The first step under the common law framework is to determine the "weight" of the common law presumption. *Bernstein*, 814 F.3d at 142. "[T]he weight . . . must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*").

Here, the weight of the presumption is substantial. As discussed above, Exhibit 583 contains information the Court has already held will be relevant to proving Plaintiffs' disparate treatment claim. The document is therefore accorded a "strong weight" because it will play a role "in determining litigants' substantive rights." *Id*. at 1049. That strong weight is only further amplified because this is a class action, implicating the rights of absent class members. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("In class

---

[3] The same is true of Exhibit 871. Moreover, if Goldman Sachs opens the door to evidence regarding the company's culture for diversity, Exhibits 583 and 871 would also be admissible for the additional purpose of rebutting that evidence. *See* ECF No. 1419 § III(C).

The Honorable Analisa Torres
March 1, 2023
Page 4

actions—where by definition some members of the public are also parties to the case—the standards for denying public access to the record should be applied with particular strictness.").

After determining the weight of the presumption of access—which is high, here—the Court may balance "the value of public disclosure and 'countervailing factors' such as '(i) the danger of impairing law enforcement or judicial efficiency and (ii) the privacy interests of those resisting disclosure.'" *Bernstein*, 814 F.3d at 143 (quoting *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) ("*Amodeo I*")). Here, a balancing produces no compelling reason to seal anything other than names—consistent with the parties' prior stipulation. *Amodeo II*, 71 F.3d at 1050. Indeed, Goldman Sachs acknowledges that "[t]he parties and the Court have already undertaken the sort of balancing at issue here," which is reflected in the stipulation. Def. Ltr. at 3. Goldman Sachs does not—and cannot—advocate a different balancing now.

### C. "Higher Values" Do Not Overcome the Public's and Press's First Amendment Right to Access Exhibit 583.

The Second Circuit has "articulated two different approaches for determining whether 'the public and the press should receive First Amendment protection in their attempts to access certain judicial documents.'" *Bernstein*, 814 F.3d at 141 (citation omitted). The first approach considers "experience and logic," and asks "whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* (citation omitted).

First Amendment rights attach to Exhibit 583 under the first approach.[4] As discussed above, Exhibit 583 is a judicial document for which courts undertaking this approach "have generally invoked the common law right of access . . . in support of finding a history of openness." *Lugosch*, 435 F.3d at 120. Where, as here, a First Amendment right is established, "the proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Bernstein*, 814 at 144 (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). And while the privacy of individuals in Exhibit 583 constitutes a "higher value" that deserves safeguarding, the parties have already agreed upon narrowly tailored redactions that will protect and preserve that higher value without impeding upon the press's and public's (and absent class members') rights to access the Exhibit. No further redactions are warranted or permissible under the First Amendment.

### III.   CONCLUSION

Goldman Sachs's prior agreement to redact only names from internal complaints and EEOC charges reflects the strong public right of access to those documents in this litigation. Consistent with that prior agreement, and for the reasons set forth above, Plaintiffs submit that Exhibits 871 and 583 should be filed with redactions only to employee names and personally identifying information, as provided by the parties' prior stipulation regarding such documents.

---

[4] The second approach considers "the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings." *Bernstein*, 814 F.3d at 141 (citation omitted). Neither party advances that approach here.

The Honorable Analisa Torres
March 1, 2023
Page 5

                              Respectfully submitted,

Kelly M. Dermody                            Adam T. Klein

cc: all counsel (via ECF)

2755670.1