SULLIVAN & CROMWELL LLP 

March 1, 2023

<u>Via ECF</u>

The Honorable Analisa Torres
  The Honorable Robert W. Lehrburger,
    United States District Court for the
      Southern District of New York,
        500 Pearl Street,
          New York, New York 10007-1312

    Re: *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
       <u>No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)</u>

Dear Judge Torres and Judge Lehrburger:

  On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, we request that the Court permit limited redactions of Exhibit C hereto, which is being filed in connection with Defendants' March 1, 2023 response to Plaintiffs' February 24, 2023 letter ("Letter") (ECF No. 1425), specifically sensitive personally identifying information of a non-public facing current employee.[1]  Exhibit C is an exemplar of the worker profile information forms that Goldman Sachs has produced to Plaintiffs.  Exhibit C mirrors what has been produced to Plaintiffs except Goldman Sachs, through this filing, requests to redact the employee's name and email address (which uses the employee's name).  Redacting the employee's name and email address protects the substantial privacy interests of this individual and the public interest would not be served by disclosure of this information.  The parties conferred on March 1, 2023, and Plaintiffs have not consented to Defendants' request to file the materials with limited redactions.

  The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United*

---

[1] Both Judge Torres and Judge Lehrburger have previously held many times that sensitive personally identifying information should be redacted in public filings. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238, 1255, 1266.)

*States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* Because the underlying material sought to be redacted in Exhibit C does not "go to the core" of the Letter, the materials are not judicial documents entitled to a presumption of public access. *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (granting redaction where "the particulars [of the material to be redacted] did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored").

To the extent the presumption of access does apply here, it would be weak because the name and email that Defendants seek to redact have, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights. *See Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines.") (internal quotation marks omitted), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom.*, *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). Any such weak presumption of access would be outweighed by "balanc[ing] competing considerations against" disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"). Courts in this district regularly note that "[w]hen dealing with non-dispositive motions . . . the presumption of public access is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *1 (S.D.N.Y. Dec. 19, 2022) (Torres, J.) (holding that "privacy interests justify the redaction of" "experts' personal and financial information and the names of the non-party and its representatives"). Where "the presumption of public access is low," even a "limited privacy interest . . . slightly outweighs the presumption of public access." *Dependable Sales & Serv.*, 311 F. Supp. 3d at 666–67.

Here, certain sensitive personally identifying information of a non-public facing current employee in an exhibit to Defendants' response letter should be withheld. Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050 (internal quotation marks and alterations omitted); *see Ripple Labs, Inc.*, 2022 WL 17751466, at *4 (concluding that "the strong privacy interests of those resisting disclosure outweigh the presumption of public access"); *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("'[T]he privacy interests of innocent third parties' . . . establish a 'venerable common law exception to the presumption of access'") (quoting *Amodeo II*, 71 F.3d at 1050–51); *Silver*, 2016 WL 1572993, at *7 ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."). Here, the privacy interests of the individual identified in these

materials justify redaction, which the Court should grant consistent with its prior Orders. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238, 1255, 1266.)

For the foregoing reasons, Defendants respectfully ask the Court to permit redaction of the name and email address in Exhibit C.

Respectfully submitted,

*/s/ Robert J. Giuffra, Jr.*                              */s/ Lynne C. Hermle*

Robert J. Giuffra, Jr.                                         Lynne C. Hermle
Sullivan & Cromwell LLP                              Orrick, Herrington & Sutcliffe LLP

cc:   All parties of record (by ECF)