```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis,

                              Plaintiffs,

                  -against-

Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc.,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2023
```

10 Civ. 6950 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed the parties' letters dated February 24, and March 1 and 2, 2023. ECF Nos. 1425, 1429–32; *see also* ECF No. 1426. Plaintiffs "request a pre-motion conference to resolve an outstanding dispute" concerning "a motion *in limine* pending before [the undersigned] and . . . other pretrial preparation" and "move for an [o]rder":

> (1) "requiring, within seven days," that Defendants Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs" or "Defendants") (a) "honor [their] prior agreement to provide prompt deposition dates for the [thirty-three] of [Defendants'] [forty-six] named trial witnesses who were never previously deposed" and (b) that Defendants "produce those witnesses' personnel documentation and, if they served in class positions, employee ID numbers";
>
> (2) "removing [eight] individuals from [Defendants'] list of trial witnesses because [Defendants] never disclosed [those witnesses] as required under [Federal] Rule [of Civil Procedure] 26"; and
>
> (3) "expediting resolution o[f] Plaintiffs' [m]otion *in* [*l*]*imine* No. 1" ("MIL No. 1").

ECF No. 1425 at 1–2. Defendants state that "Plaintiffs' request for a schedule of depositions . . . is now moot" because they "ha[ve] provided dates . . . for all of the [thirty-three] witnesses at issue and [they] ha[ve] produced basic personnel information of the type typically found in a personnel file, such as prior work experience, educational background, tenure[,] and scope of job functions and responsibilities at Goldman Sachs." ECF No. 1430 at 2. Defendants oppose the remainder of Plaintiffs' requests. *Id.* at 2–5.

       First, Plaintiffs' request that Defendants provide deposition dates for thirty-three of their forty-six named trial witnesses who were never previously deposed is DENIED as moot, and Plaintiffs' request for those witnesses' personnel documentation and, if applicable, employee ID numbers, is DENIED. Plaintiffs argue that Defendants should produce "the witnesses' personnel

files" and "employee ID numbers for individuals who have served in class positions" because Plaintiffs "are entitled to complete, unfiltered information about each witness's employment at Goldman Sachs." ECF No. 1425 at 3 (emphasis omitted). Plaintiffs contend that this request is "not burdensome" because "[Defendants] ha[ve] previously produced such information for the named Plaintiffs, for class members who submitted declarations at class certification . . . , and [thirty-two] comparators to the named Plaintiffs." *Id.* at 2–3 (citing ECF No. 753 at 6). Defendants have provided Plaintiffs with "basic personnel information," and argue that the Court "should reject Plaintiffs' request for irrelevant and confidential personnel documents that goes beyond any 'personnel file,'" such as "evaluation, compensation, and promotion details, as well as complaint and disciplinary files." ECF No. 1430 at 2. Defendants contend that Plaintiffs misread the Honorable Robert W. Lehrburger's June 7, 2019 discovery order, ECF No. 753, which "only required Goldman Sachs to produce such highly confidential files for the [n]amed Plaintiffs and the [thirty-two] named comparators they chose," and are "using the depositions as an opportunity for full-blown discovery into these witnesses." *Id.* at 3 (emphasis omitted). Plaintiffs' reliance on Judge Lehrburger's order to argue for further discovery is misplaced. Discovery in this action has closed.

Second, Plaintiffs' motion to strike eight individuals[1] from Defendants' trial witness list pursuant to Rule 37(c)(1) is GRANTED. Plaintiffs argue that Defendants violated their discovery obligations under Rule 26(a) and (e) by failing to identify the eight individuals. *See* ECF No. 1425 at 4. Defendants contend that the eight individuals, who are former Goldman Sachs "[a]ssociate[s] or [v]ice [p]resident[s] in one of the three relevant [d]ivisions" in this action, "fall into at least one category described in [Defendants'] initial disclosures." ECF No. 1430 at 4–5. Rule 26(a) requires more. Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring that a party provide, for instance, "the name and, if known, the address and telephone number of each individual likely to have discoverable information"). Based on the parties' letters and filings, Defendants did not identify the eight individuals at issue pursuant to Rule 26 until the parties exchanged their trial witness lists in early 2023. *See* ECF No. 1425 at 4; *see also* ECF No. 1430 at 5 n.5. Fact discovery in this action closed on November 20, 2020. ECF No. 1050. Defendants, therefore, failed to identify these individuals until over two years after the close of fact discovery.

"In such situations, Rule 37 provides that the offending party 'is not allowed to use' the witnesses at issue at trial, 'unless the failure was substantially justified or harmless.'" *Downey v. Adloox Inc.*, No. 16 Civ. 1689, 2018 WL 794592, at *1 (S.D.N.Y. Feb. 8, 2018) (citing Fed. R. Civ. P. 37(c)(1)); *see also Codename Enters., Inc. v. Fremantlemedia N.A., Inc.*, No. 16 Civ. 1267, 2018 WL 3407709, at *2 (S.D.N.Y. Jan. 12, 2018). Rule 37 "is intended to prevent the practice of 'sandbagging' an opposing party with new evidence." *Codename Enters., Inc.*, 2018 WL 3407709, at *2 (citation and quotation marks omitted). A district court has "wide discretion in deciding whether to impose sanctions and, if it does, what sanctions to impose." *Downey*, 2018 WL 794592, at *1 (citation and quotation marks omitted). The Court must weigh four factors when considering whether to preclude evidence: (1) "the party's explanation for the failure to comply with the disclosure requirement"; (2) "the importance of the new evidence";

---

[1] The eight witnesses are: (1) Jacqueline Arthur; (2) Anne-Victoire Auriault; (3) Vivek Bantwal; (4) Stephanie Rader; (5) Akila Raman; (6) Jennifer Roth; (7) Pamela Ryan; and (8) Laurence Stein. ECF No. 1425 at 4; *see also* ECF No. 1425-1.

(3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence"; and (4) "the possibility of a continuance." *Id.* (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alterations omitted)).

The Court concludes that preclusion of the eight witnesses at issue is appropriate. Defendants do not provide an adequate explanation justifying their failure to comply with the disclosure requirement. Defendants attempt to do so by referring to a stipulation entered into by the parties on September 24, 2019, ECF No. 859 (the "2019 Stipulation"). ECF No. 1430 at 4. Defendants state that "these depositions are precisely what the parties anticipated, and the Court approved." *Id.* (emphasis omitted). The 2019 Stipulation states, "pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure . . . The [p]arties shall have the right to depose any witnesses designated by the opposing [p]arty to testify at trial who has not previously [been] deposed in this [a]ction." ECF No. 859 at 1. The Court does not read the 2019 Stipulation to suspend the requirements of Rule 26. And, as far as the Court is aware, depositions of the other individuals on Defendants' trial witness list who have not been deposed are currently underway. Defendants also argue that, even without the 2019 Stipulation, their failure to disclose is harmless because the "depositions are 'still feasible' . . . and are now scheduled." ECF No. 1430 at 4 (citing ECF No. 1425). Further, Defendants contend that "it is unnecessary even to reach the Rule 37 remedy as all eight individuals fall into at least one category described in Goldman Sachs's initial disclosures." *Id.* The Court disagrees, and finds that the first factor weighs in favor of preclusion. Next, the Court determines that Defendants have not demonstrated the importance of these witnesses' testimony, or whether Defendants are unable to obtain the same testimony from witnesses who have been properly disclosed.[2] Indeed, Defendants' proposed trial witness list identifies several other witnesses with substantially similar anticipated testimony. ECF No. 1409 at 14–18. The second factor, therefore, also weighs in favor of preclusion. The third factor is neutral—although Plaintiffs argue that "[Defendants] deprived Plaintiffs of a fair opportunity to develop the record regarding these eight individuals during discovery," Plaintiffs state that the depositions are "still feasible." ECF No. 1425 at 2, 5. The fourth factor weighs in favor of preclusion. The case has been pending since 2010, discovery in this action has long closed, and trial is set for June 7, 2023. In short, the *Patterson* factors weigh in favor of preclusion here. *Downey*, 2018 WL 794592, at *2.

Third, Plaintiffs' request that the Court expedite its resolution of MIL No. 1 is DENIED. The Court shall issue a decision on the parties' motions *in limine* in due course.

In addition, Defendants request "that the Court permit limited redactions" of exhibit C to their response dated March 1, 2023, to Plaintiffs' February 24, 2023 letter request, ECF Nos. 1430-3, 1431-3 ("Exhibit C"). ECF No. 1429. Specifically, Defendants request that the Court permit redactions of the "name and email address" of "a non-public facing current employee." ECF No. 1429 at 1. Plaintiffs do not oppose Defendants' request on those grounds, but point out that "Exhibit C actually contains many more redactions" than only redacting the employee's name and email address. ECF No. 1432. The Court finds that Defendants have met their burden to demonstrate that the interests in redacting the name and email address of the non-public facing current employee in Exhibit C outweigh the presumption of public access under *Lugosch v.*

---

[2] This determination does not constitute a decision on any of the parties' pending motions *in limine*. The Court shall address the parties' motions *in limine* in a separate order.

*Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).  However, Defendants have failed to justify the additional redactions made in Exhibit C.  Accordingly, Defendants' request that the Court permit redactions of the name and email address of the non-public facing current employee is GRANTED.  By **March 24, 2023**, Defendants (1) shall file a revised Exhibit C on the public docket with the redactions permitted by this order or (2) may provide a detailed explanation justifying the additional redactions made in Exhibit C, ECF Nos. 1430-3, 1431-3.

The Clerk of Court is directed to terminate the motion at ECF No. 1429 and amend the caption on this Court's docket to conform to the caption on this order.

SO ORDERED.

Dated: March 14, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge