**SULLIVAN & CROMWELL LLP**



March 22, 2023

Via ECF

The Honorable Analisa Torres,
  United States District Court for the
    Southern District of New York,
      500 Pearl Street,
        New York, New York 10007-1312

      Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
             No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

    On behalf of Goldman Sachs, we write to respond to Plaintiffs' March 20, 2023 letter ("Ltr." or "Letter") (ECF No. 1436) (1) opposing Goldman Sachs's motion to strike Gwen Libstag and Patrick Street from Plaintiffs' trial witness list, and (2) belatedly seeking to strike an additional eight witnesses from Goldman Sachs's trial witness list.

    Plaintiffs' opposition confirms that Mr. Street and Ms. Libstag "were not disclosed" (Ltr. at 3), and that those witnesses should be precluded pursuant to the Court's March 14, 2023 Order (ECF No. 1433). Further, Plaintiffs' request to strike an additional eight of Goldman Sachs's witnesses—seven of whom are women from the three Divisions at issue in this case—is a clear attempt to end-run the Court's March 14 Order denying their request for an expedited ruling on Plaintiffs' Motion *in Limine* that sought to exclude those very same witnesses ("MIL No. 1"). (*Id.* at 3; *see* Ltr. at 1 n.1 (conceding that "Plaintiffs had held off on moving to strike these additional eight witnesses in light of their request to expedite a ruling on Plaintiffs' [MIL No. 1]").) Plaintiffs' request should be rejected.

    **I.   The Court Should Strike Plaintiffs' Two Undisclosed Witnesses.**

    Plaintiffs concede that Mr. Street "w[as] not disclosed" on their Rule 26 disclosures, and offer no justification for their failure to do so. Consistent with the Court's March 14 Order, Mr. Street must therefore be stricken. Plaintiffs' only response is to tie Mr. Street's fate to that of the eight Goldman Sachs witnesses now at issue. (Ltr. at 3 ("If the Court is inclined to strike Goldman Sachs' witnesses because they were not disclosed, Plaintiffs agree that Mr. Street should also be stricken.").) But, unlike Mr. Street, all of Goldman Sachs's witnesses were identified in its Rule 26 disclosures, as addressed below. Mr. Street was not.[1] Moreover, Plaintiffs offer no explanation of his relevance to this case.

---

[1]    Plaintiffs cannot seriously argue that Mr. Street is a proper witness because he falls into one of the catch-all categories of potential witnesses included in their Rule 26 disclosures: "(1) any

Hon. Analisa Torres
Page 2

With respect to Ms. Libstag, Plaintiffs argue that their non-disclosure should be excused because she "provides relevant, non-duplicative testimony, and there was good cause for her non-inclusion on Plaintiffs' disclosures." (*Id.* at 3.) Plaintiffs are wrong for at least four reasons.

*First*, Plaintiffs are wrong that Ms. Libstag has "relevant, non-duplicative testimony" concerning "leadership's response to gender discrimination." (*Id.* at 3.) Plaintiffs' witness list provides the same description of the anticipated testimony of *seven* other witnesses, including members of the Management Committee and former heads of Human Capital Management. (ECF No. 1409 at 11–13.) Ms. Libstag's testimony is no less duplicative because she presented to a "2015 meeting of the Goldman Sachs Board of Directors," which three other Plaintiffs' witnesses—Edith Cooper, Gary Cohn, and Lloyd Blankfein—also attended.

*Second*, Plaintiffs' claim that Ms. Libstag possesses "relevant, non-duplicative evidence of Goldman Sachs's amicus [*sic*] toward women and specifically the state of mind of its CEO" because she attended the 2015 Board of Directors meeting makes no sense. (Ltr. at 3.) Even if Ms. Libstag's attendance at that meeting could provide insight into the "state of mind" of Mr. Blankfein, Plaintiffs' witness list includes two witnesses, in addition to Mr. Blankfein, who attended the same meeting.

*Third*, Plaintiffs wrongly claim that Ms. Libstag's testimony is "relevant" because she "is currently a member of Goldman Sachs's Management Committee." (*Id.* at 3.) Even if that were accurate—Ms. Libstag's tenure concluded on January 4, 2022—Plaintiffs' claim that they require the testimony of a current Management Committee member is contradicted by their motion (addressed below) to exclude Elizabeth Hammack. (Ltr. at 2.) The prior motion to strike current Management Committee members Jacqueline Arthur and Laurence Stein similarly undercuts Plaintiffs' position. (Mar. 14 Order at 3 (striking Jacqueline Arthur and Laurence Stein).)

*Lastly*, Plaintiffs' claim that they became aware of Ms. Libstag's potential relevance only during Mr. Blankfein's deposition (four days before the close of merits discovery) is belied by the record. Ms. Libstag was previously identified during merits discovery as a co-chair and member of various diversity committees, including the Global Leadership and Diversity Committee ("GLD"), Firmwide Diversity Committee ("FDC"), and Americas Diversity Committee ("ADC"). (*See* Defs.' R&Os to Pls.' Sixth Set of Rogs. at 10–11 (identifying Ms. Libstag as a member of the GLD in 2018 and leader of the ADC in 2012, 2013, 2014, 2015, and 2016); Defs.' R&Os to Pls.' Ninth Set of Rogs. at 4 (identifying Ms. Libstag as a member of the FDC in 2007, 2008, 2009).) Goldman Sachs also produced the minutes of the 2015 Board of Directors meeting cited in Plaintiffs' Letter on March 23, 2020. Plaintiffs never attempted to depose Ms. Libstag, even though they could have deposed up to eight additional witnesses during merits discovery in 2020. (*See* Apr. 2, 2020 Order (ECF No. 987) at 1.) Accordingly, Ms. Libstag, like Mr. Street, should be stricken from Plaintiffs' witness list.

---

individuals who submit declarations or testimony on behalf of Defendants or Plaintiffs in relation to any motion for decertification or summary judgment"; "(2) any individuals deposed by Defendants or Plaintiffs"; and "(3) any individuals identified by Defendants as possibly having information relevant to this litigation, and any person who may have information rebutting such information." (Nov. 20, 2020 Pls.' Second Am. Discl. (ECF No. 1430-5) at 18.) If these categories are sufficient to identify a witness for purposes of Rule 26, then the eight witnesses the Court struck in the March 14 Order should be revisited.

Hon. Analisa Torres
Page 3

II. **The Court Should Reject Plaintiffs' Request to Strike Eight Properly Disclosed Witnesses from Goldman Sachs's Witness List.**

Goldman Sachs's Rule 26 disclosures identified "[a]ny individuals who have submitted declarations or testimony on behalf of Goldman Sachs in connection with class certification or other briefing in this case." (Defs.' Second Am. Discl. (ECF No. 1430-4) at 2, 21 ¶ 69.) Contrary to Plaintiffs' approach to their own Rule 26 disclosures, and their position in their February 24, 2023 letter to the Court that Goldman Sachs's witnesses should be stricken because they "d[id] not reasonably fit into any of the broad categories" in its Rule 26 disclosures (ECF No. 1425 at 4), Plaintiffs now seek to strike an additional eight witnesses who were clearly and unmistakably disclosed by category.[2] (Ltr. at 1.) Plaintiffs stretch their argument, however, with a clear goal in mind: to deny Goldman Sachs its opportunity to present an effective defense by precluding women and current business managers from testifying. Their request should be denied.

*First*, Plaintiffs' request rests on the flawed premise that a witness must be identified by name. (*Id.* at 1.) *See Chen-Oster* v. *Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 129 (S.D.N.Y. 2015) (Francis, J.) ("In a case such as this . . . it would hardly further the purpose of [Rule 26] if counsel were to produce a roster of the entire firm as part of its initial disclosure"). Goldman Sachs identified each of the witnesses at issue by category, and Plaintiffs do not claim (nor could they) that they were unaware of the identities of these witnesses—some of whom submitted up to three declarations in this case between 2014 and 2021. The discrete category of prior declarants, who by definition are already witnesses in this case and whose identities are easily ascertainable, was sufficient to put Plaintiffs on notice of who Goldman Sachs's trial witnesses might be. Plaintiffs' request should be denied for this reason alone. In any event, Goldman Sachs's good faith effort to disclose these witnesses bears on the first factor of the four-factor balancing test described in the Court's March 14 Order.

*Second*, Plaintiffs' letter is a clear attempt to evade the Court's March 14 Order and force an expedited ruling on MIL No. 1 to exclude evidence and testimony they have deemed to be irrelevant or cumulative. Now that the Court has denied their motion, Plaintiffs instead have filed *seriatim* requests to whittle down Goldman Sachs's witness list, focusing on precluding the testimony of current female employees in Goldman Sachs's revenue Divisions who are important to Goldman Sachs's defense.[3] As Goldman Sachs argued in its opposition to Plaintiffs' request for expedited ruling on MIL No. 1, the parties' motions *in limine* raise inter-connected issues about the conduct and scope of trial, and thus should be decided together. For example, as set out in Goldman Sachs's Opposition to Plaintiffs' Motions *in Limine*, Goldman Sachs is entitled to show that 360 reviews, manager quartiling, and the promotion process did not cause any disparities through "[e]vidence that the processes operated differently across business units, and that

---

[2]   Four of the eight witnesses Plaintiffs seek to strike also opted out of the class and thus fall into the Rule 26 category of "[a]ny individuals who have opted out of the class action." (Defs.' Second Am. Discl. at 2, 20 ¶ 68.) This is an additional reason not to preclude these four witnesses, for the same reasons that apply to the category of declarants.

[3]   Seven of the eight witnesses Plaintiffs move to strike are female current employees who are managers in the class-relevant Divisions. ***If the Court were to grant Plaintiffs' request, Goldman Sachs's witness list would include eight women, only two of whom (Jacqueline Cassidy and Susan Jane Scher) are currently managers within Goldman Sachs's revenue-generating Divisions.*** This is no coincidence but a tactic to hamper Goldman Sachs's ability to put on its defense.

Hon. Analisa Torres
Page 4

individuals applying the processes exercised discretion using unique considerations and priorities is critical to the parties' dispute about causation." (ECF No. 1418 at 6.) Further, Goldman Sachs "is entitled to put forward testimony appropriately tailored to reflect the different criteria and weighting that managers applied to the three Evaluation Processes in a case involving three Divisions, 1,400 class members, and a nearly 20-year class period." (*Id.* at 9.) Here, the witnesses Plaintiffs seek to preclude worked in different roles in different parts of Goldman Sachs's business at different times during the class period. Thus, their importance—the second factor—weighs against preclusion pending the outcome of the parties' motions *in limine*.

*Third*, Plaintiffs would not be prejudiced if their request were denied. Plaintiffs have been on notice of the identities of four of Goldman Sachs's witnesses since 2014 when they submitted declarations in opposition to class certification. (*See* ECF Nos. 266 (Susan Benz), 267 (Jean-Marie Bohm), 276 (Celeste Guth), 282 (James McNamara).) Likewise, Plaintiffs have been aware of the remaining four witnesses since 2019 because each of those witnesses were opt-outs, in addition to their submitting declarations in support of Goldman Sachs's motion for decertification in 2021. (*See* ECF Nos. 1207 (Elizabeth Hammack), 1208 (Geraldine Keefe), 1209 (Jennifer Kopylov), 1213 (Meena Lakdawala-Flynn).) Plaintiffs' claim that they are somehow "prejudiced" defies logic. Each of these witnesses submitted between one and three lengthy and detailed declarations in connection with class certification, decertification, and other briefing; and the topics of those declarations *directly relate* to the testimony Goldman Sachs seeks to elicit from them at trial.[4] In other words, Plaintiffs have long known the identities of these witnesses, as well as the subject of their trial testimony. The third factor thus weighs against preclusion.

*Lastly*, although there is no "possibility of a continuance" here, the fourth factor still weighs against preclusion because a continuance is not necessary. As the Court emphasized in its March 14 Order (quoting Plaintiffs' motion), "depositions are 'still feasible'" (Mar. 14 Order at 3). Indeed, depositions were set to begin with Mr. McNamara on March 21, 2023, until Plaintiffs unilaterally cancelled one day earlier. As long as Plaintiffs do not cancel the depositions of the remaining seven witnesses, they will have no need for a continuance.

Accordingly, the Court should deny Plaintiffs' request to strike eight additional witnesses from Goldman Sachs's trial witness list.

Respectfully submitted,

| */s/ Robert J. Giuffra, Jr.* | */s/ Lynne C. Hermle* |
|---|---|
| Robert J. Giuffra, Jr. | Lynne C. Hermle |
| Sullivan & Cromwell LLP | Orrick, Herrington & Sutcliffe LLP |

cc:  All parties of record (by ECF)

---

[4]  Plaintiffs also claim that they were unaware of these witnesses' relevance to the case generally because their testimony was "relevant to *class certification*" (Ltr. at 2 (emphasis in original).) This contention can be easily discarded. One, relevance to certification questions does not mean irrelevance to other issues. Two, Goldman Sachs expressly identified as potential witnesses *for all purposes* "[a]ny individuals who have submitted declarations or testimony on behalf of Goldman Sachs in connection with *class certification or other briefing* in this case." (Defs.' Second Am. Discl. at 2, 21 ¶ 69 (emphasis added).)