# SULLIVAN & CROMWELL LLP



March 24, 2023

Via ECF

The Honorable Analisa Torres,
   United States District Court for the
      Southern District of New York,
         500 Pearl Street,
           New York, New York 10007-1312.

        Re:   *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
              No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

      On behalf of Goldman Sachs, and in accordance with the Court's March 14, 2023 Order (ECF No. 1433), we write to "provide a detailed explanation justifying" the redactions to Exhibit C to Goldman Sachs's March 1, 2023 letter (ECF No. 1430-3 ("Exhibit C")), other than the redactions to the employee's name and email address, which the Court has already approved.

      As described in Goldman Sachs's March 1, 2023 letter (ECF No. 1429), Exhibit C is an exemplar of the worker profiles Goldman Sachs produced to Plaintiffs for each of the witnesses on its February 1, 2023 trial witness list who are subject to deposition pursuant to the parties' September 24, 2019 stipulation. The redactions now at issue were made before Goldman Sachs produced the documents to Plaintiffs to protect sensitive and irrelevant personal information of employees from disclosure outside of Goldman Sachs—not for the Court filing. The unredacted information has never been before the Court, subject to discovery, or in Plaintiffs' hands, and thus there is no basis to file it publicly. In any event, if the Court considers these redactions from scratch, it should approve them. The redactions in Exhibit C (aside from those already approved) cover sensitive personal information of a "non-public facing current employee" that the Court recently ruled "outweigh[s] the presumption of public access." (Mar. 14 Order at 3.)

      As a threshold matter, the additional redactions to Exhibit C protect the same type of sensitive personal information that the Court has repeatedly held justify redaction in public filings. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238, 1255, 1266, 1433.) Specifically, the redacted information in Exhibit C consists of the employee's (i) contact information (including phone numbers and physical addresses), (ii) date and location of birth, (iii) marital status, (iv) demographic information, (v) unique identifiers used by Goldman Sachs to identify its employees, (vi) citizenship status, (vii) dependent and emergency contact information (which concerns additional non-parties who have no connection to this case), (viii) leave of absence history (including the reasons for those leaves of absence), (ix) vacation balance, (x) notice period entitlement for voluntary termination, and (xi) benefits information. This

Hon. Analisa Torres
March 24, 2023
Page 2

information implicates the substantial privacy concerns of a "non-public facing current employee," and thus should remain under seal, consistent with the Court's prior orders.

In any case, the redactions contained in Exhibit C do not implicate the public right of access because they are not relevant to the Court's ruling on Plaintiffs' February 24, 2023 letter motion ("Letter Motion") (ECF No. 1425). Indeed, they could not have been relevant, because Goldman Sachs filed Exhibit C with the same redactions contained in the version produced to Plaintiffs (other than the employee's name and email address). The Second Circuit has held repeatedly that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). Rather, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* "The locus of the inquiry is, in essence, whether the document 'is presented to the court to invoke its [Article III] powers or affect its decisions.'" *Bernstein* v. *Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*")). Here, the version of Exhibit C the Court reviewed was an exemplar of the worker profiles produced in connection with the parties' upcoming depositions. Because the redacted information was not considered by the Court and goes beyond the scope of Goldman Sachs's proposal for deposition-related discovery, it does not "go to the core" of Plaintiffs' Letter Motion and is not a judicial document entitled to the presumption of public access. *Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (Castel, J.) (allowing redaction where "the particulars [of the material to be redacted] did not go to the core of the judicial function, and the proposed redactions are limited and narrowly tailored").

To the extent the presumption of public access applies, it would be weak because the redacted information has, at best, a tenuous connection to the adjudication of Plaintiffs' substantive rights and is substantially outweighed by the privacy interests of a non-party. *See Dorsett* v. *Cnty. of Nassau*, 762 F. Supp. 2d 500, 518 (E.D.N.Y. 2011) (Tomlinson, J.) ("[T]he presumption in favor of public access to judicial documents will be given the strongest weight possible where the documents played a role in determining the litigants' substantive rights, and, as the documents['] role becomes more attenuated from the exercise of Article III judicial power, the weight of the presumption declines."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011) (Spatt, J.), *aff'd sub nom.*, *Newsday LLC* v. *Cnty. of Nassau*, 730 F.3d 156 (2d Cir. 2013). The redacted information consists of sensitive personal details about a non-party employee, such as marital status, demographic information, and citizenship status, none of which has any conceivable relevance to Plaintiffs' classwide disparate impact and disparate treatment claims. In addition, courts in this district regularly emphasize that "[w]hen dealing with non-dispositive motions," such as Plaintiffs' Letter Motion, "the presumption of public access is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *See SEC* v. *Ripple Labs, Inc.*, 2022 WL 17751466, at *1 (S.D.N.Y. Dec. 19, 2022) (Torres, J.) (internal quotations and citation omitted) (holding that "privacy interests justify the redaction" of "experts' personal and financial information and the names of the non-party and its representatives"); *see also Brown* v. *Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to . . . dispositive motions[.]"). Where, as here, "the presumption of public access is low," even a

Hon. Analisa Torres
March 24, 2023
Page 3

"limited privacy interest . . . slightly outweighs the presumption of public access[.]" *Dependable Sales & Serv.*, *Inc.*, 311 F. Supp. 3d at 666-67.

      The sensitive personal information contained in Exhibit C, such as the employee's contact information, demographic information, and leave of absence history, should remain redacted. Under Second Circuit precedent, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation" and establish "a venerable common law exception to the presumption of access." *Amodeo II*, 71 F.3d at 1050-51 (internal quotation marks and alterations omitted); *see Ripple Labs, Inc.*, 2022 WL 17751466, at *4 (concluding that "the strong privacy interests of those resisting disclosure outweigh the presumption of public access"); *United States* v. *Silver*, 2016 WL 1572993, at *7 (S.D.N.Y. Apr. 14, 2016) (Caproni, J.) ("[P]rivacy interests . . . warrant redactions to protect [individuals'] identities."). Here, the sensitive and personal nature of the information concerning a non-party and that employee's family members warrants redaction, which the Court should permit consistent with its prior orders. (*See, e.g.*, ECF Nos. 681, 747, 770, 890, 933, 1078, 1092, 1156, 1238, 1255, 1266, 1433.)

      The additional redactions to Exhibit C are the same as those contained in the version produced to Plaintiffs, and protect sensitive and personal information about a non-party that has no relevance to this case, much less Plaintiffs' Letter Motion. Thus, Goldman Sachs respectfully requests to maintain those redactions for the same reason the Court already permitted the redaction of the employee's name and email address.

      Respectfully submitted,

| | |
|---|---|
| */s/ Robert J. Giuffra, Jr.* | */s/ Lynne C. Hermle* |
| Robert J. Giuffra, Jr. | Lynne C. Hermle |
| Sullivan & Cromwell LLP | Orrick, Herrington & Sutcliffe LLP |

cc:    All parties of record (by ECF)