# SULLIVAN & CROMWELL LLP



May 8, 2023

Via ECF

The Honorable Analisa Torres,
    United States District Court for the
        Southern District of New York,
            500 Pearl Street,
                New York, New York  10007-1312.

    Re: *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
       No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Torres:

  On behalf of Defendants, and in accordance with Rule IV.A.ii of Your Honor's Individual Practices in Civil Cases, we request that the Court permit sealing of (1) the parties' confidential supplemental agreement (the "Supplemental Agreement"; ECF No. 1443) which provides Defendants with the right to withdraw from the settlement if a certain number of individuals opt out of the settlement class—a so-called "blow provision"; and (2) a letter to the Court disclosing certain terms of the agreements-in-principle reached between Defendants and each of the Settlement Class Representatives ("Named Plaintiffs") to settle non-class claims (the "Individual Settlement Agreements Letter"; ECF No. 1444).  Plaintiffs join Defendants' request.

  As a threshold matter, there is no presumed right of access to blow provisions in a class settlement or to the terms of individual settlement agreements in the class action context. The Second Circuit has held repeatedly that "'the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States* v. *Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).  Rather, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.*; *see also United States* v. *Kravetz*, 706 F.3d 47, 58 (1st Cir. 2013) (judicial documents are "materials on which a court relies in determining the litigants' substantive rights'" (internal quotation marks and citations omitted)); *United States* v. *Vazquez*, 31 F. Supp. 2d 85, 88 (D. Conn. 1998) (the presumption of access extends to "materials on which a court relies in determining the litigants' substantive rights") (internal quotation marks and citations omitted)).

  The Court should permit sealing of the Supplemental Agreement because it does not "determine litigants' substantive legal rights" and therefore is not a judicial document entitled to a strong presumption of public access.  *See Lugosch*, 435 F.3d at 121.  Courts in the Second

The Honorable Analisa Torres
May 8, 2023
Page 2

Circuit and other federal courts have recognized that blow provisions "ha[ve] no negative impact on the fairness of the Settlement," *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *13 (S.D.N.Y. July 21, 2020) (McMahon, J.) (internal citations omitted), as "effectuating the termination provision simply restores the parties to their pre-settlement position," *Gordon* v. *Vanda Pharms. Inc.*, 2022 WL 4296092, at *5 (E.D.N.Y. Sept. 15, 2022) (Bloom, J.). *See also Mikhlin* v. *Oasmia Pharm. AB*, 2021 WL 1259559, at *8 (E.D.N.Y. Jan. 6, 2021) (Garaufis, J.) ("[T]he general contours of the supplemental agreement are not incompatible with class members' receipt of adequate relief" because "in the event that Defendants' termination right is activated, and that Defendants exercise such right, Plaintiffs would be still be in a position to pursue relief through litigation."); *Christine Asia Co., Ltd.* v. *Yun Ma*, 2019 WL 5257534, at *15 (S.D.N.Y. Oct. 16, 2019) (McMahon, J.) ("[A blow] agreement is standard in . . . class action settlements and has no negative impact on the fairness of the Settlement." (internal citation omitted)); *Columbus Drywall & Insulation, Inc.* v. *Masco Corp.*, 258 F.R.D. 545, 560 (N.D. Ga. 2007) (declining non-settling defendant's request to make public agreements submitted "for an *in camera* review by the Court" which "merely provide a point where defendants can unilaterally terminate the agreement if the opt-outs reach a certain threshold" because such agreements do not indicate that "plaintiffs have bargained away rights of the class in return for advantages of others").

To the extent there is any presumption of access to the Supplemental Agreement, significant countervailing considerations justify sealing because "the right to inspect and copy judicial records is not absolute" and "access [may be] denied where court files might have become a vehicle for improper purposes." *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978). Courts routinely preserve the confidentiality and permit sealing of blow provisions to protect the settlement class from manipulation by "a small group . . . [who] opt out solely to leverage the threshold to exact an individual settlement." *Pearlstein* v. *BlackBerry Ltd.*, 2022 WL 4554858, at *7 (S.D.N.Y. Sept. 29, 2022) (McMahon, J.) (quoting *In re PPDAI Grp. Inc. Sec. Litig.*, 2022 WL 198491, at *13 (E.D.N.Y. Jan. 21, 2022) (Merkl, J.)); *see, e.g., Gordon*, 2022 WL 4296092, at *5 (directing parties to file "blow-up" agreement under seal "to prevent objectors from attempting to manipulate responses to undermine the settlement"); *In re HealthSouth Corp. Sec. Litig.*, 334 F. App'x 248, 250 n.4 (11th Cir. 2009) ("The threshold number of opt outs required to trigger the blow provision is typically not disclosed and is kept confidential to encourage settlement and discourage third parties from soliciting class members to opt out.").

The Court also should permit sealing of the Individual Settlement Agreements Letter, which relates only to the Named Plaintiffs' non-class claims. As with the Supplemental Agreement, the Individual Settlement Agreements Letter is neither "relevant to the performance of the judicial function and useful in the judicial process," nor useful "to determine litigants' substantive legal rights." *See Lugosch*, 435 F.3d at 119, 121. Accordingly, there is no presumption of access to the document. Indeed, courts in the Second Circuit and other federal courts regularly permit sealing to preserve the confidentiality of the terms of individual settlement agreements in the class action context. *See, e.g., Calibuso* v. *Bank of Am. Corp.*, 2013 WL 12370127, at *4 (E.D.N.Y. Dec. 27, 2013) (Chen, J.) (individual settlement and release agreements filed under seal); *Anwar* v. *Fairfield Greenwich Ltd.*, 2013 WL 1700980, at *1 (S.D.N.Y. Apr. 15, 2013) (Marrero, J.) (permitting sealing of the details of individual settlement agreements because "nothing . . . regarding the Individual Agreements affects the validity of the class action settlement

The Honorable Analisa Torres
May 8, 2023
Page 3

in this matter"); *Rowe* v. *E.I. DuPont de Nemours & Co.*, 2011 WL 3837106, at *5 (D.N.J. Aug. 26, 2011) (finding confidential individual settlement agreements, submitted for *in camera* review, did not violate Federal Rule of Civil Procedure 23(e)(3) because "these agreements release numerous, individual claims brought by class representatives that were not certified for class treatment" and there is "no evidence of collusion or threat of conflict [with the class settlement]"); *Chen* v. *W. Digit. Corp.*, 2020 WL 13587954, at *5 (C.D. Cal. Apr. 3, 2020) (finding named plaintiff's individual settlement agreement, filed under seal, "does not pose a threat of conflict between [the named plaintiff] and [the class]" because the named plaintiff's "claims are distinct from those of [the class]").

Even if the presumption of access were to apply to the Individual Settlement Agreements Letter, the strong public interest in encouraging the efficient resolution of litigation through settlement justifies sealing, particularly where, as here, the parties agreed that the terms of their agreements remain confidential. *See, e.g.*, *Gambale* v. *Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (allowing sealing "when the settlement itself was conditioned on confidentiality" in part because "honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage"); *Schoeps* v. *Museum of Mod. Art*, 603 F. Supp. 2d 673, 676 n. 2 (S.D.N.Y. 2009) (Rakoff, J.) ("[E]ven if [the settlement agreement] were classed as a 'judicial document,' the Second Circuit has found . . . that the presumption of access is weak when settlement confidentiality is concerned." (internal citations omitted)); *Alicia B. Through Cynthia B.* v. *Malloy*, 2016 WL 9782480, at *1 (D. Conn. Dec. 20, 2016) (allowing sealing where the parties "reach[ed a] settlement because of their expectation that the terms of settlement would be kept confidential" and "the general public . . . benefits from an efficient litigation process").

For the foregoing reasons, the parties respectfully ask the Court to permit the parties' Supplemental Agreement and the Individual Settlement Agreements Letter to remain under seal.

Respectfully submitted,

*/s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sullivan & Cromwell LLP

*/s/ Lynne C. Hermle*
Lynne C. Hermle
Orrick, Herrington & Sutcliffe LLP

cc: All counsel of record (by ECF)