UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis,

                              Plaintiffs,

-against-

Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc.,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/15/2023_

10 Civ. 6950 (AT)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

ANALISA TORRES, District Judge:

    Plaintiffs H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis, representing a class of female employees of Goldman Sachs & Co. LLC and The Goldman Sachs Group, Inc. (collectively, "Goldman Sachs" or "Defendants"), filed this class action alleging gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*[1]

    Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), ECF No. 1439, the terms of which are set forth in a settlement agreement attached as exhibit A to the declaration of Adam T. Klein in support of the Motion (the "Settlement Agreement"), ECF No. 1441-1.[2] *See also* ECF Nos. 1440–41. Having reviewed the Motion, the Settlement Agreement, and all documents and exhibits submitted therewith, the Court GRANTS the Motion and ORDERS as follows:

    1.    **Preliminary Settlement Approval**. Upon preliminary review, the Court finds that the Settlement is fair, reasonable, and adequate to warrant providing Notice to the Settlement Class and accordingly is preliminarily approved under Federal Rule of Civil Procedure 23(e)(1).

---

[1] The Court presumes familiarity with the facts and procedural history of this years-long litigation as set forth in the Court's prior orders. *See, e.g.*, ECF No. 578 at 2–13; ECF No. 1337 at 2–5; ECF No. 1374 at 2–4.

[2] Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the stage of the proceedings at which the Settlement was reached and the discovery that was conducted, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23. The Parties are directed to perform according to the terms of their Settlement Agreement, except as expressly indicated otherwise by this Order or other ruling of this Court.

2. **Jurisdiction and Venue**. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

3. **Settlement Class Representatives and Class Counsel**. The Court Hereby appoints Plaintiffs H. Cristina Chen-Oster, Shanna Orlich, Allison Gamba, and Mary De Luis as Settlement Class Representatives to represent the Settlement Class. Additionally, the Court hereby appoints the law firms of Outten & Golden LLP and Lieff Cabraser Heimann & Bernstein LLP as Class Counsel for the Settlement Class.

4. **Notice to Settlement Class Members**. The proposed Notice Procedures set forth in Section VI(C) of the Settlement Agreement and the Court-Approved Notice Settlement and Final Approval Hearing attached to the Settlement Agreement as Exhibit 1 are hereby approved. Non-material modifications to these items may be made with approval by the parties but without further order of the Court.

5. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Procedures:

(1) will constitute the best practicable notice to the Settlement Class; (2) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (3) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (4) meet all applicable requirements of law, including under the U.S. Constitution and Rule 23.  The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice in accordance with the Settlement Agreement.

6. **Settlement Administrator**.  The Court appoints Rust Consulting, Inc. as the Settlement Administrator, with responsibility for class notice and claims administration.  The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires.  The Settlement Administrator's Fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Exclusion from the Settlement Class**.  Settlement Class Members may request exclusion from the Settlement by "opting out."  Any Settlement Class Member who wishes to exclude themselves from the Settlement must mail or email to the Settlement Administrator an Opt-Out Statement.  The Opt-Out Statement must contain the full name, address, and telephone number of the Settlement Class Member who seeks to opt out to be valid.  The Opt-Out Statement should include the statement: "I elect to exclude myself from the Settlement in the *Goldman Sachs Gender Class Action*.  I understand that I will not be entitled to any money under

the Settlement."

(a) To be effective, such an Opt-Out Statement must be sent via email or mail and postmarked no later than forty-five (45) days after the Notice was first sent. The postmark of the mailing envelope or email date shall be the exclusive means used to determine whether a request for exclusion (opt-out) has been timely submitted.

(b) The Opt-Out Statement must be physically signed by the Settlement Class Member who seeks to opt out and sent in the mail or scanned and attached to an email to the Settlement Administrator. No opt-out request may be made on behalf of a group of Class Members.

(c) Except for those Settlement Class Members who submit a timely and valid Opt-Out Statement requesting exclusion, all other Settlement Class Members will be Participating Settlement Class Members for all purposes under the Agreement, and upon the Effective Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section VII.A of the Settlement Agreement.

(d) If the proposed Settlement is finally approved, any Settlement Class Member who has not submitted a timely and valid Opt-Out Statement shall be a Participating Settlement Class Member and shall be bound by all subsequent proceedings, orders, and judgments in the Action, even if the Settlement Class Member has pending, or subsequently initiates, litigation against Defendants or any of the Released Parties relating to any of the Released Claims.

8. **<u>Objections and Appearances</u>**.  Any Settlement Class Member who has not submitted a timely and valid Opt-Out Statement and who complies with the requirements below may object to any aspect of the proposed Settlement either on her/their own or through an attorney hired at her/their expense.  Any Settlement Class Member who wishes to present objections to the Settlement at the Final Approval Hearing must first do so in a Notice of Objection.

(a) The Notice of Objection must contain the full name, address, and telephone number of the Settlement Class Member, and must be physically signed by the Settlement Class Member.  The Notice of Objection must contain a written statement setting out the basis for the objection, with any supporting facts or law.  To be considered, the Notice of Objection must be mailed or emailed to the Settlement Administrator no later than forty-five (45) days after the date the Notice was first sent.  The postmark or email date of the Notice of Objection shall be the exclusive means for determining that a Notice of Objection is timely.  Settlement Class Members who fail to make objections in the manner specified herein shall be deemed to have waived any objections and shall be barred from making any objection (whether by appeal or otherwise) to the Settlement.

(b) An objecting Settlement Class Member who wishes to appear at the Final Approval Hearing must file with the Clerk of the Court a statement that she/they intend to appear at the Final Approval Hearing no later than twenty-one (21) days prior to the Final Approval Hearing.  The Notice of Intention to Appear must include copies of any documents, exhibits, or other evidence that

the objecting Settlement Class Member (or her/their counsel) propose to present to the Court at the Final Approval Hearing.  Any objecting Settlement Class Member who does not provide a timely and valid Notice of Intention to Appear consistent with these requirements and any other requirements set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this section and the Notice, may be barred from being heard at the Final Approval Hearing subject to the Court's discretion.  Any objecting Settlement Class Member may withdraw her/their objection at any time by mailing or emailing the Settlement Administrator.

(c) Any lawyer representing an objecting Settlement Class Member for the purpose of raising an objection to the Settlement must file a Notice of Appearance with the Court no later than twenty-one (21) days prior to the Final Approval Hearing and must also serve copies of the Notice of Appearance and copies of any documents, exhibits, or other evidence that the objecting Settlement Class Member proposes to present to the Court at the Final Approval Hearing by email to counsel for the Parties.

(d) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

9. **Final Approval Hearing**.  A Final Approval Hearing shall be held on **October 3, 2023**, at **1:00 p.m.**, in the United States District Court for the Southern District of New York, Courtroom 15D, 500 Pearl Street, New York, NY 10007.  The hearing will determine, *inter alia*, whether: (1) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Rule 23(e); (2) Judgment should be entered and this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; and (3) Class Counsel's application for an Attorneys' Fees award and/or Settlement Class Representatives' application for a Service Award should be approved.  Class Counsel shall file Plaintiffs' Motion for Final Approval by **August 29, 2023**.  The Parties shall file any responses to objections by **September 19, 2023**.

10. **Continuance of Final Approval Hearing**.  If the Court determines that the Final Approval Hearing should not occur at an in-person hearing but rather through remote means, the Court shall issue a subsequent order.  The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website maintained by the Settlement Administrator.  The Court may approve the Settlement Agreement, if appropriate, without further notice to the Settlement Class Members.

11. **Attorneys' Fees and Expenses, and Service Awards**.  Class Counsel shall file their motion requesting Class Counsel Attorneys' Fees and Class Counsel Litigation Expenses and Service Awards for each of the Settlement Class Representatives no more than thirty (30) days after the Initial Mailing Date of the Notice.

12. **Termination of Settlement**.  This Order shall become null and void and shall be

without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before the Court entered this Order, if: (1) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (2) there is no Effective Date.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

13. **Use of Order**.  This Order shall be of no force or effect if the Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Goldman Sachs of any fault, wrongdoing, breach, or liability.  Nor shall this Order be construed as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that her/their claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any party of any defense or claims they may have in this Litigation or in any other lawsuit.

14. **Dispute Fund**.  A Dispute Fund shall be established and funded in accordance with the terms of the Settlement Agreement.

15. **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

16. **Schedule and Deadlines**.  With regard to the provisions of the Settlement Agreement requiring the Parties to take certain actions within specified time periods (other than deadlines set forth in this Order), Court approval will not be required for reasonable extensions of deadlines that do not impact any Court-ordered deadlines.

The Clerk of Court is directed to terminate the motion at ECF No. 1439.

SO ORDERED.

Dated: May 15, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge