**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

February 14, 2024

The Honorable Robert W. Lehrburger
United States District Court for the
   Southern District of New York

     RE:    *Chen-Oster, et al. v. Goldman, Sachs & Co.*, No. 10 Civ. 6950 (AT) (RWL)

Dear Judge Lehrburger:

     In the fall of this last year, this action was finally resolved on behalf of those individuals who remained in the certified class following Your Honor's orders excluding individuals on account of arbitration terms in employment agreements. *See, e.g.*, ECF Nos. 983 (arbitration decision), 1467 (final approval of class action settlement). After the conclusion of the arbitration selection period for Equity Award recipients in April 2022, the total number of class members excluded on account of an arbitration term (as opposed to a release) was 742.

     Class Counsel now write to Your Honor on behalf of the interests of these former class members, whose statutes of limitations for any claims previously protected by this class action are tolled until July 2022. *See* ECF No. 1315. Given the New York City Human Rights Law's three-year statute of limitations, former class members' claims are live until at least July 2025, if not longer were they employed at Goldman Sachs past July 2022. N.Y.C. Amin. Code § 8–502(d). Dozens of former class members have contacted Class Counsel asking Class Counsel to consider bringing their discrimination claims in arbitration. Class Counsel are evaluating these claims and have not agreed at this time to take on cases. However, Class Counsel write to Your Honor now in an effort to protect the interests of these former class members in preserving their documents.

     The protective order in this case was entered in 2011, when Class Counsel could not have foreseen that 742 members of a class certified in 2018 would ultimately be excluded on account of arbitration. The protective order contains an unremarkable provision calling for (with some limited exceptions) a document destruction process by the receiving party after this action is resolved. *See* ECF No. 51. Pursuant to an agreement Class Counsel and Goldman Sachs have reached, that deadline to comply with the protective order's requirements is now February 15.

     As Class Counsel prepared to decommission their discovery platform earlier this month, Class Counsel determined that *thousands* of documents within the production contain the excluded class members' names or employee ID numbers, making the records potentially relevant evidence in any future arbitrations. To be clear, Class Counsel have *not* reviewed these documents to assess excluded class members' claims. Nevertheless, Class Counsel observe that the records exist and that they may be important—for example, they may contain notes

The Honorable Robert W. Lehrburger
February 14, 2024
Page 2

comparing different candidates for promotion and bearing on why a former class member was not promoted to managing director. This makes sense because a wide collections of emails and other documents from business and human resources leaders occurred during discovery.

Given the length of this litigation, covering a liability period back to 2002, the implications of deleting these records are serious. Should former class members seek to obtain records in future arbitrations, not only might Goldman Sachs claim burden, but records may not even exist because they are beyond Goldman Sachs's document retention periods. In short, if records bearing on former class members' claims are deleted now, evidence may be lost forever.

In light of the circumstances, Class Counsel have asked Goldman Sachs to confirm that, upon receipt of a Bates-numbered list of the documents at issue, Goldman Sachs will retain the records for a reasonable period of time to ensure they are not lost.

Goldman Sachs has refused, indicating at a meet and confer and in correspondence this week that it believes it has no specific document preservation obligations at this time with respect to former class members compelled to arbitration. Class Counsel can only interpret this as meaning Goldman Sachs may delete the records at issue very soon and did not previously undertake an effort to preserve records (correspondence, performance reviews, etc.) related to those former class members it compelled to arbitration. Respectfully, when this Court granted Goldman Sachs's motion to compel arbitration, it intended to effect what Goldman Sachs asked for: a change in forum, not an erasure of claims. But destruction of evidence already gathered here after years of hard-fought litigation could, in effect, mean claims are erased. Class Counsel, therefore, request that the Court order Goldman Sachs to retain the records at issue until at least July 2025.

Class Counsel are complying with the protective order and are deleting documents consistent with its requirements. Class Counsel have asked that Goldman Sachs retain all discovery productions while the Court considers Class Counsel's letter.

Respectfully submitted,

Michael Levin-Gesundheit