USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
H. CRISTINA CHEN-OSTER, SHANNA ORLICH, ALLISON GAMBA, and MARY DE LUIS,

              Plaintiffs,

- against -

GOLDMAN, SACHS & CO. and THE GOLDMAN SACHS GROUP, INC.,

              Defendants.
-------------------------------------------------------------X

10-CV-6950 (AT) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves Class Counsel's request at Dkt. 1470 that, in the wake of settlement of this action, the Court order Goldman Sachs to retain until at least July 2025 documents from Goldman's production that may be relevant to claims of former class members who were removed from the class based on Goldman's motion to compel arbitration but who may still file for arbitration.  Goldman Sachs says it has no such obligation and asks that the Court order Class Counsel to refrain from using any discovery obtained from Goldman to evaluate or prosecute any other potential or actual claims. (See Dkt. 1473.)

      Addressing the latter issue first, Class Counsel has not suggested it will use, or has used, Goldman's records produced in discovery to evaluate or prosecute other claims.  To the contrary, Class Counsel seeks to have Goldman preserve documents and is not requesting that Class Counsel be permitted to retain the documents produced by Goldman.  That Class Counsel conducted a name-based word search to determine which

1

documents it would ask Goldman to retain – without having reviewed any of those documents for content – does not constitute improper use. There is no need for the Court to order what Goldman asks.

As for the second issue, Class Counsel's request that Goldman preserve documents is eminently reasonable and equitable. After years of litigating the class action without having moved to exclude, Goldman moved, successfully, to remove 742 class members based on their having previously entered into agreements to arbitrate. Goldman focuses on the fact that not one of those former members has yet filed for arbitration. That does not strike the Court as necessarily indicative of the future given that the class action only recently settled, and former class members could reasonably have decided to wait on the sidelines until the outcome was determined. Regardless, there being no currently filed arbitration is beside the point. Former class members still have claims for which the statute of limitations has not expired. And, even though Goldman argues that it has no obligation to preserve the documents at issue, it would be destroying the records at its own potential peril in the event its argument proved unsuccessful.

Goldman also asserts that continued preservation will be burdensome. But Goldman has not presented any specific information to support that. Class Counsel requests that Goldman preserve only about a fourth of the documents Goldman produced, and only for a limited time. Goldman will not incur any undue burden. To Goldman's credit, it has suggested what it views as a reasonable alternative. The Court agrees with Class Counsel, however, that the proposal comes up short.

Accordingly, having considered all of the parties' arguments, including any not addressed above, the Court orders that, upon receipt from Class Counsel of a Bates-numbered list of the documents at issue, Goldman shall retain those records until at least through the end of July 2025. Class Counsel shall provide Goldman with a list of the document Bates-numbers within two weeks of entry of this order.

The Clerk of Court is directed to terminate the letter motions at Dkt. 1470.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   February 23, 2024
         New York, New York

Copies transmitted to all counsel of record.