## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2024
```

February 22, 2024

Via ECF

The Honorable Robert W. Lehrburger,
    United States District Court for the
        Southern District of New York,
            500 Pearl Street,
                New York, New York  10007-1312.

>     Re:    *Chen-Oster, et al.* v. *Goldman, Sachs & Co., et ano.*,
>            No. 10 Civ. 6950 (AT) (RWL) (S.D.N.Y.)

Dear Judge Lehrburger:

On behalf of Goldman Sachs, I respond to Outten & Golden LLP's ("O&G") February 16, 2024 letter (ECF No. 1472) seeking (i) to stay its obligation to destroy approximately 242,000 confidential documents produced by Goldman Sachs under the Protective Order in this case (ECF No. 51) in order to allow O&G to segregate all "information" it deems "relevant" to a litigation hold notice it received, and (ii) to preserve such "information" through the conclusion of the threatened litigation.  Since O&G filed its letter, O&G has provided information to Goldman Sachs concerning its requests, has represented to Goldman Sachs that the hold notice relates to specific claims that an individual has threatened to bring against O&G, and has identified the specific documents it states are subject to the hold notice.  Based on that information and O&G's confirmation of the points described below, Goldman Sachs does not oppose O&G's requests.

On February 15, 2024, at approximately 8:30 p.m.—just a few hours before the deadline for destroying confidential Goldman Sachs documents pursuant to the Protective Order—O&G raised for the first time that it had received a litigation hold notice in an unrelated matter and asked to retain unidentified documents that O&G claimed were subject to the hold notice. Goldman Sachs consented to O&G's request for a one-day extension and asked O&G to provide information that evening to enable Goldman Sachs to consider O&G's request.  Goldman Sachs asked O&G:  (1) who sent the hold notice; (2) when O&G received it; (3) what claims the hold notice relates to; (4) what Goldman Sachs confidential documents O&G claims are subject to the hold notice; and (5) why O&G believes the hold notice covers confidential Goldman Sachs documents received by O&G in discovery.

On February 16, 2024 at approximately 6:00 p.m., O&G informed Goldman Sachs that the litigation hold relates to a dispute between a class member in this action and O&G.  O&G stated that no action is currently pending, and that in O&G's view, the Goldman Sachs confidential documents are "within O&G's custody and control, and thus [O&G is] obligated to retain the information."  O&G did not provide the date the hold notice was received, describe the claims at issue, or identify the Goldman Sachs documents that O&G believes are subject to the hold notice. Goldman Sachs asked O&G to provide the missing information.  At approximately 8:45 p.m., O&G asked for a further extension to February 20, 2024 so that the parties could continue their conferral. At approximately 10:45 p.m., O&G filed its letter without further contacting Goldman Sachs or waiting for its response to the extension request.  Goldman Sachs had agreed to that request in the interim, and again asked O&G to provide the missing information by the morning

The Honorable Robert W. Lehrburger                                                                                                                         -2-

of February 20. On February 20 at 1:30 p.m., Goldman Sachs again reiterated its request that O&G provide the missing information, so that Goldman Sachs could consider O&G's requests. O&G provided the outstanding information at approximately 6:10 p.m. on February 21.

        Having now received details concerning, among other things, the claims that an individual has threatened to bring against O&G and the specific documents O&G believes are subject to its litigation hold, Goldman Sachs informed O&G earlier today that it does not oppose O&G's requests, subject to O&G's confirmation that it will: (1) immediately return or destroy all confidential Goldman Sachs documents that are not covered by the litigation hold, and notify Goldman Sachs when it has done so; (2) return or destroy all confidential Goldman Sachs documents that are covered by the litigation hold immediately upon the conclusion of the matter giving rise to the litigation hold, and notify Goldman Sachs when it has done so; (3) refrain from using the retained confidential Goldman Sachs documents for any purpose outside of the threatened litigation giving rise to the litigation hold; and (4) consistent with Section 10 of the Supplemental Protective Order (ECF No. 712), promptly notify Goldman Sachs of the claimant's subpoena, request, or demand for production of any retained Goldman Sachs document, or of O&G's intention to produce any retained Goldman Sachs document, in order to provide Goldman Sachs with the opportunity to assert its interests in addressing or opposing such production.

        O&G provided that confirmation, and Goldman Sachs therefore does not oppose O&G's requests.

Respectfully submitted,

*/s/ Robert J. Giuffra, Jr.*

Robert J. Giuffra, Jr.
Sullivan & Cromwell LLP

cc:    All parties of record (by ECF)

---

Defendant having consented, Outten & Golden LLP's request at Dkt. 1472 is granted, subject to the conditions set forth in the next to last paragraph herein.

SO ORDERED:

2/23/2024

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE